IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) Case No. 2:18-cv-02545-JAR-KGG |
| | ) |
| **UNIFIED GOVERNMENT OF** | ) |
| **WYANDOTTE COUNTY AND** | ) |
| **KANSAS CITY, KANSAS,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

### DEFENDANTS' JOINT MEMORANDUM IN SUPPORT OF JOINT MOTION FOR RECUSAL

**COME NOW**, all Defendants, jointly and collectively, and offer the Court the following memorandum in support of their Joint Motion For Recusal. For the following reasons, the motion should be granted.

### BACKGROUND

This matter arises on Plaintiffs' First Amended Complaint, which was filed on November 12, 2018. (Doc. 8). In short, Plaintiffs assert numerous causes of action – including malicious prosecution and similar claims – against the defendants arising from Plaintiff Lamonte McIntyre's 1994 arrest, conviction, and subsequent twenty-three year imprisonment in connection with a double homicide. (*Id.*).

On December 5, 2017, in a separate case, this Court issued a Memorandum and Order in *United States of America v. Gregory Orozco*, Case No. 15-20074-JAR, vacating Orozco's two convictions and dismissing the underlying indictment with prejudice. (*Id.* at 1-2). In sum, the Court determined that Assistant United States Attorney Terra Morehead (AUSA Morehead) had

1

violated Orozco's Sixth Amendment right by unduly interfering with a defense witness' decision to testify.  In assessing whether AUSA Morehead had acted in bad faith, the Court stated, among other things, that "[t]his prosecutor should have had a heightened awareness of the bounds of fair play and the gravity of witness interference."  In a footnote, the Court expanded as follows:

> "Indeed, in a highly publicized case, AUSA Morehead has been accused of improper witness interference in securing a wrongful conviction in *State v. McIntyre*, a case in which an innocent man was recently exonerated after serving 23 years for a murder he did not commit.  *See State v. McIntyre*, Case No. 94CR1213, Order Releasing Defendant From Custody and Dismissal of 94CR1213 (Wyandotte Cty. Dist. Ct. Oct.13, 2017); *see also* Max Londberg & Eric Adler, *Amid 'Free Lamonte' Chants, Hearing Begins in Case of KCK Man Imprisoned for 23 Years*, Kansas City Star, Oct. 12, 2017, http://www.kansascity.com/news/local/article178461766.html."

(*Id*. at 17).

For this and other reasons, the Court concluded that AUSA Morehead had acted in bad faith.  *Id*. at 17-18.

### LEGAL STANDARD

28 U.S.C. § 455(a) provides that "[a]ny … judge…of the United States shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The purpose is "to promote public confidence in the integrity of the judicial process …"  *Liljeberg v. Health Servs. Acquisition Corp*., 486 U.S. 847, 858 n.7 (1988).  The statute covers both actual and perceived judicial partiality. *See Liteky v. United States*, 510 U.S. 540, 548 (1994); *United States v. Greenspan*, 26 F.3d 1001, 1007 (10th Cir. 1994) ("There are few characteristics of a judiciary more cherished and indispensable to justice than the characteristic of impartiality. Congress has mandated that justice must not only be impartial, but also that it must reasonably be perceived to be impartial").

In the Tenth Circuit, the question is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987); *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015) (disqualification is appropriate only where the reasonable person, were he to know all the circumstances, would harbor doubts about the judge's impartiality). In a close call, "the balance tips in favor of recusal." *Nichols v. Alley*, 71 F.3d 347, 352 (10th Cir. 1995).

## ARGUMENT

From Defendants' perspective, 28 U.S.C. § 455(a) requires the Court to recuse itself based upon the above quotation in *Orozco*. The quotation would lead a reasonable person to conclude that the Court believes Plaintiff Lamonte McIntyre "innocent," "wrongful[ly] convict[ed]," imprisoned "for a murder he did not commit," and appropriately "exonerated" at the conclusion of his criminal case. With that in mind, it is apparent that a reasonable person would harbor doubt regarding the Court's ability to impartially preside over a case which is specifically about these subjects and, ultimately, whether Plaintiff Lamonte McIntyre was maliciously prosecuted.

## CONCLUSION

Thus, Defendants respectfully suggest that the Court should recuse itself.

**WHEREFORE**, Defendants request the Court to enter an Order of Recusal and for such other relief as the Court deems just and proper.

Respectfully Submitted,

**McCauley & Roach, LLC**

3

By: /s/ Morgan L. Roach
Morgan L. Roach, #23060
Sean P. McCauley #20174
527 W. 39th St., Suite 200
Kansas City, MO 64111
Telephone: (816) 523-1700
Facsimile:  (816) 523-1708
E-mail:morgan@mccauleyroach.com
E-mail: sean@mccauleyroach.com
Attorneys for Defendant Roger Golubski

**Fisher, Patterson, Sayler & Smith, LLP**

By: /s/David R. Cooper
David R. Cooper      #16690
Lauren E. Laushman   #25776
3550 S.W. 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 232-6604
dcooper@fisherpatterson.com
llaushman@fisherpatterson.com
Attorneys for Defendant Unified Government of
Wyandotte County and Kansas City, Kansas

**Sanders Warren Russell & Scheer, LLP**

By:  /s/Tracy M. Hayes
Sean M. Sturdivan     #21286
Tracy M. Hayes        #23119
Elizabeth A. Evers    #22580
9401 Indian Creek Pkwy, Ste 1250
Overland Park, KS 66210
Office: (913) 234-6100 | Fax: (913) 234-6199
s.sturdivan@swrsllp.com
t.hayes@swrsllp.com
e.evers@swrsllp.com
Attorneys for The Estate of Detective James Michael Krstolich,
Detective Dennis Ware, Officer James L. Brown,
The Estate of Lieutenant Dennis Otto Barber,
Detective Clyde Blood,
Detective W.K. Smith,
Detective Michael Shomin,
and The Estate of Lieutenant Steve Culp

## Certificate of Service

The undersigned certifies that on the 29th day of March, 2019, the foregoing was electronically filed with the clerk of the court using the CM/ECF system which will provide notice and service to all counsel of record.

**/s/ Morgan L. Roach**