## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &                )
ROSE LEE MCINTYRE,                )
                                  )
    Plaintiffs,          )
                                  )
v.                                )   Case No. 2:18-cv-02545-JAR-KGG
                                  )
UNIFIED GOVERNMENT OF             )
WYANDOTTE COUNTY AND KANSAS       )
CITY, KANSAS, ET AL.              )
                                  )
    Defendants.          )

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

    Plaintiffs Lamonte and Rose McIntyre, by and through their attorneys, and in support of their Motion for Leave to File the Second Amended Complaint, state as follows:

### Statement of the Nature of the Matter Before the Court

    Plaintiffs' Motion for Leave to File Second Amended Complaint (Plaintiffs' "Motion for Leave" or "Motion," D.E. 46) seeks an Order granting leave to file an amended complaint principally to more fully describe the misconduct of Defendants Blood, Smith, and Culp (hereinafter "Defendant Officers") and to voluntarily dismiss their claims against Defendant Shomin without prejudice.[1]  The Court should grant the Motion because doing so will not unduly prejudice Defendants.

---

[1] Plaintiffs' voluntarily dismiss their claims against Defendant Shomin but reserve the right to amend if additional misconduct by Shomin comes to light in discovery.

**Statement of Facts**

On October 11, 2018, Plaintiffs filed their Complaint (D.E. 1) which was amended on November 12, 2018.  (D.E. 8).  On March 29, 2019, certain individual Defendant Officers filed a Motion to Dismiss (the "Motion to Dismiss") pursuant to Fed. R. Civ. P. 12(b)(6) arguing, *inter alia,* that Plaintiffs have not pleaded sufficient facts to hold Defendant Officers liable.  (*See* D.E. 30 and 31).  To further support Plaintiffs' Response in Opposition to the Motion to Dismiss, Plaintiffs seek to file the Proposed Second Amended Complaint which is attached as an exhibit to their Motion for Leave.

**Statement of Question Presented**

1.   Should the Court Plaintiffs' Motion for Leave to File Second Amended Complaint?

**Legal Standard**

The Court should "freely" grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2).  Leave to amend should be denied only when there is "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Hawkins v. Mercy Kansas Communities, Inc.*, 2015 WL 728484, at *2 (D. Kan. Feb. 19, 2015) (internal quotation marks omitted).

**Argument and Authorities**

In their Motion to Dismiss, Defendant Officers argue that Plaintiffs have not pleaded sufficient facts to hold Defendants Culp, Smith, and Blood liable for their misconduct in McIntyre's wrongful conviction.  In response—and in order to more fully describe those Defendants' misconduct—Plaintiffs respectfully request permission to amend their complaint.

There is no undue delay or undue prejudice to Defendants in permitting Plaintiffs to amend

2

their complaint.  Defendants have not yet answered Plaintiffs' Complaint or First Amended

Complaint, there has been no discovery conducted in this lawsuit, the Court has not yet set a

scheduling order, and the Court has not issued any Order on a disputed issue or made any

substantive ruling pertaining to the allegations in the First Amended Complaint.  Moreover, the

Proposed Second Amended Complaint does not add additional claims or change Plaintiffs' legal

theories; it simply seeks to clarify the claims already in the suit.  *See Anderson v. PAR Elec.*

*Contractors, Inc*., 318 F.R.D. 640, 645 (D. Kan. 2017) ("Defendant bears the burden to demonstrate

undue prejudice within the meaning of Rule 15.  Under Rule 15, 'undue prejudice' means 'undue

difficulty in prosecuting or defending a lawsuit *as a result of a change of tactics or theories on the*

*part of the movant*.'") (emphasis added).  Defendants have the opportunity to address the new

allegations in their Reply or to submit a supplementary motion to dismiss challenging the new

allegations.   Finally, the two-year statute of limitations has not yet run on Plaintiffs' § 1983 claims

(which accrued under *Heck* on October 13, 2017).  *See, e.g.*, *Schultz v. Averett,* No.

215CV00720JNPEJF, 2017 WL 8950431, at *1 (D. Utah Aug. 31, 2017), *report and*

*recommendation adopted*, No. 215CV00720JNPEJF, 2017 WL 4174781 (D. Utah Sept. 20, 2017)

(granting leave to amend "because no statute of limitations appears to bar any of [plaintiff's]

claims").   For these reasons, Plaintiffs' Motion for Leave is neither untimely nor unduly prejudicial.

WHEREFORE, Plaintiffs respectfully request this Court enter an Order granting

Plaintiffs' Motion and granting Plaintiffs leave to file their proposed Second Amended

Complaint.

Dated:   May 20, 2019

                     Respectfully submitted,

LATHROP GAGE LLP

/s/ *Michael J. Abrams*
Michael J. Abrams #15407
William G. Beck #77974
Alexander T. Brown (admitted *pro hac vice*)
2345 Grand Boulevard, Ste. 2200
Kansas City, MO 64108
T: (816) 292-2000
F: (816) 292-2001
mabrams@lathropgage.com
wbeck@lathropgage.com
abrown@lathropgage.com

Cheryl A. Pilate #14601
Morgan Pilate, LLC
926 Cherry Street
Kansas City, MO 64106
T: (816) 471-6694
F: (816) 472-3516
cpilate@morganpilate.com

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Amelia Green (admitted *pro hac vice*)
Richard Sawyer (admitted *pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
T: (212) 965-9081
F: (212) 965-9084
barry@nsbcivilrights.com
emma@nsbcivilrights.com
amelia@nsbcivilrights.com
rick@nsbcivilrights.com

**ATTORNEYS FOR PLAINTIFFS**

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was filed with the Clerk of Court through the CM//ECF system and served upon all counsel of record via the Court's notice of electronic filing on May 20, 2019.


*/s/ Michael J. Abrams*
An Attorney for Plaintiffs