# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LAMONTE MCINTYRE, et al.,**

    **Plaintiffs,**

    v.

**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, et al.,**

    **Defendants.**

Case No. 18-CV-02545-JAR-KGG

## MEMORANDUM AND ORDER

Plaintiffs Lamonte and Rose McIntyre assert causes of action, including malicious prosecution and due process violations, based on Defendants' alleged actions in a state criminal case against Lamonte McIntyre. This matter comes before the Court on Defendants' Joint Motion for Recusal (Doc. 28). Plaintiffs have responded to Defendants' motion.[1] For the reasons explained below, the Court grants Defendants' motion.

Under 28 U.S.C. § 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." A trial judge "must recuse himself when there is the appearance of bias, regardless of whether there is actual bias."[2] When applying § 455(a), "the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."[3] "The test is whether a reasonable person, knowing all the relevant facts, would harbor

---

[1] Doc. 45.

[2] *Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002) (citing *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir. 1995)).

[3] *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

doubts about the judge's impartiality."[4] If there is a "close question" as to whether disqualification is appropriate, the judge must recuse.[5]

"On the other hand, a judge also has 'as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require.'"[6] The Tenth Circuit has cautioned that "[t]he recusal statute should not be construed so broadly as to become presumptive or to require recusal based on unsubstantiated suggestions of personal bias or prejudice."[7] The court's determination as to whether recusal is required is "extremely fact driven."[8] Further, the decision to recuse is committed to the sound discretion of the court.[9]

Plaintiffs' claims arise from Defendants' alleged actions in a 1994 Wyandotte County, Kansas criminal case against Plaintiff Lamonte McIntyre, which resulted in him being convicted of a double homicide.[10] During proceedings in an October 13, 2017 exoneration hearing, the Wyandotte County District Attorney moved to dismiss—and the Wyandotte County District Court dismissed—the charges underlying McIntyre's conviction.[11] Defendants seek recusal based on this Court's reference to the dismissal of Lamonte McIntyre's criminal case in a Memorandum and Order in *United States v. Orozco*[12]—an unrelated criminal proceeding.

---

[4] *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citing *United States v. Hines*, 696 F.2d 722, 728 (10th Cir. 1982)).

[5] *Bryce*, 289 F.3d at 659 (citing *Nichols*, 71 F.3d at 352).

[6] *Id.* (quoting *Nichols*, 71 F.3d at 351).

[7] *Id.* at 659–60 (citing *Switzer v. Berry*, 198 F.3d 1255, 1258 (10th Cir. 2000)).

[8] *Id.* at 660 (quoting *Nichols*, 71 F.3d at 352).

[9] *Hinman*, 831 F.2d at 938.

[10] Doc. 1 ¶¶ 2–3.

[11] *See State v. McIntyre*, Case No. 94CR1213, Order Releasing Defendant From Custody and Dismissal of 94CR1213 (Wyandotte Cty. Dist. Ct. Oct.13, 2017).

[12] 291 F. Supp. 3d 1267 (D. Kan. 2017), *affirmed in part, reversed in part and remanded by United States v. Orozco*, 916 F.3d 919 (10th Cir. 2019).

In a Memorandum and Order issued in *United States v. Orozco*, this Court vacated Gregory Orozco's convictions and dismissed the underlying indictment with prejudice.[13] The Court determined that Assistant United States Attorney Terra Morehead ("AUSA Morehead") violated Orozco's Sixth Amendment right by unduly interfering with a defense witness' decision to testify.[14] In assessing whether AUSA Morehead acted in bad faith, the Court explained that "[t]his prosecutor should have had a heightened awareness of the bounds of fair play and the gravity of witness interference."[15] And in a footnote, the Court expanded its reasoning, mentioning dismissal of the charges against Lamonte McIntyre: "Indeed, in a highly publicized case, AUSA Morehead has been accused of improper witness interference in securing a wrongful conviction in *State v. McIntyre*, a case in which an innocent man was recently exonerated after serving 23 years for a murder he did not commit."[16]

While the Court is certain that it would preside over this case with impartiality and fairness, out of an abundance of caution, the Court finds that in this case recusal is appropriate. The Court's reference to Lamonte McIntyre in a footnote of an unrelated criminal proceeding was neither an indication of whether he was maliciously prosecuted, nor a statement of the merits of the present action—rather, the reference was solely to support the Court's findings regarding AUSA Morehead's actions while prosecuting the *Orozco* case. While the Court does not find that the footnote reference to McIntyre's criminal case shows any "deep-seated favoritism or

---

[13] *Id.* at 1283 (D. Kan. 2017).

[14] *Id.* at 1281.

[15] *Id.* at 1277.

[16] *Id.* at 1287, n.59 (citing *State v. McIntyre*, Case No. 94CR1213, Order Releasing Defendant From Custody and Dismissal of 94CR1213 (Wyandotte Cty. Dist. Ct. Oct.13, 2017); Max Londberg & Eric Adler, *Amid 'Free Lamonte' Chants, Hearing Begins in Case of KCK Man Imprisoned for 23 Years*, Kansas City Star, Oct. 12, 2017, http://www.kansascity.com/news/local/article178461766.html).

antagonism that would make fair judgment impossible,"[17] the Court recognizes that it could result in an *appearance* of impartiality based on the language pertaining to innocence and exoneration. For that reason, the Court finds it appropriate to recuse in this case. Therefore, in the exercise of its discretion and to avoid any potential appearance of impartiality, the Court grants the motion for recusal pursuant to § 455(a).

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' motion for recusal (Doc. 28) is **granted.**

**IT IS SO ORDERED.**

Dated: May 22, 2019

                                           s/ Julie A. Robinson
                                           JULIE A. ROBINSON
                                           CHIEF UNITED STATES DISTRICT JUDGE

---

[17] *Liteky v. United States*, 510 U.S. 540, 555 (1994).