**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAMONTE MCINTYRE &,** ) | |
| **ROSE LEE MCINTYRE,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 18-2545-KHV** |
| **UNIFIED GOVERNMENT OF WYANDOTTE** ) | |
| **COUNTY AND KANSAS CITY, KS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**AN OPEN LETTER TO U.S. MAGISTRATE JUDGE KENNETH G. GALE**

Dear Judge Gale:

As you know, Lamonte McIntyre and Rose Lee McIntyre filed this civil rights action on October 11, 2018. The First Amended Complaint (Doc. #8) sues the Unified Government of Wyandotte County and Kansas City, Kansas, along with nine individual defendants (three of whom are deceased), ten John Does and ten Roger Roes. As to Lamonte McIntyre, the complaint advances 11 causes of action, two of which involve only the Unified Government. Of the nine remaining claims, eight are against all defendants (a total of 72 claims). The remaining claim is only against two defendants (Barber and Culp). In all, Mr. McIntyre asserts 75 different claims against various defendants. His mother, Rose Lee McIntyre, asserts four claims – each against all defendants – for an additional 40 claims. If my math is correct (it may not be), we are looking at about 115 discrete factual and legal claims.

Pending before the Court are Defendant Roger Golubski's Motion to Dismiss First Amended Complaint (Doc. #33) filed 03-29-19 (with the reply, totaling 25 pages); Defendant Officers' Motion to Dismiss (Doc. #30) filed 03-29-19 (with the reply, totaling 74 pages), and the Motion to Dismiss (Doc. #34) which the Unified Government filed March 29, 2019) (totaling 36 pages)  Defendants ask that all 115 claims be dismissed for various reasons. On May 20, 2019, plaintiffs filed Plaintiffs' Consolidated Response to Defendants' Motions to Dismiss (Doc. #43), which runs an additional 44 pages. Plaintiffs ask that the Court flat-out deny all motions (see page 43). Purportedly "in the interests of judicial economy," the individual defendants other than Golubski incorporate by reference the briefs by the Unified Government (22 pages) and the reply brief of the Unified Government (12 pages), the brief by Golubski (15 pages) and Golubski's reply brief (8 pages). The briefing is voluminous, and seems to total about 236 pages addressing 115 discrete claims and (putting aside the Does and Roes), two plaintiffs and ten defendants.

To compound matters, plaintiffs seek leave to file a third amended complaint. See Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #46) filed May 20, 2019.

Some parties believe that the pending motions to dismiss are also lodged against the unfiled second amended complaint; others argue about futility of leave to amend, timeliness, etc. for another 73 pages, including attachments.

I carefully reviewed all of these materials, with the hope of scheduling oral argument on the motions to dismiss and bringing order out of the procedural chaos. It's not hopeless, but I need your help. First, although plaintiffs ask the Court to deny all motions to dismiss, a more nuanced evaluation of their response suggests that they do not candidly believe that all motions to dismiss should be denied. Just as importantly, I think that we need to enlist the parties' assistance in streamlining the pleadings now . . . well before we reach the summary judgment process. I therefore ask that you make it a top priority to convene counsel to discuss the following:

Section I

Based on the briefing on the motions to dismiss, the parties may substantially agree on certain points, and we need not address them at oral argument. It would be great to clarify, perhaps by ordering the parties to show cause in writing (as soon as possible), or perhaps by butting their heads together, why

1. The Court should not dismiss all claims against Defendant Shomin;

2. The Court should not dismiss all state law claims for intentional or reckless infliction of emotional distress (Count IX) and negligent infliction of emotional distress (Count X);

3. Except as to Defendant Golubski, the Court should not dismiss all claims for interference with family relationships (Count III);

4. To the extent that Count I arguably pleads false imprisonment in violation of the Fourth and Fourteenth Amendments under 42 U.S.C. Section 1983, the Court should not dismiss such claims as time-barred;

5. To the extent that Count I pleads wrongful conviction in violation of the Fourth and Fourteenth Amendment under 42 U.S.C. Section 1983, the Court should not dismiss such claims on the ground that under controlling Tenth Circuit authority, this Court is required to find that Kansas law provides an adequate post-deprivation remedy;

6. The Court should not dismiss all federal claims against Defendants Brown, Barber, Culp, Smith and Blood on grounds of qualified immunity;

7. Under Rule 12 (b)(6), Fed. R. Civ. Proc., the Court should not dismiss the Kansas malicious prosecution claim against Defendants Brown, Barber, Culp, Smith and Blood; and

8. Under Rule 12 (b)(6), Fed. R. Civ. Proc., as to the failure to intervene claim under 42 U.S.C. Section 1983 (Count IV), the Court should not dismiss Defendants Brown, Smith and Blood.

