IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

                Plaintiffs,

      v.                              Case No. 2:18-cv-02545-KHV-KGG

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

                Defendants.

**Unified Government Motion to Dismiss: Prefatory Matters**

The Unified Government of Wyandotte County and Kansas City, Kansas moves, pursuant to F.R.Civ.P. 12(b)(6), to dismiss Plaintiffs' Second Amended Complaint (SAC).

**Claims Asserted and Prefatory Analysis**

The styling or characterization of the claims by plaintiffs in the pleading clouds the issues pertinent to a motion to dismiss. The SAC purports to assert the following claims:

COUNT I - 42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments against Defendants Golubski, Krstolich, Ware, Brown, Barber, Culp, Smith, and Blood;

COUNT II - 42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation in Violation of the Fourth and Fourteenth Amendments against Defendants Golubski, Krstolich, Ware, Brown, Barber, and Smith;

COUNT III - 42 U.S.C. § 1983 First and Fourteenth Amendment Claim for Interference with Family Relationships against Defendant Golubski;

COUNT IV - 42 U.S.C. § 1983 Failure to Intervene against Defendants Krstolich, Ware, Brown, Barber, Smith, Blood, and Culp;

COUNT V - 42 U.S.C. § 1983 Civil Rights Conspiracy against Defendants Golubski, Krstolich, Ware, Brown, Barber, Smith, Blood, and Culp;

COUNT VI - 42 U.S.C. § 1983 Supervisory Liability Claim against Defendants Barber and Culp;

COUNT VII - 42 U.S.C. § 1983 Monell Claim Unconstitutional Customs, Policies, and Practices of against Defendant Unified Government;

COUNT VIII - Malicious Prosecution under Kansas state law against Defendants Golubski, Krstolich, Ware, Brown, Barber, Culp, Smith, and Blood; and

COUNT IX - Respondeat Superior Liability against Defendant Unified Government.

Section 1983 "is a remedial vehicle for raising claims based on the violation of constitutional rights" and § 1983 is not "violated" separate and apart from the underlying constitutional violations. *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). The statute "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). Section 1983 is not a vehicle to create a federal case out of violations of state common law. *Pierce v. Gilchrist*, 359 F.3d 1279, 1285 (10th Cir. 2004). "The first inquiry in any § 1983 suit ... is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140 (quoting 42 U.S.C. § 1983).

Analysis of claims under § 1983 requires careful discrimination of claims and theories of recovery. Analysis of a claim brought under § 1983 begins by identifying the specific constitutional right allegedly infringed. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). The validity of the claim then must be judged by reference to the specific constitutional standard which governs that right. *Id*. Further, "A municipality may not be held liable where there was no underlying constitutional violation by any of its officers." *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir. 1993).

Though the SAC styles nine different claims, it in fact asserts three claims under 42 U.S.C.

§ 1983 and one claim under Kansas common law. Those are:

1) A Fourth Amendment claim under Counts I and II by Lamonte McIntyre;

2) A Fourteenth Amendment Due Process claim under Counts I and II by Lamonte McIntyre;

3) A Fourteenth Amendment Liberty Interest claim (deprivation of familial association) by Rose McIntyre; and

4) A state law malicious prosecution claim by Lamonte McIntyre.

Counts IV, V, and VI are not claims distinct from those asserted in Counts I and II. Rather, they are distinct methods of proving liability for the underlying constitutional claims because § 1983 imposes liability upon an individual only for that individual's "own actions—personal participation in the specific constitutional violation complained of is essential." *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (citing *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997) (§ 1983 liability must be based on personal involvement in the alleged constitutional violation); *Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir. 2006) (liability under § 1983 requires that direct personal responsibility for the claimed deprivation be established).

Count VII is a *Monell* claim against the Unified Government, which is the means for imposing liability against a municipality for the underlying constitutional claims alleged in Counts I and II.

Counts VIII and IX assert the same state law malicious prosecution claim. Count IX is simply a means to impose vicarious liability on the Unified Government in the event plaintiff prevails on Count VIII against the individual defendants and establishes the individuals were acting within the scope of their employment. K.S.A. 75-6103.

**Statement of Facts**

In addition to the face of the SAC, the court can and should consider the state court proceedings which are referred to in the pleadings. The court may consider documents referenced

in a complaint that are also central to the complaint. *See GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384–85 (10th Cir. 1997). A court may take judicial notice of facts that are a matter of public record and of state court documents. *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006); *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted). The court does so without converting a motion to dismiss into a motion for summary judgment. *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276, 1278 n.1 (10th Cir. 2004) (citations omitted).

Doniel Quinn and Donal Ewing were shot and killed in a parked car with a shotgun on April 15, 2016. ECF 74 ¶ 46. Lamonte McIntyre was arrested six hours after the shooting. ECF 74, ¶¶ 5, 6, 7, and 80.

Lamonte McIntyre was charged in Wyandotte County District Court with two counts of first-degree murder on June 28, 1994. ECF 35-1, Information, Case No. 94CR1213. An arrest warrant for McIntyre was executed on June 29, 1994. ECF 35-2, Sheriff's Return Case No. 94CR1213, filed June 30, 1994.

The charges were tried to a jury on September 26-29, 1994, with a guilty verdict returned on September 29, 1994. ECF 35-3, Transcript of Jury Trial, Case No. 94CR1213 (excerpts only). The conviction was set aside on October 13, 2017, and Lamonte McIntyre was granted a new trial; thereafter the prosecutor declined to further prosecute and moved for dismissal of the charges. ECF 35-4, Transcript of Evidentiary Hearing, Wyandotte County Case No. 2016CV508, 334-336; and ECF 35-5, Order Releasing [McIntyre] from Custody and Dismissal of 94CR1213, filed Oct.

13, 2017, Wyandotte County Case Nos. 94CR1213 and 16CV508.

## Arguments and Authorities

Pursuant to ECF 71, the Unified Government submits supporting memoranda for each of the following issues addressed on its motion to dismiss:

I.  Lamonte McIntyre's Fourth Amendment claims under Counts I and II accrued in 1994 and are time-barred.

II. Lamonte McIntyre's claims under the Due Process Clause of the Fourteenth Amendment are precluded because (A) Kansas provides an adequate remedy and (B) Plaintiffs lack the necessary element of a favorable termination of the underlying prosecution.

III. Count III, the claim for interference with familial association fails to state a claim for which relief can be granted.

IV. Counts IV, V, and VI do not state substantive claims for relief. Instead, the claims for failure to intervene, conspiracy and/or supervisory liability are distinct means to prove liability for an underlying constitutional violation.

V.  Count VII, the *Monell* claim against the Unified Government, should be dismissed for failure to state a claim.

VI. Claims under Kansas law for prejudgment interest, compensatory damages in excess of $500,000, and punitive damages as to the Unified Government must be dismissed.

VII. Counts VIII and IX, the claim for malicious prosecution under Kansas law should be dismissed for lack of favorable termination in state court.

> Fisher, Patterson, Sayler & Smith, LLP
> 3550 S.W. 5th Street
> Topeka, Kansas 66606
> Tel: (785) 232-7761 | Fax: (785) 232-6604
> dcooper@fisherpatterson.com
> s/David R. Cooper
> David R. Cooper, #16690
> *-and-*

{T0463717}                               5

        Henry E. Couchman Jr., #12842
Edward James Bain, #26442
Legal Department, Unified Government of Wyandotte County/Kansas City, Kansas
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
hcouchman@wycokck.org
jbain@wycokck.org
Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas

### Certificate of Service

I hereby certify on the 18th day of October, 2019, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

s/David R. Cooper

{T0463717}  6