IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE,** *et al.,* | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )  Case No. 2:18-cv-02545-KHV-KGG |
| | ) |
| **UNIFIED GOVERNMENT OF** | ) |
| **WYANDOTTE COUNTY AND** | ) |
| **KANSAS CITY, KANSAS,** *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

**DEFENDANT GOLUBSKI'S TWELFTH MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND JURY DEMAND**

Defendant Roger Golubski provides the following Twelfth Memorandum in Support of his Motion to Dismiss Plaintiffs' Second Amended Complaint and Jury Demand (Doc. 74).

**I.   Question Presented**

This memorandum presents the question of whether Golubski is entitled to qualified immunity in Count V because Plaintiffs have not alleged a constitutional violation.

**II.   Standard of Review**

In ruling on a motion to dismiss, the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint must allege sufficient factual matter to state a claim which is plausible on its face. *Id*. at 679-80; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether a complaint alleges a plausible claim for relief, the Court must draw on its own judicial experience and common sense. *Iqbal*, 556 U.S. at 679.  Though detailed factual allegations are not required, a complaint must offer more than conclusions or a

formulaic recitation of the elements of a cause of action. *Iqbal*, 556 U.S. at 678 (*citing Twombly*, 550 U.S. at 555). The court need not "'accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 557.

On the issue of qualified immunity, the Court analyzes whether the factual allegations and related inferences show the violation of a clearly established constitutional right. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000).

### III. Arguments and Authorities

"To overcome a government official's qualified immunity defense, a plaintiff must demonstrate (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct." *N.E.L. v. Douglas County*, No. 17-1120, 2018 WL 3239239 (10th Cir. July 3, 2018).

In a separate Memorandum, Golubski has sought dismissal of Count V (conspiracy) insofar as the corresponding substantive claims are either dismissed or not even plead. To the extent the Court agrees, Golubski is entitled to qualified immunity in Count V in whole or in part because, without corresponding substantive claims, Plaintiff has failed to allege a violation of a constitutional right. *Id*.

### IV. Conclusion

Wherefore, Golubski requests the Court to enter an Order dismissing Count V based upon qualified immunity and any other relief deemed just and proper by the Court.

Respectfully Submitted,

**McCauley & Roach, LLC**

By: /s/ Morgan L. Roach
Morgan L. Roach, #23060

Sean P. McCauley #20174  
527 W. 39th St., Suite 200  
Kansas City, MO 64111  
Telephone: (816) 523-1700  
Facsimile:  (816) 523-1708  
E-mail:morgan@mccauleyroach.com  
E-mail: sean@mccauleyroach.com  
Attorneys for Defendant Roger Golubski

## Certificate of Service

The undersigned certifies that on the 18th day of October, 2019, the foregoing was electronically filed with the clerk of the court using the CM/ECF system which will provide notice and service to all counsel of record.

**/s/ Morgan L. Roach**
