**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAMONTE MCINTYRE, et al.,** ) | |
|  ) | |
|     **Plaintiffs,** ) | |
|  ) | |
| **v.** ) | Case No. 2:18-cv-02545-KHV-KGG |
|  ) | |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY AND** ) | |
| **KANSAS CITY, KS, et al.,** ) | |
|  ) | |
|     **Defendants.** ) | |
|  ) | |

**Plaintiffs' Response to Defendant Officers' Memorandum in Support of Issue 1: Plaintiffs'
Fourth Amendment malicious prosecution claim is not time-barred [ECF 88]**

Plaintiffs' Fourth Amendment claim for malicious prosecution is timely under binding Tenth Circuit precedent. "A [Fourth Amendment] claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013). Here, Plaintiffs' § 1983 Fourth Amendment malicious prosecution claim accrued on October 13, 2017, when his conviction was vacated and his case dismissed, and his October 11, 2018 Complaint was timely under § 1983's two-year statute of limitations.

Defendants wrongly seek to conflate Plaintiffs' Fourth Amendment malicious prosecution claim with an admittedly time-barred false imprisonment claim. But, as the Tenth Circuit has repeatedly explained, these are two distinct claims and "the two claims do not accrue simultaneously." *Myers*, 738 F.3d at 1194. False imprisonment covers wrongful detention *without* any process—for example, arrest without a warrant. *Id.* Malicious prosecution describes detention *pursuant* to wrongful legal process, such as unreasonable arrest based on a warrant or other tainted

judicial determination of probable cause. *Id.* And the accrual dates for the two claims are different. False imprisonment claims accrue at "the institution of legal process," when a police officer's wrongful *arrest* becomes a court-authorized *prosecution* without probable cause. *Id.*; *see also Manuel v. City of Joliet*, 137 S. Ct. 911, 918–21 (2017) (describing how Fourth Amendment false imprisonment claim accrued when plaintiff was held following a probable cause hearing within hours of arrest). Malicious prosecution claims, however, do not accrue until the prosecution has concluded in plaintiff's favor. *Myers*, 738 F.3d at 1194.

Defendants seem to be arguing that, because Plaintiff was initially detained without a warrant, he cannot bring a claim for the many months he was later held pretrial under improper process.[1] The Tenth Circuit has already rejected this exact argument in *Sanchez v. Hartley*, 810 F.3d 750, 757 (10th Cir. 2016). There, as here, "the defendants initially arrested [the plaintiff] without a warrant…[b]ut after this warrantless arrest, there were multiple judicial determinations of probable cause to detain [the plaintiff] on all of the pending charges." *Id.* There, as here, the plaintiff had a viable Fourth Amendment malicious prosecution claim arising out of those subsequent judicial determinations, and the "initial warrantless arrest is immaterial to the validity of this claim." *Id.* at 757–58; *see also Myers*, 738 F.3d at 1195 ("[T]he institution of legal process 'triggers' a malicious-prosecution claim."); *Wilkins v. DeReyes*, 528 F.3d 790, 798–99 (10th Cir. 2008) (recognizing after an initial warrantless arrest, a plaintiff can bring a Fourth Amendment malicious prosecution claim based on "the probable cause determination made during the constitutionally required probable cause hearing").

---

[1] To be clear, Plaintiffs do not bring a claim for wrongful arrest, which accrued when McIntyre was bound over by legal process and is time-barred. *See Wallace v. Kato*, 549 U.S. 384 (2007); *Mondragon v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).

Next, Defendants argue that because Plaintiff was later wrongly convicted, and suffered *additional* deprivations of his constitutional rights, that somehow made his claim for pretrial liberty deprivation in violation of the Fourth Amendment disappear. Not so. Contrary to Defendants' misreading of a footnote in *Manuel*, conviction at trial does not eliminate a plaintiff's Fourth Amendment claim; instead, it marks the temporal boundary between the Fourth and Fourteenth Amendment claims. *See Manuel*, 137 S. Ct. at 920 n.8. No case law prevents a plaintiff like McIntyre from pursuing both claims.

Plaintiff spent approximately six months wrongly detained in violation of his Fourth Amendment rights, during the period between when he was first held pursuant to unlawful process and when he was wrongly convicted.[2] Plaintiff's Fourth Amendment malicious prosecution claim arising out of this violation did not accrue until the favorable termination of the criminal prosecution, and was timely filed.[3]

---

[2] Although the exact date McIntyre was first held pursuant to wrongful legal process is not specified in the Complaint, it is undisputed it was shortly after his initial wrongful arrest.

[3] To be sure, the case law governing malicious prosecution and wrongful arrest concerns only when the *violation* occurred, not what damages might be proximately caused by that violation, but the Court need not reach this issue now.

Date:  December 20, 2019                    Respectfully submitted,

                                                LATHROP GAGE LLP


By:  /s/ *Michael J. Abrams*
      Michael J. Abrams #15407
      William G. Beck #77974
      Alexander T. Brown (admitted *pro hac vice*)
      Alana M. McMullin (admitted *pro hac vice*)
      2345 Grand Boulevard, Suite 2200
      Kansas City, MO 64108
      (816) 292-2000
      (816) 292-2001 Facsimile
      mabrams@lathropgage.com

      Cheryl A. Pilate #14601
      Lindsay Runnels #78822
      Morgan Pilate, LLC
      926 Cherry Street
      Kansas City, MO 64106
      Telephone: (816) 471-6694
      Facsimile: (816) 472-3516
      cpilate@morganpilate.com

      Barry Scheck (admitted *pro hac vice*)
      Emma Freudenberger (admitted *pro hac vice*)
      Rick Sawyer (admitted *pro hac vice*)
      Amelia Green (admitted *pro hac vice*)
      Neufeld Scheck & Brustin, LLP
      99 Hudson Street, Eighth Floor
      New York, NY 10013
      Telephone: (212) 965-9081
      Facsimile: (212) 965-9084
      emma@nsbcivilrights.com

      *Attorneys for Plaintiffs*