# **EXHIBIT 1**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Kansas

| | |
|---|---|
| Lamonte McIntyre and Rose Lee McIntyre ) | |
| *Plaintiffs* ) | |
| v. ) | Civil Action No. 2:18-cv-02545-JAR-KGG |
| Unified Government of Wyandotte County and ) | |
| Kansas City, Kansas; et al. ) | |
| *Defendant* ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Walgreens Human Resources
PO Box 4007, Danville, IL 61834
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider

| Place: Neufeld Scheck & Brustin, LLP<br>99 Hudson Street, 8th Floor<br>New York, NY 10013 | Date and Time:<br>02/20/2020 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/09/20

*CLERK OF COURT*

OR _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lamonte McIntyre and Rose Lee McIntyre, Plaintiffs , who issues or requests this subpoena, are:
Rick Sawyer, 99 Hudson St., New York, NY 10013; rick@nsbcivilrights.com; 212-965-9081

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:18-cv-02545-JAR-KGG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# SUBPOENA RIDER TO WALGREENS

You are directed to reproduce the following documents and information in their original form and condition—with any folders, covers, and/or index sheets—indicating the particular source file of the document or information.

1. All documents in your possession, custody, or control relating to the hiring, employment, performance, discipline, remediation, separation and/or retirement of Roger Golubski, from the date he first applied to any position at Walgreens to the present. Such documents should include, *but are not limited to*:

    a. Golubski's complete Walgreens personnel files and human resources files;

    b. Complete materials related to Golubski's applications for employment with Walgreens, including applications submitted and any materials generated or obtained during background evaluations or other evaluation of those applications;

    c. All records and communications concerning promotions or changes of assignment, including but not limited to applications for promotion, the results of any promotion-related examinations, and records or communications relating to station assignments or transfers;

    d. Complete training records and all syllabi, course descriptions, records of attendance in any in-house or outside training courses, and training-related evaluations, proficiency evaluations and testing results;

    e. Complete medical and psychological records, including pre-employment testing or evaluation and any follow-up or subsequent testing or evaluation after being hired, and any necessary authorizations therefore signed and executed by Golubski;

    f. All documents relating to background investigations conducted at any time prior to hiring and through departure;

    g. All documents relating to performance evaluations;

    h. Any and all documents concerning Golusbki's interaction with Walgreens customers and staff;

    i. Any and all documents concerning Golubski's role coordinating security at the Walgreens at 2850 State Avenue, Kansas City, Kansas 66102, or any other Walgreens store;

    j. All documents relating to salary, payment, and expense records and reports;

    k. All documents relating to any complaints against Golubski, irrespective of whether the complaint(s) were substantiated;

1

l.  All documents relating to any Walgreens internal allegations, complaints, or investigations of misconduct, including but not limited customer complaints, irrespective of whether the complaint(s) were substantiated;

m.  Any and all documents created by or in the possession of, at any time, security supervisor(s) or other Walgreens personnel regarding any allegation(s) of misconduct of any kind, and/or any action taken in response to such allegation(s);

n.  Any and all documents reflecting any criticism, discipline, or remediation, in any form, concerning misconduct by Golubski, including but not limited to sexual harassment and sexual misconduct;

o.  All documents concerning civil or criminal lawsuits involving misconduct allegations against Golubski;

p.  All documents concerning allegations of misconduct against Golubski from any source;

q.  All requests for leave of absence, disability, or early retirement; and

r.  All requests for authorization to engage in employment outside of Walgreens.

s.  Any documents described in subparts "a" through "r" above that concern Roger Golubski in any other capacity, including his capacity as an independent contractor for Walgreens or as an employee of an independent contractor for Walgreens.

2. To the extent not already requested above, identify and produce any and all documents reflecting allegations from any source that, during Roger Golubski's tenure as an employee of Walgreens, Golubski:

   a. pressured, intimidated, abused, threatened, coerced, manipulated, bribed, misled, and/or otherwise used improper techniques with any person, including staff or customers; or

   b. engaged in the fabrication of evidence, gave untrue sworn testimony, or concealed or misreported anything during the course of an official investigation; or

   c. engaged in or threatened sexual contact, sexual harassment or exploitation, or any other sexual misconduct or inappropriate physical contact or harassment with any person, including but not limited to Walgreens staff and customers; or

   d. engaged in any illegal activity, including but not limited to involvement in drug activity.

  The response seeks any and all documents whether or not the allegation was substantiated, from the time that Golubski joined Walgreens to the present, including without limitation any charges, statements, notes, reports, memoranda, bench notes, or correspondence, transcripts, findings, conclusions, or recommendations made by investigating authorities, and civil, administrative, or criminal complaints originating from customers, staff, or any other source.

For each and every item under Requests 1 and 2 that cannot be produced because you claim it is lost or destroyed, produce all documentary evidence supporting the claim this evidence is lost or destroyed.

Pursuant to Federal Rule of Civil Procedure 45(e)(2)(A), should you withhold any subpoenaed information under a claim of privilege or protection, you must expressly identify the claim of privilege or protection and describe the nature of the withheld documents.