IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

           Plaintiffs,

         v.                              Case No. 2:18-cv-02545-KHV-KGG

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

           Defendants.

**Answer of the Unified Government to the Second Amended Complaint**

The Unified Government of Wyandotte County and Kansas City, Kansas (Unified Government or Defendant) answers the Second Amended Complaint [ECF 74] as follows:

1. All allegations not specifically admitted herein are denied.

2. Paragraph 1 is denied.

3. In response to ¶ 2, it is admitted that Lamonte McIntyre was convicted of two counts of murder and was imprisoned 23 years; it is admitted that the District Attorney dismissed the charges after the convictions were vacated and a new trial granted. Defendant denies the remaining allegation in ¶ 2.

4. Paragraphs 3 and 4 are denied.

5. In response to ¶¶ 5 and 6, it is admitted that Ruby Mitchell identified Lamonte McIntyre as the shooter and that Lamonte McIntyre was arrested a few hours after the murders for which he was convicted had occurred. The remaining allegations in ¶¶ 5 and 6 are denied.

6. In response to ¶ 7, it is admitted that Niko Quinn, at trial, identified Lamonte McIntyre as the shooter. The remaining allegations in ¶ 7 are denied.

7. In response to ¶ 8, it is admitted that Dennis Barber reported statements he attributed to Rose McIntyre. The remaining allegations in ¶ 8 are denied.

8. Paragraph 9 is denied.

9. In response to ¶ 10, it is admitted that officers were told Stacy Quinn knew who the suspect was; Goblubski reported Stacy Quinn was "not available" when he attempted to interview her; and that there is no record of an interview with Stacy Quinn. Defendant lacks sufficient knowledge or information admit or deny whether Stacy Quinn instantly recognized the shooter and, for that reason, denies the same. The remaining allegations in ¶ 10 are denied.

10. In response to ¶ 11, it is admitted that no search warrant was sought or secured. The remaining allegations of ¶ 11 are denied.

11. In response to ¶ 12, it is admitted that Lamonte McIntyre was convicted following a jury trial. The remaining allegations in ¶ 12 are denied.

12. In response to ¶ 13, it is admitted that an affidavit appears to have been signed by Niko Quinn and that Stacy Quinn testified in a post-trial hearing. The remaining allegations in ¶ 13 are denied.

13. In response to ¶ 14, it is admitted that the district court permitted an evidentiary hearing. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 14 and, for that reason, denies them.

14. In response to ¶ 15, it is admitted the District Attorney requested that the court find that manifest injustice existed and grant Lamonte McIntyre a new trial and that, after the court did so, the District Attorney dismissed the charges. The remaining allegations in ¶ 15 are denied.

15. Paragraph 16 describes the nature of plaintiffs' claims and alleges no facts; ¶ 16 is nonetheless denied.

16. In response to ¶ 17, it is admitted plaintiffs bring claims under 42 U.S.C. § 1983 and state law. It is denied plaintiffs are entitled to any relief.

17. In response to ¶¶ 18 and 19, it is admitted the court has subject matter jurisdiction to the extent plaintiffs substantially complied with K.S.A. 12-105b(d); it is further admitted that venue is appropriate.

18. Defendant lacks the knowledge to admit or deny ¶¶ 20 and 21 and, for that reason, denies them.

19. Paragraph 22 is admitted.

20. In response to ¶¶ 23 through 30, it is admitted that Roger Golubski, James Michael Krstolich, Dennis Ware, James. L. Brown, Dennis Otto Barber, Clyde Blood, W.K. Smith, and Steve Culp were, for varying periods, employed as police officers and detectives for the Kansas City, Kansas Police Department. Defendant does not know what "all times relevant to this complaint" entails and therefore denies the remaining allegations of ¶¶ 23 through 30.

21. Paragraphs 31 through 38 are denied.

22. In response to ¶ 39 it is admitted Roger Golubski achieved the rank of captain by the time he retired; it is admitted that Terry Ziegler was partnered with Golubski for a time. The remaining allegation in ¶ 39 are denied.

23. Paragraphs 40 through 45 are denied.

24. Defendant lacks the knowledge to admit or deny the allegations in ¶ 46 and, for that reason, denies them.

25. In response to ¶ 47, it is admitted that neither Neil Edgar, Jr. nor Marlon Williams

were prosecuted for the murders of Donald Ewing and Doniel Quinn. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 47 and, for that reason, denies them.

