### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE, *et al.,*     )
       )
     **Plaintiffs,**     )
       )
**v.**     )     **Case No. 2:18-cv-02545-KHV-KGG**
       )
**UNIFIED GOVERNMENT OF**     )
**WYANDOTTE COUNTY AND**     )
**KANSAS CITY, KANSAS,** *et al.,*     )
       )
     **Defendants.**     )

### ANSWER OF DEFENDANT ROGER GOLUBSKI

COMES NOW Defendant Roger Golubski ("Defendant Golubski"), by and through undersigned counsel, and for his Answer to Plaintiffs' Second Amended Complaint and Jury Demand (Doc. 74), states as follows:

### INTRODUCTION

1.     Denied.

2.     Admitted in part; denied in part.  Defendant Golubski admits that Lamonte McIntyre was convicted and spent 23 years in prison for the double-murder and that his charges have been dropped.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 2.

3.     Denied.

4.     Denied.

5.     Admitted in part; denied in part.  Defendant Golubski admits that Lamonte McIntyre was arrested approximately six hours after the crime.  Further answering, Defendant Golubski lacks knowledge and information sufficient to form a belief about whether "Monster"

murdered the two men in April 1994, and in effect denies the same. Further answering, Defendant Golubski denies the remaining allegations in Paragraph 5.

6.      Admitted in part; denied in part. Defendant Golubski admits that "Lamonte was arrested [approximately] six hours after the homicides." Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether Ruby Mitchell has stated that "Lamonte McIntyre did not resemble the real killer," and in effect denies the same. Further answering, Defendant Golubski denies the remaining allegations in Paragraph 6.

7.      Admitted in part; denied in part. Defendant Golubski admits that he and Defendant Dennis Ware interviewed Niko Quinn the day after the shooting, that Niko Quinn requested, and he attended, a second meeting at the described location and general time-frame, and that he "wrote no report … and did not document [in writing]" this second interview of Niko Quinn. Further answering, Defendant Golubski denies the remaining allegations in Paragraph 7.

8.      Denied. Defendant Golubski denies sending "Lamonte to prison using what [he] falsely claimed were her words." Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and in effect denies the same.

9.      Denied.

10.     Admitted in part; denied in part. Defendant Golubski admits that police were told Stacy Quinn knew who the suspect was, that his report stated that Stacy Quinn was "not available" when he attempted to interview her, and that there is no record of an interview with Stacy Quinn. Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether Stacy Quinn instantly recognized Monster as the

shooter, and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 10.

11.     Admitted in part; denied in part.  Defendant Golbuski admits that detectives did not seek a search warrant for Lamonte's home or any other place.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether Lamonte's shoes or clothing were seized, and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 11.

12.     Denied.

13.     Denied.  Defendant Golubski denies making any "misrepresentations."  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and in effect denies the same.

14.     Denied. Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14, and in effect denies the same.

15.     Admitted in part; denied in part.  Defendant Golubski admits "Lamonte was freed on October 13, 2017, after spending 23 years in prison."  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and in effect denies the same.

16.     Admitted in part; denied in part.  Defendant Golubski admits only that "Lamonte and Rose now sue Defendants."  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 16.

## JURISDICTION AND VENUE

17.     Admitted in part; denied in part.  Defendant Golubski admits only that "this action is brought under 42 U.S.C. § 1983 and state law."  Defendant Golubski denies the remaining allegations in Paragraph 17.

18.     Denied in part; admitted in part.  Paragraph 18 contains conclusions of law to which no response is required.  Further answering, and to the extent an answer is required, Defendant Golubski admits that this court has jurisdiction of this action.

19.     Denied in part; admitted in part.  Paragraph 19 contains conclusions of law to which no response is required.  Further answering, and to the extent an answer is required, Defendant Golubski admits that he resides in the District of Kansas.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 19, and in effect denies the same.

## THE PARTIES

20.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and in effect denies the same.

21.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and in effect denies the same.

22.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and in effect denies the same.

23.     Admitted in part; denied in part.  Defendant Golubski admits that he is sued in his individual capacity and that, at all times relevant to the complaint, his true actions occurred within the scope of his employment and under color of law.  Further answering, Defendant Golubski denies being a duly appointed and active detective of the KCKPD at all times relevant

to the complaint.   Further answering, the remaining allegations in Paragraph 23 are conclusions of law, to which no response is required.

24.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and in effect denies the same.

