# EXHIBIT 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
для the
District of Kansas

| Lamonte McIntyre and Rose Lee McIntyre | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:18-cv-02545-KHV-KGG |
| Unified Government of Wyandotte County and Kansas City, Kansas, et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Wyandotte County District Attorney's Office
710 N. State Ave., Kansas City, KS 66101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Lathrop GPM LLP<br>2345 Grand Blvd., Suite 2200<br>Kansas City, Missouri 64108 | Date and Time:<br>01/22/2021 9:00 am |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 12/15/2020

CLERK OF COURT

_____   OR   *Michael J. Abrams*
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Lamonte McIntyre and Rose Lee McIntyre, Plaintiffs , who issues or requests this subpoena, are:
Michael Abrams, 2345 Grand Blvd., Su. 2200 Kansas City, MO 66104; michael.abrams@lathropgpm.com; 816-460-5530

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:18-cv-02545-KHV-KGG

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Case 2:18-cv-02545-KHV-KGG   Document 238-1   Filed 12/15/20   Page 4 of 6

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
         **(i)** is a party or a party's officer; or
         **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
     **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
     **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
         **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
         **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
     **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
         **(i)** fails to allow a reasonable time to comply;
         **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
         **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
         **(iv)** subjects a person to undue burden.
     **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
          **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
         **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
         **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

SUBPOENA RIDER TO WYANDOTTE COUNTY DISTRICT ATTORNEY'S OFFICE

You are directed to reproduce the following documents and information in their original form and condition—with any folders, covers, and/or index sheets—indicating the particular source file of the document or Information

You are directed to use *different* Bates numbering (a different prefix) for documents responsive to Request (A) and Request (B).

A. **All documents that were in the possession, custody, or control of the Wyandotte County District Attorney's Office (WCDAO) relating to the investigation or prosecution of the January 16, 2000, murder of <u>Stacy Quinn</u>.**

   This request includes, but is not limited to, the following categories of documents, so long as they were in possession of the WCDAO at any point since January 16, 2000.

   i. The complete WCDAO file relating to the Kansas City, Kansas Police Department's (KCKPD) investigation into the murder of Stacy Quinn, including all police reports, investigative reports and summaries, any logs, any communications of any with the KCKPD or any witness, any internal communications of the WCDAO, any diagrams, photographs, audio recordings, video recordings, handwritten notes, correspondence, physical evidence or any document or tangible item of any kind concerning the homicide of Stacy Quinn.

   ii. All documents reflecting any communication, including but not limited to any reports, records, logs, messages, correspondence, memoranda, e-mails, and SMS messages, between any employee of the WCDAO and any other person or agency, including but not limited to communications with employees of the KCKPD, the Wyandotte County Sheriff's Department, the Kansas Department of Corrections, the Kansas Attorney General's office, members of the media, or private individuals concerning the murder of Stacy Quinn;

   iii. All documents received from or provided to any employee of the KCKPD, or any other agency of Kansas City, Kansas or Wyandotte County, or the Kansas Attorney General's Office, including without limitation handwritten or typed notes, memoranda, notebooks, police reports, investigative reports and addendums, physical evidence, evidence logs, evidence vouchers, chain of custody documents, photographs, documentation of forensic testing, worksheets, bench notes, documentation of fingerprint lifts/comparisons, composite sketches or identi-kit faces, and documentation of line ups and photobooks used to identify suspects in the Stacy Quinn murder;

   iv. All photographs or video recordings, including true and accurate (color) copies of any such photographs or videos, of physical evidence, and/or testing procedures;

   v. All warrants, affidavits in support, and related materials;

   vi. All transcripts, including but not limited to trial transcripts and any pre-trial or post-trial proceedings;

    vii. All pretrial, suppression hearing, or trial exhibits, whether offered and admitted into evidence or not, with the original exhibit number identified;

    viii. All pretrial, trial, or post-trial motions or pleadings filed by either the defense or the prosecution relating to the murder of Stacy Quinn;

    ix. Any documentation relating to or audio/video recordings of witness statements or interviews, whether taken by an employee of the WCDAO, the KCKPD, or anyone else;

    x. Any documentation or audio/video recordings of suspect interviews or interrogations, whether taken by an employee of the WCDAO, KCKPD, or anyone else;

    xi. All documents reflecting actions taken or information acquired by any employee or representative of the WCDAO with respect to the Stacy Quinn homicide, including but not limited to preparing warrants or charges; communicating with any detective or other witness, reviewing any photographs, physical evidence or results of forensic testing or examination, communicating with any law enforcement agency, including the Kansas City Kansas Police Department, the Sheriffs Department or the Kansas Attorney General's Office;

    xii. Any documents relating to Stacy Quinn, the death of Stacy Quinn, and any suspects in the Stacy Quinn murder.

B. **To the extent not otherwise requested above, all tangible or physical evidence collected during and/or pertaining to the investigation and reinvestigation of the murders of Stacy Quinn, or the prosecution of suspects in that crime, including but not limited to photographs, fingerprint evidence, ballistic evidence, seized property, serological evidence, and other forensic evidence.**

    i. For any such tangible or physical evidence, produce any and all documents including without limitation communications, logs, e-mails, letters, notes, reports, receipts, and chain of custody forms, concerning the location of that evidence.

For each and every item under Requests A to B that cannot be produced because the Wyandotte County District Attorney's Office claims it is lost or destroyed, produce all documentary evidence supporting the claim this evidence is lost or destroyed. Under Federal Rule of Civil Procedure 45(e)(2)(A), should you withhold any subpoenaed information under a claim of privilege or protection, you must expressly identify the claim of privilege or protection and describe the nature of the withheld documents.