(Rev. 12/1/15)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAMONTE McINTYRE and**
**ROSE LEE McINTYRE**,

               Plaintiff(s),

v.                                        Case No. **18-2545-KHV-KGG**

**UNIFIED GOVERNMENT OF**
**WYANDOTTE COUNTY and**
**KANSAS CITY, KANSAS, et al.**,

               Defendant(s).

**<u>REVISED SCHEDULING ORDER</u>**

On April 16, 2021, the parties filed a Consent Motion to Extend Deadlines for Discovery (Doc. 283).

After consideration of the motion and for good cause shown, the Court will GRANT the requested extensions and enter this Revised Scheduling Order:

**1.**       **Alternative Dispute Resolution (ADR).**

The deadline to complete mediation is **June 25, 2021.** By **May 21, 2021,** parties should file a Joint Mediation Notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/adrreportrev20141.pdf*

2.  **Discovery.**

a.    The parties have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).   Supplementations of those disclosures under Fed. R. Civ. P. 26(e) must be served at such times and under such circumstances as required by that rule.   In addition, such supplemental disclosures must be served in any event 40 days before the deadline for completion of all discovery.   The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify all witnesses and exhibits that probably or even might be used at trial.   The opposing party and counsel should be placed in a realistic position to make judgments about whether to take a particular deposition or pursue follow-up "written" discovery before the time allowed for discovery expires.   Should anything be included in the final disclosures under Fed. R. Civ. P. 26(a)(3) that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto, the witness or exhibit probably will be excluded from offering any testimony under Fed. R. Civ. P. 37(c)(1).

b.    All discovery in this case must be commenced or served in time to be completed by **September 24, 2021**.   Under recent amendments to the Federal Rules of Civil Procedure, the court respectfully reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it's (a) relevant to a party's claim or defense, <u>AND</u> (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether any particular discovery request is proportional is to be

determined by considering, to the extent they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

      c.      If expert testimony is used in this case, disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, must be served by plaintiff by **May 20, 2021**, and by defendant by **July 19, 2021**; disclosures and reports by any rebuttal experts must be served by **August 19, 2021**.   The parties must serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 14 days after service of the disclosures.   These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2)(B) has been provided) and need not extend to the admissibility of the expert's proposed testimony.   If such technical objections are served, counsel must confer or make a reasonable effort to confer consistent with D. Kan. Rule 37.2 before filing any motion based on those objections.

      d.      The parties agree that physical or mental examinations pursuant Fed. R. Civ. P. 35 are appropriate in this case.   The parties must complete all physical or mental examinations under Fed. R. Civ. P. 35 by **June 21, 2021**.   If the parties disagree about the

need for or the scope of such an examination, a formal motion must be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, <u>and</u> for the examination to be conducted, all before the deadline expires.

e.     The court considered / resolved the following discovery problem(s) raised by one or more of the parties: None.

f.     Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows:

The parties agree that all information produced by either party shall initially be produced in paper form or .pdf, unless ESI is specifically requested in the initial request. In the event either party wishes to discover ESI associated with a paper document, the party will notify the other party in writing and identify the specific document(s) by Bates-number(s).   The party requesting ESI will also identify the nature of ESI it is seeking and the format and media in which it would like the ESI produced.   The parties will then confer in good faith regarding the availability of the requested ESI and any expenses associated with the production of such information.   If a party believes there is ESI that is relevant that has not bee produced, the parties will confer in good faith regarding the existence of such information and the expenses associated with confirming the existence or nonexistence of such information.

g.     Consistent with the parties' agreements as set forth in their planning conference report, claims of privilege or of protection as trial-preparation material asserted after production will be handled as follows: The parties agree that if privileged information is inadvertently disclosed during discovery, regardless of the form, the recipient of the privileged information will, on request of the producing party, return the information to the producing party and destroy all copies of the privileged information.  If the claim of privilege is disputed, the receiving party agrees to refrain from further examination or use of the potentially privileged information until the dispute is resolved.

h.     To encourage cooperation, efficiency, and economy in discovery, and also to limit discovery disputes, the court adopts as its order the following procedures agreed to by parties and counsel in this case [e.g., the *Susman* pretrial [trial] agreements, available at *http://www.trialbyagreement.com*]:   The parties have agreed that counsel for the Kansas Attorney General may have access to written discovery and participate in all depositions for use in the Kansas Statute annotated Section 60-5004 proceeding in *In the Matter of the Wrongful Conviction of Lamonte McIntyre,* Case No. 2019-CV-000162 in the District Court of Shawnee County, Kansas, in order to conserve judicial resources and avoid duplication of witnesses' time.

