## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

               Plaintiffs,

    v.                                     Case No. 2:18-cv-02545-KHV-KGG

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

               Defendants.

---

### Response to Plaintiffs' Third Set of Requests for Production of Documents and Things to All Defendants

Defendant Unified Government of Wyandotte County and Kansas City, KS, responds to plaintiffs'

third set of requests for production of documents and things as follows:

93.    Identify and produce true and correct copies of any and all documents reflecting KCKPD rules and regulations, general or special orders, policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1985 and 2000, concerning the following:

    a.  The procedures for launching an Internal Affairs Unit investigation;
    b.  The individuals who can launch an Internal Affairs Unit investigation; and
    c.  The bases on which an individual can launch an Internal Affairs Unit investigation.
    d.  The procedures for conducting an Internal Affairs Unit investigation, whether considered "administrative" or "criminal" in nature.
    e.  The procedures for making any decision or finding concerning an Internal Affairs Unit investigation.
    f.  The procedures for applying discipline following an Internal Affairs investigation.
    g.  The procedures for challenging or appealing any finding or discipline following an Internal Affairs Unit investigation.

**RESPONSE: Objection. This request is duplicative of Request No. 9. This request for "any and all documents reflecting KCKPD rules and regulations, general or special orders, policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1985 and 2000, concerning the" specified topics is overbroad and unduly burdensome. *See In re Urethane Antitrust Litig.*, 261 F.R.D. 570, 576 (D.Kan. 2009) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658 (D.Kan. 2006)) (discovery requests seeking "all documents" "relating to" a broad subject are facially overbroad), further this temporally overboard,**


EXHIBIT
2

seeking documents spanning the period 1985 through 2000 for a claim arising from a homicide and prosecution in 1994.

**The General Orders for 1998-2000 were located and produced in response to Request No. 9, FPSS 42219-422248.**

94.     Identify and produce any and all documents, including any personnel documents, insurance applications, insurance policies, or documents of any kind, that list any beneficiaries, insureds, or dependent(s) of Roger Golubski, including any offspring and/or any spouses or domestic partners.

**RESPONSE: The Personnel Record for Roger Golubski was previously produced,** *see* **FPSS 28527-29017.**

95. Identify and produce any documents that reflect any address used as a mailing address or residence by Roger Golubski in the State of Missouri.

**RESPONSE: The Personnel Record for Roger Golubski was previously produced,** *see* **FPSS 28527-29017.**

96.     Identify and produce any documents that reflect worked performed by James Brown for the Kansas City, Kansas Housing Authority (KCKHA), including but not limited to:
   a. any agreement or contract between Brown and the KCKHA to perform background checks or work of any kind for the Housing Authority while he was employed by the KCKPD;
   b. any review or internal investigation by the KCKPD, regardless of whether conducted by Internal Affairs, into Brown's work for the KCKHA;
   c. any documents showing whether Brown used facilities of the UG or KCKHA to conduct any work for the KCKHA;
   d. any discipline, including counseling or sanction of any kind, imposed on Brown for performing work for the KCKHA.
   e. any correspondence, memoranda or documents of any kind concerning any work performed by Brown for the KCKHA during his employment by the KCKPD.

**RESPONSE: The Personnel Record for James Brown was previously produced, FPSS 24367-24789.**

97.     Identify and produce true and correct copies of any and all documents reflecting calls for service, offense or incident reports, and investigative case files created between 1985 and 2000 concerning the following addresses, each located in Kansas City, Kansas:
   a. 1233 Central (Jack Swall Auto)
   b. 3005 Brown

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). This request is overbroad and unduly burdensome with respect to calls for**

**service. Address is not a searchable field for calls for service and a response would require a manual search of records for calls for service for a 16-year period. Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

