IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02545-KHV-KGG |
| ) | |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY AND** ) | |
| **KANSAS CITY, KS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFFS' OBJECTION TO NON-PARTY SUBPOENA**

On June 29, 2021, Defendant Roger Golubski filed a notice of subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action to Centurion Ministries, Inc., a non-party (Docs. 322, 322.1). Plaintiffs respectfully request that the Court find that Plaintiffs can assert the attorney-client and work product privileges, and that Defendants are not entitled to these documents.

**I.   Factual Background**

In 1994, Lamonte McIntyre was wrongfully arrested and convicted for the murders of Doniel Quinn and Donald Ewing. To overturn his wrongful conviction, Mr. McIntyre reinvestigated his own case, and, at times during the appellate and post-conviction process, litigated *pro se*. While incarcerated, both Lamonte and Rosie McIntyre sought the *pro bono* assistance of investigator James McCloskey and his non-profit innocence organization, Centurion Ministries, Inc., which investigates, defends, and supports wrongfully convicted individuals across the country. Mr. McCloskey, his employees, and his volunteers reviewed and re-investigated Mr. McIntyre's case until 2008 when Plaintiffs' current counsel, Morgan Pilate, LLC, was retained.

1

Centurion Ministries Inc. worked to locate and interview witnesses connected to the double homicide and coordinated with private investigators to prove Mr. McIntyre's innocence. Now, Defendant Golubski intends to subpoena all communications with Plaintiffs' counsel, as well as various "files" directly related directly to the re-investigation and subsequent litigation to overturn Lamonte McIntyre's conviction. These documents and communications are privileged under the attorney-client and work product doctrines.

## II. Post-2008 Documents and Communications

In 2008, Plaintiffs' counsel, Morgan Pilate, LLC, was hired by Plaintiffs to overturn Mr. McIntyre's conviction through the court system. During this time, Centurion Ministries Inc. acted as an agent and/or representative of Plaintiff and Plaintiffs' counsel for the sole purpose of litigating Mr. McIntyre's wrongful incarceration. Accordingly, any communications between Centurion Ministries Inc. and Plaintiffs' counsel or any investigation conducted and provided to Plaintiffs' counsel after 2008 are protected by the attorney-client and work product privileges.

## III. Pre-2008 Documents and Communications

Under Fed. R. Civ. P. 26(b)(3)(A), "a party may not discover documents…that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's agent)." Rosie McIntyre first contacted Centurion Ministries to aid in Mr. McIntyre's criminal charges in 1995. Prior to hiring counsel, Mr. McIntyre filed several motions and appeals, including at least one *pro se* motion. Thus, the investigative files and communications Centurion Ministries may possess – and which Defendant Golubski now intends to subpoena – were only prepared because Mr. McIntyre was appealing his wrongful conviction and seeking other post-conviction relief and are therefore work product. Rule 26 supports this view. Lamonte McIntyre, a *pro se* litigant, can and should be able to protect from disclosure the work product he and his

2

agent prepared in anticipation of litigation related to his post-conviction investigative efforts. *See* The Work-Product Rule—Matters Protected by the Work-Product Rule, 8 Fed. Prac. & Proc. Civ. § 2024 (3d ed.) ("[T]he literal language of [] Rule [26(b)(3)] protects materials prepared for any litigation or trial as long as they were prepared by or for a party to the subsequent litigation." (quoting *F.T.C. v. Grolier Inc.*, 462 U.S. 19, 25 (1983)); *see also Systemes v. Childress*, 2013 WL 12181774, at *1 (E.D. Mich. Nov. 22, 2013).

In addition, the documents Defendant Golubski intends to subpoena will likely reveal mental thoughts and impressions, in addition to fact work product, which are the exact type of work product the federal Rule seeks to protect. The fact that Mr. McIntyre invoked his "right to proceed pro se…should not forfeit the right…to keep his…research, investigation, and strategies safe from the prying eyes of a litigation adversary[.]" J. Vincent Aprile III, *The Pro Se Litigant and the Work Product Privilege*, 31 Crim. Just. 35, 36 (Fall 2016). Indeed, other district courts agree and have concluded that a *pro se* litigant can invoke the work product doctrine with investigators when unrepresented. *See e.g., In re Tier 2 Jeg Telecommunications Cases,* No. 4:09-CV-262, 2012 WL 13033192, at *3 (N.D. Iowa Sept. 26, 2012) ("There is simply no textual support in Rule 26(b)(3) for the idea that the existence of an attorney-client relationship is a condition precedent to application of the work product rule, and that to be protected work-product material must be prepared at the direction or request of counsel, or be created by counsel. . . . The rule does not demand that parties first lawyer up before their preparations in anticipation of litigation are protected."*); see also Moore v. Kingsbrook Jewish Med. Ctr.,* No. 11-CV-3552 KAM JO, 2012 WL 1078000, at *8 (E.D.N.Y. Mar. 30, 2012).

Courts have also found that when a wrongfully convicted individual is "challenging his conviction, contesting his innocence, and attempting to re-investigate the crime" and in doing so

3

reached out to investigators in his effort, the work product privilege applied. *See Estate of Malcolm Bryant v. Baltimore Police Department, et al.,* Case No. 1:19-cv-00384-ELH, Doc. 145 (Feb. 8, 2021). ("Represented parties are not entitled to discovery of otherwise protected materials simply because the opposing party is or was proceeding *pro se* at the time the materials were generated.")

## IV.     Conclusion

Plaintiffs request that the Court find that Plaintiffs can assert the attorney-client and work product privileges, and that Defendants are not entitled to the documents contained in Docs. 332 and 332.1 from Centurion Ministries, Inc. a representative and agent of Plaintiffs during Mr. McIntyre's post-conviction litigation.

Dated:  July 13, 2021                                  Respectfully submitted,

                                                       LATHROP GPM LLP

                                                       By:  /s/ *Michael J. Abrams*
                                                            Michael J. Abrams #15407
                                                            William G. Beck #77974
                                                            Alexander T. Brown #78891
                                                            Alana M. McMullin #78948
                                                            2345 Grand Boulevard, Suite 2200
                                                            Kansas City, MO 64108
                                                            (816) 292-2000
                                                            (816) 292-2001 Facsimile
                                                            michael.abrams@lathropgpm.com


                                                            Cheryl A. Pilate #14601
                                                            Lindsay Runnels #78822
                                                            Morgan Pilate, LLC
                                                            926 Cherry Street
                                                            Kansas City, MO 64106
                                                            Telephone: (816) 471-6694
                                                            Facsimile: (816) 472-3516
                                                            cpilate@morganpilate.com

47204984v.1

>Barry Scheck (admitted *pro hac vice*)
>Emma Freudenberger (admitted *pro hac vice*)
>Yasmin Dagne (admitted *pro hac vice*)
>Neufeld Scheck & Brustin, LLP
>99 Hudson Street, Eighth Floor
>New York, NY 10013
>Telephone: (212) 965-9081
>Facsimile: (212) 965-9084
>emma@nsbcivilrights.com
>
>*Attorneys for Plaintiffs*

47204984v.1