#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02545-KHV-KGG |
| ) | |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY AND** ) | |
| **KANSAS CITY, KS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### PLAINTIFFS' RESPONSE TO DEFENDANTS' JOINT MOTION TO MODIFY THE SCHEDULING ORDER

Plaintiffs Lamonte McIntyre and Rose McIntyre ("Plaintiffs"), by and through their counsel, submit this Response to Defendants' Joint Motion To Modify The Scheduling Order (the "Motion to Modify") (Doc. 348).

### BACKGROUND

On July 14, 2021 Defendants filed a Consent Joint Motion to Modify the Scheduling Order, which requested that all case deadlines be extended by three months. (Doc. 340). The Motion, however, incorrectly stated that Plaintiffs consented to the requested extension. On July 15, 2021, the parties were alerted to this inaccuracy and Plaintiffs requested that Defendants remove such "consent" language from the Motion, which Defendants did. In an effort to compromise, Plaintiffs consented to (1) an extension of the expert disclosure deadlines, and (2) an extension of the fact discovery deadline *if the dispositive motion, pre-trial, and trial deadlines remained the same*. On July 16, 2021, Defendants filed a superseding Motion to Modify clarifying Defendants request for an extension of all case deadlines, but which misconstrued Plaintiffs' stance on this issue. On

July 19, the Court noticed this issue for a hearing, which is scheduled to take place on August 20, 2021. This Response is meant to clarify Plaintiffs' position prior to the Hearing.

## RESPONSE

Defendants' Motion to Modify requests that the Court extend all remaining deadlines in the current Scheduling Order by three months. For the below reasons, Plaintiffs do not join this request and instead adamantly oppose wholesale extensions of the current deadlines, most of which can and will be met with ease.

### Defendants' Expert Disclosures

Plaintiffs agree that Defendants' Expert Disclosure deadline of July 19, 2021 – which has already passed – should be extended. Importantly, however, all of Plaintiffs' expert witnesses have either been deposed or will be deposed before September 2, 2021, including the following:

| Plaintiffs' Expert Witness | Date of Deposition |
|---|---|
| Kurt Krueger | August 26, 2021 |
| Russell Fisher | August 19, 2021 |
| Jennifer Dysart | September 2, 2021 |

Because Plaintiffs' experts will have been deposed by September 2, Plaintiffs consented to extending Defendants' expert disclosure deadline from July 19, 2021 to the date Defendants themselves requested, October 19, 2021.[1] This six-and-a-half-week timeframe *after* Plaintiffs' last expert witness is deposed is more than sufficient for Defendants to disclose their expert witnesses. This is especially true since Defendants have had Plaintiffs' expert disclosures and all of Plaintiffs' expert opinions and reports for almost three months, since May 27, 2021. Naturally, Plaintiffs also

---

[1] The Motion to Modify fails to explain why Defendants changed the October 19, 2021 deadline both parties initially agreed to (*See* Doc. 340), to October 25, 2021 in their July 16, 2021 Motion to Modify (Doc. 348).

consent to an extension of Plaintiffs' expert rebuttal disclosures from August 19, 2021 to November 16, 2021.[2] However, these new expert discovery deadlines in no way impact the close of fact discovery, which is currently set for September 24, 2021.

**The Close of All Discovery**

Despite Defendants' claims to the contrary, there is no good cause to extend the deadline for the close of all discovery (September 24, 2021) at all – let alone by three months. The only basis Defendants offer for such an extension is that *Plaintiffs* cannot complete their fact witness depositions within the current deadlines. This claim is false. To be clear, all of the fact witness depositions Plaintiffs have decided to take at this time have been scheduled or noticed for dates *prior to the current discovery deadline of September 24,* 2021, as illustrated below:

| Fact Witness | Date of Deposition |
| --- | --- |
| Joe Robinson | August 30, 2021 |
| Niko Quinn | August 31, 2021 or September 21, 2021 |
| Terry Ziegler | September 10, 2021 |
| Neil Edgar Jr. | September 13, 2021 |
| W.K. Smith, day 2 | September 15, 2021 |
| The UG's 30(b)(6) representative, day 2 | September 16, 2021 |

Accordingly, any argument that *Plaintiffs'* proposed depositions are the reason an extension of all discovery is necessary is plainly erroneous. Instead, it appears the *Defendants* simply want more time to depose witnesses and to propound "additional discovery that will be necessary after these depositions are obtained." (Doc. 348, p. 2) This desire for future unspecified

---

[2] Defendants' Motion to Modify again fails to explain why Defendants oppose the November 16, 2021 deadline for rebuttal disclosures, which is exactly four weeks from the proposed October 19, 2021 deadline for Defendants' expert disclosures.

discovery does not satisfy the "good cause" standard, especially given that Defendants failed to notice up a single non-party fact witness until June 28, 2021 – over *two months* after the Court entered its Third Revised Scheduling Order (Doc. 284) and almost *two years* from the start of discovery in this case. To date, Defendants have noticed up only 3 witness depositions that are not Plaintiffs or Plaintiffs' experts; *and their noticed depositions are all scheduled to occur before the September 24, 2021 discovery deadline,* as shown below:

| Fact Witness | Date of Deposition |
|---|---|
| Blackberry representative | August 16, 2021 |
| Cecil Brooks | September 7, 2021 |
| Rose McIntyre, day 2 | August 25, 2021 |
| Dan Clark | September 9, 2021 |

