**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAMONTE MCINTYRE, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02545-KHV-KGG |
| ) | |
| **UNIFIED GOVERNMENT OF** ) | |
| **WYANDOTTE COUNTY AND** ) | |
| **KANSAS CITY, KS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL
PRODUCTION OF DOCUMENTS AND ANSWERS FROM
<u>DEFENDANT ROGER GOLUBSKI</u>**

Plaintiffs Lamonte McIntyre and Rose McIntyre ("Plaintiffs"), by and through their counsel, submit this Memorandum of Law in Support of their Motion to Compel Production of Documents and Answers from Defendant Roger Golubski. Plaintiffs seek to compel answers to their Second Set of Interrogatories to Defendant Golubski ("Second Interrogatories") and production of certain documents responsive to their Third Request for Production of Documents and Things to All Defendants (the "Third Requests").

Although the parties have attempted to resolve their disputes without court intervention,[1] Defendant Golubski's refusal to provide the requested information and documents has required

---

[1] Plaintiffs hereby certify that they have satisfied the requirements of District of Kansas Rule 37.2  On April 23, 2021, they sent a comprehensive letter to Golubski's counsel addressing all of Golubski's objections to Plaintiffs' Third Request for Production and Second Set of Interrogatories. On May 11, 2021 and June 22, 2021, counsel for Plaintiffs and Defendant Golubski participated in two meet and confer phone conferences to address Golubski's objections, but later communications proved that further discussion on the issues described herein would be futile.

Plaintiffs to move this Court to compel Golubski to answer and produce documents in response to outstanding interrogatories and requests for production, as further described in this memorandum.

## FACTUAL BACKGROUND

This civil rights lawsuit is being brought against the Unified Government of Wyandotte County and Kansas City, Kansas (the "UG"), numerous former KCKPD detectives, and Defendant Roger Golubski ("Golubski") for his decades of misconduct and corruption causing the 1994 wrongful conviction of Lamonte McIntyre ("McIntyre") for a double homicide he did not commit. As noted in Plaintiffs' Memorandum in Support of its Motion to Compel the UG (the "Motion to Compel the UG") (Doc. 309), Plaintiffs Lamonte and Rose Lee McIntyre allege Golubski had a pattern and practice of taking payoffs, protecting powerful drug dealers from arrest, shaking down street-level dealers, sexually assaulting vulnerable women and using them as "informants," and framing innocent persons for crimes they did not commit by manipulating and coercing witnesses, fabricating evidence, withholding evidence, and by deliberately failing to take basic investigative steps that would have exonerated Plaintiff.

On February 18, 2021, Plaintiffs served their Third Requests[2] and Second Interrogatories[3] on Defendant Golubski. The Third Requests are identical to those propounded on the Defendant UG, which were the subject of the Motion to Compel the UG (*See* Docs. 308, 309), which was granted in part. For purposes of this Motion, the only document requests that appear to remain in dispute as to Defendant Golubski are Requests No. 94 (which seeks information relating to Defendant Golubski's insurance, beneficiaries, and offspring) and No. 132 (regarding Ethel Abbott, Defendant Golubski's ex-wife).

---

[2] A copy of Plaintiffs Third Request for the Production of Documents and Things to All Defendants is attached as **Exhibit 1**.

[3] A copy of Plaintiffs Second Set of Interrogatories to Defendant Golubski is attached as **Exhibit 2**.

Defendant Golubski provided his objections and responses to the Third Requests and Second Interrogatories on April 5, 2021.[4] To all but three Requests,[5] Defendant Golubski asserts that he "does not have any responsive documents in his custody or control." In response to the remaining requests, Golubski objects on the basis of relevance, proportionality, vague and ambiguous, and overbreadth. Golubski also simultaneously invokes the Fifth Amendment asserting that "Defendant Golubski will not produce any such documents on Fifth Amendment grounds." Further, in response to twelve of the thirteen interrogatories, Golubski repeats some version of the boilerplate objection below:

