# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAMONTE MCINTYRE &
ROSE LEE MCINTYRE,**

               Plaintiffs,

v.

**UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY AND
KANSAS CITY, KANSAS, ET AL.**

               Defendants.

Case No. 2:18-cv-02545

## DEFENDANT GOLUBSKI'S RESPONSES AND OBJECTIONS TO PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT GOLUBSKI

### INTERROGATORIES

1. Other than present employment or employment with the Kansas City, Kansas or Edwardsville Police Departments, the Kansas City, Kansas Housing Authority, Providence Medical Center, and Walgreens, list all other contracts, employment, or other means of income, including "self-employment," proceeds from criminal activity, cash that is not income, gifts, money, non-taxable income or assets from your business or employment or any other source since 1976. With regard to each, state:

    a. The name, address, and telephone number of the other parties to the contract, if applicable, or your employer;

    b. The inclusive dates of employment;

1

    c. A description of the type of work performed, services delivered, or goods provided;

    d. Your gross annual income from such employment, contracts, or other source of income, and any gifts, money, non-taxable income or assets you received, in each of the years you received that income.

**Objection. Defendant Golubski's other means of income, if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as such information would have nothing to do with the 1994 events in question. The request seeks overly broad information, covers an overly broad time range (approximately 45 years), and is overly burdensome as it purports to require Defendant Golubski to disclose, for example, every gift he received over four-plus decades. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC,* **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

  2. Identify if you have any outstanding debts, including but not limited to income taxes, mortgages, contract obligations, or promissory notes, whether the debt is owed by you solely or owed jointly and, if so, with whom and in what proportion. For each obligation also state:

    a. the name of the creditor,

2

   b. the terms of any promissory notes,

   c. the value or any security,

   d. the rate of interest,

   e. the present unpaid balance, and

   f. the payment due dates and amounts

**Objection.   Defendant Golubski's debts, if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as they would have nothing to do with the 1994 events in question.   Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC*, **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered").   Further objecting, the request seeks overly broad information about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad").   Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

3. Identify all real property you own or have any interest in, including any leasehold interest, whether individually, jointly, or by any partnership, corporation, or other business entity, whether of record or not, giving land description, street address, the location of any deed or other document of title, the amount of taxes paid, if any, the owner(s) of record, whether any liens exist against the property, and the present fair market value of such property. Include in your answer any leasehold interest or any interest whatsoever in any income producing property since 1976, including the nature of such interest(s).

3

**Objection.** The request is vague and ambiguous as to whether it seeks current information (as the first sentence implies) or information dating back to 1976 (as the second sentence states). Defendant Golubski's real property, if any, is not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. The request seeks overly broad information and covers an overly broad time range (approximately 45 years). Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered. *Pipeline Prods., Inc. v. Madison Cos., LLC*, at *5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed. *Id.* at *8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.

4. Identify if you participate in any pension, profit sharing or other retirement plan, individual retirement accounts, employee stock option or ownership plans or deferred compensation plans, either personally or through a company, state for each:

    a. The name and type of plan;

    b. The amount contributed by you to date and the amount and frequency of your contributions;

    c. The vested amount;

    d. The earliest retirement date with full benefits or actual retirement date;

    e. The expected amount, whether lump sum or monthly payments, at earliest retirement date with full benefits, or actual retirement date, if earlier;

      f. The name and address of the trustee or custodian of such plan;

      g. The name, address and telephone number of the plan administrator;

      h. Your account number, if any;

      i. If you are entitled to be paid for unused benefits for what you have accrued, how such benefits could result in payment to you, and at what rate.

**Objection. Defendant Golubski's participation in such plans, if any, is not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC,* **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

5. Identify if you have any property with a value of $100 or more, including without limitation, stocks, bonds, debentures, mutual fund, marketable or non-marketable securities, money market funds, collectibles, collections, rents, royalties, leases, or any other investment or similar items in the last ten (10) years, whether in your name or not, **and for each item state:**

      a. A description of the property, including name, physical location, and amount;

5

      b. The name and address of the bank or financial institutional where held, if applicable;

      c. The date acquired and/or disposed of;

      d. The name(s) on the accounts;

      e. The amount received by you or amount that you own;

      f. The name and address of each person authorized to draw on the account, if applicable;

      g. The purchase price, date of purchase, and tax basis on the date of purchase; and

      h. The current fair market value.

**Objection. Defendant Golubski's property with a value of $100 or more, if any, is not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. The request is overly broad and burdensome in scope and time as it seeks ten years of information and purports to require Defendant Golubski to disclose all property valued at $100 or more he has owned in that time period. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC,* **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

6. If during the last five years you have had any interest in any bank account, including savings, checking, credit union, or money market management account with any bank or other financial institution, whether in your name or not, and state for each account:

   a. The name and address of the bank or financial institution;

   b. The account number;

   c. The type of account;

   d. The name(s) on the account;

   e. The name and address of each person authorized to draw on the account;

   f. The date the account was opened; and

   g. The date the account was closed

**Objection. Defendant Golubski's bank accounts, if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as they would have nothing to do with the 1994 events in question. The request is overly broad as it seeks five years of information. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC***, at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id***. at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

7. Identify whether during the last ten (10) years there have been any assets on which your name does not appear but from which you have received money, for each asset state the asset's name and location, the name(s) under which the asset is held, the date and amount of funds received by you and the reason for the receipt of funds.

