# EXHIBIT 5



2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

**Alana M. McMullin**
Associate
alana.mcmullin@lathropgpm.com
816.460.5531

April 23, 2021

**CONFIDENTIAL**
**VIA EMAIL** AT MORGAN@MCCAULEYROACH.COM

Morgan L. Roach
McCauley & Roach, LLC
527 W. 39th St., Suite 200
Kansas City, MO 64111

RE:     *McIntyre v. Unified Government, et al.* Case No. 2:18-cv-02545-KHV-KGG
        Deficiencies in Discovery Responses

Dear Mr. Roach:

We received on April 5, 2021, Defendant Roger Golubski's Objections and Responses to Plaintiffs' Third Set of Requests for Production of Documents and his Responses and Objections to Plaintiffs' Second Set of Interrogatories. Please consider this correspondence a good faith attempt to resolve discovery disputes as set forth below. The issues we would like to address with you are as follows:

## I.     Requests for Production of Documents

Initially, we note that Defendant Golubski did not object to *eighty-four* out of eighty-seven of Plaintiff's Requests for Production. Instead, Defendant Golubski's response to those *eighty-four* Requests is identical: that "Defendant Golubski does not have any responsive documents in his custody or control." To the extent the Defendant is claiming only a lack of possession of documents, Defendant should reconsider its responses in light of K.S.A. § 60-234, which requires production of documents that are "in the responding party's possession, custody or *control*." (Emphasis added). The Kansas Supreme Court has made clear that "actual physical possession of the documents is not the criterion for [] production," but instead, "control" is "the basic test."[1] A party has "control" when it has the legal right, authority, or ability to obtain the documents.[2] Failure to produce documents within a party's control is sanctionable.[3] Please confirm that Defendant

---

[1] *Williams v. Consol. Inv'rs, Inc.,* 205 Kan. 728, 733–34, 472 P.2d 248, 252 (1970).

[2] *Id*.; *Wardrip v. Hart,* 934 F. Supp. 1282, 1286 (D. Kan. 1996) (applying Fed. R. Civ. P. 34(a)).

[3] E.g. *Prather v. Olson,* 1 Kan. App. 2d 142, 148, 562 P.2d 142, 147 (1977) (defendant willfully violated a production order and ordered sanctions when he failed to produce documents not within his "possession" but within his "control" or which were accessible).

Golubski has attempted to gain control of documents that he has a legal right to demand or ability to obtain and/or that after diligent efforts, those documents still could not be obtained.

Regardless of Defendant Golubski's purported lack of "custody or control," the Defendant separately objected to Requests for Production No. 94, 95, and 132, discussed further below.

## Requests No. 94, 95, and 132.

In response to Request No. 94 (which seeks information relating to Defendant Golubski's insurance, beneficiaries, and offspring) and Request No. 95 (which seeks information relating to mailing addresses or residences in Missouri) the Defendant objects baselessly to relevance, proportionality and overbreadth. Notably, Defendant Golubski also simultaneously asserts his Fifth Amendment privilege, and (in response to Requests No. 94 and 132) is withholding documents on that basis. However, Request No. 94 is relevant as it may reveal (1) Golubski's offspring in the community that he fathered with female informants, and (2) misconduct in investigations that involved individuals he was protecting, exploiting for sex, or related to. Likewise, any residences in Missouri may connect Golubski to illicit activity or reveal that he was financially supporting prostitutes, informants, or any children he had with either.

Likewise, in response to Request No. 132, (regarding Ethel Abbott, Defendant Golubski's ex-wife) the Defendant objects to providing the information on the basis of relevance, proportionality, vague and ambiguous, and overbreadth. Like Requests No. 94 and 95, Defendant Golubski also apparently invokes his Fifth Amendment rights stating "Defendant Golubski will not produce any such documents on Fifth Amendment grounds." Ethel was married to Roger Golubski in the 1990s when Plaintiff was wrongfully convicted. Following the annulment of their marriage, Ethel was stalked and harassed by Golubski, just as Plaintiff Rose Lee McIntyre was. *See* Complaint, ¶¶ 3-4, 41-45, 108-125, 131-144.[4] Ethel also complained to the police department about Golubski, after which he was allegedly ordered to stay away from her. Yet, when Ethel's home was broken into, Golubski was involved in the investigation. This evidence is clearly relevant to Plaintiffs' claims in this lawsuit, and show a pattern and practice of Golubski's harassment and stalking of women, as well as his involvement in investigations where clear conflicts of interest exist.

