# EXHIBIT 7



# McCauley & Roach, LLC
Missouri • Kansas • Colorado

All Attorneys Admitted in
Kansas and Missouri

*Also Admitted in Colorado

Sean P. McCauley*
Morgan L. Roach
Jeff S. Kratofil
Nicholas S. Ruble

August 19, 2021

Alana McMullin
Associate
Lathrop GPN LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618

Re: *McIntyre v. Unified Government et al.*, Case No. 18cv2545

Dear Ms. McMullin,

I write in response to your email dated August 5, 2021. In that message, you requested "in relation to the documents Defendant Golubski produced (on July 8)" a "privilege log for the redacted information and to clarify what responsive documents Defendant Golubski is withholding based on his asserted Fifth Amendment (or any other) privilege?" On August 6, 2021, I agreed to provide you such information.

In my preparation for drafting this letter, however, I determined that our production needs to be supplemented because we initially produced a partial document and because we are withdrawing some of our prior redactions. As a preliminary matter, I am therefore attaching and producing documents Golubski000283-293. You will notice there is significant overlap between these documents and the documents previously produced as Golubski000276-282.

Regarding the redactions, these documents are produced in connection with Request No. 94 of Plaintiffs' Third Set of Requests For Documents and Things To All Defendants. That request sought documents showing "any beneficiaries, insured, or dependent(s) of Roger Golubski." The produced documents show this information—*the responsive information*—in unredacted fashion.

sean@mccauleyroach.com
morgan@mccauleyroach.com
jeff@mccauleyroach.com
nicholas@mccauleyroach.com

527 W. 39th Street, 2nd Floor
Kansas City, MO 64111
www.mccauleyroach.com

Phone: 816-523-1700
Fax: 816-523-1708

Letter to Alana McMillin
August 19, 2021
Page 2 of 2

    With that said, we have redacted areas of the document—those areas displaying specific financial data—that are non-responsive to Request No. 94 and that also implicate Defendant Golubski's Fifth Amendment rights. This is consistent with Defendant Golubski's Fifth Amendment invocations asserted in response to your separate discovery requests which targeted this type of financial information. *See e.g.* Defendant Golubski's First Supplement To His Responses and Objections To Plaintiffs' Second Set of Interrogatories To Defendant Golubski (Interrogatory No. 4). To the extent necessary, please consider those Fifth Amendment assertions (and other objections) incorporated by reference. These redactions aside, Defendant Golubski is not withholding any document based upon privileges in connection with Plaintiffs' Third Set of Requests For Documents and Things To All Defendants.

    Before concluding, I noticed in your recent motion (doc. 385) that you implied there may also be confusion concerning "which Interrogatories are not being answered based upon Golubski's asserted privilege." While I did not interpret your email to make this request, I can clarify that in Defendant Golubski's First Supplement To His Responses and Objections To Plaintiffs' Second Set of Interrogatories To Defendant Golubski, Defendant Golubski maintained his Fifth Amendment assertion (as well as his other objections) as to Interrogatories Nos. 1 (in part), 4, 5, 6, 9, 11, and 13.

    Please let me know if you have any further questions.

Respectfully,

*Morgan*

Morgan L. Roach

MLR/lb
Enclosures