# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAMONTE MCINTYRE &** **ROSE LEE MCINTYRE**, Plaintiffs, v. **UNIFIED GOVERNMENT OF** **WYANDOTTE COUNTY AND** **KANSAS CITY, KANSAS, ET AL.** Defendants. | Case No. 2:18-cv-02545 |

**PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF**
**DOCUMENTS AND THINGS TO ALL DEFENDANTS**

Under Federal Rules of Civil Procedure 26 and 34, Plaintiffs Lamonte McIntyre and Rose Lee McIntyre, by and through their attorneys, Neufeld Scheck & Brustin, LLP, Lathrop Gage, LLP, and Morgan Pilate, LLC, demand that Defendants Unified Government of Wyandotte County and Kansas City, Kansas; Roger Golubski; Jon A. Blongewiecz as Special Administrator of the estates of James Michael Krstolich, Dennis Otto Barber, and Steven Culp; Dennis Ware; James L. Brown; Clyde Blood; and W.K. Smith produce documents responsive to the following requests within 30 days of service of this demand. As required by Rule 26(e), Defendants must promptly amend or supplement answers or disclosures within 30 days after additional information or material is acquired, and in no event later than 30 days before trial.

Defendant's answers must restate each document request in full before responding to it. Each document request must be accorded a separate answer. Each response shall first set forth verbatim the document request to which it is responsive. Requests or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to a document request or subpart must not be supplied by referring to the answer to another request for documents unless the request for documents or subpart referred to supplies a complete and accurate answer

to the request for documents or subpart being answered.

It is further required that all documents produced appear in the form, order, and condition that they are in on the day that these document requests are served, including all comments, notes, remarks, or other materials which may have been added to documents subsequent to their initial preparation. Documents that in their original condition were stapled, clipped, or otherwise fastened together shall be produced in the order in which they were originally arranged. Documents not otherwise responsive to a request shall be produced if such documents refer to, relate to, or explain the documents called for in this Request, or if such documents are attached to documents called for in this Request and constitute routing slips, transmittal memoranda or letters, comments, evaluations, or similar documents. In accordance with the parties' agreement before the Court, documents shall be produced electronically.

If documents are not in your possession but within your control, you are required to comply with the definition and instructions for "control" below. If no responsive documents exist then so state. If you object to any request on the grounds of privilege, your response must identify the nature of the responsive information and specify the claimed privilege in a log, consistent with Rule 26(b)(5). If you object to or otherwise do not respond to any Request, in whole or in part, set forth the nature and basis for the objection or other failure or refusal to respond in sufficient detail so that the court can determine the propriety of such objection or failure or other refusal to respond, and state whether any information is being withheld on the basis of the objection.

## DEFINITIONS

The following definitions and principles shall be deemed to have the meaning set forth herein, and are incorporated herein and throughout this and each succeeding set of discovery requests, if any, as though fully set forth at length, unless expressly stated to the contrary.

a.     **Communication**. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

b.     **Document**. The term "document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft or non-identical

2

copy is a separate document within the meaning of this term.

c.  **Identify** (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

d.  **Identify** (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

e.  **Parties**. The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation.

f.  **Person**. The term "person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

g.  **Concerning**. The term "concerning" means relating to, referring to, describing, evidencing or constituting.

h.  **All/Any/Each**. The terms "all," "any," and "each" shall each be construed as encompassing any and all.

i.  **And/Or**. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

3

j.   **Number**. The use of the singular form of any word includes the plural and vice versa.

k.   **You**. The term "you" refers to the party to whom these requests to admit are propounded, its agents, employees, representatives, and attorneys, and those employed by its attorneys.

l.   **KCKPD.** The term "KCKPD" refers to the Kansas City, Kansas Police Department and any administrative subpart thereof.

## REQUESTS FOR PRODUCTION

93. Identify and produce true and correct copies of any and all documents reflecting KCKPD rules and regulations, general or special orders, policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1985 and 2000, concerning the following:

   a.   The procedures for launching an Internal Affairs Unit investigation;

   b.   The individuals who can launch an Internal Affairs Unit investigation; and

   c.   The bases on which an individual can launch an Internal Affairs Unit investigation.

   d.   The procedures for conducting an Internal Affairs Unit investigation, whether considered "administrative" or "criminal" in nature.

   e.   The procedures for making any decision or finding concerning an Internal Affairs Unit investigation.

   f.   The procedures for applying discipline following an Internal Affairs investigation.

   g.   The procedures for challenging or appealing any finding or discipline following an Internal Affairs Unit investigation.

