# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAMONTE MCINTYRE &**<br>**ROSE LEE MCINTYRE,**<br><br>Plaintiffs,<br><br>v.<br><br>**UNIFIED GOVERNMENT OF**<br>**WYANDOTTE COUNTY AND**<br>**KANSAS CITY, KANSAS, ET AL.**<br><br>Defendants. | Case No. 2:18-cv-02545 |

**DEFENDANT GOLUBSKI'S OBJECTIONS AND RESPONSES TO
PLAINTIFFS' THIRD SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND THINGS TO ALL DEFENDANTS**

Defendant Roger Golubski, by counsel, provides the following objections and responses to Plaintiffs' Third Set of Requests For Production of Documents and Things To All Defendants:

**Incorporation of Defendant Unified Government's Objections:**   Defendant Golubski incorporates by reference the objections set forth by the Defendant Unified Government to each request below.

**REQUESTS FOR PRODUCTION**

93. Identify and produce true and correct copies of any and all documents reflecting KCKPD rules and regulations, general or special orders, policies, practices, customs, or procedures, whether written or oral, and any modifications thereto, no matter when implemented or promulgated, in effect at any point between 1985 and 2000, concerning the following:

   a. The procedures for launching an Internal Affairs Unit investigation;

   b. The individuals who can launch an Internal Affairs Unit investigation; and

> c. The bases on which an individual can launch an Internal Affairs Unit investigation.
>
> d. The procedures for conducting an Internal Affairs Unit investigation, whether considered "administrative" or "criminal" in nature.
>
> e. The procedures for making any decision or finding concerning an Internal Affairs Unit investigation.
>
> f. The procedures for applying discipline following an Internal Affairs investigation.
>
> g. The procedures for challenging or appealing any finding or discipline following an Internal Affairs Unit investigation.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

94. Identify and produce any and all documents, including any personnel documents, insurance applications, insurance policies, or documents of any kind, that list any beneficiaries, insureds, or dependent(s) of Roger Golubski, including any offspring and/or any spouses or domestic partners.

**OBJECTION.   The requested information is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case as any such documents would have nothing to do with the 1994 events in question.   Further objecting, the request is overbroad as to time because it is not narrowed by a time limitation.   Finally, Defendant Golubski will not produce such documents on Fifth Amendment grounds.   Defendant Golubski is withholding responsive materials based on this objection.**

95. Identify and produce any documents that reflect any address used as a mailing address or residence by Roger Golubski in the State of Missouri.

**OBJECTION.   The requested information is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case as any such documents would have nothing to do with the 1994 events in question.   Further objecting, the request is**

**overbroad as to time because it is not narrowed by a time limitation.   Finally, Defendant Golubski will not produce such documents on Fifth Amendment grounds.   Defendant Golubski is not withholding responsive materials based on this objection.**

96. Identify and produce any documents that reflect worked performed by James Brown for the Kansas City, Kansas Housing Authority (KCKHA), including but not limited to:

    a.  any agreement or contract between Brown and the KCKHA to perform background checks or work of any kind for the Housing Authority while he was employed by the KCKPD;

    b.  any review or internal investigation by the KCKPD, regardless of whether conducted by Internal Affairs, into Brown's work for the KCKHA;

    c.  any documents showing whether Brown used facilities of the UG or KCKHA to conduct any work for the KCKHA;

    d.  any discipline, including counseling or sanction of any kind, imposed on Brown for performing work for the KCKHA.

    e.  any correspondence, memoranda or documents of any kind concerning any work performed by Brown for the KCKHA during his employment by the KCKPD.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

97. Identify and produce true and correct copies of any and all documents reflecting calls for service, offense or incident reports, and investigative case files created between 1985 and 2000 concerning the following addresses, each located in Kansas City, Kansas:

    a.  1233 Central (Jack Swall Auto)

    b.  3005 Brown

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

98. Identify and produce photographs of all of the following individuals, including jail mugshots or any photographs used or maintained as part of a photographic lineup, a missing persons report, or any police report or investigative file:

