# UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and<br>ROSE LEE MCINTYRE,<br><br>     Plaintiffs,<br><br>    v.<br><br>UNIFIED GOVERNMENT OF<br>WYANDOTTE COUNTY, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 2:18-CV-02545-KHV-KGG |

### DEFENDANT GOLUBSKI'S SUGGESTIONS IN SUPPORT OF DEFENDANT GOLUBSKI'S MOTION TO COMPEL

COMES NOW Defendant Roger Golubski, by and through counsel, and for his Suggestions in Support of his Motion to Compel filed contemporaneously herewith, states as follows:

## I.  FACTUAL BACKGROUND

Plaintiffs Lamonte McIntyre and Rose McIntyre (hereinafter referred to as "Plaintiffs" or "the McIntyres") have alleged or implied in their Second Amended Complaint, and through other means, that Defendant Golubski sexually assaulted women (Doc. 74, ¶¶ 1, 34); ran protection for drug kingpins, or was otherwise a participant in the Kansas City, Kansas drug trade (Doc. 74, ¶¶ 38, 124, 133); and either caused, participated in, and/or covered up the deaths of several individuals or other violent crimes (Doc. 74, ¶¶ 38, 124, 133).  Further, there have been many stories in both the local and national media regarding such allegations against Defendant Golubski, including stories featuring information provided by Plaintiffs' counsel.[1]

---

[1] Plaintiffs' counsel Cheryl Pilate appeared on a podcast and discussed allegations against Detective Roger Golubski *See* https://podcasts.apple.com/us/podcast/wrongful-conviction-with-jason-flom-lamonte-mcintyre/id1151670380?i=1000392659492

Because of these allegations, Defendant Golubski propounded specific interrogatories asking Plaintiffs to identify *basic* information about these allegations and about information Plaintiffs have given to third parties, including the media.  Plaintiffs have refused such requests. While Plaintiffs' objections are numerous, they generally assert such discovery is irrelevant, privileged, and "premature" because the majority of the disputed discovery is in the form of contention interrogatories, which Plaintiffs believe they need not answer until the end of discovery. For the reasons explained below, Plaintiffs' objections should be overruled and they should be compelled to provide responsive information and documents.

Additionally, Defendants have repeatedly asked Plaintiffs to provide last known addresses and phone numbers for the witnesses on Plaintiffs' various Rule 26 Disclosures, as required by Fed. R. Civ. P. R. 26.  For the first time on September 30, 2021, after repeated requests, Plaintiffs served their Seventh Amended Rule 26 Disclosures in response to Defendant's request for contact information.  However, even this Seventh Amended disclosure fails to provide the last known contact information for upwards of 117 witnesses.

## II.   PROCEDURAL BACKGROUND AND EFFORTS TO RESOLVE THE DISPUTES

On May 11, 2021, Defendant Golubski propounded his First Interrogatories to Plaintiff Lamonte McIntyre (attached hereto as Exhibit 1) (*See* Doc. No. 295) and his Second Requests for Production of Documents Plaintiffs  (attached hereto as Exhibit 2) (collectively referred to as the "Written Discovery").  On June 10, 2021, Plaintiffs responded to Golubski's First Interrogatories and Second Request for Production.

Then, on August 17, 2021, Defendant Golubski's counsel sent Plaintiffs' counsel a Golden Rule letter regarding Plaintiff's objections and responses to the Written Discovery.  (Exhibit 3: Golubski Golden Rule Letter). On September 8, 2021, counsel for Golubski followed up with an

attempt to schedule a meet and confer regarding the issues. Plaintiffs' counsel did not want to meet, but preferred to respond via letter, and did so on September 13, 2021. (Exhibit 4: McMullin letter) The next day, counsel for Golubski replied to Plaintiffs' letter and provided times for a meet and confer conference. (Exhibit 5: Email to McMullin) Finally, on September 30, 2021, the parties were able to meet via telephone for a meet and confer session. Thus, Defendant Golubski certifies that he has satisfied the requirements of Local Rule 37.2.

Plaintiffs had no objection to an extension for Defendant Golubski's to file this Motion to Compel on or before October 14, 2021. Thus, this Motion is timely.

