EXHIBIT

1

Exhibit & Jester, P.C.

# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and<br>ROSE LEE MCINTYRE, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )   Case No. 2:18-CV-02545-KHV-KGG<br>) |
| UNIFIED GOVERNMENT OF<br>WYANDOTTE COUNTY, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

## PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANT GOLUBSKI'S FIRST INTERROGATORIES TO PLAINTIFF LAMONTE MCINTYRE

Pursuant to Federal Rules of Civil Procedure Rule 33, Plaintiff Lamonte McIntyre ("Plaintiff") submits the following answers and objections to Defendant Golubski's First Interrogatories as follows:

## GENERAL OBJECTIONS

Plaintiff objects to any discovery that seeks information protected by the attorney-client or work-product privileges and reserves objection to any confidential, personal or proprietary information.  Further, Plaintiff objects to the interrogatories to the extent that they seek information that is irrelevant, immaterial, vague, ambiguous and otherwise oppressive, or not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff further objects to any discovery that seeks publicly available materials that may be readily procured from any public source, including the internet, as such discovery is equally available to all parties in this case.

Plaintiff incorporates each of these overall objections in each of its responses to the following interrogatories below. Plaintiff reserves the right to supplement its responses to each

interrogatory below based upon the discovery of responsive information or subsequent clarification by Defendants.

## INTERROGATORIES

1.      If you contend in this lawsuit that Roger Golubski, by means of force, fear, extortion, or coercion, engaged in a non-consensual sexual act(s) with any individual, please identify the following:

      a.      each non-consenting party by name, alias(s), telephone number, email, and address;

      b.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

      c.      a description of each alleged occurrence including when, where, and why it allegedly occurred;

      d.      whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

      e.      Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague and ambiguous and is not limited to victims in the community as described in this lawsuit, and, further, seeks information that may seek the mental impressions of counsel, such as "why" a particular sex act occurred.  Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "each non-consenting party…a description of each alleged occurrence…any video, audio, testimony…or document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable**

**reason here for deferring answers to contention interrogatives until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

2.      If you contend in this lawsuit that Roger Golubski participated in or caused the intentional killing of another human being, please identify the following:

a.      The name of each deceased;

b.      The approximate date of the death;

c.      A description of how and why you believe Roger Golubski participated or caused the intentionally killing of each deceased;

d.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

e.      whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

f.      Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "participated in or caused the intentional killing of another human being" is ambiguous. Likewise, the interrogatory is overly broad, not reasonably limited in time, and seeks "the name of each deceased…the approximate date of the death…a description of how and why [Plaintiff] believe Roger Golubski participated…any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been**

**completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

3.      If you contend in this lawsuit that Roger Golubski sought to conceal the identity of any individual(s) who participated in or caused the death of another human being, please identify the following:

      a.      The name of each deceased;

      b.      The approximate date of the death;

      c.      Each individual(s) you believe to have actually participated in or caused the death;

      d.      A description of how and why you believe Roger Golubski sought to conceal the identities in each circumstance;

      e.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

      f.      whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

      g.      Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "sought to conceal the identity of any individual(s) who participated in or caused the death of another human being" is ambiguous. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "the name of each deceased…the approximate date of the death… a description of how and why [Plaintiff] believe Roger Golubski sought to conceal the identifies…any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance**

**litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

4.     If you contend in this lawsuit that any investigation, other than the investigation resulting in the arrest of Lamont McIntyre, in which Roger Golubski participated in as a law enforcement officer, resulted in the wrongful conviction of an innocent person, please identify the following:

a.     The name of each allegedly wrongfully convicted person;

b.     Approximate date of each conviction;

c.     Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

d.     whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

e.     Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "any investigation…in which Roger Golubski participated in…resulted in the wrongful conviction of an innocent person" is ambiguous. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "the name of each allegedly wrongfully convicted person…approximate date of each conviction… any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for**

5

deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.

      5.      If you contend in this lawsuit that Roger Golubski was in control of, working for, or otherwise supporting the drug trade, please identify the following:

      a.      The dates you believe Roger Golubski was involved in the drug trade;

      b.      A description of how you contend Roger Golubksi was involved in the drug trade;

      c.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

      d.      Whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness accounts exists.

      e.      Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "was in control of, working for, or otherwise supporting the drug trade" is ambiguous. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "the dates [Plaintiff] believe Roger Golubski was involved in the drug trade… a description of how [Plaintiff] contend Roger Golubski was involved in the drug trade…any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

6.     Identify each document that mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski, by author, date of creation, description, bates stamp (if produced in this lawsuit), and date provided, that you or any of your representatives have provided to a law enforcement agency or licensing agency, including but not limited to the Kansas Bureau of Investigation, the Federal Bureau of Investigation, the Department of Justice, the Kansas Highway Patrol, the Wyandotte County Sheriff's Office, and the Kansas City, Kansas Police Department between October 13, 2017, and present.

