# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE, <br><br> Plaintiffs, <br><br> v. <br><br> UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 2:18-CV-02545-KHV-KGG |

### PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANT GOLUBSKI'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS

Plaintiffs for their Responses and Objections to Defendant Golubski's Second Requests for Production of Documents to Plaintiffs, respond as follows:

### REQUESTS FOR PRODUCTION

1. Each document Plaintiff Lamonte McIntyre identified as being in existence in response to Defendant Roger Golubski's First Interrogatories to Plaintiff Lamonte McIntyre Nos. 1(d), 2(e), 3(f), 4(d), 5(d), 8(e), 9(f), 10(d).

**RESPONSE:** *See* **Plaintiffs' Answers and Objections to Defendant Golubski's First Interrogatories to Plaintiff Lamonte McIntyre, Nos. 1, 2, 3, 4, 5, 8, 9, and 10.**

2. Each document Plaintiff Lamonte McIntyre identified in response to Defendant Roger Golubski's First Interrogatories to Plaintiff Lamonte McIntyre Nos. 6 and 7.

**RESPONSE:** *See* **Plaintiffs' Answers and Objections to Defendant Golubski's First Interrogatories to Plaintiff Lamonte McIntyre, Nos. 6 and 7.**

3. Each email, letter, memoranda drafted or sent to, from, or at the direction of Plaintiff or Plaintiffs' representatives to any news media, journalist, law enforcement agencies, from October 13, 2017, to present.

**RESPONSE: Objection. Request No. 3 is facially irrelevant, overbroad, unduly burdensome, and vague in that it is not reasonably limited in scope and as such requires Plaintiffs to "engage in mental gymnastics to determine what information may or may not be remotely responsive."** *See Azim v. Tortoise Cap. Advisors, LLC*, **No. 13-2267-DDC, 2015 WL 13624448, at \*5-6 (D. Kan. May 26, 2015) (finding that discovery requests seeking correspondence between a party and third parties referencing the claims in plaintiff's complaint were "overly broad and vague.") This request is also irrelevant, as it seeks "email, letter, memoranda" sent between Plaintiffs or Plaintiffs' representatives and law any "news media, journalist, [or] law enforcement agencies," which is not facially relevant to the claims or defenses in this case and is not reasonably calculated to lead to the discovery of admissible evidence. Indeed, simply limiting the timeframe to the date the current lawsuit was filed (almost four years ago) does not change the facial irrelevance of the Request itself. Specifically, as it pertains to "email, letter, memoranda" sent between Plaintiffs or Plaintiffs' representatives and "any news media, [or] journalist," this request is irrelevant as it has no bearing on the claims or defenses in this case and the burden of Plaintiffs' complying with such a request outweigh any probative value responsive documents may provide. Additionally, the request as written is objectionable (and duplicative of Defendant Golubski's previous RFPs Nos. 10 and 11) as it is an improper attempt to use discovery in this civil suit to circumvent the criminal discovery rules, as a criminal investigation into the conduct alleged in this litigation against Defendant Golubski is likely or ongoing. This is supported by Defendant Golubski's invocation of the Fifth Amendment right against self-incrimination during both portions of his deposition in this proceeding on December 18, 2020 and April 20, 2021. Divulging communications or documents between Plaintiffs (or Plaintiffs' representatives) and "law enforcement agencies" regarding Defendant Golubski would be of marginal relevance here – if at all – such that the potential harm occasioned by this request would outweigh the ordinary presumption in favor of broad disclosure.** *See Gen. Elec. Cap. Corp. v. Lear Corp.*, **215 F.R.D. 637, 640 (D. Kan. 2003). Thus, this improper attempt to procure documents, communications, or information that law enforcement may use against Golubski in a future criminal proceeding is akin to a "back door to information otherwise beyond reach under the criminal discovery rules."** *See In re Eisenberg,* **654 F.2d 1107, 1113-14 (5th Cir. 1981).**

**Pursuant to Fed. R. Civ. P. 34(b)(2)(C) responsive documents are being withheld on the basis of the aforementioned objections.**

Respectfully submitted,

By: /s/ *Michael J. Abrams*
Michael J. Abrams #15407
William G. Beck #77974
Alexander T. Brown #78891
Alana McMullin #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
Email: michael.abrams@lathropgpm.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
Morgan Pilate, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
Email: cpilate@morganpilate.com

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Yasmin Dagne (admitted *pro hac vice*)
Neufeld Scheck & Brustin, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
Email: emma@nsbcivilrights.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Michael J. Abrams, hereby certify that on June 10, 2021, true and correct copies of Plaintiff's Responses and Objections to Golubski's Second Requests For Production Of Documents To Plaintiffs were served via electronic mail to:

David R. Cooper
dcooper@fpsslaw.com

Charles E. Branson
cbranson@fpsslaw.com

Henry E. Couchman, Jr.
hcouchman@wycokck.org

Edward James Bain, III
jbain@wycokck.org

Morgan L. Roach
morgan@mccauleyroach.com

Sean P. McCauley
sean@mccauleyroach.com

Jeffrey S. Kratofil
jeff@mccauleyroach.com

Matthew J. Gist
mgist@enszjester.com

Christopher M. Napolitano
cnapolitano@enszjester.com

Sean M. Sturdivan
s.sturdivan@swrsllp.com

Tracy M. Hayes
t.hayes@swrsllp.com

Elizabeth Ann Evers Guerra
e.evers@swrsllp.com

*Attorneys for Defendants*

                                                      /s/ *Michael J. Abrams*
                                                      An Attorney for Plaintiffs