

**EXHIBIT 3**

*Christopher M. Napolitano*
*cnapolitano@enszjester.com*

August 17, 2021

**VIA EMAIL TO:**
*Michael Abrams*
*William Beck*
*Alexander Brown*
*Alana McMullin*
*Cheryl Pilate*
*Lindsay Runnells*
*Barry Scheck*
*Emma Freudenberger*
*Yasmin Dagne*

        RE:     Roger Golubski's Golden Rule Letter to Plaintiffs

Dear Counsels:

      We are in receipt of Plaintiffs' objections and responses to (1) Defendant Golubksi's Second Requests for Production of Documents to Plaintiffs, (2) Defendant Golubski's First Interrogatories to Plaintiff Lamont McIntyre; (3) Defendant Golubski's Third Requests for Production of Documents; and (4) Defendant Golubski's First Interrogatories to Rose McIntyre.

      As it relates to Defendant Golubski's Second Requests for Production of Documents to Plaintiffs and Defendant Golubski's First Interrogatories to Plaintiff Lamonte McIntyre, it had been our understanding, based on representations made by Ms. Pilate to Morgan Roach, that a supplement would be forthcoming. However, given that no such supplement has been made, please consider this Defendant Golubski's good-faith effort to resolve the disputes outlined herein.

### FIRST INTERROGATORIES TO LAMONTE MCINTYRE

      As an initial matter, I note Plaintiff has not provided any substantive answers or responsive documents. Instead, you object to each and every Interrogatory (First Interrogatories to Lamonte McIntyre) and Requests for Production (Second Request for Production). Because many of your responses to the Defendant Golubski's Second Requests for Production of Documents refer to your non-answers to the First Interrogatories to Lamonte McIntyre, we will begin with those interrogatories.

**Interrogatory No. 1:** This interrogatory asks you to identify individuals with whom Plaintiff will contend Roger Golubski engaged in non-consensual sexual acts, and to provide information relating to those individuals and acts.

August 17, 2021
Page 2

You object first on the grounds that it seeks a legal conclusion or seeks privileged or otherwise protected information.  First, the interrogatory asks for your contention, not a legal conclusion.  That objection is meritless.  Second, you cannot use the Attorney-Client Privilege and Work Product Doctrine as a sword and shield.  You cannot selectively disclose information learned by an attorney and hide the remainder. *Frontier Refining, Inc.,* 136 F.3d 695, 704 (10th Cir. 1998) ("[A] litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged information to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."). More importantly, neither privilege or protection shields *facts* from discovery." *Kansas Wastewater, Inc., v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 528 (D. Kan. 2003) ("It is well established that a party may not withhold relevant facts from disclosure simply because they were communicated to, *or learned from*, the party's attorney.") (emphasis added).

You next object that the interrogatory is vague and ambiguous and is not limited to victims of the community as described in the lawsuit.  You fail to explain how the interrogatory is vague and ambiguous.  Further, the interrogatory is properly limited in that it asks only for your contentions that you will raise in this lawsuit.

Still objecting, you assert that the request is overly broad, not reasonably limited in time, and seeks information relating to each individual, which creates an undue burden on Plaintiff to compile such information and outweighs any benefit to Golubski.  You certainly took the time to prepare a 51 page Complaint containing 206 paragraphs of allegations in which you allege my client 'had sex with informants, would obtain sex "through compulsion," would "leverage or control" prostitutes for information and "force them to give him sex," but now your position is that giving Mr. Golubksi information relating to those allegations, thereby permitting him to confront his accusers, is too burdensome to Plaintiff.  Now is the time to provide discovery supporting your allegations. It should not be difficult or burdensome unless, of course, you did not have evidentiary support for the allegations when you filed the Complaint.

And still objecting, you assert that the interrogatory is a contention interrogatory that has been propounded prematurely because fact discovery is ongoing.  You are correct in that it is a contention interrogatory and fact discovery is ongoing, which is exactly why we need this information now—so we have a fair and full opportunity to conduct further discovery into these issues.  And again, given that you have made such salacious allegations in the Complaint, it would stand to reason that Plaintiff already knows the information responsive to this request, otherwise making such allegations—without any factual support—would be violative of Fed. R. Civ. P. 11. Finally, while discovery is still ongoing, it is scheduled to end in just a matter of months, and Defendant Golubski is entitled to know who Plaintiff will call to support these salacious allegations so he can test their stories through deposition prior to the close of discovery.

Please withdraw your objections and answer the interrogatory.

