

EXHIBIT

4

ENSZ & JESTER, P.C.

Lathrop GPM LLP
lathropgpm.com

2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Main: 816.292.2000

**Alana M. McMullin**
Associate
alana.mcmullin@lathropgpm.com
816.460.5531

September 13, 2021

Vᴵᴬ E-ᴍᴀɪʟ at cnapolitano@enszjester.com

Christopher M. Napolitano
Ensz & Jester, P.C.
cnapolitano@enszjester.com

RE:   Response to Defendant Golubski's Golden Rule Letter to Plaintiffs
      Case No. 2:18-cv-02545-KHC-KGC; *McIntyre, et al. v. Unified Government of
      Wyandotte County and Kansas City, KS, et al.*

Dear Mr. Napolitano:

This letter responds to your August 17, 2021 "Golden Rule" letter to Plaintiffs regarding
Golubski's Second Requests for Production of Documents to Plaintiffs and Defendant Golubski's
First Interrogatories to Plaintiff Lamonte McIntyre. Plaintiffs disagree with your analysis of
Plaintiffs' objections to these discovery requests and feel compelled to clarify Plaintiffs' position
on these issues. Plaintiffs hope that the below clarifications can resolve several of the disputed
issues without court intervention and Plaintiffs welcome a meet and confer conference to discuss
any remaining questions.

**Plaintiffs' Supplemental Answers to Golubski's Contention Interrogatories**

Plaintiffs intend to provide supplemental answers to Golubski's Interrogatories No.  1, 2, 3, 4, 5,
8, 9, 10 and 11 (hereinafter referred to as the "contention interrogatories"). However, Federal Rule
of Civil Procedure 33 clearly defines the timeframe of answering such interrogatories, stating that
they "**need not be answered until after designated discovery has been completed or until a
pre-trial conference or other later time**." Fed. R. Civ. P. 33(a)(2).

As Defendant Golubski agrees, fact discovery is ongoing. Thus, it is premature for Plaintiffs to
respond to such contention interrogatories at this stage, as Plaintiffs have repeatedly stated. *See*
Plaintiffs' Objections and Answers to Golubski's Interrogatories and Plaintiffs' Reply in Support
of Plaintiffs Motion to Compel the UG. (Doc. 352, p. 7). Plaintiffs' position has never changed.
Incredibly, you specifically endorsed this fact during the Hearing on Defendants' Motion to
Modify on August 20 by using it to argue an extension of the discovery deadline was necessary.
Accordingly, Plaintiffs will not supplement their answers to the contention interrogatories – which
go to the heart of key issues in the case – "now" as your letter demands, but will timely supplement
their answers after fully reviewing and analyzing the relevant document productions (many of
which were recently provided on September 1) and after all relevant fact discovery is conducted.
Unfortunately, Plaintiffs cannot provide a specific date by which this will occur, as Defendants

Christopher M. Napolitano
September 13, 2021
Page 2

just recently requested – and were granted – a three-month extension to conduct further discovery, immediately after which they informed Plaintiffs of their intent to depose 15 additional fact witnesses, several of whom may specifically affect the contention interrogatory answers. Plaintiffs believe a realistic timeframe – which takes into account the above, but which is also fair to Defendants – can be determined in a meet and confer conference prior to the end of discovery. We look forward to such a discussion.

Next, Plaintiffs feel obligated to address your apparent assertion that Defendant Golubski requires Plaintiffs' Answers "now" because he "is entitled to know who Plaintiff will call to support these salacious allegations so he can test their stories through deposition prior to the close of discovery." This claim is disingenuous. The only reason Golubski would not know who Plaintiffs intend to call as witnesses to support their claims in this lawsuit would be through willful ignorance, not a lack of forthrightness from the Plaintiffs. In fact, over the past two years, Plaintiffs have provided hundreds, if not thousands, of pages of documents and witness statements that ***specifically concern your client's misconduct***. As an example, affidavits produced to the Defendant from the following 15 individuals alone corroborate Plaintiffs' claims against your client:



Defendants' counsel was also present at the depositions of _____ nd _____ Needless to say, these individuals are not th_____ion relating to the contention interrogatories. This fact is inherent in Plaintiffs need for fact discovery to be completed before a comprehensive list is supplied. Indeed, there are numerous individuals and witnesses Plaintiffs may use to support their claims, ***_all of which Defendant Golubski or his counsel have access to review and analyze for themselves._*** Plaintiffs are not required to prepare Defendants' case for them and have met any obligation they may have to provide Defendant Golubski the names of witnesses potentially relevant to this case in their Rule 26 Disclosures, the first of which was provided in November 2019 and which have been regularly supplemented since

Christopher M. Napolitano
September 13, 2021
Page 3

then. Thus, Defendants are well-aware of these witnesses, their relationship to the case, and any documents supporting such claims.

