**EXHIBIT 5**

| | |
|---|---|
| From: | Chris Napolitano |
| To: | Ruggles, Jan; Matthew Gist; Lindsay Runnels; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; cbranson@fpsslaw.com; David Cooper; Tracy M. Hayes; Elizabeth Evers, Guerra; L Henderson; Morgan Roach; Sean M. Sturdivan |
| Cc: | "cpilate@morganpilate.com"; McMullin, Alana M.; Abrams, Michael |
| Subject: | RE: McIntyre et al v. UG et al |
| Date: | Tuesday, September 14, 2021 3:55:18 PM |
| Attachments: | image001.png |

Alana,

Thank you for your letter in response to Defendant Golubski's Golden Rule Letter. When would you be free this week to have our meet and confer discussion to see if we can resolve our remaining disputes short of having to file a Motion to Compel?

In order to assist in our discussion, I wanted to clarify a few issues/ positions in response to your letter, as their seems to be a disconnect. Not every aspect of your letter is addressed, but I'll follow your heading structure to avoid confusion.

### Plaintiffs' Supplemental Answer to Golubski's Contention Interrogatories

There is no dispute we have propounded very specific contention interrogatories in an effort to ascertain, with particularity, with which individuals your clients contend Mr. Golubski engaged in non-consensual sexual acts, extortion, and participated in, covered up, or otherwise the their deaths. You indicate you intend to answer these, not now, but "after all relevant fact discovery is conducted"—which leads me to believe, I hope incorrectly, that Plaintiffs intend to wait until the eve, or at the close, of the close of discovery so as to preclude my client from a fair opportunity to conduct follow-up discovery.

It seems Plaintiffs' justification for doing this is the Court's recent order granting an extension of discovery. While the Court did extend discovery, and part of our argument for the need for the extension was because Plaintiffs have not answered our interrogatories (not because we "endorsed" any effort by Plaintiff to wait until the eleventh hour of discovery as you now suggest in your letter), I'm confident the Court did not intend that extension to operate as an excuse for Plaintiffs to not answer the contention interrogatories given that Plaintiffs' failure to timely answer well in advance of the close of discovery will necessitate further extension requests. Further, while Rule 33(a)(2) anticipates that contention interrogatories may not be able to be answered until after certain discovery is conducted, that provision of Rule 33 only applies *when the Court orders* that the interrogatory need not be answered until *designated discovery is complete* or some other time. To my knowledge, the Court has entered no such order and Plaintiffs are able to answer these interrogatories as Ms. Pilate stated to the Court, in arguing against a discovery extension, that from Plaintiff's perspective, they have everything the need.

Your letter also seems to imply that Plaintiffs have been forthright and already provided sufficient information about Mr. Golubski's alleged misconduct, and you provide a list of individuals who have provided affidavits. Obviously, we are aware of those affidavits, and

are not willfully ignorant to them as you suggest. Rather, the vast majority of them include "word on the street" allegations of generalized misconduct, and are not responsive to the very specific contention interrogatories we propounded. Your letter also seems to suggest that because my client has exercised his Constitutional right—which Plaintiffs' own expert testified protects the innocent—that he is entitled to nothing more than Plaintiffs non-compliant Rule 26 Disclosures to confront his accusers. (See your September 13, 2021 Letter, fn.1) Document dumping thousands of pages of discovery, failing to provide *required* contact information for disclosed witnesses, even after specific requests and offers to keep such information limited to "attorney's eyes only," and instead arranging for attorneys to represent the witnesses you do not want us to speak with is far from forthright, and does not relieve Plaintiffs of their obligation to answer Defendants' discovery.

## Salacious Allegations

You seem to have interpreted my use of the word "salacious" as accusing Plaintiffs' counsel of a Rule 11 violation. That was not my intent. First, many of the allegations are objectively salacious—i.e. referring to an excessive interest in sexual matters. Second, my point in referencing Rule 11— specifically, the requirement that factual contentions have evidentiary support—was that that Plaintiffs do not need additional discovery to answer questions relating to information they specifically alleged years ago. Moreover, simply because your Complaint survived a Motion to Dismiss, does not mean the Court determined you have evidence to support all those contentions. But, that is neither here nor there for our current purposes.

## General Objections To Interrogatories

In reference to Mr. Golubski's contention interrogatories, you assert that this information is protected by the attorney-client privilege and work product doctrines. While I disagree given that the interrogatories largely call for information required to be disclosed by Rule 26, if you are taking that position, please provide a privilege log to assist our discussion during our meet and confer. But, I would point out, the case you cite makes abundantly clear, "the general rule in this Court is that interrogatories may properly ask for the principal or material facts which support an allegation or defense. In addition, interrogatories may seek the identities of knowledgeable persons and supporting documents for the principal or material facts supporting an allegation." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006) (internal citations and quotations omitted). I'm confident, read fairly, our contention interrogatories are properly limited as we are not seeking a narrative account, simply the material facts, contact information, knowledgeable persons, and documents supporting the contentions.

