UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE,<br><br>    Plaintiffs,<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, *et al.*,<br><br>    Defendants. | Case No. 2:18-CV-02545-KHV-KGG |

**DEFENDANT GOLUBSKI'S REPLY IN SUPPORT OF HIS MOTION TO COMPEL**

COMES NOW Defendant Roger Golubski, by and through counsel, and for his Reply in Support of his Motion to Compel filed contemporaneously herewith, states as follows:

**I.   INTRODUCTION**

At issue in this Motion is whether Plaintiffs should, at this point in discovery—approximately two months prior to the close of discovery, after years of discovery in this lawsuit, and more than a decade of Plaintiffs' counsel investigating Defendant Golubski prior to Mr. McIntyre's exoneration—be compelled to answer Defendant Golubski's Contention Interrogatories and produce related documents. The Contention Interrogatories at issue were tailored to identify, with specificity, the wrongful conduct Plaintiffs *will contend in this lawsuit* in which Defendant Golubski allegedly engaged. As a result, the scope of the Contention Interrogatories are appropriately limited to what Plaintiffs will contend *in this lawsuit*.

One of Plaintiff's main arguments as to why Plaintiff need not answer the Contention Interrogatories is because such interrogatories, he argues, are duplicative of the information Plaintiffs provided in their eight different iterations of their Rule 26 Disclosures. That *may* have

been true had Plaintiffs complied with Rule 26's requirements. But, as Plaintiffs acknowledge, they have disclosed over 200 witnesses and, only recently, and only after repeated requests, provided known contact information for *some* of the witnesses. They have done this while continually promising to supplement, as they did in their Opposition to this Motion, telling the Court another supplement would be provided to Defendants "this week"—a supplement which, two weeks later, has not come.

Moreover, in many of the descriptions as to what information the Rule 26 witnesses possess, Plaintiffs use generic descriptions such as "has knowledge of Golubski's reputation in the community and his sexual targeting of black women." The result is that Defendant Golubski was left with two choices: run background checks on every disclosed witness (at great cost) to obtain contact information which Plaintiffs were obligated to provide, subpoena them, and depose them (if they will not speak voluntarily); or, propound contention interrogatories to identify those individuals whom Plaintiffs will contend were the alleged victims of the specific conduct alleged in the Complaint and request contact information for these individuals and witnesses so that Defendant Golubski can depose the witnesses that purport to have first-hand knowledge of his alleged wrongful conduct, and not merely knowledge of his "reputation."

The very purpose of contention interrogatories is to "narrow and define issues for trial." *Steil v. Human Kansas City, Inc.*, 197 K.R.D. 445, 447 (D. Kan. 2000). That is all these Contention Interrogatories seek to do—whittle down the more than 200 disclosed witnesses identified to those who have *first-hand* knowledge of Defendant Golubski's alleged conduct as it relates to the allegations in this case. Plaintiffs' attempts to "hide the ball" should not be rewarded, and they should be required to answer the Contention Interrogatories immediately.

2

## II.   ARGUMENTS AND AUTHORITIES

### A.   Contention Interrogatories & Associated Requests for Production of Documents

#### *1.   The Contention Interrogatories are not premature.*

Plaintiff criticizes Defendant Golubski for only citing one case for the proposition that Contention Interrogatories should not be deferred until the close of discovery, as though a litany of duplicative case citations is required to prove the point—a point which Fed. R. Civ. P. 33(a)(2) itself makes when it states that contention interrogatories are not objectionable merely because they are contention interrogatories, and that answering them can be deferred only *if* ordered by the Court.  But, if additional authority for the proposition that answers to the Contention Interrogatories should not be deferred is necessary, it exists.  *See Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. 2011)[1] ("[T]he Court finds no persuasive reason for Defendants to defer their answers …. Defendants should answer … as fully as they can, keeping in mind their continuing obligation to supplement … as different … information becomes available."); *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 545 (D. Kan. 2006) ("Plaintiff must be aware of some of the specific facts … otherwise he would not have made the allegations in the first place."); *Mayhew v. Angmar Medical Holdings, Inc.*, Case No. 18-2365-JWL-KGG, 2019 WL 5556135 at * 4 (D. Kan. Oct. 28, 2019) ("While Plaintiff is free, and obligated to supplement … discovery responses as additional responsive information becomes available, Plaintiff is also required to respond to relevant, proportional discovery requests as they are served with information currently at [Plaintiffs'] disposal.").

