IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

          Plaintiffs,

v.            Case No. 2:18-cv-02545-KHV-KGG

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

          Defendants.

**Motion to Quash and for Protective Order**

Defendant Unified Government of Wyandotte County and Kansas City, Kansas moves for a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) and 26(c) quashing or modifying Topic No. 2 in Plaintiff's Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas (Unified Government). *Doc. 476*. Topic 2 of the seeks corporate designees for the Unified Government provide testimony on "KCKPD supervision and/or oversight received by Roger Golubski with respect to his roles and investigative activities in the following [32] cases." The list includes 32 death/homicide investigations (involving 34 deaths) lettered a through ff. *Doc. 476*. The notice/topic (1) seeks to inquire about matters beyond the scope of discovery, (2) is vague and overbroad, and (3) fails to specify the topics of inquiry with reasonable particularity.

**Certification of Compliance**

As required by Fed.R.Civ.P. 26(c), and D.Kan. Rule 26.2, the movant has in good faith conferred with counsel for plaintiff to resolve the dispute without court action. On November 15

and 16, 2021, a meet and confer conference was scheduled for November 19, 2021. *See Attachment 1*. On November 19, defendant's counsel emailed to plaintiffs' counsel about defendant's objection and position regarding the notice. *See Attachment 2*. The telephone conference was held between the undersigned and counsel for plaintiff. The objection and this motion are directed to Topic No. 2 in the notice.

During the phone conference, counsel for plaintiff agreed to limit the scope of the topics of inquiry, but would not agree to limit the inquiry to the investigations in 1994 and before.

The parties agreed the deposition will go forward as to Topic No. 1. Counsel further agreed this motion, pursuant to Fed.R.Civ.P. 26(c) and D.Kan. Rule 26.2(a), and that the deposition as to Topic 2 would be stayed pending the ruling on this motion.[1]

**Nature of the Matter before the Court**

Plaintiff Lamonte McIntyre claims he was falsely convicted in September 1994 for the April 15, 1994 murders of Doniel Quinn and Donald Ewing. *Doc. 74, Second Amended Complaint*. McIntyre's trial and conviction rested largely upon the testimony of two eyewitnesses—Niko Quinn and Ruby Mitchell. Plaintiff alleges the identifications by Niko Quinn and Mitchell were the product of Defendant Golubski using "sexual domination to cause vulnerable black women to give false evidence," *Doc. 74, ¶¶ 50, 51*. The post-1994 investigations listed for examination listed in Topic 2 are not relevant to any claim or defense regarding McIntyre's 1994 arrest, prosecution, and conviction. The topic for the investigations in 1994 and before do not set forth with reasonable particularity the matters for examination.

---

[1] During the parties' telephone conference, counsel for plaintiff agreed to permit this motion to be filed more than two weeks after the notice had been filed due to the undersigned's work load and the fact his 87-year-old mother had been hospitalized for breaking her leg.

{T0473391}                                   2

**Statement of Facts**

Plaintiff filed the Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas on November 8, 2021. *Doc. 476*. Topic 2 of *Doc. 476*, lists that matters for examination "shall include: … KCKPD supervision and/or oversight received by Roger Golubski with respect to his roles and investigative activities in the following cases: …." Topic 2.a specifies the Ewing/Quinn double homicide which is the subject of plaintiff's wrongful conviction claims. *Id*. Topic Nos. 2.b through 2.ff list the following 31 deaths/homicides spanning a 12 year period:

