## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE, et al.,    )
                                  )
              Plaintiffs,    )
    vs.                    )     Case No. 18-2545-KHV-KGG
                                    )
UNIFIED GOVERNMENT OF    )
WYANDOTTE COUNTY AND    )
KANSAS CITY, KS, et al.,    )
                                    )
             Defendants.    )
_____)

## MEMORANDUM & ORDER GRANTING IN PART AND DEYING IN PART MOTION TO COMPEL

Now before the Court is the Motion to Compel filed by Defendant Roger Golubski (hereinafter "Defendant"). (Doc. 444.) Having reviewed the submissions of the parties, Plaintiffs' motion is **GRANTED in part** and **DENIED in part** as more fully set forth herein.

## BACKGROUND

I.    **General Background.**

Plaintiffs bring civil rights claims against Defendants Unified Government of Wyandotte County and Kansas City, Kansas, *et al*., resulting from Plaintiff Lamonte McIntyre allegedly being framed for a double homicide that he did not

1

commit.  (Doc. 309, at 2; *see generally* Doc. 74.)  Plaintiffs allege that Defendant

Unified Government is "responsible for policies, practices and customs that were

substantially certain to result in constitutional violations, including the deliberate

targeting, prosecution, and conviction of innocent persons … ."  (*Id.*)

The background of, and allegations in, this case were summarized in the

District Court's Order granting in part and denying in part the various Motions to

Dismiss filed by Defendants.  (Doc. 190, at 2-10.)  That summary of factual

allegations is incorporated herein by reference.

For additional context relating to Plaintiffs' motion, the following

allegations are specifically relevant.  Defendant Golubski (hereinafter

"Defendant") allegedly forced Plaintiff Rose McIntyre to submit to sexual acts by

threatening to arrest her and her then-boyfriend if she refused.  (Doc. 1, at 2.)

Defendant is alleged to have harassed Plaintiff Rose McIntyre for weeks, calling

her two or three times a day.  (*Id.*)  When she changed her phone number in an

attempt to stop communication with him, he, along with the help of other

Defendants, allegedly framed her son, Lamonte, for the double murder of Donald

Ewing and Doniel Quinn in April 1994.  (Doc. 190, at 4.)

Defendant and his partner, James Krstolich, are alleged to have used

coercion to pressure Ruby Mitchell into identifying Plaintiff Lamonte McIntyre in

a photographic lineup.  (*Id.*, at 3.)  These same tactics were allegedly used to

pressure Mitchell into giving a false statement identifying Plaintiff Lamonte

McIntyre's photo.  Plaintiffs allege that this is consistent with a long pattern of

conduct by Defendant – which was known to his superiors – involving the

extortion of sex and favors, using threats to coerce false testimony, covering up

deaths of several individuals, running protection for drug kingpins, and

participating in the drug trade.  Defendant notes the "many" stories in local and

national media about these allegations, "including stories featuring information

provided by Plaintiffs' counsel."  (Doc. 445, at 1.)

## II.     Defendant's Motion.

Defendant Golubski propounded interrogatories to Plaintiffs seeking "basic

information" about the allegations made against him and "about information

Plaintiffs have given to third parties, including the media."  (*Id*., at 2.)  Plaintiffs

have generally objected that the discovery requests at issue are irrelevant,

privileged, and premature.  Plaintiffs also complain that Defendant's discovery

requests are "contention interrogatories, which Plaintiffs believe they need not

answer until the end of discovery."  (*Id*.)  Defendant seeks to have the objections

overruled and supplemental responses compelled.  (*Id.*)  Defendant also contends

that the has "repeatedly" sought the last known addresses and phone numbers for

the witnesses on Plaintiffs' various Rule 26 Disclosures.  (*Id*.)  Each of these issues

will be addressed in turn.

