IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

                Plaintiffs,

v.                                     Case No. 2:18-cv-02545-KHV-KGG

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

                Defendants.

**Motion to Quash and for Protective Order**

Defendant Unified Government of Wyandotte County and Kansas City, Kansas moves for a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) and 26(c) quashing or modifying the Fourth Amended Notice of Rule 30(b)(6) for Unified Government of Wyandotte County and Kansas City, Kansas (Unified Government). *Doc. 517*. The notice seeks corporate designees for the Unified Government to provide testimony on "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice, in the following" 26 cases listed in subparagraphs a through z.

The notice/topic (1) seeks to inquire about matters beyond the scope of discovery, (2) is vague and overbroad, and (3) fails to specify the topics of inquiry with reasonable particularity.

**Certification of Compliance**

As required by Fed.R.Civ.P. 26(c), and D.Kan. Rule 26.2, the movant has in good faith conferred with counsel for plaintiff to resolve the dispute without court action. On January 11,

2022, an email setting forth Defendant's objections an suggesting a date to meet and confer. *See Attachment 1*. The conference was scheduled for, and conducted on, January 18, 2022.

## Nature of the Matter before the Court

Whether the notice, *Doc. 517*, should be quashed or modified.

## Statement of Facts

Plaintiff filed the Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas on January 5, 2022. *Doc. 517*. The notice lists the matter for examination as "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice, in the following cases: …." Topic a. specifies the Ewing/Quinn double homicide which is the subject of plaintiff's wrongful conviction claims. *Id*. Topic Nos. 2.b through 2.z list the following 26 deaths/homicides spanning a 23 year period:

> b. The 03/05/1978 death of Kenneth Borg.
> c. The 09/22/1989 death of Kenneth Khan,
> d. The 03/06/1992 homicide of Theresa A. Davis,
> e. The 05/28/1993 homicide of Benjamin F. Grant,
> f. The 11/01/1994 homicide of Jelani J. Issa,
> g. The 09/16/1995 homicide of Robert C. Scroggins, Jr,
> h. The 03/12/1996 homicide of Aaron K. Robinson,
> i. The 07/21/1996 homicide of Rose M. Calvin,
> j. The 03/09/1997 homicide of Sandra Glover,
> k. The 05/17/1997 homicide of Beatrice Russell,
> l. The 06/20/1997 homicide of Brandon Bryant and Reginald Thompson,
> m. The 09/06/1997 homicide of Adrian D. Caldwell
> n. The 12/28/1997 homicide of Shane A. Brees ,
> o. The 12/29/1997 homicide of Gregory Miller,
> p. The 12/30/1997 homicide of Rodney Brody,
> q. The 05/01/1998 homicides of Aderyl Caldwell, and Delvin Matthews,
> r. The 09/29/1998 homicide of Warren Shields,
> s. The 10/14/1998 homicide of Shanell Cooper,
> t. The 10/24/1998 homicides of Montee Woodberry and Antonio Pilcher,
> u. The 03/16/1999 homicide of Reginald Allen,
> v. The 01/16/2000 of Stacey Quinn,

    w. The 04/17/2000 homicide of Robert M. Diaz,
    x. The 06/10/2000 homicide of Vicki Hollinshed,
    y. The 06/24/2000 homicide of Kenny Cheffen, and
    z. The 07/24/2001 homicide of Kia Vang

*Id.* The cases listed comprise over 14,000 pages.

On April 15, 1994, Doniel Quinn and Donald Ewing were murdered with a shotgun as they sat in a parked car. *Doc. 74, ¶ 46*. Lamonte McIntyre was convicted by a jury in September 1994 for the murders of Doniel Quinn and Donald Ewing. *Doc. 74, ¶ 101*. Lamonte McIntyre claims the Unified Government had unconstitutional municipal customs, practices and/or policies that were the moving force behind his arrest, prosecution, and incarceration, *Doc. 74, ¶ 195*, specifically:

(1)    "unconstitutional misconduct in serious felony investigations," *id.*, ¶ 189.

