## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE, et al., | |
|             **Plaintiffs,** | |
| **v.** | Case No. 2:18-cv-02545-KHV-KGG |
| **UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,** | |
|             **Defendants.** | |

### Plaintiffs' Response to Defendant Unified Government's Motion to Quash and for Protective Order [D.E. 538]

### Background

In this civil rights action stemming from Plaintiff Lamonte McIntyre's wrongful conviction and imprisonment, Plaintiffs allege, among other things, that Defendants fabricated evidence in violation of Lamonte McIntyre's constitutional rights, and that individual supervisors and the Unified Government failed to adequately discipline and supervise its detectives, including Defendant Roger Golubski.

In connection with prosecuting these claims, Plaintiffs noticed a deposition pursuant to Federal Rule of Civil Procedure 30(b)(6), asking that the Unified Government provide a designee to testify as to KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Defendant Golubski, including intentional departures from accepted KCKPD policy and practice, in a list of specified homicide investigations Golubski worked on. Pls.' 4th Am. Notice of Rule 30(b)(6) Dep. for Unified Gov't of Wyandotte Cnty. & Kan. City, Kan. (D.E. 517) (herein "4th Am. Notice of Rule 30(b)(6) Dep."). This is Plaintiffs' Fourth Amended Rule 30(b)(6) Notice. Plaintiffs have significantly narrowed the scope of the topic

about supervisors' responsibilities and have dramatically shortened the list of homicide cases it plans to inquire about, largely as a result of Plaintiffs' counsels' participation in a series of meet and confers with counsel for the Unified Government. The Unified Government has been on notice that Plaintiffs planned to take a Rule 30(b)(6) deposition about supervisory responsibilities of investigative misconduct in other homicide cases involving Defendants since Plaintiffs first noticed a Rule 30(b)(6) deposition on the topic in April 2021. Pls.' Notice of Rule 30(b)(6) Dep. for Unified Gov't of Wyandotte Cnty. & Kan. City, Kan. (D.E. 276) (herein "Original Notice of Rule 30(b)(6) Dep.").

Counsel for the Unified Government seeks to evade producing a designee for this deposition. They demand that Plaintiffs' counsel essentially share with them Plaintiffs' counsels' specific questions about Defendant Golubski's misconduct prior to any deposition. But there is no basis for Defendant's withholding, as the point of this Rule 30(b)(6) deposition is to understand KCKPD supervisors' duties to oversee homicide investigations and KCKPD supervisory policies—not to question a designee about the specific details of past investigations.

In fact, during the parties' meet and confer on January 18, 2022, Plaintiffs' counsel outlined the areas and manner of questioning Plaintiffs will pursue at the deposition and also provided a list of the specific types of misconduct they planned to ask the designee. Plaintiffs' counsel explained they would ask questions that anyone with knowledge of supervisory responsibilities should be able to answer; which should obviate Defendant's concern that Plaintiffs' counsel will "quiz" any designee on the details of each homicide case listed. In brief, Plaintiffs' counsel will question the designee about policies and practices regarding supervision in homicide cases, including how KCKPD supervision should have functioned in instances where Defendant Golubski: had a seeming conflict of interest due to a personal relationship with

a witness, suspect, or victim; failed to collect physical and biological evidence, often from a bloody crime scene; failed to document or inadequately documented witness interviews; used informants in an improper manner; failed to pursue obvious leads; and introduced contradictions into the homicide files.[1] This type of questioning is routine and necessary in a *Monell* case where Plaintiffs have theories of liability premised on inadequate supervision and a pattern of serious investigative misconduct.[2]

### Argument

**I.   The Notice defines the topic of the deposition with reasonable particularity.**

Rule 30(b)(6) "requires the topics of the deposition be identified with 'reasonable particularity.'" *See, e.g.*, *Espy v. Mformation Techs., Inc.*, No. 08–2211–EFM–DWB, 2010 WL 1488555, at *2 (D. Kan. Apr. 13, 2010); Fed. R. Civ. P. 30(b)(6). This Court has clarified that even though the District of Kansas has used "language" stating that "the designation be made with 'painstaking specificity,'" it does not "require[] a greater degree of particularity" than the "reasonable particularity" standard encompassed in the text of the Rule. *Id.* Plaintiffs have easily met their burden to define the topic with "reasonable particularity." Their Notice requests a designee who is prepared to testify about the KCKPD's supervisory obligations of a specific officer, for a specific list of investigations. 4th Am. Notice of Rule 30(b)(6) Dep., at 2–3 ("1.

