**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LAMONTE MCINTYRE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 2:18-cv-02545-KHV-KGG |
| ) | |
| UNIFIED GOVERNMENT OF ) | |
| WYANDOTTE COUNTY AND ) | |
| KANSAS CITY, KS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'**
**JOINT MOTION TO MODIFY THE SCHEDULING ORDER**

Plaintiffs Lamonte McIntyre and Rose McIntyre ("Plaintiffs"), by and through their counsel, submit this Response to Defendants' Joint Motion To Modify The Scheduling Order (the "Motion to Modify") (Doc. 535).

**INTRODUCTION**

Discovery in this case has lasted two years.[1] Forty depositions have been taken, ten more are scheduled, and tens of thousands of documents have been exchanged. Defendants' request to modify the Scheduling Order – the third request in six months – is another attempt to delay resolution of this case and prolong discovery without good cause. Defendants filed this Motion only nine days before the close of discovery. Further, over the past two weeks, Defendants noticed up at least ten new fact witness depositions for the last week of discovery. In an effort to avoid another extension of the discovery deadline and accommodate Defendants, Plaintiffs offered to

---

[1] Plaintiffs served their initial discovery requests on November 18, 2019 and the parties have now been engaged in discovery for 26 months.

cover all last-minute depositions, many of which are scheduled back-to-back on the same day. Now, after Plaintiffs have made every possible effort to allow Defendants to complete last-minute discovery, Defendants seek additional time to "determine if additional discovery is needed and to complete such discovery." Plaintiffs oppose this unreasonable request and ask that the Court deny Defendants' Motion and maintain the discovery deadline, while allowing, if necessary, an exception for the completion of Rose McIntyre's deposition to occur outside the discovery period. This would accommodate Ms. McIntyre's health and the Defendants' concerns, while not holding discovery open indefinitely.

## BACKGROUND

On January 5, 2022, Plaintiffs informed Defendants that Plaintiff Rose McIntyre would not be available before the close of discovery (January 31, 2022) to sit for the second half of her deposition due to severe medical complications arising from COVID-19. Plaintiffs told Defendants, however, that although Plaintiffs believe Defendants have had adequate opportunity to depose Ms. McIntyre, if required, they would produce her after the close of discovery as soon as her medical condition permits, and that Plaintiffs opposed any further extension of the discovery deadline. A week later, on January 12, 2022, Defendants notified the Court that they intended to file a Motion to Modify the Scheduling Order on the sole basis that Rose McIntyre's deposition needed to be completed. After sending this email, Defendants noticed up ten additional fact witness depositions, scheduling them all for the last week of discovery. Plaintiffs agreed to make every effort to accommodate these last-minute depositions, including attending four depositions in one day (*see* Docs. 521, 522, 525, 526) so that the parties could complete discovery by the deadline, despite Plaintiffs' belief that these depositions are not necessary (*See* Exhibit 2).

On January 18, 2022 – only nine business days before the end of discovery – Defendants filed this Motion to Modify (Doc. 535). However, Defendants now argue that they not only need an extension of time to complete the deposition of Rose McIntyre, but because Plaintiffs supplemented their Answers to Defendants' Interrogatories (which the Court compelled Plaintiffs to do), Defendants need "additional time to determine if additional discovery is needed and to complete such discovery." (Motion, p. 2). But, contrary to Defendants' speculation, Plaintiffs Answers were derived directly from the Second Amended Complaint, the documents propounded in discovery, Plaintiffs' Rule 26 disclosures and witnesses, and the depositions taken by the parties. Accordingly, any "additional" discovery Defendants may want to conduct should have been completed months (or years) ago, when such documents were produced, when the Rule 26 witnesses were disclosed, or when the depositions were first taken.

## RESPONSE

Defendants' Motion to Modify requests that the Court extend the close of discovery indefinitely, moving all other remaining deadlines in the current Scheduling Order to some unspecified future date. Defendants cite three reasons for extending the close of all discovery, but none equate to "good cause" as required under Fed. R. Civ. P. 16(b)(4). Further, no discovery or other issues have been raised by the parties that cannot be resolved before January 31. For the reasons further detailed below, Plaintiffs adamantly oppose another wholesale extension of the current deadlines, which can be met with ease.

Defendants argue that they cannot complete discovery by January 31, 2022 because: (1) Plaintiff Rose McIntyre's deposition is not complete, (2) they want to determine whether further discovery is needed after Plaintiffs supplemented their answers to interrogatories, and (3) they did not have four witness's contact information until January. None of these reasons justify an

3

extension of discovery, as Rose McIntyre's deposition can be taken outside the discovery period, Plaintiffs' Answers are based only on the current record also available to Defendants, and because the four witnesses have been known to Defendants for at least one year.

