UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and <br> ROSE LEE MCINTYRE, <br>     Plaintiffs, <br><br> v. <br><br> UNIFIED GOVERNMENT OF <br> WYANDOTTE COUNTY, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> )  Case No. 2:18-CV-02545-KHV-KGG <br> ) <br> ) <br> ) <br> ) <br> ) |

## MOTION TO ENFORCE SUBPOENA
## AGAINST NON-PARTY BERNARD CRAWFORD, SR.

COMES NOW Defendant Roger Golubski, by and through his attorneys of record, and pursuant to Fed. R. Civ. P. 45(g), moves the Court for an order holding Bernard Crawford, Sr. in contempt for failure to comply with a lawfully issued and duly served subpoena to provide testimony in the above-referenced case. In support of this Motion, Defendant states as follows:

### I.   THE IMPORTANCE OF BERNARD CRAWFORD'S TESTIMONY

This case stems from the murders, and investigation into the murders, of Doniel Quinn and Donald Ewing on April 15, 1994. Plaintiff Lamonte McIntyre was identified by two eyewitnesses—Ruby Mitchell and Niko Quinn—as the alleged murderer that approached the victims' vehicle in broad daylight and fired numerous shotgun blasts into their vehicle, killing them.

Since Lamonte McIntyre was convicted based upon the in-court identifications made by Ruby Mitchell and Niko Quinn, Niko Quinn has recanted her identification of Lamonte McIntyre as the shooter and, in a series of evolving statements, affidavits, and testimony, asserts the police and prosecutor coerced her into identifying Lamonte McIntyre. As a result, after his exoneration,

Lamonte McIntyre filed this lawsuit alleging that police and prosecutorial misconduct caused his wrongful conviction. Given Niko Quinn's admission that she lied under oath, and that those lies formed the basis of Lamonte McIntyre's conviction, the *critical* factual issue this case presents is:

> ***Why* did Niko Quinn perjure herself twice in June and September of 1994 by testifying Lamonte McIntyre killed her cousin?**

According to the Plaintiffs' theory, Niko Quinn was simply an innocent victim of alleged police and prosecutorial misconduct, forcing her to wrongfully identify Lamonte McIntyre. But, absent from the Plaintiffs' narrative is the fact that Niko Quinn was a prominent drug dealer at the time, with at least five drug houses of her own. In fact, she did not even have a home phone so as to evade law enforcement wiretaps. (Exhibit 1: tr. 56:18–21) Niko Quinn's drug operations were significant enough that Niko Quin would not even answer her own door, she had a "guy" for that—Bernard Crawford, Sr.

Also absent is the fact that her then-boyfriend, Christopher Jones (aka "C-Love") was also a drug dealer. (Exhibit 1: Deposition of Niko Quinn, tr. 30:4–31:20) And, according to Niko Quinn, C-Love was feared, even by other violent drug dealers, including Cecil Brooks. In Niko Quinn's words, "[t]hey are scared of him …. They called him the Grim Reaper." (Exhibit 1: Deposition of Niko Quinn tr. 47:4–19) This makes sense, because according to Niko Quinn herself, she was only "messing with big time drug dealers. That was [her] motto." (Exhibit 2: Transcript of Interview of Niko Quinn given to the Wyandotte County District Attorney, tr. 34:15-18)

Remarkably, after the murder of her cousin, Niko Quinn was told that her boyfriend, C Love—the Grim Reaper, was responsible for the murder. (Exhibit 1: Deposition of Niko Quinn, tr. 116:6–16) She herself even accused him of committing the murders. (Exhibit 1: Deposition of Niko Quinn, tr. 116:20-23) Despite being told C-Love was responsible, and despite accusing him,

2

Niko Quinn did not identify her boyfriend and fellow drug dealer, C-Love, whose name she still has tattooed across her chest. (Exhibit 1: Deposition of Niko Quinn, tr. 202:1-10).

