# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE, et al., )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>UNIFIED GOVERNMENT OF )<br>WYANDOTTE COUNTY AND )<br>KANSAS CITY, KS, et al., )<br>)<br>    Defendants. )<br>_____) | Case No. 18-2545-KHV-KGG |

## MEMORANDUM & ORDER

On February 8, 2022, the undersigned Magistrate Judge held a hearing on Defendants' "Joint Motion to Modify Scheduling Order" (Doc. 535) and the "Motion to Quash and for Protective Order" relating to the 30(b)(6) deposition notice to Defendant Unified Government (Doc. 538).[1] The Court also addressed the "Motion to Enforce Subpoena Against Non-Party" filed by Defendant Golubski (Doc. 552) as well as various pending discovery issues.[2]

---

[1] The background of this case was summarized in the District Court's Order granting in part and denying in part the various Motions to Dismiss filed by Defendants. (Doc. 190, at 2-10.) That summary of factual allegations is incorporated herein by reference.

[2] The Court and the parties had previously discussed certain of these discovery issues during an informal telephone conference on February 1, 2022. As to the Motion to Enforce Subpoena (Doc. 552), defense counsel indicated these issues will be resolved by agreement with the third-party witness. The motion will, however, remain pending until the deposition occurs.

1

Because of continuing discovery issues, including the incomplete deposition of Plaintiff Rose McIntyre, Defendants' joint motion to amend the Scheduling Order asks to extend the current discovery deadline (which expired on January 31, 2022). (Doc. 535.) This, by extension, would also postpone the Pretrial Conference, dispositive motion deadline, and trial. Because Ms. McIntyre's condition has not stabilized, Defendants do not propose specific dates or deadlines. Plaintiffs oppose the motion. (Doc. 544.)

The deposition notice at issue in the motion to quash (Doc. 538) requests a corporate deponent for Defendant Unified Government (hereinafter "Defendant UG") regarding "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice," in 26 enumerated cases. (Doc. 517.) Plaintiffs also oppose this motion. (Doc. 541.)

Having reviewed the written submissions and hearing argument of the parties, the motion to modify the Scheduling Order (Doc. 535) is **GRANTED in part** and the motion to quash the subpoena is **GRANTED**.

I.    **Defendants' Joint Motion to Modify Scheduling Order (Doc. 535).**

    A.    **Standards for Amending Scheduling Order.**

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "In practice, this standard requires the movant

to show the 'scheduling deadlines cannot be met despite [the movant's] diligent efforts.'" **Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n**, 771 F.3d 1230, 1240 (10th Cir. 2014) (citing **Pumpco, Inc. v. Schenker Intern., Inc.**, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations omitted)).  See also **Pfeiffer v. Eagle Mfg. Co.**, 137 F.R.D. 352, 355 (D.Kan.1991); Fed.R.Civ.P. 16 advisory committee note to 1983 Amendment.  The lack of prejudice to the nonmovant does not show "good cause." **Deghand v. Wal-Mart Stores, Inc.**, 904 F.Supp. 1218, 1221 (D. Kan. 1995) (citations omitted).

### B.    Application of Standard to Circumstances Presented.

Defendants primarily point to the fact that the deposition of Plaintiff Rose McIntyre, which began more than seven months ago, has yet to be completed. (Doc. 535, at 1, 3.)  When the deposition was suspended, only half of the allowed questioning time had been used and a question posed to Plaintiff remained pending.  (*Id*.)  Further, only counsel for one of the Defendants had had the opportunity to question Plaintiff.  (*Id*., at 3.)

The deposition was scheduled to reconvene in Arizona, to accommodate Plaintiff, in August 2021.  (*Id*.)  This was cancelled, however, as a result of Plaintiff's illness, at the fault of none of the parties.  (*Id*.)  Defendants contend that they "need to complete [Plaintiff's] deposition to be able to properly participate in

3

preparing the Pre-Trial Order and determine what issues, if any, are appropriate for summary judgment, and to prepare such summary judgment motion." (*Id.*, at 1, 4.)

Plaintiff's Rose McIntyre's health, including a lengthy hospitalization and her current stay in a rehabilitation hospital, has made it impossible for the deposition to be completed. (*Id.*) Plaintiffs' counsel has indicated that Plaintiff Rose McIntyre "would not be able to complete her deposition prior to the close of discovery, [and] that Plaintiffs would oppose any extension of discovery" to accommodate her deposition. (*Id.*, at 3-4; Doc. 544, at 2.) At this point, Ms. McIntyre's attorneys are unable to represent whether the completion of her deposition will ever be possible. During the pendency of this motion, the current discovery deadline of January 31, 2022, has passed as has the deadline for the parties to submit a draft Pretrial Order.

