# EXHIBIT 33

# In the District Court of Wyandotte County, Kansas

STATE OF KANSAS,
COUNTY OF WYANDOTTE, } SS.

I, Kathleen M. Collins, Clerk of the District Court of Wyandotte County, Kansas, hereby certify the attached to be a full, true and correct copy of:

THE CASE FILE

in case No. 1994CR1213 State of Kansas, Plaintiff

vs. Lamonte McIntyre, Defendant in

Division No. 5, of Wyandotte County, Kansas, as the same now remains of file and of record in this office.

Witness My Hand and the seal of Said Court, at this office in the City of Kansas City, Kansas, this ______ day of September ~~19~~ 2014

KATHLEEN M. COLLINS
Clerk of the District Court,

By [signature]
Deputy.

IN THE DISTRICT COURT OF
WYANDOTTE COUNTY, KANSAS

2009 APR -7 PM 3:59
WYANDOTTE COUNTY KANSAS
BY DEPUTY

STATE of KANSAS, )
)
vs. ) No. 94-CR-1213
)
LAMONTE McINTYRE. )
)

ENTRY OF APPEARANCE

Comes now Cheryl A. Pilate, to enter her appearance on behalf of Lamonte McIntyre.

Respectfully submitted,

Cheryl A. Pilate, KS Bar # 14661
MORGAN PILATE LLC
142 N. Cherry Street
Olathe, KS 66061
Telephone: (913) 829-6336
Fax: (913) 829-6446
Email: cpilate@morganpilate.com

CERTIFICATE OF SERVICE

I, Cheryl A. Pilate, certify that a true and correct copy of the foregoing entry was hand delivered to Jerome A. Gorman, District Attorney, Wyandotte County, 710 N. 7th St., Kansas City, KS 66101 on this, the 7th day of April, 2009.

Cheryl A. Pilate, KS Bar No. 14661

Mailed copies w/bill on 9-17-08. [signature]

Also -

| Case Number | Offense Date | Sentencing Date |
|---|---|---|
| 94CR1213 | April 15, 1994 | January 6, 1995 |

for Lamonte McIntyre:

| Name Type | Name |
|---|---|
| Conviction | McIntyre, Lamonte |
| True | McIntyre, Lamonte NMI |
| Alias | Muggs |

Mr. McIntyre was born on July 28, 1976

Please indicate the documents available and the cost of copies.

As provided by the open records law, I will expect your response within three (3) business days.

I appreciate and thank you for your assistance in this matter.

Sincerely,

[signature]

Heather McNally
Centurion Ministries
221 Witherspoon Street
Princeton, NJ 08542

609 / 921 - 0334

FAX: 609 / 921 - 6919

As explained on the telephone today, we do not have our own microfilm machine available. We will make the copies as soon as we can, but we do have a number of requests ahead of yours. We will advise you of the cost as soon as we have it.

Julie Cannon
9-12-2008

221 Witherspoon Street • Princeton, New Jersey 08542

9/12/2008 FRI 15:14 FAX 001/003

# Centurion Ministries

221 Witherspoon Street • Princeton, New Jersey 08542 • (609) 921-0334 • Fax (609) 921-6919
info@centurionministries.org
www.centurionministries.org

## facsimile transmittal

| To: | Julie, Criminal Clerks | Fax: | 913-573-8177 |
|---|---|---|---|
| From: | Heather McNally | Date: | 9/12/08 |
| Re: | Court Records | Pages: | 3 |
| Cc: | | | |

If transmission is incomplete or unclear, please contact Lisa at (609) 921-0334.

☐ Urgent ☐ For review ☐ Please comment ☒ Please reply

IMPORTANT NOTICE

The information contained in this fax transmission is intended only for the use of the recipient(s) designated above. If the person receiving this transmission is not the intended recipient, please note that any dissemination, distribution, or publication of this communication is prohibited.

If you have received this transmission in error, please notify us as the sender by telephone and return the original transmission to us at the above address by first class U.S. mail. We will promptly reimburse you for the postage and handling. Thank you and we are sorry for any inconvenience that this may have caused.

Message:

Seeking Justice for the Innocent in Prison

# KANSAS

LANSING CORRECTIONAL FACILITY
DAVID R. MCKUNE, WARDEN

KATHLEEN SEBELIUS, GOVERNOR

June 29, 2006

Clerk of the District Court
Criminal Division
Wyandotte County
710 N. 7th Street
Kansas City, KS 66101

REFERENCE: **McIntyre, Lamonte** **KDOC # 60558**

To Whom It May Concern:

The above named inmate is currently participating in a private industry employment program while incarcerated at Lansing Correctional Facility. With the earned privilege of this type of employment comes the responsibility of payment of any restitution, court costs, and/or witness fees. Our records indicate that the above inmate was sentenced on the following cases:

| Case Number | Costs | Restitution |
|---|---|---|
| **94CR1213** | # 89.16 | |

[signature]
**File Stamp/Signature**

Please advise if the inmate has any outstanding financial obligations to your court. If he does, please provide the amounts owed for both costs and restitution for the case numbers listed above. Payment will begin when confirmation is received. Confirmation should be addressed to:

**R. Arnold, UTM**
**Lansing Correctional Facility**
**P.O. Box 2**
**Lansing, KS 66043**
**Fax 913-727-2106**

Fayed

Thank you in advance for your assistance. If you are unable to provide me with this information, your assistance in directing me to the appropriate person is appreciated.

RA/ra
CC: file
inmate



IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| **STATE OF KANSAS,** | **PLAINTIFF,** |
| **VS.** | **NO. 94CR1213** |
| **LAMONT McINTYRE,**<br>**KCKPD#: 04154006081** | **DEFENDANT.** |

# M O T I O N

**COMES NOW** the State of Kansas, by and through Jerome A. Gorman , District Attorney and Christopher L. Schneider, Assistant District Attorney, and moves the Court for an Order Disposing of articles pursuant to K.S.A. 22-2512g. In support of said Motion, the movant states:

1. That the above listed person was arrested by the Kansas City, Kansas Police Department for various violations of the state of Kansas;

2. That in the course of said arrest, certain items believed to be contraband were seized, to-wit: Clothes and Swabs;

3. That prosecution of said offense has either been concluded or declined;

4. That said items are no longer necessary as evidence.

**WHEREFORE,** plaintiff respectfully moves the Court for an order directing forfeiture of said items pursuant to K.S.A. 22-2512g

Respectfully submitted,

CHRISTOPHER L. SCHNEIDER #12965
Assistant District Attorney

22

2006 SEP 20 AM 8:40

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| **STATE OF KANSAS,** | **PLAINTIFF,** |
| **VS.** | **NO. 94CR1213** |
| **LAMONT McINTYRE,**<br>**KCKPD#: 04154006081** | **DEFENDANT.** |

# O R D E R

NOW ON THIS 14th day of September, 2006, comes on for hearing the State's Motion to forfeit and dispose of items to-wit: Clothes and Swabs, pursuant to K.S.A. 22-2512g.

THE COURT, having been fully advised of the premises, it is hereby;

ORDERED, ADJUDGED AND DECREED that said items are subject to disposal pursuant to K.S.A. 22-2512g.

IT IS FURTHER ORDERED that the Kansas City, Kansas Police Department shall destroy the same, according to law, and make return thereof to this court.

PHILIP L. SIEVE
Judge of the District Court
Wyandotte County, Kansas
Division No. 1

APPROVED:
Jerome A. Gorman
District Attorney

BY: ______
CHRISTOPHER L. SCHNEIDER #12965
Assistant District Attorney

22

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS, PLAINTIFF.

vs. CASE NO. 94CR1213

LAMONT McINTYRE, DEFENDANT.

JOURNAL ENTRY

COMES ON before the Court this 9th day of April, 1998, the defendant's pro-se Motion for Change of Counsel. The State of Kansas appears by and through Terra D. Morehead, Assistant District Attorney. The defendant is not present, but appears by his Court-appointed attorney, David Boal.

The parties summarily agree that the defendant's motion is moot due to the fact that all pending matters have been disposed of, thus there are no matters before the Court for which appointment of counsel would be required. The Court finds that the defendant's Motion is moot and should therefore be denied.

IT IS THEREFORE, BY THE COURT CONSIDERED, ORDERED, ADJUDGED AND DECREED that the defendant, Lamont McIntyre's, Motion should be denied.

J. DEXTER BURDETTE
Judge of the District Court
Wyandotte County, Kansas
Division Number Nine

APPROVED BY:

TERRA D. MOREHEAD
Assistant District Attorney

MARK SACHSE
Attorney for the Defendant

CERTIFICATE OF MAILING

I hereby certify that a copy of the above and foregoing Journal Entry was mailed first class, postage prepaid, United States Mail to Mr. Mark Sachse, 748 Ann Avenue, Kansas City, Kansas 66101, on this 9th day of April, 1998.

TERRA D. MOREHEAD
Assistant District Attorney

IN THE DISTRICT COURT ? WYANDOTTE COUNTY, KANSAS

cc: Judge Burdette
DA
Def

STATE OF KANSAS )

FILED
98 FEB 17 PM 2:39
CLERK OF DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY [signature] DEPUTY

VS. ) CASE NO. 94-CR-1213

LAMONT MCINTYRE )

MOTION FOR CHANGE OF COUNSEL

COMES now the defendant, Lamont McIntyre, and respectfully moves this ourt for an order appointing him new counsel. In support of this request efendant state the following:

1. The level of communication is inadequate for counsel to present efendant case propertly to the court.

2. Counsel has failed to interview and investigate defendant witnesses ıd claims.

3. There is a possibility of conflict of interest on the part of efendants counsel.

Wherefore, defendant request that this court will schedule this motion r hearing as soon as practable.

MARGE VANHOOSE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-18-2001

Respectfully submitted,

Lamont McIntyre ____ Pro Se

SUBSCRIBED AND SWORN to before me this 2nd day of February ____ 1998

Commission Expires : 9-18-2001 ____ Notary Public Marge VanHoose

CERTIFICATE OF SERVICE

Lamont McIntyre hereby certify that deposited a true and correct copy of the regoing in the U.S. mail addressed to the Wyandotte County District Attorney this 3 day of FEBUARY ____ 1998.

By

Exh. 02

P0010

LMKSDC_0003510

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS

VS.

LAMONT MCINTYRE

98 FEB 17 PM 2:39
FILED
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY
DEPUTY
DA, Def

Case No. 94CR-1213

MOTION FOR CONTINUANCE OF HEARING

COMES now the defendant, Lamont McIntyre, and respectfully moves this court for a continuance of his hearing to be held till pending further notice.

Defendant has filed a Motion for Change of Counsel in the above-entitled matter and a continuance will be needed so that new new counsel will have enough time to research defendant case.

In support of this motion defendant states:

1. Defendant needs extra time to prepare his case.

2. In the interest of justice a continuance is needed.

3. Due to the complex issues defendant needs a continuance so that a grave injustice will not manifest.

Lamont McIntyre

SUBSCRIBED AND SWORN to before me this 2nd day of February

My Commission Expires: 9-18-2001 Notary Public Marge VanHoose

MARGE VANHOOSE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-18-2001

CERTIFICATE OF SERVICE

I, hereby certify that I deposited a true and correct copy of the foregoing addressed to the Wyandotte County Attorney, on this 3 day of FEB. 1998, in the U.S. mail, postage prepaid.

By________________

IN THE DIS .RICT COURT OF WYANDOTTE CO TY, KANSAS

STATE OF KANSAS 0

FILED

98 FEB 17 PM 2:39

CLERK DISTRICT COURT WYANDOTTE COUNTY, KANS.

BY DEPUTY

VS.

LAMONT MCINTYRE

AFFIDAVIT IN SUPPORT OF DEFENDANT'S REQUEST FOR CONTINUANCE

I, LAMONT MCINTYRE, filed a Motion for Change of Counsel prior to the scheduled hearing that is pending till further notice on the Motion for new trial based on newly discovered evidence. The contents of the motion is true and correct.

WHEREFORE, defendant prays that this court will allow him a allow him a continuance until the Motions that he has filed has been ruled upon.

RESPECTFULLY submitted,

Lamont McIntyre

AFIANT

SUBSCRIBED AND SWORN to before me this 2nd day of February

My Commission Expires: 9-18-2001 Notary Public Marge VanHoose

MARGE VANHOOSE NOTARY PUBLIC STATE OF KANSAS My Appt. Exp. 9-18-2001

CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of the foregoing was deposited in the U.S. mail, prepaid on this 3 day of FEB to; Wyandotte County District Attorney.

By________________



KATHLEEN M. COLLINS
CLERK DISTRICT COURT
WYANDOTTE COUNTY COURTHOUSE
KANSAS CITY, KANSAS 66101-3076
OR LEGAL USE ONLY

94CR1213

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

March 11,1998

Ms. Terra Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

Mr. Mark Sachse
Attorney at Law
748 Ann Ave.
Kansas City, Kansas 66101

Re: State of KS vs Lamonte McIntyre - 94CR1213/97C2329

Counsel:

Please be advised that the defendant's pro se Motion for Change of Counsel filed in the above-referenced case has been scheduled for a hearing in Division 9 on Friday, March 27, 1998, at 10:00 A.M. Please report to Division 8 at that time. We will be using that courtroom on this date.

Respectfully,

J. DEXTER BURDETTE
District Judge
Division 9

JDB:nw
c: Court File

94CR1213

FIL
98 MAR -9 AM 10:21
CLERK DIST CT
WYANDOTTE COUNTY

Case No. 94CR-1213
2-21-98

Ms. Collins

Could I please have a copy of the following.

1. The Information / Complaint that was filed on my case.
2. The warrant that was filed on my case.
3. Copy of the Docketing statement filed in my case.

Respectfully
Lamonte McIntyre

Copy of Info, Warrant, Docket Sheet sent 3/9/98.

LAMONTE MCINTYRE #60558

POST OFFICE BOX 1568

hutchinson,Kansas 67504

STATE OF KANSAS
OFFICIAL MAIL
PENALTY FOR PRIVATE USE
$50 TO $500

DISTRICT COURT CLERK

KATHLEEN COLLINS

710 Nth 7TH Street

Kansas City,Kansas 66101

**For Legal Use Only** 66101-3081 48

9

STATE OF KANSAS, COUNTY OF WYANDOTTE, SS:

NICK A TOMASIC, being first duly sworn, says that he is the District Attorney of the 29th Judicial District of the State of Kansas; that he has read the foregoing Information, and knows the contents thereof, and that he has good reason to, and does verily believe the same to be true.

[signature]

Subscribed and sworn to before me this 28th day of June, 19 94.

HELEN ZAGAR

Clerk of the District Court
Wyandotte County, Kansas by: Mary Baumhart Deputy

I hereby certify the above and foregoing to be a true and correct copy, the original of which is filed and entered of record in this court.

CLERK DISTRICT COURT
WYANDOTTE CO., KS.

DATED 6-28-94

by Mary Baumhart deputy

FILED 94 JUN 20 P4:22

CRIMINAL DOCKET

No. ..............

# INFORMATION

THE STATE OF KANSAS

v.

LAMONTE MCINTYRE

Defendant.

Witnesses on Behalf of the State:

KCKPD#: 0415400681

| | | |
|---|---|---|
| Lt. Barber | Det. Maskill | Det. Shomin |
| Off. Orendac | Det. Blood | Off. Stubler |
| Off. Vallejo | Det. W. K. Smith | Off. B. Howard |
| Off. Wansley | Det. Krstolich | Off. F. Clair |
| Off. Ambler | Off. J. Brown | Lt. Harrington |
| Off. J. Myers | Sgt. Singleton | Off. Keith |
| Det. Nelson | Det. Golubski | |
| Nicko Quinn | Ruby Mitchell | Josephine Qu. |
| Stacy Quinn | John Quinn | Rose McIntyre |
| KARE PERSONNEL | Dr. Bayless | Bethany Hospital Personnel |
| KU Med. Ctr. Personnel | Breon Shenton | Dr. Hancock |
| Maxine Crowder | Yolanda Johnson | M'Sherie Johnson |

RECEIVED
SHERIFF'S OFFICE
WYANDOTTE COUNTY
JUN 28 1994
AM 7,8,9,10,11,12,1,2,3,4,5,6 PM



# INFORMATION

STATE OF KANSAS, }ss.
WYANDOTTE COUNTY,

In the District Court of the Twenty-ninth Judicial District of the State of Kansas, sitting within and for the County of Wyandotte, in said State.

THE STATE OF KANSAS

v.

LAMONTE MCINTYRE

94CR1313

INFORMATION

NICK A. TOMASIC, as District Attorney in and for the 29th Judicial District of the State of Kansas, County of Wyandotte, prosecuting for and on behalf of said State, within the 29th Judicial District, County of Wyandotte, and in the name, and by the authority, and on behalf of the said State of Kansas, now, here, in and to the District Court of the said 29th Judicial District, and State of Kansas, information gives that at said 29th Judicial District, County of Wyandotte, State of Kansas, within the jurisdiction of this Court, on or about the 15th day of April, 1994, one, LAMONTE MCINTYRE did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Doniel Quinn, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

COUNT II

At the County of Wyandotte, State of Kansas, for a further, different and second count herein; Information reads that on or about the 15th day of April, 1994, one, Lamonte McIntyre did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Donald Ewing, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

contrary to the statute in such case made and provided.

Assistant District Attorney

Form #27 (12/89)

CO' WHITE—CLERK; YELLOW—DEFENDANT; PINK—SHERIFF

# IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## BAIL ORDER

JUN 30 P 4:22

State of Kansas

V. Case No. 94CR1213

LAMONTE MCINTYRE

Defendant

## ORDER SPECIFYING METHODS AND CONDITIONS OF RELEASE

### Part I.—Preferred Methods of Release

It is hereby ORDERED that the above-named defendant be released, provided that he promises to appear at all scheduled hearings as required.

### Part II.—Conditions of Release

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant, it is hereby FURTHER ORDERED that the defendant be released on the condition(s) checked below:

Cash or Surety Bond

( ) (1) The defendant will execute a bond in the amount of $ 100,000 either secured by the undertakings of sufficient solvent sureties or by the deposit of an equal amount of cash or other security in lieu thereof.

Other Conditions Restriction on Travel, Association or Place of abode

( ) (2) The defendant agrees that he will comply with the following other conditions of release:

### Part III.—Appearance and Penalties

Appearance

It is hereby FURTHER ORDERED that the defendant shall appear next at the DISTRICT COURT, Court House, 7th and Ann, Kansas City, Kansas (Place)

7-7 94, 8;30 (Date and Time) and at such other places and times as the Court may order or direct.

Penalties

If the defendant violates any condition of his release, a warrant for his arrest will issue immediately. After arrest, the terms and conditions of any further release will be redetermined.

If the defendant fails to appear before any court as required, an additional criminal case may be instituted against him. If the failure to appear is in connection with a charge of felony, or after conviction, or while awaiting sentence, or pending appeal, the penalty is a fine of not more than $5,000 or imprisonment for not more than five years or both; if the failure to appear is in connection with a charge of a misdemeanor, or after conviction, or while awaiting sentence, or pending appeal, the penalty is a fine of not more than $1,000 or imprisonment for not more than 6 months in the county jail, or both.

### Part IV.—Acknowledgement by Defendant

Acknowledgement

I LAMONTE MCINTYRE (Defendant) understand the methods and conditions of my release which have been checked above and the penalties and forfeitures applicable in the event I violate any condition or fail to appear as required.

I agree to comply fully with each of the obligations imposed on my release and to notify the Court promptly in the event I change the address indicated below.

Defendants Attorney ______________________

X Lamonte McIntyre (Defendant)

Address

City and State Tel. No.

RELEASE ORDERED:

Date: 6/29/94

[signature] Judge of The District Court

Form #1032

8

**COMMITMENT** - In default of bail or continuance. No. 94CR1293

94 JUN 30 P 4:22

**STATE OF KANSAS**

vs.

LAMONTE McINTYRE
Defendant

**STATE OF KANSAS, COUNTY OF WYANDOTTE, SS:**

**TO THE KEEPER OF THE JAIL OF WYANDOTTE COUNTY, KANSAS:**

The above named defendant has been arrested, charged with 2 cts 1° Murder ____, and on this 29 day of June, 19 94 brought before Judge Pro-Tem. M. Clapper, of the District Court of Wyandotte County, Kansas, for examination upon such charges, which said examination has been adjourned until the 7 day of July, 19 94, at 08:30 A.M. AND said defendant's recognizance has been set at $ 100,000.

The above named defendant is in the custody of the Wyandotte County Sheriff's Department, at the time and date of this court proceeding.

**DISTRICT COURT JUDGE** [signature]

**DIVISION NO.** 13

7

## SHERIFF'S RETURN

June 28, 19 94, received this warrant and executed the same by arresting the said defendant Lamont McIntyre and bringing him or her in to this court this June 29, 19 94

Bill Dillon, Sheriff

Judy Warner, Deputy.

JUN 30 P4:22

KB

KMB

No. 94CR1213

THE STATE OF KANSAS

vs.

LAMONTE MCINTYRE
1929 North 6th Street
Kansas City, Kansas
B/M, DOB: 07-28-76

In Custody

KCKPD#: 0415400681

**WARRANT**

Bond $100,000.00 (TB)

ENTERED:
SHEILD:
ALERT:
NCIC:

RECEIVED
SHERIFFS OFFICE
WYANDOTTE COUNTY
JUN 28 1994
AM 7,8,9,10,11,12,1,2,3,4,5,6 PM

## FIRST APPEARANCE

Defendant Lamonte McIntyre Date June 29, 19 94, appears personally. Warrant read to defendant.

Defendant enters a plea of not guilty. Preliminary hearing is hereby set for 7-7, 19 94, 8:30 .M. Defendant's bond fixed at $ 100,000

[signature]

Judge District Court

14 Division

94 JUN 28 P 3: 41

WYANDOTTE COUNTY, KANSAS
Baurnhart DEPUTY

**IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

**WARRANT**

**STATE OF KANSAS, COUNTY OF WYANDOTTE, ss.**

# The State of Kansas to Any Sheriff of the State of Kansas:

WHEREAS, complaint under oath, or a verified information in writing has been made to me, and it appearing that there are reasonable grounds for believing that at the County of Wyandotte, State of Kansas, and on or about the 15th day of April, 19 94, one LAMONTE MCINTYRE, did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Doniel Quinn, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

COUNT II

At the County of Wyandotte, State of Kansas, for a further, different and second count herein; Information reads that on or about the 15th day of April, 1994, one, Lamonte McIntyre did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Donald Ewing, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

You are therefore commanded forthwith to arrest said LAMONTE MCINTYRE and bring him before some magistrate of said Wyandotte County, to be dealt with according to law, and then return this warrant.

Witness my hand this 28th day of June, A.D. 19 94

Thomas L Boeding
Judge of the District Court of Wyandotte County, Kansas

HELEN ZAGAR
Clerk of the District Court

By: Mary Baurnhart
Deputy Clerk

BRENNAN PRINTING CO

Form #28 (12/89)

5



# INFORMATION

STATE OF KANSAS, }ss.
WYANDOTTE COUNTY,

In the District Court of the Twenty-ninth Judicial District of the State of Kansas, sitting within and for the County of Wyandotte, in said State.

THE STATE OF KANSAS

v.

LAMONTE MCINTYRE

94CR1213

INFORMATION

NICK A. TOMASIC, as District Attorney in and for the 29th Judicial District of the State of Kansas, County of Wyandotte, prosecuting for and on behalf of said State, within the 29th Judicial District, County of Wyandotte, and in the name, and by the authority, and on behalf of the said State of Kansas, now, here, in and to the District Court of the said 29th Judicial District, and State of Kansas, information gives that at said 29th Judicial District, County of Wyandotte, State of Kansas, within the jurisdiction of this Court, on or about the 15th day of April, 1994, one, LAMONTE MCINTYRE did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Doniel Quinn, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

COUNT II

At the County of Wyandotte, State of Kansas, for a further, different and second count herein; Information reads that on or about the 15th day of April, 1994, one, Lamonte McIntyre did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Donald Ewing, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

contrary to the statute in such case made and provided.

Assistant District Attorney

Form #27 (12/89)

94CR1213

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

February 17, 1998

Mr. Mark Sachse
Attorney at Law
748 Ann Ave.
Kansas City, Kansas 66101

Re: State of KS vs Lamonte McIntyre - 94 CR 1213/ 97 C 2329

Dear Counsel:

Attached please find a copy of a motion filed by your client, Lamonte McIntyre. Would you please contact your client and explain that this Court will not entertain motions filed by defendants when they have an attorney to represent them. These motions should originate with the attorney when deemed appropriate.

Respectfully,

J. DEXTER BURDETTE
District Judge
Division 9

JDB:nw
c: Court File

94 JUN 28 P3:42

Barnhart DEPUTY

# INFORMATION

STATE OF KANSAS, WYANDOTTE COUNTY, } ss.

In the District Court of the Twenty-ninth Judicial District of the State of Kansas, sitting within and for the County of Wyandotte, in said State.

THE STATE OF KANSAS

v.

**LAMONTE MCINTYRE**

94CR1213

INFORMATION

NICK A. TOMASIC, as District Attorney in and for the 29th Judicial District of the State of Kansas, County of Wyandotte, prosecuting for and on behalf of said State, within the 29th Judicial District, County of Wyandotte, and in the name, and by the authority, and on behalf of the said State of Kansas, now, here, in and to the District Court of the said 29th Judicial District, and State of Kansas, information gives that at said 29th Judicial District, County of Wyandotte, State of Kansas, within the jurisdiction of this Court, on or about the 15th day of **April, 1994, one, LAMONTE MCINTYRE** did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Doniel Quinn, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

**COUNT II**

At the County of Wyandotte, State of Kansas, for a further, different and second count herein; Information reads that on or about the 15th day of April, 1994, one, Lamonte McIntyre did unlawfully, feloniously, intentionally and with premeditation, to-wit: Kill a human being, to-wit: Donald Ewing, in violation of K.S.A. 21-3401. (First Degree Murder, Off-Grid Person Felony).

contrary to the statute in such case made and provided.

**Assistant** District Attorney

Form #27 (12/89)

16

4

STATE OF KANSAS, COUNTY OF WYANDOTTE, SS:

NICK A TOMASIC, being first duly sworn, says that he is the District Attorney of the 29th Judicial District of the State of Kansas; that he has read the foregoing Information, and knows the contents thereof, and that he has good reason to, and does verily believe the same to be true.

[signature]

Subscribed and sworn to before me this 28th day of June, 19 94.

HELEN ZAGAR

Clerk of the District Court
Wyandotte County, Kansas by: Mary Barnhart, deputy

CRIMINAL DOCKET

No.............

# INFORMATION

THE STATE OF KANSAS

v.

LAMONTE MCINTYRE

Defendant.

Witnesses on Behalf of the State:

KCKPD#: 04154006081

| | | |
|---|---|---|
| Lt. Barber | Det. Maskil | Det. Shomin |
| Off. Orendac | Det. Blood | Off. Stubler |
| Off. Vallejo | Det. W. K. Smith | Off. B. Howard |
| Off. Wansley | Det. Krstolich | Off. F. Clair |
| Off. Ambler | Off. J. Brown | Lt. Harrington |
| Off. J. Myers | Sgt. Singleton | Off. Keith |
| Det. Nelson | Det. Golubski | |
| Nicko Quinn | Ruby Mitchell | Josephine Quinn |
| Stacy Quinn | John Quinn | Rose McIntyre |
| KARE PERSONNEL | Dr. Bayless | Bethany Hospital Personnel |
| KU Med. Ctr. Personnel | Breon Shenton | Dr. Hancock |
| Maxine Crowder | Yolanda Johnson | M'Sherie Johnson |

IN THE TWENTY-NINTH JUDICIAL DISTRICT
DISTRICT COURT, WYANDOTTE COUNTY, KANSAS

94 SEP 30 AM 11 43

CLERK OF DISTRICT COURT
WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS, )
Plaintiff )
vs. ) Case No. 94 CR 1213
LAMONTE MCINTYRE, ) Division 9
Defendant )

**INSTRUCTIONS**

**GIVEN BY**

**JUDGE J. DEXTER BURDETTE**

APPEARANCES BY:

For the State: TERRA MOREHEAD
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

For the Defendant: GARY LONG
Attorney at Law
400 N. 6th St.
Kansas City, Kansas 66101

18

MEMBERS OF THE JURY:

It is my duty to instruct you in the law that applies to this case, and it is your duty to consider and follow all of the instructions. You should decide the case by applying these instructions to the facts as you find them.

INSTRUCTION NO. 1

In your fact finding, you should consider and weigh everything admitted into evidence. This includes testimony of witnesses, admissions or stipulations of the parties, and any admitted exhibits. You must disregard any testimony or exhibit which I did not admit into evidence.

INSTRUCTION NO. 2

Statements, arguments and remarks of counsel are intended to help you in understanding the evidence and in applying the law, but they are not evidence. If any statements are made that are not supported by evidence, they should be disregarded.

INSTRUCTION NO. 3

It is for you to determine the weight and credit to be given the testimony of each witness. You have a right to use common knowledge and experience in regard to the matter about which a witness has testified.

INSTRUCTION NO. 4

At times during the trial, I have ruled upon the admissibility of evidence. You must not concern yourself with the reasons for these rulings. I have not meant to indicate any opinion as to what your verdict should be by any ruling that I have made or anything that I have said or done.

INSTRUCTION NO. 5

Your only concern in this case is determining if the defendant is guilty or not guilty. The disposition of the case thereafter is a matter for determination by the Court.

INSTRUCTION NO. 6

In Count I, the defendant is charged with the crime of murder in the first degree. The defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:

1. That the defendant intentionally killed Doniel Quinn;
2. That such killing was done with premeditation; and
3. That this act occurred on or about the 15th day of April, 1994, in Wyandotte County, Kansas.

As used in this instruction, the term "intentionally" means conduct that is purposeful and willful and not accidental.

The term "premeditation" means to have thought over the matter beforehand.

INSTRUCTION NO. 7

In Count II, for a further, different and second count herein, the defendant is charged with the crime of murder in the first degree. The defendant pleads not guilty.

To establish this charge, each of the following claims must be proved:

1. That the defendant intentionally killed Donald Ewing;
2. That such killing was done with premeditation; and
3. That this act occurred on or about the 15th day of April, 1994, in Wyandotte County, Kansas.

INSTRUCTION NO. 8

The State has the burden to prove the defendant is guilty. The defendant is not required to prove he is not guilty. You must presume that he is not guilty until you are convinced from the evidence that he is guilty.

The test you must use in determining whether the defendant is guilty or not guilty is this: If you have a reasonable doubt as to the truth of any of the claims made by the State, you must find the defendant not guilty; if you have no reasonable doubt as to the truth of any of the claims made by the State, you should find the defendant guilty.

