UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE & ROSE LEE MCINTYRE,**<br><br>      **Plaintiffs,**<br><br>**v.**<br><br>**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,**<br><br>      **Defendants.** | Case No. 2:18-cv-02545-KHV-KGG |

**PLAINTIFF'S RESPONSE TO DEFENDANT GOLUBSKI'S MOTION TO DISMISS ROSE MCINTYRE'S CLAIM FOR FAILURE TO FOLLOW THE RULES OF CIVIL PROCEDURE AND THE COURT'S ORDERS**

Plaintiff Rose McIntyre, by and through her attorneys of record, hereby submits the following Response to Defendant Golubski's Motion to Dismiss Rose McIntyre's Claim for Failure to Follow the Rules of Civil Procedure and the Court's Orders (Doc. 583).

## I.    INTRODUCTION

The audacity of Defendant Golubski's argument is striking. Though able to sit for deposition, Golubski invoked his Fifth Amendment right against self-incrimination in response to every question about Rose McIntyre's allegation of sexual assault and his subsequent retaliation against her family. Rose McIntyre, by contrast, voluntarily answered questions at her deposition for over five hours, resulting in 262 pages of transcript about her allegations against Golubski. After the parties agreed to resume her deposition on a second day, she became severely ill and has not yet been able to continue her deposition. Now, through a series of exaggerations, untruths and time-barred gripes, Golubski asks this Court to dismiss Ms. McIntyre's claim under the guise of a discovery violation, presumably to avoid the strict constraints of summary judgment. Not only is

Golubski the only party who has stymied discovery into this claim, but the credence of Ms. McIntyre's well-supported allegations is not at issue at the summary judgment stage nor in this motion.

Further, Defendant Golubski's Motion to Dismiss is nothing more than a recitation of the arguments that this Court already rejected at the hearing on his Motion to Modify the Scheduling Order. Golubski ignores this Court's prior ruling and the parties' agreement that particular depositions, including Rose McIntyre and six other witnesses, would be taken following the close of discovery. Golubski provides no basis for reconsideration. Moreover, Golubski cites no authority that authorizes dismissal of a case or the exclusion of a party's testimony where, as here, counsel has been informed that Plaintiff will be able to complete her deposition and where the inability to do so prior to the close of discovery has been due to a lengthy and severe illness. Nothing in Golubski's Motion justifies sanctions, let alone the ultimate sanction of dismissal. Golubski's Motion should be summarily denied.

## II.   PLAINTIFF'S STATEMENT OF FACTS

Plaintiff Rose McIntyre brings a claim in this action under 42 U.S.C. § 1983 for the deprivation of her constitutional right to familial association alleging that Golubski used the Quinn/Ewing homicide investigation as a mechanism to retaliate against Rose after he sexually assaulted her and then persistently harassed her to have an ongoing sexual arrangement. Rose alleges that because of her refusal of his continued sexual advances Golubski specifically targeted Lamonte, her son, to deprive Rose of his company. (Doc. 562: Pretrial Order, pp.43-44)

On June 17, 2021 Rose voluntarily appeared for her deposition and provided five hours of on-the-record sworn testimony and 262 pages of deposition transcript. (*See* Def. Ex. 4) Her deposition was scheduled to resume on August 25, 2021. (Doc. 376). On August 23, Plaintiffs'

