# UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE, ) ) ) Plaintiffs, ) ) v. ) ) UNIFIED GOVERNMENT OF ) WYANDOTTE COUNTY, *et al.*, ) ) Defendants. ) | Case No. 2:18-CV-02545-KHV-KGG |

## DEFENDANT ROGER GOLUBSKI'S ADDITIONAL BRIEFING PURSUANT TO COURT ORDER REGARDING COUNT V FOR CONSPIRACY [DOC. 626]

COME NOW Defendant Roger Golubski and pursuant to the Court's Order, provides the following additional briefing regarding Count V for conspiracy [Doc. No. 626]:

### I.  STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

On May 3, 2022, the Court entered the following regarding Defendant's Motion for Summary Judgment as it relates to Count V:

> In addition, in the summary judgment briefing, the parties do not address how the presence of the conspiracy claims impacts their arguments. Specifically, in determining whether the alleged conspiracy existed, the jury might consider the actions and statements of any of the alleged participants, and the agreement or understanding could be inferred from all the circumstances and the conduct of the alleged participants; it might not be necessary that all acts done in furtherance of the conspiracy be in themselves unlawful; it might not be necessary that defendants have personally committed each act, known about it or witnessed it; and it might make no difference which of the conspirators did the act, because each member of a conspiracy would an agent or partner of every other member and each member would be bound by or responsible for the acts of every other conspirator done to further their scheme. Furthermore, it might not be necessary that the alleged conspirators actually succeed in accomplishing their unlawful plan. Finally, under Rule 801(d)(2), Fed. R. Evid., certain out-of-court statements of the conspirators would not be hearsay. The Court therefore ORDERS that no later than 5:00 PM on Monday, May 9, 2022, Golubski, Krstolich, Ware, Barber and Culp file supplemental authorities and argument in support of their motions for summary judgment, which address how the presence of the conspiracy claims impacts their

arguments.

Doc. No. 626.

## II. SUPPLEMENTAL ARGUMENTS AND AUTHORITIES

### A. The "Meeting of the Minds" Requirement of Conspiracy

Despite this Court ordering the Plaintiffs to supplement their factual basis for each legal theory in the Pretrial Order by "very briefly" stating the factual theory for each claim as to each defendant [Doc. No. 623], Plaintiffs, in their supplement [Doc. No. 632] as to Count V's conspiracy claim, have yet to identify any facts that the Defendants had a meeting of the minds or formed an agreement to deprive Lamonte McIntyre of his constitutional rights. Rather, they ignore, almost completely, the element requiring them to demonstrate an agreement, and instead focus on the parallel activity of the alleged co-conspirators from which they hope the Court, and a jury would unreasonably and impermissibly infer an agreement.[1] Importantly, "parallel constitutional violations, standing alone, fail to bespeak agreement between the police defendants". *Diaz-Martinez v. Miami-Dade Cty.*, No. 07-20914-CIV, 2009 WL 2970468, *9 (S.D. Fla. Sept. 10, 2009). And if parallel *violations* are inadequate, then parallel *conduct* is woefully inadequate.

Plaintiffs must come forth with facts that could lead a reasonable jury to conclude that the officers alleged to be part of the conspiracy agreed to more than simply investigating and prosecuting Lamonte McIntyre because such an objective would not be, in and of itself, unlawful. *See Crowe v. County of San Diego,* 608 F.3d 406, 440–41 (9th Cir. 2010) (Finding a "common objective" to merely prosecute is insufficient; fair prosecution would not violate Plaintiff's

---

[1] While Defendant Golubski has not, admittedly, been able to fully digest Plaintiff's 41-page, single-spaced supplement filed on Friday, May 6, 2022, a word search for "agree" revealed one instance in the elements of a conspiracy claim, and a word search for "mind"—looking for a meeting of the minds—revealed no results.

2

constitutional rights.); *Beaman v. Souk*, 7 F. Supp. 3d 805, 828 (C.D. Ill. 2014) ("Joint pursuit of an investigation based on a belief a suspect is guilty is not an unlawful conspiracy."). Instead, there must be disputed material facts demonstrating that all participants agreed to *frame* Lamonte McIntyre. This means that ultimately, Plaintiffs' genuinely disputed facts must tend to show that each alleged co-conspirator *knew* that Lamonte McIntyre was innocent, or at least that they *knew* probable cause did not exist. This is a bar Plaintiffs fail to meet.

