**UNITED STATES DISTRICT COURT**
**DISTRICT OF KANSAS**

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE, ) ) ) Plaintiffs, ) ) v. ) ) UNIFIED GOVERNMENT OF ) WYANDOTTE COUNTY, *et al.*, ) ) Defendants. ) | Case No. 2:18-CV-02545-KHV-KGG |

**DEFENDANT GOLUBSKI'S REPLY IN SUPPORT OF HIS**
**MOTION TO DISMISS PLAINTIFF ROSE MCINTYRE'S CLAIM**

COMES NOW Defendant Roger Golubski, by and through his attorneys of record, and for his Reply in Support of his Motion to Dismiss Rose McIntyre's claim, states as follows:

**I.    INTRODUCTION**

Plaintiff's Opposition (Doc. 630) appears to illuminate a misunderstanding. In Plaintiff's Opposition filed on May 6, 2022, Plaintiff states that "counsel has been informed that Plaintiff will be able to complete her deposition." (Doc. 630 at p. 2). However, until recently—May 18, 2022—the last update Plaintiffs' counsel provided to defense counsel was that it was unclear *if* or *when* Ms. McIntyre would be able to complete her deposition. As a result, it was defense counsel's understanding, based on statements made during the February 8, 2022 hearing, that Ms. McIntyre requires surgery and it was unknown if she would be able to complete her deposition. In fact, the Court's Order stemming from that hearing acknowledged this uncertainty as grounds for denying Defendant's Motion to Modify the Scheduling Order so Rose McIntyre's deposition could be completed.

Now, for seemingly the first time, Plaintiffs assert she *will* be able to at least start her continued deposition. And, only after almost two weeks elapsed from telling this to the Court did Plaintiffs notify defense counsel of that fact.[1] While Plaintiffs find fault with Defendant filing a Motion to Dismiss, Defendant filed this Motion on the due date for dispositive motions because, at the time of filing, Defendant did not know when, or even *if*, Rose McIntyre would be able to complete her deposition.

## II.   ARGUMENT AND AUTHORITIES

### A.   Prejudice to Defendant Golubski

At this point, Defendant has already been prejudiced by having to prepare a Pretrial Order and Summary Judgment without the benefit of Rose McIntyre's entire deposition, or knowing one way or the other if her testimony would be permitted should she not complete her deposition[2]. But, that prejudice cannot now be cured.

The only prejudice remaining that can be mitigated is ensuring that Rose McIntyre either sits for a deposition, well in advance of trial, so that trial preparations can go on unimpeded, or that her claim be dismissed, and her testimony not be permitted to be used. It sounds as though Plaintiffs believe she will be able to sit for her deposition. If that is the case, great. But if Rose McIntyre cannot be deposed by a date certain well in advance of the trial date, then Defendant Golubski's Motion must be granted for the reasons stated in his opening brief.

In *French v. A.W. Chesterton Co.*, Case No. 1:16-CV-1777, 2017 WL 4737260 (N.D. Ohio, Oct. 19, 2017), the defendant Green Tweed (one of the defendants in a multi-defendant cased)

---

[1] Plaintiffs' counsel sent an email to on May 18, 2022, stating that Ms. McIntyre "will be able to continue her deposition in the next few weeks" but "may not be able to sit for a deposition more than an hour at a time." The parties are working to try to schedule the continued deposition.

[2] Had Defendant Golubski known whether Rose McIntyre would not be able to testify at trial, Defendant would have moved for summary judgment on Rose McIntyre's claim given that she could not prove her claim (as opposed to the purely legal arguments Defendant Golubski raised).

2

moved to strike plaintiff's deposition testimony because Green Tweed had not had an opportunity to cross-examine the plaintiff. After all, the deposition was suspended after the third day, to be completed on a fourth. In between that time, the plaintiff fell ill and died. The Court reasoned that Green Tweed did not have a reasonable opportunity to cross-examine the Plaintiff and excluded the testimony. *Id.* at *2. And, because the deposition testimony was stricken, the Court determined there was no genuine issue of material fact and granted Green Tweed's summary judgment motion because the plaintiffs "provided no admissible evidence that would link Defendant Green Tweed … to [plaintiff]." *Id.* at *3.

The same rationale applies here. If Rose McIntyre cannot complete her deposition, Defendant Golubski (and the other Defendants) are deprived of a reasonable opportunity to substantially accomplish any cross-examination of Plaintiff as to all the issues in the case, which would render her deposition testimony inadmissible. Without any admissible evidence of what allegedly occurred between Rose McIntyre and Roger Golubski while they were alone in a room, her claim could not be proven with any admissible evidence and should be dismissed.

