IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE, et al., )
)
        Plaintiffs, )
)
vs. )   Case No. 18-2545-KHV-KGG
)
UNIFIED GOVERNMENT OF )
WYANDOTTE COUNTY AND )
KANSAS CITY, KS, et al., )
)
        Defendants. )
_____)

**REPORT & RECOMMENDATION OF DENIAL OF
DEFENDANT'S MOTION TO DISMISS
<u>THE CLAIMS OF PLAINTIFF ROSE MCINTYRE</u>**

Now before the Court is Defendant Golubski's "Motion to Dismiss Plaintiff Rose McIntyre's Claim for Failure to Follow the Rules of Civil Procedure and this Court's Orders." (Doc. 583.) Having reviewed the submissions of the parties, the undersigned Magistrate Judge **recommends** that Defendant's motion be **DENIED**.

## BACKGROUND

**I.   General Background.**

The background of, and allegations in, this case were summarized in the District Court's Order granting in part and denying in part the various Motions to Dismiss filed by Defendants. (Doc. 190, at 2-10.) That summary of factual allegations is incorporated herein by reference as are the extensive factual contentions of the parties contained in the Pretrial Order. (Doc. 562, at 5-40.)

1

Generally speaking, Plaintiffs bring civil rights claims against Defendants Unified Government of Wyandotte County and Kansas City, Kansas, *et al.*, resulting from Plaintiff Lamonte McIntyre allegedly being framed for a double homicide that he did not commit. (Doc. 309, at 2; *see generally* Doc. 74.) Plaintiffs allege that Defendant Unified Government is "responsible for policies, practices and customs that were substantially certain to result in constitutional violations, including the deliberate targeting, prosecution, and conviction of innocent persons … ." (*Id.*) Plaintiff Rose McIntyre sets forth a claim for deprivation of the constitutional right to familial association under 42 U.S.C. § 1983.

In regard to Defendant Golubski, Plaintiffs generally alleges that he sexually assaulted Plaintiff Rose McIntyre in the late 1980s and subsequently sought an ongoing sexual relationship with her, which was rebuffed by Ms. McIntyre. Plaintiffs further allege that in retaliation for rebuffing his sexual advances, Golubski framed her son, Plaintiff Lamonte McIntyre, for a double murder in 1994. (Doc. 583, at 3-4.)

## II.  Procedural History.

This case has been riddled with discovery disputes between the parties, which have often resulted in motion practice and intervention by the Court. (*See* Doc. 308, 427, 444.) Further, various extensions of time to file motions to compel

– typically unopposed by either party – have been requested by the parties and allowed by the Court.  (*See e.g.* Docs. 185, 186, 211, 212, 261, 262, 281, 282, 290, 291, 296, 297, 304, 305, 331, 332, 385, 386, 407, 408.)

The Scheduling Order has been amended multiple times.  (*See e.g.* Docs. 205, 243, 284, 399.)  Most of these amendments have been requested and/or largely unopposed by Plaintiffs.  (Docs. 196, 205, 242, 243, 283, 284, 348, 474.)

In January of this year, Defendants jointly moved to extend the discovery deadline (then set for January 31, 2022).  (Doc. 535.)  Had the discovery deadline been extended yet again, the Pretrial Conference, dispositive motion deadline, and trial would have all been postponed.

The main reason given by Defendants in support of that requested extension was the fact that Plaintiff Rose McIntyre's deposition remained unfinished.  (*Id.*).  Although this motion was ultimately denied in part (Doc. 548, text entry; Doc. 558), the undersigned Magistrate Judge acknowledged that the circumstances in the case – including the unfinished deposition – "clearly" established "good cause … to modify the Scheduling Order in part."  (Doc. 558, at 5.)

**III.  Facts Relating to Deposition of Rose McIntyre.**

The Scheduling Order entered in this case provides for ten hours of on-the-record time for a deponent.  (Doc. 474, at ¶ 2(i).)  It is uncontested that the deposition of Plaintiff Rose McIntyre, which began almost a year ago on June 17,

3

2021, has yet to be completed. (Doc. 535, at 1, 3; Doc. 583, at 1; Doc. 630, at 2-3.) When the deposition was suspended, only half of the allowed questioning time had been used. (Doc. 535, at 1, 3.) The deposition was suspended while a question to Plaintiff was pending:

> Q. When was the first time that you formed an opinion or a belief that Roger Golubski framed your son?
> A. Well, I don't know. I said – let me think about that one because … I just figured that was the only other person probably that had – had something to do. And then…
> Ms. Pilate: Let's take a break, Rosie, and get you some water.

