## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE, <br><br> Plaintiffs, <br><br> v. <br><br> UNIFIED GOVERNMENT OF WYANDOTTE COUNTY, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:18-CV-02545-KHV-KGG |

### DEFENDANT ROGER GOLUBSKI'S RESPONSE
### TO THE COURT'S ORDER TO SHOW CAUSE

COMES NOW Defendant Roger Golubski, by and through undersigned counsel, and for his response to the Court's Order to Show Cause (Doc. 674) as to why the Court should not bifurcate Plaintiffs' federal claims from Plaintiff Lamonte McIntyre's state law claims for malicious prosecution and vicarious liability, states as follows:

**Because the District Court is divested of jurisdiction due to Roger Golubski filing a notice of appeal, it cannot bifurcate Mr. McIntyre's state law claims of malicious prosecution and respondeat superior.**

The Court should not and, in fact, cannot bifurcate Lamonte McIntyre's state law claims for malicious prosecution and respondeat superior from his federal claims alleging (1) malicious prosecution (2) fabricating evidence, and failing to disclose *Brady* material; (3) violating Rose and Lamonte McIntyre's familial association rights; and (4) conspiracy.

Qualified immunity "is an entitlement not to stand trial or face the other burdens of litigation." *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S. 511 (1985). As a result, to protect this entitlement, when a district court denies qualified immunity, such order is immediately appealable. And, that appeal is "an event of

jurisdiction significance, which divest[s] the district court" of jurisdiction. *Walker v. City of Orem*, 451 F.3d 1139, 1146 (10th Cir. 2016). "The divestiture of jurisdiction occasioned by the filing of a notice of appeal is especially significant when the appeal is an interlocutory one" because it "disrupts ongoing proceedings in the district court." *Stewart v. Donges*, 915 F.2d 572, 575 (10th Cir. 1990). Importantly, "[w]hen the interlocutory appeal is from . . . the denial of a motion for summary judgment based on qualified immunity, the central issue in the appeal is the defendant's asserted right not to have to proceed to trial." *Stewart v. Donges*, 915 F.2d 572, 575–76 (10th Cir. 1990) (quoting *Garcia v. Burlington N. R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987)). Accordingly, "[a]ny subsequent action by [the district court] is null and void. *Garcia v. Burlington Northern R. Co.*, 818 F.2d 713, 721 (10th Cir. 1987).

When the appeal is based upon the denial of qualified immunity, "divestiture of jurisdiction brought about by the defendant's filing of a notice of appeal is virtually complete . . . ." *Stewart v. Donges*, 915 F.2d 572, 576 (10th Cir. 1990). The *Stewart* Court determined a district court retains jurisdiction *only* over "peripheral matters unrelated to the disputed right not to have [to] defend the prosecution or action at trial." *Id.* Moreover, the divestiture of district court jurisdiction pending the interlocutory appeal extends to more than just the loss of jurisdiction to try the claims against the appealing defendant. Rather, it extends to any "substantive action" by the district court that is "relevant" to the party who has appealed. *Walker*, 451 F.3d at 1146. In *Walker*, the Tenth Circuit held that a district court lacked the jurisdiction to consider the defendants' motion for summary judgment that was filed during the pendency of those defendants' appeal from the prior denial of their motion to dismiss. *Id*.

Here, Mr. McIntyre's state law claims are neither peripheral nor irrelevant to Roger Golubski. Rather, they directly involve Roger Golubski and entirely overlap with Mr. McIntyre's

2

federal claims. Specifically, Mr. McIntyre brings claims styled "malicious prosecution" under both federal law and state law. And, federal Courts use state law malicious prosecution elements as a starting point for determining whether there has been a Fourth Amendment violation. *Becker v. Kroll*, 494 F.3d 904, 913 (10th Cir. 2007) ("[C]ourts have used the common law torts as a 'starting point' for determining the contours of claims of constitutional violations under § 1983"). As a result, some of the same issues to be decided in the federal claims would necessarily have to be decided by the jury in a bifurcated state law claim. Due to the similarities of the elements[1] of the state law and federal law malicious prosecution claims, trying one effectively tries the other and could, if not determined null and void due to lack of jurisdiction, have a preclusive effect. As a result, should the Court exercise jurisdiction over Mr. McIntyre's state law claim of malicious prosecution, it will be exercising jurisdiction over substantive issues relating to Mr. McIntyre's federal claims presently before the Tenth Circuit Court of Appeals.

## Conclusion

If the Court bifurcates Mr. McIntyre's state claim and requires Roger Golubski to proceed to trial, or engage in any pre-trial activities and deadlines, it runs the likely risk of all of those efforts being rendered null and void as the substantive issues of Mr. McIntyre's state law claim are directly related and go to his federal claims presently before the Tenth Circuit Court of Appeals. As a result, the Court must not bifurcate Mr. McIntyre's state law claims and must stay all deadlines and the trial date.

