IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, et al.,<br><br>　　　　　　　Defendants. | CIVIL ACTION<br><br>No. 18-2545-KHV |

**ORDER TO SHOW CAUSE**

On June 9, 2022, the Court sustained in part and overruled in part Roger Golubski's motion for summary judgment which was based in part on qualified immunity. See Memorandum And Order (Doc. #668). On June 17, 2022, Golubski filed a notice of an interlocutory appeal from the denial of summary judgment rulings on the issue of qualified immunity. See Defendant Roger Golubski's Notice of Appeal (Doc. #672).

In evaluating Golubski's appeal, the jurisdiction of the Tenth Circuit Court of Appeals is limited to "the abstract legal questions of (1) whether, accepting the facts the district court concluded a reasonable jury could find based on the summary judgment evidence, those facts constitute a legal violation, and (2) whether that legal violation was clearly established at the time of the violation." Shaw v. Schulte, 36 F.4th 1006, 2022 WL 1931422, at *1 (10th Cir. 2022) (quoting Vette v. K-9 Unit Deputy Sanders, 989 F.3d 1154, 1168 (10th Cir. 2021)). In denying summary judgment to Golubski on the issue of qualified immunity, this Court made factual assumptions and findings under circumstances which the Tenth Circuit will "usually" take as true. Id. (quoting Ralston v. Cannon, 884 F.3d 1060, 1066–67 (10th Cir. 2018)); see Memorandum and

Order (Doc. #668). That being the case, this Court's rulings on the summary judgment questions will not be subject to de novo review and the Tenth Circuit will presumably defer to this Court's factual findings and its assessment of what material facts are the subject of genuine dispute. All of which suggests that on this record, the merit of Golubski's appeal is highly subject to doubt.

Although the filing of a notice of interlocutory appeal raising a qualified immunity issue generally divests the district court of jurisdiction to proceed to trial, the Tenth Circuit has recognized that such appeals may be subject to abuse, and has held that the filing of an interlocutory appeal does not leave the trial court "powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion, however frivolous, and appealing the trial court's denial thereof." Stewart v. Donges, 915 F.2d 572, 576 (10th Cir. 1990) (quoting United States v. Hines, 689 F.2d 934, 936–37 (10th Cir. 1982)).

This case was filed in 2018 and since August 23, 2021, has been set for trial in October or November of 2022. See Fourth Revised Scheduling Order (Doc. #399) filed August 23, 2021. Plaintiffs seek redress for events which occurred more than 23 years ago. Meanwhile, three of the individual defendants have died, plaintiff Rose McIntyre has become elderly and quite infirm and Golubski himself reportedly has severe health issues. This case begs to be tried before further evidence is irretrievably lost. Moreover, the anticipated length of trial in this case is four weeks— a period of time which is extremely difficult to carve out of a busy district court schedule. If the case does not go to trial as scheduled on October 17, 2022, the delay will be substantial and highly prejudicial to plaintiffs and to the orderly administration of justice.

The record suggests that (1) Golubski's interlocutory appeal of the denial of his motion for summarily judgment on the issue of qualified immunity is without merit, if not entirely frivolous;

and (2) Golubski's interlocutory appeal is strategically intended to delay trial on October 17, 2022—even as to state law issues to which qualified immunity provides no defense.  See Defendant Roger Golubski's Response To The Court's Order To Show Cause (Doc. #679) filed June 22, 2022 at 3 (arguing that court "must not bifurcate Mr. McIntyre's state law claims" and "must stay all deadlines and the trial date").

**IT IS THEREFORE ORDERED that on or before Tuesday, July 5, 2022 at 5:00 p.m., all parties must show good cause in writing why this Court should not certify that Golubski's interlocutory appeal is frivolous and lodged for dilatory purposes, and that the district court is therefore entitled to retain jurisdiction and proceed to trial on all issues absent intervention by the Tenth Circuit Court of Appeals.**

**The Court will conduct a hearing on this issue at 10:00 a.m. on Wednesday, July 27, 2022.**

Dated this 28th day of June, 2022 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge