IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| LAMONTE MCINTYRE and ROSE LEE MCINTYRE, | ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 18-2545-KHV |
| UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KANSAS, et al. | ) ) ) ) |

**MEMORANDUM IN SUPPORT OF KCUR 89.3 FM'S MOTION
TO INTERVENE FOR A LIMITED PURPOSE**

Movant KCUR 89.3 FM, a unit of the University of Missouri System (hereinafter "KCUR"), hereby submits this memorandum in support of its motion filed August 4, 2022 (Doc. 694) moving this Court for an order permitting it to intervene in this action for the limited purpose of filing and arguing its motions to vacate the order to seal entered on May 11, 2022 (Doc. 644) and to modify the protective order entered on November 8, 2019 (Doc. 124).  For the reasons stated below, the motion to intervene should be granted.

**FACTUAL BACKGROND**

As fellow Movant to intervene McClatchy Company, LLC d/b/a The Kansas City Star (hereinafter "the Star") ably summarized in its memorandum filed July 19, 2022 (Doc. 690), the instant case arose because Plaintiff Lamonte McIntyre was incarcerated for over two decades for a crime he did not commit.  Like the Star, KCUR has

1

extensively reported on this case since its inception in 2018 and seeks to further report on the case based on the information currently subject to the sealing and protective orders.

On November 8, 2019, the Court entered a protective order governing the dissemination of discovery between the parties. (Doc. 124). The protective order contains severe restrictions on what discoverable items the parties and their counsel are authorized to disclose. (See, e.g., Doc. 124, pp. 2-3; 4-6; and 10). It restricted the way such information is to be maintained. (See, e.g., Doc. 124, pp. 6-7). The Order is subject to modification even though the case has ended. (Doc. 124, p. 9).

As the Star pointed out in its memorandum, the Order also sets forth guidance for how the order is to be interpreted: "As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings whenever possible." (Doc. 124, p. 2).

On May 2, 2022, Plaintiffs filed a motion to seal, which itself was filed under seal, certain exhibits they intended to attach to their response to Defendants' motions for summary judgement. On May 11, the Court granted Plaintiffs' motion to seal "for substantially the reasons stated in the motion" (Doc. 644) and the exhibits were filed under seal on May 16.

On or about June 29, 2022, the parties settled the case in principle, and on June 30, 2022, the Board of Commissioners of the Unified Government approved the payment of $12.5 million to plaintiffs in connection with that settlement.[1]

---

[1] *See* Luke Nozika and Aaron Torres, *Wyandotte County will pay $12.5M to Lamonte McIntyre, wrongly imprisoned for 23 years*, KANSAS CITY STAR, July 1, 2022. *Available at* https://www.kansascity.com/news/state/kansas/article263060113.html.

On July 19, 2022, the Star filed its motion to intervene in this matter for the limited purposes of arguing its motions to vacate and modify the orders at issue here. (Doc. 689).  Therein, it argued in part that modifying the protective order met Article III's requirement of redressability because "there was a chance [Plaintiffs] might provide at least some of the information to the press" shielded by the protective order. (Doc. 690, p. 16).

On August 1, 2022, Plaintiffs filed their response to the Star's motion to intervene, stating that "Plaintiffs confirm they may be willing to provide certain information if they are no longer restrained by the protective order."  (Doc. 693, p. 2).

## ARGUMENT AND AUTHORITIES

I. **Intervention is the proper procedural mechanism for media organizations to challenge court orders limiting access to court records.**

Although the Tenth Circuit has not yet clearly resolved this particular issue, nine of the eleven other Circuit Courts of Appeal have recognized intervention, rather than mandamus or any other means such as declaratory judgment, as the preferred mechanism to resolve media challenges to court orders restricting access to court records and proceedings.  See, e.g., *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783-84 (1st Cir. 1988); *FOCUS v. Allegheny Cty. Court of Common Pleas*, 75 F.3d 834, 839 (3d Cir. 1996)("[I]ntervening newsgathering organizations and reporters had standing to challenge the district court's order excluding the public from a pretrial suppression hearing and sealing the record of that hearing."); *Doe v. Pub. Citizen*, 749 F.3d 246, 262–63 (4th Cir. 2014) (citing *Stone v. Univ. of Md. Med. Sys.*, 855 F.2d 178 (4th Cir.1988); *Ford v. City of Huntsville*, 242 F.3d 235, 241 (5th Cir. 2001);  *Application of Storer*

