UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAMONTE MCINTYRE, et al.,**

    **Plaintiff,**

**v.**

**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,**

    **Defendants.**

Case No. 2:18-cv-02545-KHV-KGG

**PLAINTIFFS' RESPONSE TO INTERVENOR KCUR 89.3 FM'S
MOTION TO MODIFY PROTECTIVE ORDER**

On September 7, 2022, Intervenor KCUR 89.3 FM ("KCUR"), a unit of the University of Missouri System, filed a Motion to Modify Protective Order. (Doc. 710). Plaintiffs oppose this request to the extent that KCUR requests the disclosure of documents designated as "Attorneys Eyes Only," which includes documents containing personal identifying information of civilians and Lamonte McIntyre's prison records. However, Plaintiffs do not oppose KCUR's request to modify the Protective Order to permit the limited disclosure of law enforcement personnel records and criminal investigation documents designated "Confidential."

**ARGUMENT AND AUTHORITIES**

**I.  The Protective Order.**

This Court issued a Protective Order in this case on November 8, 2019, which governs the distribution of discovery exchanged between the parties in the underlying litigation. (Doc. 124). Specifically, the Order states:

> The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The parties assert in support of their request that protection of the identified categories of confidential information is necessary because disclosures and discovery in this case will likely involve private, confidential information relating to personnel records of defendants, criminal

investigation records in open investigations and medical, mental health and financial records of Plaintiffs.

(*Id.* at pp. 1-2). The Order defines "Confidential Information" as "information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties." (*Id.* at p. 2) The Order confines the parties' ability to designate documents or information as "Confidential" to the following four categories: (1) Financial records of Plaintiffs and any related materials; (2) Medical or mental health records of any party or non-party; (3) Personnel files or records of current or former employees of the Unified Government of Wyandotte County and Kansas City, Kansas or its precedessor(s); and (4) Criminal investigation records in open investigations of the Unified Government of Wyandotte County and Kansas City, Kansas or its precedessor(s). (*Id.* at pp. 2-3).

In addition, the Protective Order allows the parties to designate certain documents or information as "Confidential – Attorney Eyes Only." In this regard, the Protective Order states:

> <u>The parties acknowledge that during the course of this litigation, certain documents or materials that contain or display sensitive, confidential, and non-public personal identifying or contact information may be exchanged during discovery. The disclosure or dissemination of such documents, materials,</u> or other confidential and non-public information about law enforcement officers or civilian witnesses would violate legally protected privacy interests and result in demonstrable harm to parties or officers implicated. Counsel for any party may designate any sensitive, confidential, and non-public documents, materials, or information by affixing the following marking or designation — "Confidential – Attorney Eyes Only" (hereinafter "the Attorney marking") – to any document or material containing such information. Disclosure of documents designated with the Attorney marking, or disclosure of the information contained within them, shall be limited solely to attorneys for the parties to this lawsuit and any employees or agents of counsel. A party represented by an attorney that obtains documents, materials, or information designated with the Attorney marking shall not be an employee or agent of counsel.

(*Id.* at pp. 5-6) The Protective Order also states that it is "subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning the subject matter." (*Id.* at p. 9). The Order further provides that "[a]s there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings whenever possible." (*Id.* at p. 2).

## II.   Legal Standard.

The "modification of a protective order, like its original entry, is left to the discretion of the district court." *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990) "A protective order is always subject to modification or termination for good cause. And as long as a protective order remains in effect, the court that entered the order retains the power to modify it." *In re Cessna 208 Series Aircraft Prod. Liab. Litig.,* No. 05-MD-1721-KHV, 2009 WL 951532, at *4 (D. Kan. Apr. 7, 2009) As this court has previously stated:

> In assessing requests to modify, courts balance the potential harm to the party seeking protection against the requesting party's need for the information and the public interest served by its release. If good cause for the protective order existed when entered, only a change in circumstances by which the good cause is either removed or outweighed by other interests would justify modification.
> …
> Good cause requires balancing the harm to the party seeking the protective order and the importance of disclosure to the public. Some factors the court may consider in making this determination, include "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official."

