**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LAMONTE MCINTYRE and, ) <br> ROSE LEE MCINTYRE ) <br> Plaintiffs, ) <br> v. ) <br> ) <br> UNIFIED GOVERNMENT OF ) <br> WYANDOTTE COUNTY AND ) <br> KANSAS CITY, KANSAS, et al. ) <br> Defendants. ) | Case No. 18-CV-02545-KHV |

**MEMORANDUM IN SUPPORT OF BRIAN E. BETTS' MOTION TO INTERVENE
FOR A LIMITED PURPOSE**

**COMES NOW,** Movant Brian E. Betts, by and through his attorney Kevin P. Shepherd of Ralston, Pope & Diehl, LLC, hereby submits this memorandum in support of his motion filed October 3, 2022, (Doc. 719) moving this court for an order permitting him to intervene in this action for the limited purpose of filing and arguing his motions to vacate the order to seal entered on May 11, 2022, (Doc. 644) and to modify the protective order entered on November 8, 2019, (Doc. 124.). For the reasons stated below, the motion to intervene should be granted.

**BACKGROUND AND PROCEDURAL POSTURE**

On September 14, 2022, the Court sustained the motion of fellow intervenor the Midwest Innocence Project (hereinafter "MIP") who stated significantly similar arguments to the ones contained herein. (Doc. 712). Like MIP, Mr. Betts has an interest in the information sealed under the protective order. Similar to the clients MIP represents, Mr. Betts is an individual directly impacted by this litigation and the withheld information. Betts also has a pending claim in the Wyandotte County District Court of Kansas under K.S.A. 60-1507 for a wrongful conviction with comparable evidence in Plaintiff Lamonte McIntyre's wrongful

conviction.  See Wyandotte County District Court Case No. 2021-CV-000569.

Like in Plaintiff Lamonte McIntyre's wrongful conviction, Mr. Betts asserts that Defendant Roger Golubski, a detective with the Kansas City Police Department (KCKPD), used improper methods to coerce favorable testimony for the State in support of the prosecution of his murder charge, which led to his wrongful conviction and current incarceration.  See Wyandotte County District Court Case No. 1998-CR-692A.  Although Defendant Golubski's name is not contained in any of the investigative reports or police narratives furnished by the State in Mr. Betts underlying conviction case, Mr. Betts claims that Golubski involved himself in the investigation due to a familial relationship with the murder victim, Greg Miller.  To support his wrongful conviction claim, Mr. Betts must present evidence of Golubski's connection to his prosecution in 1998.  Mr. Betts believes the sealed information in the Court's protective order contains relevant information showing Golubski's involvement, association with pertinent witnesses, and his abuse tactics which encompass the investigation and prosecution of his 1998 murder charge.

On November 8, 2019, this Court entered a protective order pursuant to a joint request by the parties. (Doc. 124). The order defines the term "Confidential Information" and allows the parties to designate information exchanged in discovery as Confidential Information if it falls within the following categories:

    (a)  Financial records of Plaintiffs and any related materials;

    (b)  Medical or mental health records of any party or non-party;

    (c)  Personnel files or records of current or former employees of the Unified Government of Wyandotte County and Kansas City, Kansas or its predecessor(s); and

    (d)  Criminal investigation records in open investigations of the Unified Government of Wyandotte County and Kansas City, Kansas or its

>   predecessor(s). For the purpose of this order, "open investigation" means a case that has not been prosecuted or has not been closed.

(Doc. 124, pp 2-3). The order further limits dissemination of the Confidential Information to specific individuals specified within the order. (Doc. 124, pp 4-5). The order allows information produced in the case by third-parties to be designated as confidential information.

The order also designates certain categories of information as "Attorney's Eyes Only," while only generally describing what types of information may be designated as such. (Doc. 124 pp 5-6). Information designated as "Attorney's Eyes Only" may only be disseminated to the attorneys involved in the case and their employees and agents, but not to the parties themselves. (Doc. 124, pp 6).

