UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LAMONTE MCINTYRE, et al.,**

    **Plaintiff,**

**v.**

**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,**

    **Defendants.**

Case No. 2:18-cv-02545-KHV-KGG

**PLAINTIFFS' RESPONSE TO BRIAN BETTS'S
MOTION TO INTERVENE FOR A LIMITED PURPOSE**

On October 3, 2022, Brian E. Betts filed a motion to intervene in this action for the limited purpose of seeking the removal of obstacles to access information regarding the above-captioned matter. Doc. 719, 720. Plaintiffs understand that Mr. Betts's objectives in intervening are two-fold: (1) to file a motion to vacate the Court's order allowing certain documents to be filed under seal (Doc. 644); and (2) to file a motion to modify the Court's protective order that created certain categories of Confidential Information and allowed certain documents to be marked "Attorneys Eyes Only" (Doc. 124). *See* Docs. 694; 695, at 1. Plaintiffs do not oppose Mr. Betts's intervention in the present matter for these purposes.[1]

Plaintiffs agree that Mr. Betts, an individual claiming he is directly impacted by this litigation due to his own wrongful conviction, may intervene in this case for the limited purpose

---

[1] Plaintiffs' Response should not be read to support the complete vacatur of the Court's order allowing the sealing of certain documents nor to support the complete modification of the protective order, Docs. 644 and 124, respectively. If Mr. Betts's Motion to Intervene is successful and it subsequently submits the motions to vacate and modify as described, Plaintiffs will provide their arguments in regard to the unsealing or disclosure of specific documents at that time.

1

of obtaining information about the facts underlying the case. *See United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *see also Barnwell v. Corrs. Corp. of Am.*, No. 08-2151-JWL, 2009 WL 10645266, at *3 (D. Kan. Aug. 27, 2009). Additionally, Plaintiffs agree with Mr. Betts that his intervention is timely. *United Nuclear Corp.*, 905 F.2d at 1426 (allowing third-party intervention to challenge a protective order still in effect for a case that settled three years prior). Lastly, in brief response to Mr. Betts's argument regarding prong three of the test for standing—redressability—Plaintiffs confirm they may be willing to provide certain information if they are no longer restrained by the protective order. *See* Doc. 720 at 8.

For the reasons stated above, Plaintiffs do not oppose Mr. Betts's intervention in this matter for the above-described limited purposes.

Dated: October 17, 2022

Respectfully submitted,

/s/ *Alana McMullin*
Michael J. Abrams #15407
Alana McMullin #78948
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, MO 64108
Telephone: (816) 292-2000
Facsimile: (816) 292-2001
michael.abrams@lathropgpm.com
alana.mcmullin@lathropgpm.com

Cheryl A. Pilate #14601
Lindsay Runnels #78822
MORGAN PILATE, LLC
926 Cherry Street
Kansas City, MO 64106
Telephone: (816) 471-6694
Facsimile: (816) 472-3516
cpilate@morganpilate.com

Barry Scheck (admitted *pro hac vice*)
Emma Freudenberger (admitted *pro hac vice*)
Sona R. Shah (admitted *pro hac vice*)
NEUFELD SCHECK & BRUSTIN, LLP
99 Hudson Street, Eighth Floor
New York, NY 10013
Telephone: (212) 965-9081
Facsimile: (212) 965-9084
emma@nsbcivilrights.com

*Attorneys for Plaintiffs*
