UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAMONTE MCINTYRE, et al.,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY AND KANSAS CITY, KS, et al.,**<br><br>    **Defendants.** | Case No. 2:18-cv-02545-KHV-KGG |

**PLAINTIFFS' RESPONSE TO INTERVENOR MIDWEST INNOCENCE PROJECT MOTION TO MODIFY PROTECTIVE ORDER**

On October 7, 2022, Intervenor Midwest Innocence Project ("MIP"), a non-profit law firm, filed a Motion to Modify Protective Order. (Doc. 722). Plaintiffs do not oppose this request, which seeks to permit the limited disclosure of law enforcement personnel records and criminal investigation documents designated "Confidential," especially as the Court has recently ruled that such documents may be disclosed as permitted by the Court. (Docs. 726, 727)

**ARGUMENT AND AUTHORITIES**

**I.    The Protective Order**

This Court issued a Protective Order in this case on November 8, 2019, which governs the distribution of discovery exchanged between the parties in the underlying litigation. (Doc. 124). Specifically, the Order states:

> The parties jointly request entry of a protective order to limit the disclosure, dissemination, and use of certain identified categories of confidential information. The parties assert in support of their request that protection of the identified categories of confidential information is necessary because disclosures and discovery in this case will likely involve private, confidential information relating to personnel records of defendants, criminal investigation records in open investigations and medical, mental health and financial records of Plaintiffs.

(*Id.* at pp. 1-2). The Order defines "Confidential Information" as "information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute or could potentially cause harm to the interests of the disclosing party or nonparties." (*Id.* at p. 2) The Order confines the parties' ability to designate documents or information as "Confidential" to the following four categories: (1) Financial records of Plaintiffs and any related materials; (2) Medical or mental health records of any party or non-party; (3) Personnel files or records of current or former employees of the Unified Government of Wyandotte County and Kansas City, Kansas or its precedessor(s); and (4) Criminal investigation records in open investigations of the Unified Government of Wyandotte County and Kansas City, Kansas or its precedessor(s). (*Id.* at pp. 2-3).

In addition, the Protective Order allows the parties to designate certain documents or information as "Confidential – Attorney Eyes Only." In this regard, the Protective Order states:

> <u>The parties acknowledge that during the course of this litigation, certain documents or materials that contain or display sensitive, confidential, and non-public personal identifying or contact information may be exchanged during discovery. The disclosure or dissemination of such documents, materials,</u> or other confidential and non-public information about law enforcement officers or civilian witnesses would violate legally protected privacy interests and result in demonstrable harm to parties or officers implicated. Counsel for any party may designate any sensitive, confidential, and non-public documents, materials, or information by affixing the following marking or designation — "Confidential – Attorney Eyes Only" (hereinafter "the Attorney marking") – to any document or material containing such information. Disclosure of documents designated with the Attorney marking, or disclosure of the information contained within them, shall be limited solely to attorneys for the parties to this lawsuit and any employees or agents of counsel. A party represented by an attorney that obtains documents, materials, or information designated with the Attorney marking shall not be an employee or agent of counsel.

(*Id.* at pp. 5-6) The Protective Order also states that it is "subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning

the subject matter." (*Id.* at p. 9). The Order further provides that "[a]s there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings whenever possible." (*Id.* at p. 2).

### II.  Legal Standard.

The "modification of a protective order, like its original entry, is left to the discretion of the district court." *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990) "A protective order is always subject to modification or termination for good cause. And as long as a protective order remains in effect, the court that entered the order retains the power to modify it." *In re Cessna 208 Series Aircraft Prod. Liab. Litig.,* No. 05-MD-1721-KHV, 2009 WL 951532, at *4 (D. Kan. Apr. 7, 2009) As this court has previously stated:

> In assessing requests to modify, courts balance the potential harm to the party seeking protection against the requesting party's need for the information and the public interest served by its release. If good cause for the protective order existed when entered, only a change in circumstances by which the good cause is either removed or outweighed by other interests would justify modification.
> …
> Good cause requires balancing the harm to the party seeking the protective order and the importance of disclosure to the public. Some factors the court may consider in making this determination, include "privacy interests, whether the information is important to public health and safety and whether the party benefitting from the confidentiality of the protective order is a public official."

*Id.* at *5.

### III.  MIP's Request for Modification.

On August 26, 2022, Midwest Innocence Project ("MIP"), a non-profit law firm, filed a motion to intervene in this matter for the limited purposes of arguing to vacate and modify the orders at issue in the underlying litigation. (Docs. 702 and 703). The Motion to Intervene was granted by the Court on September 14, 2022. (Doc. 712). On October 7, 2022 MIP filed the instant Motion to Modify Protective Order, (Doc. 722), where it seeks to "permit the parties, should they

so choose, to distribute information designated as 'Confidential Information' under the third and fourth categories of information relating to personnel records and investigatory files." (Doc. 723, p. 4) However, MIP's Motion makes clear that "MIP does not seek access to information under seal or designated as 'Attorney's Eyes Only.'" (Doc. 723, p. 4).

