In the United States District Court
For the District of Kansas

| | |
|---|---|
| Lamonte McIntyre, et al., </br></br>Plaintiffs, </br></br>vs. </br></br>Unified Government of Wyandotte County and Kansas City, Kansas, et al., </br></br>Defendants. | ) </br> ) </br> ) </br> ) </br> ) </br> )   Case No. 2:18-cv-02545-KHV-KGG </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

# MEMORANDUM IN OPPOSITION OF MOTION TO MODIFY PROTECTIVE ORDER

Defendants jointly submit the following response opposing the Intervenors' motion to modify the protective order herein, *Docs. 722*.

Intervenor, Midwest Innocence Project, seeks to modify the Protective Order filed herein to gain access to "Confidential Information" produced during discovery but never filed with the Court.

On October 18, 2022, the Court granted in part and denied in part a similar request to modify the Protective Order by Intervenors McClatchy Company, LLC and KCUR, *Docs. 726 and 727*.

Defendants object to the relief requested by the Midwest Innocence Project for the same reasons outlined in a previous objection, *Doc. 718*. Defendants also offer a proposed modification to the October 18, 2022 Order modifying the Protective Order.

**Background/Facts**

Plaintiffs sued the Unified Government and several former officers of the Kansas City,

1

Kansas Police Department claiming that the officers violated Plaintiffs constitutional rights. In discovery, the Unified Government produced voluminous material, including personnel records of parties and non-parties, and criminal investigation records for yet-unresolved homicides. These documents were produced subject to a protective order that prohibited public disclosure of these confidential records.

On November 8, 2019, the Court issued a Protective Order preventing the release of certain discovery, designated Confidential Information, by the parties to the public or third parties *Doc. 124*.

1. All parties agreed that the disclosure of certain documents could potentially cause harm to the interests of the disclosing party. *Id*., at 2, ¶ 2.

2. The parties moved for the protective order stating the documents should be "protected from disclosure outside this litigation, and only used for the prosecution or defending this action and any appeals." *Doc. 124*, at 1-2.

3. The parties agreed, and the Protective Order provides that the Confidential Information designated and produced pursuant to the Order "must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals." *Id*., at 4, ¶ 6.a.

4. The parties agreed, and the Order required provides that the "parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information." *Id*., at 6, ¶ 6.d.

5. The parties agreed to refrain from, and the Order precluded the filing of Confidential Information with the Court except by (a) consent of the designating party with necessary redactions or (b) under seal with approval of the Court. *Id*., at 6-7, ¶ 7.

6. The order provided that any party could challenge the designation of any material or document as Confidential Information. *Id*., at 7, ¶ 8.

No party challenged the designation of any material or document as Confidential Information.

Plaintiffs settled their claims against the defendants and a stipulation of dismissal with prejudice was filed. *Doc. 691*, filed July 21, 2022.

On September 2, 2022 McClatchy Company filed a motion to modify the protective order,

2

*Doc. 708.* And on September 7, 2022, KCUR filed a similar motion to modify the protective order, *Doc. 710.* Both motions were ruled upon on October 18, 2022 with the Court granting in part and denying in part the requested relief. As part of the Order, the Court is requiring the party who will be disclosing the documents to produce redacted version of the documents to the Court for final approval of release. The Order makes no mention of also turning over the proposed redactions to the Unified Government for review.

## Summary of Prior Argument

On September 23, 2022 the defense filed a joint motion opposing the modification of the Protective Order. In addition to arguing the Intervenor lacked standing, the motion in opposition argued that modifying the Protective Order:

1. Undermines the Rule 1 objective allowing the court and the parties "to secure the just, speedy, and inexpensive determination of every action and proceeding,"

2. Presents an unreasonable risk of harm through the release of private information pertaining to the individual defendants,

3. Presents an unreasonable risk of harm to active criminal investigations, and

4. Presents an unreasonable risk of harm to the safety and welfare of witnesses.

The defense would jointly incorporate all of the previous arguments here.

## Modification of Prior Order

The Court's October 18, 2022 order reads in part:

> Nothing in this order requires a party to disclose documents which were produced subject to the productive order but any party who does produce such documents shall redact the personal identifying information: Social Security numbers to the last four digits, financial account numbers to the last four digits, names of minor children to the initials, dates of birth to the year and home addresses to the city and state. No later than 5:00 p.m. on Tuesday, October 25, 2022, the parties shall submit an agreed amended protective order which in substance reflects the terms of this order, and also deliver to the Court physical copies of all documents which any party intends to disclose. No disclosure shall occur before the Court has had a chance

> to review such documents and has entered an amended protective order. If necessary, prior to disclosure, the Court may conduct further inquiry on a document-specific basis"

*Doc. 726.*

In order to fully participate in the Court's continued review and potential further inquiry regarding the documents and to avoid ex parte communications between the plaintiff and the Court, the defense is requesting an explicit order that physical copies of the documents the plaintiff intends to disclose also be delivered to the Unified Government for review. A lawyer shall not communicate as to the merits of a cause with a judge before whom an adversary proceeding is pending except in writing, if the lawyer promptly delivers a copy of the writing to opposing counsel.  KRPC 3.5(c)(3) (2022 Kan. S. Ct. R. 240).  The U.S. District Court for the District of Kansas adopted the Kansas Rules of Professional Conduct in District of Kansas Rule 83.6.1(a).  Judges in this District have condemned ex parte communications. *Hertenstein v. Kimberly Home Health Care, Inc.,* 69 F.Sspp.2d 1341 (D. Kan. 1999), *Bank of Commerce & Trust, Co. v. Dominique*, No. 07-1332-EFM, 2009 WL 425011, at 3 nn. 2-3 (D. Kan. Feb. 19, 2009).

