IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAMONTE MCINTYRE &,
ROSE LEE MCINTYRE,

           Plaintiffs,

v.                                Case No. 2:18-cv-02545-KHV

UNIFIED GOVERNMENT OF WYANDOTTE
COUNTY AND KANSAS CITY, KS, et al.,

           Defendants.

**Defendants' Response to Order of Show Cause**

Plaintiffs sued the Unified Government and several former officers of the Kansas City, Kansas Police Department claiming that the officers violated Plaintiffs constitutional rights. In discovery, the Unified Government produced voluminous material, including personnel records of parties and non-parties and criminal investigation records for yet-unresolved homicides. These documents were produced subject to a protective order that prohibited public disclosure of these confidential records.

On November 8, 2019, the Court issued a Protective Order preventing the release of certain discovery, designated Confidential Information, by the parties to the public or third parties Doc. 124.

    1. All parties agreed that the disclosure of certain documents could potentially cause harm to the interests of the disclosing party. Id., at 2, ¶ 2.

    2. The parties moved for the protective order stating the documents should be "protected from disclosure outside this litigation, and only used for the prosecution or defending this action and any appeals." Doc. 124, at 1-2.

3. The parties agreed, and the Protective Order provides that the Confidential Information designated and produced pursuant to the Order "must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals." Id., at 4, ¶ 6.a.

4. The parties agreed, and the Order required provides that the "parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information." Id., at 6, ¶ 6.d.

5. The parties agreed to refrain from, and the Order precluded the filing of Confidential Information with the Court except by (a) consent of the designating party with necessary redactions or (b) under seal with approval of the Court. Id., at 6-7, ¶ 7.

6. The order provided that any party could challenge the designation of any material or document as Confidential Information. Id., at 7, ¶ 8.

No party challenged the designation of any material or document as Confidential Information.

Plaintiffs settled their claims against the defendants and a stipulation of dismissal with prejudice was filed. Doc. 691, filed July 21, 2022.

On October 31, 2022, the Court modified the protective order to expressly exclude information about civilian witnesses; personnel files or records of current or former employees of defendant and its predecessors; and criminal investigation records bearing on the performance of official duties of employees of defendant and its predecessors. See Doc. 735.

Further the order maintained the requirement of parties disclosing information to redact personal identifying information.

> "**6. Redaction.** Any party who discloses information previously designated as confidential shall redact the following personal identifying information: Social Security numbers to the last four digits, financial account numbers to the last four digits, names of minor children to the initials, dates of birth to the year and home addresses to the city and state."

Doc 735.

On February 5, 2024, this Court issued a show cause order to the parties to respond in writing as to why the Court should not vacate the protective order in its entirety.

In response, defendants request that this Court maintain the protective order in this case and modify said order to allow for the free dissemination of records subject to redaction of personal identifying information.

Protective orders serve the vital function of "secur[ing] the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant." *See SEC v. Merrill Scott & Assoc. Ltd.*, 600 F. 3d 1262 (10th Cir. 2010) citing *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979)). Likewise, the parties in this case provided unredacted records in reliance on the existence of the protective order to speed the production of disclosure of voluminous records during discovery.

The protective order at issue was entered upon a finding of good cause, based upon concern for privacy and safety of litigants and non-litigants alike. Unlike prior requests to modify this protective order in this case, vacating the order would not assist in another lawsuit or avoiding duplicate discovery and would unnecessarily expose personal identifying information to the public at large. Even in the instance of collateral litigants, this Court's prior modification recognized the need to redact personal identifying information. *Id.* The necessity of protecting such information has not been vitiated overtime.

**Fisher, Patterson, Sayler & Smith, LLP**
3550 S.W. 5th Street | Topeka, Kansas 66606
Tel: (785) 232-7761 | Fax: (785) 286-6609
dcooper@fpsslaw.com | cbranson@fpsslaw.com

s/Charles E. Branson
David R. Cooper                              #16690
Charles E. Branson                           #17376
Attorneys for Defendant Unified Government of
Wyandotte County and Kansas City, Kansas

**Certificate of Service**

I hereby certify on the 12th day of February, 2024, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to counsel of record:

Michael J. Abrams – Michael.Abrams@LathropGPM.com
William G. Beck – William.Beck@LathropGPM.com
Alexander T. Brown – Alexander.Brown@LathropGPM.com
Alana M. McMullin – Alana.McMullin@LathropGPM.com
Cheryl A. Pilate – cpilate@morganpilate.com
Lindsay J. Runnels – lrunnels@morganpilate.com
Barry Scheck – barry@nsbcivilrights.com
Emma Freudenberger – emma@nsbcivilrights.com
Amelia B. Green – amelia@nsbcivilrights.com
Sona Shah – sona@nsbcivilrights.com
**Attorneys for Plaintiffs**

Sean M. Sturdivan – s.sturdivan@swrllp.com
Elizabeth A. Evers – e.evers@swrllp.com
Tracy M. Hayes – t.hayes@swrllp.com
**Attorneys for The Estate of Detective James Michael Krstolich, Detective Dennis Ware, Officer James L. Brown, The Estate of Lieutenant Dennis Otto Barber, Detective Clyde Blood, Detective W.K. Smith, and The Estate of Lieutenant Steve Culp**

Morgan L. Roach – morgan@mccauleyroach.com
Sean P. McCauley – sean@mccauleyroach.com
Jeffrey S. Kratofil – jeff@mccauleyroach.com
Matthew J. Gist – mgist@enszjester.com
Christopher M. Napolitano – cnapolitano@enszjester.com
**Attorneys for Defendant Roger Golubski**

Lyndon W. Vix, #12375
FLEESON, GOOING, COULSON & KITCH, LLC
1900 Epic Center, 310 N. Main
Wichita, Kansas 67202
Tel: (316) 267-7361 | lvix@fleeson.com
**Attorneys for The McClatchy Company, LLC d/b/a The Kansas City Star**

Jean K. Gilles Phillips, #14540
Paul E. Wilson Project for Innocence and Post Conviction Remedies
UNIVERSITY OF KANSAS SCHOOL OF LAW
1535 West 15th, Room 409
Lawrence, Kansas 66045
Tel: (785) 864-5571 | Fax: (785) 864-5054 | phillips@ku.edu

Tricia J. Rojo Bushnell, MO #66818, *Pro Hac Vice*
MIDWEST INNOCENCE PROJECT
3619 Broadway Boulevard, #2
Kansas City, Missouri 64111
Tel: (816) 221-2166 | Fax: (816) 325-3107 | trojobushnell@themip.org
**Attorneys for Midwest Innocence Project**

Maxwell E. Kautsch, #21255
KAUTSCH LAW, L.L.C.
810 Pennsylvania Street, Suite 207
Lawrence, Kansas 66044
Tel: (785) 840-0077 | Fax: (785) 842-3039 | maxk@kautschlaw.com
**Attorney for KCUR 89.3 FM**

Kevin P. Shepherd, #19947
RALSTON, POPE & DIEHL, L.L.C.
2913 SW Maupin Lane
Topeka, Kansas 66614
T: (785) 273-8002 | F: (785) 273-0744 | kevinshepherd@ralstonpope.com
**Attorney for Brian E. Betts**

        s/Charles E. Branson