I would NOT invite the parties to re-brief any of these issues; I intend to rule on the briefs which have already been filed.  But I need to confirm my understanding of the parties' positions on these issues.  Can you please find out?  In lieu of a textual response, the parties could each file a chart which, as to each issue outlined above, cites pages of previously filed briefs that may serve to correct any misunderstanding on the Court's part that the foregoing claims should be dismissed.

If you have better ideas on how to eliminate claims and issues which are not truly in dispute, be my guest.

## Section II

For the reasons stated in Plaintiffs' Consolidated Response to Defendants' Motions to Dismiss (Doc. #43) filed May 20, 2019, and giving plaintiffs the benefit of all favorable inferences, it seems to me that the following arguments fall somewhere on the spectrum between frivolous and without merit.  Therefore, while I am happy to further look at the issues, it seems to me that the following arguments do not warrant dismissal at this time:

1. Defendants are entitled to absolute immunity for trial testimony standing alone (plaintiffs don't seek liability on that theory so this is a red herring).

2. Defendants Golubski, Krstolich and Ware are entitled to qualified immunity on plaintiffs' federal claims for relief.

3. Plaintiffs' claims fail because they do not plausibly allege causation.

4. Plaintiffs' claim for malicious prosecution fail because the complaint does not sufficiently allege that defendants lacked probable cause to arrest or prosecute,

5. Plaintiff's claim for malicious prosecution fails because the complaint does not sufficiently allege that the underlying criminal proceedings terminated in plaintiff's favor.

6. Count V does not sufficiently allege conspiracy.

7. Discretionary function immunity shields defendants from liability on the Kansas claims.

I don't know that oral argument on these issues would aid the Court, so in the interests of time, if we put them to one side, the parties can perhaps focus on arguments that are likely to help me resolve other issues.  What would those remaining issues be?  We should find out.

## Section III

It seems to me that granting Plaintiffs' Motion for Leave to File Second Amended Complaint (Doc. #46) filed May 20, 2019, would be a recipe for disaster.  It will set off another round of motions to dismiss before we even sort out the pending motions to dismiss.  Can you meet with the parties and encourage plaintiffs to go back to the drawing board and bring us motion for leave to amend which incorporates the foregoing conclusions, along with any rulings that the

3

Court may make with regard to the foregoing order to show cause? We could give them time to file that - perhaps no later than October 1, 2019.

### Section IV

It would be super helpful if counsel prepared a joint statement which, possibly incorporating rulings proposed in Section II, outlined further issues that need to be addressed to dispose of the motions to dismiss. Soon after the preparation of the chart? The list shall include, at a minimum, two issues:

1. Which statute of limitations applies to each remaining claim (can the parties possibly roll up their sleeves and reach agreement, based on the applicable law for each claim?); and

2. As to each federal claim against Krstolich and Ware, on a claim-by-claim basis, how and why they might be entitled to qualified immunity. The parties could have done a better job in addressing qualified immunity as to them. (I note that Golubski does not even seek dismissal based on qualified immunity.)

Any other outstanding issues from the pending motions to dismiss? We could set them for oral argument in the second half of September, 2019 in Kansas City. You should come!.

### Section V

For my benefit, if not for yours also, wouldn't it be wonderful to have the parties jointly prepare a chart which, incorporating the rulings in Section II, outlines each remaining count, identifies plaintiffs and defendants, states the nature of claim and summarizes viable defenses (not ones like lack of causation, or failure to state a claim, if that is even a defense).

### Section VI

Because of the number of parties and claims, and public importance of this lawsuit, this case cries out for our most active style of case management to help the parties with scheduling, discovery and other pretrial proceedings. Can you come to Kansas City once a month to sit down with counsel and help steer this matter toward a prompt, speedy and inexpensive resolution? Kansas City is great in the fall and – if you haven't been to SLAP's, right here just blocks from the courthouse – you haven't tasted our latest offerings in the area of barbecue!

With all respect and thanks, in advance,

<u>Kathryn H. Vratil</u>
Kathryn H. Vratil
United States District Judge