26. Defendant lacks the knowledge to admit or deny the allegations in ¶ 48 and, for that reason, denies them.

27. Paragraphs 49 through 51 are denied.

28. Defendant lacks the knowledge to admit or deny the allegations in ¶ 52 and, for that reason, denies them.

29. Paragraph 53 is denied.

30. In response to ¶ 54, it is admitted Ruby Mitchell initially described the perpetrator as a person 5'6" tall. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 54 and, for that reason, denies them.

31. Paragraph 55 is denied.

32. In response to ¶ 56, it is admitted that defendant Golubski drove Mitchell to the police headquarters for questioning. The remaining allegations in ¶ 56 are denied.

33. In response to ¶ 57, it is admitted that Mitchell identified Lamonte McIntyre from a photo array that included a photo of Lamonte McIntyre. It is denied any defendant used coercion or suggestion to force a false identification. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 57 and, for that reason, denies them.

34. Paragraph 58 is denied.

35. Defendant lacks the knowledge to admit or deny the allegations in ¶ 59 and, for that reason, denies them.

36. Paragraphs 60 and 61 are denied.

37. In response to ¶ 62, it is admitted that only one of the persons in the photo array

was named Lamonte. The remaining allegations in ¶ 62 are denied.

38. In response to ¶ 63, it is admitted Mitchell identified Lamonte McIntyre from his photo. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 63 and, for that reason, denies them.

39. Paragraphs 64 and 65 are denied.

40. In response to ¶ 66, it is admitted defendant Barber testified he heard Lamonte McIntyre was the perpetrator. The remaining allegations in ¶ 66 are denied.

41. In response to ¶ 67, it is admitted that Golubski and Ware met with Niko Quinn who was shown a photo array. The remaining allegations in ¶ 67 are denied.

42. In response to ¶ 68, it is admitted that Golubski met Niko Quinn behind the Wyandotte High School track where she identified Lamonte McIntyre as the shooter and that Golubski did not write a report recording the interview with Quinn. The remaining allegations in ¶ 68 are denied and, for that reason, ¶ 69 is denied as well.

43. Paragraphs 70 and 71 are denied.

44. In response to ¶ 72, it is admitted there are statements purportedly by Niko Quinn recanting her prior testimony. The remaining allegations in ¶ 72 are denied.

45. In response to ¶ 73, it is admitted that Lamonte McIntyre was arrested a few hours after the shooting based on an identification of him by Ruby Mitchell. The remaining allegations in ¶ 73 are denied.

46. Paragraphs 74 through 76 are denied.

47. Paragraph 77 is admitted.

48. Paragraphs 78 through 81 are denied.

49. In response to ¶ 82, it is admitted that Stacy Quinn was not called at trial. The

remaining allegations in ¶ 82 are denied.

50. In response to ¶ 83, it is admitted that defendant Smith arrived on scene and interviewed witnesses. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 83 and, for that reason, denies them.

51. Defendant lacks the knowledge to admit or deny the allegations in ¶ 84 and, for that reason, denies them.

52. In response to ¶ 85, it is admitted that Smith conducted a 4-minute taped interview of Niko Quinn. It is denied that Smith intentionally omitted information from the interview or other documentation. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 85 and, for that reason, denies them.

53. The first sentence of ¶ 86 is denied. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 86 and, for that reason, denies them.

54. Paragraph 87 is denied.

55. In response to ¶¶ 88 and 89, it is admitted that defendant Blood was briefly on scene then was directed to the hospital where the shooting victims had been taken. The remaining allegation in ¶¶ 88 and 89 are denied.

56. Paragraphs 90 and 91 are denied.

57. Defendant lacks the knowledge to admit or deny the allegations in ¶¶ 92 through 94 and, for that reason, denies them.

58. Paragraphs 95 through 98 are denied.

59. Defendant lacks the knowledge to admit or deny the allegations in ¶ 99 and, for that reason, denies them.

60. Paragraph 100 is denied.

61. In response to ¶ 101, it is admitted Lamonte McIntyre was convicted following a jury trial and sentenced to two consecutive life terms. The remaining allegations in ¶ 101 are denied.

62. In response to ¶ 102, it is admitted that a direct appeal was taken, habeas relief was sought, and post-conviction motions were filed. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 102 and, for that reason, denies them.

63. Defendant lacks the knowledge to admit or deny the allegations in ¶¶ 103 through 105 and, for that reason, denies them.

64. In response to ¶ 106, it is admitted that Lamonte McIntyre filed a motion to vacate his conviction, that the conviction was vacated and the charges were dismissed.