25.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and in effect denies the same.

26.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and in effect denies the same.

27.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and in effect denies the same.

28.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and in effect denies the same.

29.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and in effect denies the same.

30.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and in effect denies the same.

31.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31, and in effect denies the same.

32.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and in effect denies the same.

## FACTS

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Admitted in part; denied in part.   Defendant Golubski admits being promoted, becoming a captain before his retirement, and having Terry Ziegler as his partner for some time. Defendant Golubski further admits never being reprimanded for corruption and never seeking to conceal any misconduct, as he did not engage in any such corruption or misconduct.   Further answering, Defendant Golubski denies the remainder of the allegations in Paragraph 39.

40.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether "two KCKPD officers have given sworn statements," and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 40.

41.     Denied.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and in effect denies the same.

47.     Admitted in part; denied in part.   Defendant Golubski admits that "neither Monster nor Marlon Williams were ever prosecuted for the [April 15, 1994] murders."

Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 47, and in effect denies the same.

48.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and in effect denies the same.

49.     Admitted in part; denied in part.  Defendant Golubski admits Lamonte McIntyre spent 23 years incarcerated for the 1994 homicides.   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 49.

50.     Admitted in part; denied in part.  Defendant Golubski admits that "Culp closely monitored the investigation" and "approved each investigative step."   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 50.

51.     Denied.

52.     Denied in part; admitted in part.  Defendant Golubski lacks knowledge and information sufficient to form a belief about whether Ruby Mitchell "was too far away to see [the shooter's] face," and in effect denies the same.  Further answering, Defendant Golubski admits the remaining allegations in Paragraph 52 generally reflect Ruby Mitchell's initial statement.

53.     Denied.

54.     Admitted in part; denied in part.  Defendant Golubski admits that Mitchell described the perpetrator as 5'6" tall.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 54, and in effect denies the same.

55.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about whether "Defendants failed to document the distinctive braided hairstyle Mitchell

described," and in effect denies the same.   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 55.

56.     Admitted in part; denied in part.   Defendant Golubski admits that he "drove Mitchell to the police headquarters for further questioning."   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 56.

57.     Admitted in part; denied in part.  Defendant Golubski admits that the photo array consisted of five photographs and included a photograph of Lamonte McIntyre.   Further answering, Defendant Golubski lacks knowledge and information sufficient to form a belief about whether the photo array also included two of Lamonte McIntyre's "close relatives" and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 57.

58.     Denied.

59.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59, and in effect denies the same.

60.     Denied.

61.     Denied.  Defendant Golubski denies he "claim[ed] that they showed her five photographs of men named '"Lamonte.'"   Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and in effect denies the same.

62.     Denied in part; admitted in part.   Defendant Golubski denies saying or reporting anything which is "demonstrably false."   Further answering, Defendant Golubski admits Lamonte McIntyre was the only Lamonte in the photo array.   Further answering, Defendant

Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 62, and in effect denies the same.

63.     Admitted in part; denied in part.  Defendant Golubski admits "Mitchell identified a photograph of Lamonte McIntyre[]."  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and in effect denies the same.

64.     Denied.

65.     Denied.

66.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66, and in effect denies the same.

67.     Admitted in part; denied in part.  Defendant Golubski admits only that "[t]he next day, [he] and Detective Dennis Ware visited eyewitness Niko Quinn," that Quinn was shown the same photo array shown to Mitchell, and that Mitchell chose not to identify the shooter during this visit.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 67.

68.     Admitted in part; denied in part.  Defendant Golubski admits that he met with Niko Quinn, at her invitation, behind the Wyandotte High School track, that she identified McIntyre as the shooter, and that he did not record this interview in a written police report.  Further answering, Defendant Golubski denies the remaining allegations of Paragraph 68.

69.     Denied in part; admitted in part.  Defendant Golubski denies helping Quinn find a new apartment.  Further answering, Defendant Golubski admits that, as a result, he made no such disclosure because he had no such information to disclose.

70.     Denied.  Defendant Golubski denies any "misrepresentation."  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70, and in effect denies the same.

71.     Denied.

72.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72, and in effect denies the same.

73.     Admitted in part; denied in part.  Defendant Golubski admits Lamonte McIntyre was arrested.   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 73.

74.     Admitted in part; denied in part.   Defendant Golubski admits only that the referenced statement "inculpated Lamonte because nobody had yet told Rose that they were investigating a homicide."   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 74.