i.     No party may serve more than 50 interrogatories, including all discrete subparts, on any other party.

j.     No more than 30 depositions may be taken by plaintiffs, and no more than 30 depositions may be taken by defendants collectively.   Each deposition must be limited

to 10 hours.   All depositions must be governed by the written guidelines that are available on the court's website:

*http://www.ksd.uscourts.gov/wp-content/uploads/2015/10/depoguidelines.pdf*

    k.    The parties do consent to electronic service of disclosures and discovery requests and responses.   See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

    l.    The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1.   Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g).   Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it's certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.   If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or

objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3.     Motions.**

a.     The parties have stipulated that no additional motions to dismiss will be filed in this case.

b.     All other potentially dispositive motions (e.g., motions for summary judgment), must be filed by **December 3, 2021**.  The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial.

c.     Compliance with Fed. R. Civ. P. 56 and D. Kan. Rule 56.1 is mandatory, i.e., summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested.   Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute.   The parties should follow the summary-judgment guidelines available on the court's website:      *http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

d.     All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993),

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, must be filed by **December 3, 2021**.

       e.      If issues remain unresolved after the parties have complied with the "meet and confer" requirements applicable to discovery-related motions under Fed. R. Civ. P. 37(a)(1) and D. Kan. Rule 37.2, the parties and counsel must arrange a telephone conference with the undersigned magistrate judge *before* filing such a motion.

       f.      Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.   A request for conference under paragraph (f) above will suspend this deadline until after the conference.   Otherwise, the objection to the default, response, answer, or objection is waived.   *See* D. Kan. Rule 37.1(b).

       g.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures.   However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial.   *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports.   *See* D. Kan. Rule 26.4(c).

       h.      The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

4.      **Pretrial Conference, Trial, and Other Matters.**

a.      The parties agree that principles of comparative fault do <u>not</u> apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(e), a pretrial conference is re-scheduled for **October 26, 2021 at 2:00 p.m. (CDT)**; this pretrial conference may be conducted by telephone if the judge determines that the proposed pretrial order is in the appropriate format and that there are no other problems requiring counsel to appear in person.    Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference. No later than **October 15, 2021**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.   The proposed pretrial order must <u>not</u> be filed with the Clerk's Office.   It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the jury trial of this case to take approximately four weeks. This case will be tried in Kansas City, Kansas.   This case is <u>reset</u> for trial on the court's docket beginning on **August 1, 2022 at 9:00 a.m.**   Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.   Therefore, during the month preceding the trial docket

setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.   The trial setting may be changed only by order of the judge presiding over the trial.   The parties and counsel are advised that any future request for extension of deadlines that includes a request to extend the dispositive motion deadline will likely result in a new (i.e., later) trial date.

      d.    The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time, or as a backup if the assigned U.S. District Judge determines that his or her schedule is unable to accommodate the scheduled trial date.

      e.    This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public.   Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court.   The *Pillars of Professionalism* are available on this court's website:   *http://ksd.uscourts.gov/wp-content/uploads/2018/01/2-15-13-Pillars-of-Professionalism.pdf*

This scheduling order will not be modified except by leave of court upon a showing of good cause.

      IT IS SO ORDERED.

      Dated April 20, 2021, at Wichita, Kansas.

                        s/ KENNETH G. GALE
                        KENNETH G. GALE
                        U.S. Magistrate Judge

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Joint Mediation Notice filed | 5/21/2021 |
| Mediation completed | 6/252021 |
| Supplementation of initial disclosures | 40 days before completion of discovery |
| All discovery completed | 9/24/2021 |
| Experts disclosed by plaintiff | 5/20/2021 |
| Experts disclosed by defendant | 7/19/2021 |
| Rebuttal experts disclosed | 8/19/2021 |
| Physical and mental examinations | 6/21/2021 |
| Jointly proposed protective order submitted to court | Filed Doc. 124 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | |
| Motions to dismiss | No further motions filed |
| Motions to amend | Deadline passed |
| All other potentially dispositive motions (e.g., summary judgment) and motions challenging admissibility of expert testimony | 12/3/2021 |
| Comparative fault identification | n/a |
| Proposed pretrial order due | 10/15/2021 |
| Pretrial conference | 10/26/2021 at 2:00 p.m. |
| Trial | 8/1/2022 at 9:00 a.m. |