98.    Identify and produce photographs of all of the following individuals, including jail mugshots or any photographs used or maintained as part of a photographic lineup, a missing persons report, or any police report or investigative file:

    a.  Theresa A. Davis, DOB: 01-12-1959
    b.  Rosemary Baker-Powers, DOB: 01-02-1960
    c.  Sandra J. Wilson, DOB: 02-22-1940
    d.  Rose M. Calvin, DOB: 04-02-1957
    e.  Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir, DOB: 08-25-1955
    f.  Sandra Glover, DOB: 07-13-1963
    g.  Beatrice Russell, DOB: 05-15-1955
    h.  Diane Edwards, DOB: 06-06-1963
    i.  Monique L. Allen, DOB: 07-07-1971
    j.  Rhonda Tribue, aka Rhonda Easley, DOB: 09-01-1965
    k.  Anita Webb, DOB: 06-28-1958
    l.  Vicki (Vickie) Hollinshed, aka Vicki Dew, DOB: 12-25-1953
    m.  Kia Vang, DOB: 12-31-1937
    n.  Eliza (Elza) A. Michie, aka Eliza Mitchie, DOB: 07-28-1973
    o.  Barbara L. Finch, DOB: 07-27-1960
    p.  Trina F. Harris, DOB: 12-01-1970
    q.  Pearlina D. Henderson, DOB: 01-13-1969
    r.  Kimyonis (Kim) M. Palmer, DOB: 02-13-1970
    s.  Gwinn Green, DOB: 03-07-1964

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

99.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. 01/02/1960), complaint # 02035001053.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

100.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. 01/02/1960), complaint # 02035001053, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

101.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. 12/31/1937), complaint # 2001073609.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

102.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. 12/31/1937), complaint # 2001073609, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

103.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. 02/22/1940), complaint # 05195008473.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth**

in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.

104.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. 02/22/1940), complaint # 05195008473, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

105.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/22/1996 homicide of **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. 08/25/1955), complaint # 11226010462.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

106.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/22/1996 homicide of **Pearl Barnes**, **aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. 08/25/1955), complaint # 11226010462, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

107.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. 07/13/1963), complaint # 03097003811.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

108.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. 07/13/1963), complaint # 03097003811, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

109.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. 07/07/1971), complaint # 01108004371.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

110.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. 07/07/1971), complaint # 01108004371, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

111.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/15/2000 homicide of

**Anita Webb** (D.O.B. 06/28/1958), complaint # 200011925.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

112.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/15/2000 homicide of **Anita Webb** (D.O.B. 06/28/1958), complaint # 200011925, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

113.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/2004 homicide **of Eliza (or Elza) Michie, aka Mitchie** (D.O.B. 07/28/1973), complaint # 2004020325.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

114.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/2004 homicide of **Eliza (or Elza) Michie, aka Mitchie** (D.O.B. 07/28/1973), complaint # 2004020325, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

115.   Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/08/2006 homicide of **Barbara L. Finch** (D.O.B. 07/27/1960), complaint # 2006051111.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

116.   Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/08/2006 homicide of **Barbara L. Finch** (D.O.B. 07/27/1960), complaint # 2006051111, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

117.   Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. 07/17/1982), complaint # 2006053758.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

118.   Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. 07/17/1982), complaint # 2006053758, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—**

lacking relevance to a claim or defense by a party.

119.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. 12/01/1970), complaint # 2006083529.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

120.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. 12/01/1970), complaint # 2006083529, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

121.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. 01/13/1969), complaint # 2008112356.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

122.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. 01/13/1969), complaint # 2008112356, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth**

in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.