No other fact witnesses have been proposed by the Defendants, despite having access to Plaintiffs' initial Rule 26 disclosures since November 2019. Likewise, Defendants' potential future need for more written discovery relating to fact witnesses is speculative and should have been taken into account by Defendants before they consented to Plaintiffs' proposed deposition dates. Regardless, Defendants' failure to plan ahead and their eleventh hour mad dash to complete years' worth of discovery in the last few months before the deadline should not be shouldered by Plaintiffs. Accordingly, Defendants have presented no reasonable basis for *three more months of discovery*, and their request to modify the close of discovery deadline should be denied.

Moreover, as Defendants' Motion to Modify states, Plaintiffs were willing to consent to a two-month extension of the discovery deadline from September 24, 2021 to November 29, 2021,[3]

---

[3] A two-month extension of the discovery deadline (November 24), falls on the day before Thanksgiving, so Plaintiffs extended the deadline until the next business week, Monday, November 29, 2021.

4

but *only if the remaining discovery deadlines stayed in place*, particularly the dispositive motion, pre-trial, and trial deadlines. Tellingly, Defendants' Motion to Modify omits this key stipulation. Nonetheless, Plaintiffs' position is simple: the current fact discovery deadline of September 24, 2021 can and will be met, and should thus remain in place, but if the Court extends this deadline, the remaining case deadlines should stay in place.[4]

### All Other Trial Deadlines

Defendants argue that "by moving only the Defendants' expert deadline and not all the subsequent deadlines, this would put the close of discovery and the pretrial order deadline before the Defendants' experts are due." (*See* Doc. 348, p. 2) Yet, Defendants fail to explain how the pre-trial order and close of discovery deadlines would in any way affect their ability to disclose their experts or vice versa.

Further, Defendants disingenuously argue that they would have only two months to draft dispositive or *Daubert* motions after experts are disclosed. (*Id.*) Of course, Defendants fail to mention that they have already had 3 months to review Plaintiffs' expert witness reports and disclosures (since May 27, 2021) and will have 3 additional months after Plaintiffs' last expert witness is deposed (from September 2 to December 3) to draft such motions. Instead, it is *Plaintiffs* who would only have 2 months after the Defendants' experts are disclosed to depose and draft such motions – not *Defendants* – which Plaintiffs believe they can manage. Likewise, Defendants' argument that 2 months is insufficient time to depose Defendants' undisclosed expert witnesses, is speculative and flawed. First, Defendants should already know who their expert witnesses will be in this case, seeing as their original deadline to provide such disclosures was July 19, 2021.

---

[4] Specifically, Plaintiffs request that the dispositive motion, pre-trial, and trial deadlines remain in place regardless of the close of discovery deadline.

Second, Defendants' expert depositions have no impact on fact discovery and thus extending that deadline should not affect the September 24 discovery deadline, or the pre-trial and dispositive motion deadline of October 15, 2021 and December 3, 2021, respectively. Tellingly, Defendants have provided no facts or law to the contrary.

In the interest of continuing to move this case forward, and because no concrete reason has been given for further delaying the resolution of this case, Plaintiffs respectfully oppose Defendants' Motion to Modify and propose the following schedule:

| | |
|---|---|
| **All discovery completed (remains the same)** | **9/24/2021** |
| **Pre-trial order (remains the same)** | **10/15/2021** |
| **Experts disclosed by Defendants (extended)** | **10/19/2021** |
| **Pre-trial conference (remains the same)** | **10/26/2021** |
| **Rebuttal experts disclosed (extended)** | **11/29/2021** |
| **Dispositive & *Daubert* motions (remains the same)** | **12/3/2021** |
| **Trial (remains the same)** | **8/1/2022** |

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Joint Motion to Modify the Scheduling Order and instead extend only the expert disclosure and rebuttal deadlines as noted above, while all other deadlines remain the same.

Dated:  August 19, 2021            Respectfully submitted,

                                   LATHROP GPM LLP

                                   By:  /s/ *Michael J. Abrams*
                                        Michael J. Abrams #15407
                                        Alexander T. Brown #78891
                                        Alana McMullin #78948
                                        2345 Grand Boulevard, Suite 2200
                                        Kansas City, MO 64108
                                        (816) 292-2000
                                        (816) 292-2001 Facsimile
                                        michael.abrams@lathropgpm.com

6

Cheryl A. Pilate #14601
Lindsay Runnels #78822
Morgan Pilate, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
cpilate@morganpilate.com

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Yasmin Dagne (admitted *pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
emma@nsbcivilrights.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Michael J. Abrams, hereby certify that on August 19, 2021, a true and correct copy of the foregoing document was electronically filed and served via the Court's electronic filing system on counsel of record.

    /s/ *Michael J. Abrams*
    An Attorney for Plaintiffs