> Objection. Golubski's \_\_\_\_ if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as such information would have nothing to do with the 1994 events in question. Further, objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered. *Pipeline Prods., Inc. v. Madison Cos., LLC,* at *5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed. *Id.* at *8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.[6]

By letter dated April 23, 2021, Plaintiffs provided Golubski with a list of deficiencies in his responses,[7] including (1) Golubski's failure to provide any documents,[8] (2) that the boilerplate

---

[4] A copy of the Defendant's Responses and Objections to Plaintiffs' Third Request for the Production of Documents and Things is attached as **Exhibit 3** and a copy of Defendant's Answers and Objections to Plaintiffs' Second Set of Interrogatories is attached as **Exhibit 4.**

[5] Initially, Golubski also objected to Request No. 95, which seeks information relating to Golubski's residences or mailing addresses in the State of Missouri, but has since supplemented his response and now states: "Defendant Golubski does not have any responsive documents in his possession, custody or control."

[6] *See* **Ex. 4.**

[7] A copy of Plaintiffs' April 23, 2021 Letter to Defendant's counsel, Morgan Roach, is attached as **Exhibit 5**.

[8] On July 8, 2021 – months after Plaintiffs' Golden Rule letter was received – Defendant Golubski provided two redacted documents in response to Request No. 94, both of which are insufficient to fully respond to Plaintiffs request.

3

objection Defendant copied and pasted to all Interrogatories lacked any factual or legal basis, (3) that each Interrogatory has a direct correlation to the allegations made against Defendant Golubski and/or are relevant to punitive damages, and (4) that Golubski's Fifth Amendment assertions are improper and insufficient to excuse him from answering or responding to Plaintiffs' discovery. Further, Plaintiffs requested a privilege log for any privilege assertions. Golubski provided no written response.

On May 15, 2021, counsel for both parties met via telephone conference to discuss the issues raised in Plaintiffs' April 23 letter. During that conference, Defendant's counsel orally represented that Golubski did not have possession, custody, or control of documents responsive to most requests for production, and that he would talk with his client about Requests No. 94, 95, and 132 to determine whether documents responsive to such requests existed and whether Golubski would waive or otherwise withdraw his objections and Fifth Amendment invocation. On June 22, 2021, counsel for both parties again met and conferred regarding the above issues. Counsel for Defendant agreed to supplement Golubski's answers – which were provided to Plaintiffs on July 2, 2021[9] – and to produce documents relating to insurance and beneficiaries (in response to Request No. 94) – which were provided to Plaintiffs on July 8, 2021.[10] Golubski provided two categories of documents in response to Plaintiffs requests: (1) a 7-page document containing beneficiary information for three financial accounts, KPERS, Zurich, and ICMARC – which was ***redacted for "non-responsiveness"***; and (2) a 20-page partial homeowners insurance policy from Auto Club Family Insurance Company.

---

[9] A copy of Defendant's Supplemental Answers and Objections to Plaintiffs' Second Set of Interrogatories is not attached here as Defendant Golubski designated the same as "confidential and privileged."

[10] A copy of Defendant's Second Supplemental Responses and Objections to Plaintiffs' Third Request for the Production of Documents and Things is attached as **Exhibit 6.**

4

On August 5, 2021 Plaintiffs counsel again requested a privilege log from Golubski to determine what information was being redacted in the produced documents, and what information was being withheld by Golubski based on his Fifth Amendment invocations. On August 19, Golubski's counsel sent a written response to the request for a privilege log,[11] stating, among other things, that another version of the documents provided on July 8 was forthcoming, as Defendant Golubski "initially produced a partial document and because we are withdrawing some of our prior redactions." In connection with this letter, Defendant produced the same 7-page document containing beneficiary information from July 8, but the four pages of "non-responsive" redactions were removed, and four additional pages of redaction stating "5th Amendment" were added.

Despite these "supplemental" productions and answers, Golubski has still failed to substantively answer numerous Interrogatories or to produce all documents responsive to at least two Requests. Accordingly, further discussion on these issues with Defendant would be unproductive and Court intervention is required. As a result, Plaintiffs have brought the present motion.