**Objection. Such assets, if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as they would have nothing to do with the 1994 events in question. The request is overly broad in time range as it seeks ten years of information. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC,* **at *5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at *8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

8. Identify if you are a currently involved in any business, enterprise, joint venture, or investment with others, and for such state:
    a. A description of the business, enterprise, or investment;
    b. The name and address of the other parties involved;
    c. The purpose;
    d. Your contribution
    e. The tax basis of your contribution
    f. Your percentage of ownership

8

      g. The fair market value of your share;

      h. Any agreement among the involved parties for ownership, management, and sale

      i. The amount of money or value of the asset received and date of receipt

      j. The consideration given by you or other reason for payment to you

      k. Your present gross monthly income or other compensation arrangement from each such business, enterprise or investment;

      l. The date of such contract or investment.

**Objection. Defendant Golubski's business affairs, if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as they would have nothing to do with the 1994 events in question. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC,* **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

9. State the amount and location of cash that you have on hand or if there are, or were during the last ten (10) year period, any safe deposit boxes, vaults, safes or other places of deposit and safe keeping in which you deposited or kept any money or other items of personal property exceeding $100, for each please state the name and address of the depository, the number or other means of identification, the name and address of each person authorized

to enter the safe deposit, the date the deposit was commenced and terminated, the dates on which you have accessed the box within the last five (5) years, and the present contents of each said place of deposit.

**Objection. The request is compound because it makes two separate requests, separated by the first "or" in the opening sentence. As a result, the request is also vague and ambiguous because Defendant Golubski is confused how to answer and uncertain whether answering one of the questions would constitute a complete response. Further objecting, Defendant Golubski's cash on hand and places of deposit and safe keeping, if any, are not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. The request is overly broad in time range as it seeks ten years of information. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC*, **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id.* **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

10. Identify if any person or entity that holds any property (real or personal) for your benefit including, but not limited to bank accounts, cash, stocks, securities, or investments or property of any kind, state the name and address of such person, firm, or entity, a description of the item held for your benefit, the conditions under which the item is held for your benefit, and the fair market value of the property.

10

**Objection. The requested information is not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC*, **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id*. **at \*8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.**

11. List and describe with particularity all automobiles, boats, motors, trailers, or other vehicles owned by you or in which you claim an interest in since 1976, and for each vehicle state the make, model and year, the purchase price and date of purchase, the present fair market value, where, by street or address, it is currently located, and all mortgages, liens, or encumbrances on such vehicles, the names of the owners of such vehicles.

**Objection. The requested information is not relevant to the substantive claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. The request is overly burdensome in scope and time as it seeks 45 years of information. Further objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered.** *Pipeline Prods., Inc. v. Madison Cos., LLC*, **at \*5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed.** *Id*. **at \*8-10 ("only records of defendants' present**

financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.

12. Identify if you presently own or have an interest in any liability insurance coverage of any kind to pay any judgment awarded in this action, and include the name or names of each insurance company, the policy number and type of policy, the applicable limits of liability insurance any annual premiums, the name and address of each owner of the policy, any beneficiaries named on the policy, and the present cash surrender value of each such policy.

**Response:** I do not own or have an interest in any liability insurance coverage to pay any judgment awarded in this action.

13. Identify if you provide or have provided financial or in-kind support to any person other than yourself or your spouse, state the name of each person and the monthly support or expenses attributable to such person since 1976.

**Objection.** The requested information is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case as it would have nothing to do with the 1994 events in question. The request is overbroad as it covers approximately 45 years. Finally, Defendant Golubski will not answer on Fifth Amendment grounds.

## VERIFICATION

STATE OF MISSOURI    )
                     )
COUNTY OF Jackson    )

I, Roger Golubski, of lawful age, being duly sworn, upon my respective oath, depose and state that I have made answers to the foregoing interrogatories and said answers are true and correct.

*Roger Golubski* (signature)

SUBSCRIBED AND SWORN to before me this 1 day of April, 2021.

*Letha Boyd* (signature)
Notary Public

My Appointment Expires: _____.

> LETHA BOYD
> NOTARY PUBLIC - NOTARY SEAL
> STATE OF MISSOURI
> MY COMMISSION EXPIRES SEPTEMBER 25, 2024
> CLAY COUNTY
> COMMISSION #12398426

Dated: April 1, 2021

Respectfully Submitted,

**McCauley & Roach, LLC**

By: /s/ Morgan L. Roach
Morgan L. Roach, #23060
Sean P. McCauley #20174
527 W. 39th St., Suite 200
Kansas City, MO 64111
Telephone: (816) 523-1700
Facsimile:   (816) 523-1708
E-mail:morgan@mccauleyroach.com
E-mail: sean@mccauleyroach.com

**Certificate of Service**

The undersigned certifies that on the 5th day of April, 2021, true and correct copies of Plaintiff's Second Set of Interrogatories to Defendant Golubski were served *via* electronic mail to counsel of record.

/s/ Morgan L. Roach