## Boilerplate Objections

First, like most courts, the District of Kansas strongly disfavors conclusory and boilerplate objections.[5] As the responding party, Defendant Golubski has the burden "to clarify and explain how each discovery request is irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence."[6] Accordingly, Defendant Golubski "cannot rely on his boilerplate

---

[4] *See* December 11, 2013 Affidavit of Ethel Abbott (LMKSDC_0004740-0004743).

[5] *See Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.,* No. 13-2150-CM-KGG, 2014 WL 2815515, at *4 (D. Kan. June 23, 2014).

[6] *Cont'l Ill. Nat'l Bank & Tr. Co. v. Caton,* 136 F.R.D. 682, 685 (D. Kan. 1991).

objections alone, but rather must provide specific support for these objections."[7] Instead, he failed to specify *how* each request is irrelevant, overbroad, or what particular harm would accrue if Defendant Golubski were required to respond.[8] Thus, Golubski's responses are deficient and Plaintiffs request Defendant Golubski produce documents responsive to Requests No. 94, 95, and 132 within fourteen (14) days. Additionally, under the collective entity doctrine, Defendant Golubski cannot invoke the Fifth Amendment to avoid producing documents of the KCKPD that are in his custody, even if his act of producing such documents might be personally incriminating.[9]

### Fifth Amendment Invocation

Second, although the Fifth Amendment protects a criminal defendant from being compelled to disclose matters which would make him a witness against himself, "the Fifth Amendment applies only when the accused is compelled to make a *testimonial* communication that is incriminating."[10] The District Court of Kansas has previously held that the "the privilege against self-incrimination does not protect one from producing documents, unless the *act of production* itself could operate to incriminate the producer."[11] Here, the existence of responsive information to Request No. 94 (insurance policies, beneficiaries, dependents, offspring, or spouses) Request No. 95 (residences in Missouri) or Request No. 132 (incidents involving harassment or stalking by Golubski) would not incriminate the Defendant, as most of the above are well-known in the community, are a matter of public record, and/or are information also known to the KCKPD or its employees. Even if the mere existence of these documents could incriminate Golubski (it couldn't), the District Court of Kansas has required a defendant invoking their Fifth Amendment rights in a civil case to provide a privilege log in accordance with Fed. R. Civ. P. 26(b)(5) and to "adequately demonstrate the applicability of the privilege against self-incrimination to each particular interrogatory and request for production."[12]

Accordingly, Plaintiffs request that Defendant Golubski withdraw any Fifth Amendment assertion to Requests No. 94, 95, and 132 and produce responsive documents within fourteen (14) days. If the Defendant refuses to withdraw such invocation, please provide a privilege log explaining the applicability of the self-incrimination privilege to each specific Request above and what documents Defendant Golubski is withholding on that basis.

### II.   Interrogatories

In response to all but one of Plaintiff's Second Set of Interrogatories, Defendant Golubski uses some version of the boilerplate objection below:

---

[7] *Design Basics, L.L.C. v. Strawn*, 271 F.R.D. 513, 519 (D. Kan. 2010); *see also Emps. Com. Union Ins. Co. of Am. v. Browning-Ferris Indus. of Kansas City, Inc.,* No. CIV. A. 91-2161-JWL, 1993 WL 210012, at *2 (D. Kan. Apr. 5, 1993) ("The objecting party generally has the burden to substantiate its objections.")

[8] *See Gen. Elec. Cap. Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2003).

[9] *Thomas v. Tyler*, 841 F. Supp. 1119, 1127-28 (D. Kan. 1993)

[10] *Id.* at 1124.

[11] *Starlight Int'l, Inc. v. Herlihy*, 181 F.R.D. 494, 498 (D. Kan. 1998); *Thomas*, 841 F. Supp. at 1130.

[12] *Starlight*, 181 F.R.D. at 498.

Objection. Golubski's _____ if any, are not relevant to the substantive claims or defenses in this matter and are not proportional to the needs of the case as such information would have nothing to do with the 1994 events in question. Further, objecting, the request improperly seeks information about ability to pay a judgment prior to a judgment being entered. *Pipeline Prods., Inc. v. Madison Cos., LLC,* at *5-6 (D. Kan. March 22, 2019) ("discovery about a litigant's ability to pay a judgment is generally not permissible until a judgment is entered"). The request seeks overly broad information in scope and time range about financial condition or net worth as it seeks more information than needed. *Id.* at *8-10 ("only records of defendants' present financial state are within the scope of discovery, and all other records are facially overbroad"). Finally, Defendant Golubski will not answer on Fifth Amendment grounds.