94. Identify and produce any and all documents, including any personnel documents, insurance applications, insurance policies, or documents of any kind, that list any beneficiaries, insureds, or dependent(s) of Roger Golubski, including any offspring and/or any spouses or domestic partners.

4

95.   Identify and produce any documents that reflect any address used as a mailing address or residence by Roger Golubski in the State of Missouri.

96.  Identify and produce any documents that reflect worked performed by James Brown for the Kansas City, Kansas Housing Authority (KCKHA), including but not limited to:

    a.  any agreement or contract between Brown and the KCKHA to perform background checks or work of any kind for the Housing Authority while he was employed by the KCKPD;

    b.  any review or internal investigation by the KCKPD, regardless of whether conducted by Internal Affairs, into Brown's work for the KCKHA;

    c.  any documents showing whether Brown used facilities of the UG or KCKHA to conduct any work for the KCKHA;

    d.  any discipline, including counseling or sanction of any kind, imposed on Brown for performing work for the KCKHA.

    e.  any correspondence, memoranda or documents of any kind concerning any work performed by Brown for the KCKHA during his employment by the KCKPD.

97.  Identify and produce true and correct copies of any and all documents reflecting calls for service, offense or incident reports, and investigative case files created between 1985 and 2000 concerning the following addresses, each located in Kansas City, Kansas:

    a.  1233 Central (Jack Swall Auto)

    b.  3005 Brown

98.  Identify and produce photographs of all of the following individuals, including jail mugshots or any photographs used or maintained as part of a photographic lineup, a missing persons report, or any police report or investigative file:

    a.  Theresa A. Davis, DOB: xx-xx-1959

    b.  Rosemary Baker-Powers, DOB: xx-xx-1960

    c.  Sandra J. Wilson, DOB: xx-xx-1940

5

    d.  Rose M. Calvin, DOB: xx-xx-1957

    e.  Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir, DOB: xx-xx-1955

    f.  Sandra Glover, DOB: xx-xx-1963

    g.  Beatrice Russell, DOB: xx-xx-1955

    h.  Diane Edwards, DOB: xx-xx-1963

    i.  Monique L. Allen, DOB: xx-xx-1971

    j.  Rhonda Tribue, aka Rhonda Easley, DOB: xx-xx-1965

    k.  Anita Webb, DOB: xx-xx-1958

    l.  Vicki (Vickie) Hollinshed, aka Vicki Dew, DOB: xx-xx-1953

    m. Kia Vang, DOB: xx-xx-1937

    n.  Eliza (Elza) A. Michie, aka Eliza Mitchie, DOB: xx-xx-1973

    o.  Barbara L. Finch, DOB: xx-xx-1960

    p.  Trina F. Harris, DOB: xx-xx-1970

    q.  Pearlina D. Henderson, DOB: xx-xx-1969

    r.  Kimyonis (Kim) M. Palmer, DOB: xx-xx-1970

    s.  Gwinn Green, DOB: xx-xx-1964

99. Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. xx-xx/1960), complaint # 02035001053.

100.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. xx-xx/1960), complaint # 02035001053, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

101.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. xx-xx/1937), complaint # 2001073609.

102.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. xx-xx/1937), complaint # 2001073609, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

103.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. xx-xx/1940), complaint # 05195008473.

104.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. xx-xx/1940), complaint # 05195008473, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

105.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/22/1996 homicide of **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. xx-xx/1955), complaint # 11226010462.

106.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/22/1996 homicide of **Pearl Barnes**, **aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. xx-xx/1955), complaint # 11226010462, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

7

107.	Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. xx-xx/1963), complaint # 03097003811.

108.	Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. xx-xx/1963), complaint # 03097003811, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

109.	Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. xx-xx/1971), complaint # 01108004371.

110.	Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. xx-xx/1971), complaint # 01108004371, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

111.	Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/15/2000 homicide of **Anita Webb** (D.O.B. xx-xx/1958), complaint # 200011925.

112.	Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/15/2000 homicide of **Anita Webb** (D.O.B. xx-xx/1958), complaint # 200011925, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

113.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/2004 homicide **of Eliza (or Elza) Michie, aka Mitchie** (D.O.B. xx-xx/1973), complaint # 2004020325.

114.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/2004 homicide of **Eliza (or Elza) Michie, aka Mitchie** (D.O.B. xx-xx/1973), complaint # 2004020325, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

115.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/08/2006 homicide of **Barbara L. Finch** (D.O.B. xx-xx/1960), complaint # 2006051111.