    a.  Theresa A. Davis, DOB: XX-XX-1959

    b.  Rosemary Baker-Powers, DOB: XX-XX-1960

    c.  Sandra J. Wilson, DOB: XX-XX-1940

    d.  Rose M. Calvin, DOB: XX-XX-1957

    e.  Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir, DOB: XX-XX-1955

    f.  Sandra Glover, DOB: XX-XX-1963

    g.  Beatrice Russell, DOB: XX-XX-1955

    h.  Diane Edwards, DOB: XX-XX-1963

    i.  Monique L. Allen, DOB: XX-XX-1971

    j.  Rhonda Tribue, aka Rhonda Easley, DOB: XX-XX-1965

    k.  Anita Webb, DOB: XX-XX-1958

    l.  Vicki (Vickie) Hollinshed, aka Vicki Dew, DOB: XX-XX-1953

    m.  Kia Vang, DOB: XX-XX-1937

    n.  Eliza (Elza) A. Michie, aka Eliza Mitchie, DOB: XX-XX-1973

    o.  Barbara L. Finch, DOB: XX-XX-1960

    p.  Trina F. Harris, DOB: XX-XX-1970

    q.  Pearlina D. Henderson, DOB: XX-XX-1969

    r.  Kimyonis (Kim) M. Palmer, DOB: XX-XX-1970

    s.  Gwinn Green, DOB: XX-XX-1964

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

99. Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. XX-XX/1960), complaint # 02035001053.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

100.      Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/1995 homicide of **Rosemary Baker-Powers** (D.O.B. XX-XX/1960), complaint # 02035001053, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

101.      Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. XX-XX/1937), complaint # 2001073609.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

102.      Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 07/24/2001 homicide of **Kia Vang** (D.O.B. XX-XX/1937), complaint # 2001073609, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

103.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. XX-XX/1940), complaint # 05195008473.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

104.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/19/1995 homicide of **Sandra J. Wilson** (D.O.B. XX-XX/1940), complaint # 05195008473, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

105.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/22/1996 homicide of **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. XX-XX/1955), complaint # 11226010462.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

106.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/22/1996 homicide of **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (D.O.B. XX-XX/1955), complaint # 11226010462, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

107.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. XX-XX/1963), complaint # 03097003811.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

108.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/09/1997 homicide of **Sandra Glover** (D.O.B. XX-XX/1963), complaint # 03097003811, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

109.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. XX-XX/1971), complaint # 01108004371.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

110.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/10/1998 homicide of **Monique Allen** (D.O.B. XX-XX/1971), complaint # 01108004371, including without limitation

documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

111.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 01/15/2000 homicide of **Anita Webb** (D.O.B. XX-XX/1958), complaint # 200011925.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

112.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 01/15/2000 homicide of **Anita Webb** (D.O.B. XX-XX/1958), complaint # 200011925, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

113.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/03/2004 homicide **of Eliza (or Elza) Michie, aka Mitchie** (D.O.B. XX-XX/1973), complaint # 2004020325.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

114.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/03/2004 homicide of **Eliza (or Elza) Michie, aka Mitchie** (D.O.B. XX-XX/1973), complaint # 2004020325, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

115.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/08/2006 homicide of **Barbara L. Finch** (D.O.B. XX-XXXX/1960), complaint # 2006051111.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

116.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/08/2006 homicide of **Barbara L**. **Finch** (D.O.B. XX-XX/1960), complaint # 2006051111, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

117.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. XX-XX/1982), complaint # 2006053758.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

118.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 05/25/2006 homicide of **Anthony J. Quinn** (D.O.B. XX-XX/1982), complaint # 2006053758, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

119.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. XX-XX/1970), complaint # 2006083529.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

120.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 08/24/2006 homicide of **Trina F. Harris** (D.O.B. XX-XX/1970), complaint # 2006083529, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

121.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. XX-XX/1969), complaint # 2008112356.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

122.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 11/25/2008 homicide of **Pearlina D. Henderson** (D.O.B. XX-XX/1969), complaint # 2008112356, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

123.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. XX-XX1959), autopsy #: L02-7260/M02-064, complaint # unknown.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

124.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 06/04/2002 or 06/05/2002 homicide or death of **Birdell Richard ("Rick") West** (D.O.B. XX-XX/1959), autopsy #: L02-7260/M02-064, complaint # unknown, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

125.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. XX-XX/1976), Internal Affairs Unit case #: C96-8-2.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

126.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 02/06/1996 alleged sexual assault of **Natasha Hodge** (D.O.B. XX-XX/1976), Internal Affairs Unit case #: C96-8-2, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

127.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

128.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 03/05/1978 death of **Kenneth Ernest Borg** (D.O.B. unknown) (date of coroner's inquest: 03/30/1978), complaint # unknown, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

129.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s) regarding the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. XX-XX/1965), complaint # 09229010153.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

130.     Identify and produce true and correct copies of any and all documents reflecting allegations of misconduct in the investigation of the 09/22/1989 homicide of **Kenneth W. Khan** (D.O.B. XX-XX/1965), complaint # 09229010153, including without limitation documents pertaining to investigations of that misconduct and allegations made both internally in the KCKPD and to any external body or organization.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