**III.    ARGUMENTS AND AUTHORITIES**

Rule 26 permits discovery on any non-privileged, relevant, and proportional matter. Fed. R. Civ. P. 26(b)(1). At the discovery phase, the burden to demonstrate relevance is low. *See Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections). "Relevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Marso v. SafeSpeed, LLC*, No. 19-CV-02671-KHV-KGG, 2021 WL 4149075, at *2 (D. Kan. Sept. 13, 2021) (internal citation and quotations omitted). Once met, the party refusing discovery must "specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request" is objectionable. *Id*.

Here, the discovery sought is all relevant, proportional, and non-privileged. Accordingly, the Court should compel Plaintiffs to respond.

A.    **Contention Interrogatories and associated Requests for Production of Documents.**

Defendant Golubski's First Interrogatories to Lamonte McIntyre sought answers to nine separate contention interrogatories—Interrogatory Nos. 1, 2, 3, 4, 5, 8, 9, 10, and 11 (hereinafter the "Contention Interrogatories")—asking whether Plaintiff contends Defendant Golubski engaged in *specific* types of conduct and, if so, to identify relevant information to each, such as victim names, witnesses, contact information, a description of the occurrence, and what documentation exists or has been produced that supports the contentions.  Put another way, the information *needed* so further discovery could be conducted into such allegations.  Defendant Golubski also propounded requests for production seeking production of the documents identified in response to the Contention Interrogatories.  (*See* Exhibit 2: 2nd Requests for Production, No. 1)  Plaintiffs' objections to Request for Production No. 1 simply incorporated his objections to the Contention Interrogatories.

There is no dispute that the Contention Interrogatories are facially relevant.  However, Plaintiff objected to each Contention Interrogatory with largely identical objections—except that his justification as to why each interrogatory was vague and/or ambiguous was more tailored to each interrogatory.  Thereafter, Plaintiff indicated he would supplement his responses and provide substantive answers, but has failed to do so and has made clear he has no intention of doing so until toward the end of discovery, after "all relevant discovery" has been completed.

Because Plaintiff's objections to each of these interrogatories are largely identical, this Motion will first address the objections specific to each Contention Interrogatory that it is vague and/or ambiguous, then it will address the objections applicable to all the Contention Interrogatories.  The Motion does not independently address the Request for Production, since Plaintiff simply incorporated his objections to the Contention Interrogatories.

### i.      The Contention Interrogatories are neither vague nor ambiguous.

Plaintiff objected that each Contention Interrogatory was either vague, ambiguous, or both. Each will be addressed in turn below.

### Interrogatory No. 1

Interrogatory No. 1 asks Plaintiff, if he contends "in this lawsuit that Roger Golubski, by means of force, fear, extortion, or coercion, engaged in a non-consensual sexual act(s) with any individual" to identify the following:

a.      Each non-consenting party by name, alias(s), telephone number, email, and address;

b.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

c.      A description of each alleged occurrence including when, where, and why it allegedly occurred;

d.      Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

e.      Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff objected that the interrogatory is vague and ambiguous, and is not limited to the victims described in the lawsuit.  Plaintiff's objection is baseless and insufficient.  First, there is nothing vague about the interrogatory and Plaintiff has failed to explain, in his objection or otherwise, what about this interrogatory is vague.  "A party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity." *Payless Shoesource Worldwide, Inc., v. Target Corp.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007);

*see also Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008) ("A party objecting …

must explain the specific and particular way in which a request is vague ….").

Second, the interrogatory, on its face, is specifically limited to Plaintiff's contentions "in

this lawsuit."  Plaintiff's objections should be overruled.