**ANSWER: Objection. Interrogatory No. 6 is facially irrelevant, overbroad, unduly burdensome, and vague as to "each document that mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski," requiring Plaintiff to "engage in mental gymnastics to determine what information may or may not be remotely responsive." *See Azim v. Tortoise Cap. Advisors, LLC*, No. 13-2267-DDC, 2015 WL 13624448, at \*5-6 (D. Kan. May 26, 2015) (finding that discovery requests seeking correspondence between a party and third parties referencing the claims in plaintiff's complaint were "overly broad and vague."). This request is also irrelevant, as it seeks "documents" sent between Plaintiff or Plaintiff' representatives and law enforcement agencies, which is not facially relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, simply limiting the timeframe to the date the current lawsuit was filed (almost four years ago) does not change the facial irrelevance of the Interrogatory itself. Additionally, the request as written is objectionable (and duplicative of previous RFPs Nos. 10 and 11) as it is an improper attempt to use discovery in this civil suit to circumvent the criminal discovery rules, as a criminal investigation into the conduct alleged in this litigation against Defendant Golubski is likely or ongoing. This is supported by Defendant Golubski's invocation of the Fifth Amendment right against self-incrimination during both portions of his deposition in this proceeding on December 18, 2020 and April 20, 2021. Divulging communications or documents between Plaintiff (or Plaintiff's representatives) and the "law enforcement agencies" mentioned above regarding Defendant Golubski would be of marginal relevance here – if at all – such that the potential harm occasioned by this request would outweigh the ordinary presumption in favor of broad disclosure. *See Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003). Thus, this improper attempt to procure documents, communications, or information that law enforcement may use against Golubski in a future criminal proceeding is akin to a "back door to information otherwise beyond reach under the criminal discovery rules." *See In re Eisenberg,* 654 F.2d 1107, 1113-14 (5th Cir. 1981).**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C) responsive documents are being withheld on the basis of the aforementioned objections.**

7.      Identify each document that mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski, by author, date of creation, description, bates stamp (if produced in this lawsuit), and date provided, that you or any of your representatives have provided to any third-party not identified in response to Interrogatory No. 11, including media outlets, journalist, potential witnesses, and potential jurors between October 13, 2017, and present.

**ANSWER: Objection. Interrogatory No. 7 is facially irrelevant, overbroad, unduly burdensome, and vague as to "each document that mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski." Further, this Interrogatory is also vague as it requests documents provided to "any third party not identified in response to Interrogatory No. 11, including media outlets, journalist, potential witnesses, and potential jurors." The overly broad and burdensome nature of this Interrogatory requires Plaintiff to speculate as to who a "potential witness" or "potential juror" may be, requiring Plaintiff to "engage in mental gymnastics to determine what information may or may not be remotely responsive." *See Azim v. Tortoise Cap. Advisors, LLC*, No. 13-2267-DDC, 2015 WL 13624448, at \*5-6 (D. Kan. May 26, 2015) (finding that discovery requests seeking correspondence between a party and third parties referencing the claims in plaintiff's complaint were "overly broad and vague."). This request is also irrelevant, as it seeks "documents" sent between Plaintiff or Plaintiff's representatives and the media or other third-parties, which is not facially relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, simply limiting the timeframe to the date the current lawsuit was filed (almost four years ago) does not change the facial irrelevance of the Interrogatory itself. Additionally, the request as written is objectionable (and duplicative of Defendant Golubski's previous RFPs Nos. 10 and 11) as it is an improper attempt to use discovery in this civil suit to circumvent the criminal discovery rules, as a criminal investigation into the conduct alleged in this litigation against Defendant Golubski is likely or ongoing. This is supported by Defendant Golubski's invocation of the Fifth Amendment right against self-incrimination during both portions of his deposition in this proceeding on December 18, 2020 and April 20, 2021. Divulging documents provided by Plaintiff (or Plaintiff' representatives) to "third parties," which broadly includes law enforcement agencies, regarding Defendant Golubski would be of marginal relevance here – if at all – such that the potential harm occasioned by this request would outweigh the ordinary presumption in favor of broad disclosure. *See Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003). Thus, this improper attempt to procure documents, communications, or information that law enforcement may use against Golubski in a future criminal proceeding is akin to a "back door to information otherwise beyond reach under the criminal discovery rules." *See In re Eisenberg*, 654 F.2d 1107, 1113-14 (5th Cir. 1981).**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C) responsive documents are being withheld on the basis of the aforementioned objections.**

8.    If you contend in this lawsuit that Roger Golubski engaged in extortion and/or transactional sexual acts, please identify the following:

    a.    the name of the individual(s), alias(s), telephone number, email, and address;

    b.    where each alleged sexual act occurred;

    c.    Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

    d.    a description of each alleged occurrence including when, where, and why it allegedly occurred;

    e.    whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

    f.    Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "engaged in extortion and/or transactional sexual acts" is ambiguous, and further, that this interrogatory is not limited to victims in the community, as described in this lawsuit. Plaintiff further objects to information about "why" a particular sex act occurred to the extent that such information may seek the mental impressions of counsel. Further, this interrogatory is at least partly duplicative of Interrogatory No. 1. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "the name of the individual(s)...where each alleged sexual act occurred...a description of each alleged occurrence...any video, audio, testimony...[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.   Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