August 17, 2021
Page 3

**Interrogatory No. 2:** This interrogatory asks Plaintiff to provide information related to Plaintiff's contentions that Roger Golubski participated in, or caused the intentional killing of another human being.

You object first on the grounds that it seeks a legal conclusion or seeks privileged or otherwise protected information. First, the interrogatory asks for your contention, not a legal conclusion. That objection is meritless. Second, you cannot use the Attorney-Client Privilege and Work Product Doctrine as a sword and shield. You cannot selectively disclose information learned by an attorney and hide the remainder. *Frontier Refining, Inc.,* 136 F.3d 695, 704 (10th Cir. 1998) ("[A] litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged information to prove a point but then invoking the privilege to prevent an opponent from challenging the assertion."). More importantly, neither privilege or protection shields *facts* from discovery." *Kansas Wastewater, Inc., v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 528 (D. Kan. 2003) ("It is well established that a party may not withhold relevant facts from disclosure simply because they were communicated to, *or learned from*, the party's attorney.") (emphasis added).

You next assert that the phrase "participated in or caused the intentional killing of a human being" is vague. It is not. But, if it helps, "participated" means "to take part." https://www.merriam-webster.com/dictionary/participate.

You next assert that this interrogatory is overly broad, not reasonably limited in time, and seeks too much information about each contention which creates an undue burden upon Plaintiff. It does not as it is limited to your contentions and information needed to test their veracity. And, it should not be difficult or burdensome unless, of course, you did not have evidentiary support for the allegations when you filed the Complaint.

As with Interrogatory No. 1, you assert that the interrogatory is a contention interrogatory that has been propounded prematurely because fact discovery is ongoing. You are correct in that it is a contention interrogatory and fact discovery is ongoing, which is exactly why we need this information now—so we have a fair and full opportunity to conduct further discovery into these issues. And again, given that you have made such salacious allegations in the Complaint, it would stand to reason that Plaintiff already knows the information responsive to this request, otherwise making such allegations—without any factual support—would be violative of Fed. R. Civ. P. 11. Finally, while discovery is still ongoing, it is scheduled to end in just a matter of months, and Defendant Golubski is entitled to know who Plaintiff will call to support these salacious allegations so he can test their stories through deposition prior to the close of discovery.

Please withdraw your objections and answer the interrogatory.

**Interrogatory No. 3:** This interrogatory asks you to identify various information if you contend that Roger Golubski sought to conceal the identity of any individuals who participated in the death of another human being.

August 17, 2021
Page 4

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 3.

**Interrogatory No. 4:** This interrogatory asks Plaintiff to identify information related to other instances in which Plaintiff contends Roger Golubski's actions resulted in a wrongful conviction.

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 4.

**Interrogatory No. 5:** This interrogatory asks Plaintiff to identify specific information if Plaintiff contends that Roger Golubski was in control of, working for, or otherwise supporting the drug trade.

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 5.

**Interrogatory No. 6:** This interrogatory asks Plaintiff to identify each document making allegations against Roger Golubksi that Plaintiff provided to any law enforcement or licensing agency from October 13, 2017, to present.

You first object stating that this interrogatory is facially irrelevant. However, Plaintiff has objected to producing documentation created or generated by Centurion Ministries on the basis of Attorney-Client Privilege and/or Work Product Doctrine. However, if any of that information was produced to a third party, it would have waived such privileges. Making this request *directly* relevant to Plaintiff's claim of privilege.

You next object stating this interrogatory is an attempt to avoid the laws of criminal procedure. It is not. Plaintiff has alleged numerous wrongdoings in this *civil case*—forced sex, corruption, etc. As a result, the documents Plaintiff provided to law enforcement are likely to be directly relevant to the claims you assert in this case. You cite to *In re Eisenberg*, 654 F.2d 1107, 113-1114 (5th Cir. 1981), in connection with your objection that the requests improperly seek to circumvent criminal discovery. However, nothing in *Eisenberg* limits the scope of discovery in a civil case. Here, we are asking for information that would be equally, if not more, relevant to Plaintiff's claims than any potential criminal matter.

Please withdraw your objections and fully answer this Interrogatory.

**Interrogatory No. 7:** This interrogatory asks Plaintiff to identify each document making allegations against Roger Golubksi that Plaintiff provided to the media from October 13, 2017, to present.

You object that this interrogatory is irrelevant, overbroad, unduly burdensome, and vague—yet you indicate that responsive documents are being withheld demonstrating you understand what documents are being sought. And, as explained above, the information Plaintiff divulged to a third

party—and thereby waiving privilege and work product protection—is directly relevant to the scope of discovery in this case. Further, this interrogatory is directly relevant as it goes to show how Plaintiff may have prejudiced the potential jury pool and will inform defense counsel of necessary inquiry during *voir dire*.