**"Salacious Allegations"**

Another issue brought up repeatedly in your Golden Rule Letter is that Plaintiffs' Complaint makes "salacious allegations" against your client. Plaintiffs respond to this absurd claim very briefly. All allegations in the Second Amendment Complaint have ***already survived a motion to dismiss made by each and every Defendant in this case.*** Thus, your claims that Plaintiffs made their allegations with no factual support have been tested and ***rejected by this court.*** Regardless, your claim is erroneous given the dozens of corroborating affidavits, deposition testimony, witness statements, and documentary evidence provided to Defendant Golubski in this action. Please retract any implied or actual Rule 11 threats on this basis.

**General Objections to Interrogatories**

Despite Plaintiffs' willingness to provide supplemental answers to the contention interrogatories, Plaintiffs' objections and concerns as to privilege, overbreadth, vagueness and undue burden still remain.

Based on the broad sub-parts of Defendant Golubski's contention interrogatories, documents and information protected by the attorney-client and work product privileges is conceivably included. Indeed, despite your assertion to the contrary, Golubski is ***not simply seeking "facts" or "contentions" but is instead seeking detailed evidence, contact information, addresses, dates, descriptions, memorialization of witness accounts, "how and why" Plaintiffs believe something, and documents supporting each contention.*** Most of the above are protected by the work-product doctrine and the attorney-client privilege, which Plaintiffs will not waive simply because the Defendant believes Plaintiff is selectively disclosing information (a claim which you fail to explain, support, or clarify).

Indeed, if Defendant Golubski is looking for Plaintiffs to provide a narrative account of the case, the District Court of Kansas has ruled such requests are "overly broad and unduly burdensome on their face." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

**Specific Objections to Interrogatories**

**Interrogatory No. 1:**

In regard to Plaintiffs undue burden objection, you appear to argue that because Plaintiffs drafted a "206 paragraph" complaint, Plaintiffs should have to produce overly broad and unduly burdensome compilations of evidence and information so that Defendants do not themselves have to sift through disclosed documents, witness statements, and deposition testimony. As shown by your letter, you have no support for this request. Regardless, your contention highlights the fact that at least 39 paragraphs of the complaint refer to Golubski's sexual misconduct. *See* Complaint,

Christopher M. Napolitano
September 13, 2021
Page 4

¶¶ 3-4, 41-45, 108-125, 131-144. In fact, the Complaint itself provides numerous examples of the exact information Golubski seeks in Interrogatory No. 1, including six detailed individual accounts of Golubski's sexual abuses from disclosed witnesses in the case. *See* Complaint, ¶ 121. However, unlike the complaint, Interrogatory No. 1 specifically requests every individual Golubski "by means of force, fear, extortion, or coercion, engaged in a non-consensual sexual act(s) with." As most of these encounters occurred while Golubski was acting under the express or implied authority of his detective's badge – and because Golubski himself has pleaded the Fifth to repeated requests for this exact same evidence – the information surrounding each incident has been requested from the Unified Government, the receipt of which should allow Plaintiff to more fully Answer this Interrogatory.[1]

Nonetheless, Plaintiffs are working through the hundreds of thousands of documents produced in this case that specifically answer or relate to Golubski's Interrogatory No. 1, and will supplement their Answers once the requested UG documents are received and reviewed. Your vague threats that Plaintiffs have no supporting evidence for their claims are meritless and will not work to force Plaintiffs into disclosing the names, witnesses, documentation, and circumstances surrounding your client's non-consensual sexual assaults any faster than the information is provided to us.