## Specific Objections to Interrogatories

**Interrogatory No. 1:** If I read your response correctly, you take the position that because you have made specific allegations in the Amended Complaint, we are not entitled to

conduct more particular discovery relating to those allegations. You state we have "no support for this request." We do not have to cite authority for the proposition that we are allowed to conduct discovery into the matters placed at issue in the pleadings. Nevertheless, see Rule 26. Further, in responding to discovery, a responding party has an obligation to produce documents "so the requesting party can reasonably identify which documents are responsive to which requests." *J White, L.C. v. Wiseman*, No. 2:16-CV-01179-CW-JCB, 2020 WL 3667493, at *2 (D. Utah July 6, 2020). So no, simply because Plaintiffs produced thousands of pages of discovery does not relieve them of their obligation to identify which documents produced are responsive to Defendant Golubski's particular requests.

**Interrogatory No. 2:** You also assert that the word "participate" in Interrogatory No. 2 is vague and ambiguous because it could encompass everything from Mr. Golubski's involvement in the death investigation up to and including pulling the trigger. Interrogatory No. 2 is clear, "If you contend … Roger Golubski participated in … *the intentional killing of another human being*, please identify…." On the face of the interrogatory, it limits Golubski's participation to the killing itself, not any subsequent investigation. It is neither vague nor ambiguous but, for clarity, we will limit this interrogatory to circumstances where Golubski's only alleged involvement was investigating the death.

Please let me know when you are available to discuss this week so that we can figure out what issues remain to address with the Court. I can be available Thursday or Friday afternoon.

Thanks,

**Christopher M. Napolitano**



1100 Main Street, Suite 2121
Kansas City, MO 64105
Main: (816) 474-8010
Facsimile: (816) 471-7910
Email: cnapolitano@enszjester.com
Web: www.enszjester.com

This electronic mail message contains CONFIDENTIAL information which is (a) ATTORNEY - CLIENT PRIVILEGED COMMUNICATION, WORK PRODUCT, PROPRIETARY IN NATURE, OR OTHERWISE PROTECTED BY LAW FROM DISCLOSURE, and (b) intended only for the use of the Addressee(s) named herein. If you are not an Addressee, or the person responsible for delivering this to an Addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this electronic mail message in error, please reply to the sender and take the steps necessary to delete the message completely from your computer system.

NOTICE: All Missouri lawyers are required to notify recipients of e-mail that (1) e-mail is not a secure method of

communication, (2) any e-mail sent to you or by you may be copied and held by various computers that it passes through in its route between sender and receiver, and (3) persons not participating in this communication may intercept this message by improperly accessing the computers involved. This e-mail is being sent based on your consent to the use of e-mail. If you decide that future communications should be sent by means other than e-mail, please notify me at once.

**From:** Ruggles, Jan <jan.ruggles@lathropgpm.com>
**Sent:** Monday, September 13, 2021 5:49 PM
**To:** Matthew Gist <mgist@enszjester.com>; Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>; Chris Napolitano <CNapolitano@enszjester.com>
**Cc:** 'cpilate@morganpilate.com' <cpilate@morganpilate.com>; McMullin, Alana M. <alana.mcmullin@lathropgpm.com>; Abrams, Michael <michael.abrams@lathropgpm.com>
**Subject:** RE: McIntyre et al v. UG et al

## Sent on behalf of Alana McMullin

Please see the attached response to defendant's Golden Rule letter.

**Jan Ruggles**
Legal Administrative Assistant
Lathrop GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108-2618
Direct: 816.460.5557
jan.ruggles@lathropgpm.com
lathropgpm.com

**From:** Cheryl Pilate [mailto:CPilate@morganpilate.com]
**Sent:** Monday, September 13, 2021 3:49 PM
**To:** 'Matthew Gist' <mgist@enszjester.com>; McMullin, Alana M. <alana.mcmullin@lathropgpm.com>; Abrams, Michael <michael.abrams@lathropgpm.com>
**Cc:** Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; Ruggles, Jan <jan.ruggles@lathropgpm.com>; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>
**Subject:** RE: McIntyre et al v. UG et al

I believe most of them will be reachable through counsel. I will update you as soon as I have more

information.