---

[1] Contrary to Plaintiff's assertion, Defendant Golubski cited several cases in support of his arguments made in the Motion, including *Pouncil v. Branch.*

Moreover, the cases Plaintiff cites for the proposition he that should be able to defer answering until it is too late to conduct any follow-up discovery, simply state that contention interrogatories are appropriately served "toward the close of discovery" after much of the discovery has taken place. *Jones c. City of Albuquerque*, No. CV 04-174 JH/LFG, 2005 WL 8163702, at * 6 (D.N.M. Oct. 24, 2005). Defendant Golubski does not disagree that contention interrogatories are *appropriate* to serve toward the end of discovery. But that does not mean they are *inappropriately* served earlier. As this Court in *Johnson v. Kraft Foods North America, Inc.*, made clear when it ordered a plaintiff to answer contention interrogatories, "Plaintiff should provide as much information as possible regarding his claims without delay and as early as required." 236 F.R.D. 535, 544 (D. Kan. 2006). Further, in this instance, we are "toward" the end of discovery and much of the discovery has taken place. (Doc. 474: "All discovery in this case must be … completed by January 31, 2022.").

The first reason Plaintiff argues that he should not have to answer the Contention Interrogatories now is because he does not have all the discovery he requested from Defendant. But, as *Johnson* makes clear, that is not a sufficient reason to delay answering. *Johnson*, 236 F.R.D. at 544 (D. Kan. 2006). In *Johnson*, the Court made clear that a "Plaintiff is not entitled to withhold discovery information until he has obtained to his own satisfaction all discovery from Defendants. Plaintiff must be aware of some of the specific facts … otherwise he would not have made the allegations in the first place." *Id.* at 544–45. Contrary to Plaintiff's argument, Defendant is not asking him to "evaluate all evidence supporting their allegations …." (Doc. 475, p. 6) Rather, Defendant Golubski asks Plaintiff to provide the information relating to the contentions Plaintiff presently knows about. If more information surfaces, they can supplement. *Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 650 (D. Kan. 2011) ("Defendants should answer … as fully as

4

they can, keeping in mind their continuing obligation to supplement … as different … information becomes available."); *Stout v. Long*, Civ. Case No. 14-427, 2018 WL 1322051 at * 3 (W.D. Okla. March 14, 2018).

Second, Plaintiff argues that responding to the Contention Interrogatories would require Plaintiff to draft wide-ranging narratives. This is not the case. The Contention Interrogatories ask for the identity of alleged victims, witnesses to the alleged conduct, identity of documents already produced that support those contentions, and the principal and material factual basis for each contention. "[I]nterrogatories may seek the identities of knowledgeable persons and supporting documents for the "principal" or "material" facts supporting an allegation." *Moses v. Halstead*, 236 F.R.D. 667, 674 (D. Kan. 2006).

Finally, Plaintiff is critical of Defendant Golubski's alleged "vagueness" with respect to what discovery may be needed based upon Plaintiff's answers to the Contention Interrogatories. For the avoidance of doubt, Defendant Golubski needs to know what the contentions are in order to determine if he believes they are legally relevant to Plaintiff's claims and, if so, depose the identified individuals, if any.

The Contention Interrogatories are not premature and should be answered immediately.