b. The 09/22/1989 death of Kenneth Khan [this death was a suicide],
c. The 03/06/1992 homicide of Theresa A. Davis,
d. The 05/28/1993 homicide of Benjamin F. Grant,
e. The 11/01/1994 homicide of Jelani J. Issa,
f. The 11/13/1994 homicide of Lorene Stewart,
g. The 09/16/1995 homicide of Robert C. Scroggins, Jr.
h. The 02/19/1996 homicide of Ricky Robinson,
i. The 03/12/1996 homicide of Aaron K. Robinson,
j. The 07/21/1996 homicide of Rose M. Calvin,
k. The 11/06/1996 homicide of Jeanette Holliday,
l. The 03/09/1997 homicide of Sandra Glover,
m. The 05/01/1997 homicide of Corey Welch,
n. The 05/17/1997 homicide of Beatrice Russell,
o. The 06/20/1997 homicide of Brandon Bryant,
p. The 09/06/1997 homicide of Adrian D. Caldwell,
q. The 12/28/1997 homicide of Shane A. Brees,
r. The 12/29/1997 homicide of Gregory Miller,
s. The 12/30/1997 homicide of Rodney Brody,
t. The 05/01/1998 homicides of Aderyl Caldwell,
u. The 09/29/1998 homicide of Warren Shields,
v. The 10/14/1998 homicide of Shanell Cooper,
w. The 10/24/1998 homicides of Montee Woodberry,
x. The 03/16/1999 homicide of Reginald Allen,
y. The 09/22/1999 homicides of Iashia (Eshe) King,
z. The 01/16/2000 homicide of Stacey Quinn,
aa. The 04/17/2000 homicide of Robert M. Diaz,
bb. The 06/10/2000 homicide of Vicki Hollinshed (Dew),
cc. The 06/24/2000 homicide of Kenny Cheffen,
dd. The 08/23/2000 homicide of Donnell Bronson,
ee. The 10/19/2000 homicide of Renee Tolson, and
ff. The 07/24/2001 homicide of Kia Vang.

*Id.* Of the cases listed in Topic No. 2 the case files (except as listed below) have been requested in prior written discovery and approximately 7,000 pages of responsive documents available to the Unified Government have been produced. The following seven files had not previously been requested by plaintiff: 2h (Ricky Robinson), 2k (Jeanette Holiday), 2m. (Corey Welch), 2r. (Gregory Miller), 2y. (Ishea [Eshe] King and Stacey Wilson, 2dd (Donnell Bronson), and 2ee (Renee Tolson). The file for topic 2r, Gregory Miller, was requested in a request for production served November 4, 2021.

On April 15, 1994, Doniel Quinn and Donald Ewing were murdered with a shotgun as they sat in a parked car. *Doc. 74, ¶ 46*. Lamonte McIntyre was convicted by a jury in September 1994 for the murders of Doniel Quinn and Donald Ewing. *Doc. 74, ¶ 101*. Lamonte McIntyre claims the Unified Government had unconstitutional municipal customs, practices and/or policies that were the moving force behind his arrest, prosecution, and incarceration, *Doc. 74, ¶ 195*, specifically:

(1) "unconstitutional misconduct in serious felony investigations," *id*., ¶ 189.

(2) "encouragement and use of coerced and unreliable witness statements … through the threat of arrest, physical violence, sexual domination, payment in drugs or money or other consequences," *id*.,

(3) "deliberately withholding exculpatory and impeachment evidence from … prosecution and criminal defendants," *id.*, ¶ 190,

(4) "systematically fail[ing] to turn over evidence that would undermine the reliability of witnesses who had given false, coerced testimony under the threat of arrest, physical violence, sexual domination, payment in drugs or money, or other consequences," *id.*, ¶ 190,

(5) "systematically fail[ing] to turn over evidence that investigating officers … maintained relationships of sexual domination of witnesses in serious felony investigations," *id.*, ¶ 190,

(6) "failing to adequately supervise, discipline and train officers investigating serious felonies," *id.*, ¶ 191,

(7) "repeatedly fail[ing] to make any meaningful investigation into charges that KCKPD officers used the misconduct described above to close cases," and "widespread failures to supervise or discipline officers for misconduct committed during the course of serious felony investigations enabled officers to engage in misconduct without repercussion" amounting to deliberate indifference to McIntyre's constitutional rights, *id.*, ¶ 192,

(8) "fail[ing] to adequately supervise, discipline, and train officers for failing to use proper and legal investigative tactics by not physically, psychologically, and sexually abusing female informants, coercing those informants to provide false evidence, illegally protecting individuals involved in the illegal drug trade, failing to turn over exculpatory evidence to the prosecution and criminal defendants, and wrongfully pursuing, prosecuting, or convicting innocent individuals to close cases," *id.*, ¶ 193, and

(9) "deliberately ignore[ing]" the "egregious acts of Golubski and other officers," *id.*, ¶ 194.