## ANALYSIS

### I.    Standards for Discovery.

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any
> nonprivileged matter that is relevant to any party's claim
> or defense and proportional to the needs of the case,
> considering the importance of the issues at state in the
> action, the amount in controversy, the parties' relative
> access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and
> whether the burden or expense of the proposed discovery
> outweighs its likely benefit.  Information within this
> scope of discovery need not be admissible in evidence to
> be discoverable.

Fed.R.Civ.P. 26(b)(1).  As such, the requested information must be nonprivileged,

relevant, and proportional to the needs of the case to be discoverable.  *Holick v.*

*Burkhart*, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11,

2018).

Discovery requests must be relevant on their face.  *Williams v. Board of Co.*

*Comm'rs*, 192 F.R.D. 698, 705 (D. Kan. 2000).  Relevance is to be "broadly

construed at the discovery stage of the litigation and a request for discovery should

be considered relevant if there is any possibility the information sought may be

relevant to the subject matter of the action."  *Smith v. MCI Telecomm. Corp.*, 137

F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance has been established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request.  *See **Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections).  Thus, "the objecting party must specifically show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable." ***Sonnino v. University of Kansas Hosp. Authority***, 221 F.R.D. 661, 670–71 (D. Kan. 2004).

"Unless a request is overly broad, irrelevant, or unduly burdensome on its face, the party asserting the objection has the duty to support its objections." ***Funk v. Pinnacle Health Facilities XXIII, LP***, No. 17-1099-JTM-KGG, 2018 WL 6042762, at *3 (D. Kan. Nov. 19, 2918) (quoting ***Hammond v. Lowe's Home Ctrs., Inc.***, 216 F.R.D. 666, 670 (D. Kan. 2003)).  Further, once the "low burden of relevance is established, the legal burden regarding the defense of a motion to compel resides with the party opposing the discovery request." ***Waters v. Union Pac. RR. Co.***, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) (citing ***Swackhammer v. Sprint Corp. PCS***, 225 F.R.D. 658, 661, 662, 666 (D. Kan. 2004) (stating that the party resisting a discovery request based on

5

overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the

burden to support the objections)).

## II.   Discovery Requests at Issue.

### A.   Contention Interrogatories (Nos. 1-5, 8-11) and Related Document Request  (Request No. 1).

These interrogatories inquire as to "whether Plaintiff contends Defendant

Golubski engaged in specific types of conduct and, if so, to identify relevant

information to each, such as victim names, witnesses, contact information, a

description of the occurrence, and what documentation exists or has been produced

that supports the contentions."  (Doc. 445, at 4.)  The interrogatories asked whether

Plaintiffs "contend in this lawsuit" that Defendant Golubski:

> "by means of force, fear, extortion or coercion, engaged
> in non-consensual sexual acts …" (No. 1);

> "participated in or cause the intentional killing of another
> human being …" (No. 2);

> "sought to conceal the identity of any individual(s) who
> participated in or caused the death of another human
> being …" (No. 3);

> participated in another investigation (as a law
> enforcement officer) that "resulted in the wrongful
> conviction of an innocent person …" (No. 4);

> "was in control of, working for, or otherwise support[ed]
> the drug trade …" (No. 5);

> "engaged in extortion and/or transactional sexual acts …"
> (No. 8);

6

"manipulated individuals into providing fabricated evidence …" (No. 9); and

"threatened to harm or arrest a vulnerable woman's loved ones …" (No. 10).

(Doc. 445-1, at 2-6, 9-11.)  The interrogatories then seek more specific information such as name and contact information for witnesses, identities of participating individuals, when and where such events occurred, related recordings, documents supporting the contentions, etc.  (*Id.*)  Defendant's Request for Production No. 1 sought each document Plaintiffs "identified as being in existence in response" to these Interrogatories.  (Doc. 445-2, at 1.)  Interrogatory No. 11 asked Plaintiffs to identify each individual who Plaintiffs "contend was subject to the actions of Roger Golubski as alleged" in various enumerated paragraphs of Plaintiffs' Second Amended Complaint.[1]  (Doc. 445-1, at 11.)