(2)    "encouragement and use of coerced and unreliable witness statements … through the threat of arrest, physical violence, sexual domination, payment in drugs or money or other consequences," *id.*,

(3)    "deliberately withholding exculpatory and impeachment evidence from … prosecution and criminal defendants," *id.*, ¶ 190,

(4)    "systematically fail[ing] to turn over evidence that would undermine the reliability of witnesses who had given false, coerced testimony under the threat of arrest, physical violence, sexual domination, payment in drugs or money, or other consequences," *id.*, ¶ 190,

(5)    "systematically fail[ing] to turn over evidence that investigating officers … maintained relationships of sexual domination of witnesses in serious felony investigations," *id.*, ¶ 190,

(6)    "failing to adequately supervise, discipline and train officers investigating serious felonies," *id.*, ¶ 191,

(7)    "repeatedly fail[ing] to make any meaningful investigation into charges that KCKPD officers used the misconduct described above to close cases," and "widespread failures to supervise or discipline officers for misconduct committed during the course of serious felony investigations enabled officers to engage in misconduct without repercussion" amounting to deliberate indifference to McIntyre's constitutional rights, *id.*, ¶ 192,

(8) "fail[ing] to adequately supervise, discipline, and train officers for failing to use proper and legal investigative tactics by not physically, psychologically, and sexually abusing female informants, coercing those informants to provide false evidence, illegally protecting individuals involved in the illegal drug trade, failing to turn over exculpatory evidence to the prosecution and criminal defendants, and wrongfully pursuing, prosecuting, or convicting innocent individuals to close cases," *id.*, ¶ 193, and

(9) "deliberately ignore[ing]" the "egregious acts of Golubski and other officers," *id.*, ¶ 194.

## Issues/Questions Presented

Whether the court should enter a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) and 26(c) quashing or modifying certain portions of Plaintiff's Fourth Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas. *Doc. 517*.

## Argument and Authorities

**1.   Standards for Discovery.**

Fed.R.Civ.P. 26(b) states that

[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

**2.   Standards for Protective Orders.**

Protective Orders are governed by Fed.R.Civ.P. 26(c), "which confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Layne Christensen Co. v. Purolite Co.*, 271 F.R.D. 240, 244 (D. Kan. 2010) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984) ). *See also Thomas v. IBM*, 48 F.3d 478,

482 (10th Cir. 1995); *Terry v. Unified Gov't of Wyandotte Co.*, No. 09-2094-EFM-KGG, 2011 WL 795816 (D. Kan. March 1, 2011). The rule provides, in relevant part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending.... The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
> 
> … .
> (A) forbidding the disclosure or discovery;
> (B) specifying terms, including time and place, for the disclosure or discovery;
> … .
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;....

Fed.R.Civ.P. 26(c)(1).

**3.    The notice, specifying the "The matters of examination shall include … KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice, in" 26 death investigations is vague and overbroad and does not set forth with reasonable particularity the matters for examination."**

A deposition notice may name a private corporation or other entity as the deponent and must describe with reasonable particularity the matters for examination. Fed.R.Civ.P. 30(b)(6). This means that the discovering party designate with particularity and specificity, relevant subject areas that are intended to be questioned. *Radiologix, Inc. v. Radiology and Nuclear Medicine, LLC*, 2018 WL 2364662 at *1 (D. Kan. May 24, 2018) (citing *Sprint Commcn's Co., L.P. v. Theglobe.com, Inc.*, 236 F.R.D. 524, 528 (D. Kan. 2006)). The named organization must then designate one or more persons to testify on its behalf. Fed.R.Civ.P. 30(b)(6). The persons designated must then testify about information known or reasonably available to the organization. *Id*.

For 30(b)(6) to function effectively, "the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, and that are relevant to the issues in dispute." *McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008). Where "the defendant cannot identify the outer limits of the areas of inquiry noticed," the entity cannot comply with its obligation to make reasonable inquiry and testify about the information known/reasonably available to it. *Reed v. Bennett*, 193 F.R.D. 689, 692 (D. Kan. 2000). The inability to identify those outer limits renders a compliant designation infeasible and the 30(b)(6) deponent "cannot fulfill its duty to produce a witness competent to testify about all noticed topics if it does not understand the topics." *Radiologix, Inc.*, 2018 WL 2364662 at *2.

The topic, "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice, in" 26 death investigations is vague and lacks any meaningful boundaries.