---

[1] In the event this Court finds the noticed topic too broad as written, Plaintiffs ask the Court to order the deposition to proceed solely as to these enumerated items instead of quashing the deposition all together. *See D.M. ex rel. Morgan v. Wesley Med. Ctr. LLC*, No. 18-2158-KHV-KGG, 2019 WL 632369, at *4 (D. Kan. Feb. 14, 2019) (declining to quash the deposition topic, and instead ordering "the clarifications stated by Plaintiff in her response brief … to serve as a limitation as to the extent, meaning, and scope of the deposition testimony sought from the Rule 30(b)(6) deponent").

[2] Questioning on supervision policies and practices at the time of this case also is relevant to Plaintiffs' individual claims, including because the supervisor in place at the time of this case, Defendant Culp, is deceased.

KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice" for a list of cases). Plaintiffs' counsel further clarified the particular types of investigative failures and misconduct it would ask about during the January 18, 2022 meet and confer. *See supra* pp. 2–3.

To the extent the Unified Government's assertion that it cannot define "the outer limits of the areas of inquiry" rests on the fact that Plaintiffs' Notice contains the phrase "including without limitation," its argument is not credible and should be denied. Def.'s Mot. to Quash & for Protective Order (D.E. 538) (herein "Def.'s Mot. to Quash"), at 7 (arguing that "the phrase "including without limitation" makes the notice inherently vague as it is impossible to determine what other topics might be encompassed."). The District of Kansas has clearly defined instances when the presence of the phrase "including but not limited to" in a Rule 30(b)(6) deposition notice causes that notice to be improperly overbroad, and when it does not. Plaintiffs' Notice falls squarely in the latter category.

For example, this Court has held that a phrase like "including without limitation" renders a notice overbroad when it modifies a list of *topics*, indicating that the notice's list of *topics* is not exclusive. *In re EpiPen*, No. 17-md-2785-DDC-TJJ, 2018 WL 6047179, at *2–3 (D. Kan. Nov. 19, 2018). This scenario is not present in Plaintiffs' Notice, wherein Plaintiffs list only one topic for deposition. In Plaintiffs' Notice, the phrase "including without limitation" modifies examples of the types of investigative failures or misconduct Defendant Golubski would have committed in the course of his investigations. In other words, one way Defendant Golubski may have committed an investigative failure or misconduct—but not the only way—would be through intentionally departing from accepted KCKPD policy and practice. Where, as here,

examples are listed to clarify the subject of a topic, and "including but not limited to" language is used to characterize that list of examples *within a topic*, that language does not render the deposition notice overbroad. *Id.*; *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05–2164–MLB–DWB, 2007 WL 1054279 at *3–4 (D. Kan. Apr. 9, 2007) (holding that a notice is impermissibly overbroad if it indicates that a list of topics is not exhaustive, but is not overbroad when it includes a non-exhaustive list of examples).[3]

## II.  Defendant demands far more from Plaintiffs prior to the deposition than required.

The Unified Government asks Plaintiffs to provide all instances of Defendant Golubski's misconduct contained in these homicide files before the Rule 30(b)(6) deposition takes place. Def.'s Motion to Quash, at 7. Defendant provides no authority for this unduly burdensome ask. Furthermore, asking Plaintiffs to essentially direct Defendant to the portions of its own records that show misconduct Plaintiffs contend they should have spotted and addressed at the time of the underlying investigations would take valuable time and resources away from other discovery, including the ten additional depositions Defendant has noticed during the remainder of the discovery period.