### I. The Completion of Rose McIntyre's Deposition Can Occur After the Close of Discovery.

As Defendants admit, Plaintiffs have agreed to produce Rose McIntyre for deposition when she is medically able, regardless of the deadline for discovery. Further, Ms. McIntyre has been in and out of hospitalizations due to a serious case of COVID-19 and there is no set date by which she will be capable of sitting for a deposition. Allowing this deposition to take place after the close of discovery is a reasonable exception under the circumstances. Indeed, other courts have permitted depositions after the expiration of discovery in certain circumstances without extending discovery generally. *See Estenfelder v. Gates Corp.,* 199 F.R.D. 351, 356 (D. Colo. 2001) (finding it reasonable to allow four depositions of witnesses residing in Europe to take place after the expiration of the discovery cut-off); *Irish v. Tropical Emerald LLC*, No. 18-CV-82-PKC-SJB, 2021 WL 1827115, at *2 (E.D.N.Y. May 6, 2021) (acknowledging that although "fact discovery had been closed for several months," the court allowed an exception "for the very limited purpose of conducting the depositions identified by the parties at the May 18, 2020 conference, namely the deposition of the Plaintiff and three of Defendants' identified witnesses"); *Exp.-Imp. Bank of U.S. v. Asia Pulp & Paper Co.*, 233 F.R.D. 338, 343 (S.D.N.Y. 2005) (re-opening discovery for "the limited purpose of deposing Oaktree and Gramercy" who were subpoenaed prior to the close of discovery, but could not be deposed before the deadline).

Despite this reasonable compromise, Defendants now assert that a few more hours of deposing Rose McIntyre are "necessary to be able to prepare a Pretrial Order and dispositive motions." (Motion, p. 4). Defendants state they are incapable of identifying the factual contentions,

stipulations, and defenses in the pre-trial order because they "do not know what information will be learned through the remainder of her deposition." (*Id*). This position is disingenuous at best. Rose McIntyre sat for over five hours of deposition testimony and has provided a sworn affidavit and numerous written accounts to Defendants relating to her claims against Barber and Golubski. Regardless, if Defendants believe issues of fact remain until Rose McIntyre's deposition is complete, they can simply claim such issues exist in the pre-trial order. Extending discovery indefinitely based on Defendants' speculation that Rose McIntyre will say something new is unreasonable and does not meet the "good cause" standard under Fed. R. Civ. P. 16(b)(4).

The same can be said for Defendants' argument that dispositive motions cannot be drafted until Rose McIntyre's deposition is complete. First, even if Plaintiffs accepted Defendants' argument that Rose McIntyre's deposition could address two claims in this case, both of these claims are disputed and are thus not ripe for summary judgment. Further, Rose McIntyre may be medically available to sit for her deposition prior to the dispositive motion deadline, and thus modifying the scheduling order on this basis is premature. Regardless, if Ms. McIntyre cannot be deposed before dispositive motions are due, the parties and the Court can address the issue after the close of discovery and should not affect that deadline.

### II.     Plaintiffs' Supplemental Interrogatory Answers Provide No "Good Cause" for Extending Discovery.

This Court compelled Plaintiffs to answer Defendant Golubski's First Set of Interrogatories to Plaintiff Lamonte McIntyre (the "contention interrogatories") on December 15, 2021. In compliance with the Court's order, Plaintiffs worked diligently over the next month to accurately and thoroughly identify and support Plaintiffs' contentions by reviewing and citing hundreds of documents provided in discovery. Now, after Plaintiffs provided these comprehensive Answers, Defendants are using them not to narrow the issues for trial, the purpose of contention

5

interrogatories (*see* Doc. 475, pp. 4-7), but to once again argue that further discovery *may* be necessary – Plaintiffs' original concern in providing such comprehensive answers to Defendants before the close of discovery.

Regardless, the Answers provided to Defendants' contention interrogatories contain **no new contentions, witnesses, documents, or supporting sources of information.** Instead, Plaintiffs' Answers were derived from already produced documents, deposition transcripts, and Rule 26 disclosures and witnesses to provide support for the contentions made by Plaintiffs in their Second Amended Complaint. Every contention is supported by a previously disclosed witness, document, or deposition transcript equally available to Defendants. Simply because Defendants have yet to thoroughly review these documents, witness disclosures, affidavits, or depositions, as Plaintiffs were compelled to do, does not mean they have "good cause" to extend discovery. *See Woody v. United States*, No. CIV-14-0691 MV/LAM, 2015 WL 12830456, at *1 (D.N.M. Sept. 10, 2015) (finding that the party requesting discovery be re-opened "fails to explain why she did not obtain the discovery she now seeks prior to the close of discovery, especially since she had at least seven (7) months in which to do so from entry of the scheduling order."). In fact, Plaintiffs have now provided Defendants with a detailed outline of their case based on discovery completed to date which should not allow Defendants to hold discovery open to depose witnesses they already had knowledge of and access to for at least a year, and in many instances, for two years.