Instead, approximately one week after her cousin was murdered, Niko Quinn called detective Golubski and told him she wanted to meet because she could not identify the killer. Prior to her meeting with Detective Golubski, Niko Quinn knew from news reports and other sources that Lamonte McIntyre was in custody for the murders, having seen his photograph on the news. Niko Quinn did not go to that meeting alone. C-Love drove her. And, according to Niko, C-Love stood nearby, monitoring her conversation with Detective Golubski. (Exhibit 1: Deposition of Niko Quinn, tr. 92:22–93:14; 193:13–194:16)

Niko Quinn's and C-Love's romantic relationship ended after Lamonte McIntyre's June 28, 1994 pretrial hearing but before his September 29, 1994 jury trial. (Exhibit 1: Deposition of Niko Quinn, tr. 29:18–30:3; 100:12–101:4) And it was between Lamonte McIntyre's June pretrial hearing and his September jury trial that Niko Quinn now alleges she first tried to recant her testimony to the prosecutor. Exhibit 1: Deposition of Niko Quinn, tr. 104:6–105:18) More recently, when an investigator for Lamonte McIntyre tried to speak with Niko Quinn beginning in or around 2009, C-Love would stop her from talking to him. In her words, C-Love did not want her talking to anybody. (Exhibit 1: Deposition of Niko Quinn, tr. 89:18–90:3)

### Plaintiffs' Theory on Who Killed Doniel Quinn and Donald Ewing

As it relates to who killed Doniel Quinn and Donald Ewing, Plaintiffs, relying almost entirely on Niko Quinn's information, advance the theory that Aaron Robinson, acting in concert with "drug kingpin" Cecil Brooks, ordered the murder of Doniel Quinn because he had stolen drugs from their drug houses. (Doc. 74 ¶¶ 105) According to Plaintiffs, Aaron Robinson paid Neil Edgar, Jr., aka "Monster", who Plaintiffs describe as a "loyal foot soldier for a Kansas City,

3

Kansas, drug kingpin" to carry out the murders (Doc. 74 ¶¶ 46, 105)[1]. Further, Plaintiffs allege that Detective Golubski ran protection for Cecil Brooks. (Doc. 74 ¶¶ 123, 124)[2]

Plaintiffs' theory was developed mostly through Mr. McIntyre's investigator, James McCloskey, who testified that Niko Quinn "made it very clear" to him that C-Love had nothing to do with the murder. Instead, she identified Neil Edgar, Jr. as the shooter.[3] The first recorded time Niko Quinn is known to have identified Neil Edgar, Jr. (aka "Monster") by name as the shooter who, conveniently, was already in prison for murder, was in her affidavit dated June 30, 2014—twenty years after the murders.

Neil Edgar, Jr., who pleaded guilty to a different murder years later and is currently incarcerated, denies involvement in Doniel Quinn's murder. He also denies working for Cecil Brooks and/or Aaron Robinson. And, notably, Neil Edgar, Jr.'s father, Neil Edgar, Sr., was another reputed drug dealer in 1994—begging the question: why would the son of a reputed drug dealer carry out murders for a different drug dealer? Even more suspicious is C-Love's involvement with the Edgar drug crew. Niko Quinn testified that Monita Edgar—the daughter of Neil Edgar, Sr. and the sister to Neil Edgar, Jr.—supplied drugs to C-Love. (Exhibit 1: Deposition of Niko Quinn tr. 35:2–19)

---

[1] Aside from Niko Quinn's testimony, the only evidence advanced that Neil Edgar, Jr. was the true killer are the affidavits of Joe Robinson and Cecil Brooks. However, when deposed, neither of them corroborated the information provided in their affidavits and Joe Robinson testified he only signed the affidavit to get Lamonte McIntyre's investigator, James McCloskey, out of his house.

[2] Similarly, Cecil Brooks testified that he was *not* well acquainted with Roger Golubski. Moreover, his previous affidavit, which was obtained by Plaintiffs, made no mention that Roger Golubski worked for him.

[3] While Mr. McCloskey interviewed Chris Jones, and presumably Bernard Crawford, the extent of their knowledge and information is unknown because Plaintiffs, despite requests, have not provided this information in discovery citing it as work product.

**Bernard Crawford Could Illuminate**
**Niko Quinn's True Motivations for Perjuring Herself**

Quinn's "business" activities; her relationship with, devotion to, and/or fear of C-Love; the fact that she and others suspected C-Love of the murders; and C-Love's apparent involvement in controlling with whom and when Niko Quinn spoke about the murders are central to this case. Further, C-Love's association with the Edgar drug crew, whom the Plaintiffs allege is the real killer, calls into question who actually ordered the murders and Niko Quinn's motivation for twice identifying Lamonte McIntyre in open court as the shooter. Did she, as Plaintiffs suggest, feel coerced by the prosecutor? Or, was she protecting her business interest? Or, was she fearful for her safety, either from Monster or her boyfriend—C-Love, the Grim Reaper?