Defendants also assert that Plaintiffs recently provided contact information for certain Rule 26 witnesses, also in in compliance with this Court's Order. (Doc. 504, at 14-15; Doc. 535, at 2.) Defendants indicate that while they have attempted to set depositions of these witnesses prior to the discovery deadline, "due to illness and availability of those witnesses, the parties will not be able to complete them all prior to the deadline."[3] (Doc. 535, at 2.)

---

[3] At the hearing, the parties agreed that these depositions could be taken after the close of discovery and will not bear on the dispositive motion process.

4

As discussed below, issues also remain as to a currently-noticed 30(b)(6) deposition of a representative of Defendant Unified Government. The deposition was noticed by Plaintiffs to occur on January 31, 2022, the last day of the current discovery period. (Doc. 517.) Defendant Unified Government has moved to quash that deposition, which prevented it from occurring before the discovery deadline. (Doc. 538.) Also, the Court and the parties participated in a pre-motion telephone conference for February 1, 2022, to discuss additional discovery issues that remained pending between Plaintiffs and Defendant Unified Government at the current discovery deadline. (Doc. 546, 1/27/22 text entry.)

Because of this multitude of discovery issues, the Court set an omnibus hearing for February 8, 2022. Pursuant to the most-recent Scheduling Order, the Pretrial Conference was to have occurred on that date. (Doc. 474.) Given the foregoing, the parties were unable to compile a draft Pretrial Order and the Pretrial Conference did not occur as scheduled. Considering the totality of circumstances summarized herein, good cause clearly exists to modify the Scheduling Order in part.

### C. Revisions to Scheduling Order.

Pursuant to Fed.R.Civ.P. 16(e) and after consultation with the District Judge, the pretrial conference is re-scheduled for **March 10, 2022, at 11:00 a.m. (CDT)**. This pretrial conference will be conducted by telephone (KGG - CONFERENCE

LINE 1-888-363-4749 ACCESS CODE 5407703) unless the judge determines that the proposed pretrial order is not in the appropriate format or that there are some problems requiring counsel to appear in person.  Unless otherwise notified, the undersigned U.S. Magistrate Judge will conduct the conference.  No later than **February 24, 2022**, defense counsel must submit the parties' proposed pretrial order (formatted in Word or WordPerfect) as an attachment to an e-mail sent to *ksd_gale_chambers@ksd.uscourts.gov*.  The proposed pretrial order must not be filed with the Clerk's Office.  It must be in the form available on the court's website:

*http://ksd.uscourts.gov/index.php/forms/?open=CivilForms*

The parties must affix their signatures to the proposed pretrial order according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

Based on representations of Plaintiffs' counsel, it is impossible to determine, at present, if and when Rose McIntyre will be able to sit for the remainder of her deposition.  While the Court acknowledges Defendants' concerns regarding the impact on the Pretrial Order, dispositive motions and trial, this situation exists at potential peril for Plaintiffs as well.  That stated, the Court cannot rule on hypothetical scenarios regarding Ms. McIntyre's continued inability – or subsequent ability – to be deposed.  Issues relating to further sworn testimony from

Plaintiff Rose McIntyre after entry of the Pretrial Order will, most likely, be addressed by the presiding District Judge if and when that situation arises.

At the hearing, the parties agreed that depositions for the purpose of trial testimony in this case may occur after the close of discovery. As such, **the discovery deadline will not be extended**.

Potentially dispositive motions (e.g., motions for summary judgment), must be filed by **April 1, 2022**. The court plans to decide dispositive motions, to the extent they are timely filed and briefed without any extensions, approximately 60 days before trial. Compliance with Fed.R.Civ.P. 56 and D.Kan. Rule 56.1 is mandatory, *i.e.*, summary-judgment briefs that fail to comply with these rules may be rejected, resulting in summary denial of a motion or consideration of a properly supported motion as uncontested. Further, the court strongly encourages the parties to explore submission of motions on stipulated facts and agreement resolving legal issues that are not subject to a good-faith dispute. The parties should follow the summary-judgment guidelines available on the court's website:

*http://ksd.uscourts.gov/wp-content/uploads/2015/10/Summary-Judgment-Guidelines.pdf*

Further, **the trial date remains unchanged**; the case is set for trial on the court's docket beginning on **November 7, 2022, at 9:00 a.m.** The parties expect the jury trial of this case to take approximately four weeks. This case will be tried

in Kansas City, Kansas.  **The trial setting may be changed only by Order of the District Judge presiding over the trial.**  Defendants' motion is thus **GRANTED in part**.