INSTRUCTION NO. 9

Each crime charged against the defendant is a separate and distinct offense. You must decide each charge separately on the evidence and law applicable to it, uninfluenced by your decision as to any other charge. The defendant may be convicted or acquitted on any or all of the offenses charged. Your finding as to each crime charged must be stated in a verdict form signed by the presiding juror.

INSTRUCTION NO. 10

Ordinarily a person intends all of the usual consequences of his voluntary acts. This inference may be considered by you along with all the other evidence in the case. You may accept or reject it in determining whether the State has met its burden to prove the required criminal intent of the defendant. This burden never shifts to the defendant.

INSTRUCTION NO. 11

In order to return a verdict, all jurors need to agree upon a verdict. Your deliberations should be conducted in a businesslike manner. You should first select a presiding juror who should assure that your discussion moves sensibly and orderly with each juror given the opportunity to discuss the issues fully and fairly. The presiding juror shall complete and sign the verdict form.

The attitude and conduct of jurors at the onset of their deliberations are matters of considerable importance. It is rarely helpful for a juror, upon entering the jury room, to make an emphatic expression of his opinion on the case or to announce a determination to stand for a certain verdict. The result of conduct of this nature might be that a juror, because of personal pride, would hesitate to recede from an announced position when shown that it is fallacious.

It is natural that differences of opinion will arise. When they do, each juror should not only express his opinions but the reasons upon which he bases them.

Although a juror should not hesitate to change his vote when his reason and judgment are changed, each juror should vote according to his honest judgment, applying the law from the instructions to the facts as proved. If every juror is fair and reasonable, a jury can almost always agree.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to your individual judgment.

Your verdict must be founded entirely upon the evidence admitted and the law as given in these instructions.

INSTRUCTION NO. 12

This is an important case. If you should fail to reach a decision, the case is left open and undecided. Like all cases, it must be decided sometime. Another trial would be a heavy burden on both sides.

There is no reason to believe that the case can be tried again any better or more exhaustively than it has been. There is no reason to believe that more evidence or clearer evidence would be produced on behalf of either side.

Also, there is no reason to believe that the case would ever be submitted to twelve people more intelligent or more impartial or more reasonable than you. Any future jury must be selected in the same manner that you were.

These matters are mentioned now because some of them may not have been in your thoughts.

This does not mean that those favoring any particular position should surrender their honest convictions as to the weight or effect of any evidence solely because of the opinion of other jurors or because of the importance of arriving at a decision.

This does mean that you should give respectful consideration to each other's views and talk over any differences of opinion in a spirit of fairness and candor. If at all possible, you should resolve any differences and come to a common conclusion so that this case may be completed.

You may be as leisurely in your deliberations as the occasion may require and take all the time you feel necessary.

Verdict forms are attached to the last page of these instructions.

J. DEXTER BURDETTE
District Judge
Division 9

9/28/, 1994.



IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT
Baumhardt

STATE OF KANSAS,

Plaintiff,

vs.

Case No. 94 CR 1213 (94 JV 489)

La Monte McIntyre

Defendant.

ORDER FOR TRANSCRIPT

The Court hereby determines that a transcript of the preliminary hearing in the above captioned matter is necessary to enable the above indigent defendant, having been charged with a felony, to prepare a defense.

Said preliminary hearing was held on the 28 day of June, 1994, in Division Number 15.

**IT IS THEREFORE ORDERED** that a transcript of the preliminary hearing be supplied to said indigent defendant.

DATED this 20 day of Sept, 1994.

Thomas L Boeding
JUDGE OF THE DISTRICT COURT

Upon Completion contact:

Gary W. Long
Attorney for Defendant

Telephone: 371 1945

Date Needed: 9/26/94

File Original with Criminal Department
Copy to: Transcription Department

15

94 JUL 6

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS Plaintiff)

vs.

Lamonte McIntyre Defendant)

1929 N. 6th St KCK
Defendant's Address

Case No. 94CR1213
Charge 2 Cts. First Degree Murder
Statute 21-3401
On Bond no
In Jail yes
Arraigned 7-6-94

## PRE-TRIAL CONFERENCE

## DISCOVERY BY DEFENDANT

1. Does the State have any oral, written, or recorded statements or confessions made by defendant or know of any? Yes X No ____.

2. Describe the same: Oral X Written ____ Exculpatory X Confession or admission ____.

3. Did the defendant sign a written waiver of rights? Yes ____ No X.

4. Defendant moves that the same be produced for inspection and copying. Granted ____ Denied ____. N/A

5. Will defendant stipulate that the statement or statements were given voluntarily? Yes ____ No X.

6. The State represents that the only other papers, documents, photos, reports, statements, or other tangible objects in its possession pertaining to this case, or known to it are as follows:
   a. Line-up reports Yes Waiver No Photos yes.
   b. Police reports yes c. Physical, mental, scientific reports yes.
   d. Property: Returned to owner N/A. Listed on police property report yes.
   e. Statements of witnesses: Niko Quinn, Ruby Mitchell, Josephine Quinn, Dennis Barber
   f. Other ____

7. The State's file is open to defendant's counsel for inspection at the district attorney's office until two (2) weeks before trial. Yes X No ____.

9

8. Will the State seek to introduce evidence of (1) prior conviction, or (2) prior conduct, for proof of knowledge, intent, motive, opportunity, preparation, plan, identity, absence of mistake, or other material fact? Yes_______ No_______ Maybe__X__.

9. If the answer is yes, then identify the same:
a. Offense____________________________________ Date__________________
b. Offense____________________________________ Date__________________

10. If answer is maybe, the district attorney will identify the same in writing to defendant's counsel at least __10__ days before trial. Yes__X__.

11. Other discovery requested:______________________________________________________________

12. The State represents that it has disclosed all evidence in its file favorable to defendant on the issue of guilt. Yes__X__ No______.

**DISCOVERY BY THE STATE**

13. Is there any claim of incompetency of the defendant to stand trial? Yes_______ No__X__.

14. Will defendant rely upon a defense of insanity at the time of the offense? Yes_______ No_______ Maybe__X__. Intoxication? Yes_______ No_______ Maybe__X__. Under the influence of drugs? Yes_______ No__X__ Maybe_______. Alibi? Yes__X__ No_______ Maybe_______.

15. If defendant will rely on alibi, state where defendant will contend he was at the time of offense: Will file motion.
and the witnesses:
Name____________________________ Address____________________________
Name____________________________ Address____________________________
Name____________________________ Address____________________________

16. If defendant is unable to answer question No. 15 at this time, defendant will file the statutory alibi notice__yes________.

17. Other discovery: Defense will provide exhibit and/or witness list including dates of birth, addresses, and race, as per K.S.A. 22-3212, and K.S.A. 22-3213, seven (7) days before trial. If defendant plans to introduce evidence from professionals relative to the defendant's state of mind or mental condition, defense counsel will provide those witness names thirty (30) days before trial. Yes__X__ No______. Other________________________________________.

QUESTIONS OF THE COURT

18. Will the defendant file any preliminary motions? Yes Maybe No ______.

19. If the answer is yes, then describe the same: ______

20. Defendant is given seven (7) days from this date to file such motions.

21. Defense counsel states that the general nature of the defense is:
a. Lack of specific intent ______
b. General denial. Put prosecution to proof yes
c. Other Alibi

22. Is there a probability of a plea by the defendant?
Yes ______ No ______ Maybe X.

23. Defendant is advised by the Court that no plea to a reduced charge will be accepted after the case has been set for trial and subpoenas issued. Yes X.

24. Permission is granted the State to endorse the following witnesses:
as listed on information
Josephine Quinn
Bernard Crawford
Mack LNU
Lamonte LNU

25. Has notice of intent to invoke the Habitual Criminal Act been given? Yes ______ No X. If not, does the State at this time intend to invoke the act? Yes ______ No X Maybe ______.

26. Does the State or the defendant know of any legal problems, motions, or requests which would cause any delay of trial other than those set out above? Yes ______ No X. If yes, please specify.

//

27. Estimated trial time 4 days. Special notice required? Yes
medical witnesses

Terra D. Morehead
Counsel for the State

for Gary Long
Counsel for the Defendant

Defendant was present X
Defendant was not present ____

Date: 7-6-94

APPROVED:

Judge

FILED

96 APR 22 A 9:45

BY DEPUTY

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS, Plaintiff, Appellee,

vs

LAMONT MCINTYRE, Defendant, Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 96-76519-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS ........ PAGE

Certified Copy of Appearance Docket....................1-3

Information, filed June 28, 1994....................4

Warrant, filed June 28, 1994....................5-8

Pre-Trial Conference Discovery by Deft, filed July 6, 1994....................9-12

Motion to Endorse, filed Aug 31, 1994....................13-14

Order for Transcript, filed Sept 20, 1994....................15

Motion to Endorse, filed Sept 22, 1994....................16-17

Instructions Given by Judge J. Dexter Burdette, filed Sept 30, 1994....................18-25

Verdict, filed Sept 30, 1994....................26-27

Motion for New Trial, filed Oct 11, 1994....................28-30

Motion for Judgement of Acquittal, filed Oct 11, 1994....................31-32

Entry of Appearance, filed Nov 23, 1994....................33

Journal Entry, filed Jan 11, 1995....................34-41

Order, filed March 29, 1996....................42-43

IN THE DISTRICT COURT OF WYANDOTTE COUTY, KANSAS

TABLE OF CONTENTS
VOLUME I
CONTINUED

DOCUMENTS PAGE

Motion for New Trial Based on Newly Discovered Evidence, filed March 29, 1996..................................................................44-50

Notice, filed April 2, 1996................................................51-55

Notice, filed April 3, 1996................................................56-58

Request for Transcript, filed April 10, 1996.............................59-60

Journal Entry, filed April 10, 1996.......................................61-62

Notice of Appeal, filed April 10, 1996....................................63-64

VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 26th day of September, 1994......................................3-211

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 27th day of September, 1994......................................212-376

PARTIAL TRANSCRIPT JURY TRIAL, Before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994.............................377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995.....................................................2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994.................................................2-6

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TABLE OF CONTENTS
VOLUME V

DOCUMENTS PAGE

PRESENTENCE INVESTIGATION REPORT....................................2-5

VOLUME VI

DOCUMENTS PAGE

TRANSCRIPT OF PROCEEDINGS OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 4th day of April, 1996..........................2-46

```
***********************************************************
* COPY OF SCREEN 1400 AT 08:47:49 ON 04/22/96 BY OPER ??? *
***********************************************************

CR03,1994CR01213
                               CRIMINAL CASE MASTER             FUNCTION

STATE VS LAMONTE MCINTYRE          INDEX? N    SSN 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   DOB 07-28-1976

FILED 06-28-1994 TYPE OGF   CASE STATUS CLOSED         AS OF MM-DD-CCYY JAIL? Y

EXAMINE MM-DD-CCYY   DEADLINE 10-04-1994   BOUND MM-DD-CCYY   APPEAL 01-11-1995

BOND MM-DD-CCYY TYPE             $           COMPANY

TRIAL TYPE J RESULT G  SENTENCE LIFE E/CT          PROBATION JONES      SRDC? N

                       * * *   NO MORE INDIVIDUALS   * * *               PAGE    1
ADA TERRA DAWN MOREHEAD                  WDW GARY W LONG                APPOINTED
DEA CARL E CORNWELL            RETAINED

PF1: INDEX       PF2: HISTORY      PF3: ACCOUNT
```

```
*************************************************************
* COPY OF SCREEN 1400 AT 08:47:54 ON 04/22/96 BY OPER ??? *
*************************************************************

CR05,1994CR01213
                              CRIMINAL CASE HISTORY          FUNCTION
STATE VS LAMONTE MCINTYRE        CLOSED
                         * * *   MORE ENTRIES     * * *               PAGE   1
  CHARGE   2CT 21-3401   FIRST DEGREE MURDER
   6-28-1994          2 WIS                      WRE
   6-29-1994         TO ARP                      HERD
   7- 6-1994  9:00    3 PLH                      WAIV
   7- 6-1994          3 ARR                      HERD
   7- 6-1994          3 PTR                      HERD M  24     MED WITN
   9-26-1994          5 TRL 4 DAYS               CONT
   9-29-1994          5 TRL                      GUIL
   1- 6-1995  9:00    5 SEN                      HERD
   6-28-1994 DOB: 7-28-76
             2CTS MURD 1 21-3401 OGF WARR INFO AFF FIL ISS WARR
             INFO SHRF
   6-30-1994 WARR RTN CHGES READ(6/29)BOND $100,000 EXT SET 7/7/94
             9AM BK PROTEM COMMIT BAIL ORD FIL
   7- 6-1994 DEF PLED NGUIL BOND $100,000 G LONG APPTD PTR CONDUCTED
             SET FOR TRL DJS ORD FIL DJS (MIGHT PLEA-MED WITN)
   7-22-1994 SPEC SET 9/26/94 9AM BEFOR JUDGE BURDETTE D9 DJS
   8-31-1994 MOTION ENDORSE FIL
   9- 1-1994 6 PRAC FIL ISS 36 SUBP DA
   9-15-1994 LTR MOT ENDORS WITNS FIL DJS
   9-20-1994 NOT OF ALIBI/WITN LIST FIL
             ORD FOR TRANS OF PRELIM HRG FIL TLB
   9-22-1994 MOTION ENDORSE FIL
   9-26-1994 TRL: JURY TRL HELD SEPT 26,27,28, & 29, DEF MOT AQUIT
             HERD DENI JURY REACHES VERDICT GUIL 2 CTS MURDER 1 KSA
             21-3401 OGF DEF GIVEN 10/12/94 FIL MOT NEW TRL SAME
             BOND JURY RELEASED JDB
   9-27-1994 WITN AFF FIL($23.36 SHELTON)
   9-30-1994 INSTRUCT CT JURY LIST 2 VERDICT FIL JDB
  10-11-1994 MOT NEW TRL,MOT JUDG OF ACQUITAL FIL
  10-14-1994 STMT FIL DA DUE (E MITCHELL) - $150.00
  11-10-1994 MOT NEW TRL GRTD CONT 11/18/94 9AM JDB
  11-18-1994 MOT NEW TRL DENI DEF SEN SET 1/6/95 9AM DIV 9 JDB
  11-23-1994 ENTRY OF APPEAR OF ATTY(C. CORNWELL) FIL
  11-28-1994 LTR SET SENT 1/6/95 9AM D9 FIL JDB
   1- 6-1995 DEF SENT LIFE E/CT SEC CORR RUN CONSEC E/OTHER JDB

 PF1: INDEX      PF2: CASE       PF3: ACCOUNT     PF4: FORWARD
                                                  PF9: HEARING    PF10: DOCKET
```

2

```
*****************************************************************
* COPY OF SCREEN 1400 AT 08:47:57 ON 04/22/96 BY OPER ??? *
*****************************************************************

CR05,1994CR01213
                                   CRIMINAL CASE HISTORY              FUNCTION
STATE VS LAMONTE MCINTYRE                CLOSED
                               * * *    NO MORE ENTRIES    * * *              PAGE    2
   1-11-1995 NOTICE OF APPL FIL(ATTY:CORNWELL)
             JE FIL JDB ISS COMMIT, EXEC, JE, INFO, PSI, SHRF, MAIL
             COPY JE SEC CORR
   1-13-1995 ORD APPT ATTY(G.LONG 7-6-94) FIL JDB
   1-17-1995 DEMAND FOR EST COST TRANS FIL
   1-23-1995 ACKNOW REC EST COST TRANS FIL
   1-31-1995 DOCKET NOT FIL(95-73387-S)
   2- 3-1995 LTR FRO M.STINE FIL ADVISING NO TRANS PREPARED
   2- 7-1995 2TRANS FIL(MOT NEW TRL,SEN)(D.HARLEY)
   2- 9-1995 REQ FOR EST COST TRANS FIL
   2-21-1995 3VOL TRANS JURY TRL FIL(GREINER)CERT COMPL TRANS FIL
   3- 2-1995 PSI FIL IN FIL
   3-31-1995 STMT FIL DA DUE UNIVERSITY PATHOLOGY - $800.00
   8-15-1995 STMT FIL DA DUE LEGAL PRINTING COMPANY - $78.00
  10-19-1995 ORD FOR RECORDS APPL CRT FIL(MICRO10/20)
  10-24-1995 CERT MAIL APPEL COURT Z037614238 FIL
   3- 4-1996 DEF MOTION NEW TRIAL DENIED CREDABILITY OF WITNESS QUINN TOTALLY
             LACKING NO REASONABLE PROBABILITY OF DIFFERENT SENTENCE UPON
             RETRIAL JDB
   3-29-1996 MOTION FOR NEW TRIAL FILED
             ORDER TO TRANSPORT FILED JDB ISSUED ORD SHRF
   4- 2-1996 1PRAC FIL ATTY:1SUBP ISS ATTY(N.QUINN)
             NOTICE OF AFFIDAVIT OF N.QUINN FIL(L.ERICKSON)
   4- 3-1996 NOTICE ATTACHING AFF W/REGARD TO MOTION FOR NEW TRIAL/AFF ATTACHED
             FIL
   4-10-1996 JE(MOT FOR NEW TRIAL)DENIED FIL JDB
             NOTICE OF APPEAL FIL(ERICKSON) REQUEST FOR TRANSCRIPT FIL
   4-11-1996 DEMAND FOR ESTIMATED COST TRANS FIL
             MANDATE FROM APPEALS COURT FIL DIST CRT JUDGEMENT AFFIRMED
   4-18-1996 2ND NOTICE OF APPEAL(FILE/5TRANSCRIPTS CHECKED OUT TO APPLS CLERK)

 PF1: INDEX      PF2: CASE        PF3: ACCOUNT                     PF5: BACKWARD
                                              PF9: HEARING     PF10: DOCKET
```

I hereby certify the above and foregoing to be a true and correct copy, the original of which is filed and entered record in this court
CLERK DISTRICT COURT
WYANDOTTE CO, KS
DATE 4-22-96
by [signature] deputy,

3

Search = 2000CR00374

# CRIMINAL CASE MASTER

STATE VS ALEX BARAJAS JR INDEX? N SSN 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 DOB 2/4/1972
FILED 3/2/2000 TYPE DS4 CASE STATUS CLOSED AS OF 9/7/2000 JAIL? N
EXAMINE MM/DD/YYYY DEADLINE MM/DD/YYYY BOUND 5/23/2000 APPEAL MM/DD/YYYY
BOND 3/9/2000 TYPE AMOUNT $0.00 COMPANY
TRIAL TYPE P RESULT G SENTENCE 18/M DOC, 1YR JAIL PROBATION COMM CORR SRDC ? N
COMMENT DENI M ROSS

***** LITIGANTS ******

ADA CHRISTOPHER L SCHNEIDER DEA PATRICK EUGENE D'ARCY APPOINTED

***** CHARGES *****

| | | | | |
|---|---|---|---|---|
| FINAL | 1 CT | 21-3301 | ATTEMPTED | |
| FINAL | 1 CT | 65-4160A1 | POSSESSION COCAINE | DS4 |
| FINAL | 1 CT | 65-4162A1 | POSSESSION MARIJUANA | A MSD |

| | | | | | | |
|---|---|---|---|---|---|---|
| 03/02/2000 | | JAW | WIS | | WRE | 03-03-2000 |
| 03/03/2000 | | JAW | ARP | | HERD | |
| 03/07/2000 | 9:00 | ELJ | EXT | | CONT | |
| 03/14/2000 | 9:00 | RWM | EXT | | CONT | |
| 04/04/2000 | 9:00 | RWM | EXT | | CONT | |
| 04/11/2000 | 9:00 | JAW | EXT | | CONT | |
| 05/19/2000 | 14:30 | JJM | HRG | PLEA | CONT | |
| 05/23/2000 | 9:00 | JJM | PLH | | WAIV | |
| 05/23/2000 | | JJM | ARR | | WAIV | |
| 05/23/2000 | | JJM | TRL | | PLEA | |
| 08/02/2000 | 9:30 | JJB | SEN | | CONT | |
| 08/28/2000 | 9:00 | JJB | SEN | | BWRE | 09-07-2000 |
| 09/11/2000 | 16:00 | JJB | SEN | | CONT | |
| 09/20/2000 | 9:00 | JJB | SEN | | CONT | |
| 09/29/2000 | 11:00 | JJB | SEN | | HERD | |
| 09/29/2000 | | JJB | PHG | 12 MOS COMM CORR | HERD | MEDRANO |
| 09/04/2001 | 9:15 | JJB | MOT | REVOC | HERD | |

| | |
|---|---|
| 03/02/2000 | CHARGES: 1CT 65-4160A1 (DS4) 65-4162A1 (A MSD) 08-0262 (A MSD)<br>WARRANT INFO AFFIDAVIT FILED - ISSUED WARRANT INFO SHERIFF |
| 03/03/2000 | WARR RTN CHGES READ BOND $5000 EXT SET 3/7/00 9AM JAW COMMIT<br>BAIL ORD FIL |
| 03/07/2000 | CASE CONT TO 3-14-00 ATTY (D'ARCY) APPT ELJ |
| 03/08/2000 | ORD APPT PRIV COUNSEL (P D'ARCY) FIL ELJ<br>AFF APPL APPT ATTY FIL ELJ |
| 03/09/2000 | (3/7)SRTY BOND $5000 METRO BAIL BOND FIL |
| 03/14/2000 | CONT 4-4-00 RWM |
| 04/04/2000 | CASE CONT 4-11-00 DOCKET RWM |
| 04/11/2000 | PLEA SET 5/19/00 2:30PM DIV 4 JAW |
| 05/19/2000 | CONT TO 5-23-00 9AM CRIM DOCKET JJM |
| 05/23/2000 | AMENDED INFORMATION FILED<br>UPDATE: 1CT 21-3301 65-4160A1 (DS4) 65-4162A1 (A MSD)<br>TRL:DEF APPEARS & BY P D'ARCY STATE BY C SCHNEIDER DEF WAIVES PRELIMINARY FORMAL READING PLEAS GUILTY AT POSSESS OF COCAINE LEVEL 4 D FELONY & POSSESS OF MARIJUAN CLAS A MSD PSI ORDERED FIREARM ADMONITION JJM |
| 05/24/2000 | PET PLEA CERT ORDER FILED JJM |
| 07/24/2000 | LETTER SET SENTENCING JJB |
| 08/02/2000 | DEFENSE OBJECTIONS TO PSI REPORT & CONTINUANCE REQ FIL (P D'ARCY)<br>DEF APPEARS IN PERSON & WITH P D'ARCY STATE BY C SCHNEIDER SENT-ENCING CONTINUED AT DEF'S REQUEST TO 8-28-2000 AT 9AM JJB |
| 08/28/2000 | DEF FAILED TO APPEAR FOR SENTENCING BW/BF JJB |
| 08/31/2000 | ISS B/W SHF FILED |
| 09/07/2000 | BENCH WARRANT RETURNED SHERIFF FILED |
| 09/08/2000 | DEF IN CUSTODY B/W B/F SET ASIDE & RECALLED SENTENCING SET FOR 9-11-00 AT 4PM BOND SET $15,000 JJB |
| 09/11/2000 | DEFENSE MOT FOR DURATIONAL AND/OR DISPOSITIONAL DEPARTURE FIL (P D'ARCY)<br>DEFENSE MOT FOR CONT FIL (P D'ARCY)<br>DEF PRESENT IN CUSTODY WITH COUNSEL P D'ARCY STATE BY C SCHNEIDER SENTENCING CONTINUED TO 9-20-00 AT 9AM AT DEF'S REQUEST NEW BOND SET AT $5000 JJB |
| 09/20/2000 | DEF APPEARS IN PERSON FOR SENTENCING WITH COUNSEL P D'ARCY STATE BY C SCHNEIDER SENTENCING CONTINUED TO 9-29-00 AT 11AM JJB |
| 09/22/2000 | (9-16)SRTY BOND $5000 METRO BAIL BOND FILED |
| 09/29/2000 | JE JUDGMENT (PROB GRANTED) FILED JJB<br>MOT/ORDER DISPOSE CONTRABAND FILED JJB<br>DEF SENTENCED CUST SEC COR CT I TO TERM 18 MOS CH D OFFEND & TO WYCO JAIL FOR 1YR CT II A MSD CT GRANTS DEFS MOT FOR DISPOSITIONAL DEPARTURE & GRANTS PROB TO COMM CORR FOR 12 MOS DEF TO PAY ATTY FEES $670 & RECEIVE DRUG TREATMENT COSTS VS DEF JJB |
| 10/04/2000 | ORDER REIMBURSEMENT APPT ATTY FEES FILED JJB $670 |
| 10/11/2000 | PSI IN FIL |
| 10/19/2000 | UPDATE: FINAL 1CT 21-3301 FINAL 65-4160A1 (DS4) FINAL 65-4162A1 (A MSD) |
| 11/13/2000 | ORDER OF PROB (M ROSS) FIL JJB |
| 08/10/2001 | MOT TO REVOC/ORD TO APPEAR 9-4-01 9:15 D5 FIL PLS FOR JJB |
| 09/04/2001 | DEF W/D'ARCY ST BY SCHNEIDER DEF STIPULATES TO PROB VIOL PROB REVOKED JJB |
| 09/07/2001 | JE PROB REVOC FILED JJB ISS W/PSI SHF |
| 10/10/2001 | (10-9)JE PROB REVOC NUNC PRO TUNC FILED JJB MAILED TOPEKA |

P1:16

Is your RETURN ADDRESS completed on the reverse side?

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

APPELLATE COURT
STATE OF KANSAS
KANSAS JUDICIAL CENTER
301 S.W. 10TH STREET
TOPEKA, KANSAS 66612

94CR1213

4a. Article Number
Z 037 614 321

4b. Service Type
☐ Registered ☐ Insured
☐ Certified ☐ COD
☐ Express Mail ☐ Return Receipt for Merchandise

7. Date of Delivery
OCT 17 1996

5. Signature (Addressee)
Connie Kinoda

6. Signature (Agent)
mewatts

8. Addressee's Address (Only if requested and fee is paid)

PS Form 3811, December 1991 ☆U.S. GPO: 1993—352-714 DOMESTIC RETURN RECEIPT

Thank you for using Return Receipt Service.

PLEASE EXPEDITE

Appellate Case No. 96 76519 - S

# ORDER FOR RECORDS

FILED

APPEAL

## IN THE APPELLATE COURTS OF THE STATE OF KANSAS

301 SW 10th Avenue Topeka, Kansas 66612-1507

96 OCT 16 A8:59

STATE OF KANSAS

VS

LAMONT MCINTYRE

District Court No. 94CR1213

County WYANDOTTE

KANSAS DEPUTY

We hereby request that you transmit the Record on Appeal in the above-stated matter to the Clerk of the Appellate Courts in accordance with Rule 3.07.

IN ADDITION TO THOSE DOCUMENTS REQUESTED BY RULE 3.02
PLEASE INCLUDE THESE ADDITIONAL RECORDS

| | | |
|---|---|---|
| Court Files | Transcripts | Jury Instructions |
| Depositions | Exhibits(MAILABLE) | Criminal Record (on 60-1507 appeals) |

DO NOT SEND MONEY, GUNS, KNIVES, NARCOTICS, CONTRABAND, CLOTHING.

CAROL G. GREEN
Clerk of the Appellate Courts

*To be completed by District Court*

Date sent Oct 16, 1996

No. of Volumes sent 6

No. of Exhibits sent 0

Total items sent 6

Additional volumes sent:

Date

No. sent

*Appellate Clerk use*

Assigned Judge

Date Delivered

Date Returned

*To be completed by Appellate Court*

Date ordered October 09, 1996

Date received

No. of Volumes receiv

No. of Exhibits receive

Total items received

Additional volumes re

Date

No. received

Grand Total

Date returned to Distri

NOTE: District Court Clerk retain one copy for yo
include one copy with your transmittal (rec

Z 037 614 321

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES POSTAL SERVICE

| | |
|---|---|
| Sent to APPELLATE COURT | |
| Street and No. ~~STATE OF KANSAS~~ KANSAS JUDICIAL CENTER | |
| P.O. State and ZIP Code 301 S.W. 10TH STREET | |
| Postage TOPEKA, KANSAS 66612 | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, March 1993

WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR

KATHLEEN M. COLLINS
CLERK DISTRICT COURT

PHILIP L. SIEVE, DIVISION 1
ADMINISTRATIVE JUDGE

# THE DISTRICT COURT

TWENTY-NINTH JUDICIAL DISTRICT, KANSAS
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101

October 16, 1996

Lindsey P. Erickson
6900 College Blvd., Ste 1020
Overland Park, Kansas 66211

Terra D. Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

In Re: State vs McIntyre
District Court No. 94 CR 1213
Court of Appeals No. 96-76519-S

To Whom it May Concern:

Attached is the Table of Contents which has been sent to the Court of Appeals this date.

If there are any questions pertaining to this appeal, please contact this office.

Sincerely,

Kathleen M. Collins
Clerk of the District Court
By:
Deputy Appeals Clerk

FILED

96 APR 22 A 9:45

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BY [signature] DEPUTY

STATE OF KANSAS,
Plaintiff,
Appellee,

vs

LAMONT MCINTYRE,
Defendant,
Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 96-76519-S

TABLE OF CONTENTS
VOLUME I

| DOCUMENTS | PAGE |
|---|---|
| Certified Copy of Appearance Docket | 1-3 |
| Information, filed June 28, 1994 | 4 |
| Warrant, filed June 28, 1994 | 5-8 |
| Pre-Trial Conference Discovery by Deft, filed July 6, 1994 | 9-12 |
| Motion to Endorse, filed Aug 31, 1994 | 13-14 |
| Order for Transcript, filed Sept 20, 1994 | 15 |
| Motion to Endorse, filed Sept 22, 1994 | 16-17 |
| Instructions Given by Judge J. Dexter Burdette, filed Sept 30, 1994 | 18-25 |
| Verdict, filed Sept 30, 1994 | 26-27 |
| Motion for New Trial, filed Oct 11, 1994 | 28-30 |
| Motion for Judgement of Acquittal, filed Oct 11, 1994 | 31-32 |
| Entry of Appearance, filed Nov 23, 1994 | 33 |
| Journal Entry, filed Jan 11, 1995 | 34-41 |
| Order, filed March 29, 1996 | 42-43 |

IN THE DISTRICT COURT OF WYANDOTTE COUTY, KANSAS

TABLE OF CONTENTS
VOLUME I
CONTINUED

DOCUMENTS PAGE

Motion for New Trial Based on Newly Discovered Evidence, filed March 29, 1996..........44-50

Notice, filed April 2, 1996..........51-55

Notice, filed April 3, 1996..........56-58

Request for Transcript, filed April 10, 1996..........59-60

Journal Entry, filed April 10, 1996..........61-62

Notice of Appeal, filed April 10, 1996..........63-64

VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 26th day of September, 1994..........3-211

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 27th day of September, 1994..........212-376

PARTIAL TRANSCRIPT JURY TRIAL, Before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994..........377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995..........2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994..........2-6

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TABLE OF CONTENTS

VOLUME V

| DOCUMENTS | PAGE |
|---|---|
| PRESENTENCE INVESTIGATION REPORT | 2-5 |

VOLUME VI

| DOCUMENTS | PAGE |
|---|---|
| TRANSCRIPT OF PROCEEDINGS OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 4th day of April, 1996 | 2-46 |



LEGAL PRINTING CO. PANY INC.