counsel learned, and within minutes immediately informed defense counsel, that both Rose and her mother contracted a severe case of COVID-19 requiring their hospitalization. (*See* Plaintiff's Exhibit A) In September, Plaintiffs updated defense counsel of Rose's condition, stating that Rose's mother passed away after her hospitalization, that the family was in the midst of making funeral arrangements, and that Rose was still extremely ill. (*See* Plaintiff's Exhibit B) In October, Plaintiffs' counsel informed defense counsel that they spoke with Rose's family that afternoon and that Rose was still hospitalized with COVID-19 complications, with no way to know if or when Rose's deposition could resume. (*See* Plaintiff's Exhibit C) In December, Plaintiffs told defense counsel that Rose was out of the hospital but still on oxygen, having difficulty breathing or speaking for any sustained period of time. (*Id.*) On January 5, 2022, Plaintiffs' counsel again updated the parties, letting defense counsel know Rose's condition had not improved and that she would not be able to sit for the remainder of her deposition before the close of discovery. (*Id.*) On January 18, 2022 Defendants jointly filed a Motion to Modify the Scheduling Order based, at least in part, on Rose's incomplete deposition. (Doc. 535 at 1) There, Defendants made clear that, "The inability to complete Ms. McIntyre's deposition is not Defendants' fault. It is not Plaintiffs' fault. It is the result of Plaintiff's illness." (*Id.*) Also, similar to the current motion, Defendants argued that without the completion of Ms. McIntyre's deposition, they would be prejudiced. (*Id.*)

On February 8, the Court held a hearing on Defendants' Motion to Modify where Rose's medical condition was discussed at length, as was its potential impact on upcoming deadlines. There, the court noted Rose's testimony – like the testimony of at least six other witnesses whom Golubski wanted to depose but had not yet scheduled – could be obtained after dispositive motion briefing, closer to trial. This sentiment was memorialized in the Court's Order on February 9, which reads, in relevant part:

3

> Based on representations of Plaintiffs' counsel, it is impossible to determine, at present, if and when Rose McIntyre will be able to sit for the remainder of her deposition. While the Court acknowledges Defendants' concerns regarding the impact on the Pretrial Order, dispositive motions and trial, this situation exists at potential peril for Plaintiffs as well. That stated, **the Court cannot rule on hypothetical scenarios regarding Ms. McIntyre's continued inability – or subsequent ability – to be deposed**. **Issues relating to further sworn testimony from Plaintiff Rose McIntyre after entry of the Pretrial Order will, most likely, be addressed by the presiding District Judge if and when that situation arises.**
>
> **At the hearing, the parties agreed that depositions for the purpose of trial testimony in this case may occur after the close of discovery.** As such, the discovery deadline will not be extended.

(Doc. 558, pp. 6-7) (emphasis added). The Pretrial Conference was subsequently held on March 10, 2022 and the Pretrial Order was submitted by the parties on March 17, 2022. There, the parties again stated:

> Discovery is incomplete, in that the deposition of Plaintiff Rose McIntyre is incomplete due to medical complications previously disclosed to the Court, **the depositions of the following may be taken after the discovery deadline by agreement of the parties, none of which will be the basis for requesting extension of the April 1, 2022 dispositive motion deadline** or the related briefing deadlines for dispositive motions: (1) Rose McIntyre (2) Bernard Crawford (3) Yolanda Johnson (4) M'Sherie Johnson (5) Richelle Miller (6) Phillip Miller (7) Detra Butler Wilson.
>
> …
>
> **All above referenced depositions and trial depositions are to be completed by September 2, 2022.**

(Doc. 562, pp. 58-59) (emphasis added). Despite the clear agreement by the parties in the Pretrial Order, and the Court's ruling that the issue was hypothetical at this point, Golubski nonetheless filed this Motion to Dismiss on April 1, 2022, just two weeks later.

### III. ARGUMENT AND AUTHORITIES

#### A. Golubski Fails to Prove Dismissal Is An Available Remedy Here

It is black letter law that dismissal is an appropriate sanction under Fed. R. Civ. P. 37 only where a party violates a court order or acts with willful misconduct. *See Ehrenhaus v. Reynolds*,