Plaintiffs cite to *no* facts asserting when a conspiracy was entered, how it was entered into, or the terms of such agreement—such as who would do what, when, how, and, most importantly, for what purpose. *Flowers v. Secrets Night Club*, 2010 WL 4625396 at *4 (N.D. Ill. Nov. 2, 2010) (Finding that pleading standard required allegations of the purpose of the conspiracy and the approximate date of the conspiracy and finding that "Plaintiffs will have their work cut out for them developing evidence of a conspiracy distinct from a run-of-the-mill case of a police officer relying on an eyewitness.") (*Diaz-Martinez v. Miami-Dade Cty.*, No. 07-20914-CV, 2009 WL 2970471, *12 (S.D. Fla. June 9, 2009) ("Plaintiff does not include any specific allegations stating when the conspiracy [sic] entered into, how the conspiracy was entered into, or the terms of the alleged agreement") report and recommendation adopted in part, No. 07-20914-CIV, 2009 WL 2970468, *9 (S.D. Fla. Sept. 10, 2009) ("parallel constitutional violations, standing alone, fail to bespeak agreement between the police defendants").

"A party may not cry 'conspiracy' and throw himself on the jury's mercy. Even if the jury should disbelieve [the parties' denies that a conspiracy existed] that would leave [Plaintiff] with no evidence. There must be a genuine dispute about a material fact." *Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 436 (7th Cir. 1986).

3

### B. Presence of Conspiracy Claim's Effect on Golubski's Probable Cause Arguments under Malicious Prosecution Claim

Golubski, in his Motion for Summary Judgment, argues that he was and is entitled to rely upon the information provided to him by other officers which go toward the existence of probable cause that Lamonte McIntyre was the shooter in the Ewing/Quinn homicides. *Brandt v. City of Westminster*, 300 F. Supp. 3d 1259, 1273 (D. Colo. 2018) (quoting *Oliver v. Woods*, 209 F.3d 1179, 1190 (10th Cir. 2000)). Specifically, some such information provided to Defendant Golubski was from Defendant's Barber and Brown, and non-Defendant Detective Maskill.

It is Defendant Golubski's understanding of the Court's Order [See Doc. No. 626] that the Court wants Defendant Golubski to address how such information should be considered in light of Plaintiff's Conspiracy Claim in Count V. As an initial matter, neither Officer Brown nor Detective Maskill are alleged co-conspirators. So there is no justification to exclude any of the information they provided to Golubski. Thus, it would appear that the only other information at issue was from Detective Barber. However, that information as well, should not be excluded from the analysis as to whether *Golubski reasonably* believed probable cause existed.

Because conspiracy liability only exists *if* there is constitutional deprivation found, it follows then that neither the Court (nor a jury) can use the alleged existence of a conspiracy to *find* a constitutional deprivation. Thus, Plaintiffs' conspiracy claim has no impact on Golubski's summary judgment arguments as to the non-conspiracy claims asserted against him. Rather, "for purposes of civil liability, the issue is … whether each individual defendant officer reasonably believed there was probable cause to arrest plaintiff." *Holmes v. City of Chicago*, 63 F.Supp.3d 806, 814 (N.D. Ill. August 6, 2014). "Stated slightly differently, the reasonableness of a seizure turns on what the officer knew at the time of arrest, not whether he knew the truth or should have known more." *Id*. (dismissing malicious prosecution claims against secondary officers because

4

they were not "bound by [primary officer's] own knowledge" and "what was known to [secondary officers] was that probable cause had been established" at the time of arrest) (addressing conspiracy claim separately) (cleaned up).

While Detective Barber is alleged to be part of the conspiracy, because the malicious prosecution claim fails if probable cause exists, regardless of the motive or unlawful objective, Plaintiffs would have to demonstrate—at least in the non-conspiracy malicious prosecution claim against him—that Golubski *knew* the information from Barber (and others) going toward probable cause was false or otherwise not reliable in order to succeed on his Fabrication and/or Malicious Prosecution Claims. Further, any such finding by the Court or jury would render it impossible for a reasonable inference to be drawn from any purported circumstantial evidence that Golubski entered into an agreement for the unlawful purpose of framing Lamonte McIntyre.