For that reason, unless Rose McIntyre completes her deposition by a date certain, her testimony is inadmissible at trial and her claim would necessarily fail. For this, and for the reasons explained in Golubski's opening brief, the Court must grant this Motion if Rose McIntyre does not complete her deposition by a date certain on or before July 1, 2022.[3]

---

[3] Defendant suggests July 1, 2022 in light of the fact that whether she is able to testify or not will greatly impact how Defense counsel prepares for trial. This date appears to be aggragable to Plaintiffs counsel when asked for counsels' availability to schedule her deposition between June 13 and July 1, 2022. See Exhibit 1: Email from Michael Abrams.

3

**B.      Golubski did not file a Motion to Compel Rose McIntyre's completed deposition because Plaintiffs kept leading Defendant to believe they would voluntarily produce her, making a Motion to Compel unnecessarily.**

Plaintiffs simultaneously fault Defendant for not filing a Motion to Compel and, implicitly accuse Defendant of being insensitive to Rose McIntyre's medical issues, along with her mother's. Ironically, it was defense counsel's sensitivity to those issues, and Plaintiffs leading Defendant to believe they would produce Rose McIntyre for her continued deposition, that lead Defendant to believe no such Motion to Compel would be necessary, or even ripe.  Only when Defendant followed up with Plaintiffs' counsel after the first of the year (2022) to learn that Rose McIntyre would not be able to complete her deposition prior to the close of discovery *and* Plaintiff's counsel would not agree to extend discovery, did Defendant know the possibility existed that Court intervention was required.  Then, Defendant Golubski, along with the other Defendants, filed a Motion to Modify the Scheduling Order to permit the completion of Rose McIntyre's deposition, which would have required the resetting of the remaining deadlines—including summary judgment and trial.  (Doc. 535) Initially, this Court granted Defendant's Motion, but that order was later vacated, and the matter was set for hearing on February 8, 2022.  (Doc. 547).

After the February 8 Hearing, wherein Plaintiffs represented that they were not sure if or when Rose McIntyre could give a deposition, the Court determined that the uncertainty of her ability to *ever* sit for a deposition could not be used to modify the scheduling order which would result in a later, unknown, trial date.  In fact, the Court noted, "[i]t is impossible to determine, at present, *if* and when Rose McIntyre will be able to sit for the remainder of her deposition." (Doc. 558 p. 6) (emphasis added).  The Court then put Plaintiff on notice that, "this situation exists at potential peril for Plaintiffs as well." *Id.*

4

Plaintiffs argue that the Court's reference to Plaintiffs' "peril" was not that Rose McIntyre's claim would be dismissed, but rather about the admissibility of her testimony. Plaintiffs seemingly base this interpretation on the Court's statement that "[i]ssues relating to further sworn testimony … will … be addressed by the presiding District Judge if and when that situation arises." That is one interpretation. Another is that the Court was referencing all issues stemming from the uncertainty as to whether Rose McIntyre would ever be able to sit for her complete deposition, including whether her claim could survive at all, or whether any of her testimony could be used to support her claim. Regardless, Plaintiff is splitting hairs because if Rose McIntyre's testimony cannot be used, she cannot prove her claim given that she is the only one who can testify about her alleged interactions with Golubski.

The fact remains that despite now being accused of being "audacious," "misleading," and providing "half-truths" (accusations which themselves are baseless and deleterious projections), Defendant Golubski tried to *work with* Plaintiffs to get Rose McIntyre's deposition completed. Only when repeated attempts to do so resulted in Plaintiffs having "run out the clock" on getting her deposition completed prior to the close of discovery, did Defendant resort to Court intervention.

While Plaintiffs argue that "Golubski failed to file the appropriate motion or even address the issue with Plaintiffs during the required window of time," this is demonstrably false. (Doc. 630 p. 9) Defendant itemized[4] almost every attempt Defendants made at *trying* to address these very issues with the Plaintiffs *only to be led to believe* Plaintiffs were still acting in good faith and

---

[4] See Doc. 583 at p. 16; See Doc. 583-1: Letter to Plaintiffs' Counsel Regarding Speaking Objections (Plaintiffs did not respond to letter); See also Docs. 535-1 & 535-2.

5

would produce Rose McIntyre.[5] The very reason a Motion to Compel was not filed was because Defendant knew Plaintiffs would simply state to the Court as they do now—that they would produce her. It's ironic that Plaintiffs fault Defendants for believing Plaintiffs.