(Doc. 583, at 2; Doc. 583-4, at 66.) Also of note, up to that time, only counsel for one of the Defendants had been given the opportunity to question Plaintiff. (Doc. 535, at 1, 3.) Defendant also complains that the portion of Ms. McIntyre's deposition that did occur "was replete with improper speaking objections by Plaintiffs' counsel." (Doc. 583, at 1.)

Within two weeks of the deposition being suspended, Defense counsel began making efforts to complete it. (Doc. 583, at 2; Doc. 583-2.) The deposition was scheduled to reconvene in Arizona, to accommodate Plaintiff, on August 25, 2021. (Doc. 583, at 2-3; Doc. 583-3.) This was cancelled, however, as a result of Plaintiff contracting COVID-19, resulting in her hospitalization. (Doc. 583, at 3; Doc. 630, at 2-3.)

4

It has been the position of Plaintiff's counsel that Ms. McIntyre's health, including a lengthy hospitalization, has made it impossible for the deposition to be completed. In October 2021, December 2021, and January 2022, the parties discussed the issue of rescheduling the deposition. (Doc. 630, at 3.) Plaintiff's counsel ultimately indicated that Plaintiff Rose McIntyre "would not be able to complete her deposition prior to the close of discovery, [and] that Plaintiffs would oppose any extension of discovery" to accommodate her deposition. (Doc. 535, at 3-4; Doc. 544, at 2; 583, at 3.)

At the February 2022 hearing on Defendants' Joint Motion to Amend the Scheduling Order, Plaintiffs' counsel represented to the undersigned Magistrate Judge that they did not know if or when Ms. McIntyre would be well enough to complete her deposition. In the resulting Order from that hearing, the undersigned Magistrate Judge "acknowledge[d] Defendants' concerns regarding the impact [of Plaintiff Rose McIntyre's unavailability] on the Pretrial Order, dispositive motions and trial, this situation exists at potential peril for Plaintiffs as well." (Doc. 558, at 6.)

The Court, however, noted that depositions of Rose McIntyre and at least six other witnesses could occur after dispositive motion briefing. The Court's subsequent Order of February 9, 2022, reads in relevant part:

> Based on representations of Plaintiffs' counsel, it is
> impossible to determine, at present, if and when Rose

5

> McIntyre will be able to sit for the remainder of her deposition. … That stated, the Court cannot rule on hypothetical scenarios regarding Ms. McIntyre's continued inability – or subsequent ability – to be deposed. Issues relating to further sworn testimony from Plaintiff Rose McIntyre after entry of the Pretrial Order will, most likely, be addressed by the presiding District Judge if and when that situation arises.
> **At the hearing, the parties agreed that depositions for the purpose of trial testimony in this case may occur after the close of discovery**. As such, the discovery deadline will not be extended.

(Doc. 558, pp. 6-7) (emphasis added).

Thereafter, the Pretrial Conference was held on March 10, 2022. The resulting Pretrial Order indicates

> [d]iscovery is incomplete, in that the deposition of Plaintiff Rose McIntyre is incomplete due to medical complications previously disclosed to the Court, **the depositions of the following may be taken after the discovery deadline by agreement of the parties**, none of which will be the basis for requesting extension of the April 1, 2022 dispositive motion deadline or the related briefing deadlines for dispositive motions: (1) **Rose McIntyre** (2) Bernard Crawford (3) Yolanda Johnson (4) M'Sherie Johnson (5) Richelle Miller (6) Phillip Miller (7) Detra Butler Wilson.
>     …
> **All above referenced depositions and trial depositions are to be completed by September 2, 2022**.

(Doc. 562, pp. 58-59) (emphasis added).