---

[1] See. Doc. 562, p. 42 & 48 (Plaintiffs identifying the same elements for Counts 1 and 8).

3

Respectfully submitted,

**ENSZ & JESTER, P.C.**


/s/ Christopher M. Napolitano
| | |
|---|---|
| MATTHEW J. GIST | KS #20829 |
| CHRIS M. NAPOLITANO | KS #25499 |

1100 Main Street, Suite 2121
Kansas City, Missouri  64105
Telephone:   816-474-8010
Facsimile:    816-471-7910
E-mails:       mgist@enszjester.com
                    cnapolitano@enszjester.com

**and**

| | |
|---|---|
| MORGAN L. ROACH | KS #23060 |
| SEAN P. McCAULEY | KS #20174 |
| NICHOLAS S. RUBLE | KS #25636 |
| JEFFREY S. KRATOFIL | KS #23983 |

MCCAULEY & ROACH, LLC
527 W. 39th Street, Suite 200
Kansas City, Missouri  64111
Telephone:   816-523-1700
Facsimile:    816-523-1708
E-mails:       morgan@mccauleyroach.com
                    sean@mccauleyroach.com
                    nick@mccauleyroach.com
                    jeff@mccauleyroach.com
**ATTORNEYS FOR DEFENDANT
DETECTIVE ROGER GOLUBSKI**

4

## CERTIFICATE OF SERVICE

I hereby certify that, on June 22, 2022, the above and foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all counsel of record.

MICHAEL J. ABRAMS        KS #15407
WILLIAM G. BECK          KS #77974
ALEXANDER T. BROWN       KS #78891
ALANA M. McMULLIN        KS #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri  64108
Telephone:  816-292-2000
Facsimile:  816-292-2001
E-mail(s):  michael.abrams@lathropgmp.com
            william.beck@lathropgpm.com
            alexander.brown@lathropgpm.com
            alana.mcmullin@lathropgpm.com

**and**

CHERYL A. PILATE         KS #14601
LINDSAY RUNNELS          KS #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, Missouri  64106
Telephone:  816-471-6694
Facsimile:  816-472-3516
E-mail(s):  cpilate@morganpilate.com
            lrunnels@morganpilate.com

**and**

BARRY SCHECK             *Pro Hac Vice*
EMMA FREUDENBERGER       *Pro Hac Vice*
AMELIA GREEN             *Pro Hac Vice*
SONA R. SHAH             *Pro Hac Vice*
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, 8th Floor
New York, New York  10013
Telephone:  212-965-9081
Facsimile:  212-965-9084
E-mail(s):  barry@nsbcivilrights.com
            emma@nsbcivilrights.com
            amelia@nsbcivilrights.com
            sona@nsbcivilrights.com
**ATTORNEYS FOR PLAINTIFFS**

DAVID R. COOPER         KS #16690
CHARLES E. BRANSON     KS #17376
BRIAN C. MAULDIN       KS #28636
FISHER, PATTERSON, SAYLER & SMITH, LLP
3550 SW 5th Street
Topeka, Kansas  66606
Telephone:  785-232-7761
Facsimile:  785-286-6609
E-mail(s):  dcooper@fpsslaw.com
           cbranson@fpsslaw.com
           bmauldin@fpsslaw.com

**and**

HENRY E. COUCHMAN, JR.   KS #12842
EDWARD JAMES BAIN      KS #26442
UNIFIED GOVERNMENT OF WYANDOTTE COUNTY
KANSAS CITY, KANSAS LEGAL DEPARTMENT
701 North 7th Street, Suite 961
Kansas City, Kansas  66101
Telephone:  913-573-5060
Facsimile:  913-573-5243
E-mail(s):  hcouchman@wycokck.org
           jbain@wycokck.org
**ATTORNEYS FOR DEFENDANT UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS**


SEAN M. STURDIVAN      KS #21286
ELIZABETH A. EVERS     KS #22580
TRACY M. HAYES         KS #23119
SANDERS WARREN RUSSELL LLP
11225 College Boulevard, Suite 450
Overland Park, Kansas  66210
Telephone:  913-234-6100
Facsimile:  913-234-6199
E-mail(s):  s.sturdivan@swrllp.com
           e.evers@swrllp.com
           t.hayes@swrllp.com
**ATTORNEYS FOR THE ESTATE OF DETECTIVE JAMES MICHAEL KRSTOLICH, DETECTIVE DENNIS WARE, OFFICER JAMES L. BROWN, THE ESTATE OF LIEUTENANT DENNIS**

**OTTO BARBER, DETECTIVE CYLDE BLOOD, DETECTIVE WK SMITH, AND THE ESTATE OF LIEUTENANT STEVE CULP**

/s/ Christopher M. Napolitano
**ATTORNEYS FOR DEFENDANT DETECTIVE ROGER GOLUBSKI**