*Commc'ns*, *Inc*., 828 F.2d 330, 335 (6th Cir. 1987) (citing *United States v. Criden*, 675 F.2d 550, 555, 559 (3d Cir. 1982)("[M]edia organizations may move to intervene for the purpose of contesting closure of hearings and the sealing of documents."); *In re Associated Press*, 162 F.3d 503, 507 (7th Cir. 1998)("in this circuit, we have intimated that the most appropriate procedural mechanism by which to accomplish this task is by permitting those who oppose the suppression of the material to intervene for that limited purpose."); *Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) (per curiam) ("[P]ermissive intervention under [Federal Rule of Civil Procedure] 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases."); Federal Rules of Appellate Procedure, Ninth Circuit Rule 27-13, Sealed Documents ("In practice, anyone not a party to the case can only file a motion to unseal if they submit it with a motion to intervene for the purpose of filing the motion to unseal. The seeker would have to be added to the case's docket as a proposed intervenor, something like a party to the case."[2]); *Newman v. Graddick*, 696 F.2d 796, 800 (11th Cir. 1983).

      Further, although the Second Circuit has yet to squarely resolve whether intervention or mandamus is the preferable mechanism to resolve access issues, district courts within the circuit have permitted intervention. See, e.g., *United States v. All Funds on Deposit at Wells Fargo Bank*, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009). Meanwhile,

---

[2] United States Courts for the Ninth Circuit, *Court Coverage Tutorial: General Information*, retrieved from https://www.ca9.uscourts.gov/news-media/media-education-1/ on August 3, 2022.

the D.C. Circuit has created an independent procedural mechanism to resolve media access issues.  D.C. Cir. Rule 47.1(c).

As for the Tenth Circuit, it has observed since 1990 that "courts have widely recognized that the correct posture for a nonparty to challenge a protective order is through intervention for that purpose."  *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990), cert. denied, 498 U.S. 1073 (1991).

Accordingly, as the Star pointed out (Doc. 690, p. 8), district courts within the 10th Circuit have utilized intervention on numerous occasions to resolve challenges to sealed court records.  See, e.g., *Barnwell v. Corrections Corporation of America*, No. 08-2151-JWL, 2009 WL 10645266 (D. Kan. Aug. 27, 2009).  Indeed, "[m]ost courts—including [the Federal District Court of Utah]—that have addressed the issue have held that permissive intervention is an appropriate procedure for non-parties seeking to intervene in an action for the limited purposes of gaining access to judicial records or opposing closure of proceedings."  *Angilau v. United States*, No. 16-00992-JED, 2017 WL 9496068 at *2 (D. Utah July 27, 2017)(citations omitted).

But the Tenth Circuit's decisions in two criminal cases in the late 1990s cast some doubt on whether intervention is indeed the proper procedural mechanism for the media to challenge orders sealing court records.  See *United States v. McVeigh*, 119 F.3d 806, 810 (10th Cir. 1997), cert. denied, 522 U.S. 1142 (1998); *United States v. Gonzales*, No. 95-538- MV, 1997 WL 155403, at *1, fn. 1 (D.N.M. Feb. 11, 1997), rev'd, 150 F.3d 1246 (10th Cir. 1998), cert. denied, 525 U.S. 1129 (1999).  There, media outlets were

required to apply for mandamus relief under the All Writs Act to resolve access issues. *Id*.

Not only are these rulings contrary to the approach taken by the majority of circuits favoring intervention as well as the Tenth Circuit's own endorsement of the procedure in 1990, but they also failed to detail the reasons for requiring the media to take the extra step of filing a mandamus action. Moreover, they were made in the context of criminal cases where the defendants faced lengthy sentences if convicted, including the case involving the 1995 bombing of the Alfred P. Murrah Federal Building in Oklahoma City, Oklahoma. There is frankly little similarity between the procedural posture of those cases and the one here, a civil case that has been resolved by settlement.

Finally, there can be little doubt that for "reasons of judicial efficiency," intervention "may often be preferable to the third party filing a separate action." *Flynt*, 782 F.3d at 967. Thus, even though there is a degree of uncertainty about whether intervention or mandamus is the proper mechanism, KCUR asks that the Court determine that intervention is the proper mechanism to resolve the narrow issues raised herein.

In the alternative, in the event the Court finds that intervention is not the correct mechanism, KCUR asks that it be allowed to submit its motion as a request for a writ of mandamus as in *McVeigh* and *Gonzales*.