*Id.* at *5.

## III.   KCUR'S Request for Modification.

On August 4, 2022, KCUR filed a motion to intervene in this matter for the limited purposes of arguing to vacate and modify the orders at issue in the underlying litigation. (Docs. 694 and 695). The Motion to Intervene was granted by the Court on August 23, 2022. (Doc. 700).

3

On September 7, 2022 KCUR filed the instant Motion to Modify Protective Order, (Doc. 711), where it seeks to "permit the litigants, should they so choose, to disclose personnel files or records, criminal investigation records, and any information separately designated as 'Attorney Eyes Only.'" (Doc. 711, pp. 4-5).[1]

### a. "Confidential Information"

In its Motion, KCUR specifically states that it is only seeking to modify the Order as to "the last two of those categories: 'Personnel files or records of current or former employees of the Unified Government of Wyandotte County and Kansas City, Kansas' and 'Criminal investigation records in open investigations of the Unified Government of Wyandotte County and Kansas City, Kansas.'" (Doc. 711 at p. 2)

Accordingly, because KCUR is not attempting to modify or seek disclosure Plaintiffs' financial records and any related materials or medical or mental health records of any party of non-party,[2] Plaintiffs do not oppose KCUR's request to modify the Protective Order to allow for the disclosure of the last two categories of "Confidential Information."[3]

---

[1] KCUR concedes it will not be moving this Court to vacate its order granting Plaintiffs' Motion for Leave to File Exhibits Under Seal (Doc. 644), stating KCUR believes "the redactions authorized in that order were to protect the identity of victims of and/or witnesses to criminal conduct." (Doc. 711 at p. 4). Accordingly, Plaintiffs do not address this issue.

[2] Plaintiffs oppose any attempt to modify the Protective Order as to the first two categories of Confidential Information (financial and medial records), but as KCUR is not requesting such a modification, Plaintiffs do not address this issue.

[3] Indeed, Plaintiffs agree with KCUR's argument that the personnel records of government employees, including police officers, and criminal investigation records bearing on an officer's performance of his public office should enjoy only a minimal expectation of privacy as public servants who must be accountable to the public. *See generally Mason v. Stock,* 869 F.Supp. 828, 833 (D.Kan.1994) (holding that law enforcement personnel records, specifically "official, duty-connected types of information, such as payroll and vacation/absence records, official oaths, letters of appreciation, and periodic performance evaluations" were not privileged)

### b. "Attorney Eyes Only" Designation

KCUR appears to additionally request modification of the Protective Order as to "Attorney Eyes Only" documents and information. However, the "Attorney Eyes Only" designation in the underlying case, as explained in the Protective Order, is Confidential Information so sensitive and private that even the parties themselves are not able to access it. *See generally* Doc. 124. The Protective Order specifically defines "Attorney Eyes Only" documents as follows: "The parties acknowledge that during the course of this litigation, certain documents or materials that contain or display **sensitive, confidential, and non-public personal identifying or contact information** may be exchanged during discovery. The disclosure or dissemination of such documents, materials, or other confidential and non-public information **about law enforcement officers or civilian witnesses** would violate legally protected privacy interests and result in demonstrable harm to parties or officers implicated." (*Id.* at pp. 5-6) (emphasis added).

To the extent it is unclear in the Protective Order, Plaintiffs only used this designation for two categories of information: (1) the identification of civilian witnesses including those who are victims of sexual assault or other crimes; and (2) Plaintiff Lamonte McIntyre's prison file.

To be clear, the first category of information designated by Plaintiffs as "Attorneys Eyes Only" is the exact same type of information sealed by the Court on May 11, 2022 (Doc. 644). The information protected from disclosure exclusively relates to the identities of witnesses and/or victims of criminal conduct and was intended to prevent harm, retaliation, embarrassment or harassment of civilians and to protect the highly sensitive nature of their private information. This privacy interest is obvious, but is also supported by KCUR's own motion, which admits that Orders "protect[ing] the identity of victims of and/or witnesses to criminal conduct" should not be

modified, (Doc. 711 at p. 4) and which states it is not pursuing vacating the Court's Order sealing this information. (*Id.*).