The order provides that it may be modified "by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter" after the parties have been provided notice and an opportunity to be heard. The order remains in effect after the litigation has concluded and all Confidential Information is to be destroyed within 28 days. (Doc. 124, pp 8-9). The order is still subject to modification after the case has ended. (Doc. 124, pp 9).

On June 30, 2022, the parties reached a settlement to resolve the Plaintiffs' claims. (Doc. 687). Plaintiff Lamonte McIntrye's exoneration and cause of action herein show that former detective Roger Golubski's harmful, dangerous, and illegal conduct led to many wrongful convictions, including the conviction and incarceration of Mr. Betts. The protective order, without modification, prevents Mr. Betts from accessing information relevant and crucial to litigating his wrongful conviction claim. Of interest to Mr. Betts are the criminal investigation records and personnel records regarding Golubski and other connected law enforcement officials which include pertinent material concerning his claims.

**ARGUMENT**

I.  **Intervention is the Appropriate Procedural Mechanism for Third-Party Movants to Challenge Court Orders Limiting Access to Court Records**

Intervention is the most widely accepted means to challenge a court order relating to third- party access to court records. While the Tenth Circuit has been unclear on the correct procedural mechanism, courts in the Circuit, including this one, generally recognize intervention as the appropriate method, and this Court should rule this motion is properly brought as a motion for intervention.

The Tenth Circuit has yet to resolve the particular question of which procedural mechanism is the correct one for third-party intervention seeking to modify protective orders and others related to court documents produced in a civil lawsuit. The federal courts have recognized that third- parties have the right to intervene to argue motions related to discovery orders where the information in question implicates the public interest. see *N. States Power Co. v. Westinghouse Elec. Corp*., 156 F.R.D. 168, 171 (D. Minn. 1994) (holding that non-profit group may intervene for the purposes of arguing motions for access to discovery material produced in a civil case.);  see also *Angilau v. United States*, No. 2:16-00992-JED, 2017 WL 9496068 (D. Utah July 27, 2017). Nine of the eleven sister circuits in total have recognized that intervention is the appropriate method rather than mandamus or declaratory judgement. *See, e.g. Pub. Citizen v. Liggett Grp., Inc.,* 858 F.2d 775 (1st Cir. 1988); *Doe v. Pub. Citizen*, 749 F.3d 246 (4th Cir. 1988); *Flynt v. Lombardi,* 782 F.3d 963 (8th Cir. 2015). The Tenth Circuit has certainly recognized that intervention is the most widely accepted procedure to for third-parties to challenge a protective order. *United Nuclear Corp. v. Cranford Ins. Co*., 905 F.2d 1424, 1427 (10th Cir. 1990) ("The courts have widely recognized that the correct procedure for a nonparty

to challenge a protective order is through intervention for that purpose") (citing *Public Citizen* 858 F.2d at 783). Although the Circuit has on least one occasion stated that Mandamus was the appropriate procedure. *See United States. v.* McVeigh, 918 F. Supp. 1452 (W.D. Okla. 1996). Despite some lack of consistency from the court, it appears that generally courts in the circuit – including this Court – most commonly accept motions of this type as motions for Rule 24 intervention. *See Barnwell v. Corr. Corp. of Am.*, No. 08-2151-JWL, 2009 WL 10645266, fn. 1 (D. Kan. Aug. 27, 2009) (holding intervention was the appropriate mechanism for third-party to intervene for the purpose of challenging a sealing order); *Parson v. Farley,* 352 F. Supp. 3d 1141, 1146 (N.D. Okla. 2018), aff'd, No. 16-CV-423-JED-JFJ, 2018 WL 6333562 (N.D. Okla. Nov. 27, 2018); *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510 (D. Colo. 2009).

As such, the MIP requests that this court examine the MIP's involvement in in this case under the law of Rule 24 intervention. In the alternative, if the Court finds intervention not the correct procedural mechanism, the MIP requests that it be allowed to submit its motion as a request for a writ of mandamus.