MIP is not a media company like the McClatchy Company, LLC or KCUR, which also intervened to modify the protective order in this case, but instead represents other wrongfully convicted individuals in Wyandotte County, who it alleges were convicted as a result of "police misconduct, including the coercion of false statements from witnesses and the suppression of exculpatory evidence." (Doc. 723, p. 2) Accordingly, MIP argues its organization and clients have a "significant interest in obtaining evidence that could substantiate their claims of innocence." *Id.*

On October 18, 2022, the Court in this matter entered an Order granting in part and denying in part the Motions to Modify Protective Order filed by the McClatchy Company, LLC and KCUR. (Doc. 726) The Court held, in relevant part, that:

> The Court also modifies the protective order to permit disclosure of personnel records of government employees and criminal investigation records bearing on performance of public duties, and declines to modify the protective order to allow disclosure of financial records of plaintiffs and medical health records of plaintiffs and others. By the terms of the protective order and its inherent authority, the Court retains jurisdiction to modify the protective order in this case. The Court holds that McClatchy has standing to seek the requested relief. Furthermore, on its own motion, the Court may modify the protective order and does so in this case to the extent stated herein.

Doc. 726.

In light of the Court's October 18, 2022 Order, the documents sought by MIP, personnel records of government employees and criminal investigation records bearing on performance of public duties, have already been ruled disclosable by the Court (upon review of those records by the Court), and the Court has similarly ordered the parties to submit an agreed amended protective order which in substance reflects the terms of its October 18, 2022 Order.

Accordingly, Plaintiffs do not oppose MIP's request to modify the Protective Order to allow for the disclosure of the last two categories of "Confidential Information."[1]

Dated: October 21, 2022                           Respectfully submitted,

                                                  LATHROP GPM LLP

                                            By:   /s/ *Alana McMullin*
                                                  Michael J. Abrams #15407
                                                  Alana McMullin #78948
                                                  LATHROP GPM LLP
                                                  2345 Grand Boulevard, Suite 2200
                                                  Kansas City, MO 64108
                                                  Telephone: (816) 292-2000
                                                  Facsimile: (816) 292-2001
                                                  michael.abrams@lathropgpm.com
                                                  alana.mcmullin@lathropgpm.com

                                                  Cheryl A. Pilate #14601
                                                  Lindsay Runnels #78822
                                                  MORGAN PILATE, LLC
                                                  926 Cherry Street
                                                  Kansas City, MO 64106
                                                  Telephone: (816) 471-6694
                                                  Facsimile: (816) 472-3516
                                                  cpilate@morganpilate.com


                                                  Barry Scheck (admitted *pro hac vice*)
                                                  Emma Freudenberger (admitted *pro hac vice*)
                                                  Sona R. Shah (admitted *pro hac vice*)
                                                  NEUFELD SCHECK & BRUSTIN, LLP
                                                  99 Hudson Street, Eighth Floor
                                                  New York, NY 10013
                                                  Telephone: (212) 965-9081
                                                  Facsimile: (212) 965-9084
                                                  emma@nsbcivilrights.com

                                                  *Attorneys for Plaintiffs*

---

[1] Indeed, Plaintiffs agree with MIP's argument – and the related portion of the Court's Order – that the personnel records of government employees, including police officers, and criminal investigation records bearing on an officer's performance of his public office should be disclosable in the instant matter.

5

## **CERTIFICATE OF SERVICE**

   I, Alana McMullin, hereby certify that on October 21, 2022, true and correct copies of the foregoing document was electronically filed and served via the Court's electronic filing system on the following counsel of record:

| | |
|---|---|
| David R. Cooper<br>dcooper@fpsslaw.com | Christopher M. Napolitano<br>cnapolitano@enszjester.com |
| Charles E. Branson<br>cbranson@fpsslaw.com | Sean M. Sturdivan<br>s.sturdivan@swrsllp.com |
| Henry E. Couchman, Jr.<br>hcouchman@wycokck.org | Tracy M. Hayes<br>t.hayes@swrsllp.com |
| Edward James Bain, III<br>jbain@wycokck.org | Elizabeth Ann Evers Guerra<br>e.evers@swrsllp.com |
| Morgan L. Roach<br>morgan@mccauleyroach.com | Lyndon W. Vix<br>lvix@fleeson.com |
| Sean P. McCauley<br>sean@mccauleyroach.com | Maxwell E. Kautsch<br>maxk@kautschlaw.com |
| Jeffrey S. Kratofil<br>jeff@mccauleyroach.com | Jean K. Gilles Phillips<br>phillips@ku.edu |
| Matthew J. Gist<br>mgist@enszjester.com | Tricia J. Rojo Bushnell<br>trojobushnell@themip.org |

               /s/ *Alana McMullin*
               An Attorney for Plaintiffs