Since the Court will review and approve each document the plaintiff's intend to disclose, the Unified Government should be provided physical copies of the documents in order to participate in the ongoing review.

## Conclusion

The defense jointly incorporates prior arguments made in opposition to similar requests by Intervenors to modify the Protective Order into this present opposition.  Additionally, the defense requests an explicit order that all documents presented to the Court by the plaintiff's in accordance with the Court's October 18, 2022 order concurrently be provided to the Unified Government so that all parties may participate in the ongoing review of documents contemplated by the Order.

Respectfully submitted,

Edward James Bain, #26442
Unified Government of Wyandotte
County/Kansas City, Kansas
Legal Department
701 N. 7th Street, Suite 961
Kansas City, Kansas 66101
Tel: (913) 573-5060 | Fax: (913) 573-5243
jbain@wycokck.org

**s/Edward J. Bain**
Edward James Bain                                   #26442

*-and-*

David R. Cooper, #16690
Charles E. Branson, #17376
Brian C. Mauldin, #28636
Fisher, Patterson, Sayler & Smith, LLP
3550 S.W. 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 286-6609
dcooper@fpsslaw.com   |   cbranson@fpsslaw.com   |
bmauldin@fpsslaw.com

**Attorneys for Defendant Unified Government of
Wyandotte County and Kansas City, Kansas**

*s/Tracy M. Hayes*
| | |
|---|---|
| Sean M. Sturdivan | KS #21286 |
| Tracy M. Hayes | KS #23119 |
| Elizabeth A. Evers | KS #22580 |

Sanders Warren & Russell LLP
Compass Corporate Centre
11225 College Boulevard, Suite 450
Overland Park, KS 66210
Tel: 913-234-6100 | Fax: 913-234-6199
s.sturdivan@swrllp.com   |   e.eversguerra@swrllp.com
t.hayes@swrllp.com
***Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp***

**s/Morgan L. Roach**
| | |
|---|---|
| Morgan L. Roach | KS #23060 |
| Sean P. McCauley | KS #20174 |
| Nicholas S. Ruble | KS #25636 |
| Jeffrey S. Kratofil | KS #23983 |

McCauley & Roach, LLC
527 W. 39th Street, Suite 200
Kansas City, MO 64111
Tel: (816) 481-2663 | Fax: (816) 523-1708
morgan@mccauleyroach.com | sean@mccauleyroach.com
nick@mccauleyroach.com | jeff@mccauleyroach.com

and

| | |
|---|---|
| Matthew J. Gist | KS #20829 |
| Christopher M. Napolitano | KS #25499 |

Ensz & Jester, P.C.
1100 Main Street, Suite 2121
Kansas City, MO 64105
Tel: (816) 474-8010 | Fax: (816) 471-7910
mgist@enszjester.com | cnapolitano@enszjester.com
**Attorneys for Defendant Roger Golubski**

**Certificate of Service**

I hereby certify on the 28th day of October, 2022, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Michael J. Abrams – Michael.Abrams@LathropGPM.com
William G. Beck – William.Beck@LathropGPM.com
Alexander T. Brown – Alexander.Brown@LathropGPM.com
Alana M. McMullin – Alana.McMullin@LathropGPM.com
Cheryl A. Pilate – cpilate@morganpilate.com
Lindsay J. Runnels – lrunnels@morganpilate.com
Barry Scheck – barry@nsbcivilrights.com
Emma Freudenberger – emma@nsbcivilrights.com
Amelia B. Green – amelia@nsbcivilrights.com
Sona Shah – sona@nsbcivilrights.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan – s.sturdivan@swrllp.com
Elizabeth A. Evers – e.evers@swrllp.com
Tracy M. Hayes – t.hayes@swrllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Jeffrey S. Kratofil – jeff@mccauleyroach.com
Matthew J. Gist – mgist@enszjester.com
Christopher M. Napolitano – cnapolitano@enszjester.com
**Attorneys for Defendant Roger Golubski**

Lyndon W. Vix, #12375
FLEESON, GOOING, COULSON & KITCH, LLC
1900 Epic Center, 310 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361 | lvix@fleeson.com
**Attorneys for The McClatchy Company, LLC d/b/a The Kansas City Star**

Jean K. Gilles Phillips, #14540
Project for Innocence and Post Conviction Remedies
UNIVERSITY OF KANSAS SCHOOL OF LAW
1535 West 15th, Room 409
Lawrence, Kansas 66045
Tel: (785) 864-5571 | Fax: (785) 864-5054 | phillips@ku.edu

Tri Rojo Busjnell, MO #66818, *Pro Hac Vice*
MIDWEST INNOCENCE PROJECT
3619 Broadway Boulevard, #2
Kansas City, Missouri 64111
Tel: (816) 221-2166 | Fax: (816) 325-3107 | trojobushnell@themip.org
**Attorneys for Midwest Innocence Project**

Maxwell E. Kautsch, #21255
KAUTSCH LAW, L.L.C.
810 Pennsylvania Street, Suite 207
Lawrence, Kansas 66044
Tel: (785) 840-0077 | Fax: (785) 842-3039 | maxk@kautschlaw.com
**Attorney for KCUR 89.3 FM**

                                                        s/Edward J. Bain