65. Paragraphs 107 through 123 are denied.

66. Defendant lacks the knowledge to admit or deny the allegations in ¶¶ 124 and 125 and, for that reason, denies them.

67. Paragraphs 126 through 144 are denied.

68. Defendant lacks the knowledge to admit or deny the allegations in ¶¶ 145 and 147 and, for that reason, denies them.

69. Paragraphs 146 and 148 through 152 are denied.

70. In response to ¶ 153, defendant incorporates the remainder of its answer.

71. Paragraphs 154 through 160 are denied.

72. In response to ¶ 161, defendant incorporates the remainder of its answer.

73. Paragraphs 162 through 167 are denied.

74. In response to ¶ 168, defendant incorporates the remainder of its answer.

75. In response to ¶ 169, it is admitted that Rose McIntyre is the mother of Lamonte

McIntyre. Defendant lacks the knowledge to admit or deny the remaining allegations in ¶ 169 and, for that reason, denies them.

76. Paragraphs 170 through 172 are denied.

77. In response to ¶ 173, defendant incorporates the remainder of its answer.

78. Paragraphs 174 through 176 are denied.

79. In response to ¶ 177, defendant incorporates the remainder of its answer.

80. Paragraphs 178 through 180 are denied.

81. In response to ¶ 181, defendant incorporates the remainder of its answer.

82. Paragraphs 182 through 186 are denied.

83. In response to ¶ 187 defendant incorporates the remainder of its answer.

84. Paragraphs 188 through 195 are denied.

85. In response to ¶ 196, defendant incorporates the remainder of its answer.

86. Paragraphs 197 through 200 are denied.

87. In response to ¶ 201, it is admitted that a notice was submitted and no response was made within 120 days.

88. In response to ¶ 202, defendant incorporates the remainder of its answer.

89. Paragraphs 203 through 205 are denied.

90. In response to ¶ 206, it is admitted that a notice was submitted and no response was made within 120 days.

91. Plaintiffs' claims are barred by the applicable statutes of limitations and statutes of repose.

92. Plaintiffs' claims are barred or limited by the extent to which any notice of claim failed to substantially comply with K.S.A. 12-105b.

93. Plaintiffs' claims are barred by the doctrine of sovereign immunity and the provisions of the Kansas Tort Claims Act, K.S.A. 75-6101, *et seq.*

94. Plaintiffs' damages are limited by K.S.A. 75-6105, K.S.A. 60-1903, and K.S.A. 60-19a02.

95. Plaintiffs' damages are limited or offset by Lamonte McIntyre's monetary recovery under K.S.A. 60-5004.

96. Plaintiffs' claims are barred because an adequate, alternative remedy exists.

97. Plaintiffs' claims may be barred, in whole or in part, by laches, waiver, and/or estoppel.

98. Defendant reserves the right to amend its affirmative defenses as information is discovered through the course of investigation and discovery.

Defendant requests the Court to find in its favor, to find that Plaintiffs take nothing by way of their pleading, to dismiss this case with prejudice, and award defendant its costs and including attorney fees.

## Demand for Jury Trial

Defendant demands a trial by jury on all issues so triable in this action.

## Designation of Place of Trial

Defendant designates Wichita, Kansas as the place of trial.

> Fisher, Patterson, Sayler & Smith, LLP
> 3550 S.W. 5th Street
> Topeka, Kansas 66606
> Tel: (785) 232-7761 | Fax: (785) 232-6604
> dcooper@fisherpatterson.com
>
> s/David R. Cooper
> David R. Cooper                           #16690
> *-and-*

Henry E. Couchman Jr., #12842
Edward James Bain, #26442
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
hcouchman@wycokck.org
jbain@wycokck.org

Attorneys for Defendant Unified Government of Wyandotte County and Kansas City, Kansas

## Certificate of Service

I hereby certify on the 14th day of May, 2020, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Michael J. Abrams – Michael.Abrams@LatrhopGPM.com
William G. Beck – William.Beck@LatrhopGPM.com
Alexander T. Brown – Alexander.Brown@LatrhopGPM.com
Cheryl A. Pilate – cpilate@morganpilate.com
Lindsay J. Runnels – lrunnels@morganpilate.com
Barry Scheck – barry@nsbcivilrights.com
Emma Freudenberger - emma@nsbcivilrights.com
Amelia Green - amelia@nsbcivilrights.com
Richard Sawyer – rick@nsbcivilrights.com
Alana M. McMullin – Alana.McMullin@LatrhopGPM.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan - s.sturdivan@swrsllp.com
Elizabeth A. Evers – e.evers@swrsllp.com
Tracy M. Hayes – t.hayes@swrsllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Nicholas S. Ruble – nicholas@mccauleyroach.com
**Attorneys for Defendant Roger Golubski**

s/David R. Cooper

{T0466911}               10