75.     Denied.

76.     Admitted in part; denied in part.   Defendant Golubski admits he did not tell prosecutors of any falsification regarding Rose McIntyre's statements because no such falsification occurred.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 76.

77.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77, and in effect denies the same.

78.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78, and in effect denies the same.

79.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and in effect denies the same.

80.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether "Defendants obtained no forensic evidence implicating McIntyre," and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 80.

81.     Denied.

82.     Denied in part; admitted in part.  Defendant Golubski denies any implication that Defendants purposely did not interview Stacy Quinn.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether Stacy Quinn is Niko Quinn's sister, was "the witness nearest to the crime," had "seen the shooting" and "could identify the shooter," and in effect denies the same.  Further answering, Defendant Golubski admits the remaining allegations in Paragraph 82.

83.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 83, and in effect denies the same.

84.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84, and in effect denies the same.

85.     Admitted in part; denied in part.  Defendant Golubski admits Smith conducted a taped interview with Niko Quinn.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85, and in effect denies the same.

86.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86, and in effect denies the same.

87.     Denied.  Defendant Golubski denies that Stacy "could have been readily located and interviewed at any time in the days following the double homicide."   Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 87, and in effect denies the same.

88.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88, and in effect denies the same.

89.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and in effect denies the same.

90.     Denied.  Defendant Golubski lacks knowledge and information sufficient to form a belief as to whether Stacy Quinn "would have named the true perpetrator—Monster, whom she had immediately recognized," and in effect denies the same.   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 90.

91.     Denied.

92.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92, and in effect denies the same.

93.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93, and in effect denies the same.

94.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94, and in effect denies the same.

95.     Denied.

96.     Denied.

97.     Denied.  Defendant Golubski lacks knowledge and information sufficient to form a belief about whether "[t]he shooter's accomplice could not have implicated McIntyre because

McIntyre was not the shooter," and in effect denies the same.  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 97.

98.     Denied.   Defendant Golubski denies coercing Niko Quinn "into making the second false identification of McIntyre" and further denies any negative implication associated with Niko Quinn not identifying McIntryre in the first interview.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 98, and in effect denies the same.

99.     Denied.  Defendant Golubski lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 99, and in effect denies the same.

100.     Denied.

101.     Admitted in part; denied in part.   Defendant Golubski admits that "[o]n September 29, 1994, the jury convicted Lamonte McIntyre of murdering Doniel Quinn and Donald Ewing" and that "[o]n January 6, 1995, Lamonte was sentenced to two consecutive life sentences."   Further answering, Defendant Golubski denies the remaining allegations of Paragraph 101.

102.     Admitted in part; denied in part.   Defendant Golubski admits direct appeals, habeas petitions, and post-conviction motions were filed.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102, and in effect denies the same.

103.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103, and in effect denies the same.

104.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104, and in effect denies the same.

105.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105, and in effect denies the same.

106.     Admitted in part; denied in part.  Defendant Golubski admits that the Wyandotte County District Attorney moved to dismiss the indictment and that on October 13, 2017, the District Court of Wyandotte County, Kansas vacated the conviction and dismissed the charges. Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 106, and in effect denies the same.

107.     Denied.  Paragraph 107 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 107.

108.     Denied.  Paragraph 108 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 108 which relate to him.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 108, and in effect denies the same.

109.     Denied.  Paragraph 109 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 109.

110.     Denied.  Paragraph 110 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 110 which relate to him.  Further answering, Defendant Golubski lacks knowledge or

information sufficient to form a belief about the remaining allegations in Paragraph 110, and in effect denies the same.

111.    Denied.  Paragraph 111 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 111.

112.    Denied.  Paragraph 112 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 112.

113.    Denied.  Paragraph 113 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 113.

114.    Denied. Paragraph 114 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 114.

115.    Denied.  Paragraph 115 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 115.

116.    Denied.  Paragraph 116 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 116.

117.    Denied.  Paragraph 117 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 117.

118.    Denied.  Paragraph 118 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 118 which relate to him.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 118, and in effect denies the same.

119.    Denied.  Paragraph 119 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 119 which relate to him.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 118, and in effect denies the same.

120.    Denied.  Paragraph 120 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 120 which relate to him.  Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 120, and in effect denies the same.

121.    Denied.  Paragraph 121 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 121.

122.    Denied.  Paragraph 122 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies that the alleged KCKPD custom, policy, pattern or practice existed or was "widespread, open, and notorious." Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the remaining allegations in Paragraph 122, and in effect denies the same.