123.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. 04/09/1959), autopsy #: L02-7260/M02-064, complaint # unknown.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

124.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. 04/09/1959), autopsy #: L02-7260/M02-064, complaint # unknown, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

125.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. 06/27/1976), Internal Affairs Unit case #: C96-8-2.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

126.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. 06/27/1976), Internal Affairs Unit case #: C96-8-2, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

127.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

128.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

129.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. 08/31/1965), complaint # 09229010153.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

130.    Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. 08/31/1965), complaint # 09229010153, including without limitation documents pertaining to

investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

131.    Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s), including without limitation autopsy reports, missing persons reports, reports documenting a body recovered or identified, and other investigative reports, regarding the investigation of 07/06/1996 death of a woman whose body was reported to have been found in the parking lot of a trucking company in the 500 block of Miami Street in Kansas City, Kansas.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

132.    Identify and produce true and correct copies of all documents pertaining to **Ethel Abbott aka Ethel Spencer aka Ethel Golubski** (DOB: 02/07/1965), including without limitation:
   a.   list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim or witness, including a break-in at her home and any incidents involving harassment or stalking by Roger Golubski; and
   b.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski, including any directives or orders by KCKPD supervisors/commanders to Golubski to refrain from stalking or harassing the individual or requiring him to maintain a certain distance from the individual.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

133.    Identify and produce true and correct copies of all documents pertaining to **Monique Allen** (DOB: 07/07/1971), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the Wyandotte County District Attorney's Office (WCDAO);

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

134.    Identify and produce true and correct copies of all documents pertaining to **Wendell Anderson** (DOB: 08/13/1962), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—**

lacking relevance to a claim or defense by a party.

**Defendant previously produced documents pertaining to or making reference to Wendell Anderson in the Beatrice Russell homicide file, FPSS 101327-101507, and the Tommy Benson homicide file, FPSS 104760-104912.**

135.   Identify and produce true and correct copies of all documents pertaining to **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (DOB: 08/25/1953), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;
   d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   e.   every statement given to any KCKPD employee or employee of the WCDAO;
   f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
   i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

136.   Identify and produce true and correct copies of all documents pertaining to **Connie Byas aka Connie J. Wallace** (estimated D.O.B. 04/1971), including without limitation:
   a.   any missing persons reports;
   b.   the complete criminal history or "rap sheet";
   c.   any documents referring to or reflecting criminal history;
   d.   all files regarding any arrest or any incident involving detention by KCKPD;
   e.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   f.   every statement given to any KCKPD employee or employee of the WCDAO;
   g.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   h.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    i.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    j.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

137.    Identify and produce true and correct copies of all documents pertaining to **Gail Bowie aka Gail (or Gayle) Gardener** (DOB: 12/13/1964), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

138.    Identify and produce true and correct copies of all documents pertaining to **Lakeir Brown** (DOB: 05/20/1978), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

139.    Identify and produce true and correct copies of all documents pertaining to **Brandie Brownlee** (DOB: 02/10/1979), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced documents pertaining to or making reference to Brandi**

**Brownlee in response to request no. 90, FPSS 107363-107390.**

140.    Identify and produce true and correct copies of all documents pertaining to **Rose Calvin** (DOB: 04/02/1957), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;
   d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   e.   every statement given to any KCKPD employee or employee of the WCDAO;
   f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
   i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

**Defendant previously produced the Rose Calvin homicide file, FPSS 100988-101092.**

141.    Identify and produce true and correct copies of all documents pertaining to **Neosha Collier** (D.O.B. 7/28/1981), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;
   d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   e.   every statement given to any KCKPD employee or employee of the WCDAO;
   f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual

in connection with any investigation or cooperation;
    i.    all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

142.    Identify and produce true and correct copies of all documents pertaining to **Rose Collier** (D.O.B. 8/13/1962), including without limitation:
    a.    the complete criminal history or "rap sheet";
    b.    any documents referring to or reflecting criminal history;
    c.    all files regarding any arrest or any incident involving detention by KCKPD;
    d.    all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.    every statement given to any KCKPD employee or employee of the WCDAO;
    f.    all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
    g.    a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
    h.    all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    i.    all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