## ARGUMENT

Despite Plaintiffs' thorough description of (1) the relevance of each disputed discovery request and (2) the inapplicability of Golubski's objections, Golubski still refuses to produce answers to Plaintiffs' Interrogatories No. 1, 4, 5, 6, 9, 11, and 13. Likewise, his production of a partial insurance contract, and heavily redacted beneficiary information for his current financial accounts (e.g. those in place *after the filing of this lawsuit*) are insufficient to respond to Plaintiffs' requests. For the reasons listed above and discussed more fully below, Defendant Golubski should be compelled to produce responsive documents and information relating to his beneficiaries, his

---

[11] A copy of Defendant's August 19, 2021 Letter to Plaintiffs is attached as **Exhibit 7.**

proceeds from illegal activity and misconduct, his harassment and stalking of women, and his finances.

### A. Golubski's Boilerplate Objections Are Insufficient.

The Federal Rules of Civil Procedure allow "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Under the federal rules, relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."[12] Further, once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.[13]

Additionally, the District of Kansas strongly disfavors conclusory and boilerplate objections.[14] As the responding party, Defendant Golubski had the burden "to clarify and explain how each discovery request is irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence."[15] Accordingly, Golubski "cannot rely on his boilerplate objections alone, but rather must provide specific support for these objections."[16] Instead, after months of dialogue, Golubski has still failed to specify *how* each request or interrogatory is irrelevant, overbroad, or what particular harm would accrue if Defendant Golubski were required to respond or answer.[17]

---

[12] *Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991); *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 523 (D. Kan. 2010).

[13] *See Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004).

[14] *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc*., No. 13-2150-CM-KGG, 2014 WL 2815515, at *4 (D. Kan. June 23, 2014)

[15] *Cont'l Ill. Nat'l Bank & Tr. Co. v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991).

[16] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 519 (D. Kan. 2010); *see also Emps. Com. Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kansas City, Inc.,* No. CIV. A. 91-2161-JWL, 1993 WL 210012, at *2 (D. Kan. Apr. 5, 1993) ("The objecting party generally has the burden to substantiate its objections.")

[17] *See Gen. Elec. Cap. Corp. v. Lear Corp*., 215 F.R.D. 637, 640 (D. Kan. 2003).

6

Thus, Golubski's responses are deficient, and to date, Defendant has provided no further basis, reasoning, or explanation for his objections or his assertion of the Fifth Amendment in response to discovery in this civil suit.

### B. Plaintiffs' Third Requests for the Production of Documents are Relevant and Discoverable.

For purposes of this Motion, only two of Plaintiffs' Requests for Production are currently disputed: Nos. 94 and 132.

#### 1. Request No. 132

Request No. 132 states:

Identify and produce true and correct copies of all documents pertaining to **Ethel Abbott aka Ethel Spencer aka Ethel Golubski** (DOB: 02/07/1965), including without limitation:

> a. list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim or witness, including a break-in at her home and any incidents involving harassment or stalking by Roger Golubski; and
>
> b. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski, including any directives or orders by KCKPD supervisors/commanders to Golubski to refrain from stalking or harassing the individual or requiring him to maintain a certain distance from the individual.

Despite Golubski's boilerplate objections to relevance, proportionality, and vagueness, Request No. 132 has already been deemed "relevant and discoverable" by this court in its July 28, 2021 Memorandum & Order Granting in Part Motion to Compel the UG (Doc. 365, p. 8-9). [18] Accordingly, Plaintiffs request the Court compel Defendant Golubski to produce all documents responsive to Request No. 132, specifically documents that reflect or reference Golubski's relationship with Ethel (and the ending of that relationship) and communications with Ethel after their separation and eventual divorce.

---

[18] For further argument on the relevance of Request No. 132, *see* Doc. 309, p.20.

7

### 2. Request No. 94

Request No. 94 states:

Identify and produce any and all documents, including any personnel documents, insurance applications, insurance policies, or documents of any kind, that list any beneficiaries, insureds, or dependent(s) of Roger Golubski, including any offspring and/or any spouses or domestic partners.