As mentioned under "Boilerplate Objections" above, Defendant Golubski has the burden "to clarify and explain how each discovery request is irrelevant" and "not reasonably calculated to lead to the discovery of admissible evidence." Here, there is no specific description or indication as to why Defendant Golubski believes each Interrogatory is irrelevant, overbroad or what particular harm would accrue if Defendant Golubski were required to respond.[13] Simply repeating the timeframe identified by Plaintiffs in the Interrogatory itself is insufficient.

Likewise, as mentioned under "Fifth Amendment Invocation" above, Defendant Golubski's assertion of the Fifth Amendment here is insufficient. The Fifth Amendment privilege does not excuse a party from answering "merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination."[14] Instead, the party asserting the privilege must show that "a compulsory response to individual questions . . . will pose a substantial and real hazard of subjecting them to criminal liability."[15] Indeed, as recently as 2020, the District Court of Kansas rejected a defendant's reliance on the Fifth Amendment privilege in response to 24 interrogatories.[16] The Court determined that the "blanket assertion" of the privilege did not provide the Court with facts or information from which it could determine whether the defendant's concern of criminal prosecution was reasonable.[17]

Accordingly, Plaintiffs request Defendant Golubski withdraw any Fifth Amendment assertion to Plaintiff's Second Set of Interrogatories No. 1-13 and produce responsive documents within fourteen (14) days. If the Defendant refuses to withdraw such invocation, please provide a privilege log explaining the applicability of the self-incrimination privilege to each specific Interrogatory and the type of information Defendant Golubski is withholding on that basis.

## **Financial Records and Information**

---

[13] *See Gen. Elec. Cap. Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2003).

[14] *KCI Auto Auction, Inc. v. Ephrem*, 2020 WL 5503350, *3 (D. Kan. Sept. 11, 2020)

[15] *Id.*

[16] *Id.*

[17] *Id.*

Initially, you misconstrue Plaintiffs' Interrogatories relating to Defendant Golubski's income, employment, cash, properties, etc. as solely seeking the Defendant's "ability to pay a judgment." Instead, each one of Plaintiffs' Interrogatories has a direct correlation to the allegations made against Defendant Golubski in the current action, and are separately and independently relevant to Plaintiff's claims against your client. Regardless, your reliance on *Pipeline Productions*, *Inc. v. Madison Companies, LLC* is flawed, as the court was concerned the request for financial documents was not related to plaintiff's claims – unlike the case at bar. Further, the Court in *Pipeline* also held that "information about a party's net worth or financial condition **is relevant** to the issue of punitive damages." There is no dispute Plaintiffs have alleged punitive damages in this case. *See* Complaint, *Prayer for Relief,* ¶ B. Because any financial information requested is either (1) relevant to the allegations that Golubski was involved in the drug trade, prostitution, corruption, and bribery, or (2) pertains to punitive damages, the documents related to Golubski's sources of income and current financial status are relevant.

## **Overly Broad and Burdensome Objections**

You object to several Interrogatories (No. 1, 3, 11, and 13) stating that they "cover[] an overly broad time range (approximately 45 years)." Additionally, as part of Defendant's relevance objection, you state in response to *all* Interrogatories (except No. 12) that "such information would have nothing to do with the 1994 events in question." First, as counsel well knows, Plaintiffs claims in this action are not limited to the events that took place in 1994. Instead, Plaintiffs allege – quite clearly – that Defendant Golubski's unconstitutional misconduct began *many years* before Plaintiff's arrest and continued for many years after. *See* Complaint, ¶¶ 1, 33, 41, 108.

Further, Plaintiffs' Complaint alleges that Defendant Golubski's supervisors and other KCKPD officers and policymakers were aware of Golubski's misconduct and potential illicit activity, but failed to intervene, resulting in Plaintiff's wrongful conviction. *See* Complaint, ¶¶ 107-144. Accordingly, Plaintiffs are not limited in discovery to the 1994 investigation into Lamonte McIntyre, but are entitled to full and open discovery into Defendant Golubski's prior and subsequent unconstitutional or illicit activity. Thus, the fact that Plaintiffs are requesting information from 1976 – *when Golubski's criminal and unconstitutional activities likely began*[18] – is not a sufficient basis for failing to respond to these Interrogatories.

Notably, you also object to Interrogatories No. 5, 7, and 9, stating that the "request is overly broad in time range as it seeks ten years of information" and Interrogatory No. 6 as it "seeks five years of information." You cite no case law or statute restricting Plaintiff's discovery of relevant information to less than five or ten years. Instead, Kansas courts have held that – in regard to temporal scope of discovery – information prior to the liability period at issue "may be relevant to demonstrate the pattern and practice of...conduct alleged by Plaintiffs."[19] In light of the extensive, decades-long allegations of misconduct by Defendant Golubski (not to mention Plaintiffs' *Monell*

---

[18] *See* LMKSDC_0004768-0004770.
[19] *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 652 (D. Kan. 2006)

claim), there is no reasonable basis upon which to refuse to answer these Interrogatories on the basis of temporal scope.