116.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/08/2006 homicide of **Barbara L. Finch** (D.O.B. xx-xx/1960), complaint # 2006051111, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

117.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. xx-xx/1982), complaint # 2006053758.

118.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. xx-xx/1982), complaint # 2006053758, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

119.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. xx-xx/1970), complaint # 2006083529.

120.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. xx-xx/1970), complaint # 2006083529, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

121.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. xx-xx/1969), complaint # 2008112356.

122.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. xx-xx 1969), complaint # 2008112356, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

123.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. xx-xx/1959), autopsy #: L02-7260/M02-064, complaint # unknown.

124.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. xx-xx/1959), autopsy #: L02-7260/M02-064, complaint # unknown, including without limitation documents

10

pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

125.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. xx-xx/1976), Internal Affairs Unit case #: C96-8-2.

126.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. xx-xx/1976), Internal Affairs Unit case #: C96-8-2, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

127.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown.

128.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

129.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. xx-xx/1965), complaint # 09229010153.

130.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. xx-xx/1965), complaint # 09229010153, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

131.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s), including without limitation autopsy reports, missing persons reports, reports documenting a body recovered or identified, and other investigative reports, regarding the investigation of 07/06/1996 death of a woman whose body was reported to have been found in the parking lot of a trucking company in the 500 block of Miami Street in Kansas City, Kansas.

132.     Identify and produce true and correct copies of all documents pertaining to **Ethel Abbott aka Ethel Spencer aka Ethel Golubski** (DOB: xx-xx/1965), including without limitation:

   a.   list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim or witness, including a break-in at her home and any incidents involving harassment or stalking by Roger Golubski; and

   b.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski, including any directives or orders by KCKPD supervisors/commanders to Golubski to refrain from stalking or harassing the individual or requiring him to maintain a certain distance from the individual.

133.     Identify and produce true and correct copies of all documents pertaining to **Monique Allen** (DOB: xx-xx/1971), including without limitation:

   a.   the complete criminal history or "rap sheet";

   b.   any documents referring to or reflecting criminal history;

12

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the Wyandotte County District Attorney's Office (WCDAO);

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

134.  Identify and produce true and correct copies of all documents pertaining to **Wendell Anderson** (DOB: xx-xx/1962), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

135.    Identify and produce true and correct copies of all documents pertaining to **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (DOB: xx-xx/1953), including without limitation:

      a.   the complete criminal history or "rap sheet";

      b.   any documents referring to or reflecting criminal history;

      c.   all files regarding any arrest or any incident involving detention by KCKPD;

      d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e.   every statement given to any KCKPD employee or employee of the WCDAO;

      f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

      g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

136.    Identify and produce true and correct copies of all documents pertaining to **Connie Byas aka Connie J. Wallace** (estimated D.O.B. xxx/1971), including without limitation:

      a.   any missing persons reports;

b.  the complete criminal history or "rap sheet";

c.  any documents referring to or reflecting criminal history;

d.  all files regarding any arrest or any incident involving detention by KCKPD;

e.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

f.  every statement given to any KCKPD employee or employee of the WCDAO;

g.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

h.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

i.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

j.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

137.    Identify and produce true and correct copies of all documents pertaining to **Gail Bowie aka Gail (or Gayle) Gardener** (DOB: xx-xx/1964), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

15

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

138.    Identify and produce true and correct copies of all documents pertaining to **Lakeir Brown** (DOB: xx-xx/1978), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

139.    Identify and produce true and correct copies of all documents pertaining to **Brandie Brownlee** (DOB: xx-xx/1979), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

140.     Identify and produce true and correct copies of all documents pertaining to **Rose Calvin** (DOB: xx-xx/1957), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

17

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

141.     Identify and produce true and correct copies of all documents pertaining to **Neosha Collier** (D.O.B. xx-xx/1981), including without limitation:

     a.   the complete criminal history or "rap sheet";

     b.   any documents referring to or reflecting criminal history;

     c.   all files regarding any arrest or any incident involving detention by KCKPD;

     d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

     f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

     g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

     h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

142.     Identify and produce true and correct copies of all documents pertaining to **Rose Collier** (D.O.B. xx-xx/1962), including without limitation:

     a.   the complete criminal history or "rap sheet";

     b.   any documents referring to or reflecting criminal history;

     c.   all files regarding any arrest or any incident involving detention by KCKPD;

     d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

143.     Identify and produce true and correct copies of all documents pertaining to **Jacqueline Dawson** (D.O.B. xx-xx/1955), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