131.     Identify and produce true and correct copies, reproduced in their original form, of the complete investigative KCKPD file(s), including without limitation autopsy reports, missing persons reports, reports documenting a body recovered or identified, and other investigative reports, regarding the investigation of 07/06/1996 death of a woman whose

body was reported to have been found in the parking lot of a trucking company in the 500 block of Miami Street in Kansas City, Kansas.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

132.     Identify and produce true and correct copies of all documents pertaining to **Ethel Abbott aka Ethel Spencer aka Ethel Golubski** (DOB: XX-XX/1965), including without limitation:

   a.   list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim or witness, including a break-in at her home and any incidents involving harassment or stalking by Roger Golubski; and

   b.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski, including any directives or orders by KCKPD supervisors/commanders to Golubski to refrain from stalking or harassing the individual or requiring him to maintain a certain distance from the individual.

**OBJECTION.   The requested information is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case as any such documents would have nothing to do with the 1994 events in question.   Further objecting, the request is vague and ambiguous because Defendant Golubski is unable to determine the scope of the documents being sought because the opening sentence and subparagraphs are inconsistent. Further objecting, the request is overbroad as it may be requesting "all" documents pertaining to Ethel Abbott aka Ethel Spencer aka Ethel Golubski.   Additionally, Defendant Golubski will not produce any such documents on Fifth Amendment grounds. Because Defendant Golubski is not certain whether he is withholding responsive materials based on this objection, he will supplement this objection with that information as soon as practicable.**

133.     Identify and produce true and correct copies of all documents pertaining to

**Monique Allen** (DOB: XX-XX/1971), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the Wyandotte County District Attorney's Office (WCDAO);

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

134.     Identify and produce true and correct copies of all documents pertaining to

**Wendell Anderson** (DOB: XX-XX/1962), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

135.     Identify and produce true and correct copies of all documents pertaining to **Pearl Barnes, aka Pearl Davis, aka Sameemah Musawwir** (DOB: XX-XX/1953), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

136.     Identify and produce true and correct copies of all documents pertaining to **Connie Byas aka Connie J. Wallace** (estimated D.O.B. $^{xx:xx}$/1971), including without limitation:

    a.   any missing persons reports;

    b.   the complete criminal history or "rap sheet";

    c.   any documents referring to or reflecting criminal history;

    d.   all files regarding any arrest or any incident involving detention by KCKPD;

    e.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    f.   every statement given to any KCKPD employee or employee of the WCDAO;

    g.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    h.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    i.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    j.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

137.    Identify and produce true and correct copies of all documents pertaining to **Gail Bowie aka Gail (or Gayle) Gardener** (DOB: XX-XX/1964), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

138.    Identify and produce true and correct copies of all documents pertaining to **Lakeir Brown** (DOB: XX-XX/1978), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

139.    Identify and produce true and correct copies of all documents pertaining to **Brandie Brownlee** (DOB: XX-XX/1979), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

140. Identify and produce true and correct copies of all documents pertaining to **Rose Calvin** (DOB: XX-XX/1957), including without limitation:

  a. the complete criminal history or "rap sheet";

  b. any documents referring to or reflecting criminal history;

  c. all files regarding any arrest or any incident involving detention by KCKPD;

  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

  e. every statement given to any KCKPD employee or employee of the WCDAO;

  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

  g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

  h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

141. Identify and produce true and correct copies of all documents pertaining to **Neosha Collier** (D.O.B. XX-XX/1981), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

142.    Identify and produce true and correct copies of all documents pertaining to **Rose Collier** (D.O.B. XX-XX/1962), including without limitation:

a. the complete criminal history or "rap sheet";

b. any documents referring to or reflecting criminal history;

c. all files regarding any arrest or any incident involving detention by KCKPD;

d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e. every statement given to any KCKPD employee or employee of the WCDAO;

f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

143.    Identify and produce true and correct copies of all documents pertaining to **Jacqueline Dawson** (D.O.B. XX-XX/1955), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

144.     Identify and produce true and correct copies of all documents pertaining to **Vickie Hollinshed, aka Vickie Dew** (D.O.B. XX-XX/1953), including without limitation:

a.   the complete criminal history or "rap sheet";

b.   any documents referring to or reflecting criminal history;

c.   all files regarding any arrest or any incident involving detention by KCKPD;

d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

145.     Identify and produce true and correct copies of all documents pertaining to **Joe Dodson** (D.O.B. xx-xx/1955), including without limitation:

a.   the complete criminal history or "rap sheet";

b.   any documents referring to or reflecting criminal history;

c.   all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

146.    Identify and produce true and correct copies of all documents pertaining to **Uganda L. Drain, aka Lamonte Drain, aka Anthony Lewis** (D.O.B. XX-XX/1974), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