### Interrogatory No. 2

Interrogatory No. 2. asks Plaintiff, if he contends "in this lawsuit that Roger Golubski

participated in or caused the intentional killing of another human being" to identify the following

information:

    a.      The name of each deceased;

    b.      The approximate date of the death;

    c.      A description of how and why you believe Roger Golubski participated or caused
the intentionally killing of each deceased;

    d.      Each witness by name, alias(s), telephone number, email, and address who may
have knowledge of, corroborate, or testify regarding your contention;

    e.      Whether any video, audio, testimony, document, or other memorialization of the
alleged incident or any witness accounts exists.

    f.      Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

All of the requested information is directly relevant to Plaintiff's claims and Defendant

Golubski's ability to conduct discovery into and defend against such claims.  Yet, Plaintiff asserts

that the phrase "participated in or caused the intentional killing of another human being" is

ambiguous.  Plaintiff's confusion was further explained in Plaintiffs' counsel's response to

Defendant Golubski's Golden Rule letter.  According to Plaintiffs, the phrase "participate in" is

vague because it could "encompass anything from the involvement with the police investigations of a murdered individual up to and including his pulling of the trigger." (Exhibit 4: McMullin letter). However, "participate in or cause the intentional killing of another human being" is obviously limited to contentions that Mr. Golubski participated in *the killing* itself, not the investigation of the killing—that question is reserved for another interrogatory; Interrogatory No. 3. The Court should judge Plaintiff's objection based on the language of the interrogatory—which is limited to the alleged participation in the killing itself—and *not* Plaintiffs' imaginative attempt to object to an unasked interrogatory so he can infuse non-existent ambiguity.

**Interrogatory No. 3**

Interrogatory No. 3 asks Plaintiff to state whether he contends "in this lawsuit that Roger Golubski sought to conceal the identity of any individual(s) who participated in or caused the death of another human being" and, if so, to identify the following:

a.   The name of each deceased;

b.   The approximate date of the death;

c.   Each individual(s) you believe to have actually participated in or caused the death;

d.   A description of how and why you believe Roger Golubski sought to conceal the identities in each circumstance;

e.   Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

f.   Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

g.   Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff objects, stating that the phrase "conceal the identity of any individual(s) who participated in or caused the death of another human being" is vague and ambiguous. It is unclear what Plaintiff's confusion is with the phrase and he fails to explain. *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007). As a result, the Court should overrule that objection.

### Interrogatory No. 4

This interrogatory asks Plaintiff if he contends that "any investigation, other than the investigation resulting in the arrest of Lamont McIntyre, in which Roger Golubski participated in as a law enforcement officer, resulted in the wrongful conviction of an innocent person" and if so, to identify the following:

a.   The name of each allegedly wrongfully convicted person;

b.   Approximate date of each conviction;

c.   Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

d.   Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

e.   Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff objects that the phrase "any investigation … in which Roger Golubski participated in … resulted in the conviction of an innocent person" is vague and ambiguous. But again, it is unclear what Plaintiff's confusion is with the phrase and he fails to explain. *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007). As a result, the Court should overrule that objection.

**Interrogatory No. 5**

This interrogatory asks Plaintiff if he contends "in this lawsuit that Roger Golubski was in control of, working for, or otherwise supporting the drug trade," to identify the following:

 a.  The dates you believe Roger Golubski was involved in the drug trade;

 b.  A description of how you contend Roger Golubski was involved in the drug trade;

 c.  Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

 d.  Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

 e.  Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff objects that the phrase "was in control of, working for, or otherwise supporting the drug trade" is vague. Again, it is unclear what Plaintiff's confusion is with the phrase and he fails to explain. *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007). As result, the Court should overrule that objection.

**Interrogatory No. 8**

Interrogatory No. 8 asks Plaintiff to state whether he contends in this lawsuit "that Roger Golubski engaged in extortion and/or transactional sexual acts" and, if so, to identify the following:

 a.  The name of the individual(s), alias(s), telephone number, email, and address;

 b.  Where each alleged sexual act occurred;

 c.  Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

    d.      A description of each alleged occurrence including when, where, and why it allegedly occurred;

    e.      Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

    f.      Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff objects, stating that the interrogatory is vague and ambiguous in the use of the phrase "engaged in extortion and/or transaction sexual acts." Like the interrogatories before it, Plaintiff fails to explain his confusion with the phrase and the Court should overrule that objection. *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007).