9.      If you contend in this lawsuit that Roger Golubski manipulated individuals into providing fabricated evidence, please identify the following:

a.      Each individual(s) allegedly manipulated by name of the individual, alias(s), telephone number, email, and address;

b.      How Roger Golubski allegedly manipulated each individual;

c.      The nature and description of each piece of allegedly fabricated evidence;

d.      Each case in which the allegedly fabricated evidence was sought or used;

e.      Each witness by name, alias(s), telephone number, email, and address who may have knowledge of, corroborate, or testify regarding your contention;

f.      whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

g.      Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "manipulated individuals into providing fabricated evidence" is ambiguous. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "each individual(s) allegedly manipulated…how Roger Golubski alleged manipulated each individual…the nature and description of each…each case in which the allegedly fabricated evidence was sought or used… any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party. Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

10.     If you contend that Roger Golubski threatened to harm or arrest a vulnerable woman's loved ones, please identify the following:

    a.    The individual(s) allegedly threatened by name of the individual, alias(s), telephone number, email, and address;

    b.    The date of the occurrence;

    c.    Whether the threat came to fruition;

    d.    whether any video, audio, testimony, document, or other memorialization of the alleged incident or any witness account exists.

    e.    Documents which you have produced that support these contentions.

**ANSWER: Plaintiff objects to this interrogatory to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Plaintiff also objects because this interrogatory is vague in that the phrase "threatened to harm or arrest a vulnerable woman's loved ones" is ambiguous. Likewise, the interrogatory is overly broad, is not reasonably limited in time, and seeks "the individual(s) allegedly threatened by name…the date of the occurrences…whether the threat came to fruition… any video, audio, testimony…[or] document" supporting the contention, creating an undue burden to Plaintiff that outweighs any benefit to the discovering party.  Further, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

11.     Identify each individual by name, alias(s), phone number, email address, and address, that you contend was subject to the actions of Roger Golubski as alleged in paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126, 133, 134, of your Second Amended Complaint.

**ANSWER: Plaintiff objects to this interrogatory as facially overly broad and unduly burdensome. Plaintiff also objects to the extent that it seeks a legal conclusion or seeks information protected from discovery by the attorney-client privilege or the work product doctrine. Further, Plaintiff objects because this interrogatory is vague in that the phrase "was subject to the actions of Roger Golubski as alleged in paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126, 133, 134, of your Second Amended Complaint" is ambiguous. Likewise, the interrogatory is also overly broad and unduly burdensome as it is not reasonably limited in time or scope and requests "each individual by name, alias(s), phone number, email address, and address" In addition, Plaintiff objects that this is a contention interrogatory that has been propounded prematurely as fact discovery in this case is ongoing. Indeed, Plaintiff has not received complete responses to requests for production of documents, necessary parties and witnesses have yet to be deposed, and Defendants have not submitted their expert disclosures or reports. Additionally, answers to contention interrogatories at this stage of discovery are likely to require multiple supplemental answers, which are unduly burdensome, or prematurely commit Plaintiff to positions and artificially narrow the issues in this case. Early answers to this interrogatory, therefore, will not efficiently advance litigation. Courts have considerable discretion in determining when contention interrogatories must be answered and there is considerable reason here for deferring answers to contention interrogatories until after further discovery has been completed. Plaintiff will timely supplement his response to this Interrogatory pursuant to the Rules of Civil Procedure.**

Respectfully submitted,

/s/ *Michael J. Abrams*
Michael J. Abrams #15407
William G. Beck #77974
Alexander T. Brown #78891
Alana McMullin #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Email: michael.abrams@lathropgpm.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
Morgan Pilate, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
Email: cpilate@morganpilate.com

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Yasmin Dagne (admitted *pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
Email: emma@nsbcivilrights.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 10th of June 2021, true and correct copies of Plaintiff's Answers and Objections to Defendant Golubski's First Interrogatories to Plaintiff Lamonte McIntyre were served *via* electronic mail to:


Edward James Bain, III
jbain@wycokck.org

David R. Cooper
dcooper@fisherpatterson.com

Charles E. Branson
cbranson@fpsslaw.com

Henry E. Couchman, Jr.
hcouchman@wycokck.org

Elizabeth Ann Evers Guerra
e.evers@swrsllp.com

Tracy M. Hayes
t.hayes@swrsllp.com

Sean M. Sturdivan
s.sturdivan@swrsllp.com

Sean P. McCauley
sean@mccauleyroach.com

Morgan L. Roach
morgan@mccauleyroach.com

Jeffrey S. Kratofil
jeff@mccauleyroach.com


Matthew J. Gist
mgist@enzjester.com

Christopher M. Napolitano
cnapolitano@enszjester.com


***Attorneys for Defendants***


By:    /s/ *Michael J. Abrams*
       An Attorney for Plaintiffs


14