You next object stating this interrogatory is an attempt to avoid the laws of criminal procedure it is not. Plaintiff has alleged numerous wrongdoings in this civil case—forced sex, corruption, etc—as a result, the documents Plaintiff provided to media are likely to be directly relevant to the claims you assert in this case.

**Interrogatory No. 8:** This interrogatory asks Plaintiff to provide information related to Plaintiff's contention that Roger Golubksi engaged in extortion and/or transactional sexual acts.

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 8.

**Interrogatory No. 9:** This interrogatory asks Plaintiff to provide information relating to Plaintiff's contentions that Roger Golubksi manipulated individuals into providing false evidence.

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 9.

**Interrogatory No. 10:** This interrogatory asks Plaintiff to provide information relating to Plaintiffs's contentions that Roger Golubksi threatened harm or arrest against vulnerable women's loved ones.

Your objections, as far as we can tell, are identical in substance to Interrogatory No. 2 and, as a result, Defendant Golubski incorporates his response to the same to Interrogatory No. 10.

**Interrogatory No. 11.** This interrogatory asks Plaintiff to identify the individuals Plaintiff contends were subjected to Roger Golubski's actions as outlined in paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126, 133, 134 of the Complaint.

You first object stating this interrogatory is overly broad, and unduly burdensome. It is only as burdensome as your Complaint given that it is limited to the allegations (and not even all of them) contained in your Complaint.

You next contend it calls for a legal conclusion and is protected from disclosure by the Attorney-Client Privilege or Work Product Doctrines. But, the interrogatory asks for your contention, not a legal conclusion. That objection is meritless. Second, you cannot use the Attorney-Client Privilege and Work Product Doctrine as a sword and shield. You cannot selectively disclose information learned by an attorney and hide the remainder. *Frontier Refining, Inc.,* 136 F.3d 695, 704 (10th Cir. 1998) ("[A] litigant cannot use the work product doctrine as both a sword and a shield by selectively using the privileged information to prove a point but then invoking the privilege to

prevent an opponent from challenging the assertion."). More importantly, neither privilege or protection shields *facts* from discovery. ." *Kansas Wastewater, Inc., v. Alliant Techsystems, Inc.*, 217 F.R.D. 525, 528 (D. Kan. 2003) ("It is well established that a party may not withhold relevant facts from disclosure simply because they were communicated to, *or learned from*, the party's attorney.") (emphasis added).

Finally, as with Interrogatory No. 1 and others, you assert that the interrogatory is a contention interrogatory that has been propounded prematurely because fact discovery is ongoing. You are correct in that it is a contention interrogatory and fact discovery is ongoing, which is exactly why we need this information now—so we have a fair and full opportunity to conduct further discovery into these issues. And again, given that you have made such allegations in the Complaint, it would stand to reason that Plaintiff already knows the information responsive to this request, otherwise making such allegations—without any factual support—would be violative of Fed. R. Civ. P. 11. Finally, while discovery is still ongoing, it is schedule to end in just a matter of months, and Defendant Golubski is entitled to know who Plaintiff will call to support these salacious allegations so he can test their stories through deposition prior to the close of discovery.

## SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

**Request Nos. 1 and 2**: Please see Interrogatory Nos. 1–5, 8-10 above.

**Request No. 3:** This request asks you to provide each email, letter, or memo drafted or sent to or from Plaintiffs to any news media, journalists, or law enforcement agencies from October 13, 2017, to present. You object that this request is irrelevant, overbroad, unduly burdensome, and vague—yet you indicate that responsive documents are being withheld demonstrating you understand the question and what documents are being sought. And, as explained above, the information Plaintiffs divulged to a third party—and thereby waiving privilege and work product protection—is within the scope of discovery in this case. Further, this request is directly relevant as it goes to show how Plaintiffs may have prejudiced the potential jury pool, and will inform defense counsel of necessary inquiry during *voir dire*. Moreover, such documentation, given the reporting by the news media in this case about the underlying allegations and facts of this case, is likely to contain information directly relevant to the claims alleged.

## THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS

[redacted]

**Request No. 13:** This request asks for the opportunity to inspect the device on which the audio recording identified as LMKSDC_0023514 was made on. While you object, you state that you do not have possession or control of the device. Please explain who made the recording, on what device, and why it is no longer in Plaintiff's possession or control.

We can be available to discuss these issues at your convenience. Otherwise, please supplement your responses by August 24, 2021.

All the best,

Christopher M. Napolitano