**Interrogatory No. 2:**

In addition to the burdensome and overly broad objections addressed under Interrogatory No. 1 (which equally apply here), Plaintiffs additionally objected to Interrogatory No. 2 as "vague." Unfortunately, defining the vague phrase "participate in" with another vague phrase "to take part in" in your letter does not move the ball forward. Plaintiffs need to know specifically what Defendant is looking for here, as Golubski's "participation" in the killings of other human beings over a limitless period of time could encompass anything from his involvement with the police investigation of a murdered individual up to and including his pulling of the trigger. This does not help narrow down the issues for trial and Plaintiffs' vagueness objections therefore stand.

**Interrogatories No. 3, 4, 5, 8, 9, and 10.**

Your letter does not discuss the specific objections Plaintiffs make to these Interrogatories, and therefore, Plaintiffs do not rehash them here. However, Plaintiffs note the majority of the objections are addressed above.

---

[1] It bears noting that your Golden Rule Letter also claims – ironically – that Golubski should be able to "confront his accusers." Given your client's Fifth Amendment invocations and his failure to meaningfully participate in the discovery process, Plaintiffs' Rule 26 disclosures and thousands of pages of witness statements are more than enough for Golubski to confront his "accusers" via deposition in this case.

Christopher M. Napolitano
September 13, 2021
Page 5


**Interrogatory No. 6:**

Plaintiffs first address the issue of waiver and duplication. Interrogatory No. 6 is nearly identical in form and substance to Golubski's RFP Nos. 10 and 11 (from Golubski's First Requests for Production to Plaintiffs), as noted in Plaintiffs' Answers and Objections to this Interrogatory. Interrogatory No. 6 requests, "each document that mentions…Roger Golubski…that you…have provided to a law enforcement agency…including but not limited to the Kansas Bureau of Investigation, the Federal Bureau of Investigation, the Department of Justice, the Kansas Highway Patrol. The Wyandotte County Sheriff's Office, and the Kansas City, Kansas Police Department between October 13, 2017, and present." Similarly, Golubski's RFP No. 10 requested "any documents reflecting communications, since October 13, 2017, between you…with the Federal Bureau of Investigation or Kansas Bureau of Investigation regarding Roger Golubski" and RFP No. 11 requested "any documents exchanged, since October 13, 2017, between you…and the Federal Bureau of Investigation or Kansas Bureau of Investigation regarding Roger Golubski…"

District of Kansas Rule 37.1(b) requires that "[a]ny motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer or objection…***Otherwise the objection to the default, response, answer, or objection shall be waived***." Defendant Golubski never provided a Golden Rule letter regarding Plaintiffs objections to RFPs No. 10 and 11, nor did Golubski file a motion to compel within the time allotted until Rule 37.1. Accordingly, Interrogatory No. 6 (as well as Interrogatory No. 7) is an attempt to circumvent the discovery rules, specifically Rule 37.1, by simply re-requesting documents for which the time to compel a response from Plaintiff has lapsed. *Layne Christensen Co. v. Purolite Co.,* No. CIV.A. 09-2381-JWL, 2011 WL 124538, at \*1 (D. Kan. Jan. 14, 2011); *Mayhew v. Angmar Med. Holdings, Inc.,* No. 18-2365-JWL-KGG, 2019 WL 1779754, at \*1, n. 1 (D. Kan. Apr. 23, 2019) ("Also telling is the fact that Plaintiff's counsel did not even send a "golden rule" letter…"); *Professional Career Colleges, Magna Institute, Inc. v. Superior Court* (1989) 207 Cal.App.3d 490 [255 Cal.Rptr. 5] (finding a litigant may not "reset the clock through the stratagem of asking the same question again"); *Dolzhenko v. Valley Temps, Inc.,* No. B207346, 2010 WL 3312498, at \*2 (Cal. Ct. App. Aug. 24, 2010) (after the propounding party "neither sought to meet and confer to resolve the dispute nor moved to compel further responses [] he served a second set of interrogatories and request for production of documents which are substantially similar to the first" which the court held improper, stating that the litigant "may not circumvent that requirement by serving a later demand for the same discovery.")

Although Defendant Golubski has waived any ability to compel responses on this issue, the request itself is facially irrelevant as Plaintiffs have repeatedly stated. In response, you appear to argue that Defendant is entitled to these irrelevant documents because Plaintiffs could have produced privileged materials to a third-party thereby waiving privilege. Of course, if Golubski wanted to know whether otherwise privileged documents were provided to outside entities, he should have simply asked. Instead, Golubski broadly requests "each document that mentions…Roger Golubski…that you…have provided to a law enforcement agency." Accordingly, the irrelevance

Christopher M. Napolitano
September 13, 2021
Page 6

of this request as written (e.g. documents sent to law enforcement by Plaintiffs) will not be withdrawn. However, as it appears you are solely seeking an answer to whether privilege over the Centurion Ministries documents was waived, the answer is no.