Cheryl A. Pilate
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO 64106
(816) 471-6694 (telephone)
(816) 472-3516 (facsimile)

PLEASE NOTE: THIS IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION INTENDED ONLY FOR THE DESIGNATED RECIPIENT

**MORGAN PILATE COVID-19 RESPONSE: For the well-being of our clients, our team members, and our community, we have put social-distancing into effect in order to slow the spread of the contagion – to flatten the curve. Beginning March 16, 2020, we are tele-working as we continue to serve and respond to our clients' needs. Our physical office is closed. The best way to reach me is by cell phone, text message or email.**

The Disciplinary Counsel requires all lawyers to notify all recipients of email that: (1) email communication is not a secure method of communication; (2) any email that is sent between you and this law firm may be copied and held by various computers or servers it passes through as it is transmitted; (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or this firm's computer or even some computer or server unconnected to either of us that this email passes through. I am communicating to you via email because you have consented to received communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please advise me at once.

The information contained in this email message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and, as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please delete the original message and notify us immediately by email. Thank you.

**From:** Matthew Gist <mgist@enszjester.com>
**Sent:** Monday, September 13, 2021 3:18 PM
**To:** McMullin, Alana M. <alana.mcmullin@lathropgpm.com>; Cheryl Pilate <CPilate@morganpilate.com>; Abrams, Michael <michael.abrams@lathropgpm.com>
**Cc:** Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; Ruggles, Jan <jan.ruggles@lathropgpm.com>; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>

**Subject:** RE: McIntyre et al v. UG et al

Alana & Cheryl,

Any update on the response to our Golden Rule Letter and contact information for Plaintiffs' witnesses as required by Rule 26?

**Matthew J. Gist**



1100 Main Street, Suite 2121
Kansas City, MO 64105
Main: 816.474.8010
Direct: 816.743.7951
Facsimile: 816.471.7910
Email: mgist@enszjester.com
Web: www.enszjester.com

This message contains confidential information which is (a) attorney–client privileged, attorney work product, proprietary in nature, and/or otherwise protected by law from disclosure. This message is intended only for the use of the addressee(s) named herein. If you are not an addressee or the person responsible for delivering this to an addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this message in error, please reply to the sender and take the steps necessary to permanently delete the message completely from your computer system.

**From:** McMullin, Alana M. <alana.mcmullin@lathropgpm.com>
**Sent:** Wednesday, September 01, 2021 9:53 AM
**To:** Cheryl Pilate <CPilate@morganpilate.com>; Matthew Gist <mgist@enszjester.com>; Abrams, Michael <michael.abrams@lathropgpm.com>
**Cc:** Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; Ruggles, Jan <jan.ruggles@lathropgpm.com>; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>
**Subject:** RE: McIntyre et al v. UG et al

As it relates to Golubski's Golden Rule letter, Plaintiffs intend to provide a formal response prior to scheduling any meet-and-confer call. Plaintiffs expect to get the letter to Defendants either this week or early next week.

Sincerely,

Alana

**Alana McMullin**
Associate
Lathrop GPM LLP
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
Direct: 816.460.5531
Mobile: 816.785.7553
alana.mcmullin@lathropgpm.com
lathropgpm.com

**From:** Cheryl Pilate [mailto:CPilate@morganpilate.com]
**Sent:** Wednesday, September 1, 2021 9:23 AM
**To:** Matthew Gist <mgist@enszjester.com>; Abrams, Michael <michael.abrams@lathropgpm.com>
**Cc:** Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; McMullin, Alana M. <alana.mcmullin@lathropgpm.com>; Ruggles, Jan <jan.ruggles@lathropgpm.com>; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>
**Subject:** RE: McIntyre et al v. UG et al

Matt, I have an appointment shortly, so this email will not be an in-depth response, but here are a few answers for you:

1. We are working on the privilege issues associated with Dan Clark, Jim McCloskey and Centurion Ministries. Emma will be the point person on that. We are trying to determine if a resolution on privilege issues can be reached.
2. Alana will be responding to your golden rule letter.
3. We are working on the contact list for the witnesses. With respect to the depositions, please set priorities for whom you want to depose first. We cannot schedule 15 depositions in an instant; please let us know which ones are your priority. Also, we are not presently agreeing that we can produce all of them; some of them may have to be subpoenaed.
4. With respect to Rose McIntyre, ███████████████████████████████ ███████████████████████ I cannot give you any additional dates for her at this time.