### 2. *The Contention Interrogatories are neither vague, ambiguous, nor overly broad.*

"A party responding to discovery requests should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories." *Swackhammer v. Sprint Corp., PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004). And, Plaintiff, as the objecting party, bears the burden to persuade the Court that the interrogatories are vague and ambiguous. *Id.*

**Interrogatory No. 1**

Plaintiff contends that the phrases "by means of force, fear, extortion, or coercion" and "non-consensual sexual act(s)" are not defined and have a variety of meanings, and that it seeks information relating to "any individual," making the request overly broad.

As to the overbreadth objection, Defendant made clear in his Golden Rule correspondence—if it was not clear already—that, as to the scope of the Interrogatory, it is limited to and seeks only what Plaintiff *will contend in this lawsuit*. (Exhibit 3, p. 2 "[T]he interrogatory is properly limited in that it asks only for your contentions that you will raise in this lawsuit.") Thus, the limitation of this interrogatory, as with all the Contention Interrogatories, is properly limited to what Plaintiff is contending in this lawsuit. "An interrogatory may properly inquire into a party's contentions in the case." *Bohannon v. Honda Motor Co.,* 127 F.R.D. 536, 538 (D. Kan. 1989).

"[A]n interrogatory which is more narrow in scope and which does not seek every conceivable detail and fact concerning the entire case is not unduly burdensome or overly broad … even though it asks for 'each and every' specific concerning a narrow topic." *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.,* No. 05-2164-MLB-DWB, 2007 WL 2192860, at *2 (D. Kan. July 25, 2007) (internal citations and quotations omitted). Here, the interrogatory asks about a specific type of wrongful conduct and, if Plaintiff is contending the wrongful conduct occurred as it relates to this lawsuit, to identify *specific* information about the contention.

As to the lack of a definition for the phrases "by means of force, fear, extortion, or coercion" and "non-consensual sexual act(s)," Plaintiff is required to "exercise reason and common sense and attribute ordinary definitions to terms and phrases utilized in interrogatories."

6

*Swackhammer*, 225 F.R.D. at 662 (D. Kan. 2004). Further, these terms—"coerce," "extort," "fear"—are all used in Plaintiffs' Second Amended Complaint. Plaintiff should not now be able to claim ignorance as to the meaning of the context of this Lawsuit. *Id.* ("[T]he interrogatory uses the very same language that Defendant used in its EEOC Position Statement. [ ] The Court agrees that it is disingenuous for Defendant to claim it does not understand the language when it is the very same language that Defendant used in its formal response to Plaintiff's EEOC charge.").

Plaintiff's objections should be overruled.

### Interrogatory No. 2

Plaintiff asserts Interrogatory No. 2, which seeks to learn whether Plaintiff contends Roger Golubski "participated in or caused the intentional killing of another human being" is vague because it uses the word "participated." Plaintiff asserts that it was not until Defendant Golubski filed this Motion that he made clear the word relates to only any alleged participation in the "killing itself." Again, Plaintiff misstates the record.

Defendant Golubski asked Plaintiff in his Golden Rule letter to use the ordinary definition of the word "participate," which is "to take part." (Exhibit 3) This too, in the eyes of Plaintiff, is "another vague phrase." As a result, *prior to filing this Motion*, Defendant Golubski's counsel explained that he meant "participate in the killing itself." (Exhibit 5, p. 3) Plaintiff admits that, based on that clarification, Plaintiff now understands the interrogatory. Thus, Plaintiff has not met *his* burden to establish that these common words and phrases are vague.

And again, as to the scope of this Interrogatory, Defendant Golubski made clear it is limited to, and seeks answers regarding specific types of allegations and facts, they will contend in this lawsuit. (Exhibit 3, p. 2 "[T]he interrogatory is properly limited in that it asks only for your contentions that you will raise in this lawsuit.") Asking about contentions that will be made in this

7

lawsuit is not overly broad.