## Issues/Questions Presented

Whether the court should enter a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) and 26(c) quashing or modifying certain portions of Plaintiff's Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas. *Doc. 476*.

## Argument and Authorities

**1. Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**2. Standards for Protective Orders.**

Protective Orders are governed by Fed.R.Civ.P. 26(c), "which confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting

Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) ). *See also Thomas v. IBM*, 48 F.3d 478, 482 (10th Cir. 1995); *Terry v. Unified Gov't of Wyandotte Co*., No. 09-2094-EFM-KGG, 2011 WL 795816 (D. Kan. March 1, 2011). The rule provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> … .
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> … .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

3. **Topic No. 2, specifying the "The matters of examination shall include … KCKPD supervision and/or oversight received by Roger Golubski with respect to his roles and investigative activities in" 32 death/homicide investigations involving 34 deaths/homicides (a) is not relevant to any claim or defense (other than Topic 2.a—pertaining to the Ewing/Quinn homicides), (b) is vague and overbroad and (c) does not set forth with reasonable particularity "the matters for examination."**

**Relevance**

The various investigative files for deaths/homicides occurring after 1994 are not relevant to the claims or defenses in this case. Lamonte McIntyre claims he was falsely arrested in April 1994 and then prosecuted and convicted in September 1994. The investigations occurring after McIntyre's September 1994 conviction (1) could not have caused McIntyre's arrest and/or conviction and (2) could not have put the Unified Government on notice regarding any of the customs, policies and/or practices alleged in the Second Amended Complaint that were alleged to have existed and/or caused (been the moving force behind) McIntyre's 1994 arrest and/or conviction.

{T0473391}                                              6

Basic principles of linear time illustrate the request are outside the scope of discovery. Conduct that occurs *after* the alleged violation—in 1994—could not cause the alleged violation in 1994. *Cordova v. Aragon*, 569 F.3d 1183, 1194 (10th Cir. 2009). McIntyre's *Monell* claim requires a direct causal link between the acts of the Unified Government and the deprivation of federal rights. *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397, 404 (1997). Only conduct and deficiencies occurring prior to September 1994 could serve to demonstrate the requisite direct causal link. *Waller v. City & Cty. of Denver*, 932 F.3d 1277, 1289 (10th Cir. 2019).

### Vagueness, overbreadth, and failure to set the matters for examination forth with reasonable particularity.

A deposition notice may name a private corporation or other entity as the deponent and must describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). This means that the discovering party designate with particularity and specificity, relevant subject areas that are intended to be questioned. *Radiologix, Inc. v. Radiology and Nuclear Medicine, LLC*, 2018 WL 2364662 at *1 (D. Kan. May 24, 2018) (citing *Sprint Commcn's Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006)). The named organization must then designate one or more persons to testify on its behalf. Fed.R.Civ.P. 30(b)(6). The persons designated must then testify about information known or reasonably available to the organization. *Id*.

For 30(b)(6) to function effectively, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008). Where "the defendant cannot identify the outer limits of the areas of inquiry noticed," the entity cannot comply with its obligation to make reasonable inquiry and testify about the information known/reasonably available to it. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan.

2000). The inability to identify those outer limits renders a compliant designation infeasible and the 30(b)(6) deponent "cannot fulfill its duty to produce a witness competent to testify about all noticed topics if it does not understand the topics." *Radiologix, Inc*., 2018 WL 2364662 at *2.

The topic, "KCKPD supervision and/or oversight received by Roger Golubski with respect to his roles and investigative activities in" the dozens of investigations is vague and lacks any meaningful boundaries. The inability to identify the outer limits of the areas of inquiry coupled with a list of death/homicide investigations spanning 12 years and 34 deaths/homicides renders the Unified Government's obligations under Rule 30(b)(6) an impossible burden. Of the 32 death/homicide investigations specified, plaintiffs requested and received the documents related to all but seven of the listed cases, comprising over 7,000 pages and spanning 12 years.