Plaintiffs generally objected to the discovery requests as seeking legal conclusions, implicating the attorney-client privilege and work product doctrine, being vague and ambiguous, overly broad, and unduly burdensome.  (Doc. 445-1, at 2-6, 9-11; Doc. 445-2, at 1.)  These objections will be addressed in turn.

1.      **Vague, ambiguous, overbreadth, and unduly burdensome.**

---

[1] Paragraphs 1, 3, 33, 38, 43, 44, 108, 109, 113, 117, 123, 124, 126, 133, and 134.  (Doc. 74.)

The Court finds that the only phrase in these discovery requests that is arguably facially vague and ambiguous is "threatened to harm or arrest a vulnerable woman's loved ones" from Interrogatory No. 10.  As Defendant points out, however, this language was "taken directly from the first paragraph of Plaintiffs' Second Amended Complaint," thus Plaintiffs should be able to determine its meaning.  (Doc. 445, at 11-12.)  The vague and ambiguous objections are **overruled** as to all of these discovery requests.

The Court also finds that the requests are not overly broad or unduly burdensome given the nature of the allegations levied against Defendant and the importance of the rights Plaintiffs contend were violated.  These objections are also **overruled**.

### 2.     Calling for a legal conclusion and prematurity.

The Court **overrules** Plaintiffs' objection that the discovery requests call for legal conclusion.  The Federal Rules specifically state that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact … ."  Fed.R.Civ.P. 33(a)(2).  While no such specific language exists in Fed.R.Civ.P. 34 regarding document requests, this Court has previously held that the rule should apply to document requests as well as interrogatories.  ***Ezfauxdecor, LLC v. Smith***, No. 15-9140-CM-KGG, 2017 WL 2721489, n.3 (citing ***Akers v. Shaw Environmental, Inc.***, 2011 WL 867524 (W.D.

Louisiana, March 14, 2011) (overruling a "calls for legal conclusion" objection as to document requests relating to contention interrogatories)).

Plaintiffs object that these "contention" interrogatories were propounded "prematurely as fact discovery in this case is ongoing." (Doc. 445-1, at 2-6, 9-11; Doc. 445-2, at 1.) Fed.R.Civ.P. 33(a)(2) states that a court may order that such interrogatories "**need not be answered until designated discovery is complete, or until a pretrial conference or some other time**." (Emphasis added.)

Plaintiffs argue they are unable to respond because they have not received Defendants' discovery responses, deposed witnesses, or received Defendants' expert disclosures. (Doc. 445-1, at 2-6, 9-11.) Plaintiffs also contend that they should not have to respond to these contention interrogatories until later in the discovery process because any current responses would have to be supplemented, which is unduly burdensome or would "prematurely commit Plaintiff to positions and artificially narrow the issues in this case." (*Id*.)

Plaintiffs' prematurity objection as to the contention interrogatories is unpersuasive. The Court agrees with Plaintiffs' assertion that "Rule 33's plain language expressly allows for contention interrogatories to be answered near the close of discovery or later, at a pretrial conference." (Doc. 475, at 4.) While the Rule *allows* for this, it does not *require* the Court employ this procedure.

9

Plaintiffs have brought a lawsuit contending that Defendant engaged in a laundry list of illicit, unethical, and illegal behavior.  Plaintiffs must have some factual basis for these allegations.  Although Plaintiffs may learn of additional information through discovery requests to Defendants and/or depositions of Defendants, Defendant is entitled to discover information Plaintiffs contend is the basis of their claims and allegations against him.  *Lonquist Field Service LLC v. Sorby*, No. 21-1035-KHV-KGG, 2021 WL 4967041, at \*3 (D. Kan. Oct. 26, 2021).  Simply stated, "[a] party has a duty to provide all responsive information available when answering a discovery request."  *Id*. (citing *High Point SARL v. Sprint Nextel Corp.*, No. 09-2269-CM- DJW, 2011 WL 197875, at \*2-3 (D. Kan. Jan. 20, 2011)).