As an initial matter, the Unified Government is unaware of any (1) investigative failure(s) by Roger Golubski in any of the 26 listed cases, (2) misconduct by Roger Golubski in any of the 26 listed cases, or (3) intentional departures from accepted KCKPD policy and practice in any of the 26 listed cases. A "supervisors' responsibilities" with respect to any (1) investigative failures, (2) misconduct, or (3) intentional departure from policy and practice by Roger Golubski first requires some notice that any such failure, misconduct or departure by Golubski occurred in each and any of the specified cases. Assuming there are any such instances, the supervisors' responsibility will depend upon (1) Golubski's role in any given investigation, (2) the failure, misconduct or departure at issue, and (3) when or whether the supervisor learned of the action(s) or inaction(s).

Given the breadth and vagueness of the notice, it is not possible for the Unified Government to determine what information is reasonably available to the Unified Government to address the topic(s) as required by Rule 30(b)(6). Further, the phrase "including without limitation" makes the notice inherently vague as it is impossible to determine what other topics might be encompassed.

Counsel for plaintiffs were advised it was necessary that the Unified Government first be provided a complete, exhaustive list of the specific (1) investigative failure(s) by Roger Golubski, (2) misconduct by Roger Golubski, or (3) intentional departures from accepted KCKPD policy and practice by Roger Golubski in any of the 26 listed cases. Absent the particularized information, the Unified Government is unable to fulfil its obligations under Rule 30(b)(6). No such specific instances were identified during the meet and confer conference.

Golubski had different roles and ranks during the 26 cases with different levels of supervision. Defendant Unified Government is left, first, to guess what complained of action(s) or inaction(s) may be the subject of inquiry for each case. Then, even if the complained of action(s) or inaction(s) are identified, it remains to determine Golubski's role and rank to determine the appropriate supervision given his position in the chain of command.

Without the necessary particularized notice for inquiry, the Unified Government is also unable to determine if it is possible to prepare a 30(b)(6) designee before the January 31, 2022 deposition date.

Of the 26 death/homicide investigations specified, the case files comprise over 14,000 pages and span 23 years (1978-2001). The inability to identify (1) any specific area of inquiry or (2) the outer limits of the areas of inquiry coupled with a list of death/homicide investigations spanning 23 years and 30 deaths/homicides renders the Unified Government's obligations under Rule 30(b)(6) an impossible burden.

### Conclusion

The Unified Government requests that the court enter a protective order quashing Plaintiff's Fourth Amended Notice of Rule 30(b)(6) Deposition for Unified Government of Wyandotte County and Kansas City, Kansas. *Doc. 517.*

> Fisher, Patterson, Sayler & Smith, LLP
> 3550 S.W. 5th Street
> Topeka, Kansas 66606
> Tel: (785) 232-7761 | Fax: (785) 286-6609
> dcooper@fpsslaw.com | cbranson@fpsslaw.com
>
> s/David R. Cooper
> David R. Cooper                    #16690
> Charles E. Branson                 #17376
>
> *-and-*
>
> Henry E. Couchman Jr., #12842
> Unified Government of Wyandotte
> County/Kansas City, Kansas
> Legal Department
> 701 N. 7th Street, Suite 961
> Kansas City, Kansas 66101
> Tel: (913) 573-5060 | Fax: (913) 573-5243
> hcouchman@wycokck.org
> Attorneys for Defendant Unified Government of
> Wyandotte County and Kansas City, Kansas

### Certificate of Service

I hereby certify on the 19th day of January, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

    Michael J. Abrams – Michael.Abrams@LathropGPM.com
    William G. Beck – William.Beck@LathropGPM.com
    Alexander T. Brown – Alexander.Brown@LathropGPM.com
    Alana M. McMullin – Alana.McMullin@LathropGPM.com
    Cheryl A. Pilate – cpilate@morganpilate.com
    Lindsay J. Runnels – lrunnels@morganpilate.com
    Barry Scheck – barry@nsbcivilrights.com
    Emma Freudenberger – emma@nsbcivilrights.com
    Grace Ann Paras – grace@nsbcivilrights.com
    Amelia B. Green – amelia@nsbcivilrights.com

Sona Shah – sona@nsbcivilrights.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan – s.sturdivan@swrsllp.com
Elizabeth A. Evers – e.evers@swrsllp.com
Tracy M. Hayes – t.hayes@swrsllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Jeffrey S. Kratofil – jeff@mccauleyroach.com
Matthew J. Gist – mgist@enszjester.com
Christopher M. Napolitano – cnapolitano@enszjester.com
**Attorneys for Defendant Roger Golubski**

s/David R. Cooper