Defendant additionally emphasizes that the files corresponding to the list of homicides contained in the Notice together total thousands of pages. Def.'s Mot. to Quash, at 3, 7. They argue that reviewing these files would be too burdensome for a designee. *Id.* This argument is beside the point and represents Defendant's efforts to overcomplicate the demands of Plaintiffs'

---

[3] If this Court disagrees and finds that the language, "including without limitation," renders the Notice overbroad, Plaintiffs ask that the Court order this phrase struck from the Notice, but permit the deposition to proceed. *See D.M. ex rel. Morgan*, 2019 WL 632369, at *4 (declining to quash the deposition topic, and instead ordering "the clarifications stated by Plaintiff in her response brief … to serve as a limitation as to the extent, meaning, and scope of the deposition testimony sought from the Rule 30(b)(6) deponent").

Notice. Plaintiffs do not plan to ask a designee to recall the details involved in each investigation. In fact, the designee need not—and likely could not—be personally and intimately familiar with every homicide investigation listed. Indeed, Rule 30(b)(6) deponents "need not have independent personal knowledge of the deposition topics" and thus, "a party is not permitted to undermine the rule by suggesting it has no available witnesses with direct knowledge of the deposition topics," *SEC v. Kovzan*, No. 11–2017–JWL, 2013 WL 653611, at *2 (D. Kan. Feb. 21, 2013).

Rather, a designee would merely need to be familiar with the supervisory customs, policies, and practices of the KCKPD during the relevant time period, and understand how these policies would apply to supervision. Thus, a sufficiently prepared designee would not be required to read each page of each file corresponding to the homicides listed in Plaintiffs' Notice. The designee should instead be familiar with the general nature of homicide files prepared by KCKPD officers such that he understands what types of materials—i.e. investigative reports, evidence logs, witness statements—an officer must produce. Any specific examples from the corresponding case files incorporated in Plaintiffs' line of questioning during a deposition would be properly introduced as an exhibit that the designee would be given the opportunity to review.

To the extent that Defendant's counsel prefers its designee review some of the case files corresponding to the Plaintiffs' noticed list of homicide investigations—or to the extent that Defendant's counsel themselves prefer to review the corresponding files and in turn educate the designee of their contents—the comprehensiveness of these files alone cannot be the basis of a motion to quash. *See Funk v. Pinnacle Health Facilities XXXIII, LP*, No. 17-1099-JTM-KGG, 2019 WL 280950, at *4 (D. Kan. Jan. 22, 2019). A defendant's argument that the topics noticed for a Rule 30(b)(6) deposition "are facially burdensome" is not enough. *Id.* Instead, "Defendant will be required to establish exactly *how* the various deposition topics are unduly burdensome or

disproportionate to the case," *id.*, *which Defendant has not done here*. While testifying about Plaintiffs' noticed topic "may very well be" burdensome, "litigation by its very nature is burdensome" and "[d]iscovery is not prohibited simply because it is burdensome as responding to any discovery request involves a burden of some level." *Id.* Moreover, when an organization's documents are produced in discovery, Plaintiffs are entitled to question a representative about those documents. *D.M. ex rel. Morgan*, 2019 WL 632369, at *6 (stating that, where "underlying contracts have been produced in discovery," "Plaintiff is entitled to question a representative of Defendant about the stated topics related to those contracts."). Accordingly, Plaintiffs should be allowed to provide excerpts from homicide files that the Unified Government produced as exhibits during a Rule 30(b)(6) deposition in order to better understand the Unified Government's supervision of Golubski.

The very purpose of a Rule 30(b)(6) deposition is to ask questions to an *organization*, for example, on its internal supervisory structure, policies, and so forth, all of which is "information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Plaintiffs' counsel do not intend to ask questions that require a designee to recall past details of specific investigations; rather, as Plaintiffs' counsel explained at length during its meet and confer on January 18, 2022, *see supra* pp. 2–3, Plaintiffs' counsel will focus this deposition on the rules in place and how supervision generally should have functioned when various indicia of misconduct arose in the course of investigations.