Further, Defendants' argument is belied by their conduct; Defendant Golubski filed deposition notices for at least eight more witnesses a week before Plaintiffs provided their Supplemental Answers to Defendants' Interrogatories. Moreover, Defendants did not notice their first deposition until June of 2021 – almost *two years* from the start of discovery. In the past six months, Defendants have propounded 9 different sets of discovery to Plaintiffs and scheduled 26

depositions. Making up for the year in which Defendants conducted almost no discovery is not "good cause." With over 200+ witnesses identified in the parties' Rule 26 Disclosures, deposing every potentially relevant witness in this case is implausible. Defendants' failure to prioritize certain witnesses and their eleventh-hour mad dash to complete additional discovery in the last few weeks before the deadline is not "good cause."

In addition, extensive discovery has been conducted by both parties over the past two years, including almost 40 depositions taken, 11 more depositions scheduled in the past two weeks, and tens of thousands of documents produced. The underlying constitutional violations at issue occurred over twenty-five years ago. Several witnesses Plaintiff would have liked to call at trial have died, either during Mr. McIntyre's wrongful imprisonment or during the pendency of this litigation. No reasonable grounds exist to extend discovery further, especially based on interrogatory answers that, although comprehensive, contain no information the Defendants did not have access to for months or years. The indefinite extension Defendants seek would, in contravention of Rule 26, encourage Defendants to find any reason to continue discovery indefinitely, and would prejudice Plaintiffs in spending more money and time only to further delay resolution of their 2018 action.

### III.     Last-Minute Depositions of Fact Witnesses

Defendants argue that Plaintiffs' compliance with the Court's December 15, 2021 Order somehow warrants a further extension of the discovery deadline in this case. To be clear, Plaintiffs first provided the names and descriptions of the four witnesses that Defendants now wish to depose (*see* Exhibit 2) a year ago, on January 31, 2021. The majority of witnesses in the case are lay persons, some of whom have moved a number of times or changed phone numbers. Several are also sexual assault victims or were only known to Plaintiffs through the KCKPD's police files and

records. Numerous witnesses' contact information was not known to Plaintiffs or Plaintiffs' counsel but was found only after thorough investigation and numerous database searches. In fact, Defendants requested additional information from Plaintiffs even after the information Plaintiffs had for the witnesses was provided. Regardless of the above, Defendants had months – if not years – to investigate and locate these witnesses, to notice and subpoena their depositions, and to conduct further discovery in this matter. A desire to conduct additional discovery is not "good cause" for doing so, especially after the Court has already granted two previous extensions to accommodate the Defendants.

In the interest of continuing to move this case forward, and because no reasonable basis for further delaying the close of discovery exists, Plaintiffs oppose Defendants' Motion to Modify and request the Motion be denied, with the exception of Plaintiffs' producing Rose McIntyre for deposition as her health allows.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Joint Motion to Modify the Scheduling Order.

Dated:  January 25, 2022

Respectfully submitted,

LATHROP GPM LLP

By: /s/ *Alana M. McMullin*
    Michael J. Abrams #15407
    Alana McMullin #78948
    2345 Grand Boulevard, Suite 2200
    Kansas City, MO 64108
    (816) 292-2000
    (816) 292-2001 Facsimile
    michael.abrams@lathropgpm.com
    alana.mcmullin@lathropgpm.com

>Cheryl A. Pilate #14601
>Lindsay Runnels #78822
>Morgan Pilate, LLC
>926 Cherry Street
>Kansas City, MO 64106
>Telephone: (816) 471-6694
>Facsimile: (816) 472-3516
>cpilate@morganpilate.com
>
>Barry Scheck (admitted *pro hac vice*)
>Emma Freudenberger (admitted *pro hac vice*)
>Sona R. Shah (admitted *pro hac vice*)
>Grace Paras (admitted *pro hac vice*)
>Neufeld Scheck & Brustin, LLP
>99 Hudson Street, Eighth Floor
>New York, NY 10013
>Telephone: (212) 965-9081
>Facsimile: (212) 965-9084
>emma@nsbcivilrights.com
>
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Alana M. McMullin, hereby certify that on January 25, 2022, a true and correct copy of the foregoing document was electronically filed and served via the Court's electronic filing system on counsel of record.

>  /s/ *Alana M. McMullin*
> An Attorney for Plaintiffs