To better understand Niko Quinn's motivations for identifying Lamonte McIntyre, Defendant subpoenaed and served Bernard Crawford, Sr. Mr. Crawford, according to Niko Quinn, worked for Niko Quinn and C-Love. On the day of the murders, Mr. Crawford was "working the door"—guarding Quinn, her children, and her house because of her drug operations. (Exhibit 1: Deposition of Niko Quinn, tr. 55:4–6). That house was located on Hutchings St., across the street from the murders.

C-Love left Niko Quinn's house ten minutes before the murders, purportedly to go take a shower. And, according to information Niko Quinn provided to the now now-deceased investigator, Carolyn Adams, hired by Plaintiff Rose McIntyre, Mr. Crawford witnessed the crime as he was standing on the porch of Quinn's house but was on the run from police. (Exhibit 3)

As a witness, Quinn's bodyguard, and someone who was on Niko Quinn/C-Love's payroll as part of their drug operations, he is likely to have information about what transpired after the murders, Niko Quinn's and C-Loves' interactions, and conversations, Quinn's motivations to

5

protect her business interests, herself, and C-Love. Despite being subpoenaed and served, Bernard Crawford failed to appear for his deposition without any explanation.

**II.  STATEMENT OF FACTS**

1. On January 12, 2022, Defendant Golubski filed a Notice of Deposition to take the videotaped deposition of Bernard Crawford, Sr. on January 27, 2022, at the law offices of Ensz & Jester, PC, 1100 Main Street, Suite 2121, Kansas City, Missouri 64105 (See Doc. 523, a copy of the Subpoena is attached here as **Exhibit 1**)

2. On January 14, 2022, that subpoena, along with a check for the amount of the witness fee and estimated mileage, was served on Bernard Crawford, Sr. by Joseph Baska, a process server with HPS Process Service & Investigations, at the address of 6253 State Avenue, Kansas City, Kansas 66102.

3. Counsel for all of the parties, along with the court reporter, appeared on January 27, 2022, at 9:30 a.m. at the law offices of Ensz & Jester, PC, 1100 Main Street, Suite 2121, Kansas City, Missouri 64105, and waited until at least 10:15 a.m. but Bernard Crawford, Sr. failed to appear, despite being duly served.

4. Counsel issuing the subpoena has not heard from Bernard Crawford, Sr. after service of the subpoena and before the date of compliance and, as a result, he did not provide any excuse as to why he could not and did not comply with the subpoena.

5. Bernard Crawford, Sr. is a critical witness in this matter for the reasons explained above.

**III.  ARGUMENTS AND AUTHORITIES**

Fed. R. Civ. P. 45(g) permits the Court, "where compliance is required" to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena

or any order related to it." Here, Defendant Golubski's counsel issued a subpoena to Mr. Crawford and had in duly served on January 14, 2022, to appear at a deposition on January 27, 2022. Including with the subpoena was a check for the witness fee and estimated mileage. Mr. Crawford failed to appear for his deposition and did not otherwise contact counsel for Defendant Golubski to seek to move the deposition or provide an excuse for his non-compliance. As a result, the conditions of Fed. R. Civ. P. 45(g) have been met.

However, Defendant is cognizant that "it would be rare for a court to use contempt sanctions without first ordering compliance with a subpoena." *Duffy v. Lawrence Mem'l Hosp.*, No. 2:14-CV-2256-SAC-TJJ, 2017 WL 1806429, at *2 (D. Kan. May 5, 2017) (citations and quotations omitted). As a result, Defendants request that the Court first issue an order requiring Bernard Crawford, Sr.'s compliance with the subpoena by ordering him to appear for a videotaped deposition within 10 days of such Order. Should he fail to comply with the Court's order, Defendant requests that Mr. Crawford be ordered to show cause as to why he should not be held in contempt and to order further sanctions to compel his compliance, to include the issuance of a Writ of Body Attachment.