## II. Defendant UG's Motion (Doc. 538).

Defendant Unified Government moves the Court for a protective order pursuant to Fed.R.Civ.P. 26(b)(2)(C) and 26(c) quashing or modifying the Fourth Amended Notice of Rule 30(b)(6) Deposition (Doc. 517).  The notice seeks Defendant's corporate designees regarding "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice," as to 26 death/homicide cases enumerated in the notice.  (*Id*., at 2-3.)  The cases listed encompass 23 years and go back as far as 1978.  (*Id.*)  Defendant objects that the topics are beyond the scope of discovery, vague, overly broad, and are not specified with reasonable particularity.  (Doc. 538, at 1.)

Fed.R.Civ.P. 26(b) states that

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at state in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this

8

>scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).  As such, the requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable.  **Holick v. Burkhart**, No.16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018).  Relevance is to be "broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action."  **Smith v. MCI Telecomm. Corp.**, 137 F.R.D. 25, 27 (D. Kan. 1991).

Once this low burden of relevance is established, the legal burden resides with the party opposing the discovery of the information requested.  **Purewave Networks, Inc. v. Stutler Tech. Corp.**, No. 13-2181-EFM-KGG, 2013 WL 6179183, at *2 (D. Kan. Nov. 25, 2013) (citing **Masters v. Gilmore**, No. 08-2278-LTB-KLM, 2009 WL 4016003, at *2 (D. Colo. Nov. 17, 2009) (holding that the burden lies with the party objecting to discovery of information that is the subject of a subpoena)).  Cf. **Swackhammer v. Sprint Corp. PCS**, 225 F.R.D. 658, 661, 662, 666 (D.Kan.2004) (stating that, in the context of a motion to compel, the party resisting a discovery request based on overbreadth, vagueness, ambiguity, or undue burden/expense objections bears the burden to support the objections); **Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton**, 136 F.R.D. 682, 685 (D.Kan.1991) (stating that a party resisting a discovery request based on relevancy grounds bears

9

the burden of explaining how "each discovery request is irrelevant, not reasonably calculated to the discovery of admissible evidence, or burdensome"). However, "[w]hen 'relevancy is not apparent, it is the burden of the party seeking discovery to show the relevancy of the discovery request.'" ***Dean v. Anderson***, No. 01-2599-JAR, 2002 WL 1377729, at *2 (D. Kan. June 6, 2022) (citing ***Steil v. Humana Kansas City, Inc.***, 197 F.R.D. 442, 445 (D.Kan.2000)).

Federal Rule of Civil Procedure 26(c) governs protective orders and provides, in relevant part:

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending … . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> * *
>
> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> * * *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters ... .

Fed.R.Civ.P. 26(c)(1).

The party seeking to quash a subpoena must show "good cause" for the requested protective order.  *Id.*  See also **Purewave**, 2013 WL 6179183, at *1; **Sloan v. Overton**, No. 08-2571-JAR-DJW, 2010 WL 3724873 (D. Kan. Sept. 17, 2010).  To establish "good cause" within the meaning of Rule 26(c), the party must clearly define the potential injury to be caused by dissemination of the information.  **Zhou v. Pittsburg State Univ.**, No. 01-2493-KHV, 2002 WL 1932538, at *2 (D. Kan. July 25, 2002).  In this context, the Court will analyze the 30(b)(6) deposition notice at issue.

## II.   Deposition Notice.

Defendant objects that the verbiage from the notice – "KCKPD supervisors' responsibilities with regard to indicia of investigative failures or misconduct by Roger Golubski, including without limitation intentional departures from accepted KCKPD policy and practice," regarding 26 death investigations – is "vague and lacks any meaningful boundaries."  (Doc. 538, at 6.)  Defendant argues it is

> unaware of any (1) investigative failure(s) by Roger Golubski in any of the 26 listed cases, (2) misconduct by Roger Golubski in any of the 26 listed cases, or (3) intentional departures from accepted KCKPD policy and practice in any of the 26 listed cases.  A 'supervisors' responsibilities' with respect to any (1) investigative failures, (2) misconduct, or (3) intentional departure from policy and practice by Roger Golubski first requires some notice that any such failure, misconduct or departure by Golubski occurred in each and any of the specified cases.  Assuming there are any such instances, the supervisors' responsibility will depend upon (1)

11

>Golubski's role in any given investigation, (2) the failure, misconduct or departure at issue, and (3) when or whether the supervisor learned of the action(s) or inaction(s).