# INVOICE

Corporate Office:
1202 Front Street, P.O. Box 508
Tonganoxie, Kansas 66086-0508
(913) 724-1623 • (913) 845-3388 • FAX (913) 845-2800

K.C. Metro Office:
10501 Shawnee Mission Parkway
Shawnee Mission, Kansas 66203
(913) 631-3464 • FAX (913) 631-7333

D04
DISTRICT ATTORNEY'S OFFICE
ATTN:LINDA
710 NORTH 7TH STREET
KANSAS CITY KS 66101

Ship To/Remarks
P2: 18

| DATE | NUMBER | PAGE | DUE DATE |
|---|---|---|---|
| 09/23/96 | 16185 | 1 | 10/23/96 |

| SHIP VIA | FOB | TERMS | P.O. NUMBER | OUR JOB NUMBER |
|---|---|---|---|---|
| | | 0/ 30/ N30 | MCINTYRE | MOREHEAD |

| DESCRIPTION | AMOUNT |
|---|---|
| STATE OF KANSAS PLAINTIFF-APPELLEE VS. | |
| LAMONTE MCINTYRE DEFENDANT-APPELLANT | |
| BRIEF OF APPELLEE NO.96-76519-S | |
| SHOOT & RUN 12 TEXT PAGES | 51.00 |
| SHOOT & RUN COVER | 4.25 |
| MAILING & FILING | 12.00 |
| PLEASE RETURN YELLOW COPY WITH PAYMENT | |
| THANK YOU ....from Sandi | |

94-1213

Case: State v. McIntyre
Case No.: 94CR1213

Okay Pay - Nick A. Tomasic /Formula

| | |
|---|---|
| SUBTOTAL | 67.25 |
| TAX | 0.00 |
| TOTAL | 67.25 |
| NET TO PAY | 67.25 |

Please Remit All Payments To:
1202 Front Street
P.O. Box 508
Tonganoxie, Kansas 66086-0508

WHITE--Customer YELLOW--Remittance Copy PINK--Accounting

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS,
Plaintiff,

versus

96 MAY 14 P2:15

Case No. 94 CR 1213

LAMONT MC INTIRE,
Defendant.

CERTIFICATE OF COMPLETION OF TRANSCRIPT
OF MOTION FOR NEW TRIAL.

I, Nancy Moroney Wiss, CSR, RMR, Official Court Reporter of the 29th Judicial District of the State of Kansas, Division Number 8, certify that pursuant to the request for transcript of Lindsey Erickson, attorney for defendant, dated 4/10/96, I have filed said transcript consisting of 49 pages, under date of 5/14/96 with the Clerk of the District Court of Wyandotte County, Kansas.

Nancy Moroney Wiss
Official Court Reporter

CERTIFICATE OF SERVICE

I, Nancy Moroney Wiss, CSR, RMR, hereby certify that I filed the original of the above and foregoing CERTIFICATE OF COMPLETION OF TRANSCRIPT with the Clerk of the District Court and that I served a true and correct copy of the above and foregoing CERTIFICATE OF COMPLETION OF TRANSCRIPT by depositing same in the United States mail, first class, postage prepaid, on this 14th day of May, 1996, to:

1. Clerk of Appellate Court
Kansas Judicial Center
301 West 10th
Topeka, KS 66612

3. Terra D. Morehead
Asst. D.A.
Justice Complex
Kansas City, KS 66101

2. Lindsey Erickson
Cornwell & Edmonds
6900 College Blvd., Suite 1020
Overland Park, KS 66211

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DIVISION

APR 25 A 8:54

STATE OF KANSAS,
Plaintiff,

versus

Case No. 94 CR 1213

LAMONT MC INTIRE,
Defendant.

ACKNOWLEDGMENT OF RECEIPT OF ESTIMATED COST OF TRANSCRIPT

Deposit covering the estimated cost of preparation of transcript in the above-captioned matter has been received by me on this 25th day of April, 1996.

Nancy Moroney Wiss
Official Court Reporter
Wyandotte Co. Courthouse, Div. 8

CERTIFICATE OF SERVICE

I, Nancy Moroney Wiss, CSR, RMR, hereby certify that I filed the original of the above and foregoing ACKNOWLEDGMENT with the Clerk of the District Court and that I served a true and correct copy of the above and foregoing motion by depositing same in the United States Mail, first class postage prepaid on this 26th day of April, 1996, to:

1. Clerk of Appellate Courts
   Kansas Judicial Center
   301 W. 10th
   Topeka, KS 66612

2. Lindsey P. Erickson,
   Attorney at Law
   6900 College Blvd, Suite 1020
   Overland Park, KS 66211

3. Terra Morehead
   Asst. D. A.
   Justice Complex
   Kansas City, KS 66101

APPEAL

OFFICE OF CLERK OF APPELLATE COURTS
DOCKETING NOTICE

DATE: 04/15/96.

96 APR 22 A 9:22

BY DEPUTY

DISTRICT CASE NO. 94CR1213

APPEALS CLERK
CLERK DISTRICT COURT
WYANDOTTE COUNTY COURTHOUSE
KANSAS CITY KS 66101

PRO SE

PLEASE BE ADVISED THAT THE FOLLOWING ACTIVITY HAS BEEN NOTED FOR THE CASE LISTED BELOW:

NOTICE OF APPEAL FILED
BY LAMONT MCINTYRE

COURT: SUPREME COURT CASE NO.: 96-76519-S

STATE OF KANSAS, APPELLEE,
V
LAMONT MCINTYRE, APPELLANT.

RESPECTFULLY,

CAROL G. GREEN
CLERK OF THE APPELLATE COURTS

***

# MANDATE

**SUPREME COURT,**
ss.
**STATE OF KANSAS,**

Appellate Court No. 95 73387 - S
District Court No. 94CR1213

**The State of Kansas, to the District Court within and for the County of** WYANDOTTE **in the State of Kansas, Greeting:**

**WHEREAS,** In a certain criminal action lately pending before you, wherein STATE OF KANSAS, plaintiff, and LAMONTE McINTYRE, defendant, a judgment was rendered by you against the said defendant from which judgment said defendant prosecuted an appeal in the Supreme Court within and for the State of Kansas;

AND WHEREAS, on March 08, 1996, on consideration of the said appeal, it was ordered and adjudged by the said Supreme Court that the judgment of the District Court be affirmed. An attested true copy of opinion attached.

and that the said ______ recover against the said ______ for costs herein expended and have execution therefor.

**YOU ARE THEREFORE COMMANDED,** That without delay you cause execution to be had of the said judgment of the Supreme Court, according to law.

**Costs**

Fees of Clerk of the Supreme Court ............. $55.00 PAID
Other Costs ................................. ______
Total ................................ $ ______

**WITNESS** my hand and the seal of said Supreme Court affixed hereto, at my office, in the City of Topeka, on APR 10 1996

Carol G. Green

**CAROL G. GREEN,** *Clerk of the Supreme Court*

**MANDATE RECEIVED BY CLERK**
**TRIAL JUDGE NOTIFIED** Date: 4/17/96

C: Judge Burdette
DA Droska
KB

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 73,387

STATE OF KANSAS,
*Appellee,*

v.

LAMONTE McINTYRE,
*Appellant.*

SYLLABUS BY THE COURT

1.

A party may not assign as error the giving or failure to give an instruction unless he or she objects to or requests the instruction, stating the specific grounds for the objection. Absent such an objection or request, an appellate court may only reverse where the trial court's failure to give the instruction was clearly erroneous.

2.

The failure to give an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility that the jury would have returned a different verdict.

3.

Prosecutors are under a positive duty, independent of court order, to disclose exculpatory evidence to the defendant.

4.

A district court may authorize the prosecution of a respondent 16 or more years

of age as an adult. In determining whether prosecution as an adult should be authorized, the court is required to consider the factors enumerated in K.S.A. 38-1636(e).

5.

The standard for evaluating whether the decision to certify a juvenile as an adult was proper is whether the decision is supported by substantial competent evidence. The insufficiency of the evidence pertaining to one or more of the factors listed in K.S.A. 38-1636(e) is not determinative.

6.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.

Appeal from Wyandotte district court, J. DEXTER BURDETTE, judge. Opinion filed March 8, 1996. Affirmed.

*Lindsey P. Erickson*, of Overland Park, argued the cause, and *Carl E. Cornwell*, of Overland Park, was with her on the brief for appellant.

*Terra D. Morehead*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is a direct criminal appeal from convictions of two counts of first-degree murder following a jury trial. Lamonte McIntyre alleges the following errors: (1) The trial court erred in failing to give an instruction regarding eyewitness identification; (2) the State failed to disclose evidence in its file relating to the issue of guilt; (3) the trial court erred in not considering all of the eight factors set out in K.S.A. 38-1636(e) in certifying him to be tried as an adult; and (4) there was insufficient evidence to convict him of the offenses. Finding no reversible error, we affirm.

On April 15, 1994, Donald Ewing and Doniel Sublette were shot and killed as they sat in a car in Wyandotte County, Kansas. McIntyre, age 17, was charged with two counts of first-degree murder in connection with the killings.

Two eyewitnesses identified McIntyre as the shooter. Niko Quinn, who lived near the scene of the crime, testified that at 2 p.m. on April 15, she was walking out of her house when she noticed a blue car parked up the street. She stated that there were two people in the car, although she could not see who they were. Quinn began to walk up the street to use the telephone when she saw someone running through a nearby vacant lot. As Quinn watched, the individual approached the parked car armed with what looked like a shotgun, walked up to the passenger side of the car, and began shooting. Quinn stated the individual was a black male, dressed in black. She also testified she later found out the two victims were her cousins, Donnie Ewing and Doniel Sublette.

The next day, the police asked Quinn to look at a series of photographs. She told Detective Roger Golubski she did not know if any of the pictures she was shown were

of the shooter. A week later she called Golubski and told him that she could positively identify the shooter. At trial, Quinn identified McIntyre as the shooter.

Golubski testified that during the course of the investigation, McIntyre's name surfaced as a possible suspect. Various sources mentioned that McIntyre might have been involved, and as a result, McIntyre's picture was included in the photo lineups shown to eyewitnesses Quinn and Ruby Mitchell. According to Golubski, when Quinn first looked at pictures in the lineup, she was very deliberate in looking at each one. When she came to the picture of McIntyre, she held onto the photograph, became teary-eyed, and was shaking. However, she told him that she was not sure whether that person was the shooter. Within a week, she called him and asked to meet him at a neutral location to look through the photos. She then picked out McIntyre's photograph as that of the shooter.

On cross-examination, Golubski was asked whether he had told anyone about showing Quinn the photographs a second time. He answered that he had not notified anyone until after the preliminary hearing.

After Golubski was excused from the stand, and out of the presence of the jury, the defendant's attorney asked the court to be allowed to make a record. McIntyre's counsel then stated, "I would like to know when [the prosecutor] was advised by Detective Golubski of this second photo lineup." The prosecutor answered that she was not sure when she had been told of the lineup but that she did not feel a duty to disclose it because it was not exculpatory evidence. She admitted there was nothing in the file about the lineup. McIntyre's counsel stated that he did not believe that there was a second photo lineup and that Golubski was not being truthful. However, the trial court

noted that McIntyre's counsel had the chance to cross-examine Golubski. McIntyre's counsel made no objection to the lineup or the testimony of Golubski.

The second eyewitness, Ruby Mitchell, a neighbor of Quinn's, testified that on the afternoon of April 15, she heard Quinn yelling to someone up the street and walked to the door of the house. Mitchell saw an individual come down the hill, walk over to a parked car, and begin shooting. Mitchell testified that the individual was armed with a short rifle or "pump gun." The shooter was dressed in a black shirt and black cap. Mitchell thought that the shooter was someone named Lamonte who used to date her niece. She mentioned this name to police. Despite the similarities in first names, the Lamonte to which she was referring and the defendant, Lamonte McIntyre, are not the same person.

When shown a photograph lineup, Mitchell picked McIntyre's photo as the one of the shooter. At trial, Mitchell testified that there was no doubt in her mind that McIntyre was the shooter.

Detective James Krstolich of the Kansas City, Kansas Police Department testified that he had assisted Golubski in interviewing Mitchell. He worked with Mitchell to attempt to build a composite drawing of the suspect. Mitchell told him that the shooter's name was Lamonte. Sometime later, the name of a different person, McIntyre, came up in the investigation, but Krstolich had no personal knowledge as to why.

The State also presented the testimony of Lieutenant Dennis Barber of the Kansas City Police Department. According to Barber, when he inquired as to McIntyre's

whereabouts on the day of the shooting, McIntyre's mother told him that McIntyre had been at FiFi's Restaurant, where she was employed, all day. Later, McIntyre's mother told Barber that for 4 hours, including the approximate time of the murder, he had been with her at FiFi's. Barber also testified he arrested McIntyre on the same day as the murder, and McIntyre told him that he had been helping out his mother at the restaurant all day.

McIntyre presented an alibi defense. Peggy Crowder, his aunt, testified that McIntyre was at her house on the day of the shooting until approximately 2:45 p.m., although she acknowledged that he was with his mother from 9 to 10:30 a.m. on that day. She testified that the only time he left the house after 10:30 a.m. was to go next door and call a cab for two of her sons. She stated that the first time he called the cab was at approximately 1:45 p.m., and the second time he went to call a cab was approximately 2:15 p.m.

Felicia Williams, a cousin of McIntyre's, testified. She stated that on the day in question, McIntyre came over to her mother, Peggy Crowder's, house at 10 a.m. and stayed until 2:45 p.m.

Yolanda Johnson, another aunt of McIntyre's, testified McIntyre came over to call a cab. She testified that at approximately 2:45 p.m., McIntyre came back over to her house and stayed until his mother came to pick him up.

M'sheria Johnson, daughter of Yolanda and a cousin of McIntyre, testified that McIntyre came over to Yolanda's house at 2:10 p.m., left briefly, and then came back over to use the phone. After leaving again briefly, McIntyre came back and stayed at the

house from 2:45 p.m. until his mother came to get him at 5 p.m.

McIntyre testified on his own behalf. He stated that he had spent the night of April 14 at Crowder's house. The next morning, he left to do something at his mother's house and then went back to Crowder's house. He testified that he left Crowder's house on two occasions between 1:20 p.m. and 1:50 p.m. to go to Yolanda's house to call cabs for his cousins. He did not leave again until his mother came to get him some time between 4:30 p.m. and 5 p.m.

McIntyre denied knowing the victims of the crime or even owning a gun. He stated that he heard about the killing when "some dude" walked by on the street and mentioned that Chris Quinn's brother had been shot.

*Eyewitness Identification Instruction*

At the conference regarding jury instructions, McIntyre's counsel informed the trial court that he would not be requesting a jury instruction regarding eyewitness testimony. He stated that he was satisfied with the instructions as prepared. The State then asked the court to make a record regarding the eyewitness jury instruction for purposes of appeal. The court stated that because both eyewitnesses had a good view of the shooter and because the witnesses were certain of the identification, the eyewitness instruction would not be given.

McIntyre now argues that eyewitness identification was an essential part of the State's case and that the failure to give a cautionary instruction was clearly erroneous. We have stated that a party may not assign as error the giving or failure to give an

instruction unless he or she objects to or requests the instruction, stating the specific grounds for the objection. Absent such an objection or request, an appellate court may only reverse where the trial court's failure to give the instruction was clearly erroneous. *State v. Edwards*, 252 Kan. 860, 864-65, 852 P.2d 98 (1993). The failure to give an instruction is clearly erroneous only if the reviewing court reaches a firm conviction that if the trial error had not occurred there was a real possibility that the jury would have returned a different verdict.

In determining whether there is a question about the reliability of eyewitness identification, this court in *State v. Warren*, 230 Kan. 385, 390, 635 P.2d 1236 (1981), identified five factors to be considered when evaluating the testimony of an eyewitness. These included (1) the opportunity of the witness to view the defendant at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior descriptions of the criminal, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation. The *Warren* court examined these factors in determining whether an instruction was necessary. 230 Kan. at 397-98.

Applying the factors in *Warren* to the facts of this case, it is apparent that both Niko Quinn and Mitchell had an opportunity to view the shooter. Quinn testified that she first noticed the shooter as he was walking through a nearby vacant lot. Mitchell noticed the shooter as he was coming down the hill near the victim's car. As far as the degree of the witness' attention, while Quinn testified that she was not really paying attention when she first saw the shooter, she stated that when the crime was committed she got a good look at the shooter. Mitchell testified that she was paying attention to the shooter and was specifically looking at his face during the crime.

The next factor to be considered is the accuracy of the witness' prior description of the criminal. Both witnesses' descriptions of the shooter matched McIntyre's appearance.

The fourth factor is the level of certainty demonstrated by the witness at the confrontation. Quinn herself testified that she did not initially identify the photograph for the police, not because she was unsure of whether the photograph was that of the shooter, but because she feared reprisal by the shooter if she identified him. Both witnesses were certain of their identification of McIntyre at trial.

Another factor to be considered is the length of time between the crime and the identification. Mitchell's identification of McIntyre from the photographic lineup took place on the day of the shooting. Quinn was shown the photographs the day after the shooting, although for reasons outlined above she did not make a positive identification until approximately a week later. As a result, there was no significant lapse of time between the crime and the identification.

Other factors not mentioned by the *Warren* court but highlighted by PIK Crim. 3d 52.20 (1995 Supp.), the instruction regarding eyewitness testimony, include the emotional state of the witness and whether the witness had observed the alleged perpetrator on an earlier occasion. Quinn's cousins were the victims of the crime, which might have had some effect on her emotional state; however, she testified that she did not know who was in the car until after the shooting. There is no indication that either she or Mitchell felt especially threatened at the time of the crime. Neither of the witnesses had seen McIntyre before.

It must be emphasized that McIntyre's counsel did not request an instruction on eyewitness identification and, when given the opportunity, he affirmatively stated to the court he had decided not to request an instruction on eyewitness identification. In response to this statement, the State requested for the purposes of appeal that the court make a record as to why it elected not to give an eyewitness instruction. The court responded:

> "The eyewitness instruction I think should be used when there's a question about identity, whether the witness and the alleged defendant are the same race, the amount of time the witnesses had to view the defendant, the circumstances surrounding their viewing the defendant, how soon they made their identification after the alleged incident occurred, whether or not they were sure in their identification, how many subsequent identifications were made and obviously their demeanor during court, how they testified and how sure they were of the identification. In the court's opinion, frankly, the two eyewitnesses in this case Niko being one and Ruby is the other one. Niko's testimony was that she got a good look at the individual. Nothing blocked her view. She concentrated on the face. She gave a description of the clothing. She later picked the defendant's photograph out of a five photograph lineup, became extremely upset. In fact, she was shaking. Her eyes were teary. She- the officer had difficulty getting that photograph from her grasp. When asked whether or not she was sure she indicated that looked like the individual but I can't be sure. I can't be sure. Obviously there was some emotional trauma involved with that particular selection of that particular photograph. For the record that was the defendant's photograph. According to the testimony in this case she later contacted the detective who provided her with the photographic lineup, indicated to him she feared retribution if she had identified the photograph at that time. After further consideration she decided that the debts of her relatives should be I

think the word was justified. I suspect they mean vindicated. And she indicated to the detective that positively that was the individual that had committed this crime. In fact, she was sure at the time she was shown the photographs the first time it was on this afraid [*sic*] to indicate that to the detective.

"The second witness Ruby indicated she was positive when she saw the photographs that that was the man who had shot the two individuals in the car. Just prior to that she had helped in the compilation of a composite drawing from an Identi-Kit supplied by Detective Krstolich. Her testimony was before she contributed to the composite drawing she had thought the individual who had done the shooting was a man by the name of Lamonte who had dated her niece. She was so sure in fact that she indicated at that time she almost called out, Lamonte, what are you doing, just before the individual fired the shots into the car. She indicated that after the composite and sometime either during or before the photographic lineup she picked photograph No. 3, which was a photograph of the defendant and said positively and absolutely that was the man that had done the shooting. Whether there was any confusion about the two Lamontes at all, she attempted to explain by saying they're identical. That the two individuals looked the same but by the time she saw the photographic lineup she indicated she was positive that was the individual who had done the shooting the, defendant in this case Lamonte McIntyre.

. . . .

"Further, here in court their identification of the defendant was absolute, positive, no mistake, no doubt at all. For those reasons I do not believe the fact circumstances in this trial merit an identification instruction and it's certainly in light of the fact defense has not requested the same nor has state for that matter. For those reasons I am not including [an] eyewitness instruction in the general instructions and I believe that's satisfactory record on that particular issue."

We conclude that the failure to give an eyewitness identification was not error.

Based upon the above circumstances, the record supports the decision of the trial court not to give such an instruction.

*Failure to Disclose Information Regarding the Second Photo Lineup*

McIntyre next argues the State prejudiced his rights by failing to disclose information regarding a second photo lineup in which Quinn identified him as the shooter. According to McIntyre, this failure on the part of the State affected the result of the trial because, armed with this information, he would have been better prepared to cross-examine Quinn and Golubski regarding the lineup.

The facts surrounding this alleged failure to disclose are as follows: Quinn testified that, when interviewed the day after the crime, she told Golubski she could not identify the shooter. However, she stated that about a week later she called Golubski and told him that she could make an identification. When Golubski testified, however, he stated that Quinn contacted him and asked to see the photographs again, and when she had done so, she identified McIntyre.

McIntyre's counsel cross-examined Golubski as to whether a report regarding this second photo lineup was made. Golubski stated that he told the prosecutor about the lineup at some time between the preliminary hearing and the trial. Outside of the presence of the jury, McIntyre's counsel asked the prosecutor when she had become aware of the second photo lineup. The prosecutor stated that she could not remember when she had been told of the information, but that at the time she did not feel that it was necessary information to be disclosed to the defense because it was not exculpatory.



McIntyre now argues the State was obligated to disclose the information regarding the second photo lineup. According to McIntyre, the pretrial order in the case required that the State disclose all evidence on the issue of McIntyre's guilt.

Prosecutors are under a positive duty, independent of court order, to disclose exculpatory evidence to the defendant. *State v. Nguyen*, 251 Kan. 69, 81, 833 P.2d 937 (1992). In addition, the State agreed at the pretrial conference to open its file to counsel for McIntyre for examination until two weeks before trial and represented that it had disclosed all evidence favorable to McIntyre on the issue of guilt.

The subsequent identification of McIntyre as the shooter by Quinn was inculpatory evidence. Thus, there was no independent duty on the part of the State to affirmatively disclose this evidence. A defendant does have a constitutionally protected privilege to request or obtain from the prosecution evidence which is material to the guilt or innocence of the defendant. See *State v. Carmichael*, 240 Kan. 149, 152, 727 P.2d 918 (1986). However, the defense made no attempt to interview Quinn or Golubski regarding whether Quinn would be able to identify McIntyre.

McIntyre claims that the pretrial order affirmatively requires that the State disclose all evidence relevant to his guilt or innocence, whether exculpatory or inculpatory, and that the failure to do so was a denial of fundamental fairness. However, the pretrial order merely states that the State had turned over exculpatory evidence to the defense and that the file on the case would be open for the defense's examination. The record establishes that McIntyre made no request to examine the State's file on the case. Finally, although McIntyre now argues that he objected to the introduction of the second photo lineup, the record does not support his assertion.

Quinn testified that she called the police and told them that she could identify the shooter. The defense was presented with the opportunity to cross-examine her as to why she could identify the shooter a week after the shooting though she told police she was not sure of the identity the day after the event. The defense also had the opportunity to cross-examine Golubski as to why Quinn was able to make an identification the second time. Based upon all circumstances, we conclude that the failure of the State to disclose the second lineup was not a denial of fundamental fairness.

*Certification to Stand Trial as an Adult*

K.S.A. 38-1636(a)(2) provides that the court may authorize the prosecution of a respondent 16 or more years of age as an adult. In determining whether or not prosecution as an adult should be authorized, the court is required to consider the following factors:

> "(1) The seriousness of the alleged offense and whether the protection of the community requires prosecution as an adult; (2) whether the alleged offense was committed in an aggressive, violent, premeditated or willful manner; (3) whether the offense was against a person or against property, greater weight being given to offenses against persons, especially if personal injury resulted; (4) the number of alleged offenses unadjudicated and pending against the respondent; (5) the previous history of the respondent, including whether the respondent had been adjudicated a delinquent or miscreant under the Kansas juvenile code or a juvenile offender under this code and, if so, whether the offenses were against persons or property, and any other previous history of antisocial behavior

> or patterns of physical violence; (6) the sophistication or maturity of the respondent as determined by consideration of the respondent's home, environment, emotional attitude, pattern of living or desire to be treated as an adult; (7) whether there are facilities or programs available to the court which are likely to rehabilitate the respondent prior to the expiration of the court's jurisdiction under this code; and (8) whether the interests of the respondent or of the community would be better served by criminal prosecution." K.S.A. 38-1636(e).

The standard for evaluating whether the decision to certify a juvenile as an adult was proper is whether the decision as a whole is supported by substantial competent evidence. *State v. Tran*, 252 Kan. 494, 508, 847 P.2d 680 (1993). The insufficiency of the evidence pertaining to one or more of the factors listed is not determinative. *State v. Hooks*, 251 Kan. 755, 759, 840 P.2d 483 (1992).

At the certification hearing, Denise Armstrong, McIntyre's probation officer, testified that he was on probation for an earlier robbery, had previously been arrested for misdemeanor theft, and was also facing a charge of possession of cocaine. According to Armstrong, McIntyre would not be a good candidate for probation and, due to his age, SRS custody would also not be an option. Armstrong felt that he might be committed to the Youth Center, but that the maximum time he could be held at that facility would be 3 years. Armstrong felt that the defendant was of an emotional maturity level consistent with his age.

McIntyre contends the trial court did not consider all of the factors listed. Specifically, he contends the trial court failed to consider the sixth and seventh factors: the sophistication and maturity of the defendant and the availability of facilities and programs likely to rehabilitate the defendant prior to the expiration of the court's

jurisdiction under the juvenile code.

However, an examination of the record demonstrates that McIntyre's argument is without merit. First, in making its decision, the court announced that it had considered all of the factors in K.S.A. 38-1636. Moreover, the court specifically stated that it had considered the maturity of the respondent, his age, and the fact that the juvenile system could not be of benefit to him. The court reached its conclusions on these factors after hearing evidence and arguments from both sides which thoroughly addressed the factors. Under these circumstances, the trial court did not fail to properly certify McIntyre as an adult.

McIntyre also contends there was not substantial competent evidence to support the trial court's decision to waive him to adult status. However, the record is replete with evidence that supports the finding of the trial court. Regarding the factor of the seriousness of the alleged offense, the crime for which McIntyre was being tried was first-degree murder, the most serious crime against a person. The offenses were committed in a violent, premeditated manner, and were against two people. At the time of trial, McIntyre was 17 years old, and as a result, an adjudication under the juvenile system could only keep him in custody until the age of 21. Under these circumstances, substantial competent evidence exists to support the decision of the trial court.

*Sufficiency of the Evidence*

McIntyre argues that the evidence was insufficient for the jury to have found him guilty beyond a reasonable doubt. He argues that there was no physical evidence or

motive to connect him with the crime.

When the sufficiency of the evidence is challenged in a criminal case, the standard of review is whether, after review of all the evidence, viewed in the light most favorable to the prosecution, we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *State v. Timley*, 255 Kan. 286, Syl. ¶ 13, 875 P.2d 242 (1994).

McIntyre argues that the because there was no physical evidence to connect him to the crime, and because the State did not establish a motive for him to commit the crime, there was not sufficient evidence to convict him. However, McIntyre was identified by two eyewitnesses to the crime who picked him out of a photo lineup. Viewing all the evidence, in the light most favorable to the prosecution, we are convinced that a rational factfinder could have found the defendant guilty beyond a reasonable doubt.

Affirmed.

A true copy ATTEST
Carol G. Green
Clerk Supreme Court

WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR

KATHLEEN M. COLLINS
CLERK DISTRICT COURT

PHILIP L. SIEVE, DIVISION 1
ADMINISTRATIVE JUDGE

# THE DISTRICT COURT

TWENTY-NINTH JUDICIAL DISTRICT, KANSAS
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101

April 22, 1996

Lindsey P. Erickson
6900 College Blvd., Ste 1020
Overland Park, Kansas 66211

Terra D. Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

In Re: State of Kansas vs Lamont McIntyre
District Court No. 94 CR 1213
Court of Appeals No. 96-76519-S

To Whom it May Concern:
Attached is the Table of Contents of the record on appeal. Please examine the contents and determine if there are to be futher additions to the record. Additions will be made only by written request.

The entire record is in the Clerk of the District Court and may be examined at any time prior to forwarding to the Appellant Court.

If there are any questions pertaining to this appeal, please contact this office.