4

965 F.2d 916, 920 (10th Cir. 1992) (citing Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure, holding it "permits a court to issue '[a]n order...dismissing the action' '[i]f a party...**fails to obey an order to provide or permit discovery**.'") In *Ehrenhaus,* the Tenth Circuit addressed the limitations of this drastic remedy, stating that "dismissal represents an extreme sanction appropriate only in cases of willful misconduct," *id.* at 920, and that "[i]n many cases, a lesser sanction will deter the errant party from further misconduct." *Id.* The court also held that "[b]ecause dismissal with prejudice defeats altogether a litigant's right to access to the courts, it should be used as a weapon of last, rather than first, resort." *Id.* (internal citations and quotations omitted) Further, "*Ehrenhaus* makes clear that before the court may dismiss a case as a sanction, it must explain why lesser sanctions would be ineffective." *Kellogg v. Watts Guerra, LLP,* No. 18-2408-JWL, 2020 WL 1028211, at *4 (D. Kan. Mar. 3, 2020)

Nowhere in Golubski's Motion does he allege, nor can he, that Rose McIntyre intentionally violated a court order, nor that she acted with willful misconduct in doing so. Indeed, Golubski has already admitted that Plaintiff is not at fault for her inability to finish her deposition. (Doc. 535 at 1) ("The inability to complete Ms. McIntyre's deposition is not Defendants' fault. It is not Plaintiffs' fault. It is the result of Plaintiff's illness.") Golubski additionally ignores the likelihood of Rose completing her deposition before trial and that routine updates on her condition or a date certain by which her deposition could take place are all available, lesser remedies more appropriate under the circumstances. These deficiencies alone require denial of Golubski's Motion.

### B.  Even if Available, Dismissal Is Not Warranted

Even if this Court finds that dismissal is available as a sanction in this circumstance, "[d]etermination of the correct sanction for a discovery violation is a fact-specific inquiry that the district court is best qualified to make." *Ehrenhaus,* 965 F.2d at 920. In addition, a "district court's

5

discretion to choose a sanction is limited in that the chosen sanction must be both 'just' and related to the particular 'claim' which was at issue in the order to provide discovery." *Id.* (internal citations and quotations omitted). The Tenth Circuit in *Ehrenhaus* set out several factors that District Courts should consider when determining whether dismissal is appropriate for the intentional violation of a discovery order, including: (1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. *Id.* at 920. However, "[d]ismissal as a sanction is only appropriate in cases of willful misconduct 'when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits.'" *Manley v. Bellendir*, No. 618CV01220EFMTJJ, 2020 WL 774099, at *2 (D. Kan. Feb. 18, 2020).

Of course, Rose McIntyre did not violate a discovery order in this case, let alone by intentional or willful misconduct. Regardless, the factors cited in *Ehrenhaus,* as well as its distinguishable facts, demonstrate why dismissal is clearly inappropriate. First, there is simply no evidence that Plaintiff was warned that dismissal would be a likely sanction,[1] that Plaintiff violated a discovery order or acted intentionally, that Plaintiff interfered in the judicial process or that the lesser remedies mentioned above would be ineffective.[2] (*See generally* Doc. 592).

---

[1] Golubski misleadingly asserts that the phrase "this situation exists at potential peril for Plaintiffs" in the Court's February 9 Order should have put Plaintiff on notice that her claim was likely to be dismissed. This is false. In reality, the Court was referring to the potential admissibility of Rose's testimony at trial, as he discussed in the February 8 hearing, and which he noted was not briefed before him but might be addressed by the District Judge later on.

[2] Golubski's Motion appears to infer that this Court's denial of his request for an extension of discovery was the only other remedy available, and thus dismissal is warranted. Tellingly, Golubski cites no support for this contention, nor can he.