### C. Each alleged participant must have committed an unlawful act.

"Kansas case law and binding precedent from the Tenth Circuit makes it clear: the defendant against whom a civil conspiracy is alleged **must personally have committed an unlawful act**. If the defendant himself has committed an unlawful act, then he also could be held liable for an act done by another member of the conspiracy." *Rezac Livestock Comm'n Co., Inc. v. Pinnacle Bank*, 15-4958-DDC, 2019 WL 7116086, at *6–7 (D. Kan. Dec. 23, 2019) (quoting *Stoldt v. City of Toronto, Kan.*, 234 Kan. 957, 967 (Kan. 1984)). *Id.* (emphasis added) (citing *Vetter v. Morgan*, 913 P.3d 1200, 1205–06 (Kan. Ct. App. 1995) ("When all elements are present, any act done by a member of the conspiracy in furtherance of the common object and in accordance with the general plan becomes the act of all, and each conspirator is responsible for the act.... Consequently, the existence of the conspiracy may be proved by proving the acts of the various defendants.")). As a result, before an action of another defendant could be imputed to any alleged

co-conspirators that act must be unlawful. For example, for Defendant Barber's information that his numerous sources pointed him to "Lamonte McIntyre" to be an "unlawful act," Plaintiffs are required to come forth with supporting facts suggesting Barber himself knew this information to be false, or did not reasonably rely on his sources.

## III. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant Golubski suggests that the presence of a conspiracy claim should have no bearing on the Court's analysis of the direct liability, non-conspiracy claims against him.

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Christopher M. Napolitano
MATTHEW J. GIST	KS #20829
CHRISTOPHER M. NAPOLITANO  KS #25499
1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:	816-474-8010
Facsimile:	816-471-7910
E-mails:	mgist@enszjester.com
	cnapolitano@enszjester.com

**and**

MORGAN L. ROACH	KS #23060
SEAN P. McCAULEY	KS #20174
NICHOLAS S. RUBLE	KS #25636
JEFFREY S. KRATOFIL	KS #23983
MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri  64111
Telephone:	816-523-1700
Facsimile:	816-523-1708
E-mails:	morgan@mccauleyroach.com
	sean@mccauleyroach.com
	nick@mccauleyroach.com
	jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**

## **CERTIFICATE OF SERVICE**

       I hereby certify that, on May 9, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

MICHAEL J. ABRAMS         KS #15407
WILLIAM G. BECK            KS #77974
ALEXANDER T. BROWN     KS #78891
ALANA M. McMULLIN      KS #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108
Telephone:   816-292-2000
Facsimile:   816-292-2001
E-mail(s):   michael.abrams@lathropgmp.com
              william.beck@lathropgpm.com
              alexander.brown@lathropgpm.com
              alana.mcmullin@lathropgpm.com

**and**

CHERYL A. PILATE           KS #14601
LINDSAY RUNNELS         KS #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri  64106
Telephone:   816-471-6694
Facsimile:   816-472-3516
E-mail(s):   cpilate@morganpilate.com
              lrunnels@morganpilate.com

**and**

BARRY SCHECK              *Pro Hac Vice*
EMMA FREUDENBERGER   *Pro Hac Vice*
AMELIA GREEN              *Pro Hac Vice*
SONA R. SHAH              *Pro Hac Vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York  10013
Telephone:   212-965-9081
Facsimile:   212-965-9084
E-mail(s):   barry@nsbcivilrights.com
              emma@nsbcivilrights.com
              amelia@nsbcivilrights.com
              sona@nsbcivilrights.com
**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER            KS #16690
CHARLES E. BRANSON       KS #17376
BRIAN C. MAULDIN          KS #28636
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas  66606
Telephone:  785-232-7761
Facsimile:  785-286-6609
E-mail(s):  dcooper@fpsslaw.com
           cbranson@fpsslaw.com
           bmauldin@fpsslaw.com

**and**

HENRY E. COUCHMAN, JR.   KS #12842
EDWARD JAMES BAIN       KS #26442
UNIFIED GOVERNMENT OF WYANDOTTE COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas  66101
Telephone:  913-573-5060
Facsimile:  913-573-5243
E-mail(s):  hcouchman@wycokck.org
           jbain@wycokck.org
**ATTORNEYS FOR DEFENDANT UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS**


SEAN M. STURDIVAN        KS #21286
ELIZABETH A. EVERS       KS #22580
TRACY M. HAYES            KS #23119
SANDERS WARREN RUSSELL LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Telephone:  913-234-6100
Facsimile:  913-234-6199
E-mail(s):  s.sturdivan@swrllp.com
           e.evers@swrllp.com
           t.hayes@swrllp.com
**ATTORNEYS FOR THE ESTATE OF DETECTIVE JAMES MICHAEL KRSTOLICH, DETECTIVE DENNIS WARE, OFFICER JAMES L. BROWN, THE ESTATE OF LIEUTENANT DENNIS**

**OTTO BARBER, DETECTIVE CYLDE
BLOOD, DETECTIVE WK SMITH, AND
THE ESTATE OF LIEUTENANT STEVE
CULP**

/s/ Christopher M. Napolitano
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**