### III. CONCLUSION

WHEREFORE, for the above and foregoing reasons, Defendant requests that the Court enter an order requiring that Rose McIntyre complete her deposition by July 1, 2022, and if she cannot, then to dismiss Plaintiff Rose McIntyre's claim against Roger Golubski, Count III of the Second Amended Complaint, and to preclude all testimony provided by Plaintiff Rose McIntyre, and for other relief this Court deems just and proper.

Respectfully submitted,

**ENSZ & JESTER, P.C.**

/s/ Matthew J. Gist
MATTHEW J. GIST          KS #20829
CHRISTOPHER M. NAPOLITANO  KS #25499
1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:  816-474-8010
Facsimile:  816-471-7910
E-mails:    mgist@enszjester.com
            cnapolitano@enszjester.com

---

[5] While Plaintiffs now argue that Plaintiffs kept defendant updated on Rose McIntyre's status (Doc. 630 p. 3), all of the updates Plaintiff relies upon were *in response to Defendant's requests* because Plaintiff was *not* providing such updates unprompted.

6

        **and**

| | |
|---|---|
| MORGAN L. ROACH | KS #23060 |
| SEAN P. McCAULEY | KS #20174 |
| NICHOLAS S. RUBLE | KS #25636 |
| JEFFREY S. KRATOFIL | KS #23983 |

MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri 64111
Telephone:  816-523-1700
Facsimile:  816-523-1708
E-mails:  morgan@mccauleyroach.com
         sean@mccauleyroach.com
         nick@mccauleyroach.com
         jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT**
**DETECTIVE ROGER GOLUBSKI**

## CERTIFICATE OF SERVICE

I hereby certify that, on May 20, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

MICHAEL J. ABRAMS      KS #15407
WILLIAM G. BECK      KS #77974
ALEXANDER T. BROWN      KS #78891
ALANA M. McMULLIN      KS #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108
Telephone:   816-292-2000
Facsimile:   816-292-2001
E-mail(s):   michael.abrams@lathropgmp.com
        william.beck@lathropgpm.com
        alexander.brown@lathropgpm.com
        alana.mcmullin@lathropgpm.com

**and**

CHERYL A. PILATE      KS #14601
LINDSAY RUNNELS      KS #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri  64106
Telephone:   816-471-6694
Facsimile:   816-472-3516
E-mail(s):   cpilate@morganpilate.com
        lrunnels@morganpilate.com

**and**

BARRY SCHECK      *Pro Hac Vice*
EMMA FREUDENBERGER      *Pro Hac Vice*
AMELIA GREEN      *Pro Hac Vice*
SONA R. SHAH      *Pro Hac Vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York  10013
Telephone:   212-965-9081
Facsimile:   212-965-9084
E-mail(s):   barry@nsbcivilrights.com
        emma@nsbcivilrights.com
        amelia@nsbcivilrights.com
        sona@nsbcivilrights.com
**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER                KS #16690
CHARLES E. BRANSON             KS #17376
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas  66606
Telephone:   785-232-7761
Facsimile:   785-286-6609
E-mail(s):   dcooper@fpsslaw.com
             cbranson@fpsslaw.com

**and**

HENRY E. COUCHMAN, JR.   KS #12842
EDWARD JAMES BAIN        KS #26442
UNIFIED GOVERNMENT OF WYANDOTTE COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas  66101
Telephone:   913-573-5060
Facsimile:   913-573-5243
E-mail(s):   hcouchman@wycokck.org
             jbain@wycokck.org
**ATTORNEYS FOR DEFENDANT UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS**


SEAN M. STURDIVAN         KS #21286
ELIZABETH A. EVERS        KS #22580
TRACY M. HAYES            KS #23119
SANDERS WARREN RUSSELL LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Telephone:   913-234-6100
Facsimile:   913-234-6199
E-mail(s):   s.sturdivan@swrllp.com
             e.evers@swrllp.com
             t.hayes@swrllp.com
**ATTORNEYS FOR THE ESTATE OF DETECTIVE JAMES MICHAEL KRSTOLICH, DETECTIVE DENNIS WARE, OFFICER JAMES L. BROWN, THE ESTATE OF LIEUTENANT DENNIS OTTO BARBER, DETECTIVE CYLDE BLOOD, DETECTIVE WK SMITH, AND**

9

**THE ESTATE OF LIEUTENANT STEVE CULP**

/s/ Matthew J. Gist
**ATTORNEYS FOR GOLUBSKI**