IV.   **Allegations of Testimonial Inconsistencies.**

6

In the present motion, Defendant Golubski details various factual issues and alleged inconsistencies with Plaintiff Rose McIntyre's recollection and prior statements relating to Defendant Golubski and his involvement in the criminal investigation of her son, Plaintiff Lamonte McIntyre. (*See generally id*., at 3-8.) For instance, Rose McIntyre testified at her deposition that, during her son's arrest and prosecution, she never told KCK police detective Gary Long about her alleged sexual assault at the hands of Golubski because she "didn't know Golubski was on the case." (Doc. 583-4, at 35.) She continued that she was not made aware of Golubski's involvement in her son's criminal case until she was told by Jim McCloskey years later.[1] (*Id*., at 38.) Additional statements by Rose McIntyre, however, indicate that she remembers an article about her son's case running in local newspaper "The Call" in 1997. (Doc. 583-8, at 6.) Golubski's involvement in the investigation is specifically mentioned in that article. (Doc. 583-12.)

The present motion also argues that there is "good cause" to believe McCloskey fabricated or coerced affidavits from two other witnesses in this case and coerced a third witness. (Doc. 583, at 6-8 (cited exhibits omitted) and at 10-11.) According to Defendant, this information was gleaned from deposition

---

[1] McCloskey is the founder and executive director of Centurion Ministries, a New Jersey non-profit organization that investigates wrongful convictions and became involved in Lamonte McIntyre's case around the fall of 2008. McCloskey also helped Plaintiffs' counsel draft Rose McIntyre's nine-page affidavit, which was signed and notarized in December 2014. (Doc. 583-7, at 41; Doc. 583-8.)

7

examination of the witnesses.  (*Id*., at 7-8.)  Defendant thus contends he was prejudiced by not being able to "explore McCloskey's 'unearthing' of Rose's accusation of sexual assault against Golubski" as a result of the deposition being suspended and remaining unfinished.  (*Id*., at 10-11.)

## ANALYSIS

I.      **Legal Standards on Dismissal as a Sanction.**

Pursuant to Fed.R.Civ.P. 41(b), "[i]f the plaintiff **fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it**."  (Emphasis added.)  Such a dismissal "operates as an adjudication on the merits." *Id*.  Federal Rule 37(b)(2)(v) permits the Court to dismiss an action, in whole or in part, for **failing to obey a discovery order**.  The Court also possesses "inherent power" to "levy sanctions in response **to abusive litigation practices**."  ***Roadway Express, Inc. v. Piper***, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980) (emphasis added); ***Turnbull v. Wilcken***, 893 F.2d 256, 258–59 (10th Cir.1990).

The sanction of dismissal with prejudice is rightly seen as a drastic measure reserved for only the most extreme circumstances because it "defeats altogether a litigant's right to access to the courts." ***Meade v. Grubbs***, 841 F.2d 1512, 1520, n.6 (10th Cir.1988) (citations omitted) (overruling trial court's dismissal of civil rights lawsuit for violation of local rule).  Dismissal should thus "be used as 'a

weapon of last, rather than first, resort.'" *Id*. (citation omitted).  Further, dismissal should be used "only where a lesser sanction would not serve the interest of justice." *Id*., at 1520 (citing **Cohen v. Carnival Cruise Lines, Inc.**, 782 F.2d 923, 925 (11th Cir.1986)).

That stated, the choice of appropriate sanction is left to the discretion of the District Court.  The chosen sanction must, however, be both "just" and "related to the particular 'claim' which was at issue in the order to provide discovery." **Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee**, 456 U.S. 694, 707, 102 S.Ct. 2099, 2106, 72 L.Ed.2d 492 (1982).  Dismissal with prejudice serves two purposes – it "penalizes the party whose conduct warrants the sanction and discourages 'those who might be tempted to such conduct in the absence of such a deterrent.'" **Jones v. Thompson**, 996 F.2d 261, 266 (10th Cir. 1993) (quoting **National Hockey League v. Metropolitan Hockey Club, Inc.**, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam)).

In determining whether dismissal is the appropriate sanction, a court should consider the following factors:  (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant; … (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; … and (5) the efficacy of lesser sanctions." **Ehrenhaus v. Reynolds**, 965 F.2d 916, 921 (10th Cir. 1992) (citations

omitted). These factors are not "a rigid test," but instead constitute the criteria for the District Court to consider.