**II.     KCUR should be permitted to intervene under Rule 24.**

Federal Rule of Civil Procedure 24(b)(1)(B) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that share with the main action a common question of law or fact." Use of this rule has been widely

accepted by circuit courts as a basis for media intervention.  See, e.g., *Public Citizen*, 858 F.2d at 783; *Flynt*, 782 F.3d at 967; *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000)("[E]very court of appeals to have considered the matter has come to the conclusion that Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders.").

Analyzing each of the relevant factors to be considered under Rule 24(b)(2) indicates that KCUR meets the common question requirement.  In this case, both the order to seal and the protective order prevent the public from learning about circumstances involving public safety and accountability in law enforcement that are of the utmost public concern.   "[T]he public's interest in open access is at issue and that interest serves as the necessary legal predicate for intervention….that confidentiality is— in the language of Rule 24(b)(2)—a 'question of law ... in common' between the Parties" and the media outlet seeking access.  *Jessup*, 227 F.3d 993, 998-99.

Second, KCUR's motion to intervene has been filed timely.  Timeliness is governed by a test of reasonableness that is measured "by the length of time that the applicant knew of its interest."  *Romero v. Board of County Commissioners for the County of Curry*, 313 F.R.D. 133, 138 (D. New Mexico 2016).  Although KCUR, like the Star, could have challenged the sealing and protective orders earlier in the litigation, making such a motion would not have been worth disrupting ongoing proceedings.  As such, an actionable interest in intervening in this matter has arisen only since the case was settled during the last days of June.  KCUR has acted on its interest in just over one month's time, and its motion is therefore timely under the circumstances.

Finally, KCUR has standing to intervene under Article III of the U.S. Constitution if it can show that the sealing and protective orders "interfere[] with their attempt to obtain access to" the records subject to the orders. *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3rd. Cir. 1994); see also *Oklahoma Hospital Ass'n v.Oklahoma Publishing Co*., 748 F.2d 1421 (10th Cir. 1984), cert. denied, 473 U.S. 905 (1985).  Thus, as a threshold matter, this Court must "find that the [orders] being challenged present[] an obstacle to the [Movant's] attempt to obtain access." *Pansy*, 23 F.3d at 777.

Plaintiffs' response filed August 1 confirms that the protective orders are an obstacle to reporting the news about this very important case.  Moreover, the order to seal has presented an obstacle for Movant to report not only redacted information that may be in the public interest, but also exactly why the records were sealed.  Movant has shown injury sufficient to establish standing.

Finally, under *Oklahoma Hospital Ass'n*, standing also depends on redressability. Orders to seal are redressed by orders to vacate.  But the parties to litigation, not courts, decide if and when to disclose discoverable items to the media or to the public.

Here, once again, the Plaintiffs' August 1 response is instructive, noting that if the court were to modify the protective order, there may be "certain information" Plaintiffs would be willing to share. (Doc. 693, p. 2).  As such, modification of the protective order very well could result in redress for Movant's injury, and Movant has standing to intervene.

### III.     Movant has complied with the pleading requirement of Rule 24(c).

"Rule 24(c) requires that the motion to intervene be accompanied by 'a pleading setting forth the claim or defense for which intervention is sought.'"  *Alvarado v. J.C. Penny Co., Inc.*, 997 F.2d 803, 805 (10th Cir. 1993).  But the Tenth Circuit has found that there is no need for a movant to intervene to file an additional pleading so long as the court is "sufficiently apprised of the nature of the intervenor's claims and interests to rule."  *Id.*, citing *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 474-5 (9th Cir. 1992).

Herein, KCUR has fully set forth its arguments supporting its motion to intervene and submits that the Court is sufficiently appraised of the nature of and reason for intervention.  The Court should find that the additional pleading requirement set forth in Rule 24(c) has been met.

### CONCLUSION

For the reasons set forth above, KCUR requests that the Court grant KCUR's motion to intervene so that it may proceed with filing its motions to vacate and modify.

Respectfully submitted,

/s/Maxwell E. Kautsch
_____
Kautsch Law, L.L.C.
By Maxwell E. Kautsch, #21255
810 Pennsylvania Street, Ste. 207
Lawrence, KS  66044
(785) 840-0077
Fax (785) 842-3039
maxk@kautschlaw.com
Attorney for Movant KCUR 89.3 FM

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 4th day of August, 2022, I submitted the above and foregoing motion to the Clerk of the Court for filing through the CM/ECF System, which will provide service to all counsel of record.

      /s/Maxwell E. Kautsch
      _____
      Maxwell E. Kautsch