Further, this type of private information is not important to public health and safety and does not involve a public entity or official. *See generally In re Cessna 208 Series Aircraft Prod. Liab. Litig.,* No. 05-MD-1721-KHV, 2009 WL 951532, at *4 (D. Kan. Apr. 7, 2009). This is especially true as the substance of any allegations by these civilians relating to police misconduct has already been made public. *See* Plaintiffs Exhibits to Docs. 605, 611, and 624. In fact, revealing the identities of witnesses and victims to criminal activity would not deter wrongful incarcerations or police misconduct – a public interest favoring disclosure – but instead would deter witnesses from coming forward because their identities and information could be made public. Regardless, KCUR does not address how this private information would be of any public benefit – and it cannot. Accordingly, the immediate risk of harm to these individuals heavily outweighs any public interest.

The only other type of information designated as "Attorneys Eyes Only" in this action are Plaintiff Lamonte Mcintyre's prison records, which contain private medical, health, and other non-public information completely irrelevant to KCUR's stated interest in modifying the Protective Order in this case. Similar to Plaintiffs' medial and financial information marked "Confidential" – which KCUR is not pursuing disclosure of – the disclosure of Mr. McIntyre's prison file has no bearing on public health, safety, or the public interest in wrongful convictions, but would undoubtably violate Plaintiff's privacy interests. *See generally Sekerke v. Gonzalez,* No. 15-CV-573-JLS(WVG), 2017 WL 1346661, at *2 (S.D. Cal. Apr. 7, 2017) (discussing discoverability of Plaintiff's prison file, finding "[w]ith respect to Plaintiff's privacy concerns, the Court finds the proper method to address his concerns is issuance of a Protective Order"); *see also Santana v.*

*Racette*, No. 917CV00102BKSML, 2020 WL 3412728, at *3 (N.D.N.Y. June 22, 2020) (sealing Department of Corrections records in a 1983 civil rights action, noting that they "implicate privacy interests").

Accordingly, to the extent that KCUR seeks a modification of the Protective Order relating to "Attorney Eyes Only" documents or information – which includes private identifying information of witnesses or victims and Plaintiff's prison file – Plaintiffs oppose such a request and would not be willing to provide such information even if the Protective Order was modified to allow it. With respect to the other aspects of the Star's motion, Plaintiffs do not oppose the request for modification of the Protective Order to permit the limited disclosure of law enforcement personnel records and criminal investigation documents designated "Confidential."

Dated: September 21, 2022   Respectfully submitted,

LATHROP GPM LLP

By: /s/ *Alana McMullin*
Michael J. Abrams #15407
Alana McMullin #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
michael.abrams@lathropgpm.com
alana.mcmullin@lathropgpm.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
cpilate@morganpilate.com

7

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Sona R. Shah (admitted *pro hac vice*)
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
emma@nsbcivilrights.com

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Alana McMullin, hereby certify that on September 21, 2022, true and correct copies of the foregoing document was electronically filed and served via the Court's electronic filing system on the following counsel of record:

David R. Cooper
dcooper@fpsslaw.com

Charles E. Branson
cbranson@fpsslaw.com

Henry E. Couchman, Jr.
hcouchman@wycokck.org

Edward James Bain, III
jbain@wycokck.org

Morgan L. Roach
morgan@mccauleyroach.com

Sean P. McCauley
sean@mccauleyroach.com

Jeffrey S. Kratofil
jeff@mccauleyroach.com

Matthew J. Gist
mgist@enszjester.com

Christopher M. Napolitano
cnapolitano@enszjester.com

Sean M. Sturdivan
s.sturdivan@swrsllp.com

Tracy M. Hayes
t.hayes@swrsllp.com

Elizabeth Ann Evers Guerra
e.evers@swrsllp.com

Lyndon W. Vix
lvix@fleeson.com

Maxwell E. Kautsch
maxk@kautschlaw.com

Jean K. Gilles Phillips
phillips@ku.edu

Tricia J. Rojo Bushnell
trojobushnell@themip.org

 /s/ *Alana McMullin*
An Attorney for Plaintiffs