## II.     Mr. Betts Meets the Rule 24 Requirements for Intervention

Under Federal Rule of Civil Procedure 24(b)(1)(B), "On timely motion, the court may permit anyone to intervene who… has a claim or defense that shares with the main action a common question of law or fact." The specific requirements of Rule 24 are an imperfect fit for situations where a third party is seeking to alter a protective order in a civil suit. *See Angilau v. United States*, No. 2:16-00992-JED, 2017 WL 9496068 (D. Utah July 27, 2017) (granting motion to intervene by media organizations under Rule 24 permissive intervention despite the "imperfect fit" of rule 24 to the circumstances). Meeting the requirements of Rule 24 permissive

intervention means that Mr. Betts' motion must (1) be timely, so as to not prejudice any of the parties, and (2) share a common question of law or fact with the main action.

### A. The Common Question Requirement is Met

In general, the public's right to access is sufficient to meet the common question requirement of Fed. R. Civ. P. 24(b)(1)(B). *Angilau v. United States*, 2017 WL 9496068, at *3 ("[I]ntervenors have asserted a claim—the public's right of access—sufficient to meet the common question test of Rule 24(b)(1)(B).") Intervention may also be granted based on the "reasonable needs of other parties in other litigation." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (affirming trial court granting of motion to intervene and motion to modify protective order in favor of legal group seeking information in civil suit for their own separate civil suit). Intervention in this fashion is available to any member of the public or organization, not just media organizations. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d (affirming ruling allowing intervention of non-profit advocacy organization seeking to access information produced in civil suit); *Jessup v. Luther*, 227 F.3d 993, 998 (7th Cir. 2000) ("[A]ny party challenging a confidentiality order 'meet[s] the requirement of Fed.R.Civ.P. 24(b)(2) that their claim must have 'a question of law or fact in common' with the main action.'") (quoting *Pansy v. Stroudsburg*, 23 F.3d 772, 778 (3d Cir.1994)).

In this case, Mr. Betts asserts both the public's right to access, and access based on his reasonable need for information as a party in other litigation against the Unified Government and parties to this case; Mr. Betts' interest is not abstract; he has a pending claim filed in the district court of Kansas. Further, courts have recognized the public interest in information relating to police misconduct as a powerful justification for release. *Bangert v. Cnty. of Placer,* No. 2:17-CV-1667 KJN P, 2019 WL 358518, at *4 (E.D. Cal. Jan. 29, 2019) ("[C]ourts have found a

strong public interest in the disclosure of records related to alleged officer misconduct.") As such, Mr. Betts presents a claim that raises common questions of law and fact sufficient to intervene under 24(b)(1(B).

A. <u>Mr. Betts' Motion is Timely and Will Not Delay or Prejudice the Parties' Rights</u>

Rule 24(b)(1)(B) requires that a motion for intervention be "timely" and directs the court to consider whether intervention will "unduly delay or prejudice the adjudication of the original parties' rights."

The test for timeliness is "essentially one of reasonableness: potential intervenors need to be reasonably diligent in learning of a suit that might affect their rights, and upon so learning they need to act reasonably promptly." *Angilau,* 2017 WL 9496068. At *3 (quoting *Reich v. ABC/York- Estes Corp.,* 64 F.3d 316, 321 (7th Cir. 1995)). "The primary purpose of the timeliness requirement is to guard against prejudice to the original parties and not to sanction proposed intervenors who might have intervened earlier." *Am. Ass'n of People With Disabilities v. Herrera*, 257 F.R.D. 236, 250 (D.N.M. 2008).

Given the recent disposition of this case, including this Court's order permitting MIP to intervene, Mr. Betts' motion to intervene is timely, and creates no prejudice for any of the parties. Mr. Betts may have chosen to intervene earlier in the case, however, arguably doing so would have been more likely to prejudice the parties as the case was ongoing. While there is no hard rule for when a motion to intervene to access court records must be brought, courts in this Circuit have found such motions timely years after a case has settled or otherwise concluded *see United Nuclear*, 905 F.2d at 1426 (allowing movants to intervene three years after conclusion of case). Mr. Betts has acted within a reasonable period of time to file its motion, as such, Mr. Betts' motion is timely.

Further, this motion does not prejudice any party. Given that due to the settlement this case will not be proceeding to trial, there is no risk of prejudicing a jury pool, a common justification for sealing or protective orders. *See e.g., Bangert v. City of Placer*, No. 17-1667-KJN, 2019 WL 358518, at *4 (E.D. Cal. Jan. 29, 2019). No objections to the motions of the other intervenors in this case supports the contention that no prejudice is caused by this motion. Mr. Betts' motion comes only a month after the motions of the other intervenors, and regardless of such has been filed in a reasonable time.

### III.     The MIP has Article III Standing to Intervene

To have standing a party must show that:

(1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.
*New England Health Care Emps. Pension Fund v. Woodruff*, 512 F.3d 1283, 1288 (10th Cir. 2008).

The public has a long-recognized common-law right to access the records of the Court. *Eugene S. v. Horizon Blue Cross Blue Shield of New Jersey*, 663 F.3d 1124, 1135 (10th Cir. 2011) ("A party seeking to file court records under seal must overcome a presumption, long supported by courts, that the public has a common-law right of access to judicial records") (citing *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir.2007)). Courts in this circuit consistently hold that a sealing order creates an injury that can be redressed if the order is lifted. Angilau v. United States, No. 2:16-00992-JED, 2017 WL 9496068, at *4 (D. Utah July 27, 2017) ("Movants have an interest in this matter that may be harmed by sealing of certain records or closing of some proceedings.

That potential injury—denial of public access—is clearly traceable to the sealing of records, and that possible injury can be redressed by a favorable decision here."); *SanMedica Int'l v. Amazon.com Inc.*, No. 2:13-CV-00169, 2015 WL 6680222, at *4 (D. Utah Nov. 2, 2015) ("Because the information would be made public if the court granted her Motion to Unseal, Professor Tushnet's injury is likely to be redressed by a favorable decision.")

The protective order, likewise creates an obstacle to Mr. Betts obtaining information in the case that he has a right to as a party in litigation involving the defendants herein. Unlike the sealing order, the protective order applies to information exchanged in discovery, which the public generally does not have a right to. In this case, however, the Plaintiff's response to the motions filed by other intervening parties is instructive. Plaintiff confirms that "they may be willing to provide certain information currently under protection of Paragraph 10(b) of the protective order if they are no longer restrained by it." (Doc. 697 at 1). As such, the protective order is the only impediment to Mr. Betts obtaining access to the documents in question and creates an injury in fact redressable by the court.

### IV.     Movant Has Complied With The Pleading Requirement Of Rule 24(C).

Rule 24 generally requires that a motion brought under the rule be accompanied by a pleading setting forth the claim or defense for which intervention is sought. *See Alvarado v. J.C. Penny Co., Inc.*, 997 F.2d 803, 905 (10th Cir. 1993). However, the Tenth Circuit does not require such a pleading when the court is "sufficiently apprised of the nature of the intervenor's claims and interests to rule." *Alvarado v. J.C. Penney Co.*, 997 F.2d 803, 805 (10th Cir. 1993).

Herein Mr. Betts has fully set forth its arguments supporting the motion to intervene and believes that this court is sufficiently appraised of the nature of and reason for intervention. This court should find the additional pleading requirements has been met.

## CONCLUSION

For the reasons set forth above, Brian E. Betts requests that the court grant its motion to intervene so that it may file its motions to vacate and modify.

Respectfully Submitted,

*/s/Kevin P. Shepherd*
Kevin P. Shepherd, #19947
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax: (785) 273-0744
kevinshepherd@ralstonpope.com
*Attorney for Brian E. Betts*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the above and forgoing was electronically filed with the Clerk of the Court using the CM/ECF system on this 3rd day of October 2022, which provides an electronic copy to all counsel of record.

Respectfully Submitted By:

*/s/Kevin P. Shepherd*
Kevin P. Shepherd, #19947
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas 66614
Phone: (785) 273-8002
Fax: (785) 273-0744
ron@ralstonpope.com
*Attorney for Brian E. Betts*