123.     Denied.  Paragraph 123 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 123.

124.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of whether "Cecil Brooks was known throughout the community as an open and notorious dealer of crack cocaine throughout the 1990s and early 2000s" and whether Brooks "largely escaped any criminal consequences," and in effect denies the same.   Further answering, Defendant Golubski denies the remaining allegations in Paragraph 124.

125.     Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125, and in effect denies the same.

126.     Denied.  Paragraph 126 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 126.

127.     Denied.  Paragraph 127 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 127.

128.     Denied.  Paragraph 128 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 128.

129.     Denied.  Paragraph 129 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 129.

130.    Denied.  Paragraph 130 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 130.

131.    Denied.  Paragraph 131 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 131.

132.    Admitted in part; denied in part.  Paragraph 132 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski admits only that during his career he "suffered no significant discipline," that he experienced "increased responsibility and promotions" as his career progressed, and that "[w]hen [he] retired in 2010, he held the rank of Captain."  Defendant Golubski denies the remaining allegations in Paragraph 132.

133.    Denied.  Paragraph 133 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 133.

134.    Denied.  Paragraph 134 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 134.

135.    Denied.  Paragraph 135 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 135.

136.     Denied.  Paragraph 136 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 136.

137.     Denied.  Paragraph 137 is not directed to Defendant Golubski, so an answer is not required.   To the extent an answer is required, Defendant Golubski denies engaging in "misconduct."   Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 137, and in effect denies the same.

138.     Admitted in part; denied in part.   Paragraph 138 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski admits only that his "Internal Affairs record is minimal," that most complaints were "unsubstantiated," and that, as his career progressed, he was "put in charge of increasingly serious cases, rising to be the head of [] 'major cases.'"  Further answering, Defendant Golubski denies the remaining allegations in Paragraph 138.

139.     Denied.  Paragraph 139 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 139.

140.     Denied.  Paragraph 140 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 140.

141.     Denied.  Paragraph 141 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 141.

142.     Denied.  Paragraph 142 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 142.

143.     Denied.  Paragraph 143 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 143.

144.     Denied.  Paragraph 144 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 144.

## DAMAGES

145.     Admitted in part; denied in part.  Defendant Golubski admits Lamonte McIntyre spent more than 23 years incarcerated.  Further answering, Defendant Golubski lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations in Paragraph 145.

146.     Denied.

147.     Denied.  Defendant Golubski lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 147, and in effect denies the same.

148.     Denied.

149.     Denied.

150.     Denied.

151.     Denied.

152.     Denied.

## CLAIMS FOR RELIEF

## FEDERAL CAUSES OF ACTION

## COUNT I

**42 U.S.C. § 1983 Malicious Prosecution in Violation of the Fourth and Fourteenth Amendments**

*Against Defendants Golubski, Krystolich, Ware, Barber, Culp, and Blood*

153.   Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

154.   Denied.

155.   Denied.

156.   Denied.

157.   Denied.

158.   Denied.

159.   Denied.

160.   Denied.

## COUNT II

**42 U.S.C. § 1983 Deprivation of Liberty without Due Process of Law and Denial of Fair Trial by Fabricating Evidence, Withholding Material Exculpatory and Impeachment Evidence, and Deliberately Failing to Conduct a Constitutionally Adequate Investigation in Violation of the Fourth and Fourteenth Amendments**

*Against Defendants Golubski, Krystolich, Ware, Barber, and Smith*

161.   Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

162.   Denied.

163.   Denied.

164.   Denied.

165.   Denied.

166.   Denied.

167.   Denied.

## COUNT III

### 42 U.S.C. § 1983 First and Fourteenth Amendment Claim for
### Interference with Family Relationships

*Against Defendant Golubski*

168.   Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

169.   Admitted in part; denied in part.   Defendant Golubski admits that Rose Lee McIntyre was present at the time of the arrest and is Lamonte McIntyre's mother.   Further answering, Defendant Golubski denies knowing that Rose McIntyre was then-17-year-old Lamonte McIntyre's mother prior to the arrest.   Further answering, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 169, and in effect denies the same.

170.   Denied.

171.   Denied.

172.   Denied.

## COUNT IV

### 42 U.S.C. § 1983 Failure to Intervene

*Against Defendants Krysolich, Ware, Brown, Barber, Smith, Blood, and Culp*

173.   Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

174.     Paragraph 174 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 174.

175.     Paragraph 175 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 175.

176.     Paragraph 176 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 176.

## COUNT V

### 42 U.S.C. § 1983 Civil Rights Conspiracy

*Against Defendants Golubski, Krystolich, Ware, Brown, Barber, Smith, Blood, and Culp*

177.     Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

178.     Denied.

179.     Denied.

180.     Denied.

## COUNT VI

### 42 U.S.C. § 1983 Supervisor Liability Claim

*Against Defendants Barber and Culp*

181.     Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

182.     Paragraph 182 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 182.

183.     Paragraph 183 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 183.

184.     Paragraph 184 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 184.

185.     Paragraph 185 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 185.

186.     Paragraph 186 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 186.

## COUNT VII

### 42 U.S.C. § 1983 Monell Claim

### Unconstitutional Customs, Policies, and Practices of Defendant Unified Government of Wyandotte County and Kansas City, Kansas

*Against Defendant Unified Government of Wyandotte County*

187.     Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

188.     Paragraph 188 is not directed to Defendant Golubski, so an answer is not required.   To the extent an answer is required, Defendant Golubski lacks knowledge or

information sufficient to form a belief about the truth of the allegations in Paragraph 188, and in effect denies the same.

189.    Paragraph 189 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 189.

190.    Paragraph 190 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 190.

191.    Paragraph 191 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 191.

192.    Paragraph 192 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 192.

193.    Paragraph 193 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 193.

194.    Paragraph 194 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 194.

195.    Paragraph 195 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 195.

## STATE LAW CLAIMS

## COUNT VIII

### Malicious Prosecution under Kansas state law

*Against Defendants Golubski, Krystolich, Ware, Brown, Culp, Smith, and Blood*

196.    Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

197.    Denied.

198.    Denied in part; admitted in part.  Paragraph 198 calls for a legal conclusion to the extent it asserts "[t]he proceedings ultimately terminated in McIntyre's favor," to which no answer is required.  To the extent an answer is required, Defendant Golubski denies the same.  Further answering, Defendant Golubski admits McIntyre's criminal case ended as otherwise described in Paragraph 198.

199.    Denied in part; admitted in part.  Defendant Golubski denies doing the "acts" described in Paragraph 197 specifically and the Second Amended Complaint generally and, therefore, denies doing "these acts" within the scope of his employment.  Further answering, Defendant Golubski admits his true actions in the McIntyre case were within the scope of his employment.

200.    Denied.

201.    Denied.  Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 201, and in effect denies the same.

## COUNT IX

### Respondeat Superior Liability

*Against Defendant Unified Government of Wyandotte County*

202.    Defendant Golubski hereby incorporates by reference all of the foregoing paragraphs.

203.    Paragraph 203 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies he was "at all times material to this complaint" an employee of the Unified Government of Wyandotte County and/or its predecessor, the City of Kansas City, Kansas.  Further answering, Defendant Golubski denies "committing the misconduct described above," and therefore denies doing so within the scope of his employment.  Further answering, Defendant Golubski admits his true actions in the McIntyre case were within the scope of his employment.

204.    Paragraph 204 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski denies the allegations in Paragraph 204.

205.    Paragraph 205 is not directed to Defendant Golubski and calls for a legal conclusion, so an answer is not required.  To the extent an answer is required, Defendant Golubski lacks knowledge and information sufficient to form a belief about the truth of the allegations in Paragraph 205, and in effect denies the same.

206.    Paragraph 206 is not directed to Defendant Golubski, so an answer is not required.  To the extent an answer is required, Defendant Golubski lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 206, and in effect denies the same.

207.    Defendant Golubski denies the WHEREFORE paragraph, including all subparts, in the Second Amended Complaint.

**<u>AFFIRMATIVE DEFENSES</u>**

1.      Defendant Golubski denies all allegations within the Second Amended Complaint unless specifically admitted.

2.      Plaintiffs' Second Amended Complaint fails to state a claim or cause of action upon which relief may be granted and should accordingly be dismissed.

3.      Plaintiffs have failed to comply with K.S.A. 12-105b.

4.      Plaintiffs' claims are barred by the applicable statute of limitations and repose.

5.      Plaintiffs' damages are limited by K.S.A. 75-6105, K.S.A. 60-1903, and K.S.A. 60-19a02.

6.      Plaintiffs' damages are limited or offset by Lamonte McIntyre's monetary recovery under K.S.A. 60-5004.

7.      Plaintiffs' claims are barred because an adequate, alternative remedy exists.

8.      The alleged constitutional rights allegedly violated were not clearly established at the time of the events at issue and, therefore, Defendant Golubski is entitled to qualified immunity.

9.      Defendant Golubski is immune from Plaintiffs' state law claims under the Kansas Tort Claims Act, K.S.A. 75-6101 et seq.

10.     Plaintiffs are not entitled to punitive damages.

11.     If Defendant Golubski is deemed to be a state actor, then his actions were discretionary in nature and therefore he is entitled to immunity, qualified or otherwise.

12.     Plaintiffs' constitutional causes of action are barred because a comprehensive remedial scheme(s) already exists for such claims.

13.     Plaintiffs have not, and cannot, point to a custom, policy, or practice of the Defendants that violated Plaintiffs' constitutional rights (if any).

14.    Plaintiffs had no constitutional rights that were violated by any of the Defendants.

15.    Some or all of the claims alleged in the Second Amended Complaint may be barred, in whole or in part, by the applicable statute of limitations, laches, waiver, and/or estoppel.

16.    Plaintiffs' compensatory or punitive damages, if any, are barred and/or limited to the amounts authorized by Kansas or Federal law.

17.    Plaintiffs' damages, if any, were caused by their own conduct.

18.    Defendant Golubski acted within the course and scope of his employment in all actions he took in the McIntrye case.

19.    Defendant Golubski acted reasonably, with probable cause, in good faith, and without malice.

20.    Plaintiffs' recovery, if any, is limited by KSA 75-6105.

21.    Plaintiffs' state law claims are barred or limited by the Kansas Tort Claims Act, K.S.A 75-6101 *et seq.*

22.    Defendant Golubski is immune from liability under the Kansas Tort Claims Act, K.S.A. 75-6101 *et seq.*

23.    The amount of damages from the non-economic loss that can be awarded to Plaintiffs on their state law and § 1983 claims are limited by K.S.A 60-19a02.

24.    Defendants are entitled to an off-set or credit for any adjustments of Plaintiffs' medical expenses through any governmental insurance programs and private health insurance programs which may have adjusted his medical expenses.

25.    Defendants are entitled to an off-set or credit for any settlements Plaintiffs have made with other entities relating to the claims in Plaintiffs' Second Amended Complaint.

26.     The damages alleged by Plaintiffs, to the extent any exist, were caused in whole or in part by sources other than any alleged unlawful actions by Defendants.  Accordingly, any such damages should be either completely denied or apportioned according to the evidence.

27.     The damages alleged by Plaintiffs, to the extent any exist, are speculative and uncertain and, therefore, not compensable.

28.     Plaintiffs' prayer for punitive damages must be denied because:

a.      An award of punitive damages against Defendants deprives them of property without due process of law since the basis for an award of such damages is vague and indefinite and is not the basis of any consistent standard to be applied to conduct subjecting Defendants to such damages, all in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas.

b.      An award of punitive damages against Defendants subjects them to multiple jeopardy or punishment for the alleged commission of a single act in violation of the Eighth Amendment to the United States Constitution and the Constitution of the State of Kansas.

c.      An award of punitive damages against Defendants subjects them to excessive fines and unusual punishment in violation of the Eighth Amendment to the United States Constitution and the Constitution of the State of Kansas.

d.      An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the standard for determining whether to impose punitive damages is vague and indefinite and does not provide adequate guidance to the trier of fact, and the law fails to explain

in comprehensible terms the conduct prohibited, thus requiring Defendants to speculate as to what conduct is prohibited.

       e.    An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the standard for assessing the amount of punitive damages is vague and indefinite and does not provide adequate guidance to the trier of fact, and the law fails to explain in comprehensible terms the penalties for violating the law, thus requiring Defendants to speculate as to the consequences.

       f.    An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, by permitting unconstitutionally excessive punishment.

       g.    An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the Unites States Constitution and the Constitution of the State of Kansas, by permitting the trier of fact to impose punitive damages without requiring a greater burden of proof.

       h.    An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because imposition of punitive damages in this case is fundamentally unfair and lacks adequate

procedural safeguards, both as to the imposition of punitive damages and assessment of the amount.

    i. An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because it permits laws to be enforced at the sole discretion of a decision maker.

    j. An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the jury's findings both of liability for punitive damages and of the amount, are incapable of adequate appellate or other post-verdict review.

    k. An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas by imposition of a retroactive standard governing the liability for and the amount of the penalty.

    l. An award of punitive damages deprives Defendants of property without due process of law in violation of the bills of attainder and *ex post facto* clauses of the United States Constitution, and the Constitution of the State of Kansas by imposition of a retroactive standard governing liability for punitive damages and the amount.

    m. An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, since Kansas law erroneously permits arbitrary, capricious, and discriminatory enforcement.

n.      An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because such an award results in multiple punishments for a single act or course of conduct.

o.      An award of punitive damages deprives Defendants of property without due process of law and puts it in jeopardy more than once in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas.

p.      An award of punitive damages deprives Defendants of property without due process of law by imposing excessive fines and cruel and unusual punishment, in violation of Defendants' rights under the Eighth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas.

q.      An award of punitive damages deprives Defendants of property without due process of law and deprives Defendant of equal protection of the laws, in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because Kansas laws governing an award of punitive damages are not rationally related to a legitimate state interest, and in any event, are not the least restrictive means by which to accomplish any state interest to be served.

r.      An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because Kansas law provides no cap or other comprehensible limitation on the amount of an award of punitive damages.

s.      An award of punitive damages deprives Defendant of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the procedures utilized in the trial on the issue of punitive damages failed to provide adequate guarantees of the presumption of innocence.

t.      An award of punitive damages deprives Defendants of property without due process of law in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, since the procedure for trial on the issue of punitive damages does not permit Defendant adequate peremptory challenges to the jury panel.

u.      An award of punitive damages is punishment which may be awarded by less than a unanimous verdict in violation of the Sixth Amendment and Article III, Section 2 of the United States Constitution and the Constitution of the State of Kansas.

v.      An award of punitive damages deprives Defendants of property without due process of law and further deprives Defendant of equal protection of the laws in violation of Defendants' rights under the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the jury is told to take into consideration the evidence of Defendants' net worth, implying to the jury that it would be more appropriate to punish one defendant rather than another defendant under similar circumstances who had a lesser net worth.

w.      An award of punitive damages has the effect of treating Defendants differently and discriminatorily thus depriving Defendant of property without due process of law and further depriving Defendants of equal protection of the law, in violation of the Fifth and

Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas.

x.    An award of punitive damages violates Defendants' right to equal protection and deprives Defendants of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Kansas, because the amount of any award of punitive damages is supposed to represent not only an amount intended to deter Defendants' future conduct, but also to deter all others' conduct in the future

29.    Defendant Golubski reserves the right to amend these affirmative defenses as information is discovered through the course of investigation and discovery.

30.    Defendant Golubski hereby incorporates by reference herein all arguments made by all the Defendants in their Motions to Dismiss.

31.    Defendant Golubski incorporates by reference herein any and all affirmative defenses asserted by the other Defendants in their Answer(s).

**WHEREFORE**, having fully answered Plaintiffs' Second Amended Complaint and Jury Demand (doc. 74), Defendant Golubski respectfully requests the Court to find in his favor, to find that Plaintiffs take naught for their claims for compensatory damages, punitive damages, pre and post judgment interest and costs, including attorney fees, and to dismiss this case with prejudice with Plaintiffs bearing Defendant Golubski's costs, including attorney fees.

## DEMAND FOR JURY TRIAL

Defendant Golubski hereby demands a trial by jury on all issues so triable in this action.

## DESIGNATION OF PLACE OF TRIAL

Defendant Golubski hereby designates Wichita, Kansas as the place of trial.

Respectfully submitted,

**McCAULEY & ROACH, LLC**

By: */s/ Morgan L. Roach*
    Sean P. McCauley, # 20174
    Morgan L. Roach, # 23060
    Nicholas S. Ruble, # 25636
    527 W. 39th Street, Suite 200
    Kansas City, Missouri 64111
    Telephone: (816) 523-1700
    Facsimile: (816) 523-1708
    E-mail: sean@mccauleyroach.com
    E-mail: morgan@mccauleyroach.com
    E-mail: nicholas@mccauleyroach.com
    **Attorneys for Defendant Roger Golubski**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was filed electronically with the United States District Court for the District of Kansas on May 14, 2020, with notice of case activity generated and sent to all counsel of record.

*/s/ Morgan L. Roach*