143.    Identify and produce true and correct copies of all documents pertaining to **Jacqueline Dawson** (D.O.B. 12/19/1955), including without limitation:
    a.    the complete criminal history or "rap sheet";
    b.    any documents referring to or reflecting criminal history;
    c.    all files regarding any arrest or any incident involving detention by KCKPD;
    d.    all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.    every statement given to any KCKPD employee or employee of the WCDAO;
    f.    all agreements, including cooperation agreements, with the KCKPD, the WCDAO or

their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

**Defendant previously produced documents pertaining to Jacqueline Dawson with Request No. 87 FPSS 107024-107037.**

144. Identify and produce true and correct copies of all documents pertaining to **Vickie Hollinshed, aka Vickie Dew** (D.O.B. 12/25/1953), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b).**

**Defendant previously produced the Vickie Hollinshed homicide file, FPSS 104234-104586, for Request no. 74.**

145.    Identify and produce true and correct copies of all documents pertaining to **Joe Dodson** (D.O.B. 10/1955), including without limitation:

    a.   the complete criminal history or "rap sheet";
    b.   any documents referring to or reflecting criminal history;
    c.   all files regarding any arrest or any incident involving detention by KCKPD;
    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.   every statement given to any KCKPD employee or employee of the WCDAO;
    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

146.    Identify and produce true and correct copies of all documents pertaining to **Uganda L. Drain, aka Lamonte Drain, aka Anthony Lewis** (D.O.B. 12/13/1974), including without limitation:

    a.   the complete criminal history or "rap sheet";
    b.   any documents referring to or reflecting criminal history;
    c.   all files regarding any arrest or any incident involving detention by KCKPD;
    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.   every statement given to any KCKPD employee or employee of the WCDAO;
    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

147.    Identify and produce true and correct copies of all documents pertaining to **Diane Edwards** (D.O.B. 06/06/1963), including without limitation:

    a.  the complete criminal history or "rap sheet";
    b.  any documents referring to or reflecting criminal history;
    c.  all files regarding any arrest or any incident involving detention by KCKPD;
    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.  every statement given to any KCKPD employee or employee of the WCDAO;
    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.
    j.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    k.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced the Diane Edwards homicide file, FPSS 106056-106062.**

148.    Identify and produce true and correct copies of all documents pertaining to **Barbara Finch** (D.O.B. 07/27/1960), including without limitation:

    a.  the complete criminal history or "rap sheet";
    b.  any documents referring to or reflecting criminal history;
    c.  all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
e. every statement given to any KCKPD employee or employee of the WCDAO;
f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

149.  Identify and produce true and correct copies of all documents pertaining to **Nakisha Freeman** (D.O.B. 12/07/1977), including without limitation:
a. the complete criminal history or "rap sheet";
b. any documents referring to or reflecting criminal history;
c. all files regarding any arrest or any incident involving detention by KCKPD;
d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
e. every statement given to any KCKPD employee or employee of the WCDAO;
f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

150.    Identify and produce true and correct copies of all documents pertaining to **Sandra Glover** (D.O.B. 07/13/1963), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;
   d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   e.   every statement given to any KCKPD employee or employee of the WCDAO;
   f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
   i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery— lacking relevance to a claim or defense by a party.**

151.    Identify and produce true and correct copies of all documents pertaining to **Larisha Grant, aka Kreco Ellis** (D.O.B. 07/17/1979), including without limitation:
   a.   the complete criminal history or "rap sheet";
   b.   any documents referring to or reflecting criminal history;
   c.   all files regarding any arrest or any incident involving detention by KCKPD;
   d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
   e.   every statement given to any KCKPD employee or employee of the WCDAO;
   f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
   g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
   i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

152.    Identify and produce true and correct copies of all documents pertaining to **Elaine Green** (D.O.B. 06/15/1958), including without limitation:

    a.    the complete criminal history or "rap sheet";

    b.    any documents referring to or reflecting criminal history;

    c.    all files regarding any arrest or any incident involving detention by KCKPD;

    d.    all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.    every statement given to any KCKPD employee or employee of the WCDAO;

    f.    all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.    a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.    all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.    all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

153.    Identify and produce true and correct copies of all documents pertaining to **Gwinn Green** (D.O.B. 03/07/1964), including without limitation:

    a.    the complete criminal history or "rap sheet";

    b.    any documents referring to or reflecting criminal history;

    c.    all files regarding any arrest or any incident involving detention by KCKPD;

    d.    all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.    every statement given to any KCKPD employee or employee of the WCDAO;

    f.    all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.    a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

154.  Identify and produce true and correct copies of all documents pertaining to **Trina Harris** (D.O.B. 12/01/1970), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

155.  Identify and produce true and correct copies of all documents pertaining to **Pearlina Henderson** (D.O.B. 01/13/1969), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

     f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

     g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

     h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

156.   Identify and produce true and correct copies of all documents pertaining to **Yolanda Jackson** (D.O.B. 10/21/1962), including without limitation:

     a.   the complete criminal history or "rap sheet";

     b.   any documents referring to or reflecting criminal history;

     c.   all files regarding any arrest or any incident involving detention by KCKPD;

     d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

     f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

     g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

     h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

157.   Identify and produce true and correct copies of all documents pertaining to **Jackie**

**Leapheart** (D.O.B. 11/14/1955), including without limitation:

    a. the complete criminal history or "rap sheet";

    b. any documents referring to or reflecting criminal history;

    c. all files regarding any arrest or any incident involving detention by KCKPD;

    d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e. every statement given to any KCKPD employee or employee of the WCDAO;

    f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

158.    Identify and produce true and correct copies of all documents pertaining to **Eliza (Elza) Michie (or Mitchie)** (D.O.B. 07/28/1973), including without limitation:

    a. the complete criminal history or "rap sheet";

    b. any documents referring to or reflecting criminal history;

    c. all files regarding any arrest or any incident involving detention by KCKPD;

    d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e. every statement given to any KCKPD employee or employee of the WCDAO;

    f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request**

**proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

159.    Identify and produce true and correct copies of all documents pertaining to **Alonzo Mosley** (D.O.B. 05/26/1967), including without limitation:

      a.  the complete criminal history or "rap sheet";

      b.  any documents referring to or reflecting criminal history;

      c.  all files regarding any arrest or any incident involving detention by KCKPD;

      d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e.  every statement given to any KCKPD employee or employee of the WCDAO;

      f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

      g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

160.    Identify and produce true and correct copies of all documents pertaining to **Kimyonis (Kim) Palmer** (D.O.B. 02/13/1970), including without limitation:

      a.  the complete criminal history or "rap sheet";

      b.  any documents referring to or reflecting criminal history;

      c.  all files regarding any arrest or any incident involving detention by KCKPD;

      d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e.  every statement given to any KCKPD employee or employee of the WCDAO;

      f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

      g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the

individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

161. Identify and produce true and correct copies of all documents pertaining to **Ezekiel Payne** (D.O.B. 04/17/1961), including without limitation:

      a. the complete criminal history or "rap sheet";

      b. any documents referring to or reflecting criminal history;

      c. all files regarding any arrest or any incident involving detention by KCKPD;

      d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e. every statement given to any KCKPD employee or employee of the WCDAO;

      f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

      g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

162. Identify and produce true and correct copies of all documents pertaining to **Antonio Quinn** (D.O.B. 08/02/1978), including without limitation:

      a. the complete criminal history or "rap sheet";

      b. any documents referring to or reflecting criminal history;

      c. all files regarding any arrest or any incident involving detention by KCKPD;

      d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e. every statement given to any KCKPD employee or employee of the WCDAO;

      f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO

or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced the Christopher Quinn homicide files, FPSS 101209-101323 for Request No. 49, and documents pertaining to Antonio Quinn for Request No. 89, FPSS107182-107313.**

163.    Identify and produce true and correct copies of all documents pertaining to **Marcus Quinn** (D.O.B. 05/30/1981), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced documents pertaining to Marcus Quinn, Request No. 89, FPSS 107314-107362.**

164.    Identify and produce true and correct copies of all documents pertaining to **William Roark** (D.O.B. 07/11/1975), including without limitation:

        a.  the complete criminal history or "rap sheet";

        b.  any documents referring to or reflecting criminal history;

        c.  all files regarding any arrest or any incident involving detention by KCKPD;

        d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

        e.  every statement given to any KCKPD employee or employee of the WCDAO;

        f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

        g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

        h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

        i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced documents pertaining William "Still Bill" Roark", Request No. 88, FPSS 107038-107181.**

165.    Identify and produce true and correct copies of all documents pertaining to **Lemark Roberson** (D.O.B. 03/22/1962), including without limitation:

        a.  the complete criminal history or "rap sheet";

        b.  any documents referring to or reflecting criminal history;

        c.  all files regarding any arrest or any incident involving detention by KCKPD;

        d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

        e.  every statement given to any KCKPD employee or employee of the WCDAO;

        f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

        g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously search and responded to Request No. 84, that nNo documents were found pertaining to or making reference to Lemark Robinson.**

166.   Identify and produce true and correct copies of all documents pertaining to **Derek Rucker**, including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

167.   Identify and produce true and correct copies of all documents pertaining to **Larry Rucker** (D.O.B. 07/18/1969), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

168.    Identify and produce true and correct copies of all documents pertaining to **Beatrice Russell** (deceased) (D.O.B. 05/15/1955), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of**

**discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced the Beatrice Russell homicide file (FPSS 101327-101507)**

169.    Identify and produce true and correct copies of all documents pertaining to **Beatrice LaShun Russell** (D.O.B. 01/08/1989), including without limitation:
  a. the complete criminal history or "rap sheet";
  b. any documents referring to or reflecting criminal history;
  c. all files regarding any arrest or any incident involving detention by KCKPD;
  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
  e. every statement given to any KCKPD employee or employee of the WCDAO;
  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
  g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
  h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

170.    Identify and produce true and correct copies of all documents pertaining to **Sabrina Russell** (D.O.B. 07/1974), including without limitation:
  a. the complete criminal history or "rap sheet";
  b. any documents referring to or reflecting criminal history;
  c. all files regarding any arrest or any incident involving detention by KCKPD;
  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
  e. every statement given to any KCKPD employee or employee of the WCDAO;
  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
  g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
  h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

171.   Identify and produce true and correct copies of all documents pertaining to **Jeffrey D. Smith** (D.O.B. 05/30/1970), including without limitation:
    a.   the complete criminal history or "rap sheet";
    b.   any documents referring to or reflecting criminal history;
    c.   all files regarding any arrest or any incident involving detention by KCKPD;
    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
    e.   every statement given to any KCKPD employee or employee of the WCDAO;
    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced the homicide files for Jelani Issa and Kenny Cheffen which include documents pertaining to Jeffry D. Smith for Request Nos. 41 and 76, FPSS 100797-100875 and FPSS 104587-104759.**

172.   Identify and produce true and correct copies of all documents pertaining to **Harold Smith** (D.O.B. 11/27/1945) including without limitation:
    a.   the complete criminal history or "rap sheet";
    b.   any documents referring to or reflecting criminal history;
    c.   all files regarding any arrest or any incident involving detention by KCKPD;
    d.   all files regarding the investigation or prosecution of any crime for which the

individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

173.   Identify and produce true and correct copies of all documents pertaining to **Jeffrey Smith Jr.** (D.O.B. 05/29/1992), including without limitation:

a.   the complete criminal history or "rap sheet";

b.   any documents referring to or reflecting criminal history;

c.   all files regarding any arrest or any incident involving detention by KCKPD;

d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

174.   Identify and produce true and correct copies of all documents pertaining to **Kayla Smith** (D.O.B. 7/11/1988), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

175.   Identify and produce true and correct copies of all documents pertaining to **Elvester Sowell IV** (D.O.B. 06/10/1960), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b),**

**the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

176.    Identify and produce true and correct copies of all documents pertaining to **Lorene Stewart aka Lorene Smith** (D.O.B. 10/27/1964), including without limitation:
  a. the complete criminal history or "rap sheet";
  b. any documents referring to or reflecting criminal history;
  c. all files regarding any arrest or any incident involving detention by KCKPD;
  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
  e. every statement given to any KCKPD employee or employee of the WCDAO;
  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
  g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
  h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produce, in response to Request No. 86, documents Lorene Robinson, FPSS 107929-107963.**

177.    Identify and produce true and correct copies of all documents pertaining to **Rhonda Tribue** (D.O.B. 09/01/1965), including without limitation:
  a. the complete criminal history or "rap sheet";
  b. any documents referring to or reflecting criminal history;
  c. all files regarding any arrest or any incident involving detention by KCKPD;
  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
  e. every statement given to any KCKPD employee or employee of the WCDAO;
  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
  g. a list of cases or incidents in which the individual was involved in any way, including

without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produced the Rhonda Tribue homicide file, FPSS 103035-103192.**

178.   Identify and produce true and correct copies of all documents pertaining to **Tracy Walton** (D.O.B. 03/03/1964), including without limitation:

a.   the complete criminal history or "rap sheet";

b.   any documents referring to or reflecting criminal history;

c.   all files regarding any arrest or any incident involving detention by KCKPD;

d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

179.   Identify and produce true and correct copies of all documents pertaining to **Montee Woodberry** (D.O.B. 02/23/1977), including without limitation:

a.   the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;
c.  all files regarding any arrest or any incident involving detention by KCKPD;
d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;
e.  every statement given to any KCKPD employee or employee of the WCDAO;
f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;
g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;
   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;
   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Objection. This request exceeds the scope discovery under F.R.Civ.P. 26(b), the requested documents are not relevant to any party's claim or defense nor is the request proportional to the needs of the case, considering the issues at stake, and the factors set forth in Rule 26(b). Pursuant to F.R.Civ.P. 34(b)(2)(C), defendant advises the defendant does not know if it possesses responsive documents as the request exceeds the scope of discovery—lacking relevance to a claim or defense by a party.**

**Defendant previously produces the Montee Woodberry homicide file, FPSS 104913-105260.**

Fisher, Patterson, Sayler & Smith, LLP
3550 S.W. 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 286-6609
dcooper@fpsslaw.com

s/David R. Cooper
_____
David R. Cooper                                          #16690
*-and-*

Henry E. Couchman Jr., #12842
Edward James Bain, #26442
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
hcouchman@wycokck.org
jbain@wycokck.org
Attorneys for Defendant Unified Government of
Wyandotte County and Kansas City, Kansas

**Certificate of Service**

I hereby certify on the 5th day of April, 2021, I electronically served the foregoing counsel of record:

Michael J. Abrams – Michael.Abrams@LathropGPM.com
William G. Beck – William.Beck@LathropGPM.com
Alexander T. Brown – Alexander.Brown@LathropGPM.com
Cheryl A. Pilate – cpilate@morganpilate.com
Lindsay J. Runnels – lrunnels@morganpilate.com
Barry Scheck – barry@nsbcivilrights.com
Emma Freudenberger – emma@nsbcivilrights.com
Amelia Green – amelia@nsbcivilrights.com
Alana M. McMullin – Alana.McMullin@LathropGPM.com
Yasmin Dagne – yasmin@nsbcivilrights.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan – s.sturdivan@swrsllp.com
Elizabeth A. Evers – e.evers@swrsllp.com
Tracy M. Hayes – t.hayes@swrsllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Nicholas S. Ruble – nicholas@mccauleyroach.com
Jeffrey S. Kratofil – jeff@mccauleyroach.com
Matt Gist - mgist@enszjester.com;
**Attorneys for Defendant Roger Golubski**

s/David R. Cooper