In response to Request No. 94, Golubski agrees to "produce all responsive documents in his possession, custody or control." On July 8, 2021, Golubski produced two separate pdf documents in response to this request: a portion of Golubski's 2021 Homeowners insurance policy and a 7-page document referencing Golubski's life insurance. Since then, Golubski has supplemented the 7-page document with four additional pages (for a total of 11), which are redacted in full stating only "Fifth Amendment." The 2021-2022 homeowner's insurance policy does not reflect or "list any beneficiaries, insureds or dependent(s) of Roger Golubski" as requested in Request No. 94. Likewise, the 11-page document containing financial information refers specifically to financial accounts issued to Golubski: a life insurance policy issued by Zurich American Life Insurance Company and Golubski's retirement account issued by KPERS (Kansas Public Employees Retirement System). The unredacted portions of these documents only illustrate that the "beneficiary" was **changed** to Matthew Golubski, Golubski's son, in 2018 and 2021, respectively. Golubski provides no further documents or information relating to his beneficiaries, spouses, domestic partners, or offspring *at or near the time of Plaintiffs' wrongful conviction in 1994* or within the two decades since. Instead, the documents conveniently only reflect changes Golubski made to his monetary funds **after the filing of this litigation**.

As detailed to Golubski's counsel in the two conferences regarding discovery, Plaintiffs Request No. 94 seeks documents reflecting Golubski's beneficiaries, insureds, dependents, offspring, spouses, or domestic partners *for the purpose of revealing* (1) Golubski's offspring in

8

the community that he fathered with female "informants" or other female victims, and (2) misconduct in investigations that involved individuals he was protecting, exploiting for sex, or was related to. This information is directly relevant to Plaintiffs' theory; it would definitively show Golubski's relationship to individuals he is accused of, among other things, coercing sex from, and could provide evidence of motive, opportunity, or a common scheme or plan to provide favorable treatment in exchange for leniency, or framing other individuals for crimes to protect those persons with whom he had improper relationships or connections. Defendant Golubski agrees with the importance of such an inquiry, as his contention interrogatories to Plaintiffs in June of 2021 specifically request that Plaintiffs identify every individual Golubski "by means of force, fear, extortion, or coercion, engaged in a non-consensual sexual act(s) with."

### 3. Fifth Amendment Invocation

In Defendant Golubski's latest supplemental responses, he asserts in response to No. 132 that "based upon the objections, Defendant Golubski is withholding other potentially responsive materials depending on the scope and propriety of the request" on Fifth Amendment grounds.[19] To be sure, the Fifth Amendment only protects a criminal defendant from being compelled to disclose matters which would make him a witness against himself. Indeed, "the Fifth Amendment applies only when the accused is compelled to make a testimonial communication that is incriminating."[20] The District Court of Kansas has previously held that in a civil case, the "the privilege against self-incrimination does not protect one from producing documents, unless the act of production itself

---

[19] It is unclear from Defendant's Supplemental Responses whether Defendant Golubski has withdrawn his Fifth Amendment invocation as to Request No. 94, but regardless any such privilege was waived by producing documents in response to the request. Nonetheless, if Golubski argues his Fifth Amendment rights are implicated by Request No. 94, this section responds to that assertion as well.

[20] *Thomas v. Tyler,* 841 F. Supp. 1119, 1124 (D. Kan. 1993)

could operate to incriminate the producer."[21] Here, the existence or production itself of responsive information to Request No. 94 (insurance policies, beneficiaries, dependents, offspring, or spouses) or Request No. 132 (incidents involving harassment or stalking by Golubski) would not incriminate the Defendant, as most of the above are well-known in the community, and/or are information also known to or in possession of the KCKPD, its employees, or other third-parties. Further, Defendant Golubski already waived his right to invoke the Fifth Amendment in regard to Request No. 94 by testifying freely about his offspring in his deposition.[22] The Defendant should not now be able to use the Fifth Amendment to withhold documents tending to refute his deposition testimony. Regardless, even if the mere existence or possession of these documents *could* incriminate Golubski, the District Court of Kansas has required a defendant invoking their Fifth Amendment rights in a civil case to provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and to "adequately demonstrate the applicability of the privilege against self-incrimination to each particular interrogatory and request for production,"[23] which Defendant Golubski has not done – despite repeated requests for such a privilege log.[24] Interestingly, in response to the request for a privilege log, Defendant Golubski's counsel sent a letter on August 19, 2021, stating that it was *not* withholding any documents based on the Fifth Amendment in response to Plaintiffs' Third Requests, which directly conflicts with Defendant Golubski's Supplemental Responses. Further, under the collective entity doctrine, Defendant Golubski cannot invoke the

---

[21] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 498 (D. Kan. 1998); *Thomas*, 841 F. Supp. at 1130.

[22] Defendant Golubski testified that he had only "one" child, and then identified that child by name. *See* Nov. 19, 2020 Deposition of Roger Golubski, p. 37.

[23] *Starlight,* 181 F.R.D. at 498.

[24] *See* **Ex. 5**. Additionally, Plaintiffs emailed counsel for Defendant Golubski on August 6 requesting the same privilege log, and again emailed counsel for Defendant on August 17, but no privilege "log" has been received to date.

Fifth Amendment to avoid producing documents of the KCKPD that are in his custody, even if his act of producing such documents might be personally incriminating.[25]

Defendant Golubski has not even attempted to explain or clarify how the Fifth Amendment could apply here. These failures are fatal to his invocation of the Fifth Amendment and such invocation should be overruled. Thus, Plaintiffs request that the Court grant Plaintiffs' Motion to Compel Golubski to provide all documents in his possession, custody, or control responsive to Requests No. 94 and 132.

### 4. Conclusion Regarding Requests for Production

Because Request No. 132 was already deemed relevant by this Court, and because Golubski waived any objection to Request No. 94 by producing documents in response – and regardless cannot support any of his objections to the discoverability of the documents requested – Plaintiffs' requests are clearly within the scope of discovery set forth in Fed. R. Civ. P. 26(b)(1). Accordingly, Plaintiffs request this Court overrule Golubski's unsupported Fifth Amendment invocations and compel Golubski to provide complete copies of all documents, including any personnel documents, insurance applications, insurance policies, or documents of any kind which list or identify any beneficiaries, insureds, or dependent(s) of Roger Golubski, including any offspring and/or any spouses or domestic partners – particularly any documents reflecting the beneficiaries to Golubski's life insurance, retirement, or other similar policies from 1994 to the present.

---

[25] *Thomas v. Tyler,* 841 F. Supp. 1119, 1127-28 (D. Kan. 1993).

## C. **Plaintiffs' Second Interrogatories are Relevant and Discoverable.**

### 1. **Insufficiency of Golubski's Interrogatory Answers**

As mentioned above, Defendant Golubski initially objected to and still refuses to provide answers to several Interrogatories. On July 2, 2021, Golubski supplemented his initial refusals and partially or fully responded to Interrogatories 1-3, 7, 8, 10, and 12. However, Defendant Golubski answered "N/A" to Interrogatories 4-6, 9, 11, and 13. Despite the lack of clarity regarding what "N/A" means (e.g. whether Golubski's prior objections stand, or whether Golubski is answering substantively that he has no information), for purposes of this Motion, Plaintiffs assume Defendant Golubski is refusing to substantively answer such Interrogatories.

First, Defendant Golubski's boilerplate objection to each Interrogatory mentioned above, illustrates his overly narrow interpretation of each request. He argues that seeking information relating to Golubski's income, retirement/pension, large amounts of cash, properties, automobiles, etc. are solely to inquire about the Defendant's "ability to pay a judgment." But, as Plaintiffs explained in their April 23 letter, each one of the Interrogatories has a direct correlation to the allegations made against Defendant Golubski in the current action and are separately and independently relevant to Plaintiff's claims.[26] Additionally, in his objections Golubski misconstrues *Pipeline Productions, Inc. v. Madison Companies, LLC*. There, the court was concerned that the request for financial documents or information was <u>not</u> related to plaintiff's claims, which is not the case here. Further, the Court in *Pipeline* also held that "information about a party's net worth or financial condition <u>is</u> relevant to the issue of punitive damages."[27] There is

---

[26] *See* **Ex. 5.**

[27] *Pipeline Productions, Inc. v. Madison Companies, LLC*, at *5-6 (D. Kan. March 22, 2019).

12

no dispute Plaintiffs have alleged punitive damages in this case. *See Complaint*, Prayer for Relief, ¶ B.

Despite this clear confirmation that Plaintiffs' Interrogatories are relevant to punitive damages or Golubski's current financial state, any financial information requested is also relevant to the allegations that Golubski was involved in the drug trade, prostitution, corruption, and bribery, and thus Defendant Golubski should be compelled to answer questions related to Golubski's sources of income and current financial status, as further detailed below.

### 2. Interrogatories 5, 9, and 11

Interrogatories No. 1, 3, 5, 7, 8, 9, 10, and 11 all seek information relating to Defendant Golubski's (1) proceeds from criminal activity, misconduct, or inappropriate relationships with informants or other individuals, or (2) connections to properties associated with the unconstitutional conduct alleged in the Complaint. Because Defendant Golubski has substantively responded to Interrogatories 1, 2, 7, 8, and 10, only the Fifth Amendment assertion as to Interrogatory 1 and Interrogatories 5, 9, and 11 are currently in dispute.

Although Defendant Golubski responds to some parts of Interrogatory No. 1, he specifically objects to answering whether Defendant Golubski received or participated in employment or income that resulted in "proceeds from criminal activity." Golubski argues that the Fifth Amendment allows him to refuse answering this Interrogatory, but gives no basis for this assertion other than that it involves the term "criminal activity." Regardless, as mentioned under the "Fifth Amendment Invocation" Section above, *supra* pp. 9-11, Defendant Golubski's assertion of the Fifth Amendment here is insufficient. The Fifth Amendment privilege does not excuse a party from answering a discovery request "merely because he declares that in so doing he would

incriminate himself—his say-so does not of itself establish the hazard of incrimination."[28] Instead, the party asserting the privilege must show that "a compulsory response to individual questions…will pose a substantial and real hazard of subjecting them to criminal liability."[29] Indeed, as recently as 2020, the District Court of Kansas rejected a defendant's reliance on the Fifth Amendment privilege in response to 24 interrogatories in a civil suit.[30] The Court determined that the defendant's "blanket assertion" of the privilege did not provide the Court with facts or information from which it could determine whether the defendant's concern of criminal prosecution was reasonable.[31] Accordingly, Defendant Golubski's blanket assertion of the privilege without even attempting to explain or support his invocation should be overruled.

Further, Interrogatories Nos. 5 and 9 seek information regarding other potential methods by which Defendant Golubski may have accepted, concealed, or invested proceeds of his misconduct or illicit activity, including monies, cash, investments, or assets held by another for Golubski's benefit within the last five to ten years. These Interrogatories directly relate to the conduct alleged in Plaintiffs' Complaint – substantiated by sworn affidavits from Ethel Abbott, K.D., Ruby Ellington, Joe Robinson and Cecil Brooks – that Golubski was corrupt, accepted bribes or payoffs in cash, shook down drug dealers, participated in cash for drug transactions, received other gifts in exchange for favors or protection and then used those drugs, cash, and other gifts (among other things) to pay prostitutes for sex and engage in other transactions. *See generally* Complaint, ¶ 113, 123-125. Defendant's refusal to answer on Fifth Amendment grounds clearly implies that he cannot simply deny these investments exist, and that his answers, if provided, would

---

[28] *KCI Auto Auction, Inc. v. Ephrem,* 2020 WL 5503350, *3 (D. Kan. Sept.11, 2020)
[29] *Id.*
[30] *Id.*
[31] *Id.*

reveal that Golubski's assets, properties, or investments were obtained, at least in part, through his misconduct as a law enforcement officer. Thus, at the very least, any information obtained is likely to lead to the discovery of admissible evidence if not directly relevant evidence supporting Plaintiffs' claims. As noted above, Golubski has failed to explain how the Fifth Amendment would allow him to refuse answering these Interrogatories.

### 3. Interrogatories 4 and 6.

Interrogatories 4 and 6 seek information relating to Defendant Golubski's current financial state. Specifically, Interrogatory 4 seeks information relating to Golubski's pension and retirement benefits, and Interrogatory 6 seeks information relating to Golubski's current bank accounts. To be clear, Defendant Golubski admits that "records of defendants' present financial state are within the scope of discovery…" in his Objections to these Interrogatories.[32] Plaintiffs agree. Indeed, Defendant Golubski has already provided some unredacted documents referring to his KPERS and ICMARC accounts, but redacted other apparently substantive account information on Fifth Amendment grounds. Clearly, Golubski's current retirement benefits (he is retired), and the amount of money in his bank account directly bear on the Defendant's present and past financial state and should be produced. Defendant Golubski provides no legal authority or factual basis for his Fifth Amendment or other objections to these Interrogatories.

### 4. Interrogatory 13

Interrogatory 13 seeks information relating to financial support Defendant Golubski has provided to any person other than spouses since 1976. First, at its most basic level, Plaintiffs' Complaint alleges that Defendant Golubski's personal life (including his sexual coercion and exploitation of poor, black, and often drug-addicted women in the Kansas City, Kansas

---

[32] *See* **Ex. 4.**

15

community) violated his oath and his responsibilities as a KCKPD officer and detective. When it served his purposes, Golubski protected certain individuals during his time as a KCKPD officer, whether drug-dealers, prostitutes, or informants, while framing others for crimes they did not commit, including Lamonte McIntyre. Defendant Golubski's illicit relationships, the existence of undisclosed offspring, or his financial support of certain individuals during the time he worked for the KCKPD, is extremely relevant to showing his involvement with certain criminals, prostitutes, and informants, as well as his misconduct in investigations that involved the same individuals he was protecting, exploiting or coercing for sex, or using for information.[33] Golubski provides no supportable objection to this relevant request, and – again – provides no explanation for his Fifth Amendment assertions.

### 5. Other Insufficient Objections

As noted above, Defendant Golubski has the burden "to clarify and explain how each discovery request is irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence." Here, there is no specific description or other indication as to why Defendant Golubski believes each Interrogatory is irrelevant, overbroad or what particular harm would accrue if Defendant Golubski were required to respond. Simply repeating the request itself and asserting they are irrelevant is insufficient.

Defendant Golubski additionally objects to several Interrogatories (No. 1, 3, 11, and 13) stating that they "cover[] an overly broad time range (approximately 45 years)." Additionally, as part of Defendant's relevance objection, he states in response to all Interrogatories (except No. 12) that "such information would have nothing to do with the 1994 events in question." First,

---

[33] *See supra, Section B(2)* relating to Request No. 94 for further discussion on the relevance of identifying Golubski's offspring and beneficiaries from 1994 to the present.

Plaintiffs' claims in this action are not limited to the events that took place in 1994, as the Court has recognized in its Memorandum & Order Granting in Part Motion to Compel (Doc. 365). Further, Plaintiffs allege – quite clearly – that Defendant Golubski's unconstitutional misconduct began many years before Plaintiff's arrest and continued for many years after. *See* Complaint, ¶¶ 1, 33, 41, 108. Plaintiffs' Complaint also alleges that the Unified Government, Defendant Golubski's supervisors and other KCKPD officers and policymakers were aware of Golubski's misconduct and potential illicit activity, but failed to take any steps to intervene, resulting in Plaintiff's wrongful conviction. *See* Complaint, ¶¶ 107-144. Accordingly, Plaintiffs are not limited in discovery to the 1994 investigation into Lamonte McIntyre, but are entitled to full and open discovery into Defendant Golubski's prior and subsequent unconstitutional or illicit activity, especially when the information or documents directly support Plaintiffs' claims. *See generally* Doc. 365. Thus, the fact that Plaintiffs are requesting information from 1976 – when Golubski's criminal and unconstitutional activities likely began – is not a sufficient basis for failing to fully respond to Interrogatories 1, 3, 11, and 13.

Notably, Defendant Golubski also objects to Interrogatories No. 5, 7, and 9, stating that the "request is overly broad in time range as it seeks ten years of information" and Interrogatory No. 6 as it "seeks five years of information." Golubski has cited no case law or applicable statute restricting Plaintiffs' discovery of relevant information to less than five or ten years. Instead, Kansas courts have held that – in regard to temporal scope of discovery – information prior to the liability period at issue "may be relevant to demonstrate the pattern and practice of…conduct alleged by Plaintiffs."[34] In light of the extensive, decades-long allegations of misconduct by Defendant Golubski, (not to mention Plaintiffs' *Monell* claim, which requires Plaintiffs to prove

---

[34] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652 (D. Kan. 2006).

municipal customs or practices that caused or led to the unconstitutional conduct)[35] there is no reasonable basis upon which Golubski should be allowed to refuse to answer the above-mentioned Interrogatories based on temporal scope. Plaintiffs therefore request an order compelling Defendant to fully answer Interrogatories 1, 3, 5, 7, 11, and 13.

### D. Relief Sought

The above-mentioned Requests and Interrogatories clearly fall within the broad definition of relevance under the Federal Rules of Evidence and applicable case law as the information sought bears directly on Plaintiffs' claims of misconduct against Defendant Golubski and Plaintiffs' claims of a pattern and practice of misconduct. Because the requested documents and information are relevant and will likely evidence Defendant's long-standing pattern and practice of corruption, conflicts of interest, misconduct in investigations, and outright illegal activity by Golubski – including the wrongful conviction of Plaintiff Lamonte McIntyre and the assault of Plaintiff Rose McIntyre – he should be required to conduct a full search of his records for responsive documents and provide them to Plaintiffs. Plaintiffs have no other avenue to obtain these documents that bear directly on whether Golubski's illicit and unconstitutional conduct occurred prior to or continued long after Plaintiff was wrongfully convicted, especially due to Golubski's Fifth Amendment invocations during both days that he was deposed in this lawsuit.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its motion to compel, and order Defendant to produce any and all documents responsive to Plaintiffs' Third Set of Requests for the Production of Documents, specifically Requests No. 94 and 132 and to fully

---

[35] *See C.F.B. v. Hayden,* No. 16-2645-CM, 2019 WL 1299679 (D. Kan. March 21, 2019).

and substantively answer Plaintiffs Second Set of Interrogatories to Defendant Golubski, specifically including Interrogatories 1, 4-6, 9, 11, and 13.

Dated: September 13, 2021                    Respectfully submitted,

                                                 LATHROP GPM LLP

By: /s/ *Alana McMullin*
    Michael J. Abrams #15407
    Alexander T. Brown #78891
    Alana McMullin #78948
    2345 Grand Boulevard, Suite 2200
    Kansas City, MO 64108
    (816) 292-2000
    (816) 292-2001 Facsimile
    michael.abrams@lathropgpm.com

    Cheryl A. Pilate #14601
    Lindsay Runnels #78822
    Morgan Pilate, LLC
    926 Cherry Street
    Kansas City, MO 64106
    Telephone: (816) 471-6694
    Facsimile: (816) 472-3516
    cpilate@morganpilate.com

    Barry Scheck (admitted *pro hac vice*)
    Emma Freudenberger (admitted *pro hac vice*)
    Yasmin Dagne (admitted *pro hac vice*)
    Neufeld Scheck & Brustin, LLP
    99 Hudson Street, Eighth Floor
    New York, NY 10013
    Telephone: (212) 965-9081
    Facsimile: (212) 965-9084
    emma@nsbcivilrights.com

    *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that on the 13th day of September, 2021, the foregoing was electronically filed with the clerk of the court using the CM/ECF system which will provide notice and service to all counsel of record.

                /s/ *Alana McMullin*
                *An Attorney for Plaintiffs*