## Relevance of Each Interrogatory

Further, although you, the objecting party, have the burden to clarify why a discovery request or interrogatory is not relevant (making your objections insufficient here), we nonetheless detail some of the reasons each Interrogatory is relevant to Plaintiffs' claims in this action, and address further objections raised by Defendant Golubski below.

## Interrogatory 1, 3, 5, 7, 8, 9, 10, 11

Interrogatories No. 1, 3, 5, 7, 8, 9, 10, and 11 all seek information relating to Defendant Golubski's proceeds from criminal activity or properties associated with the unconstitutional conduct alleged in the Complaint. In fact, Interrogatory No. 1 outright states it is seeking information relating to "proceeds from criminal activity," including income, gifts, and money from "employment" dating back to 1976. Likewise, Interrogatory No. 3 seeks the identification of properties, (including income producing properties) which Plaintiffs believe were stash houses, involved in or connected to Golubski's unconstitutional conduct, illicit operations, sexual exploits of prostitutes, or drug-related activity during the time that Golubski was a member of the KCKPD. Additionally, Interrogatory No. 8 seeks the identification of businesses, enterprises or investments Defendant Golubski is currently involved in – whether legal or illegal – a category clearly relevant to Plaintiffs' claims.

Further, Interrogatories No. 5, 7, 9, and 10 seek information regarding other potential methods by which Defendant Golubski may have accepted or invested proceeds of his misconduct or illicit activity, including properties, vehicles, monies, cash, investments, or assets held by another for Golubski's benefit within the last five to ten years. These Interrogatories directly relate to the conduct alleged in Plaintiffs' Complaint, that Golubski was corrupt, accepted bribes or payoffs in cash, shook down drug dealers, participated in cash for drug transactions, received other gifts in exchange for favors or protection and then used those drugs, cash, and other gifts (among other things) to pay prostitutes for sex. *See generally* Complaint, ¶ 113, 123-125.[20] Likewise, the information sought by these Interrogatories may reveal that Golubski's assets, properties, or investments were obtained through his misconduct. Regardless, *at the very least,* any information obtained is likely to lead to the discovery of admissible evidence.

## Interrogatory 2 and 4

Interrogatories 2, 4, and 6 seek information relating to Defendant Golubski's current financial state. Specifically, Interrogatory 2 seeks information relating to Defendant Golubski's outstanding debts, Interrogatory 4 seeks information relating to his pension and retirement benefits, and Interrogatory 6 seeks information relating to his current bank accounts. As counsel admits in

---

[20] *See* December 11, 2013 Affidavit of Ethel Abbott (LMKSDC_0004740-0004743); July 31, 2015 Affidavit of K.D. (LMKSDC_0004697-0004700); May 14, 2015 Affidavit of Ruby Ellington (LMKSDC_0006666-0006669); and February 9, 2011 Affidavit of Joe Robinson (LMKSDC_0004647-0004650).

Defendant Golubski's objection to these Interrogatories, "records of defendants' present financial state are within the scope of discovery…" Plaintiffs agree. Defendant Golubski's *current* outstanding debts, retirement benefits (he is retired), and the amount of money in his bank account directly bears on the Defendant's present financial state and should be produced.

**Interrogatory 13**

Interrogatory 13 seeks information relating to financial support Defendant Golubski has or previously have provided to any person other than spouses since 1976. First and foremost, at its most basic level, Plaintiffs' Complaint alleges that Defendant Golubski's personal life (his proclivity for sex with poor, black, drug-addicted prostitutes) was an impediment to his professional life as a KCKPD officer and detective. Golubski protected certain individuals during his time as a KCKPD officer, whether drug-dealers, prostitutes, or informants, while framing others for crimes they did not commit. Defendant Golubski's offspring, or financial support of certain individuals during the time he worked for the KCKPD is extremely relevant to showing his involvement with certain criminals, prostitutes, and informants, as well as his misconduct in investigations that involved the same individuals he was protecting, exploiting for sex, or using for information.

**III.     Conclusion**

Please provide either the documents and answers requested or your response to this correspondence before April 30, 2021, or let me know when you are available to meet and confer on the above issues. Should you fail to do so, we will be forced to file a motion to compel discovery with the court. Please contact me should you have any questions.


Best regards,

Lathrop GPM LLP



Alana M. McMullin

**Associate**