144.     Identify and produce true and correct copies of all documents pertaining to **Vickie Hollinshed, aka Vickie Dew** (D.O.B. xx-xx/1953), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

145.     Identify and produce true and correct copies of all documents pertaining to **Joe Dodson** (D.O.B. xx-xy/1955), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

20

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

146.    Identify and produce true and correct copies of all documents pertaining to **Uganda L. Drain, aka Lamonte Drain, aka Anthony Lewis** (D.O.B. xx-xx/1974), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

147.    Identify and produce true and correct copies of all documents pertaining to **Diane Edwards** (D.O.B. xx-xx/1963), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

    j.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    k.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

148.    Identify and produce true and correct copies of all documents pertaining to **Barbara Finch** (D.O.B. xx-xx/1960), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

149.    Identify and produce true and correct copies of all documents pertaining to **Nakisha Freeman** (D.O.B. xx-xx/1977), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

150.    Identify and produce true and correct copies of all documents pertaining to **Sandra Glover** (D.O.B. xx-xx/1963), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

151.    Identify and produce true and correct copies of all documents pertaining to **Larisha Grant, aka Kreco Ellis** (D.O.B. xx-xx/1979), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

152.      Identify and produce true and correct copies of all documents pertaining to **Elaine Green** (D.O.B. xx-xx/1958), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

153.    Identify and produce true and correct copies of all documents pertaining to
**Gwinn Green** (D.O.B. xx-xx/1964), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

154.    Identify and produce true and correct copies of all documents pertaining to **Trina Harris** (D.O.B. xx-xx/1970), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

155.    Identify and produce true and correct copies of all documents pertaining to **Pearlina Henderson** (D.O.B. xx-xx/1969), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

156.    Identify and produce true and correct copies of all documents pertaining to **Yolanda Jackson** (D.O.B. xx-xx/1962), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

157.    Identify and produce true and correct copies of all documents pertaining to **Jackie Leapheart** (D.O.B. xx-xx/1955), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

158. Identify and produce true and correct copies of all documents pertaining to **Eliza (Elza) Michie (or Mitchie)** (D.O.B. xx-xx/1973), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

159. Identify and produce true and correct copies of all documents pertaining to **Alonzo Mosley** (D.O.B. xx-xx/1967), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

29

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

160.    Identify and produce true and correct copies of all documents pertaining to **Kimyonis (Kim) Palmer** (D.O.B. xx-xx/1970), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

161.     Identify and produce true and correct copies of all documents pertaining to **Ezekiel Payne** (D.O.B. xx-xx/1961), including without limitation:

     a.   the complete criminal history or "rap sheet";

     b.   any documents referring to or reflecting criminal history;

     c.   all files regarding any arrest or any incident involving detention by KCKPD;

     d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

     f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

     g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

     h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

     i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

162.     Identify and produce true and correct copies of all documents pertaining to **Antonio Quinn** (D.O.B. xx-xx/1978), including without limitation:

     a.   the complete criminal history or "rap sheet";

     b.   any documents referring to or reflecting criminal history;

     c.   all files regarding any arrest or any incident involving detention by KCKPD;

     d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

     e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

163.      Identify and produce true and correct copies of all documents pertaining to **Marcus Quinn** (D.O.B. xx-xx/1981), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

164.     Identify and produce true and correct copies of all documents pertaining to
**William Roark** (D.O.B. xx-xx/1975), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

165.     Identify and produce true and correct copies of all documents pertaining to
**Lemark Roberson** (D.O.B. xx-xx/1962), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

33

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

166.      Identify and produce true and correct copies of all documents pertaining to **Derek Rucker**, including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

167.      Identify and produce true and correct copies of all documents pertaining to **Larry Rucker** (D.O.B.  xx-xx 1969), including without limitation:

34

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

168.      Identify and produce true and correct copies of all documents pertaining to **Beatrice Russell** (deceased) (D.O.B. xx-xx/1955), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

169.    Identify and produce true and correct copies of all documents pertaining to **Beatrice LaShun Russell** (D.O.B. xx-xx/1989), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

170.    Identify and produce true and correct copies of all documents pertaining to **Sabrina Russell** (D.O.B. xx-xx/1974), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

171.    Identify and produce true and correct copies of all documents pertaining to **Jeffrey D. Smith** (D.O.B. xx-xx/1970), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

172.     Identify and produce true and correct copies of all documents pertaining to **Harold Smith** (D.O.B. xx-xx/1945) including without limitation:

      a.   the complete criminal history or "rap sheet";

      b.   any documents referring to or reflecting criminal history;

      c.   all files regarding any arrest or any incident involving detention by KCKPD;

      d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e.   every statement given to any KCKPD employee or employee of the WCDAO;

      f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

      g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

      h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

      i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

173.     Identify and produce true and correct copies of all documents pertaining to **Jeffrey Smith Jr.** (D.O.B. xx-xx/1992), including without limitation:

      a.   the complete criminal history or "rap sheet";

      b.   any documents referring to or reflecting criminal history;

      c.   all files regarding any arrest or any incident involving detention by KCKPD;

      d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

      e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

174.      Identify and produce true and correct copies of all documents pertaining to **Kayla Smith** (D.O.B. xx-xx/1988), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

175.     Identify and produce true and correct copies of all documents pertaining to

**Elvester Sowell IV** (D.O.B. xx-xxxx/1960), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the
       individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO
       or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way,
       including without limitation as a complainant, victim, witness, informant, suspect,
       or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of
       leniency, benefit, reward, or favorable treatment received by or made to the
       individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the
       individual had with defendant Roger Golubski.

176.     Identify and produce true and correct copies of all documents pertaining to

**Lorene Stewart aka Lorene Smith** (D.O.B. xx-xx/1964), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the
       individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO
       or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

177.     Identify and produce true and correct copies of all documents pertaining to **Rhonda Tribue** (D.O.B. xx-xx/1965), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

178.     Identify and produce true and correct copies of all documents pertaining to **Tracy Walton** (D.O.B. xx-xx/1964), including without limitation:

 a. the complete criminal history or "rap sheet";

 b. any documents referring to or reflecting criminal history;

 c. all files regarding any arrest or any incident involving detention by KCKPD;

 d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

 e. every statement given to any KCKPD employee or employee of the WCDAO;

 f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

 g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

 h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

 i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

179. Identify and produce true and correct copies of all documents pertaining to **Montee Woodberry** (D.O.B. xx-xx/1977), including without limitation:

 a. the complete criminal history or "rap sheet";

 b. any documents referring to or reflecting criminal history;

 c. all files regarding any arrest or any incident involving detention by KCKPD;

 d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

 e. every statement given to any KCKPD employee or employee of the WCDAO;

 f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

 g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

Plaintiff reserves the right to supplement and amend the foregoing requests for production of documents, to propound additional requests, and to use other discovery mechanisms.

Dated: February 18, 2021

   /s/ Yasmin Dagne
Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Yasmin Dagne (admitted *pro hac vice*)
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Phone: (212) 965-9081
Fax: (212) 965-9084
barry@nsbcivilrights.com
emma@nsbcivilrights.com
yasmin@nsbcivilrights.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, MO 64106
Phone: (816) 471-6694
Fax: (816) 472-3516
cpilate@morganpilate.com
runnels@morganpilate.com

Michael J. Abrams #15407
William G. Beck #77974

Alexander T. Brown (admitted *pro hac vice*)
Alana M. McMullin (admitted *pro hac vice*)
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Phone: (816) 292-2000
Fax: (816) 292-2001
michael.abrams@lathropgpm.com
william.beck@lathropgpm.com
alexander.brown@lathropgpm.com
alana.mcmullin@lathropgpm.com

**Attorneys for Plaintiffs Lamonte
McIntyre and Rose McIntyre**

44

## Certificate of Service

I, Yasmin Dagne, hereby certify that on February 18, 2021, true and correct copies of Plaintiffs' Third Set of Requests for Production of Documents and Things to All Defendants were served *via* Electronic Mail to:

David R. Cooper
dcooper@fpsslaw.com

Edward James Bain, III
jbain@wycokck.org

Elizabeth Ann Evers Guerra
e.evers@swrsllp.com

Henry E. Couchman, Jr.
hcouchman@wycokck.org

Jeffrey S. Kratofil
jeff@mccauleyroach.com

Morgan L. Roach
morgan@mccauleyroach.com

Nicholas S. Ruble
nicholas@mccauleyroach.com

Sean M. Sturdivan
s.sturdivan@swrsllp.com

Sean P. McCauley
sean@mccauleyroach.com

Tracy M. Hayes
t.hayes@swrsllp.com

***Attorneys for Defendants***

/s/ Yasmin Dagne
Yasmin Dagne

**Attorney for Plaintiffs Lamonte McIntyre and Rose Lee McIntyre**

45