147.    Identify and produce true and correct copies of all documents pertaining to **Diane Edwards** (D.O.B. XX-XX/1963), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

    j.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

k.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

148.    Identify and produce true and correct copies of all documents pertaining to **Barbara Finch** (D.O.B. XX-XX/1960), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

149.    Identify and produce true and correct copies of all documents pertaining to **Nakisha Freeman** (D.O.B. XX-XX/1977), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

150.    Identify and produce true and correct copies of all documents pertaining to **Sandra Glover** (D.O.B. XX-XX/1963), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

151.    Identify and produce true and correct copies of all documents pertaining to **Larisha Grant, aka Kreco Ellis** (D.O.B. XX-XX/1979), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Defendant Golubski does not have any responsive documents in his custody or control.**

152.     Identify and produce true and correct copies of all documents pertaining to **Elaine Green** (D.O.B. XX-XX/1958), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Defendant Golubski does not have any responsive documents in his custody or control.**

153.     Identify and produce true and correct copies of all documents pertaining to **Gwinn Green** (D.O.B. XX-XX/1964), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

154.    Identify and produce true and correct copies of all documents pertaining to **Trina Harris** (D.O.B. XX-XX/1970), including without limitation:

a.   the complete criminal history or "rap sheet";

b.   any documents referring to or reflecting criminal history;

c.   all files regarding any arrest or any incident involving detention by KCKPD;

d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.   every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

155.     Identify and produce true and correct copies of all documents pertaining to **Pearlina Henderson** (D.O.B. XX-XX/1969), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

156.     Identify and produce true and correct copies of all documents pertaining to
Yolanda Jackson (D.O.B. XX-XX/1962), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the
individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO
or their agents;

g.  a list of cases or incidents in which the individual was involved in any way,
including without limitation as a complainant, victim, witness, informant, suspect,
or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of
leniency, benefit, reward, or favorable treatment received by or made to the
individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the
individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or
control.**

157.     Identify and produce true and correct copies of all documents pertaining to **Jackie
Leapheart** (D.O.B. XX-XX/1955), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the
individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

158.    Identify and produce true and correct copies of all documents pertaining to **Eliza (Elza) Michie (or Mitchie)** (D.O.B. XX-XX/1973), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

159. Identify and produce true and correct copies of all documents pertaining to **Alonzo Mosley** (D.O.B. XX-XX/1967), including without limitation:

  a. the complete criminal history or "rap sheet";

  b. any documents referring to or reflecting criminal history;

  c. all files regarding any arrest or any incident involving detention by KCKPD;

  d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

  e. every statement given to any KCKPD employee or employee of the WCDAO;

  f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

  g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

  h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

  i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

160. Identify and produce true and correct copies of all documents pertaining to **Kimyonis (Kim) Palmer** (D.O.B. XX-XX/1970), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

161.      Identify and produce true and correct copies of all documents pertaining to **Ezekiel Payne** (D.O.B. XX-XX/1961), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:**  **Defendant Golubski does not have any responsive documents in his custody or control.**

162.    Identify and produce true and correct copies of all documents pertaining to **Antonio Quinn** (D.O.B. XX-XX/1978), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

163.     Identify and produce true and correct copies of all documents pertaining to **Marcus Quinn** (D.O.B. XX-XX/1981), including without limitation:

    a. the complete criminal history or "rap sheet";

    b. any documents referring to or reflecting criminal history;

    c. all files regarding any arrest or any incident involving detention by KCKPD;

    d. all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e. every statement given to any KCKPD employee or employee of the WCDAO;

    f. all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g. a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h. all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i. all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

164.     Identify and produce true and correct copies of all documents pertaining to **William Roark** (D.O.B. XX-XX/1975), including without limitation:

    a. the complete criminal history or "rap sheet";

    b. any documents referring to or reflecting criminal history;

    c. all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

165.    Identify and produce true and correct copies of all documents pertaining to **Lemark Roberson** (D.O.B. XX-XX/1962), including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

166.      Identify and produce true and correct copies of all documents pertaining to **Derek Rucker**, including without limitation:

a.  the complete criminal history or "rap sheet";

b.  any documents referring to or reflecting criminal history;

c.  all files regarding any arrest or any incident involving detention by KCKPD;

d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

167.     Identify and produce true and correct copies of all documents pertaining to **Larry Rucker** (D.O.B. XX-XX/1969), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:**  **Defendant Golubski does not have any responsive documents in his custody or control.**

168.     Identify and produce true and correct copies of all documents pertaining to **Beatrice Russell** (deceased) (D.O.B. XX-XX/1955), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.


**RESPONSE: Defendant Golubski does not have any responsive documents in his custody or control.**


169.     Identify and produce true and correct copies of all documents pertaining to **Beatrice LaShun Russell** (D.O.B. XX-XX/1989), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

170.      Identify and produce true and correct copies of all documents pertaining to **Sabrina Russell** (D.O.B. $^{xxx}$/1974), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

171.      Identify and produce true and correct copies of all documents pertaining to **Jeffrey D. Smith** (D.O.B. $^{XX-XX}$/1970), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

172.      Identify and produce true and correct copies of all documents pertaining to **Harold Smith** (D.O.B. XX-XX/1945) including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

173.      Identify and produce true and correct copies of all documents pertaining to **Jeffrey Smith Jr.** (D.O.B. XX-XX/1992), including without limitation:

    a.   the complete criminal history or "rap sheet";

    b.   any documents referring to or reflecting criminal history;

    c.   all files regarding any arrest or any incident involving detention by KCKPD;

    d.   all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.   every statement given to any KCKPD employee or employee of the WCDAO;

    f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

174.     Identify and produce true and correct copies of all documents pertaining to **Kayla Smith** (D.O.B. XX-XX/1988), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

175.     Identify and produce true and correct copies of all documents pertaining to **Elvester Sowell IV** (D.O.B. XX-XX/1960), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:** **Defendant Golubski does not have any responsive documents in his custody or control.**

176.    Identify and produce true and correct copies of all documents pertaining to **Lorene Stewart aka Lorene Smith** (D.O.B. XX-XX/1964), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Defendant Golubski does not have any responsive documents in his custody or control.**

177.    Identify and produce true and correct copies of all documents pertaining to **Rhonda Tribue** (D.O.B. XX-XX/1965), including without limitation:

    a.  the complete criminal history or "rap sheet";

    b.  any documents referring to or reflecting criminal history;

    c.  all files regarding any arrest or any incident involving detention by KCKPD;

    d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

    e.  every statement given to any KCKPD employee or employee of the WCDAO;

    f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

    g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

    h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

    i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE: Defendant Golubski does not have any responsive documents in his custody or control.**

178.     Identify and produce true and correct copies of all documents pertaining to **Tracy Walton** (D.O.B. XX-XX/1964), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

   f.  all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

   g.  a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

   h.  all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

   i.  all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**<u>RESPONSE</u>:  Defendant Golubski does not have any responsive documents in his custody or control.**

179.     Identify and produce true and correct copies of all documents pertaining to **Montee Woodberry** (D.O.B. XX-XX/1977), including without limitation:

   a.  the complete criminal history or "rap sheet";

   b.  any documents referring to or reflecting criminal history;

   c.  all files regarding any arrest or any incident involving detention by KCKPD;

   d.  all files regarding the investigation or prosecution of any crime for which the individual was investigated or charged;

   e.  every statement given to any KCKPD employee or employee of the WCDAO;

f.   all agreements, including cooperation agreements, with the KCKPD, the WCDAO or their agents;

g.   a list of cases or incidents in which the individual was involved in any way, including without limitation as a complainant, victim, witness, informant, suspect, or person of interest;

h.   all documentation, including but not limited to notes or transcripts, of any offer of leniency, benefit, reward, or favorable treatment received by or made to the individual in connection with any investigation or cooperation;

i.   all documentation reflecting or referencing interactions or relationships the individual had with defendant Roger Golubski.

**RESPONSE:  Defendant Golubski does not have any responsive documents in his custody or control.**

Dated: April 5, 2021

Respectfully Submitted,

**McCauley & Roach, LLC**

By: /s/ Morgan L. Roach
Morgan L. Roach, #23060
Sean P. McCauley #20174
527 W. 39th St., Suite 200
Kansas City, MO 64111
Telephone: (816) 523-1700
Facsimile:   (816) 523-1708
E-mail:morgan@mccauleyroach.com
E-mail: sean@mccauleyroach.com

**Certificate of Service**

The undersigned certifies that on the 5th day of April, 2021, true and correct copies of the foregoing were served *via* electronic mail to counsel of record.

/s/ Morgan L. Roach