### Interrogatory No. 9

This interrogatory asks Plaintiff if he contends "in this lawsuit that Roger Golubski manipulated individuals into providing fabricated evidence" and, if so, to identify the following:

    a.      Each individual(s) allegedly manipulated by name of the individual, alias(s), telephone number, email, and address;

    b.      How Roger Golubski allegedly manipulated each individual;

    c.      The nature and description of each piece of allegedly fabricated evidence;

    d.      Each case in which the allegedly fabricated evidence was sought or used;

    e.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

    f.      Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

g.      Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff asserts that the phrase "manipulated individuals into providing fabricated evidence" is vague and ambiguous.  Like the interrogatories before it, Plaintiff fails to explain his confusion with the phrase, which is especially interesting considering the language from this interrogatory was taken from paragraphs 1, 100, and 126 of the Second Amended Complaint.  The Court should overrule this objection.  *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007).

## Interrogatory No. 10

This interrogatory asks Plaintiff whether he contends "that Roger Golubski threatened to harm or arrest a vulnerable woman's loved ones" and, if so, to identify the following:

a.      The individual(s) allegedly threatened by name of the individual, alias(s), telephone number, email, and address;

b.      The date of the occurrence;

c.      Whether the threat came to fruition;

d.      Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

e.      Documents which you have produced that support these contentions.

(Exhibit 1: 1st Interrogatories)

Plaintiff again objects stating that the phrase "threatened to harm or arrest a vulnerable woman's loved ones" is vague and ambiguous.  The language from this interrogatory was taken directly from the first paragraph of Plaintiffs' Second Amended Complaint, so it is unclear where

Plaintiff's confusion lies.   The Court should overrule this objection.   *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007).

### Interrogatory No. 11

This final interrogatory asks Plaintiff to "[i]dentify each individual by name, alias(s), phone number, email address, and address, that [he] contend[s] was subject to the actions of Roger Golubski as alleged in paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126,  133, 134,  of [the] Second Amended Complaint."  (Exhibit 1: 1st Interrogatories)

Somehow, Plaintiff argues that this request is vague, despite the fact that it simply asks Plaintiff to identify the specific alleged "victims" of the allegations made by Plaintiff in the Second Amended Complaint.   This interrogatory is only as vague as Plaintiff's Second Amended Complaint.   The Court should overrule Plaintiff's objections.   *Payless Shoesource Worldwide, Inc.*, Case No. 05-4023-JAR, 2007 WL 1959194 at * 14 (D. Kan. June 29, 2007).

### ii.      The Contention Interrogatories are not premature.

Plaintiff refuses to answer the Contention Interrogatories stating, "Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing." (Exhibit 1: 1st Interrogatories)  In the most recent hearing in this matter wherein, Plaintiffs were opposing a request to extend discovery, Plaintiffs' counsel indicated to the Court that they believed they did not need any additional discovery beyond what has already been conducted or scheduled.  Now, because the Court granted the discovery extension, Plaintiffs are using that extension as an excuse not to answer the Contention Interrogatories by stating they must wait until "after all relevant fact discovery is conducted." (Exhibit 4: McMullin Letter)

Fed. R. Civ. P. 33(a)(2) specifically states that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to a fact or the application of law to fact, but the court *may* order that interrogatory need not be answered until designated discovery is complete, or until … some other time." (emphasis added). This Court *has not* made such an order.  Further, "the Court will generally side with the principle that early disclosure, with supplementation later, best promotes the policies of the federal discovery rules."  *Anaya v. CBS Broadcasting, Inc.*, Case No. CIV-06-0476, 2007 WL 2219458 at * 8 (D.N.M. May 16, 2007).

This case has been on file since October 11, 2018, and Plaintiffs have made numerous allegations in their complaint and to the media.  Plaintiffs ought to be required *now* to answer these interrogatories specifically and fully so that Defendant Golubski will be permitted an opportunity to conduct follow-up discovery to challenge them.  If, as Plaintiff suggests, he waits until fact discovery has closed, Defendant Golubski will be without that right.

Instead of being forthcoming with their specific allegations, Plaintiffs argue that they have not received requested discovery from the Unified Government and that Golubski has been provided sufficient information through Plaintiffs' Rule 26 Disclosures, suggesting that because of Golubski's "Fifth amendment invocations … Plaintiffs' Rule 26 disclosures and thousands of pages of witness statements are more than enough for Golubski to confront his 'accusers' via deposition in this case." (Exhibit 4: McMullin letter, fn. 1)  Putting aside that the argument that availing oneself of a Constitutional right deprives that person of the ability to conduct relevant discovery is repugnant to our system of justice, Plaintiffs' argument is further undercut by the fact that Plaintiffs, to date, have failed to provide all of the *required* contact information (despite numerous requests) for the witnesses they listed on their Rule 26 disclosures.  And, "[a]lthough the Court has the power to delay answers to contention interrogatories … a plaintiff is not entitled

13

to withhold discovery information until he has obtained to his own satisfaction all discovery from the defendants." *Stout v. Long*, Civ. Case No. 14-427, 2018 WL 1322051 at * 3 (W.D. Okla. March 14, 2018) (cleaned up). Thus, Defendant Golubski should not have to wait to learn Plaintiff's *already-known* contentions until Plaintiff obtains additional discovery for a different defendant.

The Court should overrule Plaintiffs' objection. In the event additional contentions are unearthed during continued discovery as Plaintiff suggests, Plaintiff is always free to supplement his answers. There is no reason to permit Plaintiff to conceal the specific contentions they know of until it is too late for Defendant Golubski to test that contention and accusation, or to rebut it. *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. 2011) ("Defendants should answer these [contention] interrogatories as fully as they can, keeping in mind their continuing obligation to supplement their discovery responses as additional or different information becomes available.").

### iii. The Contention Interrogatories do not call for a legal conclusion or seek information protected by the Attorney-Client Privilege and/or Work-Product Doctrine.

In Plaintiffs' response to Golubski's Golden Rule Letter, Plaintiffs state that "Golubski is not simply seeking 'facts' or 'contentions' but is instead seeking detailed evidence, contact information, addresses, dates, descriptions, memorialization of witness accounts, 'how and why' Plaintiff believes something, and documents supporting each contention." (Exhibit 4: McMullin letter). First, contact information, addresses, descriptions, and documents are all *required* to be provided without request under Rule 26—an obligation Plaintiffs, until recently[2], have deemed

---

[2] On September 30, 2021, after the parties' meet-and-confer session and multiple requests, Plaintiffs served their Seventh Rule 26 Disclosures. While Plaintiffs finally provided last known addresses and phone numbers for *some* of the identified witnesses, Plaintiffs have still not provided such information—or a statement that they do have such information—for approximately 117 identified witnesses.

inapplicable by failing to provide contact information for the nearly 117 witnesses, despite having previously obtained statements or affidavits from many of them in the past.

As to the "how and why" argument Plaintiff advances, he simply misstates the context.  In certain interrogatories, as shown above, Defendant Golubski sought to learn "how and why" the alleged act occurred.   For example, Interrogatory No. 3, which asked if Plaintiff contends Defendant Golubski sought to conceal the identity of any individual who participated or caused the death of another human being, to identify "a description of how and why you believe Roger Golubski sought to conceal the identities in each circumstance."  This does not call for privileged information, but rather the facts of the contention—how he concealed it (*i.e.*, allowed the crime go "unsolved," allowed another person to be put forward as a "suspect," etc.) and what his motivation as Plaintiffs will contend (*i.e.*, was it retaliation for having his alleged request for a relationship rejected many years earlier as Ms. McIntyre alleges, or was it some other reason?).  Importantly, the Attorney-Client Privilege and Work Product Doctrine do not permit a party to conceal facts learned and from whom they were learned.  *E.E.O.C. v. Unit Drilling Co.*, No. 13-CV-147-TCK-PJC, 2014 WL 3548845, at *3 (N.D. Okla. July 17, 2014) (emphasis in original) (quoting Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure (3d ed.1998).  Further, "[r]ule 33 expressly permits contention interrogatories that delve into opinion work product because it asks for an opinion or contention that relates to fact or the application of law to fact." *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 630 (N.D. Okla. 2009) (internal citations and quotations omitted).

Plaintiff's objections are baseless and should be overruled.  These interrogatories seek nothing more than Plaintiff's contentions and related facts sufficient to allow defense counsel to test Plaintiff's contentions and evidence.

Plaintiffs assert that each Contention Interrogatory is "overly broad" and "not reasonably limited in time" and creates an undue burden on Plaintiff in having to support the allegations in the Second Amended Complaint. These objections are absurd given that these are contention interrogatories, the scope of which are inherently only as broad and burdensome as the number and scope of Plaintiffs' own contentions. These objections should be overruled.

### B.     Documents given to media or other third parties are discoverable.

Interrogatory No. 7 asks Plaintiff to identify each document that "mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski … that [plaintiff] or any of [his] representatives provided to any third-party … including media outlets, journalist, potential witnesses, and potential jurors between October 13, 2017, and present." Further, Request For Production No. 2 asks Plaintiffs to produce documents identified in response to Interrogatory No. 7. Plaintiffs simply incorporated their objections to Interrogatory Nos. 6 and 7 to Request for Production No. 2. (Exhibit 2: Second Requests for Production)

Plaintiff first objected that Interrogatory No. 7 is "facially irrelevant, overbroad, unduly burdensome, and vague." First, as to the relevance objection, "[r]elevance is construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Marso v. SafeSpeed, LLC*, No. 19-CV-02671-KHV-KGG, 2021 WL 4149075, at *2 (D. Kan. Sept. 13, 2021) (internal citation and quotations omitted). Individuals to who Plaintiff or his attorneys have communicated with, or provided information about the case, could lead to the discovery of admissions and prior inconsistent statements. Further, what Plaintiff or his representatives provided and to whom, including media outlets, will be important during *voir dire* to ensure that no biased jurors, or jurors with one-sided information

or "independent knowledge" provided by Plaintiff or his representatives get empaneled.  An unbiased, fair jury will certainly be an issue in this case, as it is in every case.

Finally, Plaintiffs have claimed attorney-client privilege and/or work-product protection over the investigative materials and testimony[3] of Centurion Ministries and investigators working with Centurion Ministries, including James McCloskey.  (*See* Plaintiffs' Objection to Centurion Subpoena, Doc. 337)  But, if Plaintiffs or their representatives disclosed Centurion's and/or Mr. McCloskey's investigative materials to third parties, there likely has been a voluntary waiver of any purported privilege and/or work-product protection.  This is already an issue in the case as Plaintiffs have objected to the production of documents from Centurion, and have instructed some witnesses not to answer deposition questions based on Centurion's relationship with Plaintiffs.

This interrogatory, and associated request for production, has obvious relevance to issues in the case.  The Court should overrule Plaintiff's objections. Similarly, this discovery is not overly broad or unduly burdensome as it is properly limited to the duration of this lawsuit.

Plaintiff also objects that this discovery is duplicative of prior requests for production of documents.  However, Plaintiff is wrong as the prior requests Plaintiff references were related only to information Plaintiff provided to specific law enforcement agencies, such as the FBI, not to the news media.  For that same reason, Plaintiff's objection that this interrogatory is an attempt to circumvent the criminal rules of discovery is also baseless.  This interrogatory and related request for production is limited to non-law enforcement agencies as evidenced by a separate interrogatory relating to information disclosed to law enforcement agencies, to which Defendant Golubski is not moving to compel a response.

---

[3] During the deposition of Dan Clark, there were numerous instructions not to answer questions about statements Dan Clark swore to in affidavits in the prior K.S.A.§ 60-1507 hearing.  Those objections and instructions not to answer will be addressed in a separately filed Motion.

Plaintiff finally objects to the interrogatory's use of the phrase "third-party not identified in response to Interrogatory No. 11, including media outlets, journalist, potential witnesses, and potential jurors."  This interrogatory quite clearly asks for Plaintiff to identify to whom he or his representatives have disclosed information, other than parties and law enforcement (which was sought in a separate request).  There is nothing vague about this language and all of Plaintiff's objections should be overruled.

**C.     Plaintiffs continue to refuse to comply with their obligations under Fed. R. Civ. P. 26 despite openly acknowledging Defendant Golubski is entitled to the requested information.**

Rule 26 obligates Plaintiffs "without awaiting a discovery request" to provide "the name, and if known, the address and telephone number of each individual likely to have discoverable information …."  Plaintiffs' counsel has acknowledged understanding their obligations, stating in emails that, "[w]e understand, by rule, you are entitled to witness contact information …." (Exhibit 6: August 26 email from Plaintiffs' counsel)

Despite repeated requests for contact information, and Plaintiffs' admitted understanding of their obligations under Rule 26, Plaintiffs have not provided known contact information for all the witnesses they disclosed.  Instead, Plaintiffs have strung Defendants along with promises that they will provide the contact information.  By way of example, Plaintiffs' counsel stated in an email dated August 17, 2021, that they would provide contact information pursuant to the protective order on an "attorneys' eyes only basis."  (Exhibit 7: August 17 email from Plaintiffs' counsel)  But, when Defendant Golubski explained that he had no objection to the attorneys-eyes-only designation, Plaintiffs later responded, on August 26 that Plaintiffs' counsel was working on a protocol to safely disclose the information they have.  When asked when Defendants could expect

to receive the information, Plaintiffs indicated they would get back with Defendants "sometime next week."  (Exhibit 6: August 26 email from Plaintiffs' counsel)

It appears that Plaintiffs' "safety protocol" is to ignore their obligations under Rule 26 to provide known contact information at the time of disclosure and, instead, when asked for contact information, delay giving it until Plaintiffs can arrange for an attorney to represent some of the disclosed witnesses—apparently to prevent defense counsel from contacting the witness directly, without the cost of deposition.  (Exhibit 5: September 13 email from Plaintiffs' counsel indicating most witnesses will be "reachable through counsel.")

On September 30, 2021, after the parties' meet-and-confer conference, but before Defendant Golubski could file this Motion, Plaintiffs provided a Seventh Supplemental Rule 26 disclosure.   However, Plaintiffs' updated disclosure still failed to provide the last known contact information, or indicate Plaintiffs did not have contact information, for 117 witnesses.   But, defense counsel had previously made clear on September 16, 2021, and during the September 30, 2021 meet-and-confer, that they needed contact information for all disclosed witnesses.

Plaintiffs' counsel's actions have and continue to deprive Defendant Golubski and other Defendants of the ability to conduct meaningful discovery into the witnesses that will purportedly support Plaintiffs' allegations.   As a result, Defendant Golubski requests that the Court enter an order requiring Plaintiffs to immediately disclose all known contact information for each witness Plaintiffs have identified, at any time, including on their Rule 26 disclosures, regardless of whether Plaintiffs' counsel has arranged, or is trying to arrange, representation for the witness.   Notably, last known phone numbers and addresses are needed regardless of representation by counsel to try

to effectuate service if the attorney representing the witness will not accept service on the witness's behalf—as is the case with key witness Niko Quinn.[4]

## IV.   CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Golubski respectfully requests that this Court enter an order requiring:

1.     Plaintiff Lamonte McIntyre to fully answer Defendant Golubski's First Interrogatories to Lamonte McIntyre Nos. 1, 2, 3, 4, 5, 7 8, 9, 10, and 11 within ten days of the Court's Order;

2.     Plaintiffs Lamonte McIntyre and Rose McIntyre to fully respond to Defendant Golubski's Second Request for Production Nos. 1 and 2 as they relate to Defendant Golubski's First Interrogatories to Lamonte McIntyre Nos. 1, 2, 3, 4, 5, 7 8, 9, 10, and 11 within ten days of the Court's Order;

3.     Plaintiffs Lamonte McIntyre and Rose McIntyre to provide all last known contact information for all witnesses Plaintiffs have disclosed on all iterations of the Rule 26 Disclosures within 10 days of the Court's Order;

For the above reasons, the Court should compel Plaintiffs' response to the Written Discovery propounded by Defendant Golubski, and for other relief this Court deems just and proper.

---

[4] Plaintiffs originally noticed the deposition of Niko Quinn for June 2, 2021 (Doc. 279), but it was later cancelled because Ms. Quinn, according to Plaintiffs' counsel, was recovering from an illness.  When Defendants asked for Ms. Quinn's contact information, Plaintiffs provided attorney Robert Hoffman's name.   Mr. Hoffman, who stated he represented Ms. Quinn for the better part of a year, had no prior knowledge of the scheduled deposition—which indicates that Plaintiffs were freely communicating with Ms. Quinn, and the purpose for which counsel was retained was to prevent Defendants' ability to do the same.  Further, Mr. Hoffman was not authorized to accept service or provide Ms. Quinn's address so Defendants could easily have her served. However, Defendant Golubksi effectuated service on October 2, 2021.

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Christopher M. Napolitano

| | |
|---|---|
| MATTHEW J. GIST | KS #20829 |
| CHRISTOPHER M. NAPOLITANO | KS #25499 |

1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
E-mails:     mgist@enszjester.com
                  cnapolitano@enszjester.com

**and**

| | |
|---|---|
| MORGAN L. ROACH | KS #23060 |
| SEAN P. McCAULEY | KS #20174 |
| NICHOLAS S. RUBLE | KS #25636 |
| JEFFREY S. KRATOFIL | KS #23983 |

MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri  64111
Telephone:  816-523-1700
Facsimile:  816-523-1708
E-mails:     morgan@mccauleyroach.com
                  sean@mccauleyroach.com
                  nick@mccauleyroach.com
                  jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**

## CERTIFICATE OF SERVICE

I hereby certify that, on October 11, 2021, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

MICHAEL J. ABRAMS          KS #15407
WILLIAM G. BECK            KS #77974
ALEXANDER T. BROWN         KS #78891
ALANA M. McMULLIN          KS #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108
Telephone:  816-292-2000
Facsimile:  816-292-2001
E-mail(s):    michael.abrams@lathropgmp.com
              william.beck@lathropgpm.com
              alexander.brown@lathropgpm.com
              alana.mcmullin@lathropgpm.com
**and**

CHERYL A. PILATE           KS #14601
LINDSAY RUNNELS            KS #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri  64106
Telephone:  816-471-6694
Facsimile:  816-472-3516
E-mail(s):    cpilate@morganpilate.com
              lrunnels@morganpilate.com
**and**

BARRY SCHECK               *Pro Hac Vice*
EMMA FREUDENBERGER         *Pro Hac Vice*
AMELIA GREEN               *Pro Hac Vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York  10013
Telephone:  212-965-9081
Facsimile:  212-965-9084
E-mail(s):    barry@nsbcivilrights.com
              emma@nsbcivilrights.com
              amelia@nsbcivilrights.com
**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER          KS #16690
CHARLES E. BRANSON       KS #17376
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas  66606
Telephone:   785-232-7761
Facsimile:   785-286-6609
E-mail(s):   dcooper@fpsslaw.com
             cbranson@fpsslaw.com
**and**

HENRY E. COUCHMAN, JR.   KS #12842
EDWARD JAMES BAIN        KS #26442
UNIFIED  GOVERNMENT  OF  WYANDOTTE
COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas  66101
Telephone:   913-573-5060
Facsimile:   913-573-5243
E-mail(s):   hcouchman@wycokck.org
             jbain@wycokck.org
**ATTORNEYS     FOR     DEFENDANT
UNIFIED      GOVERNMENT      OF
WYANDOTTE  COUNTY  AND  KANSAS
CITY, KANSAS**


SEAN M. STURDIVAN        KS #21286
ELIZABETH A. EVERS       KS #22580
TRACY M. HAYES           KS #23119
SANDERS WARREN RUSSELL & SCHEER LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Telephone:   913-234-6100
Facsimile:   913-234-6199
E-mail(s):   s.sturdivan@swrsllp.com
             e.evers@swrsllp.com
             t.hayes@swrsllp.com
**ATTORNEYS  FOR  THE  ESTATE  OF
DETECTIVE     JAMES     MICHAEL
KRSTOLICH,    DETECTIVE    DENNIS
WARE,  OFFICER  JAMES  L.  BROWN,
THE ESTATE OF LIEUTENANT DENNIS
OTTO  BARBER,  DETECTIVE  CYLDE
BLOOD, DETECTIVE WK SMITH, AND**

**THE ESTATE OF LIEUTENANT STEVE
CULP**


/s/ Christopher M. Napolitano
_____

**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**