Further, your response to Plaintiffs' objection that Interrogatory No. 6 circumvents the criminal procedure laws and rules is unconvincing and misses the mark. In fact, you appear to conflate backdooring information relating to your client's perceived potential criminal issues with law enforcement with Plaintiffs' relevance objection. Simply because Defendant Golubski is being sued for his misconduct does not make all potential communications or documents provided to law enforcement relevant *in this civil lawsuit*. Instead of responding to this objection, you again state that the request is relevant to determine whether privileged information was shared with third-parties. Your belief that privileged documents may have been shared has absolutely no basis in fact and using bare conjecture to obtain otherwise irrelevant and disproportionate discovery will not succeed. If all communications or documents to third parties about this lawsuit were automatically relevant to assess privilege waivers, so too would be the communications and documents exchanged between Defendant Golubski's civil and criminal counsel, or all documents exchanged between his counsel and any other counsel or person. Further unpersuasive is the lack of *any legal authority* for your position. Plaintiffs' objection remains.

**Interrogatory No. 7:**

Interrogatory No. 7 is very similar to Interrogatory No. 6, and the arguments made as to Interrogatory No. 6 are incorporated herein. However, instead of requesting documents provided to law enforcement, it requests documents provided to "any third-party not identified in response to Interrogatory No. 11, including media outlets, journalist, potential witnesses, and potential jurors between October 13, 2017 and present." The facial irrelevance of this Interrogatory cannot be overstated. First, documents provided to "potential witnesses" likely fall under the work product doctrine or even the attorney client privilege (as Plaintiffs are potential witnesses) and are not subject to discovery. Next, the phrase "potential jurors" is so incredibly vague that no reasonable individual could understand its meaning. Anyone within the District of Kansas or Wyandotte County could be a "potential juror" and requesting all documents provided by Plaintiffs to any individual in Kansas is absurd, overly broad, disproportionate to the needs of the case, and incredibly burdensome. Unsurprisingly, you provide no case law or legal authority for your claim that communications with the media or "potential jurors" (whatever that may mean) "may have prejudiced the potential jury pool" or that "inform[ing] defense counsel of necessary inquiry during *voir dire*" or that either of these speculative assertions somehow makes this request relevant to the claims or defenses in this case. The reason is quite simple: such authority does not exist.

**Second Requests for the Production of Documents No. 1 and 2**

See above discussion of Interrogatories Nos. 1-5, 8-10.

Christopher M. Napolitano
September 13, 2021
Page 7

**Second Requests for the Production of Documents No. 3**

See above discussion of Interrogatories No. 6 and 7.

**Third Requests for the Production of Documents No. 1**

**Third Requests for the Production of Documents No. 13**

As Plaintiffs have repeatedly stated, they do not have possession or control over the device upon which the 2009 Ruby Mitchell interview was recorded. Further, Plaintiffs provide even more information regarding the device and recording in response to Golubski's First Set of Interrogatories to Rose McIntyre, No. 3, wherein Plaintiffs inform Defendants exactly who the recording was made by, when, and who was present – despite the facial irrelevance of the Request. Further, despite Plaintiffs' clear and specific objections to this Request, Defendant Golubski still fails to provide any basis or need for the inspection of the device from over a decade ago (2009) simply because it recorded an interview of Ruby Mitchell – which was provided, in whole, to Defendants. Additionally, Golubski fails to respond to Plaintiffs' objection that "the majority, if not all, of the information contained on said device would be entirely irrelevant to the present cause of action, and any relevant information requested by Defendants, if any, contained on this device has already been produced or is covered by the attorney-client and work product privileges. Likewise, any request for relevant non-privileged information can be made through less invasive means." Accordingly, Request No. 13 seeks an improper, irrelevant, and unnecessary inspection of such device.

**Conclusion**

If you would like to further discuss Plaintiffs objections or this Letter via conference call, let us know a date and time you are available.

Christopher M. Napolitano
September 13, 2021
Page 8


Sincerely,

Lathrop GPM LLP


Alana M. McMullin