Cheryl A. Pilate
MORGAN PILATE LLC
926 Cherry Street
Kansas City, MO 64106
(816) 471-6694 (telephone)
(816) 472-3516 (facsimile)

PLEASE NOTE: THIS IS A PRIVILEGED AND CONFIDENTIAL COMMUNICATION INTENDED ONLY FOR THE DESIGNATED RECIPIENT

**MORGAN PILATE COVID-19 RESPONSE: For the well-being of our clients, our team members, and our community, we have put social-distancing into effect in order to slow the spread of the contagion – to flatten the curve.  Beginning March 16, 2020, we are tele-working as we continue to serve and respond to our clients' needs.  Our physical office is closed. The best way to reach me is by cell phone, text message or email.**

The Disciplinary Counsel requires all lawyers to notify all recipients of email that: (1) email communication is not a secure method of communication; (2) any email that is sent between you and this law firm may be copied and held by various computers or servers it passes through as it is transmitted; (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or this firm's computer or even some computer or server unconnected to either of us that this email passes through.  I am communicating to you via email because you have consented to received communications via this medium.  If you change your mind and want future communications to be sent in a different fashion, please advise me at once.

**From:** Matthew Gist <mgist@enszjester.com>
**Sent:** Wednesday, September 1, 2021 8:59 AM
**To:** Michael.Abrams@LathropGPM.com; Cheryl Pilate <CPilate@morganpilate.com>
**Cc:** Lindsay Runnels <LRunnels@morganpilate.com>; emma@nsbcivilrights.com; yasmin@nsbcivilrights.com; rick@nsbcivilrights.com; barry@nsbcivilrights.com; McMullin, Alana M. <alana.mcmullin@lathropgpm.com>; Ruggles, Jan <jan.ruggles@lathropgpm.com>; cbranson@fpsslaw.com; David Cooper <dcooper@fpsslaw.com>; Tracy M. Hayes <t.hayes@swrsllp.com>; Elizabeth Evers. Guerra <e.evers@swrsllp.com>; L Henderson <lhenderson@fpsslaw.com>; Morgan Roach <morgan@mccauleyroach.com>; Sean M. Sturdivan <s.sturdivan@swrsllp.com>
**Subject:** McIntyre et al v. UG et al

All,

I wanted to follow-up/update several different issues in this case. And, for clarity, I am going to try to combine all issues into one email so it may become easier to track.

1. **Defendant Golubski's 5th Requests for Production to Plaintiffs**: Please see the attached.

2. **Defendant Golubski's Golden Rule Letter/Discovery:** We still have not heard back on when Plaintiffs would like to have a good-faith meet-and-confer call regarding Defendant Golubski's most recent Golden Rule letter.  Please advise when Plaintiffs counsel are available this week.

3. **Depositions of James McCloskey & Centurion:** After more than a week, we never heard back from plaintiff's counsel regarding their availability for on October 7 and 8 for the depositions of Mr. McCloskey and Centurion.  As a result, and based on Ms. Freudenberger's statement earlier that Plaintiffs would have sufficient attorneys to cover such depositions, we noticed them up for October 7 and 8. We are awaiting

confirmation that Centurion's attorney will accept service for Centurion. In our prior email asking if those dates were acceptable, we invited a discussion into Plaintiff counsel's regarding any purported work product protection. If there is going to be such an issue, we would like to address it now to avoid any delay that might impact current scheduling order. Please advise if that will be the case.

4. **Deposition of Blackberry**: Again, we never heard back from Plaintiffs counsel regarding their availability for the rescheduled deposition for Blackberry. As a result, we will notice it up for September 8, 2021, at 11:00 a.m. central. If you have issues with that date, please let me know ASAP and also provide what dates you are available. Additionally, we have received some documents from Blackberry in advance of the deposition. We will be producing those to you prior to the deposition.

5. **Contact Information/Additional Depositions:** Last week we sent a list of individuals we know we want to depose and asked if Plaintiffs counsel was in a position to produce them or, alternatively to provide their contact information. We also asked for everyone's availability in October so we could get those scheduled. To date, we have received neither contact information nor counsel's October availability. Further, We had asked for other contact information which Ms. Pilate indicated Plaintiffs' team was trying to formulate some type of safety protocols before it would comply with their Rule 26 obligation. Has that been accomplished as of yet?

6. **Deposition of Rose McIntyre:** We understand that Ms. McIntyre  Are you in a position to provide some dates to complete her deposition?

**Matthew J. Gist**

**Ensz & Jester** P.C.

1100 Main Street, Suite 2121
Kansas City, MO 64105
Main: 816.474.8010
Direct: 816.743.7951
Facsimile: 816.471.7910
Email: mgist@enszjester.com
Web: www.enszjester.com

This message contains confidential information which is (a) attorney–client privileged, attorney work product, proprietary in nature, and/or otherwise protected by law from disclosure. This message is intended only for the use of the addressee(s) named herein. If you are not an addressee or the person responsible for delivering this to an addressee, you are hereby notified that reading, copying, or distributing this message is prohibited. If you have received this message in error, please reply to the sender and take the steps necessary to permanently delete the message completely from your computer system.