### Interrogatory No. 3

Interrogatory No. 3 asks Plaintiff to state whether he contends "in this lawsuit that Roger Golubski sought to conceal the identity of any individual(s) who participated in or caused the death of another human being." Plaintiff again states that the phrase "sought to conceal the identity of any individual(s) who participated in or caused the death of another human being" is vague and ambiguous because such interrogatory "could encompass several incidents and circumstances that may be irrelevant to this case." (Doc. 475, p. 9). That would only be true if Plaintiff is knowingly and intentionally making irrelevant contentions in this lawsuit, given the Interrogatory is, again, limited to contentions Plaintiff is making *in this lawsuit.* So, if Plaintiff does not think it is relevant, and will not contend it in this lawsuit, it is not responsive to this Interrogatory.

Plaintiff further argues that the Interrogatory is not "narrowly tailored to any of Plaintiffs' allegations." (Doc. 475, p. 9). Plaintiff has alleged in this lawsuit that Roger Golubski was running "protection" for violent drug dealers and "engaged in violent acts to protect their interests without criminal consequences." (Doc. 74 ¶ 124). This Interrogatory seeks information about those allegations, and others like it. (Doc. 74 ¶ 128). Its relevance is obvious on its face.

Plaintiff objects, stating that the phrase "conceal the identity of any individual(s) who participated in or caused the death of another human being" is vague and ambiguous, stating it suffers from the same ambiguity issues as in Interrogatory No. 2. But, for the reasons explained above, it does not. As a result, the Court should overrule Plaintiff's objection.

### Interrogatory No. 4

This Interrogatory asks Plaintiff if he contends that "any investigation, other than the investigation resulting in the arrest of Lamonte McIntyre, in which Roger Golubski participated in

8

as a law enforcement officer, resulted in the wrongful conviction of an innocent person." Plaintiff believes this interrogatory is overly broad, vague and ambiguous, and unduly burdensome because "participated in" is not limited to "investigations wherein Golubski … caused or contributed to the wrongful conviction as Plaintiffs actually allege in this case." (Doc. 475, p. 9). Defendant presumed Plaintiff would not make contentions in this lawsuit that he believed to be irrelevant to his claims and, as a result, this Interrogatory *is* limited as Plaintiff suggests—unless of course, he is making irrelevant contentions.

## Interrogatory No. 5

This Interrogatory asks Plaintiff if he contends "in this lawsuit that Roger Golubski was in control of, working for, or otherwise supporting the drug trade," and to identify the principal and material facts as it relates to such contention, if any. Plaintiff's objection that this interrogatory is overly broad, ambiguous, and vague is based on his belief that he cannot answer because "supporting the drug trade" could include many different actions. That is exactly *why* this Interrogatory was propounded—to determine, if Plaintiff contends Golubski supported the drug trade, *how* he contends Golubski supported the drug trade. And again, this Interrogatory is limited to only those contentions Plaintiff is making in this lawsuit, not any contention that could be construed as "supporting the drug trade" that is entirely irrelevant to the claims in this case. Plaintiff's objections should be overruled.

## Interrogatory No. 8

Interrogatory No. 8 asks Plaintiff to state whether he contends in this lawsuit "that Roger Golubski engaged in extortion and/or transactional sexual acts" and, if so, to identify the principal and material facts supporting that contention. Plaintiff again argues that "extortion" and "transactional sexual acts" are not defined by the Interrogatory. Like Plaintiff's other objections,

9

he seems to indicate that the Interrogatory needs to be narrowly tailored to specific acts Plaintiff is alleging. But, that is exactly what this Interrogatory seeks to learn, along with the material and principal facts supporting them. Further, Plaintiff knows what these words mean, as "extortion" and "paying for sex" are included within the Complaint. And, if not, Plaintiff should use common meanings and common sense. Plaintiff is required to "exercise reason and common sense and attribute ordinary definitions to terms and phrases utilized in interrogatories." *Swackhammer*,225 F.R.D. at 662 (D. Kan. 2004). This interrogatory is neither vague nor ambiguous and Plaintiff's objections should be overruled.

### Interrogatory No. 9

This Interrogatory asks Plaintiff if he contends "in this lawsuit that Roger Golubski manipulated individuals into providing fabricated evidence" and, if so, to identify certain material and principal facts relating to such contentions. Plaintiff explains that because there is no time limitation, it is not limited to Golubski's conduct in law enforcement investigations—although it clearly talks about coercing individuals into fabricating *evidence*—and because the term "manipulated" could include many circumstances. But again, this Interrogatory asks for *Plaintiff's contentions in this lawsuit.* So, it is inherently limited to what Plaintiff believes is relevant to support his claims as alleged in the Complaint. Only Plaintiff knows what he is contending. Plaintiff's attempts to not answer this Interrogatory should not be permitted, and the objections should be overruled.

### Interrogatory No. 10

This Interrogatory asks Plaintiff whether he contends "that Roger Golubski threatened to harm or arrest a vulnerable woman's loved ones" and, if so, to identify certain material and principal facts supporting that contention. Plaintiff again argues about definitions, or lack thereof,

10

specifically for the term "vulnerable"—a term which appears at least nine times in Plaintiffs' Complaint, once in a heading on page 9. (Doc. 13, ¶¶ 1, 33, 40, 50, 119, 122, 143, 189). Plaintiff knows what the word means and, if not, he should give it the same meaning Plaintiffs gave it in their Complaint. Plaintiff further asserts that this Interrogatory should be limited to exclude "personal situations or experiences irrelevant to this action." But again, if Plaintiff is not making contentions relating to personal and irrelevant experiences in this lawsuit, they are already excluded from this Interrogatory. However, Defendant would note that Plaintiffs identified Defendant's ex-wife as a witness, which is both irrelevant *and* personal.

### Interrogatory No. 11

This final Interrogatory asks Plaintiff to "[i]dentify each individual by name, alias(s), phone number, email address, and address, that [he] contend[s] was subject to the actions of Roger Golubski as alleged in paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126, 133, 134, of [the] Second Amended Complaint." Plaintiff argues that this interrogatory is duplicative, overly broad, and unduly burdensome Plaintiff further suggests that each paragraph of the Complaint referenced should be its own interrogatory, and that Plaintiff has already produced this information in the various Rule 26 disclosures. Both objections should be overruled.

First, Plaintiff cites to no authority for the proposition that identifying alleged victims and witnesses as it relates to specific allegations in a complaint is overly broad or unduly burdensome. That is because it is not. Second, this Interrogatory does not seek to learn "all individuals who have or claim to have knowledge concerning issues raised in the pleading" as was the case in the case *Moses v. Halstead*, 236 F.R.D. 667 (D. Kan. 2006), the case Plaintiff cites. Here, the interrogatory is limited to fifteen specific allegations out of a Complaint containing over 200 allegations. Moreover, because Plaintiffs' Rule 26 Disclosures failed to provide the required

11

information, this interrogatory is not duplicative of already-provided information. The deficiencies in Plaintiffs' Rule 26 Disclosures are addressed in Section C below.

### 3. *Contention Interrogatory Subparts Seek only the Principal and Material facts of the requested contentions.*

Plaintiff separately argues that the subparts of the Contention Interrogatories are objectionable. Most of the arguments Plaintiff asserts in this section of his Opposition are addressed by the other sections in this Reply—specifically the sections relating to Plaintiffs' non-compliant Rule 26 Disclosures, and the arguments as to why the Contention Interrogatories are not overly broad. However, as to Plaintiff's argument as to the number of subparts totaling 46 requests, Defendant Golubski could have simply asked Plaintiff to provide "all material and principal facts" as to each contention. But, Defendant Golubski anticipated a vague and ambiguous, or work product objection to such. So, in an effort to provide guidance to the answering party, Defendant provided insight into what he believed to be the principal and material facts relating to each contention. Specifically, the alleged victim(s), witnesses, contact information, whether any documents supporting the contentions exist, and, if they were already produced, to identify them.

Defendant also asked Plaintiff, in most of the Contention Interrogatories, to describe the incident(s) giving rise to the contention or the "how and why" Plaintiff believes, or can make, a certain contention. This was not meant to seek a narrative, but simply asked Plaintiff to explain what Plaintiff contends Defendant Golubski did or did not do and, if he attributes a motive to it, to do so. For example, Interrogatory No. 2(c) asks Plaintiffs to provide a "description of how and why you believe Roger Golubski participated or caused the intentionally [*sic*] killing of each deceased"—i.e., what does Plaintiff contend Golubski's participation consisted of, and why do you contend he participated?" It was not meant to request a play-by-play of every fact relating to

12

the contended incident. That being said, Defendant Golubski can see where Plaintiff thought that and, Defendant Golubski has no opposition to the Court, if it were to grant Defendant Golubski's Motion, to make clear that a narrative is not required.

        **B.**        **Documents given to media or other third parties are discoverable.**

Since filing this Motion to Compel, Defendant has taken the depositions of Centurion Ministries and James McCloskey and, on November 15, 2021, received Centurion Ministries production and privilege log in response to an earlier-issued subpoena. As a result, and because of other discovery that has recently taken place, Defendant Golubski no longer wishes to pursue compelling *Plaintiff's* response to this Interrogatory and, therefore, withdraws that portion of the Motion to Compel.

        **C.**        **Plaintiffs continue to refuse to comply with their obligations under Fed. R. Civ. P. 26, despite openly acknowledging Defendant Golubski is entitled to the requested information.**

Plaintiffs are dismissive of their failures to comply with Rule 26 and, instead, assert that Defendant Golubski provides "no basis for his assertion that Plaintiffs have failed to provide contact information for 117 witnesses." (Doc. 475, p. 20). That number—117—was calculated by reviewing Plaintiffs' Rule 26 Disclosures, while excluding parties to this litigation, and adding up the number of witnesses where (1) no information was provided; and (2) no statement was provided indicating Plaintiffs did not have any contact information.

Plaintiffs also state that it could not be "further from the truth" that Plaintiffs continue to refuse to comply with their obligations, and provide excuse after excuse as to why they have not complied—more than two years into this litigation. First, Plaintiffs state that they have "worked diligently to provide the requested information," but, the information should not have to be requested at all. Fed. R. Civ. P. 26(a)(1)(A)("[A] party must, ***without awaiting a discovery***

13

*request*, provide ….") (emphasis added). Second, Plaintiffs state that "Plaintiffs plan to supplement their Rule 26(a) Disclosures again [the week of November 8, 2021] *unless such information could not be obtained because the witness had moved or otherwise could not be located.*" (Doc. 475, p. 20) And, in an earlier conversation with Plaintiffs' counsel, defense counsel made clear we do not expect them to verify the contact information, only provide it, and that there is no reason to delay providing contact information *they have*. That conversation followed another, after this Motion to Compel was filed, where Plaintiffs' counsel asked to be permitted to provide contact information *after* Plaintiffs could call and speak with each identified witness. Apparently, Plaintiffs have still not been able to verify or get in touch with each witness as the additional supplement Plaintiffs stated would be coming the week of November 8, 2021, never came.

Notably, Rule 26 neither requires nor permits a party to verify the contact information it possesses relating to disclosed witnesses. And, Plaintiffs cite no authority to support that position. If Plaintiffs had contact information for that witness, they are obligated to provide it. Obligations which they have, to date, largely failed to meet.

## III. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Golubski respectfully requests that this Court enter an order requiring:

1.      Plaintiff Lamonte McIntyre to fully answer Defendant Golubski's First Interrogatories to Lamonte McIntyre Nos. 1, 2, 3, 4, 5, 8, 9, 10, and 11 within ten days of the Court's Order;

2.      Plaintiffs Lamonte McIntyre and Rose McIntyre to fully respond to Defendant Golubski's Second Request for Production Nos. 1 and 2 as they relate to Defendant Golubski's

First Interrogatories to Lamonte McIntyre Nos. 1, 2, 3, 4, 5, 8, 9, 10, and 11 within ten days of the Court's Order; and

3.  Plaintiffs Lamonte McIntyre and Rose McIntyre to provide all last known contact information for all witnesses Plaintiffs have disclosed on all iterations of the Rule 26 Disclosures within 10 days of the Court's Order.

For the above reasons, the Court should compel Plaintiffs' response to the Written Discovery propounded by Defendant Golubski, and for other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Christopher M. Napolitano

| | |
|---|---|
| MATTHEW J. GIST | KS #20829 |
| CHRISTOPHER M. NAPOLITANO | KS #25499 |

1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:   816-474-8010
Facsimile:   816-471-7910
E-mails:   mgist@enszjester.com
            cnapolitano@enszjester.com

**and**

| | |
|---|---|
| MORGAN L. ROACH | KS #23060 |
| SEAN P. McCAULEY | KS #20174 |
| NICHOLAS S. RUBLE | KS #25636 |
| JEFFREY S. KRATOFIL | KS #23983 |

MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri  64111
Telephone:   816-523-1700
Facsimile:   816-523-1708
E-mails:   morgan@mccauleyroach.com
            sean@mccauleyroach.com
            nick@mccauleyroach.com
            jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**

## CERTIFICATE OF SERVICE

   I hereby certify that, on November 22, 2021, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

MICHAEL J. ABRAMS   KS #15407
WILLIAM G. BECK    KS #77974
ALEXANDER T. BROWN  KS #78891
ALANA M. McMULLIN   KS #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108
Telephone: 816-292-2000
Facsimile: 816-292-2001
E-mail(s): michael.abrams@lathropgmp.com
     william.beck@lathropgpm.com
     alexander.brown@lathropgpm.com
     alana.mcmullin@lathropgpm.com

**and**

CHERYL A. PILATE    KS #14601
LINDSAY RUNNELS    KS #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri 64106
Telephone: 816-471-6694
Facsimile: 816-472-3516
E-mail(s): cpilate@morganpilate.com
     lrunnels@morganpilate.com

**and**

BARRY SCHECK     *Pro Hac Vice*
EMMA FREUDENBERGER *Pro Hac Vice*
AMELIA GREEN     *Pro Hac Vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York 10013
Telephone: 212-965-9081
Facsimile: 212-965-9084
E-mail(s): barry@nsbcivilrights.com
     emma@nsbcivilrights.com
     amelia@nsbcivilrights.com
**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER KS #16690
CHARLES E. BRANSON KS #17376
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas 66606
Telephone: 785-232-7761
Facsimile: 785-286-6609
E-mail(s): dcooper@fpsslaw.com
cbranson@fpsslaw.com

**and**

HENRY E. COUCHMAN, JR. KS #12842
EDWARD JAMES BAIN KS #26442
UNIFIED GOVERNMENT OF WYANDOTTE COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas 66101
Telephone: 913-573-5060
Facsimile: 913-573-5243
E-mail(s): hcouchman@wycokck.org
jbain@wycokck.org
**ATTORNEYS FOR DEFENDANT UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS**


SEAN M. STURDIVAN KS #21286
ELIZABETH A. EVERS KS #22580
TRACY M. HAYES KS #23119
SANDERS WARREN RUSSELL & SCHEER LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas 66210
Telephone: 913-234-6100
Facsimile: 913-234-6199
E-mail(s): s.sturdivan@swrsllp.com
e.evers@swrsllp.com
t.hayes@swrsllp.com
**ATTORNEYS FOR THE ESTATE OF DETECTIVE JAMES MICHAEL KRSTOLICH, DETECTIVE DENNIS WARE, OFFICER JAMES L. BROWN, THE ESTATE OF LIEUTENANT DENNIS OTTO BARBER, DETECTIVE CYLDE BLOOD, DETECTIVE WK SMITH, AND**

**THE ESTATE OF LIEUTENANT STEVE CULP**

/s/ Christopher M. Napolitano

**ATTORNEYS FOR DEFENDANT DETECTIVE ROGER GOLUBSKI**