As set forth above, and as required by Rule 30(b)(6), the serving party and the organization have conferred in good faith about the matters for examination. During the conference, counsel for plaintiff elaborated that "supervision and/or oversight received by Roger Golubski" is intended to include (1) the supervisors' obligation if they saw misconduct of the sort alleged by plaintiff, (2) how such misconduct should have been addressed if it were known, (3) a supervisor's obligations in response to conflicting reports, (4) a supervisor's obligations with respect to a lack of documentation of investigatory activities.

The items numbered (1) and (2) above were addressed during the earlier 30(b)(6) deposition in which the Unified Government designated Rick Armstrong to address reporting and addressing misconduct and Internal Affairs matters. *Doc. 310*.[2] Defendant agrees the items

---

[2] The specific topics were:
2.  Unified Government and KCKPD policies, practices, and procedures, whether written or oral, and any modifications thereto, in place from 1985 to 1994 relating to its internal disciplinary system, including without limitation the reporting, tracking, investigation, remediation, and/or

numbered (3) and (4) specified topics of inquiry are appropriate for the temporally limited investigations specified in topics a. through d. of the Amended Notice, *Doc. 476*. Plaintiff's counsel, however did not agree to limit the examination topics temporally nor to restrict the 30(b)(6) "supervision" topic to those stated above.[3]

## Conclusion

Defendant Unified Governent requests that the court enter a protective order quashing or modifying certain Topic 2 of Plaintiff's Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas. *Doc. 476*.

Fisher, Patterson, Sayler & Smith, LLP
3550 S.W. 5th Street
Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 286-6609
dcooper@fpsslaw.com | cbranson@fpsslaw.com

s/David R. Cooper
David R. Cooper                              #16690
Charles E. Branson                           #17376

*-and-*

---

       discipline of KCKPD officers or detectives with respect to internal or external (including civilian) allegations, complaints, findings, or incidents of misconduct.

3. Unified Government and KCKPD policies, procedures, rules, regulations, customs, or practices, whether written or oral, and any modifications thereto, in place from 1985 to 1994 regarding the procedures for initiating or launching an Internal Affairs Unit investigation, conducting an IA investigation, and the review and disposition of an IA investigation.

*Doc. 310, p. 2.*

[3] It should be clarified that counsel for plaintiff offered to limit the number of cases subject to inquiry somewhat (without specifying the degree to which the inquiry might be limited). Counsel was unwilling to limit the inquiry to the investigations occurring in and before 1994.

Henry E. Couchman Jr., #12842
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
hcouchman@wycokck.org
Attorneys for Defendant Unified Government of
Wyandotte County and Kansas City, Kansas

### Certificate of Service

I hereby certify on the 5th day of December, 2021, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Michael J. Abrams – Michael.Abrams@LathropGPM.com
William G. Beck – William.Beck@LathropGPM.com
Alexander T. Brown – Alexander.Brown@LathropGPM.com
Alana M. McMullin – Alana.McMullin@LathropGPM.com
Cheryl A. Pilate – cpilate@morganpilate.com
Lindsay J. Runnels – lrunnels@morganpilate.com
Barry Scheck – barry@nsbcivilrights.com
Emma Freudenberger – emma@nsbcivilrights.com
Grace Ann Paras – grace@nsbcivilrights.com
Amelia B. Green – amelia@nsbcivilrights.com
Sona Shah – sona@nsbcivilrights.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan – s.sturdivan@swrsllp.com
Elizabeth A. Evers – e.evers@swrsllp.com
Tracy M. Hayes – t.hayes@swrsllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Jeffrey S. Kratofil – jeff@mccauleyroach.com
Matthew J. Gist – mgist@enszjester.com
Christopher M. Napolitano – cnapolitano@enszjester.com
**Attorneys for Defendant Roger Golubski**

s/David R. Cooper