Plaintiffs cannot avoid this obligation to fully answer simply by arguing these discovery requests are premature and stating in a conclusory manner that information it needs to respond properly has not be provided by Defendant.  *Id*. Further, pursuant to Fed.R.Civ.P. 26(e), Plaintiffs have "a continuing duty to supplement their interrogatory answers as information becomes available."  *Riley v. U.S.*, No. 11-2244-EFM-DJW, 2012 WL 1231830, at \*6 (D. Kan. April 12, 2021).  It is not unduly burdensome for Plaintiffs to respond with the information currently available to them and supplement the responses as needed as the case progresses.  This happens regularly in litigation in this and other Districts.

10

Plaintiffs' objections relation to the "contention" interrogatories and related

document request are **overruled**.

> 3.      **Attorney-client privilege and work product doctrine.**

Plaintiffs next raise the attorney-client privilege and work product doctrine.

Defendant explains that these discovery requests "seek nothing more than

Plaintiff's contentions and related facts sufficient to allow defense counsel to

test Plaintiff's contentions and evidence" rather than protected communications.

(Doc. 445, at 15.)  It is well established that facts do not become privileged merely

by their inclusion in attorney-client communication.  ***Doe v. USD No. 237***, No. 16-

2801-JWL-TJJ, 2019 WL 3996413, at *8 (D. Kan. Aug. 23, 2019) (citations

omitted).  On the contrary, the "communication between a lawyer and client must

relate to legal advice or strategy sought by the client" for the protections to apply.

***United States v. Johnston***, 146 F.3d 785, 794 (10th Cir.1998).

These objections are **overruled** to the extent the information sought is

factual in nature.  Plaintiffs contend, however, that subparts to these interrogatories

"seeking memorializations of a witness's account that supports Plaintiffs'

contentions, … may seek privileged materials… ."  (Doc. 475, at 15.)  According

to Plaintiffs, "as drafted, the sub-parts request attorney and investigator notes and

memoranda prepared in anticipation of litigation, material that the work product

doctrine specifically protects."  (*Id*.)  Plaintiffs are instructed to provide a

compliant privilege log for any documents that are deemed to constitute attorney-client communications and/or work product.

The portion of Defendants' motion relating to Interrogatories Nos. 1-5, 8-11 and Request No. 1 is, therefore, **GRANTED in part**.  Plaintiffs shall provide supplemental responses and a compliant privilege log **within thirty (30) days of the date of this Order**.

**B.      Documents Provided to Media (Interrogatory No. 7, Request No. 2).**

Interrogatory No. 7 asks Plaintiffs to identify each document that "mentions, references, alludes to, relates to, or makes any allegations against Roger Golubski … that [plaintiffs] or any of [their] representatives provided to any third-party … including media outlets, journalist, potential witnesses, and potential jurors between October 13, 2017, and present."  (Doc. 445-1, at 8.)  Request for Production No. 2 asked for documents identified in response to Interrogatory No. 7.  (Doc. 445-2, at 2.)

Plaintiffs object that this topic was facially irrelevant, overly broad, and unduly burdensome.  (Doc. 445-1, at 8.)  These objections are **overruled** in large part.  The information is facially relevant and, given the time frame of the allegations in this lawsuit, is temporally appropriate.  Identifying known "potential witnesses" poses  no undue burden to Plaintiffs.  The Court agrees, however, that the identification of "potential jurors" at this stage of the proceedings would be

impossible. As Plaintiffs argue, "the phrase 'potential jurors' is so incredibly vague that no reasonable individual could understand its meaning.  Anyone within the District of Kansas could be a 'potential juror' and requesting all documents provided by Plaintiffs to any individual in Kansas is absurd, overly broad, disproportionate to the needs of the case, and incredibly burdensome."  (Doc. 475, at 19-20.)  The Court agrees and thus **sustains** Plaintiffs' objection as to identifying "potential jurors" with whom information has been shared.

Further, the Court **sustains** Plaintiffs' overbreadth objection as to the discovery request encompassing all information "provided to any third-party … ." (Doc. 445-1, at 8.)  The interrogatory shall be limited to information provided to "media outlets, journalist[s], [and] potential witnesses … ."

Plaintiffs also object that the phrase "each document that mentions, references, alludes to, relates to, or makes any allegations against" Defendant is vague.  (*Id*.)  Plaintiffs continue that the interrogatory is "vague as it requests documents provided to 'any third party not identified in response to Interrogatory No. 11, including media outlets, journalist, potential witnesses, and potential jurors.'"  (*Id*.)  The Court **overrules** these vagueness objections as the verbiage of these requests is facially understandable – other than the reference to "potential jurors," which is **sustained**.

The Court is also not persuaded by Plaintiffs' objection that the request is "an improper attempt to use discovery in a civil suit to circumvent the criminal discovery rules … ." (*Id.*)  The wording of this interrogatory – seeking information shared with media outlets, journalists, and potential witnesses – does not improperly invade the criminal discovery process.  This objection is **overruled**.

This portion of Defendant's motion is **GRANTED in part** as set forth herein.  Plaintiffs indicate that "responsive documents are being withheld on the basis of the aforementioned objections." (*Id.*)  Any documents withheld on the basis of objections overruled herein must be produced **within thirty (30) days of the date of this Order**.[2]

## C.     Rule 26 Obligations.

Finally, Defendant argues that "despite repeated requests for contact information, Plaintiffs have not provided known contact information for all the witnesses they disclosed." (Doc. 445, at 18.)  Pursuant to Fed.R.Civ.P. 26, a party is required "without awaiting a discovery request" to provide "the name, and if

---

[2] Defendant references the fact that Plaintiffs "have claimed attorney-client privilege and/or work-product protection over the investigative materials and testimony of Centurion Ministries and investigators working with Centurion Ministries, including James McCloskey." (Doc. 445, at 17.)  Defendant contends that "if Plaintiffs or their representatives disclosed Centurion's and/or Mr. McCloskey's investigative materials to third parties, there likely has been a voluntary waiver of any purported privilege and/or work-product protection." (*Id.*)  Plaintiffs' alleged refusal to provide responses regarding this category of information is not, however, properly before the Court in this motion to compel and will not be addressed by this Order.

known, the address and telephone number of each individual likely to have

discoverable information … ."  Defendant contends that "Plaintiffs have strung

Defendants along with promises that they will provide the contact information,"

but have failed to do so.  (*Id*.)

Plaintiffs respond that of their "220 specifically identified witnesses, only a

small number still do not currently have contact information provided."  (Doc. 475,

at 20.)  They continue that they "plan to supplement their Rule 26(a) Disclosures

again this week, and Defendants should then have all (or close to all) witnesses'

contact information, unless such information could not be obtained because that

witness had moved or otherwise could not be located."  (*Id*.)  Defendant replies

that defense counsel has "made clear we do not expect [Plaintiffs] to verify the

contact information, only provide it, and that there is no reason to delay providing

contact information *they have*."  (Doc. 487, at 14.)  The Court agrees.  To the

extent Plaintiffs have not provided all contact information in their possession

regarding identified witnesses, Plaintiffs are **ordered** to do so within thirty (30)

days of the date of this Order.


**IT IS THEREFORE ORDERED** that Defendant Golubski's Motion to

Compel (Doc. 444) is **GRANTED in part** and **DENIED in part** as set forth

herein.  Plaintiffs are **ORDERED** to provide supplemental responses as directed

herein **within thirty (30) days of the date of this Order**.

    **IT IS SO ORDERED.**

    Dated this 15th day of December, 2021, at Wichita, Kansas.


              /s Kenneth G. Gale
              KENNETH G. GALE
              United States Magistrate Judge