Defendant similarly argues that, because Golubski occupied many roles during his tenure as a KCKPD officer, a designee could not possibly comment on what supervisory interventions would have been necessary in each the listed homicide cases. Def.'s Mot. to Quash, at 7. As Golubski was employed by the Unified Government, this is information that should be readily

available to the Unified Government's designee. To the extent that Golubski's role during any of the listed investigations is unknown, a designee could merely indicate as much, and Plaintiffs' counsel could question the witness accordingly. These are basic principles of depositions to which Defendant's counsel pleads ignorance in order to make Plaintiffs' Notice seem more complicated than it really is.

**III. The Unified Government's latest Motion to Quash is just another tactic to advance Defendants' coordinated campaign to stall the close of discovery.**

Defendants are determined to broadly extend the discovery period, without limitation, *see* Defs.' Joint Mot. to Modify Scheduling Order (D.E. 535), despite the fact that discovery has been ongoing for *two years and three months* in this case. Indeed, this Court emphasized during a November 4, 2021 conference that it was disinclined to further extend the discovery period beyond its recent extension to January 31, 2022, *see* 5th Revised Scheduling Order (D.E. 474). And yet, the present Motion to Quash a straightforward, long-noticed Rule 30(b)(6) deposition is just another of Defendants' stall tactics. *See* Def.'s Mot. to Quash, at 7 ("Without the necessary particularized notice for inquiry, the Unified Government is also unable to determine if it is possible to prepare a 30(b)(6) designee before the January 31, 2022 deposition date.").

Defendant first had notice that Plaintiffs' counsel planned to depose a Rule 30(b)(6) designee of the Unified Government about supervision in homicide investigation ten months ago, on April 6, 2021. Original Notice of Rule 30(b)(6) Dep. Plaintiffs' amendments to this topic since filing their original notice have only narrowed it. For example, initially, Plaintiffs sought to depose a designee on supervision of all Individual Defendants. *Id.* Plaintiffs have since narrowed the scope of the deposition to only supervision of Defendant Golubski. Pls.' 3d Am. Notice of Rule 30(b)(6) Dep. for or Unified Gov't of Wyandotte Cnty. & Kan. City, Kan. (D.E. 476); 4th Am. Notice of Rule 30(b)(6) Dep. Additionally, Plaintiffs halved the list of homicide

investigations in question from fifty-one in their original notice, to twenty-six in the current

notice. Original Notice of Rule 30(b)(6) Dep.; 4th Am. Notice of Rule 30(b)(6) Dep. Thus, the

Unified Government has had plenty of time to arrange for a designee but has, instead, spent its

efforts on delaying the close of discovery.

### Conclusion

Plaintiffs respectfully request that the Court deny the Unified Government's Motion to

Quash and for Protective Order, and direct the Unified Government to provide a designee to

testify regarding the supervision and oversight of Defendant Golubski in specific homicide

investigations on January 31, 2022.


Dated: January 21, 2022                          Respectfully submitted,

                                                 LATHROP GPM LLP

                                                 By: _/s/ Alana McMullin_____
                                                 Michael J. Abrams #15407
                                                 Alexander T. Brown #78891
                                                 Alana McMullin #78948
                                                 2345 Grand Boulevard, Suite 2200
                                                 Kansas City, MO 64108
                                                 Telephone: (816) 292-2000
                                                 Facsimile: (816) 292-2001
                                                 michael.abrams@lathropgpm.com

                                                 Barry Scheck (admitted *pro hac vice*)
                                                 Emma Freudenberger (admitted *pro hac vice*)
                                                 Sona R. Shah (admitted *pro hac vice*)
                                                 Grace Paras (admitted *pro hac vice*)
                                                 Neufeld Scheck & Brustin, LLP
                                                 99 Hudson Street, Eighth Floor
                                                 New York, NY 10013
                                                 Telephone: (212) 965-9081
                                                 Facsimile: (212) 965-9084
                                                 emma@nsbcivilrights.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
Morgan Pilate, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
cpilate@morganpilate.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 21, 2022, the foregoing was electronically filed with the clerk of the court using the CM/ECF system which will provide notice and service to all counsel of record.

 /s/ *Alana McMullin*
An Attorney for Plaintiffs