## IV. CONCLUSION

For the above and foregoing reasons, Defendant Roger Golubski respectfully requests that this Court issue an order requiring Bernard Crawford, Sr. to sit for a videotaped deposition within ten days of the Court's Order and, should he fail to do so, issue an order for Mr. Crawford to show cause and, ultimately, issue a Writ of Body Attachment to compel his compliance, if necessary, and for other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Matthew J. Gist

| | |
|---|---|
| MATTHEW J. GIST | KS #20829 |
| CHRISTOPHER M. NAPOLITANO | KS #25499 |

1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:   816-474-8010
Facsimile:    816-471-7910
E-mails:       mgist@enszjester.com
                    cnapolitano@enszjester.com

and

| | |
|---|---|
| MORGAN L. ROACH | KS #23060 |
| SEAN P. McCAULEY | KS #20174 |
| NICHOLAS S. RUBLE | KS #25636 |
| JEFFREY S. KRATOFIL | KS #23983 |

MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri  64111
Telephone:   816-523-1700
Facsimile:    816-523-1708
E-mails:       morgan@mccauleyroach.com
                    sean@mccauleyroach.com
                    nick@mccauleyroach.com
                    jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**

## CERTIFICATE OF SERVICE

   I hereby certify that, on January 31, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

| | |
|---|---|
| MICHAEL J. ABRAMS | KS #15407 |
| WILLIAM G. BECK | KS #77974 |
| ALEXANDER T. BROWN | KS #78891 |
| ALANA M. McMULLIN | KS #78948 |

LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108
Telephone:  816-292-2000
Facsimile:  816-292-2001
E-mail(s):  michael.abrams@lathropgmp.com
     william.beck@lathropgpm.com
     alexander.brown@lathropgpm.com
     alana.mcmullin@lathropgpm.com

and

| | |
|---|---|
| CHERYL A. PILATE | KS #14601 |
| LINDSAY RUNNELS | KS #78822 |

MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri  64106
Telephone:  816-471-6694
Facsimile:  816-472-3516
E-mail(s):  cpilate@morganpilate.com
     lrunnels@morganpilate.com

and

| | |
|---|---|
| BARRY SCHECK | *Pro Hac Vice* |
| EMMA FREUDENBERGER | *Pro Hac Vice* |
| AMELIA GREEN | *Pro Hac Vice* |
| SONA R. SHAH | *Pro Hac Vice* |

NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York  10013
Telephone:  212-965-9081
Facsimile:  212-965-9084
E-mail(s):  barry@nsbcivilrights.com
     emma@nsbcivilrights.com
     amelia@nsbcivilrights.com
     sona@nsbcivilrights.com

**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER                KS #16690
CHARLES E. BRANSON             KS #17376
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas  66606
Telephone:  785-232-7761
Facsimile:  785-286-6609
E-mail(s):  dcooper@fpsslaw.com
            cbranson@fpsslaw.com

and

HENRY E. COUCHMAN, JR.    KS #12842
EDWARD JAMES BAIN         KS #26442
UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas  66101
Telephone:  913-573-5060
Facsimile:  913-573-5243
E-mail(s):  hcouchman@wycokck.org
            jbain@wycokck.org
**ATTORNEYS FOR DEFENDANT
UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY AND KANSAS
CITY, KANSAS**


SEAN M. STURDIVAN           KS #21286
ELIZABETH A. EVERS          KS #22580
TRACY M. HAYES              KS #23119
SANDERS WARREN RUSSELL & SCHEER LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Telephone:  913-234-6100
Facsimile:  913-234-6199
E-mail(s):  s.sturdivan@swrsllp.com
            e.evers@swrsllp.com
            t.hayes@swrsllp.com
**ATTORNEYS FOR THE ESTATE OF
DETECTIVE JAMES MICHAEL
KRSTOLICH, DETECTIVE DENNIS
WARE, OFFICER JAMES L. BROWN,
THE ESTATE OF LIEUTENANT DENNIS
OTTO BARBER, DETECTIVE CYLDE
BLOOD, DETECTIVE WK SMITH, AND**

**THE ESTATE OF LIEUTENANT STEVE CULP**

/s/ Matthew J. Gist

**ATTORNEYS FOR DEFENDANT ROGER GOLUBSKI**