(*Id.*)  Defendant continues that "[g]iven the breadth and vagueness of the notice," it is impossible for it "to determine what information is reasonably available to the [it] to address the topic(s)" in the notice.  (*Id.*, at 7.)  Defendant also argues that the phrase "'including without limitation' makes the notice inherently vague as it is impossible to determine what other topics might be encompassed."  (*Id.*)

Plaintiffs respond that, as a result of the parties' "meet & confer" process, they have "significantly narrowed the scope of the topic about supervisors' responsibilities and have dramatically shortened the list of homicide cases it plans to inquire about … ."  (Doc. 541, at 1-2.)  At the hearing, defense counsel argued that, if anything, Plaintiffs communications had broadened, rather than narrowed, the deposition topic(s).

Plaintiffs posit that Defendant improperly demands that they "essentially share with them Plaintiffs' counsels' specific questions about Defendant Golubski's misconduct prior to any deposition."  (*Id*., at 2.)  According to Plaintiff, "there is no basis for Defendant's withholding, as the point of this Rule 30(b)(6) deposition is to understand KCKPD supervisors' duties to oversee homicide investigations and KCKPD supervisory policies – not to question a designee about the specific details of past investigations."  (*Id*.)

12

Plaintiffs continue that during the "meet & confer" process, they "outlined the areas and manner of questioning Plaintiffs will pursue at the deposition and also provided a list of the specific types of misconduct they planned to ask the designee." (*Id*.)  They further assert that they

> explained they would ask questions that anyone with knowledge of supervisory responsibilities should be able to answer; which should obviate Defendant's concern that Plaintiffs' counsel will 'quiz' any designee on the details of each homicide case listed.  In brief, Plaintiffs' counsel will question the designee about policies and practices regarding supervision in homicide cases, including how KCKPD supervision should have functioned in instances where Defendant Golubski:  had a seeming conflict of interest due to a personal relationship with a witness, suspect, or victim; failed to collect physical and biological evidence, often from a bloody crime scene; failed to document or inadequately documented witness interviews; used informants in an improper manner; failed to pursue obvious leads; and introduced contradictions into the homicide files.

(*Id*., at 2-3.)

Plaintiffs' counsel explained at the hearing that she anticipates deposition questioning on such hypothetical scenarios as potentially improper relationships with witnesses and informants, homicide investigations in which the investigator had undisclosed personal involvement with the deceased, irregularities with witness lineups, overall supervisory policies, etc.  Plaintiffs seek a deponent on cases going back as far as the 1980s, but largely involving policies and cases for a ten-year period starting in the 1990s.  At the hearing and in their response brief,

13

Plaintiffs describe this type of questioning as "routine and necessary in a *Monell* case where Plaintiffs have theories of liability premised on inadequate supervision and a pattern of serious investigative misconduct." (Doc. 541, at 3.)

The Court finds that the deposition topic, as worded, is overly broad. Much of what is sought in the deposition notice is clearly irrelevant to Plaintiffs' claims. Further, the subject matter of the deposition notice, as written, is so broad that preparing a 30(b)(6) deponent as to any policy violation that may have occurred in any of these historical cases going back over the course of four decades would be unproductive and unfair. Further, the deposition notice, as written, is in violation of the spirit of the mandate of Fed.R.Civ.P. 1 to "secure the just, speedy, and inexpensive determination of every action and proceeding." Defendant's Motion to Quash (Doc. 538) is, therefore, **GRANTED**.[4]

**IT IS THEREFORE ORDERED** that Defendants' Joint Motion to Modify Scheduling Order (Doc. 535) is **GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Defendant UG's Motion to Quash (Doc. 538) is **GRANTED** as set forth herein.

---

[4] The Court notes Plaintiffs' request that "[i]n the event this Court finds the noticed topic too broad as written, … the Court … order the deposition to proceed solely as to these enumerated items instead of quashing the deposition all together." (Doc. 541, at n.1.) The Court declines to do so.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2022, at Wichita, Kansas.

/s  Kenneth G. Gale
KENNETH G. GALE
United States Magistrate Judge