Sincerely,

Kathleen M. Collins
Clerk of the District Court

By: [signature]
Deputy Appeals Clerk

FILED

96 APR 22 A 9: 45

WYANDOTTE DISTRICT COURT KANSAS
BY [signature] DEPUTY

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS,
Plaintiff,
Appellee,

vs

LAMONT MCINTYRE,
Defendant,
Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 96-76519-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS PAGE

Certified Copy of Appearance Docket.....1-3

Information, filed June 28, 1994.....4

Warrant, filed June 28, 1994.....5-8

Pre-Trial Conference Discovery by Deft, filed July 6, 1994.....9-12

Motion to Endorse, filed Aug 31, 1994.....13-14

Order for Transcript, filed Sept 20, 1994.....15

Motion to Endorse, filed Sept 22, 1994.....16-17

Instructions Given by Judge J. Dexter Burdette, filed Sept 30, 1994.....18-25

Verdict, filed Sept 30, 1994.....26-27

Motion for New Trial, filed Oct 11, 1994.....28-30

Motion for Judgement of Acquittal, filed Oct 11, 1994.....31-32

Entry of Appearance, filed Nov 23, 1994.....33

Journal Entry, filed Jan 11, 1995.....34-41

Order, filed March 29, 1996.....42-43

IN THE DISTRICT COURT OF WYANDOTTE COUTY, KANSAS

TABLE OF CONTENTS
VOLUME I
CONTINUED

DOCUMENTS PAGE

Motion for New Trial Based on Newly Discovered Evidence, filed March 29, 1996 .......... 44-50

Notice, filed April 2, 1996 .......... 51-55

Notice, filed April 3, 1996 .......... 56-58

Request for Transcript, filed April 10, 1996 .......... 59-60

Journal Entry, filed April 10, 1996 .......... 61-62

Notice of Appeal, filed April 10, 1996 .......... 63-64

VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 26th day of September, 1994 .......... 3-211

PARTIAL TRANSCRIPT JURY TRIAL, before the Honorable J. Dexter Burdette, on the 27th day of September, 1994 .......... 212-376

PARTIAL TRANSCRIPT JURY TRIAL, Before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994 .......... 377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995 .......... 2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994 .......... 2-6

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

## TABLE OF CONTENTS
## VOLUME V

DOCUMENTS PAGE

PRESENTENCE INVESTIGATION REPORT........................................2-5

```
***************************************************************
* COPY OF SCREEN 1400 AT 08:47:49 ON 04/22/96 BY OPER 777 *
***************************************************************

CR03,1994CR01213
                         CRIMINAL CASE MASTER          FUNCTION

STATE VS LAMONTE MCINTYRE       INDEX? N    SSN 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   DOB 07-28-1976

FILED 06-28-1994 TYPE OGF   CASE STATUS CLOSED        AS OF MM-DD-CCYY JAIL? Y

EXAMINE MM-DD-CCYY   DEADLINE 10-04-1994   BOUND MM-DD-CCYY   APPEAL 01-11-1995

BOND MM-DD-CCYY TYPE             $           COMPANY

TRIAL TYPE J RESULT G  SENTENCE LIFE E/CT          PROBATION JONES      SRDC? N

                    * * *   NO MORE INDIVIDUALS   * * *              PAGE    1
ADA TERRA DAWN MOREHEAD             WDW GARY W LONG                APPOINTED
DEA CARL E CORNWELL        RETAINED

PF1: INDEX      PF2: HISTORY      PF3: ACCOUNT
```

```
**************************************************************
* COPY OF SCREEN 1400 AT 08:47:54 ON 04/22/96 BY OPER ??? *
**************************************************************

CR05,1994CR01213
                              CRIMINAL CASE HISTORY          FUNCTION
STATE VS LAMONTE MCINTYRE          CLOSED
                          * * *  MORE ENTRIES      * * *          PAGE   1
  CHARGE   2CT 21-3401   FIRST DEGREE MURDER
   6-28-1994          2 WIS                    WRE
   6-29-1994         TO ARP                    HERD
   7- 6-1994  9:00    3 PLH                    WAIV
   7- 6-1994          3 ARR                    HERD
   7- 6-1994          3 PTR                    HERD M  24      MED WITN
   9-26-1994          5 TRL 4 DAYS             CONT
   9-29-1994          5 TRL                    GUIL
   1- 6-1995  9:00    5 SEN                    HERD
   6-28-1994 DOB: 7-28-76
             2CTS MURD 1 21-3401 OGF WARR INFO AFF FIL ISS WARR
             INFO SHRF
   6-30-1994 WARR RTN CHGES READ(6/29)BOND $100,000 EXT SET 7/7/94
             9AM BK PROTEM COMMIT BAIL ORD FIL
   7- 6-1994 DEF PLED NGUIL BOND $100,000 G LONG APPTD PTR CONDUCTED
             SET FOR TRL DJS ORD FIL DJS (MIGHT PLEA-MED WITN)
   7-22-1994 SPEC SET 9/26/94 9AM BEFOR JUDGE BURDETTE D9 DJS
   8-31-1994 MOTION ENDORSE FIL
   9- 1-1994 6 PRAC FIL ISS 36 SUBP DA
   9-15-1994 LTR MOT ENDORS WITNS FIL DJS
   9-20-1994 NOT OF ALIBI/WITN LIST FIL
             ORD FOR TRANS OF PRELIM HRG FIL TLB
   9-22-1994 MOTION ENDORSE FIL
   9-26-1994 TRL: JURY TRL HELD SEPT 26,27,28, & 29, DEF MOT AQUIT
             HERD DENI JURY REACHES VERDICT GUIL 2 CTS MURDER 1 KSA
             21-3401 OGF DEF GIVEN 10/12/94 FIL MOT NEW TRL SAME
             BOND JURY RELEASED JDB
   9-27-1994 WITN AFF FIL($23.36 SHELTON)
   9-30-1994 INSTRUCT CT JURY LIST 2 VERDICT FIL JDB
  10-11-1994 MOT NEW TRL,MOT JUDG OF ACQUITAL FIL
  10-14-1994 STMT FIL DA DUE (E MITCHELL) - $150.00
  11-10-1994 MOT NEW TRL GRTD CONT 11/18/94 9AM JDB
  11-18-1994 MOT NEW TRL DENI DEF SEN SET 1/6/95 9AM DIV 9 JDB
  11-23-1994 ENTRY OF APPEAR OF ATTY(C. CORNWELL) FIL
  11-28-1994 LTR SET SENT 1/6/95 9AM D9 FIL JDB
   1- 6-1995 DEF SENT LIFE E/CT SEC CORR RUN CONSEC E/OTHER JDB

 PF1: INDEX     PF2: CASE      PF3: ACCOUNT     PF4: FORWARD
                                                PF9: HEARING   PF10: DOCKET
```

2

```
****************************************************************
* COPY OF SCREEN 1400 AT 08:47:57 ON 04/22/96 BY OPER ??? *
****************************************************************

CR05,1994CR01213
                          CRIMINAL CASE HISTORY           FUNCTION
STATE VS LAMONTE MCINTYRE        CLOSED
                    * * *   NO MORE ENTRIES   * * *             PAGE   2
   1-11-1995 NOTICE OF APPL FIL(ATTY:CORNWELL)
             JE FIL JDB ISS COMMIT, EXEC, JE, INFO, PSI, SHRF, MAIL
             COPY JE SEC CORR
   1-13-1995 ORD APPT ATTY(G.LONG 7-6-94) FIL JDB
   1-17-1995 DEMAND FOR EST COST TRANS FIL
   1-23-1995 ACKNOW REC EST COST TRANS FIL
   1-31-1995 DOCKET NOT FIL(95-73387-S)
   2- 3-1995 LTR FRO M.STINE FIL ADVISING NO TRANS PREPARED
   2- 7-1995 2TRANS FIL(MOT NEW TRL,SEN)(D.HARLEY)
   2- 9-1995 REQ FOR EST COST TRANS FIL
   2-21-1995 3VOL TRANS JURY TRL FIL(GREINER)CERT COMPL TRANS FIL
   3- 2-1995 PSI FIL IN FIL
   3-31-1995 STMT FIL DA DUE UNIVERSITY PATHOLOGY - $800.00
   8-15-1995 STMT FIL DA DUE LEGAL PRINTING COMPANY - $78.00
  10-19-1995 ORD FOR RECORDS APPL CRT FIL(MICRO10/20)
  10-24-1995 CERT MAIL APPEL COURT Z037614238 FIL
   3- 4-1996 DEF MOTION NEW TRIAL DENIED CREDABILITY OF WITNESS QUINN TOTALLY
             LACKING NO REASONABLE PROBABILITY OF DIFFERENT SENTENCE UPON
             RETRIAL JDB
   3-29-1996 MOTION FOR NEW TRIAL FILED
             ORDER TO TRANSPORT FILED JDB ISSUED ORD SHRF
   4- 2-1996 1PRAC FIL ATTY:1SUBP ISS ATTY(N.QUINN)
             NOTICE OF AFFIDAVIT OF N.QUINN FIL(L.ERICKSON)
   4- 3-1996 NOTICE ATTACHING AFF W/REGARD TO MOTION FOR NEW TRIAL/AFF ATTACHED
             FIL
   4-10-1996 JE(MOT FOR NEW TRIAL)DENIED FIL JDB
             NOTICE OF APPEAL FIL(ERICKSON) REQUEST FOR TRANSCRIPT FIL
   4-11-1996 DEMAND FOR ESTIMATED COST TRANS FIL
             MANDATE FROM APPEALS COURT FIL DIST CRT JUDGEMENT AFFIRMED
   4-18-1996 2ND NOTICE OF APPEAL(FILE/5TRANSCRIPTS CHECKED OUT TO APPLS CLERK)

PF1: INDEX     PF2: CASE     PF3: ACCOUNT                    PF5: BACKWARD
                                           PF9: HEARING     PF10: DOCKET
```

4-22-96

3

**BOND RECORD**

# CRIMINAL TRIAL DOCKET
## District Court, Wyandotte County, Kansas

94 CR 1213
Case No.

$100,000

STATE OF KANSAS, Plaintiff

vs.

LAMONTE MCINTYRE

Defendant

X TERRA MOREHEAD
Attorneys for Plaintiff

X GARY LONG - APPTED 7/6/94
Attorneys for Defendant

Filed June 28, 19 94

Nature of Action 2cts Murder 1 21-3401 OG

| Bond Record | DATE 19 94 | ACTION OF COURT (Each Judge Will Please Sign After Each Order) |
|---|---|---|
| | June 29,1994 | First Appearance Chges Read Deft Bond Set $100,000 Exc Set 7/7/94 9AM BK Protem |
| Est time - 4 days | 7/6/94 | Deft. appears w/counsel; Charges read; deft pleads not guilty; Bond set at $100,000.00; Gary Long appointed to represent deft. Pre-trial conducted with Paul Burmaster present; Case ordered set for trial by Jury. |
| | 7/22/94 | Special set for Trial Mon. 9/26/94 9AM before Judge Burdette D9 S/DJS |
| Kim Greiner | 9/26/94 | All parties present. VOIR DIRE. Jury sworn. Opening statements. Trial proceeds. Evening recess. |
| Kim Greiner | 9/27/94 | All parties present. Trial proceeds. State rests. Instruction argued. |
| Kim Greiner | 9/28/94 | All parties present. Δ's motion for acquittal heard and denied. Defense begins. Defense rests. Instruction read. Closing argument. Deliberations begin. Evening recess. |
| Kim Greiner | 9/29/94 | All parties present. Testimony read back. Deliberations continue. Jury reaches verdict of guilty as charged on two counts of Murder I, 21-3401, OGF PF. Δ given to 10/12/94 to file motion for new trial. Bond same. Jury released after being polled. |
| David Haley | 11/10/94 | All parties present. Δ's motion to cont. motion for new trial is heard and granted. New trial motion cont. to 11/18/94 at 9:00 AM |
| | 11/18/94 | All parties present. Δ's motion for new trial heard, considered and denied. Δ's sentencing date set for 1/6/95 at 9:00 AM in Div #9. PSI ordered. |
| Dave Haley | 1/6/95 | All parties present. Allocution; Δ sentenced to custody of DOC on the two counts of 1st degree murder to Life imprisonment on each count, 21-3401 OGF. ~~Bond~~ Each sentence |

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

'96 APR 11 A8:56

STATE OF KANSAS,

Plaintiff,

versus

Case No. 94 CR 1213

LAMONT MC INTYRE,

Defendant.

DEMAND FOR ESTIMATED COST OF STENOGRAPHIC TRANSCRIPT

COMES now Nancy Moroney Wiss, CSR, RMR, and, pursuant to Rule No. 3.03 of the Kansas Supreme Court, makes demand that appellant, Lamont McIntyre, advance the payment of the estimated cost of the transcript which was ordered in Case No. 94 CR 1213 on the 10th day of April, 1996; and said reporter estimates the cost to complete the transcript is the sum of $120.00.

Any adjustment necessary upon completion will be refunded or billed upon filing of said transcript.

Nancy Moroney Wiss
Official Court Reporter
Wyandotte Co. Courthouse
Division 8
KCK 66101

CERTIFICATE OF SERVICE

I, Nancy Moroney Wiss, CSR, RMR, hereby certify that I filed the original of the above and foregoing DEMAND FOR ESTIMATED COST OF STENOGRAPHIC TRANSCRIPT with the Clerk of the District Court and that I served a true and correct copy of the above and foregoing motion by depositing same in the United States Mail, first class postage prepaid on this 10th day of April, 1996, to:

1. Clerk of Appellate Courts
   Kansas Judicial Center
   301 West Tenth
   Topeka, KS 66612

2. Lindsey P. Erickson
   Attorney for Defendant
   6900 College Blvd., Suite 1020
   Overland Park, KS 66211

3. Terra Morehead
   Asst. D.A.
   Justice Complex
   Kansas City, KS 66101

FOR CLERK'S USE ONLY

FILED
RC
96 APR 2 P 4:28

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

The State of Kansas
Plaintiff

No. 94CR1213

vs.

Lamonte McIntyre
Defendant

**SUBPOENA**

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| ~~Stacy Quinn~~ | | | | |
| Niko Quinn | Hutchings Street Kansas City Kansas | 4/2/96 | ✓ | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on Thursday April 4, 1996, at 8:30 o'clock A.M. in Division nine located on the Mezzanine Floor, to testify on behalf of the defendant in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: [signature]

DATED: 4/2/96

CLERK OF THE DISTRICT COURT

By [signature] Bryant
DEPUTY

RETURN ON SERVICE

I received this subpoena ____________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

______________
SHERIFF

By ______________
DEPUTY

WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR

HELEN ZAGAR
CLERK DISTRICT COURT

PHILIP L. SIEVE, DIVISION 1
ADMINISTRATIVE JUDGE

# THE DISTRICT COURT

TWENTY-NINTH JUDICIAL DISTRICT, KANSAS
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101

October 19, 1995

Lindsey P. Erickson.
Carl E. Cornwell
6900 College Blvd., Ste 1020
Overland Park, Kansas 66211

Terra Morehead
Asst District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

In Re: State vs McIntyre
District Court No. 94 CR 1213
Court of Appeals No. 95-73387-S

To Whom it May Concern:

Attached is the Table of Contents which has been sent to the Court of Appeals this date.

If there are any questions pertaining to this appeal, please contact this office.

Sincerely,

Helen Zagar
Clerk of the District Court

By:
Deputy Appeals Clerk

FILED
JAN 30 P2:21
BY DEPUTY

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS,
Plaintiff,
Appellee,

vs

LAMONTE MCINTYRE,
Defendant,
Appellant,

District Court No. 94 CR 1213
Court of Appeals No: 95-73387-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS PAGE

Certified Copy of Appearance Docket....................................1-3

Information, filed June 28, 1994..........................................4

Warrant, filed June 28, 1994............................................5-8

Pre-Trial Conference Disocvery by Deft, filed July 6, 1994...............9-12

Motion to Endorse, filed Aug 31, 1994...................................13-14

Order for Transcript, filed Sept 20, 1994..................................15

Motion to Endorse, filed Sept 22, 1994..................................16-17

Instructions, filed Sept 30, 1994.......................................18-25

Verdict, filed Sept 30, 1994............................................26-27

Motion for New Trial, filed Oct 11, 1994................................28-30

Motion for Judgment of Acquittal, filed Oct 11, 1994....................31-32

Entry of Appearance, filed Nov 23, 1994....................................33

Journal Entry, filed Jan 11, 1995.......................................34-41

Notice of Appeal, filed Jan 11, 1995....................................42-43

Order Appointing/Assigning Private Counsel, filed Jan 13, 1995............44

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TABLE OF CONTENTS
VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL (1 of 3) before the Honorable J. Dexter Burdette, on the 26th day of September, 1994.........3-211

PARTIAL TRANSCRIPT JURY TRIAL (2 of 3), before the Honorable J. Dexter Burdette, on the 27th day of September, 1994.........212-376

PARTIAL TRANSCRIPT JURY TRIAL (3 of 3), before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994.........377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995.........2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994.........2-6

VOLUME I
CONTINUED

DOCUMENTS PAGE

Request for Additions to the Record, filed March 29, 1995.........45

VOLUME V

DOCUMENTS PAGE

PARTISL TRSNSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994.........2-28
(94JV489)

VOLUME VI

DOCUMENTS PAGE

PARTIAL TRANSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994.........2-49
(94JV489)

APPEAL

94CR1213

SENDER:
- Complete items 1 and/or 2 for additional services.
- Complete items 3, and 4a & b.
- Print your name and address on the reverse of this form so that we can return this card to you.
- Attach this form to the front of the mailpiece, or on the back if space does not permit.
- Write "Return Receipt Requested" on the mailpiece below the article number.
- The Return Receipt will show to whom the article was delivered and the date delivered.

I also wish to receive the following services (for an extra fee):
1. ☐ Addressee's Address
2. ☐ Restricted Delivery
Consult postmaster for fee.

3. Article Addressed to:

APPELLATE COURT
STATE OF KANSAS
KANSAS JUDICIAL CENTER
310 W 10TH STREET
TOPEKA, KANSAS 66612

94CR1213, 93CR1780, 91CR216

4a. Article Number
Z 037 614 238

4b. Service Type
☐ Registered ☐ Insured
☐ Certified ☐ COD
☐ Express Mail ☐ Return Receipt for Merchandise

7. Date of Delivery
OCT 23 1995

5. Signature (Addressee)

8. Addressee's Address (Only if requested and fee is paid)

6. Signature (Agent)
[signature]

PS Form 3811, December 1991 ☆U.S. GPO: 1993—352-714 DOMESTIC RETURN RECEIPT

Is your RETURN ADDRESS completed on the reverse side?

Thank you for using Return Receipt Service.

PLEASE EXPEDITE

Appe... e Case No. 95 73387 - S

# ORDER FOR RECORDS

## IN THE APPELLATE COURTS OF THE STATE OF KANSAS

APPEAL

301 SW 10th Avenue Topeka, Kansas 66612-1507

STATE OF KANSAS )
)
VS )
)
LAMONTE MCINTYRE )

District Court No. 94CR1213

County WYANDOTTE

We hereby request that you transmit the Record on Appeal in the above-stated matter to the Clerk of the Appellate Courts in accordance with Rule 3.07.

IN ADDITION TO THOSE DOCUMENTS REQUESTED BY RULE 3.02
PLEASE INCLUDE THESE ADDITIONAL RECORDS

| | | |
|---|---|---|
| Court Files | Transcripts | Jury Instructions |
| Depositions | Exhibits(MAILABLE) | Criminal Record (on 60-1507 appeals) |

DO NOT SEND MONEY, GUNS, KNIVES, NARCOTICS, CONTRABAND, CLOTHING.

CAROL G. GREEN
Clerk of the Appellate Courts

*To be completed by District Court*

Date sent Oct 19, 1995

No. of Volumes sent 6
No. of Exhibits sent 0
Total items sent 6
Additional volumes sent:
Date
No. sent

*Appellate Clerk use*
Assigned Judge
Date Delivered
Date Returned

*To be completed by Appellate Court*

Date ordered OCTOBER 16, 1995
Date received
No. of Volumes receive
No. of Exhibits receivec
Total items received
Additional volumes rec
Date
No. received

Grand Total

Date returned to Distri

NOTE: District Court Clerk retain one copy for yo
include one copy with your transmittal (rec

Z 037 614 238

**Receipt for Certified Mail**
No Insurance Coverage Provided
Do not use for International Mail
(See Reverse)

UNITED STATES POSTAL SERVICE

| | |
|---|---|
| Sent to CAROL GREEN | |
| Street and No. CLERK OF THE APPEALS CT | |
| P.O., State and ZIP Code 301 W 10TH | |
| Postage TOPEKA, KANSAS 66612 | $ |
| Certified Fee | |
| Special Delivery Fee | |
| Restricted Delivery Fee | |
| Return Receipt Showing to Whom & Date Delivered | |
| Return Receipt Showing to Whom, Date, and Addressee's Address | |
| TOTAL Postage & Fees | $ |
| Postmark or Date | |

PS Form 3800, March 1993



LEGAL PRINTING COMPANY INC.

# INVOICE

Corporate Office:
1202 Front Street, P.O. Box 508
Tonganoxie, Kansas 66086-0508
(913) 724-1623 • (913) 845-3388 • FAX (913) 845-2800

K.C. Metro Office:
10501 Shawnee Mission Parkway
Shawnee Mission, Kansas 66203
(913) 631-3464 • FAX (913) 631-7333

D04
DISTRICT ATTORNEY'S OFFICE
ATTN:LINDA
710 NORTH 7TH STREET
KANSAS CITY KS 66101

95 AUG 15

Ship To/Remarks
STATE VS McINTYRE
TERRA D. MOREHEAD

| DATE | NUMBER | PAGE | DUE DATE |
|---|---|---|---|
| 08/02/95 | 12704 | 1 | 09/01/95 |

| SHIP VIA | FOB | TERMS | P.O. NUMBER | OUR JOB NUMBER |
|---|---|---|---|---|
| | | 0/ 30/ N30 | MCINTYRE | |

| DESCRIPTION | AMOUNT |
|---|---|
| BRIEF OF APPELLEE, NO. 95-73387-S | |
| STATE OF KANSAS, PLAINTIFF-APPELLEE | |
| VS | |
| LAMONTE McINTYRE, DEFENDANT-APPELLANT | |
| 15 SHOOT & RUN TEXT PAGES | 63.75 |
| 1 SHOOT & RUN COVER | 4.25 |
| MAILING & FILING | 10.00 |
| PLEASE RETURN YELLOW COPY WITH PAYMENT | |
| Thank you....from Marge!! | |

Case: State v. McIntyre
Case No.: 94CR1213
Okay Pay - Nick A. Tomasic

| | |
|---|---|
| SUBTOTAL | 78.00 |
| TAX | 0.00 |
| TOTAL | 78.00 |
| NET TO PAY | 78.00 |

Please Remit All Payments To:
1202 Front Street
P.O. Box 508
Tonganoxie, Kansas 66086-0508

WHITE--Customer YELLOW--Remittance Copy PINK--Accounting

KB

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

05 FEB 0 A 9:02

STATE OF KANSAS,

Plaintiff,

vs No. 94CR 1213

LAMONTE McINTYRE,

Defendant.

**REQUEST FOR ESTIMATE OF COST OF TRANSCRIPT**

Comes now appellant, LaMonte McIntyre, and hereby requests an estimate of the cost of the transcript of the Waiver Hearing held in the Juvenile Department of the District Court of Wyandotte County, Kansas, Case No. 94JV0489, entitled *In the Matter of LaMonte McIntyre*, held on the 28th day of June, 1994 for purposes of appeal.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________
CARL E. CORNWELL 9049
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
Attorneys for Appellant

**CERTIFICATE OF SERVICE**

I certify that on this _____ day of February, 1995, a copy of the above and foregoing was mailed, postage prepaid, addressed to: Terra Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101, and to: Melva Stine, Transcription Department, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY ______________________________

Carl E. Cornwell
Attorneys for Appellant

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

95 MAY 23 P 2:40

STATE OF KANSAS, Plaintiff, vs. LAMONTE MCINTYRE, Defendant.

Case No. 94 CR 1213

VOLUME I
(of three volumes)

PARTIAL TRANSCRIPT
JURY TRIAL

ORIGINAL

PROCEEDINGS had before the Honorable J. Dexter Burdette, District Judge of the District Court of Wyandotte County Kansas, Division 9 at Kansas City, Kansas, on the 26th day of September, 1994.

A P P E A R A N C E S

The plaintiff, STATE OF KANSAS, appeared by MS. TERRA MOREHEAD, Assistant Wyandotte County District Attorney, 710 North 7th, Kansas City, Kansas.

The defendant, LAMONTE MCINTYRE, appeared in person and by MR. GARY LONG, Attorney at Law, 400 North 6th Street, Kansas City, Kansas.

KIMBERLY R. GREINER
Registered Professional Reporter
Certified Shorthand Reporter
Wyandotte County Courthouse
Kansas City, KS 66101

8511-20-LAZOR PENGAD/INDY. MUNCIE, IN 47302

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

95 MAY 23 P 2:40

STATE OF KANSAS, WYANDOTTE COUNTY, KANSAS
DEPUTY

STATE OF KANSAS,
Plaintiff,
vs.
LAMONTE MCINTYRE,
Defendant.

Case No. 94 CR 1213

VOLUME III
(of three volumes)

ORIGINAL

PARTIAL TRANSCRIPT
JURY TRIAL

PROCEEDINGS had before the Honorable J. Dexter Burdette, District Judge of the District Court of Wyandotte County Kansas, Division 9 at Kansas City, Kansas, on the 28th and 29th days of September, 1994.

A P P E A R A N C E S

The plaintiff, STATE OF KANSAS, appeared by MS. TERRA MOREHEAD, Assistant Wyandotte County District Attorney, 710 North 7th, Kansas City, Kansas.

The defendant, LAMONTE MCINTYRE, appeared in person and by MR. GARY LONG, Attorney at Law, 400 North 6th Street, Kansas City, Kansas.

KIMBERLY R. GREINER
Registered Professional Reporter
Certified Shorthand Reporter
Wyandotte County Courthouse
Kansas City, KS 66101

8511-20-LAZOR PENGAD/INDY. MUNCIE, IN 47302

STATEMENT

UNIVERSITY PATHOLOGY ASSOCIATION

P.O. BOX 6781 • SHAWNEE MISSION, KANSAS 66206 • 913-588-7255

FILED

Payments or Charges After [handwritten] Will Appear On Your Next Statement.

95 MAR 31 P1 49

CLERK DISTRICT COURT WYANDOTTE COUNTY

| STATEMENT DATE | YOUR ACCOUNT NO. | PAGE NO. |
|---|---|---|
| 2/27/95 | 000003511 | 1 |

PLEASE ENTER AMT. OF PAYMENT

**RESPONSIBLE PARTY**

OFFICE OF DISTRICT ATTORN
710 NORTH 7TH ST
ATTN NICK TOMAS
KANSAS CITY KS 66101-

**STATEMENT MESSAGE**

You may use the PHYSICIAN FEE COLLECTION CENTER in Bell Mem. Lobby to pay this bill or use the enclosed return envelope.

| INSURANCE COMPANY | GROUP NO. | POLICY NO. |
|---|---|---|
| | | |

RETURN THIS PORTION TO ASSURE PROPER CREDIT

MAKE CHECK PAYABLE TO: UNIVERSITY PATHOLOGY ASSOCIATION

RETAIN THE LOWER PORTION OF THE STATEMENT FOR YOUR INCOME TAX & INSURANCE RECORDS

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

| REFERRING PHYSICIAN | LOCATION OF SERVICES |
|---|---|
| | |

| DATE OF SERVICE | SERVICE DESCRIPTION | UNITS | UNIT PRICE | AMT. BILLED TO INSURANCE | AMT. DUE FROM PATIENT |
|---|---|---|---|---|---|
| | PREVIOUS BALANCE | | | .00 | 800.00 |

RECEIVED
95 MAR 23 AM 10:20
DIST. ATTORNEY'S OFFICE
WYANDOTTE COUNTY KANSAS
BY

Case: Stake v. McIntyre
Case No.: 94CR1213
Okay Pay - Nick A. Tomasic /kal

| ACCOUNT NO. | STATEMENT DATE | CURRENT | 31 - 60 | 61 - 90 | 91 - 120 | OVER 120 | PLEASE PAY THIS AMOUNT | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|
| 000003511 | 2/27/95 | .00 | .00 | | .00 | 800.00 | | 800.00 |

OFFICE OF DISTRICT ATTORN

THIS STATEMENT IS FOR YOUR PERSONAL RECORDS. IT IS NOT VALID FOR INSURANCE SUBMISSION.

TAX I.D. 48-0788824

UNIVERSITY PATHOLOGY ASSOCIATION, P.O. BOX 6781, SHAWNEE MISSION, KS 66206 • (913) 588-7255



Office of The
DISTRICT ATTORNEY
Of The 29th Judicial District of Kansas
Wyandotte County Justice Complex
710 N. 7th Kansas City, Kansas 66101
(913) 573-2851
Fax (913) 573-2948
DISTRICT ATTORNEY
Nick A. Tomasic
FILED
95 MAR 31 P1:50
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY DEPUTY

November 15, 1994

Mr. Jay McFadden
Office of Legal Council
K. U. Medical Center
39th and Rainbow Boulevard
Kansas City, Kansas 66103

RE: University Pathology Association Billing

Dear Jay:

Enclosed you will find a copy of the bill our office received from University Pathology Association. The doctor who testified was Dr. Clarke Anderson. I really appreciate any assistance you can give us in this matter. Please advise at your convenience what we should do.

Thank you so much for your help.

Sincerely yours,

MARY ANN SLATTERY
Chief Deputy District Attorney

MAS:lkf

Enclosure

STATEMENT

UNIVERSITY PATHOLOGY ASSOCIATION

P.O. BOX 6781 • SHAWNEE MISSION, KANSAS 66206 • 913-588-7255

| STATEMENT DATE | YOUR ACCOUNT NO. | PAGE NO. |
|---|---|---|
| 10/31/94 | 000003511 | 1 |

Payments or Charges After 10/31/94 Will Appear On Your Next Statement.

PLEASE ENTER AMT. OF PAYMENT

RESPONSIBLE PARTY

OFFICE OF DISTRICT ATTORN
710 NORTH 7TH ST
ATTN NICK TOMAS
KANSAS CITY KS 66101-

STATEMENT MESSAGE

PLEASE CONTACT OUR OFFICE AT (913) 588-7255 IF YOU HAVE ANY QUESTIONS REGARDING THIS BILL.

| INSURANCE COMPANY | GROUP NO. | POLICY NO. |
|---|---|---|
| | | |

RETURN THIS PORTION TO ASSURE PROPER CREDIT

MAKE CHECK PAYABLE TO: UNIVERSITY PATHOLOGY ASSOCIATION

RETAIN THE LOWER PORTION OF THE STATEMENT FOR YOUR INCOME TAX & INSURANCE RECORDS
PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

| REFERRING PHYSICIAN | LOCATION OF SERVICES |
|---|---|
| | |

| DATE OF SERVICE | SERVICE DESCRIPTION | UNITS | UNIT PRICE | AMT. BILLED TO INSURANCE | AMT. DUE FROM PATIENT |
|---|---|---|---|---|---|
| 09/27/94 | 30002 TESTIMONY - COURT CASE MCINTYRE, LAMONTE | 1.00 | 800.00 | | 800.00 |

FILED
95 MAR 31 P 1 50
CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS

| ACCOUNT NO. | STATEMENT DATE | CURRENT | 31 - 60 | 61 - 90 | 91 - 120 | OVER 120 | | BALANCE DUE |
|---|---|---|---|---|---|---|---|---|
| 000003511 | 10/31/94 | 800.00 | .00 | .00 | .00 | .00 | PLEASE PAY THIS AMOUNT → | 800.00 |

OFFICE OF DISTRICT ATTORN

THIS STATEMENT IS FOR YOUR PERSONAL RECORDS. IT IS NOT VALID FOR INSURANCE SUBMISSION.

TAX I.D. 48-0788824

UNIVERSITY PATHOLOGY ASSOCIATION, P.O. BOX 6781, SHAWNEE MISSION, KS 66206 • (913) 588-7255

WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR

HELEN ZAGAR
CLERK DISTRICT COURT

DEAN J. SMITH, DIVISION 3
ADMINISTRATIVE JUDGE

# THE DISTRICT COURT

TWENTY-NINTH JUDICIAL DISTRICT, KANSAS
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101

March 31, 1995

Lindsey P Erickson
Carl E Cornwell
6900 College Blvd., Ste 1020
Overland Park, Kansas 66211

Terra Morehead
Assistant District Attorney
Wy Co Justice Complex
Kansas City, Kansas 66101

In Re: State vs McIntyre
District Court No. 94 CR 1213
Court of Appeals NO. 95-73387-S

To Whom it May Concern:

Attached is the Table of Contents which has been sent to the Court of Appeals this date.

If there are any questions pertaining to this appeal, please contact this office.

Sincerely,

Helen Zagar
Clerk of the District Court

By:
Deputy Clerk

FILED

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS JAN 30 P2:21

BY DEPUTY

STATE OF KANSAS,
Plaintiff,
Appellee,

vs

LAMONTE MCINTYRE,
Defendant,
Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 95-73387-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS PAGE

Certified Copy of Appearance Docket....................................1-3

Information, filed June 28, 1994.......................................4

Warrant, filed June 28, 1994...........................................5-8

Pre-Trial Conference Disocvery by Deft, filed July 6, 1994...............9-12

Motion to Endorse, filed Aug 31, 1994..................................13-14

Order for Transcript, filed Sept 20, 1994..............................15

Motion to Endorse, filed Sept 22, 1994.................................16-17

Instructions, filed Sept 30, 1994......................................18-25

Verdict, filed Sept 30, 1994...........................................26-27

Motion for New Trial, filed Oct 11, 1994...............................28-30

Motion for Judgment of Acquittal, filed Oct 11, 1994...................31-32

Entry of Appearance, filed Nov 23, 1994................................33

Journal Entry, filed Jan 11, 1995......................................34-41

Notice of Appeal, filed Jan 11, 1995...................................42-43

Order Appointing/Assigning Private Counsel, filed Jan 13, 1995...........44

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TABLE OF CONTENTS
VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL (1 of 3) before the Honorable J. Dexter Burdette, on the 26th day of September, 1994.............................3-211

PARTIAL TRANSCRIPT JURY TRIAL (2 of 3), before the Honorable J. Dexter Burdette, on the 27th day of September, 1994.............................212-376

PARTIAL TRANSCRIPT JURY TRIAL (3 of 3), before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994....................377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995................................................2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994..............................2-6

VOLUME I
CONTINUED

DOCUMENTS PAGE

Request for Additions to the Record, filed March 29, 1995.................45

VOLUME V

DOCUMENTS PAGE

PARTISL TRSNSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994................................2-28
(94JV489)

VOLUME VI

DOCUMENTS PAGE

PARTIAL TRANSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994................................2-49
(94JV489)

CORNWELL & EDMONDS
Attorneys at Law
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611 • Fax (913) 661-9814

Carl E. Cornwell
Robb Edmonds
Lindsey P. Erickson

March 28, 1995

FILED
95 MAR 29 P1:00
BY WYANDOTTE ... KANSAS
DEPUTY

Clerk of the District Court
ATTN: Leslie
Wyandotte County Courthouse
710 North 7th Street
Kansas City, KS 66101

RE: In the Matter of Lamonte McIntyre
Juvenile Case No. 94JV 0489
Adult Case No. 94CR 1213
Appellate Case No. 95-73387-S

Dear Leslie:

Please be advised that I would like to add to the record on appeal the two volumes of the Waiver Hearing filed September 27, 1994 and March 13, 1995 as Volume V.

Thank you for your consideration in this matter. If you have any questions, please do not hesitate to call.

Sincerely,

LINDSEY P. ERICKSON

LPE;jmt

05 FEB 21 P 1:55

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DIVISION

| | | |
|---|---|---|
| STATE OF KANSAS, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 94 CR 1213 |
| LAMONTE MCINTYRE, | ) | |
| Defendant. | ) | |

ORIGINAL

CERTIFICATE OF COMPLETION OF TRANSCRIPT

I, Kimberly R. Greiner, Official Court Reporter of the Wyandotte County District Court, certify that pursuant to the request for transcript of Mr. Carl Cornwell, attorney for the defendant, I have filed said transcript;

PARTIAL TRANSCRIPT OF JURY TRIAL

September 26, 1994 - Volume I
September 27, 1994 - Volume II
September 28/29, 1994 - Volume III

(voir dire, testimony, motion for acquittal, instruction conference and closing)

with the Clerk of the District Court of Wyandotte County, Kansas.

Kimberly R. Greiner
Official Court Reporter

CERTIFICATE OF SERVICE

I, Kimberly R. Greiner, CSR, hereby certify that I filed the original of the above and foregoing CERTIFICATE OF COMPLETION OF TRANSCRIPT with the Clerk of the District Court and that I served a true and correct copy of the above and foregoing certificate by depositing the same in the United State mail, first-class postage prepaid, on this 21st day of February, 1995, to:

1. Clerk of the Appellate Courts
   Kansas Judicial Center
   301 W. 10th
   Topeka, Kansas 66612

2. Mr. Carl Cornwell
   CORNWELL & EDMONDS
   Suite 1020
   6900 College Boulevard
   Overland Park, Kansas 66211

3. Ms. Terra Morehead
   District Attorney's Office
   Wyandotte County Courthouse
   710 North 7th Street
   Kansas City, Kansas 66101
   (hand-delivered)



WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR
29TH JUDICIAL DISTRICT
WYANDOTTE COUNTY COURTHOUSE

**THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**

TRANSCRIPTION DEPARTMENT
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101
913-573-2879

95 FEB 3 P 3: 12
FILED
KANSAS DEPUTY

February 3, 1995

Ms. Mary Holmes
Clerk of the Appellate Courts
Kansas Judicial Center
301 West 10th Street
Topeka, Kansas 66612

RE: Case No. 94CR1213, State of Kansas v. LaMonte McIntyre
Case No. 94JV0489, In the Matter of LaMonte McIntyre

Dear Mary:

An Order for Transcript of the waiver hearing held in juvenile court on June 28, 1994, in case number 94JV0489, was filed September 20, 1994, by Mr. Gary Long, and the transcript of that hearing was filed September 27, 1994.

I have determined that none of the proceedings held after June 28, 1994, in case number 94CR1213 were tape recorded; therefore, I will not be preparing the transcripts requested by Mr. Carl Cornwell for appeal purposes.

If you need further information, please contact me.

Sincerely,

Melva Stine

1 enc.

cc: Court File

APPEAL

OFFICE OF CLERK OF APPELLATE COURTS
DOCKETING NOTICE

DATE: 01/20/95.

DISTRICT CASE NO. 94CR1213

95 JAN 30 P 1:04

BY DEPUTY

APPEALS CLERK
CLERK DISTRICT COURT
WYANDOTTE COUNTY COURTHOUSE
KANSAS CITY KS 66101

PLEASE BE ADVISED THAT THE FOLLOWING ACTIVITY HAS BEEN NOTED FOR THE CASE LISTED BELOW:

NOTICE OF APPEAL FILED
BY LAMONTE MCINTYRE

COURT: SUPREME COURT CASE NO.: 95-73387-S

STATE OF KANSAS, APPELLEE,
V
LAMONTE MCINTYRE, APPELLANT.

RESPECTFULLY,

CAROL G. GREEN
CLERK OF THE APPELLATE COURTS

WILLIAM J. BURNS, JR.
COURT ADMINISTRATOR

HELEN ZAGAR
CLERK DISTRICT COURT

DEAN J. SMITH, DIVISION 3
ADMINISTRATIVE JUDGE

# THE DISTRICT COURT

TWENTY-NINTH JUDICIAL DISTRICT, KANSAS
COURTHOUSE
710 NORTH 7TH STREET
KANSAS CITY, KANSAS 66101

January 30, 1995

Carl Cornwell
6900 College Blvd., Ste 1020
Overland Park, Kansas 66211

Terra Morehead
Assistant District Attorney
Wy Co Justice Complex
Kansas City, Kansas 66101

In Re: State of Kansas vs Lamonte McIntyre
District Court No. 94 CR 1213
Court of Appeals No. 95-73387-S

To Whom it May Concern:

Attached is the Table of Contents of the record on appeal. Please examine the contents and determine if there are to be further additions to the record. Additions will be made only upon written request.

The entire record is in the office of the Clerk of the District Court and may be examined at any time prior to forwarding to the Appellant Court.

If there are any questions pertaining to this appeal, please contact this office.

Sincerely,

Helen Zagar
Clerk of the District Court

By:
Deputy Clerk

FILED

95 JAN 30 P2:21

WYANDOTTE COUNTY KANSAS
BY DEPUTY

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS,
Plaintiff,
Appellee,

vs

LAMONTE MCINTYRE,
Defendant,
Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 95-73387-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS — PAGE

Certified Copy of Appearance Docket....................1-3

Information, filed June 28, 1994....................4

Warrant, filed June 28, 1994....................5-8

Pre-Trial Conference Disocvery by Deft, filed July 6, 1994....................9-12

Motion to Endorse, filed Aug 31, 1994....................13-14

Order for Transcript, filed Sept 20, 1994....................15

Motion to Endorse, filed Sept 22, 1994....................16-17

Instructions, filed Sept 30, 1994....................18-25

Verdict, filed Sept 30, 1994....................26-27

Motion for New Trial, filed Oct 11, 1994....................28-30

Motion for Judgment of Acquittal, filed Oct 11, 1994....................31-32

Entry of Appearance, filed Nov 23, 1994....................33

Journal Entry, filed Jan 11, 1995....................34-41

Notice of Appeal, filed Jan 11, 1995....................42-43

Order Appointing/Assigning Private Counsel, filed Jan 13, 1995....................44

```
***********************************************************
* COPY OF SCREEN 1400 AT 13:40:51 ON 01/27/95 BY OPER ??? *
***********************************************************

 NP           DISTRICT COURT     CASE NUMBER    94 CR 01213           14000101
ST VS MCINTYRE     C          062894OGF   02   0000000                         A0010
       2C MURD I    21-3401                                             00/00/00B0010
  10/04/94                        JAIL     J G  LIFE E/CT               01/11/95 C0010
MCINTYRE          LAMONTE      DEF                                             J0010
MOREHEAD          TERRA        COA                                             J0020
LONG              GARY         WDW     AP                                      J0030
CORNWELL          CARL     E   DEA     RE                                      J0040
062894    0000   02 WIS                          WRE                           S0010
062994    0000   TO ARP                          HERD                          S0020
070694    0900   03 PLH                          WAIV                          S0030
070694    0000   03 ARR                          HERD                          S0040
070694    0000   03 PTR                      24M HERD          MED WITN        S0050
092694    0000   05 TRL 4 DAYS                   CONT                          S0060
092994    0000   05 TRL                          GUIL                          S0070
010695    0900   05 SEN                          HERD                          S0080
06/28/94               DOB: 07-28-76                                           X0010
06/28/94 2CTS MURD 1 21-3401 OGF WARR INFO AFF FIL ISS WARR                    X0020
06/28/94 INFO SHRF                                                             X0030
06/30/94 WARR RTN CHGES READ(6/29)BOND $100,000 EXT SET 7/7/94                 X0040
06/30/94 9AM BK PROTEM COMMIT BAIL ORD FIL                                     X0050
07/06/94 DEF PLED NGUIL BOND $100,000 G LONG APPTD PTR CONDUCTED               X0060
07/06/94 SET FOR TRL DJS ORD FIL DJS (MIGHT PLEA-MED WITN)                     X0070
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
```

```
**************************************************************
* COPY OF SCREEN 1400 AT 13:40:52 ON 01/27/95 BY OPER ??? *
**************************************************************

 NP          DISTRICT COURT     CASE NUMBER    94 CR 01213          14000102
07/22/94 SPEC SET 9/26/94 9AM BEFOR JUDGE BURDETTE D9 DJS               X0080
08/31/94 MOTION ENDORSE FIL                                             X0090
09/01/94 6 PRAC FIL ISS 36 SUBP DA                                      X0100
09/15/94 LTR MOT ENDORS WITNS FIL DJS                                   X0110
09/20/94 NOT OF ALIBI/WITN LIST FIL                                     X0120
09/20/94 ORD FOR TRANS OF PRELIM HRG FIL TLB                            X0130
09/22/94 MOTION ENDORSE FIL                                             X0140
09/27/94 WITN AFF FIL($23.36 SHELTON)                                   X0150
09/26/94 TRL: JURY TRL HELD SEPT 26,27,28, & 29, DEF MOT AQUIT          X0160
09/26/94 HERD DENI JURY REACHES VERDICT GUIL 2 CTS MURDER 1 KSA         X0170
09/26/94 21-3401 OGF DEF GIVEN 10/12/94 FIL MOT NEW TRL SAME            X0180
09/26/94 BOND JURY RELEASED JDB                                         X0190
09/30/94 INSTRUCT CT JURY LIST 2 VERDICT FIL JDB                        X0200
10/11/94 MOT NEW TRL,MOT JUDG OF ACQUITAL FIL                           X0210
10/14/94 STMT FIL DA DUE (E MITCHELL) - $150.00                         X0220
11/10/94 MOT NEW TRL GRTD CONT 11/18/94 9AM JDB                         X0230
11/18/94 MOT NEW TRL DENI DEF SEN SET 1/6/95 9AM DIV 9 JDB              X0240
11/23/94 ENTRY OF APPEAR OF ATTY(C. CORNWELL) FIL                       X0250
11/28/94 LTR SET SENT 1/6/95 9AM D9 FIL JDB                             X0260
01/06/95 DEF SENT LIFE E/CT SEC CORR RUN CONSEC E/OTHER JDB             X0270
01/11/95 NOTICE OF APPL FIL(ATTY:CORNWELL)                              X0280
01/11/95 JE FIL JDB ISS COMMIT, EXEC, JE, INFO, PSI, SHRF, MAIL         X0290
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
```

2

```
***********************************************************
* COPY OF SCREEN 1400 AT 13:40:53 ON 01/27/95 BY OPER ??? *
***********************************************************

 NP          DISTRICT COURT     CASE NUMBER   94 CR 01213            14000103
01/11/95 COPY JE SEC CORR                                                    X0300
01/13/95 ORD APPT ATTY(G.LONG 7-6-94) FIL JDB                                X0310
01/17/95 DEMAND FOR EST COST TRANS FIL                                       X0320
01/23/95 ACKNOW REC EST COST TRANS FIL                                       X0330
       .00C      .00T        .00L      .00J    .00S       .00G       .00M      .00
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
END
```

3

FILED

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS JAN 30 P2:21

BY DEPUTY

STATE OF KANSAS, Plaintiff, Appellee,

vs

LAMONTE MCINTYRE, Defendant, Appellant,

District Court No. 94 CR 1213
Court of Appeals No. 95-73387-S

TABLE OF CONTENTS
VOLUME I

DOCUMENTS PAGE

Certified Copy of Appearance Docket....................................1-3

Information, filed June 28, 1994......................................4

Warrant, filed June 28, 1994..........................................5-8

Pre-Trial Conference Disocvery by Deft, filed July 6, 1994...............9-12

Motion to Endorse, filed Aug 31, 1994.................................13-14

Order for Transcript, filed Sept 20, 1994.............................15

Motion to Endorse, filed Sept 22, 1994................................16-17

Instructions, filed Sept 30, 1994.....................................18-25

Verdict, filed Sept 30, 1994..........................................26-27

Motion for New Trial, filed Oct 11, 1994..............................28-30

Motion for Judgment of Acquittal, filed Oct 11, 1994.....................31-32

Entry of Appearance, filed Nov 23, 1994...............................33

Journal Entry, filed Jan 11, 1995.....................................34-41

Notice of Appeal, filed Jan 11, 1995..................................42-43

Order Appointing/Assigning Private Counsel, filed Jan 13, 1995...........44

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

TABLE OF CONTENTS
VOLUME II

DOCUMENTS PAGE

PARTIAL TRANSCRIPT JURY TRIAL (1 of 3) before the Honorable J. Dexter Burdette, on the 26th day of September, 1994..............................3-211

PARTIAL TRANSCRIPT JURY TRIAL (2 of 3), before the Honorable J. Dexter Burdette, on the 27th day of September, 1994..............................212-376

PARTIAL TRANSCRIPT JURY TRIAL (3 of 3), before the Honorable J. Dexter Burdette, on the 28th and 29th days of September, 1994....................377-505

VOLUME III

DOCUMENTS PAGE

TRANSCRIPT OF SENTENCING, before the Honorable J. Dexter Burdette, on the 6th day of January, 1995..............................................2-8

VOLUME IV

DOCUMENTS PAGE

TRANSCRIPT OF MOTION FOR NEW TRIAL, before the Honorable J. Dexter Burdette, on the 18th day of November, 1994...............................2-6

VOLUME I
CONTINUED

DOCUMENTS PAGE

Request for Additions to the Record, filed March 29, 1995.................45

VOLUME V

DOCUMENTS PAGE

PARTISL TRSNSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994...............................2-28
(94JV489)

VOLUME VI

DOCUMENTS PAGE

PARTIAL TRANSCRIPT OF WAIVER HEARING, before the Honorable Matthew G. Podrebarac, on the 28th day of June, 1994...............................2-49
(94JV489)

```
*****************************************************************
* COPY OF SCREEN 1400 AT 13:40:51 ON 01/27/95 BY OPER ??? *
*****************************************************************

 NP            DISTRICT COURT     CASE NUMBER    94 CR 01213            14000101
ST VS MCINTYRE     C            0628940GF   02   0000000                         A0010
       2C MURD I    21-3401                                             00/00/00B0010
  10/04/94                             JAIL     J G  LIFE E/CT         01/11/95 C0010
MCINTYRE         LAMONTE      DEF                                                J0010
MOREHEAD         TERRA        COA                                                J0020
LONG             GARY         WDW     AP                                         J0030
CORNWELL         CARL     E   DEA     RE                                         J0040
062894    0000  02 WIS                          WRE                              S0010
062994    0000  TO ARP                          HERD                             S0020
070694    0900  03 PLH                          WAIV                             S0030
070694    0000  03 ARR                          HERD                             S0040
070694    0000  03 PTR                      24M HERD          MED WITN           S0050
092694    0000  05 TRL  4 DAYS                  CONT                             S0060
092994    0000  05 TRL                          GUIL                             S0070
010695    0900  05 SEN                          HERD                             S0080
06/28/94              DOB: 07-28-76                                              X0010
06/28/94 2CTS MURD 1 21-3401 OGF WARR INFO AFF FIL ISS WARR                      X0020
06/28/94 INFO SHRF                                                               X0030
06/30/94 WARR RTN CHGES READ(6/29)BOND $100,000 EXT SET 7/7/94                   X0040
06/30/94 9AM BK PROTEM COMMIT BAIL ORD FIL                                       X0050
07/06/94 DEF PLED NGUIL BOND $100,000 G LONG APPTD PTR CONDUCTED                 X0060
07/06/94 SET FOR TRL DJS ORD FIL DJS (MIGHT PLEA-MED WITN)                       X0070
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
```

/



```
*****************************************************************
* COPY OF SCREEN 1400 AT 13:40:52 ON 01/27/95 BY OPER ??? *
*****************************************************************

 NP          DISTRICT COURT     CASE NUMBER   94 CR 01213            14000102
07/22/94 SPEC SET 9/26/94 9AM BEFOR JUDGE BURDETTE D9 DJS                      X0080
08/31/94 MOTION ENDORSE FIL                                                    X0090
09/01/94 6 PRAC FIL ISS 36 SUBP DA                                             X0100
09/15/94 LTR MOT ENDORS WITNS FIL DJS                                          X0110
09/20/94 NOT OF ALIBI/WITN LIST FIL                                            X0120
09/20/94 ORD FOR TRANS OF PRELIM HRG FIL TLB                                   X0130
09/22/94 MOTION ENDORSE FIL                                                    X0140
09/27/94 WITN AFF FIL($23.36 SHELTON)                                          X0150
09/26/94 TRL: JURY TRL HELD SEPT 26,27,28, & 29. DEF MOT AQUIT                 X0160
09/26/94 HERD DENI JURY REACHES VERDICT GUIL 2 CTS MURDER 1 KSA                X0170
09/26/94 21-3401 OGF DEF GIVEN 10/12/94 FIL MOT NEW TRL SAME                   X0180
09/26/94 BOND JURY RELEASED JDB                                                X0190
09/30/94 INSTRUCT CT JURY LIST 2 VERDICT FIL JDB                               X0200
10/11/94 MOT NEW TRL,MOT JUDG OF ACQUITAL FIL                                  X0210
10/14/94 STMT FIL DA DUE (E MITCHELL) - $150.00                                X0220
11/10/94 MOT NEW TRL GRTD CONT 11/18/94 9AM JDB                                X0230
11/18/94 MOT NEW TRL DENI DEF SEN SET 1/6/95 9AM DIV 9 JDB                     X0240
11/23/94 ENTRY OF APPEAR OF ATTY(C. CORNWELL) FIL                              X0250
11/28/94 LTR SET SENT 1/6/95 9AM D9 FIL JDB                                    X0260
01/06/95 DEF SENT LIFE E/CT SEC CORR RUN CONSEC E/OTHER JDB                    X0270
01/11/95 NOTICE OF APPL FIL(ATTY:CORNWELL)                                     X0280
01/11/95 JE FIL JDB ISS COMMIT. EXEC. JE. INFO. PSI. SHRF. MAIL                X0290
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
```

2

```
*************************************************************
* COPY OF SCREEN 1400 AT 13:40:53 ON 01/27/95 BY OPER ??? *
*************************************************************

 NP          DISTRICT COURT    CASE NUMBER   94 CR 01213          14000103
01/11/95 COPY JE SEC CORR                                                  X0300
01/13/95 ORD APPT ATTY(G.LONG 7-6-94) FIL JDB                              X0310
01/17/95 DEMAND FOR EST COST TRANS FIL                                     X0320
01/23/95 ACKNOW REC EST COST TRANS FIL                                     X0330
       .00C      .00T       .00L      .00J    .00S       .00G       .00M      .00
ENTER NEXT PAGE - NP; PREVIOUS PAGE - PP; LINE SUFFIX; PAGE NUMBER OR STOP
END
```

3





IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DIVISION

STATE OF KANSAS                                    Plaintiff,

        vs.                                        No. 94 CR 1213

LAMONTE MCINTYRE,                                  Defendant.

ACKNOWLEDGMENT OF RECEIPT OF ESTIMATED COST OF TRANSCRIPT

Deposit covering the estimated cost of preparation of
transcript in the above-captioned matter has been received by me
on this 19th day of January, 1995.

                              KIMBERLY R. GREINER
                           Certified Shorthand Reporter

cc:  Clerk of the Appellate Court
     Carl Cornwell
     Appellate Defender

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

JAN 17 A 9:16

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONTE McINTYRE,

Defendant.

**DEMAND FOR ESTIMATE OF TRANSCRIPT**

Comes now the defendant, and hereby makes demand for an estimate of the cost of the transcript of the trial held in the above matter,including voir dire, opening and closing statements, and also a transcript of the motion for new trial.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________________
CARL E. CORNWELL 9049
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this 17th day of January, 1995 a copy of the above and foregoing was hand delivered to Terra Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY ______________________

Carl E. Cornwell
Attorneys for Defendant

*This Form is Prin on Carbonless Paper. Please Type or Press ay if Hand Written.*

# ORDER APPOINTING/ASSIGNING PRIVATE COUNSEL

IN THE WYANDOTTE 95 JAN 13 A9:09 COUNTY DISTRICT COURT

Title of Case:

CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS DEPUTY Baumgart

STATE OF KANSAS

v.

Case No. 94 CR 1213

LAMONTE MCINTYRE

Having been charged with the commission of a felony, to wit: 2cts Murder I in violation of K.S.A. 21-3401,

as charged in the information and/or complaint filed by ______, and/or having been determined to be entitled to representation by counsel under K.S.A. ______ and having been determined an indigent in accordance with K.S.A. 22-4501 *et seq.*, the person named above is entitled to appointment of counsel. It is therefore ordered that Gary Long, attorney, a member of the panel for indigents' defense services, is hereby appointed/assigned to represent the above-named person as follows:

(Check one)

- [X] During the prosecution and trial of said felony defendant including modification of sentence when appropriate
- [ ] 60-1507 or H. C. trial
- [ ] Other: ______ specify

This order supersedes any previous order appointing counsel and ______ previously appointed, is hereby relieved as counsel for said person. He or she will ______, will not ______ file a claim for services he or she has performed.

BY ORDER OF THE COURT this 6th day of July, 19 94.

[signature]

Judge/Regional Defender
J. Dexter Burdette

Original—To Court File
Attorney—Refer to K.A.R. 105-1-1, *et seq.*, for procedures and standards of compensation.
This form should only be used for felony or other cases funded by the State Board of Indigents' Defense Services. See K.A.R. 105-1-1, *et seq.*
S.B.I.D.S—Form 1 (Rev. 8-84)

mailed 1-18-95

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

THE STATE OF KANSAS

vs

Lamonte McIntyre NO. 94CR01213

Defendant

C O M M I T M E N T

To the Sheriff of Wyandotte County;

You are hereby directed to deliver the defendant Lamonte McIntyre to the custody of the Secretary of Corrections to serve the sentence imposed by the court on the 6TH day of January, 19 95.

Date Issued: January 11, 1995

Helen Zagar
CLERK OF THE DISTRICT COURT

Pre-Sentence Attached:

By: [signature]
DEPUTY

EXECUTION FOR COSTS

UNITED STATES OF AMERICA

State Of Kansas

STATE OF KANSAS
Twenty-Ninth Judicial District,
Wyandotte County,

vs. Plaintiff

Lamonte McIntyre

Defendant

Case No. 94CR01213

THE STATE OF KANSAS,

To the Sheriff of the County of Wyandotte, Greeting:

WHEREAS, On the 6TH day of January, A.D. 19 95 Judgment was rendered by the District Court of the State of Kansas, sitting in and for the County of Wyandotte aforesaid, against Lamonte McIntyre

in a certain cause therein pending, wherein State Of Kansas

was plaintiff..., and Lamonte McIntyre

Lamonte McIntyre was defendant

for the costs of suit, taxed at DOLLARS

THESE ARE THEREFORE TO COMMAND YOU that of the goods and chattels of the said Lamonte McIntyre

you cause to be made the costs aforesaid, together with the costs of increase this day taxed at $334.86 DOLLARS, and the accruing costs hereon and for want of goods and chattels you cause the same to be made of the lands and tenements of the said Lamonte McIntyre ,and that you have the same before the Court aforesaid, in sixty days from this date, in the City of Kansas City, County aforesaid, and that you then and there certify how you shall have executed this writ.

WITNESS, MY HAND, and the seal of said Court affixed at my office in the City of Kansas City, this 6TH day of January A.D. 19 95

Issued January 11, 1995

Helen Zagar Clerk

Returnable in 60 Days.

By [signature], Deputy

Exh. 02

P0122

LMKSDC_0003622

HB

95 JAN 17 A 9:50

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONTE McINTYRE,

Defendant.

**NOTICE OF APPEAL**

TO: Terra Morehead, Assistant District Attorney; Honorable J. Dexter Burdette

Notice is hereby given that defendant hereby appeals from the conviction and sentence imposed in the above referenced matter to the Supreme Court of the State of Kansas.

The appeal hereby taken is directly to the Supreme Court under Criminal Appeal K.S.A. §22-3601(b) because the appellant was convicted of two counts of first degree murder, a Class A felony, non grid offense.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________
CARL CORNWELL 9049
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this 10 day of January, 1995, a copy of the above and foregoing was hand delivered to Terra Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY ______________________
Carl E. Cornwell
Attorneys for Defendant

FILED

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

94 NOV 28 A 8 18

COURTHOUSE
KANSAS CITY, KANSAS
66101

CLERK DISTRICT COURT
WYANDOTTE COUNTY

WYANDOTTE COUNTY

November 18, 1994

Ms. Terra Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

Mr. Gary Long
Attorney at Law
P.O. Box 171032
Kansas City, Kansas 66117

Re: State of Kansas vs. Lamonte McIntyre - 94 CR 1213

Dear Counsel:

Please be advised that sentencing of the defendant in the above-referenced matter has been scheduled for Friday, January 6, 1995, at 9:00 A.M. Please report to my chambers at that time.

If there are any corrections to the criminal history contained in the PSI report or any motions for departure from the recommended sentencing guidelines, these should be filed within 3 days of receipt of the PSI. All objections to criminal history and all motions for departure from the recommended sentence will be heard on the above-mentioned sentencing date.

If you have any questions regarding this matter, please feel free to contact me.

Respectfully,

J. DEXTER BURDETTE
District Judge
Division 9

JDB:nw

c: Court File
Sheriff's Department
Adult Probation

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

October 24, 1994

Ms. Terra Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

Mr. Gary Long
Attorney at Law
PO Box 171032
Kansas City, Kansas 66117

Re: State of Kansas vs. Lamonte McIntyre - 94 CR 1213

Counsel:

Please be advised that defense counsel's motions filed in the above-referenced case have been set for hearing on November 10, 1994, at 11:30 AM. Please report to my office at that time.

Respectfully,

J. DEXTER BURDETTE
District Judge
Division 9

JDB:nw

c: Court File

**BILL FOR SERVICE**

DATE: Oct / 10 / 1994

ERIK KRAG MITCHELL, M.D.
445 S.E. 34 STREET
TOPEKA, KANSAS
66605

TO: Nick A. Tomasic
District Attorney
710 N. 7th St.

INVOICE # K94-42TESTIMONY
VICTIM: Donald E. Ewing
AUTHORIZATION BY: ______

THE FOLLOWING SERVICE HAVING BEEN RENDERED THE BILL IS NOW DUE FOR:

| | |
|---|---|
| AUTOPSY | |
| RADIOLOGY | |
| TOXICOLOGY | |
| SPECIAL LABORATORY | |
| SPECIAL PHOTOGRAPHY | |
| TRAVEL | |
| MORGUE CHARGES | |
| OTHER EXPENSES | |
| TESTIMONY | $150.00 |
| CONSULTATION .. ____ HRS @ ____ /HR... | |
| TOTAL NOW DUE: | $150.00 |

FILED
94 OCT 14 AM 11 53
CLERK DISTRICT COURT WYANDOTTE COUNTY, KANSAS

Case: State v. McIntyre
Case No.: 94CR1283

Okay Pay - Nick A. Tomasic / Fowler

PAYABLE TO:
ERIK KRAG MITCHELL, M.D.
SSN# 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

FOR CLERK'S USE ONLY

94 SEP 27 A10:02

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

State of Kansas Plaintiff No. 94CR1213

vs

Lamonte McIntyre Defendant

**WITNESS AFFIDAVIT**

Breon Shelton, being duly sworn, states that he has been in attendance in the District Court of said County, as a witness in the above entitled cause, on behalf of the State for 2 days, and necessarily traveled for that purpose, going and returning a total of 6(12) miles.

3025 Hiawatha
Address

Kansas City, KS 66104
City & State Zip

Breon Shelton
WITNESS SIGNATURE

Subscribed and sworn to before me this 27th day of Sept, 1994.

2 Days, $ 20.00
12 Miles, $ 3.36
TOTAL $23.36

CLERK OF THE DISTRICT COURT

By: Kathleen Bryant
Deputy

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

FILED SEP 20 P 2:59

STATE OF KANSAS,

Plaintiff,

vs. Case No.: 94CR1213

LAMONTE MCINTYRE,

Defendant.

WITNESS LIST

The following witnesses will be called by the defendant.

1. Rose McIntyre, 1929 N. 6th St., Kansas City, KS 66101
2. Peggy Crowder, 1510 Walker, Kansas City, KS 66104
3. Maxine Crowder, 2908 Parkwood, Kansas City, KS 66104
4. Yolanda Johnson, 1515 Wood, Kansas City, KS 66104
5. Sherie Johnson, 1515 Wood, Kansas City, KS 66104
6. Felisha Williams, 1510 Walker, Kansas City, KS 66104
7. Rashinda Johnson, 1515 Wood, Kansas City, KS 66104
8. Willie Bush, 3066 Hutchins, Kansas City, KS 66101.

Respectfully submitted,

GARY W. LONG, II #13564
400 N. 6th Street
P.O. Box 171032
Kansas City, KS 66117
(913) 371-1945
fax (913) 371-1945

ATTORNEY FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand delivered this 20 day of September, 1994, to:

Terra Morehead
Assistant District Attorney
Wyandotte County Courthouse,
710 N. 7th, Kansas
City, Kansas 66101.

GARY W. LONG, II

DISTRICT COURT OF KANSAS

CHAMBERS OF
DEAN J. SMITH
ADMINISTRATIVE JUDGE

COURTHOUSE
KANSAS CITY, KANSAS 66101
913-573-2923

WYANDOTTE COUNTY

September 15, 1994

CLERK DISTRICT COURT
WYANDOTTE COUNTY, KANSAS

94 SEP 15 P 3:24

FILED

Terra Morehead
Assistant District Attorney
Wyandotte County Courthouse
Kansas City, Kansas 66101

Gary Long
Attorney at Law
400 North 6th Street
Kansas City, Kansas 66101

IN RE: State of Kansas vs. Lamonte McIntyre
Case No. 94-CR-1213

Dear Counsel:

The District Attorney has filed a motion to endorse the following names as witnesses in the above captioned case:

Officer Paul Bowman, KCKPD
Natasha Haygood
Dr. H.C. Anderson, KU Med Center
Dr. Erik Mitchell, Pathologist
Bernard Crawford

The motion is hereby granted subject to your right to file objections thereto immediately.

Sincerely,

DEAN J. SMITH
Administrative Judge

DJS:neg

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

September 13, 1994

Ms. Terra Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

Mr. Gary Long
Attorney at Law
P.O. Box 171032
Kansas City, Kansas 66117

Re: State of Kansas vs. Lamonte McIntyre - 94 CR 1213

Dear Counsel:

The above case has been set for trial to a jury in my division the week of September 26, 1994. Please report to my chambers the morning of trial.

I would ask that you do the following immediately:

1. Notify my office if there will be a plea in this case.
2. If there are any motions that have not been filed or heard, please contact my Administrative Assistant, Mrs. Williams, and get a date for a hearing.
3. Meet with Mr. Harley, the Court Reporter, by Friday the week before the trial for the purpose of having your exhibits marked.
4. Should you have any requested instructions, please give them to me the first morning of the trial.
5. Should there be a conflict in your calendar, notify me upon receipt of this letter.

If your case is not first up, please stay in contact with Carol Janes in the Criminal Department so you will know your current status.

Sincerely,

JUDGE J. DEXTER BURDETTE

JDB:nw

c: Court File

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

FILED
94 SEP 1 P2 45
mB
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS

STATE OF KANSAS
Plaintiff

No. 94CR1213

vs.

LAMONTE McINTYRE
Defendant

KCKPD # 04154006081

SUBPOENA

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Lt. Stan Harrington | KCKPD | | | |
| Sgt. John Singleton | KCKPD | | | |
| Lt. Dennis Barber | KCKPD | | | |
| Off. Joe Stubler #1390 | KCKPD | | | |
| Off. Bill Howard, Sr. #1225 | KCKPD | | | |
| Off. Frank Clair #1314 | KCKPD | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M. in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

INVESTIGATOR: TOM TOMASIC

CLERK OF THE DISTRICT COURT

By [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ____________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

____________
SHERIFF

By ____________
DEPUTY

24

FOR CLERK'S USE ONLY

FILED

94 SEP 1 P 2 40

MB

CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS
Plaintiff

No. 94CR1213

vs.

LAMONTE McINTYRE
Defendant

KCKPD # 04154006081

SUBPOENA

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Off. Joe Orendac #1642 | KCKPD | | | |
| Off. Louis Vallejo #1637 | KCKPD | | | |
| Off. Gary Wansley #1581 | KCKPD | | | |
| Off. Bernie Ambler #1310 | KCKPD | | | |
| Off. John Meyers #1553 | KCKPD | | | |
| Off. Richard Keith #1441 | KCKPD | | | |
| Off. Paul Bowman | KCKPD | | | |
| Off. James Brown #1627 | KCKPD | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

INVESTIGATOR: TOM TOMASIC

CLERK OF THE DISTRICT COURT

By [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ____________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

____________
SHERIFF

By ____________
DEPUTY

24

FOR CLERK'S USE ONLY

DISTRICT COURT OF WYAN. .TE COUNTY, KANSAS

STATE OF KANSAS
Plaintiff

No. 94CR1213

vs.

LAMONTE McINTYRE
Defendant

FILED
94 SEP 1 2 44
MB
CLERK DISTRICT COURT
WYANDOTTE COUNTY, KS
Barnhart

KCKPD # 04154006081

SUBPOENA

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Det. Tim Maskil | KCKPD | | | |
| Det. Sgt. Clyde Blood | KCKPD | | | |
| Det. W. K. Smith | KCKPD | | | |
| Det. Jim Krstolich | KCKPD | | | |
| Det. Mike Shomin | KCKPD | | | |
| Det. Rick Nelson | KCKPD | | | |
| Det. Roger Golubski | KCKPD | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

INVESTIGATOR: TOM TOMASIC

CLERK OF THE DISTRICT COURT

By Frances [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ______________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

______________________
SHERIFF

By ______________________
DEPUTY

24

FOR CLERK'S USE ONLY

FILED
94 SEP 1 P2 45
MB
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
Baumhaur

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS
Plaintiff

No. 93CR1213

vs.

LAMONTE McINTYRE
Defendant

Victims: Doniel Quinn
Donald Ewing

**SUBPOENA**

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Dr. Bayless | Bethany Medical Center 51 N. 12th, KCKS 66102 | | | |
| Dr. H. C. Anderson | Pathology Dept., K U Med. Ctr. Rainbow at 39th, KCKS 66103 | | | |
| Dr. Erik Mitchell | 3206 S. Topeka, Suite J Topeka, KS 66611 | | | |
| Bernard Crawford | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

INVESTIGATOR: TOM TOMASIC

CLERK OF THE DISTRICT COURT

By [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ______________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

______________
SHERIFF

By ______________
DEPUTY

24

FOR CLERK'S USE ONLY

FILED

94 SEP 1 2 45

CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY Barnhart DEPUTY

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS
Plaintiff

No. 94CR1213

vs.

LAMONTE McINTYRE
Defendant

**SUBPOENA**

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Niko Quinn | 3018 Hutchings KCKS 66104 | | | |
| Ruby Mitchell | 3020 Hutchings KCKS 66104 | | | |
| Josephine Quinn | 3032 Hutchings KCKS 66104 | | | |
| Stacy Quinn | 3032 Hutchings KCKS 66104 | | | |
| John Quinn | 2743 Cleveland KCKS 66104 | | | |
| Breon Shenton | 3025 Hiawatha KCKS 66104 | | | |
| | | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M. in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

CLERK OF THE DISTRICT COURT
By [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ______________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

24

______________
SHERIFF

By ______________
DEPUTY

DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS
Plaintiff

No. 94CR1213

vs.

LAMONTE McINTYRE
Defendant

FILED
94 SEP [illegible] 5
CLERK DISTRICT COURT WYANDOTTE COUNTY
Barnhart

**SUBPOENA**

| NAME | ADDRESS | DATE OF SERVICE | PERS SERV | NO SERV |
|---|---|---|---|---|
| Rose McIntyre | Fee Fee's Fish 500 Parallel, KCKS 66101 | | | |
| Maxine Crowder | 2908 Parkwood. KCKS 66104 | | | |
| Yolanda Johnson | 1515 Wood KCKS 66104 | | | |
| M'Sherie Johnson | SAME | | | |
| Natasha Haygood | 724 26th St. Des Moines, IA 50312 | | | |
| | | | | |
| | | | | |
| | | | | |

YOU ARE COMMANDED to appear at the Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas on September 26, 1994, at 9:00 o'clock A.M in Division Nine located on the Mezzanine Floor, to testify on behalf of the State of Kansas in the above entitled action.

☐ TO TAKE A DEPOSITION ☐ BRING WITH YOU THE FOLLOWING:

ATTORNEY: TERRA D. MOREHEAD

DATED: August 31, 1994

CLERK OF THE DISTRICT COURT

By [signature]
DEPUTY

RETURN ON SERVICE

I received this subpoena ____________, 19 ___, and served the same as indicated above.

NOTE: Affidavit required only if service is MADE BY PERSON OTHER THAN A Sheriff or his deputy

____________
SHERIFF

By ____________
DEPUTY

24

94CR1213

IN THE DISTRICT COURT OF WYANDOTTE COUNTY,KANSAS
CRIMINAL DEPARTMENT

c: Judge Burdette
DA
Def (via mother)

FILED
98 FEB 10 PM 12:53
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY [signature] DEPUTY

STATE OF KANSAS

VS.

LEMONTE MCINTYRE

MOTION FOR TRANSPORT ORDER

COMES now the defendant,Lemont McIntyre,pro se,and moves this court for an order that he be transported from his current placement at Hutchinson Correctional Facility to the Wyandotte County Jail,so that he may meet with his attorney and attend the hearing on his motion for new trial.

In support of said motion defendant states to the court ththe following:

1.That the District Attorney Office has requested that the hearing be postponed till further notice.

2.That the District Attorney Office does not object to the transportation of the defendant to the wyandotte County Jail for the purposes above stated.

3.That the defendant believes that it is necessary for defendant to meet with his attorney prior to his heraing to aid in the preparation of his case,and further that defendant is disirous of attending the hearing on his motion for new trial which has currently been postponed till further notice.

WHEREFORE,defendant moves this court for the above requested relief and other relief as the court deems fit.

By [signature: Lamonte McIntyre] Pro Se

SUBSCRIBED AND SWORN to before me this 26th day of January 1998.

My Commission Expires: 9-18-2001 Notary Public [signature: Marge Van Hoose]

CERTIFICATE OF SERVICE

I,hereby certify that a true and correct copy of the foregoing was mailed postage prepaid on this 26th day of Jan 1998,to:Terra Morehead,Assistant District Attorney,7th and Ann,Wyandotte County Courthouse,Kansas City,Kansas 66101

MARGE VANHOOSE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 9-18-2001

By________________ Pro SE

CASE NO. 94CK1213

Mrs. [illegible] 2-5-98

Could I please have a stamped certified copy of each motion [illegible] filed in district court.

FILED
98 FEB 11 AM 9:55
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY ______ DEPUTY

Copies of defendants' motions mailed 2/11/98



LaMonte McIntyre #60555
H.C.F P.O. Box 1568
Hutchinson, KS 67504-1568

STATE OF KANSAS
OFFICIAL MAIL
PENALTY FOR PRIVATE USE
$50 TO $500

KATHLEEN M. COLLINS
Clerk DISTRICT COURT
WYANDOTTE COUNTY COURTHOUSE
KANSAS CITY, KANSAS

**LEGAL MAIL**

66101/3076

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS, Plaintiff,

vs.

LAMONTE MCINTYRE, Defendant.

Case No.94CR1213

MOTION FOR NEW TRIAL

COMES NOW the defendant, Lamonte McIntyre, by and through his attorney Gary W. Long II, and moves the court for an order granting him a new trial in relation to the jury's verdict of guilty to Counts I, and II of the Information herein, said verdict being rendered on September 29, 1994, pursuant to K.S.A. 22-3501 and additionally allowing the defendant to include all argument and memoranda previously submitted to the court and additionally included herein.

1. The verdict is contrary to the evidence and law in this case.

2. That defendant has located Willie Bush who witnessed that witnessed the murders that defendant was found guilty of committing.

3. That Mr. Bush indicates that he witnessed the shooting and then witnessed the person who shot the victims enter the house occupied by Nicko Quinn.

4. That Mr. Bush will describe the shooter as 6'3" and very thin.

5. That Mr. Bush is a cousin of Nicko Quinn.

6. That Mr. Bush can provide a license plate number of the car that the person who committed these murders arrived in and that car was registered to an individual named Lamont Garret, who is in the Wyandotte County Jail.

7. That Mr. Bush will also testify that Nicko Quinn and Ruby Mitchell are not just casual acquaintances as they testified at trial.

8. That defendant and his counsel were aware that Mr. Bush may have been a witness, neither were able to locate or learn the above facts prior to and during the trial and only became aware of them within the last ten days and that failure to ascertain them was not due to any lack of diligence by the defendant or his counsel. Further, that the above facts will positively show that the defendant did not commit the crime of which he was convicted and had this evidence been available for trial, he would have been found not guilty.

WHEREFORE, defendant prays for an order granting him a new trial and for such relief the Court may deem equitable and Just.

Respectfully submitted,

GARY W. LONG, II #13564
400 N. 6th Street
P.O. Box 171032
Kansas City, KS 66117
(913) 371-1945

ATTORNEY FOR DEFENDANT

2.9

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was hand delivered postage prepaid this 11th day of October, 1994, to:

Terra Morehead
Assistant District Attorney
Wyandotte County Courthouse,
710 N. 7th, Kansas
City, Kansas 66101.

GARY W. LONG, II

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

| | | |
|---|---|---|
| STATE OF KANSAS<br>Plaintiff, | ) | |
| vs. | ) | Case No.94CR1213 |
| LAMONTE MCINTYRE,<br>Defendant. | ) | |

MOTION FOR JUDGEMENT OF ACQUITTAL

COMES NOW the defendant, Lamonte McIntyre, by and through his attorney Gary W. Long II, and moves the court for a judgment of acquittal on the grounds that the state has failed to establish and prove any evidence sufficient to sustain a verdict of guilty or to sustain a conviction. Accepting as true all the evidence presented by the state, together with all favorable inference that may be drawn therefrom, the evidence is insufficient as a matter of law to establish the guilt of the defendant beyond a reasonable doubt.

WHEREFORE, defendant prays for an o judgement of acquittal and a discharge from all prosecution based on the information filed in this case.

Respectfully submitted,

GARY W. LONG, II #13564
400 N. 6th Street
P.O. Box 171032
Kansas City, KS 66117
(913) 371-1945

ATTORNEY FOR DEFENDANT

31

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was hand delivered postage prepaid this 11th day of October, 1994, to:

Terra Morehead
Assistant District Attorney
Wyandotte County Courthouse,
710 N. 7th, Kansas
City, Kansas 66101.

GARY W. LONG, II

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

95 MAR 29 A 8:55

STATE OF KANSAS,
Plaintiff,

vs. Case No. 94 CR 1213

LAMONT McINTYRE,
Defendant.

**MOTION FOR NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE**

COMES NOW the defendant, Lamont McIntyre, by and through his attorney Lindsey Erickson of Cornwell & Edmonds, and moves this Honorable Court for an order granting him a new trial pursuant to K.S.A. 22-3501 and K.S.A. 60-259. In support of said motion counsel for defendant states the following:

1. That on September 30, 1994 defendant was convicted by a jury of 12 of two counts of First Degree Murder in violation of K.S.A. 21-3401 committed on April 15, 1994.

2. That the Court sentenced defendant on January 11, 1995 to two life sentences to run consecutively.

3. That two eyewitnesses, Niko Quinn and Ruby Mitchell, testified at trial on behalf of the State. Both Quinn and Mitchell told the jury that they saw the double homicide on April 15, 1994 on Hutchings Street in Kansas City, Kansas and that they were sure that Lamont McIntyre was the shooter.

4. That defense counsel has spoken with Niko Quinn since the trial and sentencing. Niko has recanted her previous statements that defendant was the shooter on April 15, 1994. Niko indicated that she committed perjury on the witness stand because she

44

wanted the entire thing to be over with and because she wanted someone, anyone, to be convicted for killing her cousins on April 15, 1994. Niko wants to tell the truth. She is willing to testify at a hearing and will say that after viewing four photographs of defendant, there is no doubt in her mind that Lamont McIntyre was not the shooter.

5. That after the trial and sentencing defense counsel spoke with Stacy Quinn, an eyewitness who was never interviewed by police and who was never subpoenaed to testify at any hearing or at trial. Trial counsel never knew anything about Stacy; she is a newly discovered witness. There are no statements in the police reports in which Stacy Quinn was questioned. Additionally, no one ever mentioned Stacy at trial.

6. That Stacy felt compelled to come forward because she says that the wrong person was convicted for the double homicide on April 15, 1994. Stacy will testify that she just got out of the bathtub when she heard her mother, Josephine Quinn, and her uncle arguing in the street. Stacy looked outside to see what was going on when she noticed the shooter walking down a hill with his arm at his side. Stacy says that she got a good look at the shooter who was wearing black pants, a white T-shirt with black lettering, and had braids in his hair. The shooter walked up to a parked light blue car on Hutchings Street, pointed the shotgun at the passenger, and fired twice. The gun did not go off either time. The shooter pumped the gun and fired again, killing the passenger. The shooter shot again and killed the

driver. The victims were Stacy's cousins; Stacy wants to see the right person in prison.

7. That after looking at four photographs of Lamont McIntyre Stacy indicated that there is no doubt in her mind that he was not the shooter. Stacy says that Lamont McIntyre's face is too long and that he is too tall. Stacy says that she has seen the shooter on the streets since Lamont McIntyre was arrested and convicted. Stacy is willing to point out the shooter, although she is very nervous of retaliation as the real killer has threatened her since April 15, 1994.

8. That an affidavit signed by Stacy Quinn before a notary is attached to this motion.

9. That K.S.A. 22-3501 states in pertinent part that, "[t]he court on motion of a defendant may grant a new trial to him if required in the interest of justice . . . A motion for new trial based on the ground of newly discovered evidence may be made within two years after final judgment . . . "

10. That it has not yet been two years since final judgment.

11. That a new trial should be granted in the interest of justice. Counsel has discovered a new witness, Stacy Quinn, who is adamant that defendant was not the shooter. Additionally, a key witness for the prosecution, Niko Quinn, has recanted her testimony.

WHEREFORE counsel respectfully requests that this Honorable Court order a new trial based on newly discovered evidence.

Respectfully submitted,
CORNWELL & EDMONDS

LINDSEY P. ERICKSON 16530
6900 College Blvd., Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814

**NOTICE OF HEARING**

Take notice that the above and foregoing Motion for New Trial Based on Newly Discovered Evidence comes up for hearing before the Honorable J. Dexter Burdette, Division 9 of the Wyandotte County District Court, on the 4th day of April 1996 at 8:30 A.M. of said day.

CORNWELL & EDMONDS

LINDSEY P. ERICKSON 16530

**CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of March 1996 a true and correct copy of the above and foregoing Motion for New Trial Based on Newly Discovered Evidence was hand delivered to Terra Morehead, Assistant District Attorney, Wyandotte County District Court, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

LINDSEY P. ERICKSON 16530

**AFFIDAVIT**

State of Kansas )
)ss.
County of Jefferson )

I, Stacy Quinn, of lawful age, being first duly sworn upon her oath, deposes and states as follows:

1. On April 15, 1994 I got out of the bathtub at my mother's house located at 3032 Hutchings Street in Kansas City, Wyandotte County, Kansas and heard some yelling. I looked out the door and saw my mother, Josephine Quinn, and my uncle arguing. I yelled out the door to my mother to tell her to come back inside the house. My mother ignored me.

2. While I was looking out the door at my mother and at my uncle, I noticed a man walking down a hill toward Hutchings Street in Kansas City, Kansas with his arm down to his side.

3. There was an alley and vacant lot across from our house and it appeared that the man was walking from the alley area toward Hutchings Street in a southwesterly direction. I watched the man both from the front and from the back. I got a clear view of the man's face.

4. There was a light blue car parked on Hutchings Street facint north with two men sitting in the car. It appeared that the two men were waiting for the man who was walking down the hill as I thought that they had already seen him.

5. The man continued walking toward the light blue car. I saw that he had a shotgun in his hand. The man had braids in his hair and had on black pants with a white T-shirt with black writing on it.

48

6. The man walked up to the passenger's side of the light blue car, pointed the shotgun at the passenger, and fired twice. The gun did not go off either time. The man pumped the gun again, fired, and shot the passenger in the face. The man fired again, shooting the driver. I did not know until this time that my cousin, Doniel Quinn, was one of the victims who had been shot.

7. I have seen the shooter on the streets, specifically on 7th Street and Allis Street in Kansas City, Kansas, since the shooting on April 15, 1994. I have felt threatened by the shooter, but fortunately whenever I have seen him I have been with a group of people so I have been able to blend into the crowd. Although I am not positive, I believe that the shooter saw me on April 15, 1994 when he committed the double homicide.

8. I am afraid of retaliation by the shooter, but I want the right person to be punished for killing my cousins.

9. I have viewed four photographs of Lamont McIntyre and am positive that he was not the person who committed the double homicide on April 15, 1994 on Hutchings in Kansas City, Kansas.

10. I am willing to point out the correct shooter if I see him on the streets again after I am released from custody.

11. The police never questioned me about the double homicide, although I have been in the area. Additionally, I never testified at any of the hearings in which Lamont McIntyre was the defendant nor at the trial held from September 26, 1994 through September 30, 1994.

12. There is no doubt in my mind that Lamont McIntyre was not the shooter on April 15, 1994. McIntyre's face is too long, he is too tall, and his lips are too dark. The real shooter was approximately my height (approximately 5'7 or 5'8), thin, dark completed with ~~large~~ abnormal lips, and braided hair.

FURTHER AFFIANT SAITH NAUGHT.

[signature]
STACY QUINN

Subscribed and sworn to before me this 27th day of March, 1996.

NOTARY PUBLIC - State of Kansas
TIMOTHY M. JOHNSON
My Appt. Exp. 9/12/1997

[signature]
Notary Public

My Appointment Expires:

September 12th, 1997



IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

| | |
|---|---|
| STATE OF KANSAS, | PLAINTIFF, |
| VS. | NO. 94CR1213 |
| LAMONTE McINTYRE, | DEFENDANT. |

MOTION TO ENDORSE

COMES NOW the State of Kansas, by and through Nick A. Tomasic, District Attorney for the Twenty-ninth Judicial District of Kansas, and Terra D. Morehead, Assistant District Attorney, and moves the court for leave to endorse the names of the following witnesses on the Information in the above-referenced matter:

Keva Garcia
Montee Woodberry

Terra D. Morehead
TERRA D. MOREHEAD
Assistant District Attorney

16

## CERTIFICATE OF MAILING

I hereby certify that on this 22nd day of September, 1994, a copy of the above and foregoing Motion to Endorse was mailed first class, postage prepaid, United States Mail to Gary Long, 400 North 6th, Kansas City, KS 66101, attorney for defendant.

Terra D. Morehead
TERRA D. MOREHEAD
Assistant District Attorney

24



IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

STATE OF KANSAS, PLAINTIFF,

VS. NO. 94CR1213

LAMONTE McINTYRE, DEFENDANT.

MOTION TO ENDORSE

COMES NOW the State of Kansas, by and through Nick A. Tomasic, District Attorney for the Twenty-ninth Judicial District of Kansas, and Terra D. Morehead, Assistant District Attorney, and moves the court for leave to endorse the named of the following witnesses on the Information in the above-referenced matter:

Officer Paul Bowman, KCKPD
Natasha Haygood
Dr. H. C. Anderso, KU Med. Ctr.
Dr. Erik Mitchell, Pathologist
Bernard Crawford

Terra D. Morehead
TERRA D. MOREHEAD
Assistant District Attorney

13

CERTIFICATE OF MAILING

I hereby certify that on this 31st day of August, 1994, a copy of the above and foregoing Motion to Endorse was mailed first class, postage prepaid, United States Mail to Gary Long, 400 North 6th Street, Kansas City, KS 66101, attorney for defendant.

Terra D. Morehead
TERRA D. MOREHEAD
Assistant District Attorney

24

14

This Form is Printed on Carbonless Paper. Please Type or Press Firmly if Hand Written.

# ORDER APPOINTING PRIVATE COUNSEL

WYANDOTTE COUNTY DISTRICT COURT

97 AUG 4 A 9: 29

Title of Case:

STATE OF KANSAS

V.

LAMONTE MCINTYRE

Case No. 94 CR 1213
List one only

Having been charged with the commission of a **felony**, to wit: **(list felony descriptions only)**

2 c. 1st Degree Murder

in violation of K.S.A.:
21-3401
**(List felony statute and felony severity level)**

and having been determined an indigent in accordance with K.S.A. 22-4501 et seq., the person named above is entitled to appointment of counsel. It is therefore ordered that Mark Sachse, attorney, a member of the panel for indigents' defense services, is hereby appointed to represent the above-named person as follows:

**Check one Only:**

_____ During the prosecution and trial of said felony defendant including sentencing

_____ Probation Revocation/Modification/Sentence Conversion/Show Cause

_____ Appeal

__X__ K.S.A. 60-1507

_____ Habeas Corpus pursuant to 22-2710

_____ Habeas Corpus pursuant to 22-3428

_____ Habeas Corpus pursuant to 59-2917

_____ Other (please specify)_____

This order supersedes any previous order appointing counsel and _____ previously appointed, is hereby relieved as counsel for said person. He or she will _____, will not _____ file a claim for services he or she has performed.

BY ORDER OF THE COURT this 28 day of July, 19 97.

Judge
J. DEXTER BURDETTE

ORIGINAL -- To Court File
2nd Copy (Yellow) -- Send to Board of Indigents' Defense Services Immediately
3rd Copy (Goldenrod) -- To accompany claim when filed with Board of Indigents' Defense Services
4th Copy (White) -- To County Attorney immediately
5th Copy (White) -- To Court-appointed Counsel

**Board of Indigents' Defense Services**
**714 SW Jackson, Suite 200**
**Topeka, KS 66603-3714**
**913-296-4505**
**(Make additional photocopies as needed)**

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE



COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

July 31, 1997

Ms. Terra Morehead
Assistant District Attorney
Criminal Justice Complex
Kansas City, Kansas 66101

Mr. Mark Sachse
Attorney at Law
748 Ann Ave.
Kansas City, Kansas 66101

Re: Lamonte McIntyre vs State of KS - 97 C 2329   (94 CR 1213)

Counsel:

Please be advised that the defendant's 60-1507 Motion filed in the above-referenced case has been scheduled for a hearing on Friday, September 19, 1997, at 10:15 P.M.   Please report to my chambers at that time.

Respectfully,

J. Dexter Burdette
District Judge
Division 9

JDB:nw
c: Court File

This Form is Print... on Carbonless Paper. Please Type or Press Firmly ...Hand Written.

**ORDER APPOINTING PRIVATE COUNSEL**

WYANDOTTE COUNTY DISTRICT COURT

97 JUL 23 P 2:16

Title of Case:

STATE OF KANSAS

V.

LAMONTE MCINTYRE

Case No. 94 CR 1213
List one only

Having been charged with the commission of a felony, to wit: **(list felony descriptions only)**

FIRST DEGREE MURDER

in violation of K.S.A.:
21-3401

**(List felony statute and felony severity level)**

and having been determined an indigent in accordance with K.S.A. 22-4501 et seq., the person named above is entitled to appointment of counsel. It is therefore ordered that JAY VADER, attorney, a member of the panel for indigents' defense services, is hereby appointed to represent the above-named person as follows:

**Check one Only:**

_____ During the prosecution and trial of said felony defendant including sentencing

_____ Probation Revocation/Modification/Sentence Conversion/Show Cause

_____ Appeal

_____ K.S.A. 60-1507

_____ Habeas Corpus pursuant to 22-2710

_____ Habeas Corpus pursuant to 22-3428

_____ Habeas Corpus pursuant to 59-2917

_____ Other (please specify)_____

This order supersedes any previous order appointing counsel and _____ previously appointed, is hereby relieved as counsel for said person. He or she will _____, will not _____ file a claim for services he or she has performed.

BY ORDER OF THE COURT this 5TH day of JUNE, 19 97.

[signature]
Judge
J. DEXTER BURDETTE

ORIGINAL -- To Court File
2nd Copy (Yellow) -- Send to Board of Indigents' Defense Services Immediately
3rd Copy (Goldenrod) -- To accompany claim when filed with Board of Indigents' Defense Services
4th Copy (White) -- To County Attorney immediately
5th Copy (White) -- To Court-appointed Counsel

**Board of Indigents' Defense Services**
**714 SW Jackson, Suite 200**
**Topeka, KS 66603-3714**
**913-296-4505**
**(Make additional photocopies as needed)**

DISTRICT COURT OF KANSAS

CHAMBERS OF
J. DEXTER BURDETTE
JUDGE

COURTHOUSE
KANSAS CITY, KANSAS
66101

WYANDOTTE COUNTY

June 5, 1997

Mr. Jay Vader
Attorney at Law
1300 N. 78th St., Ste. 202
Kansas City, Kansas 66112

Re: State of Kansas vs. Lamonte McIntyre - 94 CR 1213

Dear Counsel:

Attached please find a letter from Mr. McIntyre concerning a request for appointment of counsel to assist him in filing a habeas corpus motion. You have this date been appointed to assist Mr. McIntyre in this endeavor. Upon receipt of the proper motion, I will set a hearing date.

Respectfully,

J. DEXTER BURDETTE
District Judge
Division 9

JDB:nw
c: Court File
Lamonte McIntyre

94CR1213

FILED

To: The Courts of Wyandotte County

I, Lamonte McIntyre ask ~~the court~~ for longer time in filing a habeas motion. I have no one helping me right now. Ive asked legal services for some help, but they didnt respone. I had a paid lawyer, but I don't now. So I ask the court for longer time in filing a habeas Corpus. Please

97 APR 15 A 9:03

CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS BY DEPUTY

Thanks!

Lamonte McIntyre

CC: Judge Burdette
DA
Def

FILED
97 APR -3 PM 2:22
CLERK DISTRICT COURT WYANDOTTE COUNTY KANSAS
BY JC DEPUTY

your letter has been forwarded to the Judge & DA for action.
JC 4-15-97

(Rec'd Crim. Dept April 15, 1997)

LAMONTE MCINTYRE #60558
Lansing Correctional Facility
P. O. Box 2
Lansing, Kansas 66043

DOC
E-353

LANSING
MAR 24 '97
U.S. POSTAGE
0.32
9:43
6761567

KC-KS P&DC (ISS #1 )

THE DISTRICT COURT of WYANDOTTE COUNTY, [redacted]
CRIMINAL JUSTICE COMPLEX
710 NORTH 7th STREET
K.C.K. 66101

66101/3077 10

PLEASE EXPEDITE

Appellate Case No. 96 76519 - S

# ORDER FOR RECORDS

## IN THE APPELLATE COURTS OF THE STATE OF KANSAS

301 SW 10th Avenue Topeka, Kansas 66612-1507

STATE OF KANSAS )
)
VS )
)
LAMONT MCINTYRE )

District Court No. 94CR1213

County WYANDOTTE

We hereby request that you transmit the Record on Appeal in the above-stated matter to the Clerk of the Appellate Courts in accordance with Rule 3.07.

IN ADDITION TO THOSE DOCUMENTS REQUESTED BY RULE 3.02
PLEASE INCLUDE THESE ADDITIONAL RECORDS

| | | |
|---|---|---|
| Court Files | Transcripts | Jury Instructions |
| Depositions | Exhibits(MAILABLE) | Criminal Record (on 60-1507 appeals) |

DO NOT SEND MONEY, GUNS, KNIVES, NARCOTICS, CONTRABAND, CLOTHING.

CAROL G. GREEN
Clerk of the Appellate Courts

---

*To be completed by District Court*

Date sent ____________

No. of Volumes sent ____________
No. of Exhibits sent ____________
Total items sent ____________
Additional volumes sent:
Date ____________
No. sent ____________

*Appellate Clerk use*
Assigned Judge Larson
Date Delivered 10/17/96
Date Returned ____________

*To be completed by Appellate Court*

Date ordered October 09, 1996
Date received 10-17-96
No. of Volumes received 6
No. of Exhibits received ____________
Total items received 6
Additional volumes received:
Date ____________
No. received ____________

Grand Total ____________

Date returned to District Clerk ____________

NOTE: District Court Clerk retain one copy for your records, include one copy with your transmittal (record).

PLEASE EXPEDITE

Appell. Case No. 96 76519 - S

# ORDER FOR RECORDS

## IN THE APPELLATE COURTS OF THE STATE OF KANSAS

301 SW 10th Avenue Topeka, Kansas 66612-1507

STATE OF KANSAS )
)
VS )
)
LAMONT MCINTYRE )

District Court No. 94CR1213

County WYANDOTTE

We hereby request that you transmit the Record on Appeal in the above-stated matter to the Clerk of the Appellate Courts in accordance with Rule 3.07.

IN ADDITION TO THOSE DOCUMENTS REQUESTED BY RULE 3.02
PLEASE INCLUDE THESE ADDITIONAL RECORDS

| | | |
|---|---|---|
| Court Files | Transcripts | Jury Instructions |
| Depositions | Exhibits(MAILABLE) | Criminal Record (on 60-1507 appeals) |

DO NOT SEND MONEY, GUNS, KNIVES, NARCOTICS, CONTRABAND, CLOTHING.

CAROL G. GREEN
Clerk of the Appellate Courts

---

*To be completed by District Court*

Date sent Oct 16, 1996

No. of Volumes sent 6
No. of Exhibits sent 0
Total items sent 6
Additional volumes sent:
Date ____
No. sent ____

*Appellate Clerk use*
Assigned Judge ____
Date Delivered ____
Date Returned ____

*To be completed by Appellate Court*

Date ordered October 09, 1996
Date received ____
No. of Volumes received ____
No. of Exhibits received ____
Total items received ____
Additional volumes received:
Date ____
No. received ____

Grand Total ____

Date returned to District Clerk ____

NOTE: District Court Clerk retain one copy for your records, include one copy with your transmittal (record).

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONT McINTYRE,

Defendant.

**NOTICE OF APPEAL**

To: Terra D. Morehead, Assistant District Attorney; Honorable J. Dexter Burdette:

Take notice that the above named defendant, Lamont McIntyre, by and through his attorney, Lindsey P. Erickson, hereby gives notice that he does intend to appeal the decision rendered against him on the 4th day of April, 1996.

Respectfully submitted,

CORNWELL & EDMONDS

BY ____________________
LINDSEY P. ERICKSON 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

63

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of April, 1996, a copy of the above and foregoing was hand delivered to Terra D. Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY Lindsey P. Erickson

Lindsey P. Erickson
Attorneys for Defendant

64

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONT McINTYRE,

Defendant.

**JOURNAL ENTRY**

Now on this 4th day of April, 1996 comes on for hearing the defendant's Motion for New Trial filed herein. State of Kansas appears by Assistant District Attorney, Terra D. Morehead; defendant appears by his attorney, Lindsey P. Erickson.

The Court, after hearing testimony and statements of counsel, finds that said motion should be denied.

IT IS SO ORDERED.

HONORABLE J. DEXTER BURDETTE

Submitted by:

CORNWELL & EDMONDS
BY ______________________
LINDSEY P. ERICKSON 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

61

Approved by:

Terra D. Morehead

TERRA D. MOREHEAD
Assistant District Attorney
Wyandotte County Courthouse
710 North 7th Street
Kansas City, Kansas 66101
(913) 573-2851

62

KB

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

?10 A10 : 41

HB

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONT McINTYRE,

Defendant.

**REQUEST FOR TRANSCRIPT**

Comes now defendant, by and through his attorney, Lindsey P. Erickson, and hereby makes demand for the transcript of the Motion for New Trial hearing held on the 4th day of April, 1996 for purposes of appeal.

Respectfully submitted,

CORNWELL & EDMONDS

BY [signature]

Lindsey P. Erickson 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

57

**CERTIFICATE OF SERVICE**

I certify that on this 10th day of April, 1996, a copy of the above and foregoing was hand delivered to: Terra D. Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101; and to Mary Lynn Cushing, Court Reporter, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY [signature]
Lindsey P. Erickson
Attorneys for Defendant

60

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONTE McINTYRE,

Defendant.

**NOTICE**

Comes now Lindsey P. Erickson, attorney of record for the defendant above named, and hereby attaches the Affidavit of Gary Long with regard to defendant's Motion for New Trial filed on the 29th day of March, 1996.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________
LINDSEY P. ERICKSON 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

56

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of April, 1996 a copy of the above and foregoing was hand delivered to Terra D. Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY [signature]
Lindsey P. Erickson
Attorneys for Defendant

57

# AFFIDAVIT

State of Kansas )
) ss.
County of Wyandotte )

I, Gary Long, of lawful age, being first duly sworn upon his oath, deposes and states as follows:

1. That I was appointed to represent Lamont McIntyre who was charged with two counts of first degree murder committed on April 15, 1994 on Hutchings Street in Kansas City, Wyandotte County, Kansas.

2. That I reviewed the juvenile file before McIntyre was waived to adult status and never saw any statements given by Stacy Quinn.

3. That I never knew anything about Stacy Quinn as a potential witness and had no idea that she saw the entire incident on April 15, 1994.

4. That had there been a statement given by Stacy Quinn, I would have known of the necessity of locating her as a witness at trial.

FURTHER AFFIANT SAITH NAUGHT.

GARY LONG

Subscribed and sworn to before me this 2nd day of April, 1996.

Notary Public

My Appointment Expires:

JUD[illegible] M. TRANCKINO
No[illegible] - State of Kansas

58

# MANDATE

**SUPREME COURT,** Appellate Court No. 96 76519 - AS
ss.
**STATE OF KANSAS,** District Court No. 94CR1213

**The State of Kansas, to the District Court within and for the County of** WYANDOTTE **in the State of Kansas, Greeting:**

**WHEREAS,** In a certain criminal action lately pending before you, wherein STATE OF KANSAS, plaintiff, and LAMONTE McINTYRE, defendant, a judgment was rendered by you against the said defendant from which judgment said defendant prosecuted an appeal in the Supreme Court within and for the State of Kansas;

AND WHEREAS, on January 24, 1997, on consideration of the said appeal, it was ordered and adjudged by the said Supreme Court that the judgment of the District Court be affirmed. An attested true copy of opinion attached.

and that the said ______ recover against the said ______ for costs herein expended and have execution therefor.

**YOU ARE THEREFORE COMMANDED,** That without delay you cause execution to be had of the said judgment of the Supreme Court, according to law.

FILED
'97 MAR 5 P12:57

Costs

Fees of Clerk of the Supreme Court . . . . . . . . . . . . $55.00 PAID
Other Costs . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ______
Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ ______

**WITNESS** my hand and the seal of said Supreme Court affixed hereto, at my office, in the City of Topeka, on FEB 27 1997

Carol G. Green

**CAROL G. GREEN,** *Clerk of the Supreme Court*

**MANDATE RECEIVED BY CLERK**
**TRIAL JUDGE NOTIFIED** Date: ______

cc: Judge Burdette

NOT DESIGNATED FOR PUBLICATION

IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 76,519

STATE OF KANSAS,
*Appellee*,

v.

LAMONTE McINTYRE,
*Appellant*.

Appeal from Wyandotte district court, J. DEXTER BURDETTE, judge. Opinion filed January 24, 1997. Affirmed.

*Lindsey P. Erickson*, of Cornwell & Edmonds, of Overland Park, argued the cause, and *Carl E. Cornwell*, of the same firm, was with her on the brief for appellant.

*Terra D. Morehead*, assistant district attorney, argued the cause, and *Nick A. Tomasic*, district attorney, and *Carla J. Stovall*, attorney general, were with her on the brief for appellee.

*Per Curiam*: Lamonte McIntyre appeals the trial court's denial of his motion for a new trial based upon newly discovered evidence and recantation of testimony.

Jurisdiction is in our court pursuant to K.S.A. 22-3601(b)(1) because McIntyre has been convicted of two counts of first-degree murder, class A felonies.

McIntyre claims the trial court abused its discretion in denying his motion for a new trial when an eyewitness recanted her testimony identifying him as the shooter, and a new witness testified that she was an eyewitness to the shooting, that she was positive McIntyre was not the shooter, and that she was willing to point out the correct shooter to police investigators.

The appellate standard of review of an order denying a motion for a new trial under K.S.A. 22-3501(1) is whether the trial court abused its discretion. *State v. Hall*, 252 Kan. 669, 671, 847 P.2d 1288 (1993). Under the abuse of discretion standard, if a reasonable person could agree with the trial court's decision, it will not be disturbed on appeal. *State v. Massey*, 242 Kan. 252, 264, 747 P.2d 802 (1987).

The facts underlying McIntyre's conviction are set forth in detail in *State v. McIntyre*, 259 Kan. 488, 912 P.2d 156 (1996). Highly summarized, two eyewitnesses identified McIntyre as the black male, dressed in all-black clothing, who on April 15, 1994, walked through a nearby vacant lot to a parked car and opened fire with a shotgun, shooting four times and killing both occupants of the car.

McIntyre presented an alibi defense. Various parties testified he was in their presence away from the scene of the crime. McIntyre testified he was at the house of his aunt, that he left only for short periods of time to call cabs for his cousins, and that he did not leave until his mother came to get him sometime between 4:30 and 5:30 p.m. The shootings took place at 2 p.m. McIntyre denied knowing the victims or owning a gun.

Almost two years after the crime was committed, McIntyre's motion for a

new trial alleged that Niko Quinn, one of the original witnesses at the trial, had recanted her trial testimony in which she identified McIntyre as the killer of her cousins. McIntyre also claimed to have recently discovered another eyewitness, Stacy Quinn, Niko's sister, who would testify McIntyre was not the shooter. Affidavits of Niko and Stacy were attached to the motion. Also attached was the affidavit of Gary Long, McIntyre's trial attorney, who stated he had never known that Stacy was a potential witness or seen any statements given by her.

The same district judge who presided over McIntyre's trial heard the new trial motion. The State contended Stacy's testimony was not newly discovered evidence because she was a witness listed on the information who could have been located. The State also challenged the credibility of the witnesses, particularly Niko who now admits to perjuring herself at McIntyre's trial. The trial court decided to hold an evidentiary hearing.

Stacy, who was brought from the Jefferson County jail, testified she had witnessed the murders from the front door of her home. She described the shooter as a short black man, who wore black jeans with a white t-shirt and had French braids. She said the shooter pulled the trigger several times, but the gun did not fire. After the gun started firing, she heard a total of nine shots, although when asked on cross-examination, how many shots a shotgun holds, she replied: "Should be twelve . . . I don't know, a twelve gauge, I guess."

When asked why she had not talked to the police, she admitted, "I was messed up. I was on drugs." She claimed that she had not come forward in the past two years because she was into drugs and thought she was having a nervous

breakdown. Stacy said she had seen the shooter subsequent to the crime and that had scared her. She looked at some photographs of McIntyre and contended he was not the shooter.

On cross-examination, Stacy admitted she was in jail for a probation violation following a theft conviction. She admitted to having used crack cocaine on and off for several years and to having used it two days prior to the shooting. Stacy said she used crack cocaine about four times a day after the shooting. She acknowledged talking to her sister about the shooting while in jail, but said she did not know that Niko was changing her story. She denied knowing anything about someone being charged with the killing of her cousins despite admitting to having had contact with her family.

Gary Long testified he had reviewed the court file and had seen that Stacy was identified as a potential witness. He stated he had been unable to locate her after visiting the scene several times, leaving his card at the house where Stacy was suppose to reside, and asking people in the neighborhood about her. He said he had no way of knowing what Stacy's testimony would be, although he admitted he had read a statement of Stacy's mother indicating Stacy had witnessed the murder and could identify the shooter.

The trial court, in denying the motion, focused on the two-pronged test used to decide whether to grant a new trial. Under the first prong, whether the witness could have been located with reasonable diligence, the court held that Stacy could have been located with due diligence and that Niko's testimony was not newly discovered because she had testified at the prior trial. Further, considering the

second prong, whether there is a real probability that the evidence would produce a different result on retrial, the court found no credibility in Niko's recantation. The court also specifically found Stacy to be unbelievable and not credible because the number of shots she said she heard did not correlate to the evidence produced at trial and her description of the dress of the shooter differed from that of other witnesses. The court also found Stacy not to be credible because of her demeanor while testifying at the hearing.

McIntyre appeals. We affirm.

The trial court did not abuse its discretion in denying McIntyre's motion for a new trial based on newly discovered evidence. We have previously set forth our standard of review in *State v. Thomas*, 257 Kan. 228, 231, 891 P.2d 417 (1995), where we noted:

> "The rules governing motions for new trials based on newly discovered evidence are well established. K.S.A. 22-3501(1) provides:
>
> 'The court on motion of a defendant may grant a new trial to him if required in the interest of justice. . . . A motion for a new trial based on the ground of newly discovered evidence may be made within two years after final judgment.'
>
> "The test for determining whether a new trial is warranted based on newly discovered evidence has two parts: (1) The defendant bears the burden of establishing that the newly proffered evidence is indeed 'new'--that is, it could not with reasonable diligence have been produced at trial; and (2) the evidence must be of such materiality that there is a reasonable probability it would produce a different result

upon retrial."

See *State v. Hall*, 252 Kan. at 671.

Furthermore, in *State v. Reed*, 256 Kan. 547, 560, 886 P.2d 854 (1994), we said: "The credibility of the evidence offered in support of the motion is for the trial court's consideration. *State v. Redford*, 248 Kan. 130, 131, 804 P.2d 983 (1991)."

Both cases cited by McIntyre in support of his position that the trial court erred in denying him a new trial, *State v. Ayadi*, 16 Kan. App. 2d 596, 830 P.2d 1210, *rev. denied* 250 Kan. 806 (1991), and *State v. Neal*, 243 Kan. 756, 763 P.2d 621 (1988), are distinguishable. In *Ayadi*, the trial defense attorney did not know that the witness who provided the newly discovered evidence existed or that she may have had relevant evidence. In the present case, the existence of Stacy was clearly known, as she was listed on the information, but she was never subpoenaed. Further, the attempts made to locate witnesses in *Ayadi* were much more extensive than those made in this case.

The trial court decided in *Neal* to grant a new trial. We found no abuse of discretion. Neal claimed he had been working at Bennigan's Restaurant at the time the crime was committed 80 miles away. Several attempts were made to obtain computer records of clock-in and -out times, and Neal, his counsel, and his father had been told by employees in the Bennigan's organization that the information sought was no longer available. Based on this testimony, a finding was made that Neal had diligently tried to uncover this information before his trial. 243 Kan. at 761-62.

In the present case, there is sufficient evidence to support the trial court's finding that Stacy's testimony was not newly discovered evidence. She may not have been easily found, but no request for a continuance was made to attempt to locate her. While some search was made, the facts in this case support the trial court's finding that Stacy's testimony was not newly discovered evidence.

Additionally, in considering Niko's affidavit that she had previously perjured herself and wished to recant her testimony, we have previously stated in *State v. Norman*, 232 Kan. 102, 109, 652 P.2d 683 (1982):

> "The standard for granting a new trial based on recanted testimony has been well documented. *State v. Watie, Heard and Heard*, 223 Kan. 337, 347, 574 P.2d 1368 (1978) states:
>
> 'When a new trial is sought on the basis of recanting testimony of a prosecution witness, the weight to be given such testimony is for the trial judge passing on the motion for new trial to determine. [Citations omitted.] The trial judge is required to grant a new trial only when he is satisfied the recantation of the witness's testimony is true.'"

Further, *State v. Bryant*, 227 Kan. 385, 391, 607 P.2d 66 (1980), notes: "The judicial attitude is that a recantation should be 'looked upon with the utmost suspicion.'"

The trial court specifically found that Niko's recantation was not credible. The trial court recited the history of Niko's previous identifications. Niko first claimed when shown McIntyre's photograph that she was not sure, but later she

contacted the police and stated she was positive but had been afraid to say so previously. Additionally, the court could consider that the remaining eyewitness had not recanted her identification of McIntyre.

Our examination of the record clearly shows the trial court did not abuse its discretion. Under our standard of review, we are required to uphold the trial court's decision.

Affirmed.

A true copy ATTEST

Carol G. Green

Clerk Supreme Court

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

STATE OF KANSAS,

Plaintiff,

vs Case No. 94CR 1213

LAMONTE McINTYRE,

Defendant.

**NOTICE**

Comes now Lindsey P. Erickson, attorney of record for the defendant above named, and hereby attaches the Affidavit of Niko Quinn referred to in defendant's Motion for New Trial filed on the 29th day of March, 1996.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________
LINDSEY P. ERICKSON 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

51

**CERTIFICATE OF SERVICE**

I certify that on this 2nd day of April, 1996 a copy of the above and foregoing was hand delivered to Terra D. Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, Kansas 66101.

CORNWELL & EDMONDS

BY ______________________
Lindsey P. Erickson
Attorneys for Defendant

52

**A F F I D A V I T**

State of Kansas )
) ss.
County of Wyandotte )

I, Niko Quinn, of lawful age, being first duly sworn upon her oath, deposes and states as follows:

1. On April 15, 1994 I was walking north on Hutchings Street in Kansas City, Wyandotte County, Kansas when I noticed a man walking down a wooded hilly area on the east side of Hutchings Street. The man had a shotgun down to his side.

2. The man walked up to the passenger side window of a blue car that was parked on the east side of Hutchings Street facing north toward the dead end.

3. The man shot the passenger who was sitting in the blue car and then shot the driver who was also sitting in the blue car. The man used a 12 gauge shotgun.

4. After the shooting, the man ran back up the wooded hilly area from where he had come.

5. I have viewed four photographs of Lamont McIntyre and am positive that he was not the person who committed the double homicide on April 15, 1994 on Hutchings Street in Kansas City, Wyandotte County, Kansas.

6. The police questioned me and threatened to take my children away from me if I did not talk. I wanted the whole thing to be over with, and I did not care who was convicted. Both victims sitting in the blue car were my cousins. I wanted someone, anyone, to pay for their deaths.

7. I testified at the trial held from September 26, 1994 through September 30, 1994 before the Honorable J. Dexter Burdette, Division 9 of the Wyandotte County District Court. I committed perjury while on the witness stand and said that Lamont McIntyre was the shooter who committed the double homicide on April 15, 1994 on Hutchings Street in Kansas City, Kansas.

8. Lamont McIntyre was not the shooter on April 15, 1994. His ears are too large and they stick away from his face too much. Lamont McIntyre is too tall.

9. I have seen the shooter since April 15, 1994 and am willing to point him out to the police to ensure that the right person is convicted of killing my two cousins.

FURTHER AFFIANT SAITH NAUGHT.

Niko B. Quinn
(NIKO QUINN)

Subscribed and sworn to before me this 02nd day of ~~March~~ April, 1996.

BONNIE G. STRODE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 27th August 1996

Bonnie G. Strode
Notary Public

My Appointment Expires:

27th August 1996

54

ADDITION TO AFFIDAVIT

10. Approximately one month after the shooting I met Det. Golubski of the Kansas City, Kansas Police Department, behind Wyandotte High School Track, and I indicated to him two guys the night before were waiting for me, they came from a field behind where I stay, I saw the guns and when I saw them we pulled off. A guy by the name of Pork Chop was driving me. I indicated to Det. Golubski that I was scared, he said it could not have been Lamont McIntrye because he had been incarcerated since April 15th. He asked me if it could have been one of Lamont's brothers but I told him the guys were too short. I told him I knew James McIntrye.

11. The day after the shooting, the police came to my house about 8 o'clock in the morning, and was questioning me about the shooting the day before. Det. Golubski told me it was him I'd talked to, but I don't remember because I was still in shock. He showed me four or five pictures and when I looked at them, I knew two of the people in the pictures and I held two of them in my hand and he was telling me I knew who it was, and he said if I'd testify it'd be better for me, because it was my cousin sitting in the car. One of the pictures was of LaMont McIntrye and the other one was someone I didn't know. It was the two pictures causing confusion, I knew LaMont. When I told him I wasn't sure, he pressured me to make a decision.

[signature]

Subscribed and sworn before me this 2nd day of April 1996.

Bonnie G. Strode
Notary Public

BONNIE G. STRODE
NOTARY PUBLIC
STATE OF KANSAS
My Appt. Exp. 27th Aug 1996

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL COURT DEPARTMENT

FILED 96 MAR 29 A 8:55

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONTE MCINTYRE,

Defendant.

**ORDER**

Now on this 29th day of March, 1996 this matter comes on before the Honorable J. Dexter Burdette on a motion of the defendant for an order directing the Sheriff of Wyandotte County, Kansas to transport the Stacy Quinn from the custody of the Jefferson County Jail Oskaloosa, Kansas to the Wyandotte County Detention Center for further proceedings before the Court scheduled for the 4th day of April, 1996 at 8:30 a.m. Defendant appears by and through his attorney, Lindsey P. Erickson. There are no other appearances.

The Court, being well and duly advised in the premises, finds that said motion should be sustained.

IT IS THEREFORE BY THE COURT ORDERED that the Sheriff of Wyandotte County, Kansas or one of his duly authorized agents is to forthwith transport Stacy Quinn from the custody of the Jefferson County Jail in Oskaloosa, Kansas to the Wyandotte County Detention Center to appear for a hearing on the 4th day of April, 1996 at 8:30 a.m.

42

IT IS FURTHER ORDERED BY THE COURT that the Sheriff of Wyandotte County, Kansas or one of his duly authorized agents is to forthwith transport Stacy Quinn back to the Jefferson County Jail in Oskaloosa, Kansas after these said proceedings.

HONORABLE J. DEXTER BURDETTE

Submitted By:

CORNWELL & EDMONDS

BY____________________________
LINDSEY P. ERICKSON 16530
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

43



IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

29th JUDICIAL DISTRICT

STATE OF KANSAS PLAINTIFF) COURT O.R.I. NO.: KS105015J

VS. ) CASE NO.: 94CR1213

(ONE PER JOURNAL ENTRY)

LAMONTE McINTYRE, DEFENDANT) K.B.I. NO.: ____

JOURNAL ENTRY

1. OFFENSES

1.1 PRIMARY OFFENSE (Most serious) Count: I Offense Commission Date: 4/15/94

K.S.A.: 21-3401( )( )( )

Type of crime: Offense: First Degree Murder - premeditated

N N = Nondrug / D = Drug Severity Level: Off Grid

F F = Felony / M = Misdemeanor

___ A = Attempt / C = Conspiracy / S = Solicitation /N = Not applicable Transaction Number: 91947

P N = Nonperson / P = Person (from disposition report form)

Plea: Date charge was originally filed: 6/28/94

2 1 = Not Guilty / 2 = Not Guilty-Insanity / 3 = Guilty / 4 = No Contest /

5 = Other: ____ Plea Date: N/A

Disposition:

1 1 = Convicted / 3 = Not guilty by reason of insanity / 4 = Acquitted / Date Amended: ____

6 = Dismissed with prejudice / 7 = Dismissed without prejudice / (if applicable)

13 = Convicted of lesser offense / 14 = Convicted on an amended complaint

Conviction Date: 9/29/94

If amended complaint or lesser offense:

K.S.A.: ____( )( )( ) Offense: ____ Severity Level: ____

____ F = Felony / M = Misdemeanor

____ A = Attempt / C = Conspiracy / S = Solicitation /N or blank = Not applicable

____ P = Person / N = Nonperson

1.2 SECOND MOST SERIOUS OFFENSE Count(s): II Offense Commission Date: 4/15/94

K.S.A.: 21-3401( )( )( )

Type of crime: Offense: First Degree Murder - premeditated

N N = Nondrug / D = Drug Severity Level: Off Grid

F F = Felony / M = Misdemeanor

___ A = Attempt / C = Conspiracy / S = Solicitation /N = Not applicable Transaction Number: 91947

P N = Nonperson / P = Person (from disposition report form)

Plea: Date charge was originally filed: 6/28/94

2 1 = Not Guilty / 2 = Not Guilty-Insanity / 3 = Guilty / 4 = No Contest /

5 = Other: ____ Plea Date: N/A

Disposition:
_1_ 1 = Convicted / 3 = Not guilty by reason of insanity / 4 = Acquitted / 6 = Dismissed with prejudice / 7 = Dismissed without prejudice / 13 = Convicted of lesser offense / 14 = Convicted on an amended complaint

Date Amended: ____ (if applicable)

XXXXXXXXXXXXXXXXConviction Date: 9/29/94

If amended complaint or lesser offense:
K.S.A.: ____ ( )( )( ) Offense: ____ Severity Level: ____
____ F = Felony / M = Misdemeanor
____ A = Attempt / C = Conspiracy / S = Solicitation /N or blank = Not applicable
____ P = Person / N = Nonperson

1.3 THIRD MOST SERIOUS OFFENSE Count(s): ____ Offense Commission Date: ____
K.S.A.: ____ ( )( )( )
Type of crime: Offense: ____
____ N = Nondrug / D = Drug Severity Level: ____
____ F = Felony / M = Misdemeanor
____ A = Attempt / C = Conspiracy / S = Solicitation /N = Not applicable Transaction Number: ____
____ N = Nonperson / P = Person (from disposition report form)
Plea: Date charge was originally filed: ____
____ 1 = Not Guilty / 2 = Not Guilty-Insanity / 3 = Guilty / 4 = No Contest / 5 = Other: ____ Plea Date: ____
Disposition:
____ 1 = Convicted / 3 = Not guilty by reason of insanity / 4 = Acquitted / 6 = Dismissed with prejudice / 7 = Dismissed without prejudice / 13 = Convicted of lesser offense / 14 = Convicted on an amended complaint

Date Amended: ____ (if applicable)

Dismissal, Acquittal or Conviction Date: ____

If amended complaint or lesser offense:
K.S.A.: ____ ( )( )( ) Offense: ____ Severity Level: ____
____ F = Felony / M = Misdemeanor
____ A = Attempt / C = Conspiracy / S = Solicitation /N or blank = Not applicable
____ P = Person / N = Nonperson

1.4 FOURTH MOST SERIOUS OFFENSE Count(s): ____ Offense Commission Date: ____ √
K.S.A.: ____ ( )( )( )
Type of crime: Offense: ____
____ N = Nondrug / D = Drug Severity Level: ____
____ F = Felony / M = Misdemeanor
____ A = Attempt / C = Conspiracy / S = Solicitation /N = Not applicable Transaction Number: ____
____ N = Nonperson / P = Person (from disposition report form)
Plea: Date charge was originally filed: ____
____ 1 = Not Guilty / 2 = Not Guilty-Insanity / 3 = Guilty / 4 = No Contest / 5 = Other: ____ Plea Date: ____
Disposition:
____ 1 = Convicted / 3 = Not guilty by reason of insanity / 4 = Acquitted / 6 = Dismissed with prejudice / 7 = Dismissed without prejudice / 13 = Convicted of lesser offense / 14 = Convicted on an amended complaint

Date Amended: ____ (if applicable)

Dismissal, Acquittal or Conviction Date: ____

If amended complaint or lesser offense:
K.S.A.: ____ ( )( )( ) Offense: ____ Severity Level: ____
____ F = Felony / M = Misdemeanor
____ A = Attempt / C = Conspiracy / S = Solicitation /N or blank = Not applicable
____ P = Person / N = Nonperson

PLEASE ATTACH SUPPLEMENT TO REPORT ADDITIONAL OFFENSES.

## 2. PROCEEDINGS PRIOR TO AND INCLUDING SENTENCING

2.1 Type of counsel prior to sentencing:
__2__ 1 = Private / 2 = Assigned / 3 = Self / 4 = Public Defender / 5 = Other:________

2.2 Type of proceeding:
__2__ 1 = Bench Trial / 2 = Jury Trial / 6 = Plea / 4 = Other: ________

2.3 Pre-trial Status:
__1__ 1 = Not Released From Custody / 2 = Released on Own Recognizance / 3 = Released Private Bail / 4 = Released Professional Bail / 5 = Released to Third Party / 6 = Court Ordered Release
7 = Other:________

2.4 A sentencing hearing in the above-captioned matter was held before
(District) ~~(Magistrate)~~ Judge: J. Dexter Burdette Sentencing Date: 1/6/95

Present were:
Defendant: LaMonte McIntyre
Defendant's Attorney: Carl Cornwell
(Assistant) / (District) ~~(County)~~ Attorney: Terra D. Morehead
Other: Ted Gardner - probation

2.5 The defendant was asked if there was any legal cause why judgment and sentence should not be pronounced and imposed, and none was shown. The opportunity for allocution was offered to the defendant. The court finds no legal cause why judgment and sentence should not be pronounced.
Other: ________

2.6 Based on the testimony heard, statements by defendant and/or victims, arguments of counsel, the presentence report and case record to date, the Court finds:

__A__ A = Parties agree on the Criminal History Classification as established in the Presentence Investigation Report.
S = State requests a hearing for proof of Criminal History.
D = Defendant requests a hearing for proof of Criminal History.
B = Both parties request a hearing for proof of Criminal History.

2.7 A hearing on the matter of Criminal History classification was held before Judge ________
and the Criminal History classification established in the Presentence Investigation Report (was) /(was not) amended.
Hearing Date:________ District Judge Number:________

2.8 If the criminal history score was amended, the reason for amendment:

PLEASE ATTACH AMENDED CRIMINAL HISTORY WORKSHEET.

2.9 The Court, upon hearing statements by witnesses, argument of counsel and receiving evidence, finds that the defendant's Criminal History Classification is as follows:
CRIMINAL HISTORY CLASSIFICATION (CIRCLE) (Please attach final version of the criminal history worksheet):

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Nondrug | A | B | (C) | D | E | F | G | H | I |
| Drug (if different) than Nondrug) | A | B | C | D | E | F | G | H | I |

2.11 The presumptive guideline sentence for the PRIMARY conviction is:
Count No.: I Presumptive (Prison) XXXXXXXXX
a prison term of XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX (Life) XXXXXXXXXXXXXXX
a postrelease supervision duration of life XXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

FULL CRIMINAL HISTORY — CRIMINAL HISTORY CATEGORY "I" RANGE (Use for Consecutive Sentences)

Second Most serious: Count No.: II XXXXXXXXXXXXXXXX(Life)XXXXXXXXXXXXXXXXXX — Life XXXXXXXXXXXX
Third Most serious: Count No.: ___ ___ to ___ months / (Life) / (Hard 25) / (Hard 40) — ___ to ___ months
Fourth Most serious: Count No.: ___ ___ to ___ months / (Life) / (Hard 25) / (Hard 40) — ___ to ___ months
ATTACH ANY SUPPLEMENTS TO REPORT ADDITIONAL CURRENT CONVICTIONS.

## 3. JUDGMENT AND ORDER

3.1 Departures:
______ S = State moves for imposition of a departure sentence
D = Defendant moves for imposition of a departure sentence
B = Both parties agree and jointly move the Court for imposition of a departure sentence.
C = The Court has notified the parties of an intent to impose a departure sentence upon the Court's own motion.

______ G = Motion Granted / D = Motion denied
Type of departure sentence:
Dispositional Count(s):____________ Both Dispositional and Durational Count(s):____________
Durational Count(s):____________ Sex Offender Postrelease Supervision Count(s):____________

It is, therefore, by the Court ORDERED, ADJUDGED, AND DECREED that the defendant be sentenced as follows:

3.2 Present Felony Committed While on Supervised Status
_____ Present felony(ies) committed while the offender was on felony release status or while incarcerated for a felony conviction so that the presumption for probation is gone. The order of the court is to sentence the offender to (Prison) / (Court Services) / (Community Corrections).

3.3 The defendant be sentenced to serve:
Most serious offense (Primary): Count No.: I FA Special rule applicable to the sentence.*
XXXXXXXXXXXXXXXXXXXXXXXX/ (Life) /XXXXXXXXXXXXXXX) in the custody of the (Sec. of Corr.)XXXXXXXXXXXX
Second Most serious offense: Count No.: II FA Special rule applicable to the sentence.*
[XXXXXXXXXXXXXXXXXXXXXXX(Life)XXXXXXXXXXXXXXXXXin the custody of the (Sec. of Corr.) /XXXXXXXXXXX
XXXXXXXXXXX(Consecutive) to counts: I
Third Most serious offense: Count No.: _____ _____ Special rule applicable to the sentence.*
[________ (Days)/(Months)] / (Life) / (Hard 25) / (Hard 40) in the custody of the (Sec. of Corr.) / (County Jail)
(Concurrent) (Consecutive) to counts: _______
Fourth Most serious offense: Count No.: _____ _____ Special rule applicable to the sentence.*
[________ (Days)/(Months)] / (Life) / (Hard 25) / (Hard 40) in the custody of the (Sec. of Corr.) / (County Jail)
(Concurrent) (Consecutive) to counts: _______

* AB = Aggravated battery on a LEO / AA = Aggravated assault on a LEO / FA = Person felony was committed using a firearm
CC = Defendant is classified in grid block 3-G, 3-H or 3-I of the drug grid / SS = Small sale of marijuana / DUI = Felony DUI

SUPPLEMENTS SHOULD BE ATTACHED TO REPORT ADDITIONAL CURRENT CONVICTIONS.

3.4 PRISON SENTENCE:
(Life + ) ~~XXXXXXXXXXXXXXXX~~( life ) ~~XXXXXXXXXXXXXXX~~ followed by (Life parole) ~~XXXXXXXXXXXXXXXX~~ The Court informs the defendant of up to twenty percent reduction of the prison part of the sentence.
_____ Departure on the postrelease supervision period. N = No / Y = Yes (Fill out section 4.1).
Sentence Begins Date: ______________________

3.5 NONPRISON SENTENCE:
The defendant was placed on FELONY probation under the supervision of (Court Services) / (Community Corrections) for a duration of ________________ months. The defendant was placed on MISDEMEANOR probation under the supervision of (Court Services) / (Community Corrections) for a duration of ________________ (days) /(months). Total probation time assigned: ____________

The defendant, as a condition of FELONY probation, is ordered to serve a period of ________ (days) / (months) in the county jail. The defendant, as a condition of MISDEMEANOR probation, is ordered to serve a period of ________ (days) / (months) in the county jail. Total jail term assigned: ______________

____ The offender is classified in a presumptive nonprison area of either grid or in grid box 5-H, 5-I or 6-G of the nondrug grid and the Court has considered placement of the offender at Labette Convervation Camp.

The defendant, as a condition of probation, is ordered to serve a period of ________ (days) / (months) at the State Conservation Camp followed by a 180-day period of follow-up through adult intensive supervision by the __________________________ Community Corrections program.

3.6 BOTH PRISON AND NONPRISON SENTENCE:
Credit of 192 days is granted for time spent incarcerated.

This term runs (Concurrent) / (Consecutive) to prior sentence of ________ (months) /(days) in Case No.: ______________ in the District Court of ______________________ County, Kansas (Other: (Federal) / (State) ______________________________)
Prior Sentencing Date: ________________,
and (Concurrent) (Consecutive) to prior sentence of ________ (months) /(days) in Case No.: ____________ in the District Court of ____________________ County, Kansas (Other (Federal) (State) __________________________)
Prior Sentencing Date: ________________.

Other: ______________________________________________________________

Pay the following costs to the Court in (monthly) / (weekly) / (daily) / (as directed by the supervising officer) payments of $________

| | | | |
|---|---|---|---|
| I | ** Court Costs: 131.50 | ________ | due by: ________ |
| ____ | ** Fines: | ________ | due by: ________ |
| ____ | ** Probation Fee: | ________ | due by: ________ |
| ____ | ** Attorney Fees: | ________ | due by: ________ |
| ____ | ** Alcohol Eval. Fee: | ________ | due by: ________ |
| ____ | ** Other: | ________ | due by: ________ |
| ____ | ** Other: | ________ | due by: ________ |
| ____ | ** Other: | ________ | due by: ________ |
| ____ | ** Other: | ________ | due by: ________ |

**I = Imposed / S = Suspended / W = Waived

Total amount restitution (with credit for amounts paid by co-defendant(s)) to:

| NAME | ADDRESS | AMOUNT |
|---|---|---|
| | | $ |
| | | $ |
| | | $ |

The clerk of the District Court is directed to pay out upon receipt the restitution received to the above named individual(s).

38

Other:

## 4. DEPARTURE CRITERIA

4.1 Substantial and compelling reasons for a POSTRELEASE SUPERVISION DEPARTURE (Please list):

____________________________________________

____________________________________________

____________________________________________

____________________________________________

4.2 MITIGATING factors cited as a basis for departure sentence (COUNTS SHOULD BE LISTED TO THE LEFT):

Cts:____ The victim was an aggressor or participant in the criminal conduct associated with the crime of conviction.

Cts:____ The offender played a minor or passive role in the crime or participated under circumstances of duress or compulsion. This factor is not sufficient as a complete defense.

Cts:____ The offender, because of physical or mental impairment lacked substantial capacity or judgment when the offense was committed. The voluntary use of intoxicants, drugs or alcohol does not fall within the purview of this factor.

Cts:____ The defendant, or the defendant's children, suffered a continuing pattern of physical or sexual abuse by the victim of the offense and the offense is a response to that abuse.

Cts:____ The degree of harm or loss attributed to the current crime of conviction was significantly less than typical for such an offense.

Cts:____ Other:

4.3 AGGRAVATING factors cited as a basis for departure sentence (COUNTS SHOULD BE LISTED TO THE LEFT):

Cts:____ The victim was particularly vulnerable due to age, infirmity, or reduced physical or mental capacity which was known or should have been known to the offender.

Cts:____ The defendant's conduct during the commission of the current offense manifested excessive brutality to the victim in a manner not normally present in that offense.

Cts:____ The offense was motivated entirely or in part by the race, color, religion, ethnicity, national origin or sexual orientation of the victim.

Cts:____ The offense involved a fiduciary relationship which existed between the defendant and the victim.

Cts:____ The offender committed a felony for the benefit of, at the direction of, or in association with, any criminal street gang, with the specific intent to promote, further or assist in any criminal conduct by gang members.

Cts:____ The offender, 18 or more years of age, employed, hired, used, persuaded, induced, enticed or coerced any individual under 16 years of age to commit or assist in avoiding detection or apprehension for commission of <u>any person felony</u> or any attempt, conspiracy or solicitation to commit any person felony regardless of whether the defendant knew the age of the individual under 18 years of age.

Cts:____ The defendant's current crime of conviction is a crime of extreme sexual violence and the defendant is a predatory sex offender.

Cts:____ The offender, 18 or more years of age, employed, hired, used, persuaded, induced, enticed or coerced any individual under 16 years of age to violate or assist in avoiding detection or apprehension for violation of any provision of the <u>uniform controlled substances act</u> or any attempt, conspiracy or solicitation to commit a violation of any provision of the uniform controlled substances act regardless of whether the offender knew the age of the individual under 16 years of age.

The offender possessed illegal drugs:

Cts:____ with intent to sell, which were sold or were offered for sale to a person under 18 years of age.

Cts:____ with the intent to sell, deliver or distribute or which were sold or offered for sale in the immediate presence of a person under 16 years of age.

Cts:____ Other:

4.4 The crime was committed as part of a major organized drug manufacture, production, cultivation or delivery activity.
TWO OR MORE following nonexclusive factors conceded evidence of major organized drug manufacture, production, cultivation or delivery activity:

Cts:____ The offender derived a substantial amount of money or asset ownership from the illegal drug-sale activity.
Cts:____ The presence of substantial quantity or variety of weapons or explosives at the scene of arrest or associated with the illegal drug activity.
Cts:____ The presence of drug transaction records or customer lists that indicate a drug-sale activity of major size.
Cts:____ The presence of manufacturing or distribution materials such as, but not limited to, drug recipes, precursor chemicals, laboratory equipment, lighting, irrigation systems, ventilation, power-generation, scales or packaging material.
Cts:____ Building acquisitions or building modifications including, but not limited to painting, wiring, plumbing, or lighting which advanced or facilitated the commission of the offense.
Cts:____ Possession of large amounts of illegal drugs or substantial quantities of controlled substances.
Cts:____ A showing that the offender has engaged in repeated criminal acts associated with the manufacture, production, cultivation or delivery of controlled substances.
Cts:____ Other:

## 5. PROBATION CONDITIONS

5.1 In addition to the provisions set forth in K.S.A. 21-4610, the defendant is ordered to comply with the following special conditions of probation (CHECK ALL THAT APPLY):

____ (Alcohol) (Drug) (Mental Health) evaluation (follow recommendations)
____ (In-) (Out-) patient (Alcohol) (Drug) (Mental Health) treatment (Follow recommendations of counselor)
____ (AA) (NA) Attendance
____ No possession or consumption of alcohol or illegal drugs
____ Submit to random (Breath) (Blood) (Urinalysis) testing at request of C.S.O. at defendant's own expense
____ Community Service Work (_____ Hours)
____ (Gain) (Maintain) employment
____ Notify the C.S.O. of changes in employment, residence and phone number
____ No contact with (victim) (co-defendant)
____ Educational program - (G.E.D.) (Vocational) (Higher Education)
____ Curfew Restriction: ________________________________________
____ Travel Restriction: ________________________________________
____ Other:

## 6. ADDITIONAL PROVISIONS

6.1 _X_ The court has ensured that the defendant has been processed and fingerprinted.

6.2 _X_ The Court has informed the offender of the prohibition against carrying a firearm pursuant to K.S.A. 21-4204 and amendments thereto.

6.2 ____ The Court has informed the offender of the duty to register as provided by the habitual sex offender registration act.

6.3 ____ The defendant is directed to submit specimens of blood and saliva to the Kansas Bureau of Investigation in accordance with the provisions of K.S.A. 21-2511.

6.4 _X_ The Court hereby orders that the Sheriff or a designee transport the defendant to the custody of the Secretary of Corrections.

6.5 Other

IT IS SO ORDERED.

Judge of the District Court
J. DEXTER BURDETTE, Division No. 9

APPROVED:

Assistant District Attorney, # 12759
TERRA D. MOREHEAD

Address: **Wyandotte County Criminal Justice Complex**
**710 North 7th Street**
**Kansas City, Kansas 66101**

Phone: **(913) 573-2851**

Attorney for Defendant, #
CARL CORNWELL
Address:

Phone:

**CERTIFICATE OF MAILING**

I hereby certify that a copy of the above and foregoing Journal Entry was mailed first class, postage prepaid, United States Mail to Carl Cornwell, 6900 College Blvd., Suite 1020, Overland Park KS 66211. Attorney for Defendant, on this ______ day of January, 19 95.

Assistant District Attorney
TERRA D. MOREHEAD

34

(8/18/94)

41

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
CRIMINAL DEPARTMENT

94 NOV 23 P 3:47

STATE OF KANSAS,

Plaintiff,

vs

Case No. 94CR 1213

LAMONT McINTYRE,

Defendant.

**ENTRY OF APPEARANCE**

Comes now Carl E. Cornwell, and hereby enters his appearance as attorney of record for the defendant above named.

Respectfully submitted,

CORNWELL & EDMONDS

BY ______________________
CARL E. CORNWELL 9049
6900 College Boulevard, Suite 1020
Overland Park, Kansas 66211
(913) 451-2611
FAX (913) 661-9814
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this 23nd day of November, 1994, a copy of the above and foregoing was mailed, postage prepaid, addressed to Terra Morehead, Assistant District Attorney, Wyandotte County Courthouse, 710 North 7th Street, Kansas City, KS 66101; and to Gary W. Long, 400 North 6th Street, Kansas City, KS 66101.

CORNWELL & EDMONDS

BY ______________________
Carl E. Cornwell

33

FILED
94 SEP 30 AM 4 3
CLERK ... WYANDOTTE ...

IN THE TWENTY-NINTH JUDICIAL DISTRICT
DISTRICT COURT, WYANDOTTE COUNTY, KANSAS

| | | |
|---|---|---|
| STATE OF KANSAS, | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Case No. 94 CR 1213 |
| | ) | |
| LAMONTE MCINTYRE, | ) | |
| | ) | |
| Defendant | ) | |

**V E R D I C T**
**COUNT I**

We, the jury, find the defendant, Lamonte McIntyre, guilty of the crime of murder in the first degree pertaining to Doniel Quinn.

[signature]
Presiding Juror

---

We, the jury, find the defendant, Lamonte McIntyre, not guilty.

Presiding Juror

26

Exh. 02

P0199

FILED
94 SEP 30 AM 43
CLERK DISTRICT COURT
WYANDOTTE COUNTY, KANSAS

**IN THE TWENTY-NINTH JUDICIAL DISTRICT**
**DISTRICT COURT, WYANDOTTE COUNTY, KANSAS**

STATE OF KANSAS, )
Plaintiff )
)
vs. ) Case No. 94 CR 1213
)
LAMONTE MCINTYRE, )
)
Defendant )

**VERDICT**
**COUNT II**

We, the jury, find the defendant, Lamonte McIntyre, guilty of the crime of murder in the first degree pertaining to Donald Ewing.

______________________________
Presiding Juror

---

We, the jury, find the defendant, Lamonte McIntyre, not guilty.

______________________________
Presiding Juror

27

WEEK OF SEPTEMBER 26, 1994 - JUDGE J. DEXTER BURDETTE - DIVISION NINE

| | | | | | |
|---|---|---|---|---|---|
| 10/4/94 | 94CR1213 | St vs Lamonte McIntyre | (Spec set Mon.9/26 9AM) 2C Murd 1(OGF) | T. Morehead- | G. Long |
| 11/1/94 | 93CR2442 | St vs Michael Brazel | 3C Ag Incest(D FEL) | T. Morehead- | C. Cornwell |
| 11/6/94 | 94CR0242 | St vs Karl Bynum | At Pos Coc(DS4) | B. Leininger - | G. Long |
| 11/6/94 | 94CR0471 | St vs Karl Bynum | Pos Hydroco(DS4) | B. Leininger - | G. Long |
| 11/7/94 | 94CR0138 | St vs Kevin Hill | Pos Coc(DS4) | C. Schneider - | R. DeCoursey |
| 11/7/94 | 94CR0414 | St v sKevin Hill | Unlaw Pos Firearm (NPF8) | C. Schneider- | R. DeCoursey |

*The deadline for pleas and continuances for the above cases is August 29, 1994.

WEEK OF SEPTEMBER 26, 1994 - JUDGE DANIEL A. DUNCAN - DIVISION SIXTEEN

| | | | | | |
|---|---|---|---|---|---|
| Cont | 93CR1780 | St vs Robert Miller | (Spec set Mon.9/26-9AM) Murd 1(OGF) | M. Grosko - | L. Mata |
| Cont | 93CR2126 | St vs Charles Warren | 4C Indec Lib(C FEL) | D. Scherff - | S. DeGraff |
| Waived | 93CR2446 | St vs Thomas Clardy | 2C Rape(PF2) | T. Morehead - | D. Zemites |
| 11/8/94 | 94CR0636 | St vs David Haskin | At Pos Coc(DS4) | B. Leininger - | J. Simon |
| 11/8/94 | 94CR0651 | St vs Michael McFadden | Fel DWS(NPF9) | D. York - | J. Way |
| 11/15/94 | 93CR2329 | St vs Richard Long | Dr w/Hab(NPF9) | G. Scamman - | G. Coggs |
| 11/15/94 | 93CR2403 | St vs Christina Coffey | Fel DWS(NPF9) | D. York - | L. Mata |

*The deadline for pleas and continuances for the above cases is August 29, 1994.

Please alert your clients and witnesses now. If the defendant has not done so he should advise the State the names of his witnesses at once.

*Counsel is hereby advised that all plea negotiations shall be completed on or by time stated NO PLEA to a reduced charge will be accepted after time stated.

Very truly yours,

Dean J. Smith

DEAN J. SMITH
Administrative Judge

c:Bonding Compaines

DJS/kmb

Form **W-9**
(Rev. January 1993)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer Identification Number and Certification

**Give this form to the requester. Do NOT send to IRS.**

Please print or type

Name (If joint names, list first and circle the name of the person or entity whose number you enter in Part I below. See instructions on page 2 if your name has changed.)
Erik Krag Mitchell

Business name (Sole proprietors see instructions on page 2.) **(If you are exempt from backup withholding, complete this form and enter "EXEMPT" in Part II below.)**

Address (number and street)
445 S.E. 34th Street

List account number(s) here (optional)

City, state, and ZIP code
Topeka, Kansas 66605

**Part I** **Taxpayer Identification Number (TIN)**

Enter your TIN in the appropriate box. For individuals, this is your social security number (SSN). For sole proprietors, see the instructions on page 2. For other entities, it is your employer identification number (EIN). If you do not have a number, see **How To Obtain a TIN** below.

**Note:** *If the account is in more than one name, see the chart on page 2 for guidelines on whose number to enter.*

Social security number
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

**OR**

Employer identification number

**Part II** **For Payees Exempt From Backup Withholding (See Exempt Payees and Payments on page 2)**

▶

Requester's name and address (optional)

**Certification.**—Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and
2. I am not subject to backup withholding because: **(a)** I am exempt from backup withholding, or **(b)** I have not been notified by the Internal Revenue Service that I am subject to backup withholding as a result of a failure to report all interest or dividends, or **(c)** the IRS has notified me that I am no longer subject to backup withholding.

**Certification Instructions.**—You must cross out item **2** above if you have been notified by the IRS that you are currently subject to backup withholding because of underreporting interest or dividends on your tax return. For real estate transactions, item **2** does not apply. For mortgage interest paid, the acquisition or abandonment of secured property, contributions to an individual retirement arrangement (IRA), and generally payments other than interest and dividends, you are not required to sign the Certification, but you must provide your correct TIN. (Also see **Signing the Certification** on page 2.)

**Sign Here** **Signature ▶** [signature] **Date ▶** 8 July 1994

*Section references are to the Internal Revenue Code.*

**Purpose of Form.**—A person who is required to file an information return with the IRS must obtain your correct TIN to report income paid to you, real estate transactions, mortgage interest you paid, the acquisition or abandonment of secured property, or contributions you made to an IRA. Use Form W-9 to furnish your correct TIN to the requester (the person asking you to furnish your TIN) and, when applicable, (1) to certify that the TIN you are furnishing is correct (or that you are waiting for a number to be issued), (2) to certify that you are not subject to backup withholding, and (3) to claim exemption from backup withholding if you are an exempt payee. Furnishing your correct TIN and making the appropriate certifications will prevent certain payments from being subject to backup withholding.

**Note:** *If a requester gives you a form other than a W-9 to request your TIN, you must use the requester's form.*

**How To Obtain a TIN.**—If you do not have a TIN, apply for one immediately. To apply, get **Form SS-5,** Application for a Social Security Card (for individuals), from your local office of the Social Security Administration, or **Form SS-4,** Application for Employer Identification Number (for businesses and all other entities), from your local IRS office.

To complete Form W-9 if you do not have a TIN, write "Applied for" in the space for the TIN in Part I, sign and date the form, and give it to the requester. Generally, you will then have 60 days to obtain a TIN and furnish it to the requester. If the requester does not receive your TIN within 60 days, backup withholding, if applicable, will begin and continue until you furnish your TIN to the requester. For reportable interest or dividend payments, the payer must exercise one of the following options concerning backup withholding during this 60-day period. Under option (1), a payer must backup withhold on any withdrawals you make from your account after 7 business days after the requester receives this form back from you. Under option (2), the payer must backup withhold on any reportable interest or dividend payments made to your account, regardless of whether you make any withdrawals. The backup withholding under option (2) must begin no later than 7 business days after the requester receives this form back. Under option (2), the payer is required to refund the amounts withheld if your certified TIN is received within the 60-day period and you were not subject to backup withholding during that period.

**Note:** *Writing "Applied for" on the form means that you have already applied for a TIN* ***OR*** *that you intend to apply for one in the near future.*

As soon as you receive your TIN, complete another Form W-9, include your TIN, sign and date the form, and give it to the requester.

**What Is Backup Withholding?**—Persons making certain payments to you after 1992 are required to withhold and pay to the IRS 31% of such payments under certain conditions. This is called "backup withholding." Payments that could be subject to backup withholding include interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee compensation, and certain payments from fishing boat operators, but do not include real estate transactions.

If you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return, your payments will not be subject to backup withholding. Payments you receive will be subject to backup withholding if:

**1.** You do not furnish your TIN to the requester, or

**2.** The IRS notifies the requester that you furnished an incorrect TIN, or

**3.** You are notified by the IRS that you are subject to backup withholding because you failed to report all your interest and dividends on your tax return (for reportable interest and dividends only), or

**4.** You do not certify to the requester that you are not subject to backup withholding under 3 above (for reportable interest and dividend accounts opened after 1983 only), or

**5.** You do not certify your TIN. This applies only to reportable interest, dividend, broker, or barter exchange accounts opened after 1983, or broker accounts considered inactive in 1983.

Except as explained in 5 above, other reportable payments are subject to backup withholding only if 1 or 2 above applies. Certain payees and payments are exempt from backup withholding and information reporting. See **Payees and Payments Exempt From**

**Backup Withholding,** below, and **Exempt Payees and Payments** under **Specific Instructions,** below, if you are an exempt payee.

**Payees and Payments Exempt From Backup Withholding.**—The following is a list of payees exempt from backup withholding and for which no information reporting is required. For interest and dividends, all listed payees are exempt except item (9). For broker transactions, payees listed in (1) through (13) and a person registered under the Investment Advisers Act of 1940 who regularly acts as a broker are exempt. Payments subject to reporting under sections 6041 and 6041A are generally exempt from backup withholding only if made to payees described in items (1) through (7), except a corporation that provides medical and health care services or bills and collects payments for such services is not exempt from backup withholding or information reporting. Only payees described in items (2) through (6) are exempt from backup withholding for barter exchange transactions, patronage dividends, and payments by certain fishing boat operators.

**(1)** A corporation. **(2)** An organization exempt from tax under section 501(a), or an IRA, or a custodial account under section 403(b)(7). **(3)** The United States or any of its agencies or instrumentalities. **(4)** A state, the District of Columbia, a possession of the United States, or any of their political subdivisions or instrumentalities. **(5)** A foreign government or any of its political subdivisions, agencies, or instrumentalities. **(6)** An international organization or any of its agencies or instrumentalities. **(7)** A foreign central bank of issue. **(8)** A dealer in securities or commodities required to register in the United States or a possession of the United States. **(9)** A futures commission merchant registered with the Commodity Futures Trading Commission. **(10)** A real estate investment trust. **(11)** An entity registered at all times during the tax year under the Investment Company Act of 1940. **(12)** A common trust fund operated by a bank under section 584(a). **(13)** A financial institution. **(14)** A middleman known in the investment community as a nominee or listed in the most recent publication of the American Society of Corporate Secretaries, Inc., Nominee List. **(15)** A trust exempt from tax under section 664 or described in section 4947.

Payments of **dividends and patronage dividends** generally not subject to backup withholding include the following:

- Payments to nonresident aliens subject to withholding under section 1441.
- Payments to partnerships not engaged in a trade or business in the United States and that have at least one nonresident partner.
- Payments of patronage dividends not paid in money.
- Payments made by certain foreign organizations.

Payments of **interest** generally not subject to backup withholding include the following:

- Payments of interest on obligations issued by individuals.

**Note:** *You may be subject to backup withholding if this interest is $600 or more and is paid in the course of the payer's trade or business and you have not provided your correct TIN to the payer.*

- Payments of tax-exempt interest (including exempt-interest dividends under section 852).
- Payments described in section 6049(b)(5) to nonresident aliens.
- Payments on tax-free covenant bonds under section 1451.
- Payments made by certain foreign organizations.
- Mortgage interest paid by you.

Payments that are not subject to information reporting are also not subject to backup withholding. For details, see sections 6041, 6041A(a), 6042, 6044, 6045, 6049, 6050A, and 6050N, and their regulations.

## Penalties

**Failure To Furnish TIN.**—If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil Penalty for False Information With Respect to Withholding.**—If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal Penalty for Falsifying Information.**—Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.**—If the requester discloses or uses TINs in violation of Federal law, the requester may be subject to civil and criminal penalties.

## Specific Instructions

**Name.**—If you are an individual, you must generally provide the name shown on your social security card. However, if you have changed your last name, for instance, due to marriage, without informing the Social Security Administration of the name change, please enter your first name, the last name shown on your social security card, and your new last name.

If you are a sole proprietor, you must furnish your **individual** name and either your SSN or EIN. You may also enter your business name or "doing business as" name on the business name line. Enter your name(s) as shown on your social security card and/or as it was used to apply for your EIN on Form SS-4.

**Signing the Certification.**—

**1. Interest, Dividend, and Barter Exchange Accounts Opened Before 1984 and Broker Accounts Considered Active During 1983.** You are required to furnish your correct TIN, but you are not required to sign the certification.

**2. Interest, Dividend, Broker, and Barter Exchange Accounts Opened After 1983 and Broker Accounts Considered Inactive During 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item **2** in the certification before signing the form.

**3. Real Estate Transactions.** You must sign the certification. You may cross out item **2** of the certification.

**4. Other Payments.** You are required to furnish your correct TIN, but you are not required to sign the certification unless you have been notified of an incorrect TIN. Other payments include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services, payments to a nonemployee for services (including attorney and accounting fees), and payments to certain fishing boat crew members.

**5. Mortgage Interest Paid by You, Acquisition or Abandonment of Secured Property, or IRA Contributions.** You are required to furnish your correct TIN, but you are not required to sign the certification.

**6. Exempt Payees and Payments.** If you are exempt from backup withholding, you should complete this form to avoid possible erroneous backup withholding. Enter your correct TIN in Part I, write "EXEMPT" in the block in Part II, and sign and date the form. If you are a nonresident alien or foreign entity not subject to backup withholding, give the requester a completed **Form W-8,** Certificate of Foreign Status.

**7. TIN "Applied for."** Follow the instructions under **How To Obtain a TIN,** on page 1, and sign and date this form.

**Signature.**—For a joint account, only the person whose TIN is shown in Part I should sign.

**Privacy Act Notice.**—Section 6109 requires you to furnish your correct TIN to persons who must file information returns with the IRS to report interest, dividends, and certain other income paid to you, mortgage interest you paid, the acquisition or abandonment of secured property, or contributions you made to an IRA. The IRS uses the numbers for identification purposes and to help verify the accuracy of your tax return. You must provide your TIN whether or not you are required to file a tax return. Payers must generally withhold 31% of taxable interest, dividend, and certain other payments to a payee who does not furnish a TIN to a payer. Certain penalties may also apply.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) | The actual owner of the account or, if combined funds, the first individual on the account [1] |
| 3. Custodian account of a minor (Uniform Gift to Minors Act) | The minor [2] |
| 4. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee [1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner [1] |
| 5. Sole proprietorship | The owner [3] |

| For this type of account: | Give name and EIN of: |
|---|---|
| 6. Sole proprietorship | The owner [3] |
| 7. A valid trust, estate, or pension trust | Legal entity [4] |
| 8. Corporate | The corporation |
| 9. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 10. Partnership | The partnership |
| 11. A broker or registered nominee | The broker or nominee |
| 12. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |

[1] List first and circle the name of the person whose number you furnish.

[2] Circle the minor's name and furnish the minor's SSN.

[3] Show your individual name. You may also enter your business name. You may use your SSN or EIN.

[4] List first and circle the name of the legal trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.)

**Note:** *If no name is circled when there is more than one name, the number will be considered to be that of the first name listed.*

*U.S. Government Printing Office: 1994 — 301-628/00021

ERIK KRAG MITCHELL
445 S.E. 34 STREET
TOPEKA KANSAS

66605

TOPEKA, KS 666 PM 11 OCT 1994

29 USA

Please ok for payment & thank
Tomasic

Nick A. Tomasic
District Attorney
710 N. 7th St.
Kansas City, Kansas
66101