Additionally, in *Ehrenhaus*, the plaintiff filed a securities fraud complaint in May of 1989. During discovery, the plaintiff was deposed in November of 1989, during which time he repeatedly invoked the attorney-client privilege. *Id.* at 918. The parties agreed to continue his deposition at a later date. *Id.* During this time, the plaintiff and his counsel engaged in disagreements resulting in the counsel moving to withdraw. *Id.* Nonetheless, the parties scheduled the remainder of the plaintiff's deposition for March 12, 1990. At a hearing on March 2, however, the Judge "expressed impatience with [the plaintiff's] conflicts with his attorneys because the judge viewed such conflicts as a delaying tactic." *Id.* at 919. As a result, the judge "ordered the parties to hold the deposition in the Denver federal courthouse so that he could rule immediately on any assertions of attorney-client privilege raised." *Id.* In addition, the judge expressly told plaintiff's counsel that if plaintiff "failed to attend the deposition, he would 'expect a motion from the defendants that [the] case be dismissed for failure to cooperate in discovery.'" *Id.* Plaintiff later moved for a protective order to delay the scheduled deposition in order to attend a business meeting in New York, which the court denied. *Id.* Ultimately, the plaintiff failed to appear at his scheduled deposition. The opposing party subsequently moved to have the complaint dismissed pursuant to Rule 37, which the court granted. Under the circumstances noted above, the Tenth Circuit held that the District court did not abuse its discretion. *Id.* at 922.

*Ehrenhaus* is wholly unlike this case. There, the plaintiff was undoubtably "on notice that noncompliance with the court order would likely result in dismissal [and d]espite the warning, he intentionally failed to comply" with the court's order. *Id.* In contrast, no court order compelling Rose McIntyre to complete her deposition exists in this action, nor did Golubski file a motion to

7

compel her testimony, likely because Rose's condition justified her inability to continue.[3] Further, Golubski has already argued he would be prejudiced by the inability to complete Rose's deposition in his Motion to Modify the Scheduling Order. The Court denied that portion of Defendants' Motion, ruling that discovery would not be extended especially since the parties agreed to complete Rose McIntyre's deposition – as well as the depositions of six other witnesses – after the close of discovery. (Doc. 558, pp. 6-7) This exact same agreement is codified in the parties joint Pretrial Order. (Doc. 562, pp. 58-59) Nor could any prejudice exist at this stage of the litigation. At summary judgment, the issue is whether a dispute of fact exists, not whether Ms. McIntyre's allegations are credible (though, as her many hours of deposition testimony, Golubski's decision to invoke rather than respond to her allegations, and abundant additional circumstantial evidence demonstrate, they are). Now, without any new facts or legal basis, Golubski recycles his already rejected arguments, seeking outright dismissal. At best, this request is disingenuous and at worst, it completely ignores this court's prior ruling and the parties' agreement to allow completion of Rose's deposition at a later date.

Also unlike the plaintiff in *Ehrenhaus*, Rose did not willfully or intentionally fail to appear at her deposition in order to attend a business meeting or file bankruptcy. Instead, it is undisputed that Rose's deposition was not completed *solely* due to her severe illnesses, which included moths of hospitalization as a result of severe COVID-19 complications. This condition has necessitated not only lengthy hospitalizations and stays in rehabilitation centers, but also ventilation, oxygenation, rehabilitation, dialysis, tube feeding, wound care, and physical therapy. (*See*

---

[3] When Rose's medical condition was raised by the Defendants, it was within Defendants' Motion to Modify the Scheduling Order, not a Motion to Compel. Further, the court denied the portion of Defendants' Motion seeking an extension of the discovery deadline as a result of the incomplete deposition of Rose McIntyre. (Doc. 558, pp. 6-7)

8

Plaintiff's Exhibit D).[4] Although Golubski previously admitted such an illness is not Plaintiff's fault, he now blames Rose for her inability to be deposed, speculating without basis, that she "could have sat for the remaining portion of her deposition, had Plaintiffs made the effort" and that "there were likely times during the more than past seven months when plaintiff could have provided defendants the opportunity to complete her deposition, but did not." (Motion, p. 13) Such baseless and unsupported accusations should be disregarded.

Regardless, Golubski's Motion does not address how the failure to complete her deposition due to illness, especially when the parties and the court agreed her deposition could take place after the close of discovery, violates a court order or constitutes willful misconduct. Accordingly, Golubski fails to show dismissal is warranted under *any* legal standard, and his Motion should be denied.

### C. Golubski Did Not Timely Seek Relief for Alleged Discovery Issues

Golubski's request here is essentially an out-of-time Motion to Compel that does not comply with the Local Rules, which require conferences with both the parties and the court on specific discovery issues within a 30-day timeframe. It is undisputed that Golubski never filed a motion to compel the completion of Rose's deposition or a discovery motion relating to alleged speaking objections or privilege assertions after Rose's June 17, 2021 deposition. Nor can Golubski do so now. Despite spending a significant portion of his brief misrepresenting Plaintiffs'

---

[4] Rose McIntyre's daughter, Glasia Lee, who has been in constant contact with Rose and her medical providers since Rose was first hospitalized and has cared for her at home, has signed a declaration describing how Rose was hospitalized, on oxygen, and bedridden for a substantial portion of the last eight months, and even in rehabilitation and wound care clinics (in between hospitalizations), Rose was unable to walk, sit, or talk for long periods of time. This Declaration is attached hereto as Plaintiff's Exhibit D and is consistent with counsel's representations to the Court and the parties of Rose's condition. (*See generally* Pl. Exs. A-C)

position on attorney-client privilege and inaccurately cherry-picking so called improper objections, any complaints on this basis are undoubtedly untimely under Local Rule 37.1 which requires that any "motion to compel discovery in compliance with D. Kan Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection that is the subject of the motion…Otherwise, the objection to the default, response, answer, or objection is waived." Golubski failed to file the appropriate motion or even address the issue with Plaintiffs during the required window of time.

To avoid this obvious impediment, Golubski now raises these discovery issues under the guise of prejudice. However, Golubski cites no legal support in the entirety of Section B, let alone a case or rule that holds objections during a deposition support actual prejudice or a dismissal under Rule 37. In reality, Golubski's use of Ex. 1 and his other accusations are a thinly-veiled attempt to excuse his failure to timely address discovery issues. Indeed, Golubski not only could have raised this issue with counsel any time within the 30 days following Rose's deposition but could have requested an extension of time to file discovery motions relating to these issues, as he had done multiple times throughout discovery. (*See* Doc. 251, 261, 331, 382, 431). Golubski did neither of these things. Instead, *two months* after the June 17 deposition, Golubski's counsel sent a crass and accusatory letter to Plaintiffs, replete with hypocritical claims and half-truths, with no clear purpose as such issues were time-barred. (Def. Ex. 1). Regardless, any issues Golubski had with counsel's objections more than nine months ago should not be considered in (and are not relevant to) deciding the current motion.

Even if the above issues were relevant (they are not) a motion to compel at this point is untimely and nonetheless moot as Plaintiffs have repeatedly stated that they would volunteer Rose McIntyre to complete her deposition before trial when she is recovered sufficiently to do so.

**D. Golubski's Other Arguments Are Irrelevant and Do Not Support His Motion**

Golubski's Motion is rife with half-truths, inaccurate characterizations of evidence, and merit-based arguments inapplicable to a purported motion for violations of the Rules or a court order under either Rule 41 or Rule 37. Indeed, Golubski cherry-picks deposition testimony from witnesses unrelated to Rose's claim,[5] and even goes so far as to manufacture a conspiracy between the Plaintiff, her counsel, and James McCloskey, an investigator who worked on Lamonte's post-conviction proceedings to try to manufacture some sort of prejudice. Golubski's improper attempt is clear: to argue the merits and credibility of Rose's claim in a way that circumvents the burdens and constraints of a summary judgment motion, and eliminates any favorable inferences to which Plaintiff would be entitled. Even so, these unfounded distractions do not (and cannot) support Golubski's claimed basis for relief here, the assertion of prejudice resulting from the unfinished deposition of Plaintiff Rose McIntyre. As discussed above, the parties and the court agreed that Rose McIntyre's deposition could be completed after the close of discovery but before trial, making this entire motion – and any alleged "actual prejudice" – premature. (Doc. 558, pp. 6-7; Doc. 562, pp. 58-59)

---

[5] Golubski asserts that McCloskey pressured witnesses, an accusation that has no merit, but regardless is completely irrelevant to the completion of Rose McIntyre's deposition. This is especially true given the purported evidence Golubski cites, including the deposition of Bernard Crawford, who McCloskey did not even obtain a statement or affidavit from, (*see* Def. Ex. 13, tr. 21:4-24:9), and Joe Robinson, the brother of notorious drug kingpin Cecil Brooks (the kingpin Plaintiffs allege had an illicit business relationship with Golubski), who repeatedly testified that he would never testify against a cop for fear of being killed. (*See* Def. Ex. 14, tr. 10:1-11:8) ("I'm not talking about no cops and getting myself killed out on the streets…I'm not talking about any cops, about nothing…Talking about cops and talking about anything going on, I have been known as being a snitch now for coming up here. So when you all get through talking what you all going to do, it is going to be in the paper that I didn't say something about some damn cop that I don't really know nothing about. And I'm the one out on the streets, not you all.")

Because Golubski has no legal grounds for his request, he argues fairness dictates that a few more hours of deposition testimony are required or else Rose's claim must be dismissed. This argument too, lacks basis. Rose's testimony is not the only evidence supporting her familial association claim, as Golubski wrongly contends. Instead, there are several witnesses and documentary evidence substantiating Rose's testimony, including various sworn accounts from Rose and other witnesses provided prior to the filing of this lawsuit. Further, Golubski's own deposition testimony supports Rose's claims. When asked whether he forced Rose McIntyre into letting him perform oral sex on her, Golubski pled the Fifth. (Plaintiff's Exhibit E at 232:6-238:5)[6] When asked whether he framed her son, Lamonte, for murder because Rose McIntyre wouldn't have a sexual relationship with him, Golubski also pled the Fifth. (*Id.* at 333:24-335:4).[7]

Regardless, this entire argument is moot if and when Rose McIntyre is sufficiently recovered to complete her deposition. (Doc. 562, p. 59) Accordingly, these substantive merit-based arguments unrelated to the completion of Rose McIntyre's deposition should be disregarded, and regardless do not support Golubski's Motion.

### E.  Less Drastic Measures, If Any Are Needed, Are Appropriate Here

Golubski's Motion requests not only dismissal of Plaintiff's claim, but the exclusion of all of her prior testimony or statements. Although Golubski provides a bare conclusion that such statements should be excluded, he fails to offer a single basis for exclusion and cites no evidentiary rule or case law that would make Rose's testimony or prior accounts inadmissible. In addition,

---

[6] Excerpts of Defendant Golubski's deposition testimony is attached hereto as Plaintiff's Exhibit E.

[7] Additional testimony from Golubski's other victims and KCKPD officers who observed such assaults also support Rose's claim and are admissible under Rule 404(b), as detailed in Plaintiffs' Responses to Defendants' Motions to Bifurcate this action. *See* Docs. 616, 617, and 618.

Golubski's counsel was able to question Rose McIntyre extensively on this incident and Golubski's defense theories for more than five hours (resulting in 262 pages of deposition transcript, *see* Def. Ex. 4), all of which corroborated her 2014 affidavit, McCloskey's deposition testimony and Greg Hill's affidavit. Despite this, Golubski now asserts that a few more hours of deposing Rose McIntyre is necessary to "call her version of events into question." Golubski has already done so, and dismissing her claim against Golubski or excluding her testimony based on speculation that Rose McIntyre might say something new is unreasonable and does not create actual prejudice. *See Haas v. 3M Co.,* 613 F. App'x 191, 196 (3d Cir. 2015) (holding no abuse of discretion for admitting deposition testimony of plaintiff who died before deposition could be completed, under Rule 803, despite all defendants not being able to question him); *Waterman S. S. Corp. v. Gay Cottons*, 414 F.2d 724, 727-728 (9th Cir. 1969) (holding no abuse of discretion for admitting deposition testimony of plaintiff who died before deposition could be completed, holding that defendant "has not shown that cross-examination would have helped it materially" as his partial deposition testimony was substantially similar to his prior accounts).

Further, because Golubski admits that Plaintiff's illness and long-term medical issues due to severe COVID-19 are not her fault, nor the fault of any party, (Doc. 535 at 1), neither dismissal of her claims nor exclusion of her testimony are warranted or justified. Instead, Plaintiff voluntarily appeared for her deposition, provided five hours of testimony, and had every intention of finishing her deposition before she was hospitalized with a severe case of COVID-19, the same virus that forced this Court, and this country into a two-year lock down and that killed millions of people worldwide, including Rose's own mother. Rose is in her 60s, and her case of COVID-19 was severe, requiring oxygen, treatment for multiple complications, and hospitalization for months. (Pl. Ex. D) After she was released from the hospital, Rose was required to stay in a rehabilitation

facility, where she remained on oxygen and was bedridden. (*Id.*) Complications from COVID-19 resulted lengthy hospitalizations and nursing home/rehabilitation facility stays because of the damage to her body systems, including heart and lung damage, pressure wounds, infections, and kidney injury, among other complications. She needs surgery to repair the damage to her heart, but she is not yet able to undergo such a surgery. (*Id.*) Even now, while finally home and improving after months of hospitalization and nursing home care, Rose requires in-home medical services from multiple providers and assistance to complete the basic functions of daily living. (*Id.*)

Even given Rose's condition, caused by a global pandemic, not by the parties, Rose is still expected to complete her deposition before in the next few months. Indeed, the Pretrial Order entered in this action specifically provides that the listed depositions, including Rose McIntyre, must complete their depositions by September 2, 2022. (Doc. 562, p. 59) This date remedies any potential prejudice Golubski may allege and is a reasonable outcome of the fact-specific circumstances presented in this case.

## IV. CONCLUSION

Defendant Golubski provides no basis for the dismissal of Plaintiff Rose McIntyre's Count III claim for familial association based on discovery violations or existing law. Golubski's Motion should be denied.

Date: May 6, 2022                                  Respectfully submitted,

                                                    LATHROP GPM LLP

                                                    By: /s/ *Alana M. McMullin*
                                                    Michael J. Abrams #15407
                                                    Alana M. McMullin #78948
                                                    2345 Grand Boulevard, Suite 2200
                                                    Kansas City, MO 64108
                                                    (816) 292-2000
                                                    (816) 292-2001 Facsimile
                                                    michael.abrams@lathropgpm.com
                                                    alana.mcmullin@lathropgpm.com

                                                    Cheryl A. Pilate #14601
                                                    Lindsay Runnels #78822
                                                    Morgan Pilate, LLC
                                                    926 Cherry Street
                                                    Kansas City, MO 64106
                                                    Telephone: (816) 471-6694
                                                    Facsimile: (816) 472-3516
                                                    cpilate@morganpilate.com

                                                    Barry Scheck (*admitted pro hac vice*)
                                                    Emma Freudenberger (*admitted pro hac vice*)
                                                    Sona R. Shah (*admitted pro hac vice*)
                                                    Grace Paras (*admitted pro hac vice*)
                                                    Neufeld Scheck & Brustin, LLP
                                                    99 Hudson Street, Eighth Floor
                                                    New York, NY 10013
                                                    Telephone: (212) 965-9081
                                                    Facsimile: (212) 965-9084
                                                    emma@nsbcivilrights.com

                                                    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

       The undersigned certifies that on the 6th day of May, 2022, the foregoing was electronically filed with the clerk of the court using the CM/ECF system which will provide notice and service to all counsel of record.

                                                    By: /s/ *Alana M. McMullin*
                                                    An Attorney for Plaintiff