## II.    Dismissal Inappropriate.

In the present situation, the Court's analysis concludes before the *Ehrenhaus* factors are considered because the circumstances outlined by Defendant do not constitute a failure to prosecute, a failure to comply with court rules, the failure to comply with a court order, or abusive litigation practices by Plaintiffs. Fed.R.Civ.P. 41(b); Fed. R. Civ. P. 37(b)(2)(v); *Roadway Express*, 447 U.S. at 765. To the contrary, the Court has already addressed these issues at the February 8, 2022, hearing on Defendants' Joint Motion to Modify Scheduling Order. At that time, the parties agreed that depositions for the purpose of trial testimony in this case may occur after the close of discovery. This agreement was also memorialized in the Pretrial Order, wherein the Court specifically stated that certain depositions, including that of Rose McIntyre, "are to be completed by September 2, 2022," some three months from now. (Doc. 562, pp. 58-59) (emphasis added).

There is simply no indication that Plaintiff is in violation of this or any other court order relating to the continuation of her deposition. There is no indication that Plaintiff is in violation of any relevant rules. There is no indication that

Plaintiff or her counsel have acted in an abusive manner in regard to scheduling the conclusion of her deposition.

Defendant contends that Plaintiffs' counsel acted improperly during the portion of Rose McIntyre's deposition that was able to occur.  According to Defendant, "Plaintiffs['] counsel repeatedly, and despite numerous requests to refrain, coached Ms. McIntyre with speaking objections or, in some instances, blatantly told her how to answer or 'clarified' her testimony for her."  (Doc. 583, at 12.)  According to Defendant, this "wasted pages of the transcript and time on the record [and] improperly influenced Ms. McIntyre's testimony."  (*Id*.)  Considering this deposition occurred almost a year ago, the time to have raised these issues has long since passed.

There is no indication that Plaintiff's health conditions, subsequent hospitalization, and continued medical issues have been fabricated, exaggerated, or used for some strategic advantage by Plaintiff's counsel.  As indicated by Plaintiffs, "it is undisputed that [Ms. McIntyre's] deposition was not completed solely due to her severe illnesses, which included moths [sic] of hospitalization as a result of severe COVID-19 complications."  (Doc. 630, at 8.)  It is further undisputed that Ms. McIntyre's condition "has necessitated not only lengthy hospitalizations and stays in rehabilitation centers, but also ventilation,

oxygenation, rehabilitation, dialysis, tube feeding, wound care, and physical therapy." (*Id.*, at 8-9 (citing Doc. 630-5).)

Defendant also argues that in the months since the conclusion of the deposition was indefinitely postponed, "*the only* time Plaintiffs provided an update on Ms. McIntyre's availability was at defendants' or the Court's request." (Doc. 583, at 13 (emphasis in original).) Defendant argues that "whatever her ability now, or at the many times defense counsel asked, there may have been times during that seven-month period when she could have sat for the remaining portion of her deposition, had Plaintiffs made the effort as they were obligated to do, to ensure it happened." (*Id.*)

The Court is not persuaded by this argument. At no time were Plaintiffs ordered – nor to the Court's recollection did Defendants ever request – that Plaintiffs' counsel provide a regularly scheduled update on Rose McIntyre's condition or her ability to sit for her deposition. There is nothing inherently nefarious about Plaintiffs' counsel waiting for defense counsel to inquire.

Further, while sympathizing with Defendant's frustrations regarding the continuing impact on dispositive motions and trial, this Court previously acknowledged that "this situation exists at potential peril for Plaintiffs as well." (Doc. 558, at 6.) If, for instance, Rose McIntyre is unable to complete her deposition, the District Court might issue certain remedies upon request from

12

defense counsel at the appropriate time. Such remedies could include, but are not limited to, the prohibition of her providing testimony at trial. Dismissal is not, however, appropriate at the present time with the circumstances outlined. The undersigned Magistrate Judge thus **recommends** that Defendant's motion (Doc. 583) be **DENIED**.

**IT IS THEREFORE RECOMMENDED** to the District Court that Defendant Golubski's Motion to Dismiss Plaintiff Rose McIntyre's Claim (Doc. 583) be **DENIED**.

**IT IS THEREFORE ORDERED** that a pursuant to Fed.R.Civ.P. 72 and D. Kan. Rule 72.1.4, any interested party shall have fourteen (14) days after service of these proposed findings and recommendations to serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. The failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated this 2nd day of June, 2022, at Wichita, Kansas.

/S KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge